**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv327-V
(3:97cr23)**

| | |
|---|---|
| AQUILIA MARCIVICCI BARNETTE, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. )<br>)| **ORDER SETTING HEARING**<br>**(Under Seal)** |

**THIS MATTER** is before the Court upon its own motion.

On January 27, 1998, a jury found Petitioner Aquilia Marcivicci Barnette guilty of 11 federal counts, three of which carried a possible death sentence. (Case No. 3:97cr23, Doc. No. 289.) After a sentencing proceeding, the jury recommended, and the Court imposed, a death sentence for each of the capital counts. (Case No. 3:97cr23, Doc. Nos. 309, 323.). The Court also sentenced Barnette to prison on the non-capital counts. (Case No. 3:97cr23, Doc. No. 323.) Barnette was represented at trial by George Laughrun and Paul J. Williams.

The Fourth Circuit Court of Appeals affirmed Barnette's convictions but vacated his death sentences and remanded the case to the District Court for resentencing as to the capital counts. See United States v. Barnette, 211 F.3d 803, 825-826 (4th Cir. 2002). Barnette was represented by James Cooney on appeal.

The Court commenced the second sentencing hearing in July 2002, before a new jury. After listening to the evidence presented, the jury returned recommendations for death sentences on Counts Seven, Eight, and Eleven. (Case No. 3:97cr23, Doc. Nos. 596-598.) The Court entered judgment accordingly. (Case No. 3:97cr23, Doc. No. 600.) Barnette was represented by

Harold Bender and Jean Lawson at his second sentencing proceeding.

Barnette again appealed his death sentences, and the Fourth Circuit affirmed. United States v. Barnette, 390 F.3d 775, 779-82 (4th Cir. 2004), vacated, 546 U.S. 803 (2005). The Supreme Court vacated the judgment and remanded the case for reconsideration of Barnette's Batson[1] claim in light of the Court's intervening decision in Miller–El v. Dretke, 545 U.S. 231 (2005). Barnette v. United States, 546 U.S. 803 (2005). The Fourth Circuit remanded the case to the district court "for further consideration in light of Miller-El . . . ." United States v. Barnette, No. 02-20 (4th Cir. filed Aug. 28, 2007) (ECF No. 212). Barnette was represented on appeal by Harold Bender and Mark Olive.

On remand, the Court determined that Barnette had not met his burden of proving that the prosecution engaged in purposeful discrimination under Batson. United States v. Barnette, No. 3:97CR-23, 2010 WL 2085312 (W.D.N.C. May 20, 2010) (Doc. No. 660). Barnette was represented on remand by Harold Bender and Clair Rauscher, then Executive Director of the Federal Defenders of Western North Carolina, Inc.. The Fourth Circuit affirmed, United States v. Barnette, 644 F.3d 192 (4th Cir. 2011), and on March 19, 2012, the United States Supreme Court denied Barnette's Petition for Writ of Certiorari, Barnette v. United States, __ U.S. __, 132 S.Ct. 1740 (2012). Barnette was represented on appeal by Mark Olive and Henderson Hill, current Executive Director of the Federal Defenders of Western North Carolina, Inc.

On May 23, 2012, the Court appointed counsel to help Barnette prepare and file a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) The Court also ordered counsel to file a proposed litigation budget by June 29, 2012. (Doc. No. 1.)

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

Counsel have twice sought extensions of time to file the proposed budget (Doc. Nos. 6, 8), which the Court has granted (Doc. Nos. 7, 9). In the second Motion, filed July 30, 2012, counsel asserted that Mr. Bender is in possession of all prior trial counsel's litigation files from their representation of Barnette and that despite repeated efforts, habeas counsel have been unable to obtain those files from Mr. Bender. (Doc. No. 8.)

The Order granting the second Motion for extension of time contained a provision ordering counsel to inform the Court if they had not received the requested files from Mr. Bender by August 6, 2012. (Doc. No. 9.) Counsel did so by letter to the undersigned on August 7, 2012. Habeas counsel have continued their efforts to obtain the files without success.

Barnette has until on or about March 19, 2013 to file a motion to vacate stating all grounds for relief under §2255. See § 2255(f). Counsel assert that they are ill-equipped to identify all potential grounds for relief without examining trial counsel's files.

Based upon the foregoing, the Court will hold an ex parte hearing, inclusive of Mr. Bender, to determine, on the record, the status of both Mr. Bender's and previous counsel's litigation files. Barnette will be represented by one or more of his habeas counsel, but the Court finds that Barnette's presence at the hearing is not required.

**IT IS, THEREFORE, ORDERED THAT** Harold J. Bender and habeas counsel appear on September 10, 2012 at 11:50 a.m. in the United States Courthouse in Statesville, North Carolina, 200 W. Broad Street, 2nd Floor Courtroom, for a hearing to determine the status of the litigation files of all of the attorneys who have represented Barnette in the District Court for the Western District of North Carolina and in the Fourth Circuit Court of Appeals.

**IT IS FURTHER ORDERED THAT** the Clerk of Court mail a copy of this Order to Harold J. Bender at Law Office of Harold Bender, 200 N. McDowell St., Charlotte, NC 28204.

**SO ORDERED.**

Signed: August 24, 2012

*[signature]*

Richard L. Voorhees
United States District Judge

SEALED DOCUMENT with access to Specified Parties/Defendants

4