# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO.: 3:12-CV-327-RLV

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **vs.** | **DEATH PENALTY § 2255** |
| **AQUILIA MARCIVICCI BARNETTE** | |

## NOTICE OF STIPULATION TO EXTEND DEADLINE FOR FILING MOTION UNDER 28 U.S.C. § 2255 AND GOVERNMENT WAIVER OF STATUTE OF LIMITATIONS DEFENSE AND MOTION FOR ORDER CONFIRMING AGREED-UPON EXTENSION OF TIME

Defendant Aquilia Marcivicci Barnette, by and through undersigned counsel, files this notice of stipulation between Defendant and the government to extend the applicable limitations period within which Mr. Barnette may file a § 2255 motion from March 19, 2013 to June 19, 2013.

Following extended discussions between undersigned counsel and the government, the government has made a considered, intentional, affirmative decision to waive, forfeit and/or relinquish any statute of limitations defense and consent to the extension of Mr. Barnette's § 2255 filing deadline from March 19, 2013 to June 19, 2013 in this case. *See Wood v. Milyard*, 132 S. Ct. 1826, 1835 (2012); *see also Day v. McDonough*, 547 U.S. 198, 202 (2006). The government has made clear to post-conviction counsel that this waiver is strictly limited to a three (3) month extension of the limitations period from March 19, 2013 to June 19, 2013.

Accordingly, Mr. Barnette, through undersigned counsel, respectfully moves this Court to enter an Order confirming this agreed-upon extension of Mr. Barnette's initial filing date.

## BACKGROUND

1.      Defendant was sentenced to death in Case No. 3:97CR23 and is a prisoner in the custody of the Federal Bureau of Prisons.

2.      The Fourth Circuit Court of Appeals affirmed Defendant's death sentence in *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011), and the U.S. Supreme Couret denied Defendant's Petition for Writ of Certiorari on March 19, 2012. *Barnette v. United States*, 132 S.Ct. 1740 (2012).

3.      With the U.S. Supreme Court's denial of certiorari on March 19, 2012, Defendant's one year limitations period commenced.

4.      On April 3, 2012, a sealed motion to appoint counsel for Defendant was filed. [Case No. 3:97CR23, Doc. 682]

5.      On May 23, 2012, the Court appointed the undersigned pursuant to the Criminal Justice Act as counsel in this capital § 2255 proceeding.  [Doc. 1]

6.      The AEDPA limitations period governing the timely filing of Defendant's § 2255 motion is set forth in 28 U.S.C. § 2255(f). It states

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The limitations period under subsection 1 is presently scheduled to expire on March 19, 2013.

7. From the date of the Court's appointment of undersigned counsel until the running of the statute of limitations on March 19, 2013, counsel will have had approximately ten (10) months in which to familiarize themselves with this enormous record.

*8.* As the record in this matter indicates, Mr. Barnette committed his crimes in two states in 1996; over the ensuing 16 years, his case has seen a trial, two sentencing proceedings, three appeals, and two remands. It involved law enforcement and civilian witnesses from multiple jurisdictions. The record in this case is unquestionably massive.

9. In addition to "the seriousness of the possible penalty," capital habeas corpus proceedings are by their nature "unique and complex." *McFarland v. Scott*, 512 U.S. 849, 855-56 (1994). Habeas litigation involves extra-record investigation and the need for expert resources; post-conviction counsel "cannot rely on the previously compiled record but must conduct a thorough, independent investigation." AMERICAN BAR ASSOCIATION, GUIDELINES FOR THE APPOINTMENT AND PERFORMANCE OF DEFENSE COUNSEL IN DEATH PENALTY CASES (2003), Guideline 10.15.1 commentary. The preparation of a comprehensive and thorough post-conviction pleading is a labor intensive endeavor that requires "enormous amounts of time, energy, and knowledge."

3

*Id.* This is particularly true in a federal post-conviction case where the 2255 represents the defendant's only opportunity to present any extra-record facts challenging his conviction or sentence, and there is no state court record on which to rely. Mr. Barnette will have no other forum in which to raise constitutional objections for judicial review.

10.     As the post-conviction record in this matter makes clear, an unexpected and profound obstacle has stood in the way of undersigned counsel's diligent efforts to undertake these significant obligations: the failure of prior trial counsel to produce Defendant's files from his underlying capital trials. As confirmed during a status conference on September 17, 2012, although Harold Bender was the last attorney for Defendant to possess all trial counsel files for all prior counsel—including attorneys Susan Weigand of the Mecklenburg County Public Defender's Office, Paul Williams, George Laughrun, James Cooney, Jean Lawson, Claire Rauscher, and Mr. Bender himself—he cannot locate or otherwise produce the files.

11.     During the September 17, 2012 hearing, in an effort to continue to diligently investigate Defendant's case, post-conviction counsel made an oral motion seeking a court order directing the government to produce discovery and related material (to the extent the same would have been provided to trial counsel during Defendant's underlying capital trials). On October 5, 2012, the Court entered such an order. [Doc. 17]

12.     On November 29, 2012, after securing one extension of time from the Court to produce the materials, the government, through the U.S. Attorney's Office for the Western District of North Carolina, provided a diskette to undersigned counsel containing 3428 pages of material. On March 5, 2013, the government produced an additional sixteen (16) separate diskettes (along with duplicate copies of (13) thirteen of

4

the diskettes) of audio/video recordings from discovery. On March 12, 2013, the government informed post-conviction counsel that an additional three (3) audio files of interviews had been duplicated and were available to post-conviction counsel. The government has also asserted that all *Jencks* material had been produced to post-conviction counsel pursuant to the Court's order and that it did not have any raw data from any expert, other than what had been previously turned over to post-conviction counsel.

13. As post-conviction counsel have established in previously filed *ex parte* submissions and hearings, the absence of trial files—understood to be scores of missing boxes constituting prior trial counsel's work in two federal death penalty trial which are missing through no fault of Defendant—has created an impediment and obstacle of the first magnitude. Despite the fact that Defendant has "been pursuing his rights diligently," the absence of trial files and complete discovery has created an "extraordinary circumstance" that threatens to "[stand] in his way" as he endeavors, through counsel, to competently explore and, ultimately, litigate matters of constitutional importance relating to his death sentences. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotes and citations omitted).

14. As made clear by U.S. Supreme Court jurisprudence arising out of capital post-conviction litigation (see, e.g., *Sears v. Upton*, 130 S. Ct. 3259 (2010); *Jefferson v. Upton*, 130 S. Ct. 2217 (2010); *Rompilla v. Beard*, 545 U.S. 374 (2005); *Porter v. McCollum*, 130 S.Ct. 447 (2009); *Wiggins v. Smith*, 539 U.S. 510 (2003); *Williams v. Taylor*, 529 U.S. 362 (2000)), and in light of the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes*, *CJA Guidelines on Case Budgeting* and the

AMERICAN BAR ASSOCIATION GUIDELINES FOR THE APPOINTMENT AND PERFORMANCE OF DEFENSE COUNSEL IN DEATH PENALTY CASES (2003), the well-established "phases" of capital post-conviction litigation include: record collection (including, and usually starting with, trial counsel files); record review; investigation (including interviewing prior defense team members, trial witnesses, client, etc.); researching and writing the § 2255 petition; conducting discovery; responding to the government's answer; preparing for and conducting an evidentiary hearing; and post-hearing briefing. Section 2255 litigation is the appropriate time for a federal litigant to raise violations pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984) or *Brady v. Maryland*, 373 U.S. 83 (1963) as they depend upon ascertainment of facts outside the record. *See*, *e.g.*, *Massaro v. United States*, 538 U.S. 500 (2003). The records of trial counsel are critical to this endeavor. Because of the extraordinary circumstance here, post-conviction counsel, despite diligent efforts, have been severely stymied in conducting the necessary record review and investigation that must take place.

15. As noted above, and due to the absence of trial counsel's files, the government has made a considered, affirmative decision to waive and/or forfeit any statute of limitations argument or defense it could otherwise raise in connection with the timeliness of a § 2255 motion filed after March 19, 2013 and by or on June 19, 2013.

16. The U.S. Supreme Court has held that the intentional relinquishment of the statute-of-limitations defense by the government constitutes a considered and knowing waiver and/or forfeiture that federal courts should ordinarily abstain from addressing *sua sponte* when, as here, the parties agree and consent not to raise and preserve any such objection in the first instance. *See Wood v. Milyard*, 132 S. Ct. 1826, 1835 (2012); *see*

6

*also Day v. McDonough*, 547 U.S. 198, 202 (2006) (noting that where a state has intelligently waived a statute-of-limitations defense, it would constitute an abuse of discretion for a district court to "override a State's deliberate waiver").  Accordingly, for the reasons set forth herein, and to enable post-conviction counsel to competently investigate and litigate this § 2255 case, and protect Defendant's constitutional rights in the face of multiple death sentences, undersigned counsel and the government agree, consent, and stipulate to extend Mr. Barnette's deadline for filing a § 2255 motion from March 19, 2013 until June 19, 2013.

WHEREFORE undersigned counsel respectfully request that the Court take notice of this agreement, consent, and stipulation between the parties and enter an order consistent with the above.

7

Dated: March 13, 2013

/s/ Mark E. Olive
N.C. State Bar No. 10615

LAW OFFICES OF MARK OLIVE
320 W. Jefferson Street
Tallahassee, FL 32301
850-224-0004 (tel)
850-224-3331 (fax)
meolive@aol.com


/s/ Jacob H. Sussman
N.C. Bar No. 31821

TIN FULTON WALKER & OWEN PLLC
301 East Park Avenue
Charlotte, NC 28203
704-338-1220 (tel)
704-338-1312 (fax)
jsussman@tinfulton.com


/s/ Henderson Hill
Henderson Hill
N.C. Bar No. 18563

Federal Defenders of Western
  North Carolina Inc.
129 West Trade Street, Suite 300
Charlotte, NC 28202
704-374-0720 (tel)
704-374-0722 (fax)
henderson_hill@fd.org

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he has served the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Amy Ray
Amy.Ray@usdoj.gov

Jill W. Rose
Jill.Rose@usdoj.gov

U.S. Attorney's Office
Suite 1700, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
704-344-6222

Dated: March 13, 2013

/s/ Jacob H. Sussman

TIN FULTON WALKER & OWEN PLLC
301 East Park Avenue
Charlotte, NC 28203
704-338-1220 (tel)
704-338-1312 (fax)
jsussman@tinfulton.com

9