# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:12cv327-V
## (3:97cr23)

| | |
|---|---|
| AQUILIA MARCIVICCI BARNETTE, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner Aquilia Marcivicci Barnette's Motion for Permission to Interview Trial Jurors. (ECF No. 49.) Petitioner seeks to interview jurors from his 1998 criminal trial and 2002 sentencing trial "to aid . . . in the factual development of § 2255 claims relating to juror misconduct and ensure that [his] death sentence was not the product of juror bias or outside influence." (Motion 1, ECF No. 49.)

Petitioner contends that good cause exists to conduct juror interviews because there is evidence in the record that some jurors in his 2002 sentencing trial had formed opinions about whether Petitioner should receive the death penalty prior to receiving the Court's final instructions. (Motion 4, ECF No. 49.) Petitioner refers to comments made by a juror to an alternate juror that seemed to indicate that the juror may have made up his mind about the appropriate sentence for Petitioner prior to hearing all of the evidence. The alternate juror brought the matter to the Court's attention, and the Court conducted an inquiry on the record. (3:97cr23, 2002 Sent. Tr. 3667-82.) When questioned, the alternate juror stated that during a break near the end of the previous day, one juror, whom he could not identify, made remarks

1

indicating that he did not believe the testimony of a witness for the defense and that he was ready to decide Petitioner's sentence. (3:97cr23, 2002 Sent. Tr. 3669, 3671.) None of the other jurors responded, and the alternate juror could not be sure that anyone other than himself had heard the juror's comments. (3:97cr23, 2002 Sent. Tr. 3672.) The alternate juror also stated that the jurors had not discussed the case or evidence amongst themselves. (3:97cr23, 2002 Sent. Tr. 3669-70.) After questioning the alternate juror, the Court brought the entire jury in, asked if anything had happened during the course of the trial to impair anyone's ability to be a fair and impartial juror, and re-instructed the jury on beginning deliberations prematurely, listening to or reading anything about the trial, discussing the case with other jurors or anyone outside the jury, and having contact with anyone involved in the trial. (3:97cr23, 2002 Sent. Tr. 3682.)

"Requests to impeach jury verdicts by post-trial contact with jurors are disfavored." United States v. Gravely, 840 F.2d 1156, 1159 (4th Cir. 1988) (citing Tanner v. United States, 483 U.S. 107 (1987)). Rule 606(b) of the Federal Rules of Evidence reflects that fact by prohibiting the use of juror testimony to impeach a verdict except with regard to whether the jury or a juror was exposed to extraneous prejudicial information or outside influence.[1] "Extraneous prejudicial information [is] information that was not admitted into evidence but nevertheless bears on a fact at issue in the case." Robinson v. Polk, 438 F.3d 350, 363 (4th Cir. 2006) (citations omitted). An "outside influence" is communication or contact between a juror and

---

[1] Federal Rule of Evidence 606(b)(1) states that, "[d]uring an inquiry into the validity of a verdict or indictment,"

> a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment. The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

A juror may testify, however, about whether "extraneous prejudicial information was improperly brought to the jury's attention;" "an outside influence was improperly brought to bear on any juror;" or "a mistake was made in entering the verdict on the verdict form." Fed. R. Evid. 606(b)(2).

2

non-juror that influences the partiality of the juror or jury. See id. (citations omitted). To obtain permission to interview jurors after the verdict, "a § 2255 movant must make a threshold showing of improper outside influence." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (holding that district court did not abuse its discretion in denying motion to interview jurors where § 2255 movants failed to proffer any evidence that jurors engaged in misconduct or were improperly exposed to outside influences) (citing Gravely, 840 F.2d at 1159) (holding that district court did not abuse its discretion in denying post-verdict motion to interview jurors where defendant had made no threshold showing of improper outside influence)).

  The unidentified juror's pre-deliberation remarks in this case do not fall into the category of "extraneous, prejudicial information or outside influence" necessary to justify juror interviews. See Roane, 378 F.3d at 404; Robinson, 438 F.3d at 363; see also United States v. Morales, 655 F.3d 608, 631 (7th Cir. 2011) ("Any inquiry as to bias arising from . . . alleged premature deliberations would run afoul of [Rule 606(b)'s] clear proscription [against post-verdict juror testimony regarding] 'the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict ... or concerning the juror's mental processes in connection therewith.'") (quoting Fed. R. Evid. 606(b)); United States v. Logan, 250 F.3d 350, 380–81 (6th Cir. 2001), abrogated on other grounds by Fed. R. Evid. 408 (2006) (holding that premature deliberations constituted an internal jury influence subject to the post-verdict restrictions of Rule 606(b)); United States v. Caldwell, 83 F.3d 954, 956 (8th Cir. 1996) (holding that juror statements "I've heard all of this I need to hear" and "this is just a bunch of crap," overheard by a nonjuror during the trial were intrajury communications which could not be used to impeach the jury's verdict). Moreover, the juror's remarks came seven days

into the sentencing trial and, according to the alternate juror, appeared to have been a reaction to testimony which immediately preceded it. (3:97cr23, 2002 Sent. Tr. 3671.) "The concern with bias is that a juror will decide a case on the basis of a pretrial predisposition against the interest of a party rather than on the basis of the evidence presented during the trial." United States v. Gianakos, 415 F.3d 912, 923 (8th Cir. 2005). There is no evidence that the unknown juror had any prior bias against Petitioner or that he acquired any extrinsic information prejudicial to Petitioner. Consequently, Petitioner has failed to make the threshold showing necessary to support his Motion, and it will be denied. See Roane, 378 F.3d at 403-404 (rejecting § 2255 movants' argument that district court abused its discretion in denying their juror misconduct claims without first granting them leave to interview the jurors).

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Permission to Interview Trial Jurors (ECF No. 49) is **DENIED**.

Signed: July 18, 2013

Richard L. Voorhees
United States District Judge