# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO.: 3:12-CV-327-RLV

UNITED STATES OF AMERICA

vs.

AQUILIA MARCIVICCI BARNETTE

**DEATH PENALTY § 2255**

**PETITIONER AQUILIA MARCIVICCI BARNETTE'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR DISCOVERY**

Subsequent to the government's responsive filing on September 9, 2013, the parties conferred about the status of the government's response to the Court's existing order from October 5, 2012 [Doc. 17], which is referenced in Petitioner's motion as Item A. The parties have agreed that the government will continue to review its trial and appellate files in search of discovery materials subject to the Court's existing order not yet produced. The parties have agreed that the government should have until **October 31, 2012** to conduct this review, after which point the parties will report to the Court whether this particular discovery matter has been resolved. Thus, the parties jointly request that the Court hold discovery matters in abeyance until the parties report back after October 31, 2012.

With respect to the government's responses to Petitioner's other discovery requests (Items B-G), the prosecution incorrectly asserts that Petitioner fails to show good cause in support of his requests. Ignoring the specific factual allegations raised in Petitioner's § 2255 motion, the government has not demonstrated why this Court should deny Petitioner the right to discovery in this death penalty case. Petitioner has met the "good cause" standard required by law.

1

In its response, the prosecution gives short shrift to the principles and purposes underlying discovery in the context of a capital habeas case:

> [T]he rule's history makes clear that its purpose is to ensure that the facts underlying a habeas corpus claim are adequately developed, and that it is a court's obligation to allow discovery in cases in which a petitioner has provided a sufficient basis for believing that discovery may be necessary to adequately explore a petitioner's claim for relief.

*Romero v. Beard*, CIV.A. 08-0528, 2011 WL 3862317 (E.D. Pa. Aug. 31, 2011) (quoting *Johnston v.* Love, 165 F.R.D. 444, 445 (1996)). The prosecution also fails to acknowledge the Court's "duty to search for constitutional error with painstaking care is never more exacting than it is in a capital case." *Kyles v. Whitley*, 514 U.S. 419, 422 (1995).

Petitioner's discovery motion directly links each discovery request to specific factual allegations raised in his § 2255 motion—allegations that, "if the facts are fully developed [would] demonstrate that he is entitled to relief." *Royal v. Taylor,* 188 F.3d 239, 249 (4th Cir. 1999) (internal quotes omitted); *see also Quesinberry v. Taylor,* 162 F.3d 273, 279 (4th Cir.1998) (same). Accordingly, "it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." *Murphy v. Johnson,* 205 F.3d 809, 814 (5th Cir.2000) (citing *Bracy,* 520 U.S. at 909).

## I.     Petitioner's Specific Discovery Requests

### A. Trial and Appellate Files of the U.S. Attorney's Office for the Western District of North Carolina and the Department of Justice.

As noted above, post-conviction counsel have conferred with AUSA William Miller concerning this discovery request, which the government has already been directed to provide pursuant to the Court's Order from October 5, 2012. [Doc. 17] The parties have agreed that the government should have until **October 31, 2013** to continue its review of its trial and appellate files in an effort to comply with the Court's existing order. At that point in time, the parties will

report to the Court concerning the status of this unresolved discovery matter.

### B. Prosecutorial File of the Mecklenburg County District Attorney's Office.

Petitioner has established good cause for this discovery request. As asserted in his discovery motion, these files are directly related to Petitioner's claims of ineffective assistance of counsel (Claim I), *Brady/Giglio* violations (Claim V), and the conduct of the government in prosecuting this capital case (Claims II, IV, and VI). In Petitioner's § 2255 motion, and in each instance, Petitioner has raised "specific allegations … that [he] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'" *Royal v. Taylor,* 188 F.3d 239, 249 (4th Cir. 1999) (quoting *Bracy v. Gramley,* 520 U.S. 899, 908–09 (1997)).

The need for this information is particularly acute given the federal government's failure thus far to comply with the Court's October 5, 2012 Order. Although the Mecklenburg County District Attorney's Office did not retain jurisdiction over the case once the federal government elected to pursue its own prosecution, the Mecklenburg County District Attorney's Office nonetheless was in charge of this matter for a number of critical months while law enforcement was conducting its investigation. It is reasonable to believed that much of the information that the federal government is presently obliged to produce—but has not—was kept and maintained in the prosecutorial files of the Mecklenburg County District Attorney's Office.

**C. Complete Investigative Files of the Charlotte-Mecklenburg Police Department, the Roanoke Police Department, and the Federal Bureau of Investigation.**

Here, again, Petitioner has established good cause for this discovery request. As asserted in his discovery motion, these files are directly related to Petitioner's claims of ineffective assistance of counsel (Claim I), *Brady/Giglio* violations (Claim V), and the conduct of the government in prosecuting this capital case (Claims II, IV, and VI). In Petitioner's § 2255 motion, and in each instance, Petitioner has raised "specific allegations … that [he] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.'" *Royal v. Taylor,* 188 F.3d 239, 249 (4th Cir.) (quoting *Bracy v. Gramley,* 520 U.S. 899, 908–09 (1997)).

As noted above, the need for this information is particularly acute given the federal government's failure thus far to comply with the Court's October 5, 2012 Order. The Charlotte-Mecklenburg Police Department, the Roanoke Police Department, and the Federal Bureau of Investigation conducted the investigation; they would have produced (and likely maintained) witness statements which, to date, the federal government has not yet produced (including evidence stored on the Federal Bureau of Investigation's "I drive").

**D. Petitioner's Bureau of Prisons Records.**

Contrary to the government's claim that Petitioner has not shown good cause to justify a court order for the Bureau of Prisons to produce Petitioner's records, Petitioner makes clear that these records pertain to his claims of ineffective assistance of counsel (Claim I) and *Brady/Giglio* violations (Claim V). Indeed, much of Petitioner's retrial in 2002 was focused on his adjustment to the Bureau of Prisons. As made clear in his discovery motion, to date and despite due diligence, post-conviction counsel has not received all responsive documents and materials from the Bureau of Prisons.

4

The U.S. Attorney's Office has not produced any Bureau of Prisons records in response to the Court's October 5, 2012 order, and fails to explain how, if it all, such an order directed to the Bureau of Prisons would not be justified here. Thus, a court order directing the prompt production of these documents would materially assist in the resolution of this discovery issue.

**E. Information Pertaining to Jury Selection in the Western District of North Carolina.**

The Court's prior rejection of Petitioner's request for discovery related to the jury selection was prior to Petitioner's filing of his § 2255 motion. In light of Petitioner's specific claims related to jury selection, his request is supported by good cause. Moreover, Petitioner's discovery request seeks information not previously sought.

**F. Discovery Related to the Racially Biased Manner in which the Federal Death Penalty is Administered.**

The statistics proffered by Petitioner concerning the administration of the Federal Death Penalty at and around the time of Petitioner's trials are compelling and strongly suggest, if not lay bare, the insidious role that race played in twice prosecuting this capital case. Moreover, the fact that Petitioner's was the first capital prosecution brought in the Western District of North Carolina is *prima facie* evidence that his case was singled out—selected from all others before it—to be tried capitally. Petitioner was thus, *ipso facto*, treated different from all other persons charged with murder, including all other similarly situated defendants.

**G. <u>Discovery of All Exculpatory Materials.</u>**

The government's continuing duty to disclose all exculpatory evidence in its possession regarding both the issue of guilt/innocence and the sentencing determination is ongoing and particularly important given its failure to abide the Court's October 5, 2012 Order.

5

**CONCLUSION**

WHEREFORE, for all of the above reasons, those contained in the § 2255 petition, Petitioner's Motion for Discovery, and the entire record of these proceedings, Petitioner respectfully requests that the Court grants his motion for discovery. For the reasons stated above, however, Petitioner respectfully requests that the Court hold any ruling on discovery matters until after the government and Petitioner report to the Court after October 31, 2013 whether the existing discovery matter concerning the trial and appellate files of the U.S. Attorney's Office for the Western District of North Carolina and the Department of Justice has been resolved.

Dated: September 16, 2013

/s/ Mark E. Olive
N.C. State Bar No. 10615
LAW OFFICES OF MARK OLIVE
320 W. Jefferson Street
Tallahassee, FL 32301
850-224-0004 (tel)
850-224-3331 (fax)
meolive@aol.com

/s/ Jacob H. Sussman
N.C. Bar No. 31821
TIN FULTON WALKER & OWEN PLLC
301 East Park Avenue
Charlotte, NC 28203
704-338-1220 (tel)
704-338-1312 (fax)
jsussman@tinfulton.com

/s/ Henderson Hill
Henderson Hill
N.C. Bar No. 18563
FEDERAL DEFENDERS OF WESTERN
  NORTH CAROLINA, INC.
129 West Trade Street, Suite 300
Charlotte, NC 28202
704-374-0720 (tel)
704-374-0722 (fax)
henderson_hill@fd.org

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served the foregoing motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

William M. Miller
William.Miller@usdoj.gov

Dated: September 16, 2013

/s/ Jacob H. Sussman
Counsel for Mr. Barnette

7