## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO.: 3:12-CV-327-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| vs. | **DEATH PENALTY § 2255** |
| AQUILIA MARCIVICCI BARNETTE | |

**PETITIONER AQUILIA MARCIVICCI BARNETTE'S SUPPLEMENTAL BRIEF CONCERNING THE GOVERNMENT'S PRODUCTION OF INFORMATION IN ACCORDANCE WITH THE COURT'S ORDER**

As of July 19, 2013, when Petitioner filed his motion for discovery, the government had not yet produced witness statements from a number of prosecution witnesses, including, but not limited to: Brian Ard, Alesha Chambers, Jasper Chambers, Joanna Baldwin Coleman, Crystal Dennis, Natasha Heard (Tolbert), Shirley Parker, and Angela Rosser. *Motion for Discovery* at 7 [Doc. 51]. Moreover, the government had not yet produced any Grand Jury materials or information concerning its testifying experts.

On November 15, 2013, undersigned counsel received a diskette containing 165 pages of additional discovery from the prosecution. This production was made pursuant to the Court's Order, dated October 5, 2012. [Doc. 17] The 165 pages consist of the following:

- Interview with Alicia Chambers by ATF S/A Modzelewski (12/30/97) [3445-3446]
- Letter from associate at Camelot Music in Roanoke, Virginia, to Beth McCluney at the U.S. Attorney's Office concerning two Renee Worgan and Shirley Denise Williams, two former co-workers of Petitioner's. [3447-3448]
- Personnel file for Shirley Denise Williams [3449-3469]
- Report of government experts Drs. William Grant and Scott Duncan [3471-3509]
- CV of government expert Dr. Scott Duncan [3510-3516]
- CV of government expert Dr. William Grant [3604-3609]

1

- Fax with accompanying letter from prosecution to defense counsel concerning government expert Dr. Park Dietz [3517-3518]
- Report government expert Dr. Park Dietz [3519-3536]
- CV of government expert Dr. Park Dietz [3537-3599]
- CV of government expert Peter Carlson [3600-3603]

Respectfully, the government's production pursuant to the Court's Order remains deficient.

The government's production on November 15, 2013 provided a single witness statement concerning Alicia Chambers. Notably, the interview report of Ms. Chambers was conducted only two weeks prior to the start of jury selection in the first trial, and was clearly focused on eliciting information to be used at sentencing. Thus, it is logical and reasonable to expect that the government conducted other such interviews in the lead up to trial of the aforementioned prosecution witnesses (as well as others). No such information has been provided to undersigned counsel to date, however, and it is as yet unclear whether the prosecution has attempted to locate this information from the various law enforcement agencies involved (*e.g.*, ATF, FBI, CMPD, etc.). In addition, the government has still not provided Grand Jury transcripts for its testifying witnesses.

In Petitioner's discovery motion, Petitioner also stressed the absence of information from the government concerning its expert witnesses, including Dr. Scott Duncan, Dr. William Grant, Dr. Park Dietz, and Peter Carlson. *Motion for Discovery* at 8 [Doc. 51] The government's production on November 15, 2013 provided reports from Drs. Scott and Grant, as well as Dr. Dietz, and CV's for all four experts. Still missing, however, are "draft reports, communications (*e.g.*, letters, emails, etc.) with counsel, raw data, and other materials that were provided to such experts and/or relied upon by them." [Doc. 17]

Upon information and belief, the "raw data" relied upon by the government's experts include, but are not limited to, the following:

- Interviews of Tasha Heard, Alicia Chambers, and Kesha Heard conducted by government experts Drs. William Grant and Scott Duncan, which are referenced in their report and selectively quoted therefrom. To date, however, the government has not provided any raw data concerning those interviews (e.g., transcripts, recordings, notes, etc.).

- Interview of Petitioner by government expert Dr. Park Dietz, which is referenced in his report and selectively quoted therefrom. Although Dr. Dietz notes in his report that "[a] digital audiotape was produced" from the two day examination of Petitioner, to date, however, the government has not provided any such data.

This critically important information has not, to date, been produced.

As the Court previously noted, "these materials [are needed] to assist Barnette" in the litigation of his § 2255 claims. [Doc. 17] Accordingly, undersigned counsel respectfully requests that the Court direct the prosecution to take reasonable additional steps, including, but not limited to, contacting law enforcement agencies and experts previously involved in this matter to request the material identified in the Court's Order [Doc. 17] but yet not produced to post-conviction counsel.

3

Dated: December 6, 2013

/s/ Mark E. Olive
N.C. State Bar No. 10615
LAW OFFICES OF MARK OLIVE
320 W. Jefferson Street
Tallahassee, FL 32301
850-224-0004 (tel)
850-224-3331 (fax)
meolive@aol.com


/s/ Jacob H. Sussman
N.C. Bar No. 31821
TIN FULTON WALKER & OWEN PLLC
301 East Park Avenue
Charlotte, NC 28203
704-338-1220 (tel)
704-338-1312 (fax)
jsussman@tinfulton.com


/s/ Henderson Hill
Henderson Hill
N.C. Bar No. 18563
FEDERAL DEFENDERS OF WESTERN
   NORTH CAROLINA, INC.
129 West Trade Street, Suite 300
Charlotte, NC 28202
704-374-0720 (tel)
704-374-0722 (fax)
henderson_hill@fd.org

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he has served the foregoing motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

William M. Miller
William.Miller@usdoj.gov

Dated: December 6, 2013

/s/ Jacob H. Sussman
Counsel for Mr. Barnette

5