**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv327-V
(3:97cr23)**

| | |
|---|---|
| AQUILIA MARCIVICCI BARNETTE, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | ORDER |

**THIS MATTER** is before the Court in response to Petitioner Aquilia Marcivicci Barnette's Supplemental Brief, ECF No. 59, filed in support of his Motion for Discovery, ECF No. 51. Petitioner's Brief, as well as portions of his Motion for Discovery, is related to Respondent's compliance with an Order issued by this Court on October 5, 2012, ECF No. 17. The instant order addresses only the compliance issues raised in the aforementioned; the Court will address Petitioner's other discovery-related requests in a separate order.

PROCEDURAL HISTORY

On January 27, 1998, Petitioner was found guilty after a jury trial of eleven felony offenses, including three that carried a possible death sentence. Jury Verdict, 3:97cr23, Doc. 289. In a bifurcated penalty phase, the jury recommended a death sentence as to each capital count. Special Jury Verdict, 3:97cr23, Doc. 309. In an opinion issued May 2, 2000, the Fourth Circuit Court of Appeals affirmed Petitioner's convictions but vacated the death sentences because of a procedural error during the penalty phase. United States v. Barnette, 211 F.3d 803, 825–26 (4th Cir. 2000) (Barnette I).

On remand, following a penalty phase trial before a new jury, Petitioner once again was

1

sentenced to death for each capital count. Judgment, 3:97cr23, ECF No. 600. Petitioner's sentences ultimately were affirmed by the Fourth Circuit, United States v. Barnette, 644 F.3d 192, 196 (4th Cir. 2011) (Barnette III), and judgment became final on March 29, 2012, when the Supreme Court denied Petitioner's petition for a writ of certiorari, Barnette v. United States, 132 S. Ct. 1740 (2012).

In an order dated May 23, 2012, this Court appointed counsel to pursue post-conviction remedies on behalf of Petitioner. ECF No. 1. On September 17, 2012, the Court conducted a sealed, ex parte hearing at which Petitioner's post-conviction counsel and trial counsel Harold Bender, who had represented Petitioner at his second sentencing and subsequent proceedings, appeared. During the hearing, "it was confirmed that all of the attorneys who had represented [Petitioner] in his underlying capital trial and sentencing proceedings . . . had transferred their case files to Mr. Bender, and that Mr. Bender had been unable to locate any trial counsel files from the underlying capital case." Order 1, ECF No. 17. Mr. Bender had been semi-retired and has since died. On October 5, 2012, the Court ordered the United States Attorney for the Western District of North Carolina to provide Petitioner's habeas counsel with a complete copy of all material previously provided by the U.S. Attorney to Petitioner's 1998 and 2002 trial counsel, including all discovery materials and copies of all correspondence between prosecutors and Petitioner's prior counsel. ECF No. 17.

In response to the aforementioned Order, the U. S. Attorney provided habeas counsel a computer diskette containing 3,428 pages of material, an additional sixteen (16) separate diskettes of audio/video recordings from previous discovery productions, and notice that three (3) additional audio files of interviews had been duplicated and were available. Mot. to Vacate 9, ECF No. 48. The U.S. Attorney also notified habeas counsel that it had produced all Jencks

material.[1]  Mot. to Vacate, supra, at 9.

On June 19, 2013, Petitioner filed a Motion for Discovery.  ECF No. 51.  In the Motion, Petitioner asserted that the U.S. Attorney had failed to comply fully with the Court's October 5, 2012 Order.  Disc. Mot. 8-9, ECF. No. 51.  Specifically, Petitioner alleged that the Government had failed to turn over "witness interview summaries, reports, [or] FBI FD-302s" for the following sentencing witnesses:  Brian Ard, Alesha Chambers, Jasper Chambers, Joanna Baldwin Coleman, Crystal Dennis, Natasha Heard (Tolbert), Shirley Parker, and Angela Rosser.  Moreover, Petitioner asserted that the Government did not produce any information concerning its expert witnesses Dr. Scott Duncan, Dr. William Grant, Dr. Park Dietz, and Peter Carlson.

On Sept. 9, 2013, the Government filed a Response opposing the motion for discovery and arguing that it had fully complied with the Court's Oct. 5, 2012 Order.  Subsequently, the parties conferred and agreed that the U.S. Attorney's Office would continue to review its trial and appellate files in search of discovery materials subject to the Oct. 5, 2012 Order.  The parties further agreed that the U.S. Attorney would have until Oct. 31, 2013 to conduct this review, after which the parties would report to the Court whether this matter had been resolved.

On November 15, 2013, the U.S. Attorney provided habeas counsel with 165 pages of additional documents consisting of the following:

- Interview with Alicia Chambers[2] by ATF S/A Modzelewski (12/30/97)
- Letter from associate at Camelot Music in Roanoke, Virginia, to Beth McCluney at the U.S. Attorney's Office concerning Renee Worgan and Shirley Denise Williams, two former co-workers of Petitioner's.
- Personnel file for Shirley Denise Williams
- CV of government expert Dr. Scott Duncan
- CV of government expert Dr. William Grant

---

[1] The Jencks Act requires the government to produce statements made by a witness that relate to the subject matter of his or her direct examination.  18 U.S.C. § 3500(b); Jencks v. United States, 353 U.S. 657 (1957).
[2] Petitioner's filings spell Ms. Chambers' first name alternatively as "Alesha" and "Alicia."

- Report of government experts Drs. William Grant and Scott Duncan
- Fax with accompanying letter from prosecution to defense counsel concerning government expert Dr. Park Dietz
- CV of government expert Dr. Park Dietz
- Report government expert Dr. Park Dietz
- CV of government expert Peter Carlson

Pet'r's Supplemental Br. 1-2, ECF No. 59. Petitioner filed a supplemental brief asserting that the Government's production pursuant to the Oct. 5, 2012 Order remains deficient. Pet'r's Br., supra, at 2. Petitioner contends that the ATF report of the interview with Alicia Chambers, which was focused on eliciting information to be used at sentencing, makes it logical to conclude that the Government conducted interviews of all of the sentencing witnesses, including those listed in the discovery motion. Additionally, Petitioner asserts that the Government has failed to produce the Grand Jury testimony of its testifying witnesses. Pet'r's Br., supra, at 2.

Also missing from the Government's production, according to Petitioner, are "draft reports, communications (e.g., letters, emails, etc.) with counsel, raw data, and other materials" provided to and/or relied upon by the Government's mental health experts. Pet'r's Br., supra, at 2. Petitioner contends that the "raw data" relied upon by the Government's experts includes, but is not limited to:

- Interviews of Tasha Heard, Alicia Chambers, and Kesha Heard conducted by government experts Drs. William Grant and Scott Duncan, which are referenced in their report and selectively quoted therefrom.
- Interview of Petitioner by government expert Dr. Park Dietz, which is referenced in his report and selectively quoted therefrom.

Pet'r's Br., supra, at 3. According to Petitioner, Dr. Dietz notes in his report that "[a] digital audiotape was produced" from the two day examination, but the Government has not produced the audiotape. Pet'r's Br., supra, at 3.

DISCUSSION

As previously noted, this Court's October 5, 2012 Order required the U.S. Attorney's

4

Office to turn over to Petitioner's habeas counsel all discovery <u>previously disclosed</u> to Petitioner's 1998 and 2002 trial counsel. Order 2, ECF No. 17. Such discovery would include all witness statements covered by the <u>Jencks</u> Act, 18 U.S.C. § 3500(b); all statements and documents produced pursuant to the Federal Rules of Criminal Procedure or the Federal Rules of Evidence; all <u>Brady</u>[3] material; and all documents, statements, and/or data ordered by the Court to be produced to defense counsel. For example, on June 25, 2002, the Court ordered the U.S. Attorney's Office to "provide" Defendant Barnette with "[a]ll raw data pertaining to any mental health test administered to the defendant during the testing by the [Government's] mental health experts"; "[a]ll documents pertaining to any mental health or physical examination conducted on the defendant which the [Government's] mental health expert relies upon to any extent for his report"; and "[a]ll tape recordings or transcripts made during the course of the examinations." Order, 3:97cr23, ECF No. 546.

The U.S. Attorney has an ongoing obligation to comply with the October 5, 2012 Order. The Court will not allow this case to drag on indefinitely over disputes regarding the Government's compliance, however. The U.S. Attorney will be provided 30 (thirty) days to conclude a search of trial, probation office, and any related law enforcement files for any and all interview statements, documents, recordings, reports, correspondence, etc., previously produced or ordered produced, including but not limited to the items identified in Petitioner's Motion for Discovery and Supplemental Brief. At the conclusion of the 30 days, the U.S. Attorney shall file a document with the Court attesting to the efforts made to comply with the Oct. 5, 2012 Order.

ORDER

**IT IS, THEREFORE, ORDERED** that the U.S. Attorney shall have 30 (thirty) days

---

[3] <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

from entrance of this Order to conduct a final search of trial, probation office, and any related law enforcement files for any and all interview statements, documents, recordings, reports, correspondence, etc., previously produced or ordered produced to Petitioner's 1998 and 2002 trial counsel.

      **IT IS FURTHER ORDERED** that upon the conclusion of the ordered search, the U.S. Attorney shall file a document in this Court attesting to the efforts made to comply with the Court's Order issued on Oct. 5, 2012, ECF No. 17.

Signed: January 7, 2014

Richard L. Voorhees
United States District Judge