IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:12CV327-RLV
(3:97CR23-RLV)


AQUILIA MARCIVICCI BARNETTE )
)
Petitioner, )
)
vs. )
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____ )


**<u>GOVERNMENT'S RESPONSE TO COURT'S JANUARY 7, 2014 ORDER</u>**

After Petitioner Aquilia Marcivicci Barnette's defense counsel represented that they lost the files related to Petitioner's death penalty case, this Court ordered the Government to reproduce all materials previously disclosed to defense counsel in connection with Petitioner's 1998 and 2002 trials.  On January 7, 2014, this Court ordered the Government to "file a document in this Court attesting to the efforts made to comply" with the Court's earlier order to reproduce discovery.  (Doc. 61).  As set forth below, the Government has fully complied with the Court's order by retrieving all case-related materials, reviewing thousands of pages of documents and various recordings, providing Petitioner with any items previously disclosed to defense counsel, and addressing specific issues raised by Petitioner.

## BACKGROUND

On January 27, 1998, Petitioner was convicted, following a jury trial, of eleven felony offenses related to the murders of Robin Williams and Donald Lee Allen. (Jury Verdict, 3:97-cr-23, Doc. 289). Following a separate sentencing phase trial, the jury sentenced Petitioner to death on February 20, 1998. (Judgment, 3:97-cr-23, Doc. 323). Petitioner was represented at the 1998 trials by court-appointed counsel, George Laughrun II and Paul Williams. (CJA 30, 3:97-cr-23, Doc. 7). In an opinion issued May 2, 2000, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's convictions but vacated the death sentence. *United States v. Barnette*, 211 F.3d 803, 825–26 (4th Cir. 2000).[1]

On remand, this Court appointed Jean Lawson and Claire Rauscher to represent Petitioner during a second sentencing phase trial. (CJA 30, 3:97-cr-23, Docs. 361, 362). The Court later substituted Harold Bender for Attorney Rauscher. (CJA, 3:97-cr-23, Doc. 386). On August 20, 2002, at the conclusion of the second sentencing phase trial, the jury once again sentenced Petitioner to death. (Judgment, 3:97-cr-23, Doc. 600). Following a series of appeals,[2] the Fourth Circuit affirmed the death sentence. *United States v. Barnette*, 644 F.3d 192, 196 (4th Cir. 2011). And, on March 29, 2012, the judgment became final when the United States

---

[1]Petitioner was represented in his first appeal by James P. Cooney III. *United States v. Barnette*, No. 98-11 (4th Cir. 2000).

[2]Petitioner was represented in his second and third appeals by Mark E. Olive. *United States v. Barnette*, No. 02-20 (4th Cir. 2004); *United States v. Barnette*, No. 10-2 (4th Cir. 2011).

2

Supreme Court declined to issue a writ of certiorari. *Barnette v. United States*, 132 S. Ct. 1740 (2012).

In May 2012, this Court appointed Mark Olive, Jacob Sussman, and Henderson Hill to pursue post-conviction remedies on Petitioner's behalf. (Order, Doc. 1). On September 17, 2012, this Court conducted a sealed hearing, in which Petitioner's post-conviction counsel appeared along with Petitioner's trial counsel Attorney Bender. During the hearing, "it was confirmed that all of the attorneys who had represented [Petitioner] in his underlying capital trial and sentencing proceedings (3:97cr23) had transferred their case files to Mr. Bender, and that Mr. Bender had been unable to locate any trial counsel files from the underlying capital case." (Order at 1, Doc. 17).

Following the hearing, in an order dated October 5, 2012, the Court directed the Government to reproduce the discovery originally provided to Petitioner's five prior court-appointed lawyers in connection with the 1998 guilt and sentencing phase trials and the 2002 sentencing phase retrial. (Order, Doc. 17). Specifically, this Court ordered the Government to provide Petitioner's post-conviction counsel with the following:

> (1) A complete copy of all material previously provided by the United States Attorney to Barnette's prior trial counsel (including the Mecklenburg County Public Defender's Office, Paul Williams, George Laughrun, James Cooney, Jean Lawson, Claire Rauscher, and Harold Bender) in criminal case 3:97cr23, including, but not limited to, all discovery materials (*e.g.*, offense reports, witness statements, crime scene reports, prior criminal history, autopsy reports, photographs, audio recordings, expert reports, experts' raw data, materials maintained by "firewalled" prosecutors, etc.). The United States

3

Attorney shall identify how and when any such material was previously provided, including the date(s) and method(s) by which the information was provided to Barnette's prior counsel. If such material was date-stamped or otherwise marked when originally provided to Barnette's prior counsel, or provided in a particular order or sequence, the United States Attorney shall indicate accordingly.

       (2) A complete copy of all correspondence and/or communications, including, but not limited to, letters, faxes, e-mails and notes, between prosecutors in the United States Attorney's Office and prior counsel for Barnette.

(*Id.* at 2). The Court initially directed the Government to comply with its order within four weeks of the date of the order. (*Id.* at 3).

**COMPLIANCE WITH THE COURT'S ORDER**

Undersigned counsel (1) attest that the Government has fully complied with the Court's order by taking the following steps to retrieve and identify materials previously provided to defense counsel, (2) respond to the specific issues raised by Petitioner as follows:

<u>To identify all previously disclosed materials, the Government gathered archived files, contacted law enforcement agencies, and reviewed thousands of pages of documents and various recordings</u>.

1. Because the Government's combined case file for the 1998 and 2002 trials was closed and archived, undersigned counsel first retrieved the files from the Federal Record Center located in Ellenwood, Georgia. The combined case file retrieved from storage was comprised of sixteen bankers' boxes with thousands of pages of documents, including assorted correspondence, law enforcement reports, witness summaries, photographs, autopsy and medical examiner reports,

4

transcripts of calls and interviews, trial exhibits, district court transcripts, and attorney work product. The files related to the 2002 sentencing phase trial were divided according to witness and contained various statements, exhibits, reports, and attorney work product.

2. Undersigned counsel also contacted the following individuals from the law enforcement agencies involved with the case to determine whether they were aware of any additional materials: (1) ATF Special Agent Joseph DePollo, who was the case agent in charge of maintaining the evidence; (2) FBI Special Agent Mark Rossi, who was a case agent involved in the criminal investigation; and (3) Judith Emken, Senior Assistant City Attorney with the Charlotte-Mecklenburg Police Department.

3. As for electronic correspondence and documents, at the time of Petitioner's 1998 and 2002 trials, the Government did not store the original discovery electronically. Additionally, to the extent there was any email correspondence related to discovery, the emails from 1998 and 2002 have been purged from the Government's system. After reviewing the case materials, the Government provided Petitioner with thousands of pages of discovery and more than twenty discs containing audio and video recordings.

4. After assembling the case file, undersigned counsel and USAO paralegal Brenda Neill examined all materials, individually and collectively, to identify all items and determine whether they had been previously provided to

5

defense counsel in connection with the 1998 or 2002 trials.

5. On November 29, 2012, the Government produced a disc containing 3,444 pages of discovery and correspondence identified during its review. The materials produced included (i) assorted correspondence between the Government and various defense counsel; (ii) an index of discovery produced in connection with the 1998 trial, followed by a complete set of the corresponding Bates-stamped documents numbered 1001 through 3874;[3] (iii) law enforcement reports; (iv) witness statements; (v) *Miranda* consent forms; (vi) transcripts of interviews and 911 calls; (vii) crime scene and autopsy photographs; (viii) medical reports; and (ix) various trial exhibits.

6. Undersigned counsel also identified numerous case-related recordings. The original recordings were in a variety of formats, including audiocassette, videocassette, and microcassette. After reviewing the content of the recordings, the Government converted the files from the original format into DVD and WAV files before scanning them on to a series of discs.

7. On March 5, 2013, the Government provided post-conviction counsel sixteen discs containing the various recordings, which included interviews with Petitioner, 911 calls related to the murder of Robin Williams, interviews conducted by psychiatric evaluators, and interviews with various witnesses.

8. On March 12, 2013, the Government provided post-conviction counsel

_____

[3]The range of Bates-stamped documents related to the 1998 trial began at 1001.

6

three additional discs, containing interviews with Petitioner.

<u>In response to specific issues raised by Petitioner, the Government undertook additional review and produced additional materials</u>.

9.     After reviewing the discovery materials reproduced by the Government, Petitioner identified the following three categories in which he alleged that the Government's production was deficient:

(1) Petitioner speculated that there were undisclosed interview reports produced by law enforcement for several of the witnesses who testified in the 2002 resentencing, including Brian Ard, Alesha Chambers, Jasper Champers, Joanna Baldwin Coleman, Crystal Dennis, Natasha Heard (Tolbert), Shirley Parker, and Angela Rosser, (Motion at 7, Doc. 51; Supp. Memo. at 2, Doc. 59);

(2) Petitioner claimed that the Government did not produce the grand jury testimony of all testifying witnesses, (Supp. Memo. at 2); and

(3) Petitioner stated that he had not received all materials related to expert witnesses Scott Duncan, William Grant, Park Dietz, and Peter Carlson, including the experts' reports, raw data relied on by the experts, and recordings made during the course of the experts' examinations, (Motion, at 8–9; Supp. Memo at 2–3).

10.     In light of Petitioner's concerns, undersigned counsel undertook additional review of the case files, with a particular focus on the witnesses identified by Petitioner.  As a result of that review, undersigned counsel responds as follows to the three categories identified by Petitioner:

7

(1) With respect to the witnesses who testified during the 2002 resentencing, undersigned counsel's review revealed a single, one-page summary of an interview of Alicia Chambers conducted by ATF Special Agent Modzelewski on December 30, 1997. The Government provided this report to post-conviction counsel on November 15, 2013. Undersigned counsel has not identified any other reports of interviews conducted by law enforcement of sentencing phase witnesses. Trial counsel from the 2002 resentencing conducted interviews of many of the witnesses identified by Petitioner during trial preparation. Any notes from those interviews represent attorney work product and were not previously disclosed to defense counsel. FBI Special Agent Rossi confirmed that the meetings with the sentencing phase witnesses were part of trial preparation for the 2002 sentencing phase retrial and did not generate law enforcement witness interview reports.[4]

(2) With respect to any grand jury testimony of trial witnesses, the Government's records indicate that none of the witnesses from the 1998 and 2002 trials testified before the grand jury regarding this matter. And the Government's case file does not include any grand jury transcripts. Accordingly, the Government did not produce any grand jury testimony to defense counsel during the 1998 and 2002 trials, pursuant to the Jencks Act or in connection

_____

[4]In the course of reviewing the 2002 trial files for the witnesses identified by Petitioner, undersigned counsel also located a letter from an individual with associate records from Camelot Music accompanied by Shirley Williams' personnel file. These documents were provided to post-conviction counsel as part of the production on November 15, 2013.

with any of its other discovery obligations.

(3) Finally, with respect to the expert materials, undersigned counsel located the (i) the curriculum vitae for Drs. Grant, Duncan, Dietz, and Carlson; (ii) Drs. Grant and Duncan's report of the court-ordered psychiatric evaluation, filed with this Court on January 29, 1998; (iii) Dr. Dietz's report, dated July 6, 2002; (iv) a letter from the Government to defense counsel regarding Dr. Dietz's interview with Petitioner, dated May 22, 2002; (v) audio recordings of Dr. Dietz's interview with Petitioner; and (vi) notebooks containing the raw data on which Dr. Dietz relied.

a. The Government provided the CVs, reports, and correspondence to post-conviction counsel on November 12, 2013, and produced the audio recordings and raw data notebooks on February 6, 2014.[5]

b. The Government located the expert-related materials in one of the sixteen boxes retrieved from the Federal Records Center. Undersigned counsel initially believed that the box contained attorney work product from the 2002 resentencing due to the manner in which the materials were marked. After reviewing the trial testimony regarding the sources of information on which Dr. Dietz relied,[6] however, undersigned counsel determined that the expert-related materials would have been previously

---

[5]Much of the raw data notebooks is comprised of transcripts from the experts' testimony in the 1998 trials and was therefore previously available to Petitioner.

[6](Trial Tr. at 98–100, 3:97-cr-23, Doc. 642-6).

9

disclosed to defense counsel.[7]

c. Petitioner also speculates that there are recordings of interviews conducted by Drs. Grant and Duncan of various witnesses during their psychiatric examination, including Tasha Heard, Alicia Chambers, and Kesha Heard. As an initial matter, the Government provided audio recordings of interviews conducted by Drs. Grant and Duncan on March 5, 2012. Additionally, a review of the psychiatric evaluation report indicates that Drs. Grant and Duncan interviewed most of the listed witnesses by telephone. Undersigned counsel has attempted unsuccessfully to contact Dr. Duncan, who is retired from the Bureau of Prisons. There is no indication, however, that the telephone interviews conducted by Drs. Grant and Duncan were recorded.

11. As demonstrated in this response, the Government has complied with this Court's order dated October 5, 2012, by retrieving all case-related materials, reviewing those materials to identify items previously disclosed to defense counsel in connection with the 1998 and 2002 trials, producing thousands of pages of documents and various recordings, and addressing specific issues raised by post-conviction counsel.

---

[7](Order, 3:97-cr-23, Doc. 546).

10

**CONCLUSION**

In light of the foregoing, the Government respectfully requests that this Court issue an order:

(1) finding that the Government has fully complied with the Court's order dated October 5, 2012;

(2) concluding that all discovery issues have been resolved; and

(3) ordering that the Petitioner shall have thirty days to file a motion for evidentiary hearing and brief in support, consistent with the Court's scheduling order, entered August 9, 2013, (Doc. 53).

RESPECTFULLY SUBMITTED, this the 6th day of February, 2014.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

/s/ Jill Westmoreland Rose
Assistant United States Attorney
NC Bar No. 17654
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 704-344-6222 (phone)
(704) 344-6629 (fax)
jill.rose@usdoj.gov

/s/ William M. Miller
Assistant United States Attorney
NC Bar No.36946
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 704-344-6222 (phone)
(704) 344-6629 (fax)
william.miller@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing ***Response*** was served on counsel for Petitioner via electronic case filing.

This the 6th day of February, 2014.

s/ William M. Miller
Assistant United States Attorney

12