**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:12-CV-327-RLV**

| |
|---|
| **UNITED STATES OF AMERICA** |
| **vs.** |
| **AQUILIA MARCIVICCI BARNETTE** |

**DEATH PENALTY § 2255**

### PETITIONER AQUILIA MARCIVICCI BARNETTE'S UNOPPOSED MOTION TO EXTEND DEADLINE TO FILE MOTION FOR EVIDENTIARY HEARING

NOW COMES Petitioner Aquilia Marcivicci Barnette, through undersigned counsel, and respectfully moves this Court to extend the deadline for him to file a motion for an evidentiary hearing and supporting brief. The current deadline for filing is October 2, 2014. Petitioner respectfully requests an extension until **December 1, 2014**. Undersigned counsel have conferred with AUSA William Miller, who does not oppose the requested extension of time. In support of this motion, undersigned counsel show the following:

On September 2, 2014, the Court entered an Order finding "that the U.S. Attorney's Office has made reasonable efforts to comply with the Court's October 5, 2012 Order," and "that the U.S. Attorney's has complied with the Court's October 5, 2012 Order." [Doc. 67] The Court directed Petitioner to file a motion for evidentiary hearing and supporting brief within thirty (30) days. [Doc. 53]

Although Petitioner maintains his objection to the Court's determination that discovery issues have been "resolved," Petitioner understands the need to file his motion and supporting brief seeking an evidentiary hearing. Because of the unresolved discovery issues and Petitioner's anticipation that additional materials would be produced by the government pursuant to the

1

Court's October 5, 2012 Order [Doc. 17], however, post-conviction counsel's ongoing work with trial and post-conviction experts, as well as certain key witnesses, was effectively put on hold over the past number of months. This was done in an effort to conserve resources and reduce the risk that work might later need to be significantly overhauled or revised following the production of additional information through discovery.

In the wake of the Court's determination on September 2, 2014 that the government has complied with the Court's October 5, 2012 Order, undersigned counsel have been moving forward expeditiously to complete its work with its experts and witnesses in order to prepare its motion and supporting brief. As the Court well knows, however, the record in this case is "massive." [Doc. 1 at 7] The sheer size of the case, the extent of necessary objectives still outstanding that must be completed before filing, scheduling conflicts, logistical complications, undersigned counsel's own caseloads, co-counsel Henderson Hill's departure from the case, and, critically, the challenge of restarting the litigation after an extended period of dormancy, create a situation whereby undersigned counsel, in order to effectively prepare and file Petitioner's motion and supporting brief, require more time.

Among the specific scheduling and logistical complications, undersigned counsel shows the following:

- Since the Court's September 2, 2014 order, post-conviction counsel Mark Olive completed and filed a major pleading in a capital post-conviction case in Georgia. He has another brief due on September 16, 2014 in a capital post-conviction case in Florida. He also has a brief due on October 8, 2014 in a capital post-conviction case in the Eleventh Circuit. These significant deadlines are in addition to Mr. Olive's otherwise robust caseload of capital cases and previously scheduled trainings and presentations in capital training seminars.

2

- Post-conviction counsel Jake Sussman, who carries a full caseload of state and federal criminal cases, capital post-conviction cases (in addition to Mr. Barnett's case), and various civil matters in state and federal courts, has at least three significant filing deadlines: September 19, 2014 (42 U.S.C. § 1983 action in U.S. District Court), September 26, 2014 (42 U.S.C. § 1983 action in state court); and October 6, 2014 (brief in the Fourth Circuit). In addition, Mr. Sussman is scheduled for surgery on Thursday, September 25, 2014 and is expected to be out of work for up to 4 days.

- Dr. Richard Dudley, a critical post-conviction expert, is scheduled to be out of the country on a previously planned trip for 10 days in mid-September 2014, and is significantly tied up on other matters immediately upon his return to the United States. Undersigned counsel require further consultation with Dr. Dudley prior to filing their motion and supporting brief.

- Additional trial level experts, including, but not limited to, Ann Burgess, Cessie Alfonso, Dr. Sally Johnson, and Dr. Mark Cunningham, all of whom require further consultation, have various professional obligations that must be accommodated.

- Henderson Hill resigned as Executive Director of the Federal Defenders of Western Carolina, Inc., in January 2014, thereby ending his participation in this post-conviction litigation. Prior to his departure, Mr. Hill played an important role in preparing the § 2255 petition and working with undersigned counsel and experts; he is presently unavailable to continue in that role.

Undersigned do not seek additional time to file Petitioner's motion and supporting brief for purposes of unnecessary delay. Since being appointed counsel on May 23, 2012, undersigned counsel have worked diligently throughout the course of this post-conviction litigation in the face of extraordinary challenges—namely, the absence of any and all trial files from Petitioner's two underlying federal capital trials. As the Supreme Court has made clear, capital post-conviction litigation is "unique and complex." *McFarland v. Scott*, 512 U.S. 849, 855-56 (1994). Here, the absence of trial files from the underlying capital trials—through no fault of Petitioner Barnette—has made matters more "unique and complex," and has created an "extraordinary circumstance" that threatens to "[stand] in [Petitioner Barnette's] way" as he endeavors, through counsel, to litigate matters of constitutional importance relating to his death sentences. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotes and citations omitted).

For the reasons stated above, undersigned counsel respectfully request that the Court grant Petitioner's motion and extend the deadline for his motion for evidentiary hearing and supporting brief to December 1, 2014.

Dated: September 10, 2014

/s/ Mark E. Olive
N.C. State Bar No. 10615
LAW OFFICES OF MARK OLIVE
320 W. Jefferson Street
Tallahassee, FL 32301
850-224-0004 (tel)
850-224-3331 (fax)
meolive@aol.com

/s/ Jacob H. Sussman
N.C. Bar No. 31821
TIN FULTON WALKER & OWEN PLLC
301 East Park Avenue
Charlotte, NC 28203
704-338-1220 (tel)
704-338-1312 (fax)
jsussman@tinfulton.com

/s/ Ross Richardson
Ross Richardson
FEDERAL DEFENDERS OF WESTERN
 NORTH CAROLINA, INC.
129 West Trade Street, Suite 300
Charlotte, NC 28202
704-374-0720 (tel)
704-374-0722 (fax)
ross_richardson@fd.org

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he has served the foregoing motion with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

William M. Miller
William.Miller@usdoj.gov

Dated: September 10, 2014

/s/ Jacob H. Sussman
Counsel for Mr. Barnette