# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO.: 3:12-CV-327-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>AQUILIA MARCIVICCI BARNETTE | **DEATH PENALTY § 2255** |

## PETITIONER AQUILIA MARCIVICCI BARNETTE'S
## MOTION FOR EVIDENTIARY HEARING

NOW COMES Aquilia Marcivicci Barnette, through undersigned counsel, pursuant to 28 U.S.C. § 2255(b) and Rule 8 of the Rules Governing § 2255 Proceedings, respectfully moving this Court for an order granting an evidentiary hearing. This motion is supported by the brief filed herewith, all exhibits thereto, and all prior pleadings and documents filed in this matter and in *United States v. Barnette*, Case No. 3:97-CR-23. In further support of this motion, Mr. Barnette, through undersigned counsel, shows the following:

Mr. Barnette requested an evidentiary hearing in his *Initial Motion for Relief Pursuant to 28 U.S.C. § 2255* (hereinafter "§ 2255 motion"). The Court subsequently entered a scheduling order on its own motion on August 9, 2013, finding that, upon an initial review of the Motion as required by Rule 4 of the Rules Governing § 2255 Proceedings, it did not "plainly appear" that Mr. Barnette was not entitled to relief. The Court then adopted the parties' agreed upon preliminary litigation schedule. [ECF Doc. 53] Following two unopposed extensions of time, Mr. Barnette, through undersigned counsel, now files this motion for an evidentiary hearing.

1

Section 2255(b) of the Judicial Code provides (with emphasis added):

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court *shall* cause notice thereof to be served upon the United States attorney, *grant a prompt hearing thereon*, determine the issues and make findings of fact and conclusions of law with respect thereto.

Rule 8(a) of the Rules Governing § 2255 Proceedings provides:

> If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

The use of mandatory language indicates this Court is required, on its own motion, to order an evidentiary hearing unless there is conclusive evidence Mr. Barnette is entitled to no relief. For the reasons stated in Mr. Barnette's *Initial Motion for Relief Pursuant to 28 U.S.C. § 2255*, the brief file herewith and its exhibits, and all prior pleadings and documents filed in this matter, "the motion the files and records of the case" do not conclusively refute Mr. Barnette's claims and an evidentiary hearing is therefore required.

Dated: December 22, 2014

/s/ Mark E. Olive
N.C. State Bar No. 10615
LAW OFFICES OF MARK OLIVE
320 W. Jefferson Street
Tallahassee, FL 32301
850-224-0004 (tel)
850-224-3331 (fax)
meolive@aol.com

/s/ Jacob H. Sussman
N.C. Bar No. 31821
TIN FULTON WALKER & OWEN PLLC
301 East Park Avenue
Charlotte, NC 28203
704-338-1220 (tel)
704-338-1312 (fax)
jsussman@tinfulton.com

/s/ Ross Richardson
Ross Richardson
FEDERAL DEFENDERS OF WESTERN
    NORTH CAROLINA, INC.
129 West Trade Street, Suite 300
Charlotte, NC 28202
704-374-0720 (tel)
704-374-0722 (fax)
ross_richardson@fd.org

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has served the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

> William M. Miller
> William.Miller@usdoj.gov

Dated: December 22, 2014

/s/ Jacob H. Sussman    
Counsel for Mr. Barnette