|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket No. 3:97CR-23 |
| v. ) | |
| ) | |
| AQUILIA MARCIVICCI BARNETTE, ) | |
| Defendant ) | |
| _____ ) | |

## *EX PARTE* STATEMENT OF DEFENSE CONTENTIONS

Now come Claire J. Rauscher and Jean B. Lawson, court-appointed counsel for Defendant Aquilia Marcivicci Barnette, and respectfully set forth this summary of facts and statement of defense contentions in this case. The purpose of this statement is to advise the Court, ex parte, and in a single filing, of the factual basis for all future requests for relief and for judicial assistance in the defense of this case. The undersigned counsel for the defendant will incorporate this document, by reference, in all such requests, thereby avoiding the necessity of repetition.

### Procedural Posture of the Case

On June 22, 1996, Aquilia Marcivicci (Marc) Barnette shot and killed Donnie Allen in North Carolina so he could drive Allen's car to Virginia, where he shot and killed his former domestic partner, Robin Williams.

At his trial, conducted before the Honorable Robert D. Potter in January and February, 1998, Marc Barnette was convicted of (1) Carjacking resulting in death in violation of 18 USC 2119(3); (2) Use of a Firearm in Carjacking resulting in death in violation of 18 USC 924(c )and (j); and (3) Use of a Firearm in Commission of an Act of Domestic Violence resulting in death in violation of (18 USC 924 (c ) and ( i).

1

Case 3:97-cr-00023-RLV   Document 364-1 *SEALED*   Filed 08/28/01   Page 1 of 6

Case 3:12-cv-00327-MOC   Document 74-82   Filed 12/22/14   Page 1 of 60
Bates No. 362

After the sentencing hearing, the jury recommended that Marc Barnette be sentenced to death on each of the three convictions.

The Fourth Circuit Court of Appeals has remanded his case for re-sentencing because the trial judge refused to allow the defense to rebut government opinion testimony about Marc Barnette's alleged "future dangerousness".

On July 30, 2001, the US Attorney filed Notice of Reaffirmation of Intention to Seek the Death Penalty and is requesting a pre-emptory trial setting.

Current counsel were appointed for the purpose of re-sentencing and did not participate in the first trial or the appeal.

### Brief Summary of the Facts According to the Government
*(Taken from Marc Barnette's Appeal Brief and the Opinion of the Fourth Circuit Court of Appeals)*

Marc Barnette and Robin Williams were romantically involved and lived together in Robin Williams' apartment in Roanoke, Virginia for approximately one year until she ended the relationship. Marc Barnette then returned to Charlotte, North Carolina and moved in with his mother and brother.

After they separated, however, Barnette continued to call Robin Williams. Sometimes he threatened her. During other telephone calls, he begged her to resume their relationship. In response, Williams changed her locks and, for a period of time, lived with her mother. By all accounts, she did not encourage Barnette in any way.

On April 30, 1996, Robin Williams was in the apartment she had formerly shared with Marc Barnette when he arrived in the middle of the night, cut the phone lines and attempted to enter the apartment. According to Robin Williams' statement to police, Marc Barnette was striking the windows of the apartment with a baseball bat, screaming obscenities and threatening to kill her. He threw a

2

molatov cocktail into the apartment. Williams escaped the burning apartment by jumping out a rear window. In attempting to put out the fire, Williams suffered second and third degree burns on her hands and arms. She was hospitalized for a period of time for treatment of the burns.

Roanoke police issued a warrant for Barnette's arrest but, although Barnette had returned to his mother's home in Charlotte, the Charlotte police did not serve the arrest warrant. While the warrant was unserved, Barnette continued to call Williams and her family and he left cards that she had sent him during their relationship on her car windshield. When she left the hospital, Robin Williams moved in with her mother, Bertha Williams.

Eventually, Barnette obtained a sawed-off shotgun and, on June 22, 1996, determined that he would go from Charlotte to Roanoke to see Robin. Shortly after midnight he walked to a dark intersection of a four-lane divided road near Charlotte-Douglas International Airport and waited for a car to stop for the light. Donnie Allen stopped and Barnette approached Allen's car with the shotgun and told him to get out. He had Allen lay his wallet in the road, directed him to the side of the road near a drainage ditch and shot him in the back, firing three times and killing him. Barnette took Allen's wallet and car and drove to Roanoke.

At approximately 7:00 a.m. on June 22nd, Barnette arrived at Robin's mother's residence in Roanoke. He shot and kicked in the door after cutting the phone lines to the apartment. He chased Robin Williams around the apartment complex as neighbors frantically called 911. He pointed the shotgun at one of these neighbors and told her to get off the phone or he would shoot her. Barnette finally caught Robin when she fell down. He grabbed her by the arm and hair and dragged her back toward her mother's apartment, telling her to "come back with me" and asking her why she "took everything away" from him. Marc Barnette told

Case 3:97-cr-00023-RLV   Document 364-1 *SEALED*   Filed 08/28/01   Page 3 of 6

Case 3:12-cv-00327-MOC   Document 74-84   Filed 12/22/14   Page 3 of 60
Bates No. 364

Robin Williams that he had one shell for her and another for himself. Robin broke free and, as she was running toward her mother, Barnette shot her twice. According to witnesses, Robin Williams died in her mother's arms.

After shooting Robin Williams, Marc Barnette drove to Nashville, Tennessee where he purchased duct tape, Compoz sleeping pills and a garden hose. Twice, he taped the garden hose to the car tailpipe, attempting to kill himself by carbon monoxide poisoning. He also took sleeping pills, but was unsuccessful in his suicide attempts. Marc went to a church and prayed for both his victims, then returned to Charlotte where he turned himself in to authorities, confessed to both murders and led them to the decomposing body of Donnie Allen.

### Defense Objectives in this Resentencing

Based upon review of the trial transcript, the defendant's criminal record, the discovery in the case and the presentation at Marc Barnette's first sentencing proceeding, current counsel believe an approach different from that used in his first sentencing hearing is warranted.

Marc Barnette has an entrenched family history of violence toward women that counsel believe predisposed him to the otherwise inexplicable conduct in this case. By family history, both of his grandmothers were murdered by their husband or boyfriend. Marc Barnette's parents engaged in a pattern of physical and emotional abuse of each other that included infidelity. Early in life, Marc Barnette learned to incorporate his girlfriend into his own personna to the extent that he could not separate successfully from a girlfriend. A pattern of self-destructive actions in response to his girlfriends breaking up with him started as early as age 14, when he attempted suicide after being rejected. Subsequent break-ups were followed by Marc Barnette allegedly abducting and raping a girlfriend and, on another occasion, attempting to abduct his girlfriend from her place of employment,

4

and using a knife to hold off co-workers who were attempting to rescue her.

At his first sentencing hearing, the government presented numerous witnesses who testified that Marc Barnette had a history of abusing women with whom he was intimately involved and on one occasion, abusing the children of his girlfriend. Prior defense counsel sought to minimize the severity of these incidents, or place blame for them on the women involved.

Current counsel believe that hiding the pathological relationship between the defendant and women would be a serious error. We firmly believe we must lay out for the jury the extent of Marc Barnette's history with women in order for them to understand his psychosis. Defense presentation of this evidence to the jury could result in a sentence of life without parole, rather than death.

Current counsel have reviewed the testimony and cross-examination at Marc Barnette's first sentencing hearing. It is apparent that the defense presentation was disjointed. The psychological, psychiatric and family history was not presented to the jury in an effective manner. The witnesses were unprepared for cross-examination. The investigation was superficial and not-sufficiently in depth to enable the formation of a cohesive theory of mitigation. Our objective is to assure that the information presented to the jury at this sentencing hearing is the result of thorough investigation, top notch assessment by appropriate experts and is credible and logical enough for the jury to understand the genesis of these crimes and to impose a sentence of life imprisonment, rather than death.

To this end, defense counsel must (1) thoroughly interview experts and review data obtained during the first trial preparation, (2) determine whether it is appropriate to retain the same experts for the re-sentencing, (3) identify additional experts and tests that are useful and necessary in the defense preparation, (4) identify and interview numerous family members, co-workers and other potential

Case 3:97-cr-00023-RLV   Document 364-1 *SEALED*   Filed 08/28/01   Page 5 of 6

Case 3:12-cv-00327-MOC   Document 74-8   Filed 12/22/14   Page 5 of 60
Bates No. 366

witnesses, and (5) retain experts in additional disciplines, if necessary. Specific requests will be made in separate, ex parte Motions.

**Ex Parte and Privileged Nature of this Document and other requests for Funding of the Defense in this Case**

Marc Barnette is, as he was during his first trial, indigent and therefore is entitled to the necessary costs of his defense at the expense of the government. Because the justification for these funds requires disclosure of privileged and confidential defense preparation, the defendant's Fifth, Sixth, and Eighth Amendment rights, conferred upon him by the Constitution of the United States, require that the Court hold these requests in confidence.

Accordingly, counsel respectfully request that this document, and all subsequent documents filed by the defense requesting assistance from the Court as well as orders concerning defense funding requests, be placed Under Seal.

Respectfully submitted this the 28th day of August, 2001.

Claire J. Rauscher
435 E. Morehead Street
Charlotte, NC 28202-2609
(704) 331-0863

Jean B. Lawson
PO Box 472106
Charlotte, NC 28247-2106
(704) 341-1865

ATTORNEYS FOR
AQUILIA MARCIVICCI BARNETTE

6

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Docket No. 3:97CR-23 |
| v. ) | |
| ) | |
| AQUILIA MARCIVICCI BARNETTE, ) | |
| Defendant ) | |
| _____ ) | |

## *EX PARTE* MOTION FOR AUTHORIZATION TO RETAIN A PRIVATE INVESTIGATOR

**NOW COMES** defendant Aquilia Marcivicci Barnette (hereinafter, Marc Barnette) and respectfully requests that this Honorable Court authorize the defense to retain the services of a Private Investigator to assist in preparing for the defendant's resentencing, pursuant to 18 U.S.C. 3006A and 21 U.S.C. 848(q)(10)(B) as well as the Fifth, Sixth and Eighth Amendments to the Constitution of the United States. In support of this Motion, the undersigned show unto the court the following:

1. The defendant's *Ex Parte* Statement of Defense Contentions is incorporated herein by reference to set forth the facts and circumstances that support this request.

2. The government has served the defense with a Notice Reaffirming its Intention to Seek the Death Penalty against the defendant.

3. The Court has determined that the defendant is indigent.

4. Counsel have identified numerous individuals who need to be located and interviewed. The course of the crimes for which the defendant has been convicted spans North Carolina, Virginia and Tennessee. Other potential witnesses live in Georgia and Pennsylvania. Some of these individuals were hostile to the defense at the defendant's first trial and sentencing and counsel reasonably believe they will not make themselves available

to the defense unless they are located and approached.

5. The services of a trained private investigator may also be necessary to assist the defense mitigation specialist in finding potential defense sentencing witnesses who are identified during the course of preparation for the sentencing hearing.

6. The services of a trained private investigator are an acknowledged benefit to litigants and are indispensable in the preparation of a capital case defense. Competent counsel would engage these services for a client having the independent means to pay for them.

7. Counsel have contacted Jan Barefoot of Barefoot Private Investigation in Charlotte, North Carolina and determined that she is willing to provide services to this defense. She was authorized by the Court to perform some defense investigation during Mr. Barnette's first trial and sentencing and is familiar with the case.

8. Barefoot Private Investigations charges $75.00 per hour, plus expenses. Counsel believe, based on preliminary evaluation of the case, that the investigation can be performed in less than 100 hours. Counsel expect that Barefoot Private Investigations will incur costs because of the need to travel to other states to locate certain potential witnesses. Accordingly, the undersigned believe that the allocation of $10,000 (fees plus expenses) for investigative services for this indigent capital defendant is necessary and appropriate.

**WHEREFORE**, the undersigned counsel request that the Court order the government to pay the bills rendered by Barefoot Private Investigations for investigative services and costs in an amount not to exceed $10,000 without further order of the court.

Respectfully submitted on this the 28th day of August, 2001.

Claire J. Rauscher
435 E. Morehead Street
Charlotte, NC 28202-2609
(704) 331-0863

Bates No. 569

Jean B. Lawson
PO Box 472106
Charlotte, NC 28247-2106
(704) 341-1865

**ATTORNEYS FOR
AQUILIA MARCIVICCI BARNETTE**

Bates No. 370

FILED
CHARLOTTE, N.C.

01 AUG 28 PM 2:29

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA )
)
v. ) Docket No. 3:97CR-23
)
)
AQUILIA MARCIVICCI BARNETTE, )
Defendant )
_____ )

## *EX PARTE* MOTION FOR APPOINTMENT OF, AND FUNDS FOR, A MITIGATION SPECIALIST

NOW COMES defendant Aquilia Marcivicci Barnette (hereinafter "Marc" Barnette) and respectfully requests that this Honorable Court authorize the defense to retain the services of a Mitigation Specialist to assist in preparation for the defendant's re-sentencing. In support of this Application, the undersigned show unto the Court the following:

1. The defendant's *EX PARTE* STATEMENT OF DEFENSE CONTENTIONS is incorporated herein as if fully set forth as a recitation of the facts and contentions that support this request. This request is made pursuant to 18 U.S.C. 3006(a) and 21 U.S.C. 848(q)(10)(B), as well as the Fifth, Sixth and Eighth Amendments to the Constitution of the United States.

2. The government has served the defense with a Notice Reaffirming its Intention to Seek the Death Penalty against the defendant. At his first trial, the defendant received three death sentences.

3. The defendant is indigent.

4. In the defendant's first trial, he was granted the services of a Mitigation Specialist. Counsel have determined that the services rendered by that "specialist" were

insufficient for the defense of this case. In fact, counsel request funding for a different mitigation specialist at this trial.

Cindy Maxwell was the mitigation investigator used by prior counsel. Ms. Maxwell was inexperienced and had little training in the field of sentencing mitigation. She failed to develop adequate rapport with the defendant's family and friends that would have enabled her to unearth critical biographical information. She prepared a "Time Line" purporting to represent the defendant's life history and omitted critical information. These omissions cast doubt on the reliability of other expert witnesses called by the defense. As a result, the honesty of the defense presentation was compromised. The government, in its closing argument, ridiculed her work in this case and emphasized the distortions and misleading "Time Line". (See attached transcript pages). Therefore, in light of the lack of reliability and insufficient mitigation investigation, current counsel believe that retaining a new mitigation expert is required.

5. Current counsel have interviewed and discussed this case with Cessie Alfonso who is a qualified and experienced mitigation investigator. (See attached *Curriculum Vitae*). Ms. Alfonso immediately recognized the critical issues that were not investigated and developed in the first trial and sentencing hearing. Her breadth of experience makes her uniquely suited for this case. The defendant's family was brutalized and traumatized during the defense presentation at the first sentencing. Ms. Alfonso has the personal skills and experience to rehabilitate the family and obtain information necessary to present a strong mitigation case for Marc Barnette. If the Court needs further elaboration, counsel can provide it.

6. Ms. Alfonso charges $100 per hour, plus expenses. At this point in trial preparation, counsel anticipate Ms. Alfonso will need to spend 150 hours on the case.

WHEREFORE, the undersigned counsel for the defendant respectfully request that this Court authorize them to retain the services of Cessie Alfonso as the Mitigation Investigator in this case, with a cap of $15,000 in fees and expenses, without further

Case 3:12-cv-00327-MOC    Document 74-8 2    Filed 12/22/14    Page 11 of 60

Bates No. 372

authorization from the Court.

Respectfully submitted on this the 28th day of August, 2001.

Claire J. Rauscher
435 E. Morehead Street
Charlotte, NC 28202-2609
(704) 331-0863

Jean B. Lawson /cjr
PO Box 472106
Charlotte, NC 28247-2106
(704) 341-1865

ATTORNEYS FOR
AQUILIA MARCIVICCI BARNETTE

# ATTACHMENT 1

## PORTION OF TRANSCRIPT OF GOVERNMENT'S CLOSING ARGUMENT

Bates No. 374

Robin Williams because she dared to tell him no; and yes, I am here at this time to ask you for the ultimate punishment for these ultimate crimes.

I will not offer you a slick, color-coded time line, nor a generic one size fits all slide presentation. While those things may be worthy of our ad crazy age, I contend and submit to you they are not worthy of this courtroom. You will not hear me defend Cynthia Maxwell, a self-described mitigation specialist, who is qualified for what? To put together these multicolored notebooks, notebooks of deception that omit the most important facts surrounding your decision and reduce Donnie and Robin to a single red circle. Who fails to list the acts of violence committed by this defendant throughout his life. Why? She didn't have room on her time line. There wasn't a conviction, or she didn't think it was sufficiently significant. Who didn't even list the defendant's history of probation on his time line. Why? Because she called down a couple times to Georgia and didn't get an answer, even though we all know that the probation was in North Carolina, not Georgia.

Who doesn't list on her time line the conduct that you found the defendant guilty of in the guilt phase of this trial, it wouldn't fit. That time line that was presented to you in this case is a onesided distortion not of who this man is and what he has done, but rather how he can be repackaged and presented to you. Painters and lawyers have been known

Case 3:12-cv-00327-MOC     Document 74-8   Filed 12/22/14     Page 14 of 60
Bates No. 375

historically as people who can turn black into white, and I would submit to you you should add mitigation specialists to that list as well.

I will not ask you to believe in an expert psychologist who comes in and says to you, I quote, I sit before this jury as a psychologist whose obligation and purpose is to present my scientific findings and knowledge about the defendant, but tells a radio audience the very morning she testified in this courtroom that her purpose is to leave you crying. Who when asked about her book under oath in this court told you her book, the book she left off her curriculum, that that book is primarily about child abuse, but later is forced to admit that the week before, she told yet another radio audience that she was touring Europe promoting her book which is, quote, about the death penalty in the United States. Who thinks that it is not important that you should know that she is passionately anti death penalty, who has been sent two reprimand letters from the North Carolina Board of Psychology, not once but twice, one for testifying to a diagnosis that does not exist and one for exploiting her patient. I will not ask you to believe in that witness.

I will not ask you to believe in a traveling slide show presenter from Abilene, Texas who testifies all over the country in death penalty cases for a fee, a fee in the case of a death penalty case in Arkansas of $21,000 and then testifies that two

Case 3:12-cv-00327-MOC    Document 74-8    Filed 12/22/14    Page 15 of 60
Bates No. 376

# ATTACHMENT 2

## *CURRICULUM VITAE* OF MITIGATION SPECIALIST CESSIE ALFONSO

# Cecilia Cessie Alfonso, A.C.S.W.

32 Sycamore Street
Albany, New York 12208
(518) 489-2481
E-mail: CessieAlf@aol.com

## EDUCATION

| | |
|---|---|
| 1977 | M.S.W., Rutgers Graduate School of Social Work |
| 1978 | B.A., Hood College - Psychology and Sociology |
| 1965 | L.P.N., Montefiore School of Practical Nursing |

## LICENSES AND CERTIFICATIONS

1985 Diplomat, National Association of Social Workers, Clinical Registrar, No. 109774, Certified Social Work School Field Instructor

1984 L.C.S.W., State of New Jersey, Board of Social Work Examiners, No. 14770

1983 A.C.S.W., National Association of Social Workers, Academy of Social Workers

1982 C.S.W., State of New York, Board of Higher Education, No. 27529

## PROFESSIONAL EXPERIENCE

1989 - Present **Alfonso Associates**, New Jersey, President
Clinical and human resource consultation, training services and referral services. Forensic Social work, specializing in Capital Punishment Mitigation. Provide psychotherapy, clinical assessment and training to individuals, families, and agencies in the public and private sectors.

1983 - 1988 **Alfonso and Baur**, New Jersey, Partner
Clinical and human resource consultation, training services and referral services. Provide psychotherapy, clinical assessment and training to individuals, families, and agencies in the public and private sectors.

1979 - 1983 **Alfonso Associates**, New Jersey, President, Human Resource Development Consultants. Jersey City, NJ.
Interdisciplinary group of professionals providing consultation and training to organizations in the public and private sectors. Workshops and seminars: Stress Management, Minority Management in the Corporate Sector. Consultation: Veterans' Administration Hospitals, Tri-City Community Center, New Jersey Bell, Gannett Corporation, Bell Laboratory, The City People Corporation, Integrity House.

1978 - Present **Private Practice**, New York and New Jersey - Counselor and Psychotherapist. Provide counseling and psychotherapy to individuals and couples.

Case 3:12-cv-00327-MOC   Document 74-8   Filed 12/22/14   Page 17 of 60
Bates No. 378

## SEMINARS, CONFERENCES, TRAINING, AND CONSULTATION

Presenter, Statewide Judicial Domestic Violence Training Program - "Cultural Sensitivity in Domestic Violence." February 27, 2001

Presenter, Statewide Judicial Domestic Violence Training Program - "Cultural Sensitivity in Domestic Violence." February 27, 2001.

Trainer/Facilitator, New Jersey Coalition for Battered Women - "The Battered Women's Syndrome Revisited: Where are We Now?" November 8, 1996.

Trainer/Facilitator, New Jersey Coalition for Battered Women - "Understanding the Process and Procedures of Qualifying as an Expert Witness." October 15, 1996.

Trainer/Facilitator, Social Security Administration, NY Federal Plaza - "Cultural Diversity." September 27, 1996

Guest Expert, *Sally Jessy Raphael Show*, NBC - "Domestic Violence." September 23, 1996

Guest Speaker, North Carolina/Center for Death Penalty Legislation. September 18-21, 1996

- Understanding Violence: Prevention Strategies and Mitigation Training
- Substance Abuse
- Cultural Issues - Mitigation
- Problems with Clients
- Mitigation Specialist's Role as Counselor and Advocate for the Client and Client's Family

Guest Expert, *Sally Jessy Raphael Show*, NBC - "Domestic Violence." August 23, 1996

Guest Speaker, Washington Defenders Association Sentencing Alternatives Conference, Seattle, Washington - "Defense-based Sentencing." June 14-15, 1996

Trainer/Facilitator, Connecticut Public Defenders Office Annual Training, Hartford, Connecticut - "Defining Problems and Developing Awareness." June 3, 1996

Guest Speaker, National Association Sentencing Advocates (NASA) Annual Conference, Charlotte, North Carolina - "Sentencing with Hope: For Clients, For Community, For Change." May 29 - June 2, 1996

Guest Speaker, University of Michigan Law School, Ann Harbor, Missouri - "Role of Mitigation Specialist in Death Penalty Cases." March 27-29, 1996

Presenter, National Legal Aid and Defenders Association (NLADA), Washington, D.C. - "Life in the Balance VIII: Defending Death Penalty Cases." St. Louis, Missouri. March 3-6, 1996

Guest Speaker, Albany Law School, Albany, New York - "Use of Non-Lawyer Professionals by Lawyers." February 12, 1996

Presenter, Essex County Office of the Public Defender - "Battered Women Syndrome." November 30, 1995

Presenter, Dade County Public Defenders Office - "Preparation and Presentation of Mitigation in the Penalty Phase." November 17, 1995

Presenter, Washington, D.C. National Defender Investigator Association - "Cultural Mitigation and the Death Penalty Phase." November 16, 1995

Presenter, Women Work! 1995 National Conference, Washington, D.C. - Workshop on Cultural Diversity. November 5-6, 1995

Presenter, New York State Capital Defender Training Conference - "Investigating for Life: Death Penalty and Mitigation." October 27-28, 1995

Guest Speaker, The Nassau Academy of Law - "New Perspectives on an Old Punishment; Facing the Death Penalty in New York." October 13, 1995

Presenter, State of New Jersey Office of the Public Defender - "Battered Women Syndrome." October 10, 1995

Guest Speaker, Criminal Justice Institute, Harvard Law School - "The Client Interviewing Process." September 28-30, 1995

Presenter, Indiana Public Defender Council - "Preparing a Theme for Penalty Phase Defense." September 21, 1995

Presenter, Missouri Capital Mitigation Workshop - "Identifying and Using Cultural Mitigation Evidence." July 13, 1995

Presenter, NAACP CLE Conference, Criminal Justice Institute, Harvard Law School - "Mock Sentencing Hearing." July 7, 1995

Presenter, Met Life, New York, New York, Domestic Violence - "Forging the Future." June 1995

Presenter, Effective Factual Investigation with Albert Kapin, Esq., New York, New York - "A New Era in Capital Representation." June 1995

Presenter, Office of Public Defender, Ethics of Client's Relationship, Maricopa, Arizona - "Clients Relations: How Lawyers Deal with Minority Clients in Crisis in the Criminal Justice Systems." June 1995

Presenter, National Association of Sentencing Advocates (NASA), Third National Conference for Sentencing Advocates, Mitigation Specialists, Attorneys, Judges and Others, Chicago, Illinois - "Meeting the Challenge - For Our Clients, For Our Time." May 4-6, 1995

Presenter, National Legal Aid & Defenders Association (NLADA), Asheville, North Carolina - "Who Are Our Clients," and "Race, Gender, Class in the Courtroom." April 1995

Guest Speaker, Sponsored by the Progressive Action Committee and the Latin American Student Association, held at the University of Connecticut, West Hartford, Connecticut - "Crime, Punishment and Social Work." April 11, 1995

Keynote Speaker, Sponsored by the NYS DEC Diversity Team - "The Crucial Element a Woman Needs to Succeed in a Highly Competitive Market Economy." March 31, 1995

Keynote Speaker, Conference sponsored by NLADA - "Life in the Balance VII: Defending Death Penalty Cases." March 2-5, 1995

Presenter, Wisconsin State Public Defenders' Fall Criminal Defense Conference - "Sentencing Issues for the '90s." October 6, 1994

Presenter, Hudson County Task Force on Women Conference - "Substance Abuse in Domestic Violence." October 14, 1994

Presenter, Missouri Public Defenders' Conference - "Cultural Conflicts in the Courtroom." June 1, 1994

Presenter, CMP Publications, "Take Our Daughters to Work Day." April 28, 1994

Keynote Speaker, Forensic Social Work Conference. April 21, 1994

Panel Presenter, Policy Group of the National Institute of Corrections - "Intermediate Sanctions for Female Offenders." March 29, 1994

Panel Presenter, 1994 Policy Breakfast Series, Cornell University Institute for Women and Work - "Diversity: Trends and Responses to Differences in the Work Place." March 15, 1994

Keynote Speaker, Conference/Luncheon of Albert Einstein College of Medicine, Yeshiva University, Bronx, New York - "Bridging the Cultural Gap." November 18, 1993

Presenter, Sixth Annual Symposium on Minorities and Corrections, Department of Corrections, Office of Program Development Hispanic Services, Mercer County Community College, Trenton, New Jersey - "Alternative Punishment Programs as Alternatives to Incarceration." October 8, 1993

RECEIVED
CHARLOTTE, N.C.

AUG 2 8 2001

Clerk, U. S. Dist. Court
W. Dist of N. C.

FILED
CHARLOTTE, N

01 OCT 10 AM 8

U.S. DISTRICT CI
W. DIST. OF N.

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No. 3:97CR-23 |
| v. | ) | |
| | ) | *EX PARTE* ORDER AUTHORIZING |
| AQUILIA MARCIVICCI BARNETTE, | ) | MITIGATION SPECIALIST |
| Defendant | ) | |
| | ) | (UNDER SEAL) |

THIS MATTER is before the Court on defendant's *EX PARTE* Motion for Authorization to hire a Mitigation Specialist.

Based upon the information before the Court, the undersigned finds:

1. That the defendant is indigent.

2. That the defendant received three death sentences in this case in 1998. The Fourth Circuit Court of Appeals has remanded his cases to this Court for resentencing. New counsel have been appointed for the defendant.

3. That the defense has established to the satisfaction of this Court that the defendant is entitled to the services of a Mitigation Specialist to assist in this case. Defense counsel have requested the authority to hire Cessie Alfonso as Mitigation Specialist. Her fee is $100 per hour and counsel reasonably believe that an allocation of $15,000 for her fees and expenses is appropriate.

5. The fees requested by the defense are reasonable and appropriate in this case and the defendant's request for relief should be granted, pursuant to 18 U.S.C. 3006(a), 21 U.S.C. 848(q)(10)(B) and the Fifth, Sixth and Eighth Amendments to the Constitution of the United States.

IT IS, THEREFORE, ORDERED that the defendant's *EX PARTE* Motion for Authorization to Hire a Mitigation Specialist is GRANTED. The defendant's

Case 3:12-cv-00327-MOC   Document 74-3   Filed 12/22/14   Page 21 of 60   Bates No. 332

counsel are authorized to retain the services of Cessie Alfonso, at government expense, at the rate of $100 per hour with a cap of $15,000 pending any further order of the Court.

This the ___9th___ day of ~~August~~ Oct, 2001. RLV

Richard L. Voorhees
United States District Court Judge

United States District Court
for the
Western District of North Carolina
October 10, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re:  3:97-cr-00023

True and correct copies of the attached were mailed by the clerk to the
following:

Claire J. Rauscher, Esq.          &  *Jean Lawson*
435 E. Morehead St.
Charlotte, NC  28202

cc:
Judge                        ( )
Magistrate Judge             ( )
U.S. Marshal                 ( )
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Court Reporter               ( )
Courtroom Deputy             ( )
Orig-Security                ( )
Bankruptcy Clerk's Ofc.      ( )
Other_____       ( )

Frank G. Johns, Clerk

Date: 10/29/01                    By: *SLawson*
                                      Deputy Clerk

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| NCW | Barnette, Aquilia Marcivicci | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| | 3:97-000023-001 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| U.S. v. Barnette | Felony | Adult Defendant | Federal Capital Prosecution |

**11. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section). If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 844H.F -- EXPLOSIVES USED IN COMMISSION OF FELONY

### REQUEST AND AUTHORIZATION FOR EXPERT SERVICES

**12. ATTORNEY'S STATEMENT**
As the attorney for the person represented who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:

☐ Authorization to obtain the service. Estimated Compensation: $ 15,000 ___ OR
☐ Approval of services already obtained to be paid for by the United States from the Defender Services Appropriation. (Note: Prior authorization should be obtained for services in excess of $300.)

_____      _____
Signature of Attorney        Date

☐ Panel Attorney   ☐ Retained Atty   ☐ Pro-Se   ☐ Legal Organization

Attorney's name (First name, Middle initial, Last name, including suffix) and mailing address.
Claire J. Rauscher
435  E. Morehead St.
Charlotte, NC  28202

Telephone Number: _____

| 13. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES (See instructions) | 14. TYPE OF SERVICE PROVIDER | |
|---|---|---|
| To aid in deft's Defense. | 01 ☐ Investigator | 20 ☐ Legal Analyst/Consultant |
| | 02 ☐ Interpreter/Translator | 21 ☐ Jury Consultant |
| | 03 ☐ Psychologist | 22 ☒ Mitigation Specialist |
| | 04 ☐ Psychiatrist | 23 ☐ Duplication Services (See Instructions) |
| | 05 ☐ Polygraph Examiner | 24 ☐ Other (specify) |
| | 06 ☐ Documents Examiner | |
| **15. Court Order** | 07 ☐ Fingerprint Analyst | |
| Financial eligibility of the person represented having been established to the court's satisfaction, the authorization requested in Item 12 is hereby granted. | 08 ☐ Accountant | |
| | 09 ☐ CALR (Westlaw/Lexis,etc) | |
| | 10 ☐ Chemist/Toxicologist | |
| | 11 ☐ Ballistics Expert | |
| _____ | 13 ☐ Weapons/Firearms/Explosive Expert | |
| Signature of Presiding Judicial Officer or By Order of the Court | 14 ☐ Pathologist/Medical Examiner | |
| | 15 ☐ Other Medical Expert | |
| _____ _____ | 16 ☐ Voice/Audio Analyst | |
| Date of Order      Nunc Pro Tunc Date | 17 ☐ Hair/Fiber Expert | |
| Repayment or partial repayment ordered from the person represented for this service at time of authorization. | 18 ☐ Computer (Hardware/Software/Systems) | |
| ☐ YES ☐ NO | 19 ☐ Paralegal Services | |

### CLAIM FOR SERVICES AND EXPENSES     FOR COURT USE ONLY

| 16. SERVICES AND EXPENSES (Attach itemization of services and expenses with dates) | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|
| a. Compensation | | | |
| b. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | |
| c. Other Expenses | | | |

### GRAND TOTALS (CLAIMED AND ADJUSTED)

**17. PAYEE'S NAME** (First Name, M.I., Last Name, including any suffix) and MAILING ADDRESS   *NEED TAX ID NUMBER*

Cessie Alfonso
32 Sycamore St.
Albany, NY  12208

TIN: _____ 518/489-2481
Telephone Number: _____

**CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE FROM** _____ **TO** _____
**CLAIM STATUS**   ☐ Final    ☐ Interim Payment Number ___   ☐ Supplemental Payment
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

Signature of Claimant/Payee: _____    Date: _____

**18. CERTIFICATION OF ATTORNEY:** I hereby certify that the services were rendered for this case.

Signature of Attorney: _____    Date: _____

### APPROVED FOR PAYMENT — COURT USE ONLY

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOT. AMT APPROVED/CERTIFIED |
|---|---|---|---|
| | | | |

23. ☐ Either the cost (excluding expenses) of these services does not exceed $300, or prior authorization was obtained.
☐ Prior authorization was not obtained, but in the interest of justice the court finds that timely procurement of these necessary services could not await prior authorization, even though the cost (excluding expenses) exceeds $300.

_____ _____ _____
Signature of Presiding Judicial Officer    Date    Judge/Mag. Judge Code

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|
| | | | |

**28. PAYMENT APPROVED IN EXCESS OF THE STATUTORY THRESHOLD UNDER 18 U.S.C. 3006A(e)(3)**

_____ _____ _____
Signature of Chief Judge, Court of Appeals (or Delegate)    Date    Judge Code

Case 3:97-cr-00023-RLV Document 368-1 *SEALED* (Court only) Filed 10/10/01 Page 4 of 4

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No. 3:97CR-23 |
| v. | ) | |
| | ) | *EX PARTE* ORDER AUTHORIZING |
| AQUILIA MARCIVICCI BARNETTE, | ) | PRIVATE INVESTIGATOR |
| Defendant | ) | |
| | ) | (UNDER SEAL) |

THIS MATTER is before the Court on defendant's *EX PARTE* Motion for Authorization to hire a Private Investigator.

Based upon the information before the Court, the undersigned finds:

1. That the defendant is indigent.

2. That the defendant received three death sentences in this case in 1998. The Fourth Circuit Court of Appeals has remanded his cases to this Court for resentencing. New counsel have been appointed for the defendant.

3. That the defense has established to the satisfaction of this Court that the defendant is entitled to the services of a Private Investigator to assist in this case. Defense counsel have requested the authority to hire Jan Barefoot of Barefoot Private Investigations as Private Investigator. That investigator's fee is $75 per hour and counsel reasonably believe that an allocation of $10,000 for her fees and expenses is appropriate.

5. The fees requested by the defense are reasonable and appropriate in this case and the defendant's request for relief should be granted, pursuant to 18 U.S.C. 3006(a), 21 U.S.C. 848(q)(10)(B) and the Fifth, Sixth and Eighth Amendments to the Constitution of the United States.

IT IS, THEREFORE, ORDERED that the defendant's *EX PARTE* Motion

Case 3:12-cv-00327-MOC   Document 74-8   Filed 12/22/14   Page 25 of 60
Bates No. 336

for Authorization to Hire a Private Investigator is GRANTED. The defendant's counsel are authorized to retain the services of Jan Barefoot/Barefoot Private Investigations, at government expense, at the rate of $75 per hour with a cap of $10,000 pending any further order of the Court.

This the 9th day of October, 2001.

Richard L. Voorhees
United States District Court Judge

Bates No. 337

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| NCW | Barnette, Aquilia Marcivicci | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| | 3:97-000023-001 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| U.S. v. Barnette | Felony | Adult Defendant | Federal Capital Prosecution |

**11. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section.) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 844H.F — EXPLOSIVES USED IN COMMISSION OF FELONY

**12. ATTORNEY'S STATEMENT**
As the attorney for the person represented who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:

☐ Authorization to obtain the service. Estimated Compensation: $ _10,000_ OR

☐ Approval of services already obtained to be paid for by the United States from the Defender Services Appropriation. (Note: Prior authorization should be obtained for services in excess of $300).

_____     _____
Signature of Attorney                          Date

☐ Panel Attorney ☐ Retained Atty ☐ Pro-Se ☐ Legal Organization

Attorney's name (First name, Middle initial, Last name, including suffix) and mailing address.
Claire J. Rauscher
435 E. Morehead St.
Charlotte, NC 28202

Telephone Number: 704/331-0863

**13. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES** (See Instructions)

To aid Mr Barnette's Defense.

**14. TYPE OF SERVICE PROVIDER**

| | | | |
|---|---|---|---|
| 01 ☐ Investigator | 20 ☐ Legal Analyst/Consultant |
| 02 ☐ Interpreter/Translator | 21 ☐ Jury Consultant |
| 03 ☐ Psychologist | 22 ☐ Mitigation Specialist |
| 04 ☐ Psychiatrist | 23 ☐ Duplication Services (See Instructions) |
| 05 ☐ Polygraph Examiner | 24 ☐ Other (specify) |
| 06 ☐ Documents Examiner | |
| 07 ☐ Fingerprint Analyst | |
| 08 ☐ Accountant | |
| 09 ☐ CALR (Westlaw/Lexis, etc) | |
| 10 ☐ Chemist/Toxicologist | |
| 11 ☐ Ballistics Expert | |
| 12 ☐ Weapons/Firearms/Explosive Expert | |
| 13 ☐ Pathologist/Medical Examiner | |
| 14 ☐ Other Medical Expert | |
| 15 ☐ Voice/Audio Analyst | |
| 16 ☐ Hair/Fiber Expert | |
| 17 ☐ Computer (Hardware/Software/Systems) | |
| 18 ☐ Paralegal Services | |
| 19 ☐ | |

**15. Court Order**
Financial eligibility of the person represented having been established to the court's satisfaction, the authorization requested in Item 12 is hereby granted.

_____
Signature of Presiding Judicial Officer or By Order of the Court

_____     _____
Date of Order                          Nunc Pro Tunc Date

Repayment or partial repayment ordered from the person represented for this service at time of authorization.
☐ YES ☐ NO

| 16. **SERVICES AND EXPENSES** (Attach itemization of services and expenses with dates) | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|
| a. Compensation | | | |
| b. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | |
| c. Other Expenses | | | |

**17. PAYEE'S NAME** (First Name, M.I., Last Name, including any suffix) and MAILING ADDRESS

Jan Barefoot
Barefoot Private Investigations
227 W. Trade, Suite 2110
Charlotte, NC 28202

TIN: _____
Telephone Number: 704/377-1000

**CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE FROM** _____ **TO** _____

CLAIM STATUS ☐ Final ☐ Interim Payment Number _____ ☐ Supplemental Payment
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

Signature of Claimant/Payee: _____     Date: _____

**18. CERTIFICATION OF ATTORNEY:** I hereby certify that the services were rendered for this case.

Signature of Attorney: _____     Date: _____

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOT. AMT APPROVED/CERTIFIED |
|---|---|---|---|
| | | | |

**23.** ☐ Either the cost (excluding expenses) of these services does not exceed $300, or prior authorization was obtained.
☐ Prior authorization was not obtained, but in the interest of justice the court finds that timely procurement of these necessary services could not await prior authorization, even though the cost (excluding expenses) exceeds $300.

_____     _____     _____
Signature of Presiding Judicial Officer          Date          Judge/Mag. Judge Code

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|
| | | | |

**28. PAYMENT APPROVED IN EXCESS OF THE STATUTORY THRESHOLD UNDER 18 U.S.C. 3006A(e)(3)**

_____
Signature of Chief Judge, Court of Appeals (or Delegate) ... Date ... Judge Code

Case 3:12-cv-00327-MOC Document 74-38 Filed 12/22/14 Page 27 of 60
Bates No. 338

sel

United States District Court
for the
Western District of North Carolina
November 28, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re:    3:97-cr-00023

True and correct copies of the attached were mailed by the clerk to the
following:

Jean B. Lawson, Esq.
P. O. Box 472106
Charlotte, NC   28226

Claire J. Rauscher, Esq.
435 E. Morehead St.
Charlotte, NC   28202

cc:
Judge                        ( )
Magistrate Judge             ( )
U.S. Marshal                 ( )
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Court Reporter               ( )
Courtroom Deputy             ( )
Orig-Security                ( )
Bankruptcy Clerk's Ofc.      ( )
Other_____     ( )

Frank G. Johns, Clerk

Date: 11/28/01                By: _____
                                    Deputy Clerk

Case 3:97-cr-00023-RLV   Document 369-1 *SEALED* (Court only)   Filed 10/10/01   Page 4
of 4

Case 3:12-cv-00327-MOC   Document 74-3   Filed 12/22/14   Page 28 of 60
Bates No. 339

FILED
CHARLOTTE, N.C.

01 NOV 15 AM 9:44

U.S. DISTRICT COURT
W. DIST. OF N.C.

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>AQUILIA MARCIVICCI BARNETTE, )<br>Defendant ) | Docket No. 3:97CR-23 |

### *EX PARTE* MOTION FOR FUNDS FOR CONSULTATION WITH EXPERTS WHO HAVE HAD CONTACT WITH THE DEFENDANT

**NOW COMES** defendant Aquilia Marcivicci Barnette (hereinafter, Marc Barnette) and respectfully requests that this Honorable Court authorize the defense to confer with experts who have had contact with the defendant in the past, at the expense of the government. This request is made pursuant to 18 U.S.C. 3006A and 21 U.S.C. 848(q)(10)(B) as well as the Fifth, Sixth and Eighth Amendments to the Constitution of the United States. In support of this Motion, the undersigned show unto the Court the following:

1. The defendant's *Ex Parte* Statement of Defense Contentions is incorporated herein by reference to set forth the facts and circumstances that support this request.

2. The government has served the defense with a Notice Reaffirming Its Intention to Seek the Death Penalty against the defendant.

3. The Court has determined that the defendant is indigent.

4. Numerous professionals have had contact with the defendant and investigated his background. Some have performed tests on the defendant that may be relevant to the defense at his re-sentencing hearing. Defense counsel must confer with these individuals to determine what information they have about the defendant and to determine whether it would be appropriate to retain them for the defendant's re-sentencing presentation. These professionals should be paid for reviewing their records and conferring with defense counsel. In addition, they should be reimbursed for the costs of travel and for copying records, reports and underlying raw data, if applicable, for the defense.

5. Defense counsel propose to meet with the following individuals:

> Dr. Seymour Halleck
> 500 Laurel Hill Road
> Chapel Hill, NC 27514

*Dr. Halleck is a forensic psychiatrist who evaluated the defendant and testified at the defendant's first trial. Dr. Halleck charges $300 per hour. Counsel believe that they can obtain Dr. Halleck's services for the purpose of this record review and consultation for not more than $6,000, including travel and copying of records.*

Dr. Faye Sultan and Ruth Kappius
University Psychological Associates
8320 University Executive Park, Suite 104
Charlotte, NC 28262

*Dr. Sultan is a psychologist who evaluated the defendant and testified at the defendant's first trial. Ruth Kappius is, on information and belief, an employee of University Psychological Associates who performed psychological tests on the defendant at the direction of Dr. Sultan. Dr. Sultan charges $150 per hour. Counsel believe that they can obtain the services of Dr. Sultan and Ms. Kappius for the purpose of record review and consultation for not more than $2,000, including travel and copying of records.*



Cindy N. Maxwell
HomeView
426 Breezewood Drive
Belmont, NC 28012

*Ms. Maxwell served as Mitigation Specialist at the time of the defendant's first trial. She interviewed numerous people who were potential mitigation witnesses and obtained substantial records concerning the defendant. Ms. Maxwell has agreed to participate in interviews with defense counsel and the defense mitigation investigator to clarify her reports and identify aspects of her investigation that may assist in developing the defense mitigation investigation and presentation. She has two bankers boxes of material produced during her investigation, so the costs of copying her records will be significant. Ms. Maxwell charges $65.00 per hour and defense counsel believe they can retain her services for the purpose of record review and consultation for not more than $5,000.00 including travel and costs copying of records.*

William M. Tyson, Ph.D.
Blue Ridge Behavior Systems
10025 Katelyn Drive
Charlotte, NC 28269-8105

*Dr. Tyson is a psychologist who evaluated the defendant in connection with a state criminal prosecution of the defendant. At the defendant's first sentencing hearing, the government presented evidence of that case and argued that case as an aggravating circumstance. Dr. Tyson charges $120 per hour and counsel believe they can retain his services for the purpose of record review and consultation for not more than $1,000.00, including travel and copying of records.*

John F. Warren & Associates
840 W. Fourth Street
Winston-Salem, NC 27101

Case 3:97-cr-00023-RLV   Document 373-1 *SEALED* (Court only)   Filed 11/15/01   Page 2 of 3

Case 3:12-cv-00327-MOC   Document 74-8   Filed 12/22/14   Page 30 of 60
Bates No. 391

*Dr. Warren is a forensic psychologist who evaluated the defendant at the request of his Public Defender when the defendant was first charged in these cases in state court. Dr. Warren charges $150 per hour and counsel believe they can retain his services for the purpose of record review and consultation for not more than $2,000.00, including travel and copying of records.*

> Dr. Mark Cunningham
> 500 Chestnut, Suite 1735
> Abilene, TX 79602

*Dr. Cunningham is a psychologist who evaluated the defendant and testified at his first sentencing hearing. Dr. Cunningham charges $210 per hour and counsel believe they can retain his services for the purpose of record review and consultation for not more than $8,000, including travel and copying of records.*

**WHEREFORE**, the undersigned counsel for the defendant respectfully request that this Court authorize them to retain the services of the individuals listed above and at the amounts requested, without further authorization from the Court.

Respectfully submitted on this the 15th day of November, 2001.

Claire J. Rauscher
435 E. Morehead Street
Charlotte, NC 28202-2609
(704) 331-0863

Jean B. Lawson
PO Box 472106
Charlotte, NC 28247-2106
(704) 341-1865

**ATTORNEYS FOR
AQUILIA MARCIVICCI BARNETTE**

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE   DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 3:97CR23-V |
| | ) | Under Seal |
| AQUILIA MARCIVICCI BARNETTE | ) | |
| | ) | |

## SUPPLEMENTAL MOTION TO RECONSIDER ORDER
## AND MOTION TO SEAL

Claire J. Rauscher and Jean B. Lawson, attorneys for defendant Aquilia Marcivicci Barnette, respectfully request this Court reconsider its Order signed November 2, 2001 (and filed November 6, 2001) and request the court set a scheduling conference. Counsel seek to supplement its motion with information that was already the subject of ex parte motions and orders. As grounds, it is averred:

1. Paragraphs 1-15 of defendant's Motion to Reconsider Order and Request for Scheduling Conference filed November 14, 2001 are incorporated herein.

2. Upon receiving the Government's Notice of Reaffirmation of Intention to Seek the Death Penalty, defense counsel began working diligently on contacting experts and obtaining other information. On August 28, 2001, counsel filed Sealed Motions requesting the appointment of a mitigation specialist and an investigator. In early October, after not hearing any response from the Court, defense counsel Rauscher contacted clerk Ashlyn Dannelly about these motions. Apparently, the motions had been misplaced. Ms. Dannelly contacted counsel several days later. The orders were not signed until October 10, 2001. However, counsel did not receive the orders nor the CJA Authorization forms until the end of October (Authorization for Mitigation Specialist signed by the

Court October 25, 2001, Authorization for Investigator signed October 19, 2001.) The near two month delay in receiving these authorization has slowed counsel's ability to prepare this matter for a date in early 2002.

3. The delay in obtaining these necessary experts are additional grounds warranting a continuance of the March 2002 date.

**WHEREFORE**, counsel on behalf of Marc Barnette, respectfully request this court reconsider setting the sentencing hearing from March 12, 2002 and set a scheduling conference forthwith.

Respectfully submitted,

Claire J. Rauscher

Jean B. Lawson
Attorneys for Aquilia Marcivicci Barnette

Bates No. 394

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.3:97cr23-V

UNITED STATES OF AMERICA   )
                           )
        vs.                )
                           )
                           )                    O R D E R
                           )
AQUILIA MARCIVICCI BARNETTE  )
_____)

**THIS MATTER** is before the Court on Defendant's Motion to Reconsider Order and Request for Scheduling Conference, and Supplemental Motion with Motion to Seal, both filed November 15, 2001. Being advised in the premises, and mindful that the original setting of the date for hearing of the resentencing was by consent of the parties, the Court **ORDERS** as follows:

1. The motion to reconsider is denied, and the resentencing will not be continued. The case is scheduled to begin on March 12, 2002.

2. This case bears the highest priority among the cases before the Court, and the Clerk is directed to set this matter for a scheduling conference and motions hearing at the earliest possible time, so that any open motions and scheduling issues will be heard and decided.

3. The Supplemental Motion will be sealed by the Clerk pending further order of the Court.

**THIS** the 19th day of November, 2001.

_RICHARD L. VOORHEES_
**RICHARD L. VOORHEES**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
for the
Western District of North Carolina
November 20, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:97-cr-00023

True and correct copies of the attached were mailed by the clerk to the following:

Gretchen C. F. Shappert, Esq.
United States Attorney
Suite 1700
Carillon Bldg.
227 W. Trade St.
Charlotte, NC 28202

Anne M. Tompkins, Esq.
U.S. Attorney's Office
227 W. Trade St.
Carillon Bldg., Suite 1700
Charlotte, NC 28202

cc:
Judge                      ( )
Magistrate Judge           ( )
U.S. Marshal               ( )
Probation                  ( )
U.S. Attorney              ( )
Atty. for Deft.            ( )
Defendant                  ( )
Warden                     ( )
Bureau of Prisons          ( )
Court Reporter             ( )
Courtroom Deputy           ( )
Orig-Security              ( )
Bankruptcy Clerk's Ofc.    ( )
Other_____     ( )

Frank G. Johns, Clerk

Date:_____            By: _____
                                  Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

UNITED STATES OF AMERICA    )
                             )
        v.               )      Docket No. 3:97CR-23
                             )
AQUILIA MARCIVICCI BARNETTE,  )
Defendant               )

## *EX PARTE* MOTION FOR FUNDS FOR AN EXPERT IN "FUTURE DANGEROUSNESS"

**NOW COMES** defendant Aquilia Marcivicci Barnette (hereinafter, Marc Barnette) and respectfully requests that this Honorable Court authorize the defense to retain the services of an expert in "future dangerousness" to assist in this case, at the expense of the government. This request is made pursuant to 18 U.S.C. 3006A and 21 U.S.C. 848(q)(10)(B) as well as the Fifth, Sixth and Eighth Amendments to the Constitution of the United States. In support of this Motion, the undersigned show unto the Court the following:

1. The defendant's *Ex Parte* Statement of Defense Contentions is incorporated herein by reference to set forth the facts and circumstances that support this request.

2. The government has served the defense with a Notice Reaffirming Its Intention to Seek the Death Penalty against the defendant.

3. The Court has determined that the defendant is indigent.

4. At the defendant's first sentencing hearing, the defense called witnesses who had contact with the defendant in several jail and prison facilities who testified that the defendant

Case 3:97-cr-00023-RLV   Document 378-1 *SEALED* (Court only)   Filed 11/28/01   Page 1 of 4

Bates No. 397

was generally well-behaved, with the implication that the defendant would be a "model prisoner" or would not present a danger to others in a prison population. This is appealing evidence in that it allows the jury to consider life imprisonment for a man who has committed a murder beyond the scope of a domestic relationship. A similar presentation is appealing to this defense because the defendant was, in fact, a model prisoner on death row at FCI Terra Haute. According to the defense information, the defendant had no infractions on death row and was a trustee on the unit, which is a distinction reserved for non-violent, cooperative inmates.

5. In addition to lay witnesses who observed the defendant's behavior while awaiting trial on these charges, prior defense counsel were granted the services of an expert in "future dangerousness" who testified generally that people convicted of homicide posed less of a danger of homicidal conduct while incarcerated than the general prison population. This buttressed the defense contention that the jury could give the defendant a life sentence without worrying about what he might do to others while imprisoned for these extremely violent crimes. That expert was Dr. Mark Cunningham.

6. In rebuttal, the government called Dr. Scott Duncan, a psychologist who testified that the defendant was a psychopath, likely to engage in future dangerous conduct while incarcerated. The thrust of this testimony, and the government's argument to the jury, was that the defendant should be executed in order to protect those who would be around him if he was sentenced to life imprisonment.

7. The testimony and arguments in favor of, and in opposition to, allowing sur-rebuttal testimony for the defense demonstrate that the psychologists and counsel for both sides had developed an encyclopedic knowledge of various aspects of psychopathy, which

Case 3:12-cv-00327-MOC   Document 74-8   Filed 12/22/14   Page 37 of 60
Bates No. 398

is a hotly contested "discipline".

8. At the defendant's first sentencing proceeding, the jury found that the government had proven beyond a reasonable doubt that "the defendant is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to society". (See Issues and Recommendations of the Jury, dated February 10, 1998). Moreover, as to "future dangerousness" issues tendered to the jury in various formulations, only 6 jurors found that the defendant would "do well in the structured environment that prison will offer", and only 3 jurors found that if the defendant "is sentenced to life without the possibility of parole he will not be a future danger". It is clear that, in the face of unchallenged evidence that the defendant had been a model inmate while awaiting trial, the issue of future dangerousness was resolved against him on the basis of expert testimony presented by the government. This defense requires the means to address that pivotal issue.

9. Counsel reasonably believe that the defendant's "future dangerousness" will be a significant issue at this resentencing and require the assistance of an expert in this hotly contested field. Counsel have not met in person with Dr. Cunningham, but have talked to him about the case. Counsel have been informed that there were some incidents during Dr. Cunningham's last appearance in this court that might allow the government to conduct cross-examination of Dr. Cunningham that would be prejudicial to the defense presentation. Counsel believe that their duty of effective representation of the defendant requires that they consider whether Dr. Cunningham, or another expert, will be most appropriate to assist the defense.

10. Therefore, defense counsel request that the court allow them to retain the services of an expert who is qualified to testify generally addressing the "adaptation to prison" and

Case 3:12-cv-00327-MOC   Document 74-8   Filed 12/22/14   Page 38 of 60
Bates No. 399

"future dangerousness" issues, as well as the appropriateness of a sentence of Life Imprisonment for an inmate who is able to refrain from violence under the most difficult stresses and prison environments. For the purpose of this application, counsel refer to such a witness as a "future dangerousness expert."

11. Dr. Cunningham charges $210 per hour for his services and counsel reasonably believe that he (or any other qualified expert) will require up to a maximum of 30 hours to review data (including thousands of pages of records), consult with counsel, interview the defendant, and prepare counsel for the erudite arguments to the court and with government witnesses about psychopathy that dominated the last sentencing hearing.

Accordingly, counsel request that this Honorable Court authorize the defense to retain the services of either Dr. Cunningham or another expert in future dangerousness, at a rate not to exceed $210 per hour for up to 30 hours work, at the expense of the government.

Respectfully submitted on this the 28th day of November, 2001.

Claire J. Rauscher
435 E. Morehead Street
Charlotte, NC 28202-2609
(704) 331-0863


Jean B. Lawson
PO Box 472106
Charlotte, NC 28247-2106
(704) 341-1865

ATTORNEYS FOR
AQUILIA MARCIVICCI BARNETTE

Bates No. 400

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

UNITED STATES OF AMERICA    )
                                   )
           v.                    )     **Docket No. 3:97CR-23**
                                   )
AQUILIA MARCIVICCI BARNETTE,  )
Defendant                 )
_____)

## *EX PARTE* MOTION FOR APPOINTMENT OF, AND FUNDS FOR, AN EXPERT IN DOMESTIC VIOLENCE

    **NOW COMES** defendant Aquilia Marcivicci Barnette (hereinafter, Marc Barnette) and respectfully requests that this Honorable Court authorize the defense to retain the services of an expert in domestic violence to assist in preparing for the defendant's resentencing, pursuant to 18 U.S.C. 3006A and 21 U.S.C. 848(q)(10)(B) as well as the Fifth, Sixth and Eighth Amendments to the Constitution of the United States.   In support of this Motion, the undersigned show unto the court the following:

    1. The defendant's *Ex Parte* Statement of Defense Contentions is incorporated herein by reference to set forth the facts and circumstances that support this request.

    2. The government has served the defense with a Notice Reaffirming its Intention to Seek the Death Penalty against the defendant.

    3. The Court has determined that the defendant is indigent.

    4. A pivotal defense theme at this re-sentencing hearing is the impact of multi-generational domestic abuse on the defendant and the extent to which it explains (and mitigates) his behavior.

5. The issues concerning the impact of domestic violence on conduct of those who raise children who then commit horrendous and inexplicable crimes is a discrete and very complicated discipline, and the defense proposes to hinge its presentation on the expert testimony of a qualified expert in the field.

6. Counsel request permission of the court to retain the services of Ann Burgess, RN, D.N.Sc. She is well-qualified to assist the defense in this case, having served as a member of the 1984 US Attorney General's Task force on Family Violence, and having written several books on domestic violence that examine the dynamics and culture of male violence. She has been qualified as an expert in this field in the Superior Court of Mecklenburg County, North Carolina, which is within the geographical area covered by this judicial district.

7. Defense counsel contend that it is absolutely essential, and mitigating, to explain the criminal conduct of the defendant in light of how his relationship with women was formed. These crimes, the defense contends, are a direct product of the impact of domestic violence and murders of women in the defendant's family upon the defendant. It is critical to the defense to make the jury understand the way the defendant was raised and the way his psyche was formed and acted out in the conduct for which he will be sentenced.

8. Dr. Burgess charges $200 per hour for her services. Defense counsel anticipate that she will need to make several trips to Charlotte to interview the defendant and his relatives, review several thousand pages of discovery and trial transcripts and review numerous psychological and psychiatric evaluations of the defendant. In addition, she must review records and trial transcripts in another case in which the defendant was charged with multiple acts of aggravated domestic violence against a female partner. The government

Case 3:12-cv-00327-MOC   Document 74-2   Filed 12/22/14   Page 41 of 60
Bates No. 402

presented testimony of this former partner and the defendant's conduct toward her at the defendant's first sentencing hearing.

9. In view of the significant amount of work to be done, counsel and Dr. Burgess anticipate she will spend between 30 and 50 hours on the case.

Accordingly, counsel respectfully request that the Court authorize them to retain the services of Dr. Ann Burgess to assist in this case, at an hourly rate of $200, with a cap not to exceed that rate for 50 hours of work.

Respectfully submitted on this the 28th day of November, 2001.

Claire J. Rauscher
435 E. Morehead Street
Charlotte, NC 28202-2609
(704) 331-0863

Jean B. Lawson
PO Box 472106
Charlotte, NC 28247-2106
(704) 341-1865

ATTORNEYS FOR
AQUILIA MARCIVICCI BARNETTE

Case 3:12-cv-00327-MOC   Document 74-8   Filed 12/22/14   Page 42 of 60
Bates No. 403

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Docket No. 3:97CR-23 |
| | ) |
| AQUILIA MARCIVICCI BARNETTE, | ) |
| Defendant | ) |
| | ) |

## *EX PARTE* MOTION FOR FUNDS FOR PSYCHIATRIST

**NOW COMES** defendant Aquilia Marcivicci Barnette (hereinafter, Marc Barnette) and respectfully requests that this Honorable Court authorize the defense to retain the services of Dr. Seymour Halleck, at the expense of the government, for the purpose of conducting a psychiatric evaluation of the defendant to be a component part of the defendant's resentencing presentation. This request is made pursuant to 18 U.S.C. 3006A and 21 U.S.C. 848(q)(10)(B) as well as the Fifth, Sixth and Eighth Amendments to the Constitution of the United States. In support of this Motion, the undersigned show unto the Court the following:

1. The defendant's *Ex Parte* Statement of Defense Contentions is incorporated herein by reference to set forth the facts and circumstances that support this request.

2. The government has served the defense with a Notice Reaffirming Its Intention to Seek the Death Penalty against the defendant.

3. The Court has determined that the defendant is indigent.

4. In preparation for the defendant's first trial and sentencing proceeding, the Honorable Judge Robert D. Potter authorized the defense to retain the services of psychiatrist

Case 3:12-cv-00327-MOC   Document 74-8   Filed 12/22/14   Page 43 of 60
Bates No. 404

Dr. Seymour Halleck. Dr. Halleck conducted a psychiatric evaluation of the defendant. He testified for the defense and was subjected to cross-examination by the government at the defendant's first sentencing hearing.

5. According to Dr. Halleck, and other experts, the defendant has a diagnosable mental illness. Our theory of mitigation is that the defendant's mental illness is exacerbated by a significant, multi-generational family pattern of abuse of domestic partners.

6. Counsel believe that the defendant's psychiatric profile may have changed in the years since he was first sentenced to death. First, some of the dysfunctional psychological stimuli are no longer present in his environment. Also, the defendant has spent years since the occurrence of these crimes for which he faces sentencing, psychoanalyzing himself, with mixed results. In short, he has changed as a result of his experiences over the past several years. Counsel require the services of a psychiatrist who has had contact with the defendant in the past, both to explain the psychiatric issues to the jury, and also to conduct additional evaluation of the defendant.

5. Dr. Halleck charges $300 per hour. Dr. Halleck will have to review several thousand pages of documents, the 15-volume transcript of the defendant's first trial and sentencing hearing, documents relating to the defendant's prior incidents of domestic violence, and documents relating to significant domestic violence in the defendant's family that affect his mental status. Although Dr. Halleck reviewed some of these documents in the course of his last evaluation, in order to assure his mastery of the material that will be relevant to his evaluation and testimony, it is imperative that he take the appropriate amount of time to accomplish his work. Counsel reasonably believe that Dr. Halleck can do the work necessary in this matter in 30 to 50 hours.

Case 3:12-cv-00327-MOC   Document 74-8   Filed 12/22/14   Page 44 of 60

Bates No. 405

Accordingly, counsel respectfully request that the Court authorize them to retain the services of Dr. Seymour Halleck as an expert in psychiatry, at government expense. Counsel further request that the court cap the costs for Dr. Halleck's services to his hourly rate for not more than 50 hours of work without additional authorization of the court.

Respectfully submitted on this the 28th day of November, 2001.

Claire J. Rauscher
435 E. Morehead Street
Charlotte, NC 28202-2609
(704) 331-0863

Jean B. Lawson
PO Box 472106
Charlotte, NC 28247-2106
(704) 341-1865

ATTORNEYS FOR
AQUILIA MARCIVICCI BARNETTE

Bates No. 406

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>AQUILIA MARCIVICCI BARNETTE, )<br>Defendant ) | Docket No. 3:97CR-23 |

## *EX PARTE* MOTION FOR AUTHORIZATION TO RETAIN A PSYCHOLOGIST

**NOW COMES** defendant Aquilia Marcivicci Barnette (hereinafter, Marc Barnette) and respectfully requests that this Honorable Court authorize the defense to retain the services of a psychologist to assist in this defense and to confer with experts who have had contact with the defendant in the past, at the expense of the government. This request is made pursuant to 18 U.S.C. 3006A and 21 U.S.C. 848(q)(10)(B) as well as the Fifth, Sixth and Eighth Amendments to the Constitution of the United States. In support of this Motion, the undersigned show unto the Court the following:

1. The defendant's *Ex Parte* Statement of Defense Contentions is incorporated herein by reference to set forth the facts and circumstances that support this request.

2. The government has served the defense with a Notice Reaffirming Its Intention to Seek the Death Penalty against the defendant.

3. The Court has determined that the defendant is indigent.

4. In the defendant's first sentencing, the jury heard testimony from psychologist Faye Sultan who had conducted an evaluation of the defendant, at government expense.

5. After thoroughly assessing the government's cross-examination of Dr. Sultan as

Case 3:97-cr-00023-RLV   Document 381-1 *SEALED* (Court only)   Filed 11/28/01   Page 1 of 4

shown in the Record, the undersigned counsel conclude that it would be impossible to call Dr. Sultan again as a witness. The government questioned her derisively and extensively about:

A. Her research and publications on "female sexual arousal" (T. pp. 650-652);

B. Her passionate and public anti-death penalty views (T. p. 663);

C. The fact that she had engaged in an interview on WBT radio, given while the trial was pending, during which she expressed anti-death penalty views (T. pp. 666-667);

D. Whether she thought it was ethical for a psychologist to purport to give objective expert testimony while not disclosing her "publicly and passionately one-sided" personal beliefs against the death penalty to the jury (T. p. 673);

E. That she has had four grievances filed against her at the North Carolina Board of Psychologists, including one for testifying to a diagnosis that did not exist. (T. pp. 681, 678-9);

F. That the North Carolina Board of Psychologists had given her an ethical reprimand for "exploitation of a client" (T. pp. 681, 677) and;

G. That she gave an interview to National Public Radio that was broadcast in Charlotte on the day she testified in this proceeding, stating, "[I]f I am doing my job when I am testifying in front of a jury, by the time I'm finished, the jury is crying." (T. p. 686).

6. The issues raised by the government during cross-examination of Dr. Sultan were emphasized to the jury during the prosecutor's closing arguments. (T. p. 1107).

7. For defense counsel to use Dr. Sultan in this re-sentencing would be ineffective assistance of counsel, *per se.* Prior counsel have informed the undersigned that, had they

Case 3:97-cr-00023-RLV   Document 381-1 *SEALED* (Court only)   Filed 11/28/01   Page 2 of 4

Case 3:12-cv-00327-MOC   Document 74-8   Filed 12/22/14   Page 47 of 60
Bates No. 408

been aware of the potential for damning cross-examination of Dr. Sultan, they would not have retained her in the first place.

8. A successful psychological evaluation necessarily requires that the person being examined have a modicum of trust in the examiner's motives and capability. In addition to the cross-examination information about Dr. Sultan described above, Mr. Barnette heard her testify to the jury, during cross-examination, that she writes fiction about death penalty cases and serial killers and that she uses as her characters composites of people with whom she has been involved. (T. p. 660). No valid or honest evaluation will be produced if the person undergoing evaluation is concerned that the examiner considers him to be "fiction fodder".

9. A new psychological evaluation by a different psychologist is warranted, both because of the absolute unsuitability of Dr. Sultan to testify, and because of new information being developed that might lead to different, mitigating conclusions.

10. Counsel have not determined who will best serve as defense psychologist and are waiting to confer with other mental health experts who have had contact with the defendant in the past, as well as the new experts whom the defense expects to call. However, counsel reasonably anticipate that the services of a qualified psychologist can be obtained at a cap of $8,000.

Accordingly, counsel respectfully request that this Court authorize them to select a psychologist, whose name will be tendered to the Court under seal at a time in the near future, and whose fees will be paid, with a cap of $8,000 without further order of the Court.

Respectfully submitted on this the 28 day of November, 2001.

Case 3:12-cv-00327-MOC   Document 74-9   Filed 12/22/14   Page 48 of 60
Bates No. 409

Claire J. Rauscher
435 E. Morehead Street
Charlotte, NC 28202-2609
(704) 331-0863


Jean B. Lawson
PO Box 472106
Charlotte, NC 28247-2106
(704) 341-1865

ATTORNEYS FOR
AQUILIA MARCIVICCI BARNETTE

Bates No. 410

RECEIVED
CHARLOTTE, N.C.

NOV 1 · 2001

Clerk, U. S. Dist. Court
W. Dist of N. C.

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

UNITED STATES OF AMERICA )
)
v.                                      )        Docket No. 3:97CR-23
)
)
AQUILIA MARCIVICCI BARNETTE,   )        (UNDER SEAL)
Defendant            )
_____ )

### *EX PARTE* ORDER AUTHORIZING FUNDS FOR CONSULTATION WITH EXPERTS WHO HAVE HAD CONTACT WITH THE DEFENDANT

THIS MATTER is before the Court on defendant's *EX PARTE* Motion for

Funds for Consultation with Experts Who Have Had Contact with the Defendant.

Based upon the information before the Court, the undersigned finds:

1. That the defendant is indigent.

2. That the defendant received three death sentences in this case in 1998.

The Fourth Circuit Court of Appeals has remanded his cases to this Court for re-

sentencing. New counsel have been appointed for the defendant.

3. That the defendant has established to the satisfaction of this Court that

defense counsel must confer with several experts and professionals who have had

contact with, or evaluated, the defendant in the past. These consultations will center

on obtaining records, reviewing them with these professionals and experts and

determining whether these individuals would be appropriate for services to the

defense in this current sentencing proceeding.

Case 3:12-cv-00327-MOC   Document 74-8   Filed 12/22/14   Page 50 of 60
Bates No. 411

4. These professionals, and the fee rates and caps proposed by the defense, are:

A. Dr. Seymour Halleck, at the rate of $300 per hour, plus travel and copying costs, with a cap of $6,000;

B. Dr. Faye Sultan and Ruth Kappius of University Psychological Associates, at a rate of $150 per hour, plus travel and copying costs, with a cap of $2,000;

C. Cindy N. Maxwell, at a rate of $65 per hour, plus travel and copying costs, with a cap of $5,000;

D. William M. Tyson, Ph.D., at a rate of $120 per hour, plus travel and copying costs, with a cap of $1,000;

E. John F. Warren, Ph.D., at a rate of $150 per hour, plus travel and copying costs, with a cap of $2,000; and

F. Dr. Mark Cunningham, at a rate of $210 per hour, plus travel and copying costs, with a cap of $8,000.

5. The fees requested by the defense are reasonable and appropriate in this case and the defendant's request for relief should be granted, pursuant to 18 U.S.C. 3006(a), 21 U.S.C. 848(q)(10)(B) and the Fifth, Sixth and Eighth Amendments to the Constitution of the United States.

IT IS, THEREFORE, ORDERED that the defendant's *EX PARTE* Motion for Funds for Consultation with Experts Who Have Had Contact with the Defendant is GRANTED. The defendant's counsel are authorized to retain the services of the experts listed in paragraphs 4A-4F above, at the rates and with the caps listed in those paragraphs.

This the 15th day of November, 2001.

Richard L. Voorhees
United States District Court Judge

United States District Court
for the
Western District of North Carolina
December 12, 2001


* * MAILING CERTIFICATE OF CLERK * *


Re:   3:97-cr-00023


True and correct copies of the attached were mailed by the clerk to the
following:


          Jean B. Lawson, Esq.
          P. O. Box 472106
          Charlotte, NC   28226


cc:
Judge                        ( )
Magistrate Judge             ( )
U.S. Marshal                 ( )
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Court Reporter               ( )
Courtroom Deputy             ( )
Orig-Security                ( )
Bankruptcy Clerk's Ofc.      ( )
Other_____       ( )


                                        Frank G. Johns, Clerk

          Date:_____              By: _____
                                            Deputy Clerk

| 1. CIR./DIST./DIV. CODE NCW | 2. PERSON REPRESENTED Barnette, Aquilia Marcivicci | | VOUCHER NUMBER |
|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER 3:97-000023-001 | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
| 7. IN CASE/MATTER OF (Case Name) U.S. v. Barnette | 8. TYPE PERSON REPRESENTED Adult Defendant | | 9. REPRESENTATION TYPE Federal Capital Prosecution |

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)... If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 844H.F -- EXPLOSIVES USED IN COMMISSION OF FELONY

### REQUEST AND AUTHORIZATION FOR EXPERT SERVICES

**11. ATTORNEY'S STATEMENT**
As the attorney for the person represented, who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:
☐ Authorization to obtain the service. Estimated Compensation and Expenses: $ 6,000 _____ OR
☐ Approval of services already obtained to be paid for by the United States from the Defender Services Appropriation. (See instructions)

_____    _____
Signature of Attorney                                   Date

☐ Panel Attorney  ☐ Retained Atty  ☐ Pro-Se  ☐ Legal Organization
Attorney's name (First Name, M.I., Last Name, including suffix), and mailing address.
Jean B. Lawson
P.O. Box 472106
Charlotte, NC 28226          Telephone Number: _____

| 12. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES (See instructions) | 13. TYPE OF SERVICE PROVIDER |
|---|---|
| To aid in defendant's case. | 01 ☐ Investigator  20 ☐ Legal Analyst/Consultant<br>02 ☐ Interpreter/Translator  21 ☐ Jury Consultant<br>03 ☐ Psychologist  22 ☐ Mitigation Specialist<br>04 ☒ Psychiatrist  23 ☐ Duplication Services (See instructions)<br>05 ☐ Polygraph Examiner  24 ☐ Other (specify)<br>06 ☐ Documents Examiner<br>07 ☐ Fingerprint Analyst<br>08 ☐ Accountant<br>09 ☐ CALR (Westlaw/Lexis,etc)<br>10 ☐ Chemist/Toxicologist<br>11 ☐ Ballistics Expert<br>13 ☐ Weapons/Firearms/Explosive Expert<br>14 ☐ Pathologist/Medical Examiner<br>15 ☐ Other Medical Expert<br>16 ☐ Voice/Audio Analyst<br>17 ☐ Hair/Fiber Expert<br>18 ☐ Computer (Hardware/Software/Systems)<br>19 ☐ Paralegal Services |

**14. Court Order**
Financial eligibility of the person represented having been established to the court's satisfaction, the authorization requested in Item 11 is hereby granted.

_____
Signature of Presiding Judicial Officer or By Order of the Court

_____    _____
Date of Order                              Nunc Pro Tunc Date
Repayment or partial repayment ordered from the person represented for this service at time of authorization.
☐ YES  ☐ NO

**15. STAGE OF PROCEEDING**
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 16 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX. Submit a separate voucher for each stage of the proceeding.

| CAPITAL PROSECUTION | | HABEAS CORPUS | | OTHER PROCEEDING | |
|---|---|---|---|---|---|
| a. ☐ Pre-Trial | e. ☐ Appeal | g. ☐ Habeas Petition | k. ☐ Petition for the U.S. Supreme Court | l. ☐ Stay of Execution | |
| b. ☐ Trial | f. ☐ Petition for the U.S. | h. ☐ Evidentiary Hearing | | m. ☐ Appeal of Denial of Stay | |
| c. ☐ Sentencing | | Supreme Court | i. ☐ Dispositive Motions | Writ of Certiorari | n. ☐ Petition for Writ of Certiorari to the U.S. |
| d. ☐ Other Post Trial | | Writ of Certiorari | j. ☐ Appeal | | Supreme Court Regarding Denial of Stay |
| | | | | o. ☐ Other | |

### CLAIM FOR SERVICES AND EXPENSES / FOR COURT USE ONLY

| 16. SERVICES AND EXPENSES (Attach itemization of services and expenses with dates) | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|
| a. Compensation | | | |
| b. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | |
| c. Other Expenses | | | |
| GRAND TOTALS (CLAIMED AND ADJUSTED) | | | |

**17. PAYEE'S NAME** (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS
Dr. Seymour Halleck
500 Laurel Hill Road
Chapel Hill, NC 27514          TIN ████████0
                                                    Telephone Number: _____
CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE FROM _____ TO _____
CLAIM STATUS  ☐ Final  ☐ Interim Payment Number _____  ☐ Supplemental Payment
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

Signature of Claimant/Payee: _____          Date: _____

**18. CERTIFICATION OF ATTORNEY**  I hereby certify that the services were rendered for this case.

Signature of Attorney: _____          Date: _____

### APPROVED FOR PAYMENT – COURT USE ONLY

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOT. AMT APPROVED/CERTIFIED |
|---|---|---|---|

23. ☐ Either the cost (excluding expenses) of these services does not exceed $300, or prior authorization was obtained; OR
☐ In the interest of justice the court finds that timely procurement of these necessary services could not await prior authorization, even though the cost (excluding expenses) exceeds $300.

_____    _____    _____
Signature of Presiding Judicial Officer          Date          Judge/Mag. Judge Code

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|

28. FOR REPRESENTATIONS COMMENCED AND APPELLATE PROCEEDINGS IN WHICH AN APPEAL IS PERFECTED ON OR AFTER APRIL 24, 1996,
A. Total compensation and expense payments approved to date (include amounts withheld for interim payments) for investigative, expert and other services for this representation is $ _____
B. Payment approved (compensation and expenses) in excess of the statutory threshold for investigative, expert and other services under 21 U.S.C. 848(q)(10)(B).

_____    _____    _____
Signature of Chief Judge, Court of Appeals (or Delegate)          Date          Judge Code

Case 3:97-cr-00023-RLV   Document 383-1 *SEALED* (Court only)   Filed 11/20/01   Page 4 of 9

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| NCW | Barnette, Aquilia Marcivicci | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| | 3:97-000023-001 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. TYPE PERSON REPRESENTED | 9. REPRESENTATION TYPE |
|---|---|---|
| U.S. v. Barnette | Adult Defendant | Federal Capital Prosecution |

**10. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 844H.F -- EXPLOSIVES USED IN COMMISSION OF FELONY

**REQUEST AND AUTHORIZATION FOR EXPERT SERVICES**

**11. ATTORNEY'S STATEMENT**
As the attorney for the person represented, who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:
☐ Authorization to obtain the service. Estimated Compensation and Expenses: $ 2,000 OR
☐ Approval of services already obtained to be paid for by the United States from the Defender Services Appropriation. (See instructions)

_____ Signature of Attorney _____ _____ Date _____

☐ Panel Attorney ☐ Retained Atty ☐ Pro-Se ☐ Legal Organization
Attorney's name (First Name, M.I., Last Name, including suffix), and mailing address.
Jean B. Lawson
P.O. Box 472106
Charlotte, NC 28226
Telephone Number: _____

**12. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES** (See instructions)

To aid defendant's case.

**13. TYPE OF SERVICE PROVIDER**

| | | | | |
|---|---|---|---|---|
| 01 ☐ | Investigator | 20 ☐ | Legal Analyst/Consultant |
| 02 ☐ | Interpreter/Translator | 21 ☐ | Jury Consultant |
| 03 ☒ | Psychologist | 22 ☐ | Mitigation Specialist |
| 04 ☐ | Psychiatrist | 23 ☐ | Duplication Services (See Instructions) |
| 05 ☐ | Polygraph Examiner | 24 ☐ | Other (specify) |
| 06 ☐ | Documents Examiner | | |
| 07 ☐ | Fingerprint Analyst | | |
| 08 ☐ | Accountant | | |
| 09 ☐ | CALR (Westlaw/Lexis,etc) | | |
| 10 ☐ | Chemist/Toxicologist | | |
| 11 ☐ | Ballistics Expert | | |
| 13 ☐ | Weapons/Firearms/Explosive Expert | | |
| 14 ☐ | Pathologist/Medical Examiner | | |
| 15 ☐ | Other Medical Expert | | |
| 16 ☐ | Voice/Audio Analyst | | |
| 17 ☐ | Hair/Fiber Expert | | |
| 18 ☐ | Computer (Hardware/Software/Systems) | | |
| 19 ☐ | Paralegal Services | | |

**14. Court Order**
Financial eligibility of the person represented having been established to the court's satisfaction, the authorization requested in Item 11 is hereby granted.

_____ Signature of Presiding Judicial Officer or By Order of the Court _____

_____ Date of Order _____ _____ Nunc Pro Tunc Date _____
Repayment or partial repayment ordered from the person represented for this service at time of authorization.
☐ YES ☐ NO

**15. STAGE OF PROCEEDING**
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 16 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX. Submit a separate voucher for each stage of the proceeding.

**CAPITAL PROSECUTION**
a. ☐ Pro-Trial
b. ☐ Trial
c. ☐ Sentencing
d. ☐ Other Post Trial

e. ☐ Appeal
f. ☐ Petition for the U.S.
Supreme Court
Writ of Certiorari

**HABEAS CORPUS**
g. ☐ Habeas Petition
h. ☐ Evidentiary Hearing
i. ☐ Dispositive Motions
j. ☐ Appeal

k. ☐ Petition for the U.S.
Supreme Court
Writ of Certiorari

**OTHER PROCEEDING**
l. ☐ Stay of Execution
m. ☐ Appeal of Denial of Stay
n. ☐ Petition for Writ of Certiorari to the U.S.
Supreme Court Regarding Denial of Stay
o. ☐ Other

**CLAIM FOR SERVICES AND EXPENSES** **FOR COURT USE ONLY**

| 16. SERVICES AND EXPENSES (Attach itemization of services and expenses with dates) | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|
| a. Compensation | | | |
| b. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | |
| c. Other Expenses | | | |

**CLAIMANT'S/PAYEE'S CERTIFICATION OF CLAIM AND ADJUSTMENT**

**17. PAYEE'S NAME** (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS
Dr. Faye Sultan
University Psychological Associates
P.O. Box 568
Newport/Matthews/28105 Telephone Number: 704/547-1483

**CLAIMANT CERTIFICATION FOR PERIOD OF SERVICE FROM** _____ **TO** _____
**CLAIM STATUS** ☐ Final ☐ Interim Payment Number _____ ☐ Supplemental Payment
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

_____ Signature of Claimant/Payee: _____ _____ Date: _____

**18. CERTIFICATION OF ATTORNEY** I hereby certify that the services were rendered for this case.

_____ Signature of Attorney: _____ _____ Date: _____

**APPROVED FOR PAYMENT — COURT USE ONLY**

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOT. AMT APPROVED/CERTIFIED |
|---|---|---|---|
| | | | |

**23.** ☐ Either the cost (excluding expenses) of these services does not exceed $300, or prior authorization was obtained; OR
☐ In the interest of justice the court finds that timely procurement of these necessary services could not await prior authorization, even though the cost (excluding expenses) exceeds $300.

_____ Signature of Presiding Judicial Officer _____ _____ Date _____ _____ Judge/Mag. Judge Code _____

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|
| | | | |

**28. FOR REPRESENTATIONS COMMENCED AND APPELLATE PROCEEDINGS IN WHICH AN APPEAL IS PERFECTED ON OR AFTER APRIL 24, 1996,**
A. Total compensation and expense payments approved to date (include amounts withheld for interim payments) for investigative, expert and other services for this representation is $ _____
B. Payment approved (compensation and expenses) in excess of the statutory threshold for investigative, expert and other services under 21 U.S.C. 848(q)(10)(B).

_____ Signature of Chief Judge, Court of Appeals (or Delegate) _____ _____ Date _____ _____ Judge Code _____

| 1. CIR./DIST./DIV. CODE<br>NCW | 2. PERSON REPRESENTED<br>Barnette, Aquilia Marcivicci | | | VOUCHER NUMBER | |
|---|---|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER<br>3:97-000023-001 | 5. APPEALS DKT./DEF. NUMBER | | 6. OTHER DKT. NUMBER | |
| 7. IN CASE/MATTER OF (Case Name)<br>U.S. v. Barnette | 8. TYPE PERSON REPRESENTED<br>Adult Defendant | | 9. REPRESENTATION TYPE<br>Federal Capital Prosecution | | |

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)   If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 844H.F -- EXPLOSIVES USED IN COMMISSION OF FELONY

**REQUEST AND AUTHORIZATION FOR EXPERT SERVICES**

11. ATTORNEY'S STATEMENT
As the attorney for the person represented, who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:
☐ Authorization to obtain the service. Estimated Compensation and Expenses: $ 5,000   OR
☐ Approval of services already obtained to be paid for by the United States from the Defender Services Appropriation. (See instructions)

_____          _____
Signature of Attorney                                      Date
☐ Panel Attorney  ☐ Retained Atty  ☐ Pro-Se  ☐ Legal Organization
Attorney's name (First Name, M.I., Last Name, including suffix), and mailing address.
Jean B. Lawson
P.O. Box 472106
Charlotte, NC  28226                    Telephone Number: _____

12. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES (See instructions)

To aid in defendant's case.

13. TYPE OF SERVICE PROVIDER
01 ☐ Investigator
02 ☐ Interpreter/Translator
03 ☐ Psychologist
04 ☐ Psychiatrist
05 ☐ Polygraph Examiner
06 ☐ Documents Examiner
07 ☐ Fingerprint Analyst
08 ☐ Accountant
09 ☐ CALR (Westlaw/Lexis,etc)
10 ☐ Chemist/Toxicologist
11 ☐ Ballistics Expert
13 ☐ Weapons/Firearms/Explosive Expert
14 ☐ Pathologist/Medical Examiner
15 ☐ Other Medical Expert
16 ☐ Voice/Audio Analyst
17 ☐ Hair/Fiber Expert
18 ☐ Computer (Hardware/Software/Systems)
19 ☐ Paralegal Services
20 ☐ Legal Analyst/Consultant
21 ☐ Jury Consultant
22 ☒ Mitigation Specialist
23 ☐ Duplication Services (See Instructions)
24 ☐ Other (specify)
_____

14. Court Order
Financial eligibility of the person represented having been established to the court's satisfaction, the authorization requested in Item 11 is hereby granted.

_____
Signature of Presiding Judicial Officer or By Order of the Court

_____          _____
Date of Order                         Nunc Pro Tunc Date
Repayment or partial repayment ordered from the person represented for this service at time of authorization.
☐ YES  ☐ NO

15. STAGE OF PROCEEDING
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 16 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX.   Submit a separate voucher for each stage of the proceeding.

CAPITAL PROSECUTION
a. ☐ Pre-Trial
b. ☐ Trial
c. ☐ Sentencing
d. ☐ Other Post Trial
e. ☐ Appeal
f. ☐ Petition for the U.S.
  ☐ Supreme Court
  ☐ Writ of Certiorari

HABEAS CORPUS
g. ☐ Habeas Petition
h. ☐ Evidentiary Hearing
i. ☐ Dispositive Motions
j. ☐ Appeal
k. ☐ Petition for the U.S.
  Supreme Court
  Writ of Certiorari

OTHER PROCEEDING
l. ☐ Stay of Execution
m. ☐ Appeal of Denial of Stay
n. ☐ Petition for Writ of Certiorari to the U.S. Supreme Court Regarding Denial of Stay
o. ☐ Other

**CLAIM FOR SERVICES AND EXPENSES**          **FOR COURT USE ONLY**

| 16. SERVICES AND EXPENSES<br>(Attach itemization of services and expenses with dates) | AMOUNT CLAIMED | MATH/TECHNICAL<br>ADJUSTED AMOUNT | ADDITIONAL<br>REVIEW |
|---|---|---|---|
| a. Compensation | | | |
| b. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | |
| c. Other Expenses | | | |

**GRAND TOTALS CLAIMED AND ADJUSTED**

17. PAYEE'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS
Cindy N. Maxwell
Homeview
426 Breezewood Drive
Belmont, NC 28012          TIN ████████9          Telephone Number: _____

**CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE FROM _____ TO _____**
CLAIM STATUS  ☐ Final  ☐ Interim Payment Number _____  ☐ Supplemental Payment
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

Signature of Claimant/Payee: _____          Date: _____

18. CERTIFICATION OF ATTORNEY   I hereby certify that the services were rendered for this case.

Signature of Attorney: _____          Date: _____

**APPROVED FOR PAYMENT — COURT USE ONLY**

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOT. AMT APPROVED/CERTIFIED |
|---|---|---|---|

23. ☐ Either the cost (excluding expenses) of these services does not exceed $300, or prior authorization was obtained; OR
☐ In the interest of justice the court finds that timely procurement of these necessary services could not await prior authorization, even though the cost (excluding expenses) exceeds $300.

_____          _____          _____
Signature of Presiding Judicial Officer          Date          Judge/Mag. Judge Code

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|

28. FOR REPRESENTATIONS COMMENCED AND APPELLATE PROCEEDINGS IN WHICH AN APPEAL IS PERFECTED ON OR AFTER APRIL 24, 1996,
A. Total compensation and expense payments approved to date (include amounts withheld for interim payments) for investigative, expert and other services for this representation is $ _____
B. Payment approved (compensation and expenses) in excess of the statutory threshold for investigative, expert and other services under 21 U.S.C. 848(q)(10)(B).

_____          _____          _____
Signature of Chief Judge, Court of Appeals (or Delegate)          Date          Judge Code

| 1. CIR./DIST./DIV. CODE NCW | 2. PERSON REPRESENTED Barnette, Aquilia Marcivicci | | | VOUCHER NUMBER | |
|---|---|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER 3:97-000023-001 | 5. APPEALS DKT./DEF. NUMBER | | 6. OTHER DKT. NUMBER | |
| 7. IN CASE/MATTER OF (Case Name) U.S. v. Barnette | 8. TYPE PERSON REPRESENTED Adult Defendant | | | 9. REPRESENTATION TYPE Federal Capital Prosecution | |

**10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)** If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 844H.F -- EXPLOSIVES USED IN COMMISSION OF FELONY

**REQUEST AND AUTHORIZATION FOR EXPERT SERVICES**

**11. ATTORNEY'S STATEMENT**
As the attorney for the person represented, who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:
☐ Authorization to obtain the service. Estimated Compensation and Expenses: $ 1,000 OR
☐ Approval of services already obtained to be paid for by the United States from the Defender Services Appropriation. (See instructions)

_____                                    _____
Signature of Attorney                                                        Date
☐ Panel Attorney ☐ Retained Atty ☐ Pro-Se ☐ Legal Organization
Attorney's name (First Name, M.I., Last Name, including suffix), and mailing address.
Jean B. Lawson
P.O. Box 472106
Charlotte, NC 28226                          Telephone Number: _____

**12. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES (See instructions)**

To aid in defendant's case.

**13. TYPE OF SERVICE PROVIDER**

| | | | |
|---|---|---|---|
| 01 ☐ Investigator | | 20 ☐ | Legal Analyst/Consultant |
| 02 ☐ Interpreter/Translator | | 21 ☐ | Jury Consultant |
| 03 ☒ Psychologist | | 22 ☐ | Mitigation Specialist |
| 04 ☐ Psychiatrist | | 23 ☐ | Duplication Services (See Instructions) |
| 05 ☐ Polygraph Examiner | | 24 ☐ | Other (specify) |
| 06 ☐ Documents Examiner | | | |
| 07 ☐ Fingerprint Analyst | | | _____ |
| 08 ☐ Accountant | | | |
| 09 ☐ CALR (Westlaw/Lexis,etc) | | | |
| 10 ☐ Chemist/Toxicologist | | | |
| 11 ☐ Ballistics Expert | | | |
| 12 ☐ Weapons/Firearms/Explosive Expert | | | |
| 13 ☐ Pathologist/Medical Examiner | | | |
| 14 ☐ Other Medical Expert | | | |
| 15 ☐ Voice/Audio Analyst | | | |
| 16 ☐ Hair/Fiber Expert | | | |
| 17 ☐ Computer (Hardware/Software/Systems) | | | |
| 18 ☐ Paralegal Services | | | |
| 19 ☐ | | | |

**14. Court Order**
Financial eligibility of the person represented having been established to the court's satisfaction, the authorization requested in Item 11 is hereby granted.

_____
Signature of Presiding Judicial Officer or By Order of the Court

_____            _____
Date of Order                    Nunc Pro Tunc Date
Repayment or partial repayment ordered from the person represented for this service at time of authorization.
☐ YES ☐ NO

**15. STAGE OF PROCEEDING**
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 16 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX. Submit a separate voucher for each stage of the proceeding.

| CAPITAL PROSECUTION | | | | HABEAS CORPUS | | | OTHER PROCEEDING | |
|---|---|---|---|---|---|---|---|---|
| a. ☐ Pre-Trial | e. ☐ | Appeal | g. ☐ | Habeas Petition | k. ☐ | Petition for the U.S. | l. ☐ | Stay of Execution |
| b. ☐ Trial | f. ☐ | Petition for the U.S. | h. ☐ | Evidentiary Hearing | | Supreme Court | m. ☐ | Appeal of Denial of Stay |
| c. ☐ Sentencing | | Supreme Court | i. ☐ | Dispositive Motions | | Writ of Certiorari | n. ☐ | Petition for Writ of Certiorari to the U.S. |
| d. ☐ Other Post Trial | | Writ of Certiorari | j. ☐ | Appeal | | | | Supreme Court Regarding Denial of Stay |
| | | | | | | | o. ☐ | Other |

**CLAIM FOR SERVICES AND EXPENSES**                                    **FOR COURT USE ONLY**

| 16. SERVICES AND EXPENSES (Attach itemization of services and expenses with dates) | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|
| a. Compensation | | | |
| b. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | |
| c. Other Expenses | | | |

**GRAND TOTALS (CLAIMED AND ADJUSTED)**

**17. PAYEE'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS**
William M. Tyson, Ph.D.
Blue Ridge Behavior Systems                    TIN: ▓▓▓▓▓▓
10025 Katelyn Drive                              Telephone Number: _____
Charlotte, NC 28269-8109

**CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE FROM** _____ **TO** _____
CLAIM STATUS ☐ Final ☐ Interim Payment Number _____ ☐ Supplemental Payment
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

Signature of Claimant/Payee: _____          Date: _____

**18. CERTIFICATION OF ATTORNEY** I hereby certify that the services were rendered for this case.

Signature of Attorney: _____          Date: _____

**APPROVED FOR PAYMENT — COURT USE ONLY**

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOT. AMT APPROVED/CERTIFIED |
|---|---|---|---|

**23.** ☐ Either the cost (excluding expenses) of these services does not exceed $300, or prior authorization was obtained; OR
☐ In the interest of justice the court finds that timely procurement of these necessary services could not await prior authorization, even though the cost (excluding expenses) exceeds $300.

_____          _____          _____
Signature of Presiding Judicial Officer                Date                Judge/Mag. Judge Code

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|

**28. FOR REPRESENTATIONS COMMENCED AND APPELLATE PROCEEDINGS IN WHICH AN APPEAL IS PERFECTED ON OR AFTER APRIL 24, 1996,**
A. Total compensation and expense payments approved to date (include amounts withheld for interim payments) for investigative, expert and other services for this representation is $ _____
B. Payment approved (compensation and expenses) in excess of the statutory threshold for investigative, expert and other services under 21 U.S.C. 848(q)(10)(B).

_____          _____          _____
Signature of Chief Judge, Court of Appeals (or Delegate)          Date                Judge Code

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| NCW | Barnette, Aquilia Marcivicci | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| | 3:97-000023-001 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. TYPE PERSON REPRESENTED | 9. REPRESENTATION TYPE |
|---|---|---|
| U.S. v. Barnette | Adult Defendant | Federal Capital Prosecution |

**10. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section)   If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 844H.F -- EXPLOSIVES USED IN COMMISSION OF FELONY

### REQUEST AND AUTHORIZATION FOR EXPERT SERVICES

**11. ATTORNEY'S STATEMENT**
As the attorney for the person represented, who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:

☐ Authorization to obtain the service. Estimated Compensation and Expenses: $ 2,000    OR

☐ Approval of services already obtained to be paid for by the United States from the Defender Services Appropriation. (See instructions)

_____     _____
Signature of Attorney                          Date

☐ Panel Attorney  ☐ Retained Atty  ☐ Pro-Se  ☐ Legal Organization

Attorney's name (First Name, M.I., Last Name, including suffix), and mailing address.

Jean B. Lawson
P.O. Box 472106
Charlotte, NC 28226

Telephone Number: _____

**12. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES** (See instructions)

To aid in defendant's case.

**13. TYPE OF SERVICE PROVIDER**

| | | | |
|---|---|---|---|
| 01 ☐ Investigator | | 20 ☐ | Legal Analyst/Consultant |
| 02 ☐ Interpreter/Translator | | 21 ☐ | Jury Consultant |
| 03 ☒ Psychologist | | 22 ☐ | Mitigation Specialist |
| 04 ☐ Psychiatrist | | 23 ☐ | Duplication Services (See Instructions) |
| 05 ☐ Polygraph Examiner | | 24 ☐ | Other (specify) |
| 06 ☐ Documents Examiner | | | |
| 07 ☐ Fingerprint Analyst | | | |
| 08 ☐ Accountant | | | |
| 09 ☐ CALR (Westlaw/Lexis,etc) | | | |
| 10 ☐ Chemist/Toxicologist | | | |
| 11 ☐ Ballistics Expert | | | |
| 12 ☐ Weapons/Firearms/Explosive Expert | | | |
| 13 ☐ Weapons/Firearms/Explosive Expert | | | |
| 14 ☐ Pathologist/Medical Examiner | | | |
| 15 ☐ Other Medical Expert | | | |
| 16 ☐ Voice/Audio Analyst | | | |
| 17 ☐ Hair/Fiber Expert | | | |
| 18 ☐ Computer (Hardware/Software/Systems) | | | |
| 19 ☐ Paralegal Services | | | |

**14. Court Order**
Financial eligibility of the person represented having been established to the court's satisfaction, the authorization requested in Item 11 is hereby granted.

_____
Signature of Presiding Judicial Officer or By Order of the Court

_____     _____
Date of Order              Nunc Pro Tunc Date

Repayment or partial repayment ordered from the person represented for this service at time of authorization.

☐ YES  ☐ NO

**15. STAGE OF PROCEEDING**
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 16 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX.   Submit a separate voucher for each stage of the proceeding.

| CAPITAL PROSECUTION | | | HABEAS CORPUS | | | OTHER PROCEEDING | |
|---|---|---|---|---|---|---|---|
| a. ☐ Pre-Trial | e. ☐ Appeal | g. ☐ Habeas Petition | k. ☐ Petition for the U.S. | | l. ☐ Stay of Execution | |
| b. ☐ Trial | f. ☐ Petition for the U.S. | h. ☐ Evidentiary Hearing | Supreme Court | | m. ☐ Appeal of Denial of Stay | |
| c. ☐ Sentencing | Supreme Court | i. ☐ Dispositive Motions | Writ of Certiorari | | n. ☐ Petition for Writ of Certiorari to the U.S. | |
| d. ☐ Other Post Trial | Writ of Certiorari | j. ☐ Appeal | | | Supreme Court Regarding Denial of Stay | |
| | | | | | o. ☐ Other | |

### A. CLAIM FOR SERVICES AND EXPENSES

| 16. SERVICES AND EXPENSES (Attach itemization of services and expenses with dates) | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|
| a. Compensation | | | |
| b. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | |
| c. Other Expenses | | | |

### GRAND TOTALS CLAIMED AND ADJUSTED

**17. PAYEE'S NAME** (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS

John F. Warren & Associates
840 W. Fourth Street
Winston-Salem, NC 27101

TIN: ████████4
Telephone Number: _____

CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE FROM _____ TO _____

CLAIM STATUS   ☐ Final   ☐ Interim Payment Number _____   ☐ Supplemental Payment
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

Signature of Claimant/Payee: _____   Date: _____

**18. CERTIFICATION OF ATTORNEY**   I hereby certify that the services were rendered for this case.

Signature of Attorney: _____   Date: _____

### APPROVED FOR PAYMENT — COURT USE ONLY

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOT. AMT APPROVED/CERTIFIED |
|---|---|---|---|
| | | | |

**23.** ☐ Either the cost (excluding expenses) of these services does not exceed $300, or prior authorization was obtained; OR
☐ In the interest of justice the court finds that timely procurement of these necessary services could not await prior authorization, even though the cost (excluding expenses) exceeds $300.

_____     _____     _____
Signature of Presiding Judicial Officer          Date          Judge/Mag. Judge Code

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|
| | | | |

**28. FOR REPRESENTATIONS COMMENCED AND APPELLATE PROCEEDINGS IN WHICH AN APPEAL IS PERFECTED ON OR AFTER APRIL 24, 1996,**
A. Total compensation and expense payments approved to date (include amounts withheld for interim payments) for investigative, expert and other services for this representation is $ _____
B. Payment approved (compensation and expenses) in excess of the statutory threshold for investigative, expert and other services under 21 U.S.C. 848(q)(10)(B).

_____     _____     _____
Signature of Chief Judge, Court of Appeals (or Delegate)          Date          Judge Code

| 1. CIR./DIST./DIV. CODE  NCW | 2. PERSON REPRESENTED  Barnette, Aquilia Marcivicci | | | VOUCHER NUMBER | |
|---|---|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER  3:97-000023-001 | 5. APPEALS DKT./DEF. NUMBER | | 6. OTHER DKT. NUMBER | |
| 7. IN CASE/MATTER OF (Case Name)  U.S. v. Barnette | | 8. TYPE PERSON REPRESENTED  Adult Defendant | | 9. REPRESENTATION TYPE  Federal Capital Prosecution | |

10. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)   If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 844H.F -- EXPLOSIVES USED IN COMMISSION OF FELONY

**REQUEST AND AUTHORIZATION FOR EXPERT SERVICES**

11. ATTORNEY'S STATEMENT
As the attorney for the person represented, who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:
☐ Authorization to obtain the service. Estimated Compensation and Expenses: $ 8,000   OR
☐ Approval of services already obtained to be paid for by the United States from the Defender Services Appropriation. (See instructions)

_____                    _____
Signature of Attorney                                   Date
☐ Panel Attorney   ☐ Retained Atty   ☐ Pro-Se   ☐ Legal Organization
Attorney's name (First Name, M.I., Last Name, including suffix), and mailing address.
Jean B. Lawson
P.O. Box 472106
Charlotte, NC 28226
Telephone Number: _____

12. DESCRIPTION OF AND JUSTIFICATION FOR SERVICES (See instructions)

To aid in defendant's case.

13. TYPE OF SERVICE PROVIDER
| 01 ☐ Investigator | 20 ☐ Legal Analyst/Consultant |
|---|---|
| 02 ☐ Interpreter/Translator | 21 ☐ Jury Consultant |
| 03 ☐ Psychologist | 22 ☐ Mitigation Specialist |
| 04 ☒ Psychiatrist | 23 ☐ Duplication Services (See Instructions) |
| 05 ☐ Polygraph Examiner | 24 ☐ Other (specify) |
| 06 ☐ Documents Examiner | |
| 07 ☐ Fingerprint Analyst | |
| 08 ☐ Accountant | |
| 09 ☐ CALR (Westlaw/Lexis,etc) | |
| 10 ☐ Chemist/Toxicologist | |
| 11 ☐ Ballistics Expert | |
| 13 ☐ Weapons/Firearms/Explosive Expert | |
| 14 ☐ Pathologist/Medical Examiner | |
| 15 ☐ Other Medical Expert | |
| 16 ☐ Voice/Audio Analyst | |
| 17 ☐ Hair/Fiber Expert | |
| 18 ☐ Computer (Hardware/Software/Systems) | |
| 19 ☐ Paralegal Services | |

14. Court Order
Financial eligibility of the person represented having been established to the court's satisfaction, the authorization requested in Item 11 is hereby granted.

_____
Signature of Presiding Judicial Officer or By Order of the Court

_____        _____
Date of Order          Nunc Pro Tunc Date
Repayment or partial repayment ordered from the person represented for this service at time of authorization.
☐ YES  ☐ NO

15. STAGE OF PROCEEDING
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 16 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX.   Submit a separate voucher for each stage of the proceeding.

CAPITAL PROSECUTION
a. ☐ Pre-Trial
b. ☐ Trial
c. ☐ Sentencing
d. ☐ Other Post Trial
e. ☐ Appeal
f. ☐ Petition for the U.S. Supreme Court Writ of Certiorari

HABEAS CORPUS
g. ☐ Habeas Petition
h. ☐ Evidentiary Hearing
i. ☐ Dispositive Motions
j. ☐ Appeal
k. ☐ Petition for the U.S. Supreme Court Writ of Certiorari

OTHER PROCEEDING
l. ☐ Stay of Execution
m. ☐ Appeal of Denial of Stay
n. ☐ Petition for Writ of Certiorari to the U.S. Supreme Court Regarding Denial of Stay
o. ☐ Other

**CLAIM FOR SERVICES AND EXPENSES** | **FOR COURT USE ONLY**

| 16. SERVICES AND EXPENSES  (Attach itemization of services and expenses with dates) | AMOUNT CLAIMED | MATH/TECHNICAL ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|
| a. Compensation | | | |
| b. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | |
| c. Other Expenses | | | |

**GRAND TOTALS (CLAIMED AND ADJUSTED):**

17. PAYEE'S NAME (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS
Dr. Mark Cunningham
500 Chestnut, Suite 1735
Abilene, TX 79602
TIN: ▮▮▮▮▮
Telephone Number: _____

CLAIMANT'S CERTIFICATION FOR PERIOD OF SERVICE FROM _____ TO _____
CLAIM STATUS   ☐ Final      ☐ Interim Payment Number _____      ☐ Supplemental Payment
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment (compensation or anything of value) from any other source for these services.

Signature of Claimant/Payee: _____        Date: _____

18. CERTIFICATION OF ATTORNEY   I hereby certify that the services were rendered for this case.

Signature of Attorney: _____        Date: _____

**APPROVED FOR PAYMENT — COURT USE ONLY**

| 19. TOTAL COMPENSATION | 20. TRAVEL EXPENSES | 21. OTHER EXPENSES | 22. TOT. AMT APPROVED/CERTIFIED |
|---|---|---|---|

23. ☐ Either the cost (excluding expenses) of these services does not exceed $300, or prior authorization was obtained; OR
☐ In the interest of justice the court finds that timely procurement of these necessary services could not await prior authorization, even though the cost (excluding expenses) exceeds $300.

_____        _____        _____
Signature of Presiding Judicial Officer        Date        Judge/Mag. Judge Code

| 24. TOTAL COMPENSATION | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMOUNT APPROVED |
|---|---|---|---|

28. FOR REPRESENTATIONS COMMENCED AND APPELLATE PROCEEDINGS IN WHICH AN APPEAL IS PERFECTED ON OR AFTER APRIL 24, 1996,
A. Total compensation and expense payments approved to date (include amounts withheld for interim payments) for investigative, expert and other services for this representation is $ _____
B. Payment approved (compensation and expenses) in excess of the statutory threshold for investigative, expert and other services under 21 U.S.C. 848(q)(10)(B).

_____        _____        _____
Signature of Chief Judge, Court of Appeals (or Delegate)        Date        Judge Code

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| NCW | Barnette, Aquilia Marcivicci | | |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| | 3:97-000023-001 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. TYPE PERSON REPRESENTED | 9. REPRESENTATION TYPE |
|---|---|---|
| U.S. v. Barnette | Adult Defendant | Federal Capital Prosecution |

**10. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.

1) 18 844H.F -- EXPLOSIVES USED IN COMMISSION OF FELONY

**11. ATTORNEY'S NAME** (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS

Bender, Harold Johnson
The Carr House
200 North McDowell Street
Charlotte NC 28204

Telephone Number: (704) 333-2169

**13. NAME AND MAILING ADDRESS OF LAW FIRM**(only provide per instructions)

**12. COURT ORDER**

☒ O Appointing Counsel ☐ C Co-Counsel
☐ F Subs For Federal Defender ☐ R Subs For Retained Attorney
☐ P Subs For Panel Attorney ☐ Y Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

(A) Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 11, who has been determined to possess the specific qualifications required by law, is appointed to represent this person in this case.

(B) The attorney named in Item 11 is appointed to serve as: ☐LEAD COUNSEL ☐ CO-COUNSEL
Name of Co-Counsel or Lead Counsel: _____
Appointment Date: _____

(C) If you represented the defendant or petitioner in any prior proceeding related to this matter, attach to your initial claim a listing of those proceedings and describe your role in each (e.g., lead counsel or co-counsel).

☐ (D) Due to the expected length of this case, and the anticipated hardship on counsel in undertaking representation full-time for such a period without compensation, interim payments of compensation and expenses are approved pursuant to the attached order.

_Signature of Presiding Judicial Officer or By Order of the Court_

01/14/2002
Date of Order _____ Nunc Pro Tunc Date _____

(E) Repayment or partial repayment ordered from the person represented for this service at time of appointment. ☐ YES ☐ NO

**CLAIM FOR SERVICES AND EXPENSES**

**14. STAGE OF PROCEEDING**
Check the box which corresponds to the stage of the proceeding during which the work claimed at Item 15 was performed even if the work is intended to be used in connection with a later stage of the proceeding. CHECK NO MORE THAN ONE BOX. Submit a separate voucher for each stage of the proceeding.

**CAPITAL PROSECUTION**
a. ☐ Pre-Trial
b. ☐ Trial
c. ☐ Sentencing
d. ☐ Other Post Trial
e. ☐ Appeal
f. ☐ Petition for the U.S. Supreme Court
☐ Writ of Certiorari

**HABEAS CORPUS**
g. ☐ Habeas Petition
h. ☐ Evidentiary Hearing
i. ☐ Dispositive Motions
j. ☐ Appeal
k. ☐ Petition for the U.S. Supreme Court
☐ Writ of Certiorari

**OTHER PROCEEDING**
l. ☐ Stay of Execution
m. ☐ Appeal of Denial of Stay
n. ☐ Petition for Writ of Certiorari to the U.S. Supreme Court Regarding Denial of Stay
o. ☐ Other

**HOURS AND COMPENSATION CLAIMED** **FOR COURT USE ONLY**

| 15. CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|
| a. In-Court Hearings (Rate per Hour = $ ) | | | | IN COURT TOTAL (Category a) | IN COURT TOTAL (Category a) |
| b. Interviews and Conferences with Client | | | | | |
| c. Witness Interviews | | | | | |
| d. Consultation with Investigators and Experts | | | | | |
| e. Obtaining and Reviewing the Court Record | | | | | |
| f. Obtaining and Reviewing Documents and Evidence | | | | OUT OF COURT TOTAL (Categories b - j) | OUT OF COURT TOTAL (Categories b - j) |
| g. Consulting with Expert Counsel | | | | | |
| h. Legal Research and Writing | | | | | |
| i. Travel | | | | | |
| j. Other (Specify on additional sheets) | | | | | |
| Totals: Categories b thru j (Rate per hour = $ ) | | | | | |

**CLAIM FOR TRAVEL AND EXPENSES** (Attach itemization of expenses with dates)

| 16. Travel Expenses (lodging, parking, meals, mileage, etc.) | | | | |
|---|---|---|---|---|
| 17. Other Expenses (other than expert, transcripts, etc.) | | | | |

**GRAND TOTALS (CLAIMED AND ADJUSTED)**

| 18. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE FROM _____ TO _____ | 19. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION | 20. CASE DISPOSITION |
|---|---|---|

**21. CLAIM STATUS** ☐ Final Payment ☐ Interim Payment Number _____ ☐ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? ☐ YES ☐ NO If yes, were you paid? ☐ YES ☐ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation? ☐ YES ☐ NO If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: _____ Date: _____

**APPROVED FOR PAYMENT — COURT USE ONLY**

| 22. IN COURT COMP. | 23. OUT OF COURT COMP. | 24. TRAVEL EXPENSES | 25. OTHER EXPENSES | 26. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| 27. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | | DATE | | 27a. JUDGE CODE |

Case 3:12-cv-00327-MOC   Document 74-8   Bates No. 420   Filed 12/22/14   Page 59 of 60

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL DOCKET NO.3:97cr23-V

FILED
CHARLOTTE, N.C.

JAN 14 2002

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES OF AMERICA    )
    )
vs.    )
    )
    )    **O R D E R**
    )
AQUILIA MARCIVICCI BARNETTE    )
_____)

THIS MATTER is before the Court on its own motion to appoint Harold Bender to represent the defendant in the above-captioned case.

IT IS, THEREFORE, ORDERED that Harold Bender is appointed to represent defendant as co-counsel to Jean Lawson. It is further ORDERED that the Clerk prepare a CJA 30 appointing Mr. Bender as co-counsel and to mail the CJA 30 to him for his signature.

THIS the 11th day of January, 2002.

_____
RICHARD L. VOORHEES
UNITED STATES DISTRICT COURT JUDGE

DOCUMENT
SCANNED