| PENDING SERVICE | PENDING ANSWER | PENDING PLEADINGS | PENDING DISCOVERY | PENDING MOTIONS | PENDING NON-JURY TRIAL | PENDING JURY TRIAL | PENDING JUDGMENTS | HOLD/REVIEW |
|---|---|---|---|---|---|---|---|---|

ANSWER | PLEADINGS DISCOVERY | MOTIONS | NON-JURY | JURY | JUDGMENTS | HOLD

## STATE OF NORTH CAROLINA

Mecklenburg COUNTY

☒ DISTRICT COURT DIVISION  ☐ SUPERIOR COURT DIVISION

CASES CONSOLIDATED

JURY TRIAL? ☐ YES

FILE NO. 87-cVD-3001

FILM NO. 89-78-176

## CIVIL DOCKET

**SUPERIOR COURT FILING CODES:**
1. Contract
2. Collect on Accounts
3. Motor Vehicle Negligence
4. Other Negligence
5. Real Property
6. Administrative Appeals
7. Other

**DISTRICT COURT FILING CODES:**
1. URESA
2. IV-D
3. Other Domestic Rel.
4. General Civil
5. CVM Appeal/Transfer

**DISPOSITION CODES**
1. Trial by Jury
2. Trial by Judge
3. Voluntary Dismissal
4. Final Order or Final Judgment w/o Trial
5. Clerk
6. Dismissal on Motion of the Court
7. Discontinuance for Lack of Service
8. Other

| FILING DATE | WEEK ENDING DATE (M/D/Y) | FILING CODE | DISPOSITION DATE | WEEK ENDING DATE (M/D/Y) | DISPOSITION CODE |
|---|---|---|---|---|---|
| 3-10-87 | 3-13-87 | 6 | 4-7-89 | 4-14-89 | 2 |

| PLAINTIFF'S NAME(S) | DEFENDANT'S NAME(S) |
|---|---|
| Derrick Lamarr Barnette | Sonia Cooper Barnette |

| PLAINTIFF'S ATTORNEYS | DEFENDANT'S ATTORNEYS |
|---|---|
| Paul Hemphill | |

| DATE COMPLAINT FILED | DATE 3RD PARTY COMPLAINT FILED |
|---|---|

| DFD # | DATE/HOUR SUMMONS ISS. | DATE SUMMONS RETURNED | SVD? | DATE ANSWER FILED | COUNTER-CLAIMS FILE DATE | COUNTER-CLAIMS REPLY DATE | DISPOSITIONS DATE | DISPOSITIONS DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |
| 5 | | | | | | | | |
| 6 | | | | | | | | |

| CROSS-CLAIM FILED BY DEFENDANT | CROSS-CLAIM ANSWERED |
|---|---|

| DATE AMENDED COMPLAINT FILED | DATE SUMMONS SERVED | DATE ANSWER FILED |
|---|---|---|

### MOTIONS

| FILED BY | DATE | TYPE |
|---|---|---|
| | | |

### OTHER ACTIVITY

| DATE | DESCRIPTION |
|---|---|
| 3-9-87 | Notice of Hearing |
| 5-6-87 | Order |
| 2-16-88 | Order of Blood Tests |

PC - 003488

AOC-CV-700 REV. 1/84

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

MECKLENBURG COUNTY
FILED
APR 7 1989
AT _____ O'CLOCK _____ M.
BY _____
CLERK OF SUPERIOR COURT

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
87-CvD-3001

DERRICK LAMARR BARNETTE, )
                         )
        Plaintiff, )
                         )
        vs                 )       ORDER
                         )
SONIA COOPER BARNETTE, )
                         )
        Defendant.        )

THIS CAUSE coming on before Judge Resa L. Harris, on motion of Plaintiff, Derrick Lamarr Barnette, for summary judgment and it appearing that there is no geniune issue as to any material fact and that the Plaintiff is entitled to a judgment as a matter of law;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that Summary Judgment is granted in favor of Plaintiff against the Defendant, and that this action is dismissed.

This the ___7th___ day of ___April___, 1989.

*Nunc pro tunc Dec 2, 1988*

_____
HONORABLE RESA L. HARRIS
DISTRICT COURT JUDGE

PC - 003489

Bates No. 15744

# STATE OF NORTH CAROLINA

Mecklenburg _____ County

FILED

**File No.** 87-CVD-3001

Film No.

In the General Court of Justice
☑ District Court Division ☐ Superior Court Division

**Plaintiff Name**
Derrick Lamarr Barnette

**Address**
Post Office Box 32244

**City, State, Zip**
Charlotte, N.C. 28232

## CIVIL SUMMONS

GS 1A-1, Rules 3, 4

### VERSUS

**Defendant**
Sonia Cooper Barnette

\* ☑ Alias and Pluries Summons

The summons originally issued against you was returned not served.

**Date Last Summons Issued**
March 9, 1987

\*Disregard this section
unless the block is checked

**TO:** Sonia Cooper Barnette

**Name & Address of First Defendant**
Sonia Cooper Barnette
4811 Farmpond Lane
Charlotte, n.C. 28212

**TO:**

**Name & Address of Second Defendant**

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to him or by mailing it to him at his last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

   If you fail to answer the complaint the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name and Address of Plaintiff's Attorney**
**If none, Address of Plaintiff**

Paul E. Hemphill
P.O. Box 32244
Charlotte, N.C. 28232

**Date Issued** 4-1-87  **Time Issued** 4:15 ☐ AM ☑ PM

**Signature** Paul E. Smith

☐ Deputy CSC  ☑ Assistant CSC  ☐ Clerk of Superior Court

☐ **ENDORSEMENT**
This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

**Date of Endorsement**  **Time** ☐ AM ☐ PM

**Signature**

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court

AOC-CV-100
Rev. 3/83

PC - 003490

# RETURN OF SERVICE

I certify that this summons and a copy of the complaint/were received and served as follows: and Notice of Hearing

## Defendant 1.

| Date served 4-3-87 | Name of defendant Sonia Cooper Barnette |
|---|---|

☑ By delivering to the defendant named above a copy of the summons and complaint. *& Notice of Hearing*

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation give title of person copies left with)

Sonia Cooper Barnette, 4811 Farm Pond Lane

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

## Defendant 2.

| Date served | Name of defendant |
|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Date Received 4-1-87 | Name of Sheriff C.W. Kidd, Jr. |
|---|---|---|
| By | Date of Return 4-3-87 | County Meck. |
| | | Deputy Sheriff Making Return R.M. Bread |

AOC-CV-100, side two
Rev. 3/83

PC - 003491


Case 3:12-cv-00327-MOC   Document 75-16   Filed 12/22/14   Page 4 of 76
Bates No. 2746

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION

87 ___ CVD _____

DERRICK LAMARR BARNETT )
                       )
        Plaintiff,     )
                       )
    vs.                )        NOTICE OF HEARING
                       )
SONIA COOPER BARNETTE  )
                       )
        Defendant.     )
                       )
_____)

SONIA COOPER BARNETTE _____ known as the Defendant/Plaintiff, you are hereby notified: That on __April 16__ , 19 87 in DISTRICT COURTROOM # 301 , in the Mecklenburg County Courthouse, 800 East Fourth Street, Charlotte, North Carolina at __9:00 A.__ m., the PRESIDING JUDGE will hear __DERRICK LAMARR BARNETT__ known as Plaintiff's/Defendant's claim for relief. The Plaintiff/Defendant is seeking:

AN ORDER OF THE COURT FOR THE PLAINTIFF, THE DEFENDANT AND THE MINOR CHILDREN NAMED IN THE COMPLAINT TO SUBMIT TO A BLOOD GROUPING TEST.

The PRESIDING JUDGE REQUIRES that the attached Affidavits of Financial Standing be completed and filed with the Clerk of Superior Court 72 hours in advance of the time of the scheduled hearing. Filed copy shall be delivered to the opposing party 72 hours in advance of the hearing. Each affidavit must be fully and completely filled out, sworn to, and notarized before a Notary.

FAILURE TO APPEAR ONCE YOU HAVE BEEN SERVED WILL NOT DELAY THE ENTRY OR AN ORDER WHICH MAY AWARD THE RELIEF SOUGHT.

_____

MARTIN, HEMPHILL & McDUFFIE
POST OFFICE BOX 32244
CHARLOTTE NC 28232
(704) 332-3118

PC - 003492

## RETURN OF SERVICE

I certify that this Notice was received on the _1st_ day of _April_ , 19_87_ , and together with the attachments was served as follows:

On _Sonia Cooper Barnette_ _____ on the _3rd_ day of _April_ , 19_87_ , at the following place: _481 Farm Pond Lane_ _____ By:

(fill in address where copy was delivered or left)

☑ delivering copies to _her_ personally    ☐ leaving copies at his dwelling with _____ who is a person of suitable age and discretion and who resides in the defendant's dwelling house or usual place of abode.

If not served on defendant or plaintiff, state reason and give his name:

_____

Fee $ _____    Sheriff of _C.W. Kidd Jr._ _Meck._ County, N.C.

Paid _____    By: _R.M. Brown_ Deputy

By: _____    Date _4-3-87_

Case 3:12-cv-00327-MOC    Document 75-48    Filed 12/22/14    Page 6 of 76
Bates No. 27748

| File No. | 94CVM 7769 |

| File No. | 94CVM 7769 |
| Film No. | 94- 66 - 125 |
| Judgment Docket Book And Page No. | 44.2-112 |

## STATE OF NORTH CAROLINA

Mecklenburg County

In The General Court Of Justice
District Court Division-Small Claims

## JUDGMENT IN ACTION FOR SUMMARY EJECTMENT

G.S. 7A-210(2), 7A-224; 42-30

This action was tried before the undersigned on the cause stated in the complaint. The record shows that the defendant was given proper notice of the nature of the action and the date, time and location of trial.

### FINDINGS

The Court finds that:

☒ the plaintiff has proved his case by the greater weight of the evidence.
☐ the plaintiff has failed to prove his case by the greater weight of the evidence.
☒ Other: Δ appeared and did not dispute the complaint. Allowed π's motion to amend.

**Name And Address Of Plaintiff**
Derrick Burnette
c/o The Brokerage House
5205- B Monroe Rd
Charlotte, NC 28205

| County | Telephone No. |
| Mecklenburg | 535-5254 |

### VERSUS

**Name And Address Of First Defendant**
Shirley ~~Comstock~~ Steele
1137 Comstock Dr.
Charlotte, NC 28205

| County | Telephone No. |

**Name And Address Of Second Defendant**
Odell Steele
1137 Comstock Dr.
Charlotte, NC 28217

| County | Telephone No. |

**Name And Address Of Plaintiff's Attorney**
The Brokerage House
5205- B Monroe Rd
Charlotte NC 28205

### ORDER

It is ORDERED that:

☒ the defendant(s) be removed from and the plaintiff be put in possession of the premises described in the complaint.
☐ this action be dismissed with prejudice.
☐ this action be dismissed with prejudice because the defendant tendered the rent due and the court costs of this action.
☒ the plaintiff recover rent of the defendant(s) at the rate listed below, plus damages in the amount indicated. The plaintiff is also entitled to interest on the total principal sum from this date until the judgment is paid.
☐ Other: (specify)

☒ Costs of this action are taxed to the ☐ plaintiff. ☒ defendant.

| Rate Of Rent | Amount Of Rent Owed To Date |
| $ 400.00 per ☒ Month ☐ Week | $ 1200.00 |

| Amount Of Other Damages | $ 60.00 | Date 4/14/94 |
| Total Amount | $ 1260.00 | Signature Of Magistrate N. Proctor |

### ENTRY OF APPEAL

| Name Of Appealing Party | ☐ Given In Open Court ☐ Jury Trial Not Requested ☐ Given In Writing ☐ Jury Trial Requested |
| Date Appeal Given | Date Court Costs Paid | Amount Court Costs Paid $ |

AOC-CVM-401
Rev. 4/80

PC - 003494

Case 3:12-cv-00327-MOC    Document 75-149    Filed 12/22/14    Page 7 of 76
Bates No. 1749

_Teresa Redisill_

| | STATE OF NORTH CAROLINA | |
|---|---|---|
| File No. ∩69 | | In The General Court Of Justice District Court Division-Small Claims |
| | MECKLENBURG _____ County | |

## COMPLAINT
## IN SUMMARY EJECTMENT

G.S. 7A-216, 7A-232; Ch. 42, Art. 3

1. The defendant is a resident of the county named above.

2. The defendant entered into possession of premises described below as a lessee of plaintiff.

**Description Of Premises (Include Location)**
1137 COMSTOCK DRIVE, 3BR HOUSE

| Rate Of Rent | | Date Rent Due | Date Lease Ended | Type Of Lease |
|---|---|---|---|---|
| $ 400 per ☑ Month ☐ Week | | 1ST | 10/31/94 | ☐ Oral ☑ Written |

**Name And Address Of Plaintiff**
DERRICK BARNETTE
C/O THE BROKERAGE HOUSE
5205-B MONROE RD.
CHARLOTTE, NC 28205

3. ☑ The defendant failed to pay the rent due on the above date and the plaintiff made demand for the rent and waited the 10-day grace period before filing the complaint.

☐ The lease period ended on the above date and the defendant is holding over after the end of the lease period.

| County MECKLENBURG | Telephone No. 535-5254 |
|---|---|

☐ The defendant breached the condition of the lease described below for which re-entry is specified.

### VERSUS

**Description Of Breach**
NON-PAYMENT OF RENT

**Name And Address Of First Defendant**
SHIRLEY STEELE
1137 COMSTOCK DR.
CHARLOTTE, NC 28217

The plaintiff has demanded possession of the premises from the defendant, who has refused to surrender it, and the plaintiff is entitled to immediate possession.

4. The defendant owes the plaintiff for the following:

**Description Of Any Property Damage**

| County MECKLENBURG | Telephone No. 377-1939 |
|---|---|

**Name And Address Of Second Defendant**

ODELL STEELE
1137 COMSTOCK DRIVE
CHARLOTTE, NC 28217

NONE AT THIS TIME

| Amount Of Damage $ | Amount Of Rent Past Due $ 870 | Total Amount $ 870 |
|---|---|---|

I demand to be put in possession of the premises and to recover the total amount listed above and daily rental until entry of judgment plus interest and reimbursement for court costs.

| County MECKLENBURG | Telephone No. 377-1939 |
|---|---|

| Date | Signature Of Plaintiff/Attorney/Agent |
|---|---|

**Name And Address Of Plaintiff's Attorney Or Agent**

THE BROKERAGE HOUSE
5205-B MONROE RD.
CHARLOTTE, NC 28205

**CERTIFICATION WHEN COMPLAINT SIGNED BY AGENT OF PLAINTIFF**

I certify that I am an agent of the plaintiff and have actual knowledge of the facts alleged in this Complaint.

| Date | Signature |
|---|---|

AOC-CVM-201
Rev. 4/90

(Over)

PC - 003495

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

File No.

94cvm

In The General Court Of Justice
District Court Division-Small Claims

| Plaintiff | |
|---|---|
| DERRICK BARNETTE<br>C/O THE BROKERAGE HOUSE | **MAGISTRATE SUMMONS** |

**VERSUS**

Defendant(s)

SHIRLEY & ODELL STEELE

☐ **Alias and Pluries Summons.** The summons originally issued against you was returned not served.
*(Disregard this section unless the block is checked.)*

G.S. 7A-217, 232; 1A-1, Rule 4

Date Last Summons Issued

*FILED MECKLENBURG COUNTY MAR 30 1994 AT ____ O'CLOCK ____ M. BY ____ CLERK OF SUPERIOR COURT*

---

**TO:**

Name And Address Of First Defendant

SHIRLEY STEELE
1137 COMSTOCK DR.
CHARLOTTE, NC 28217

**TO:**

Name And Address Of Second Defendant

ODELL STEELE
1137 COMSTOCK DR.
CHARLOTTE, NC 28217

---

## A Small Claim Action Has Been Commenced Against You!

You are notified to appear before the magistrate at the specified place, date and time of trial listed below. You will have the opportunity at the trial to defend yourself against the claim stated in the attached complaint.

You may file a written answer, making defense to the claim, in the office of the Clerk of Superior Court not later than the time set for trial. Whether or not you file an answer, the plaintiff must prove his claim before the magistrate.

If you fail to appear and defend against the proof offered, the magistrate may enter a judgment against you.

---

| Location Of Court | Date Of Trial | Time Of Trial | |
|---|---|---|---|
| 200 East Trade St Rm 103 | 4-14-94 | 9:00 ☑ AM ☐ PM | |
| Name And Address Of Plaintiff Or Plaintiff's Attorney | Date Issued | | |
| THE BROKERAGE HOUSE<br>5205-B MONROE RD.<br>CHARLOTTE, NC 28205 | March 30, 1994 | | |
| | Signature | | |
| | ☐ Deputy CSC ☑ Assistant CSC ☐ Clerk Of Superior Court | | |

COPY MAILED
MECKLENBURG COUNTY
SHERIFF'S DEPT.

AOC-CVM-100
Rev. 6/87

(Over)

PC-003406

**RETURN OF SERVICE**

I certify that this Summons and a copy of the complaint were received and served as follows:

**DEFENDANT 1**

Date Served: 4-8-94

Name Of Defendant: SHIRLEY STEELE

☒ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason :

**DEFENDANT 2**

Date Served: 4-8-94

Name Of Defendant: ODELL STEELE

☐ By delivering to the defendant named above a copy of the summons and complaint.

☒ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

SHIRLEY STEELE )1132 Comstock De.

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason :

**FOR USE IN SUMMARY EJECTMENT CASES ONLY**

☐ Service was made by mailing by first class mail a copy of the summons and complaint to the defendant(s) and by posting a copy of the summons and complaint at the following premises.

Date Served:

Name(s) Of The Defendant(s) Served By Posting

Address Of Premises Where Posted

| Service Fee Paid | Date Received 3-31-94 | Name Of Sheriff C.W. Kidd JR. |
| --- | --- | --- |
| | Date Of Return 4-8-94 | County MECK. |
| AOC-CVM-100, Side Two Rev. 9/87 | | Deputy Sheriff Making Return J. Hurd |

PC - 003497

STATE OF NORTH CAROLINA

_Meck._ County

File No. 97CVM11737

Film No. 95 - 61 - 231

In The General Court of Justice

Plaintiff Petitioner

_Derrick Barrette_

VERSUS

ORDER

Defendant Respondent

_Odell Flowers_

☐ **DISMISSAL**      ☐ With Prejudice      ☐ Without Prejudice

This action is dismissed for the following reason:

☐ The plaintiff elected not to prosecute this action and has moved for dismissal.

☐ Neither the plaintiff, nor the defendant appeared on the scheduled trial date.

☐ The plaintiff failed to appear on the scheduled trial date; the defendant did appear on that date and has moved to dismiss this action

☐ Other.

☑ **DISCONTINUANCE** [G.S. 1A-1, Rule 4 (e)]

The defendant has never been served in this action, and more than ninety (90) days have elapsed since the last summons was issued.

☐ Continuance

The trial of this action is continued to the following date and time on motion of the

☐ Plaintiff

☐ Defendant

☐ Judge or Magistrate

☐ Other (Specify)

| Date of New Trial | Time of New Trial | ☐ AM   ☐ PM |
|---|---|---|

Date   3/28/95

Signature

PC - 003498

☐ Judge    ☑ Magistrate

☐ Assistant CSC    ☐ Clerk of Superior Court

Bates No. 1753

# COMPLAINT
# FOR MONEY OWED

G.S. 7A-216, 7A-232

**Name And Address Of Plaintiff**

DERRICK BARNETTE
C/O THE BROKERAGE HOUSE
5205-B MONROE RD.
CHARLOTTE, NC  28205

| County | Telephone No. |
|---|---|
| MECKLENBURG | 535-5254 |

## VERSUS

**Name And Address Of First Defendant**

ODELL FLOWERS
5100 CHERRY CREST LANE
CHARLOTTE, NC  28217

| County | Telephone No. |
|---|---|
| MECKLENBURG | |

**Name And Address Of Second Defendant**

| County | Telephone No. |
|---|---|

**Name And Address Of Plaintiff's Attorney**

THE BROKERAGE HOUSE
5205-B MONROE RD.
CHARLOTTE, NC  28205

AOC-CVM-200
Rev. 4/90

---

## STATE OF NORTH CAROLINA

MECKLENBURG County

In The General Court Of Justice
District Court Division-Small Claims

1. The defendant is a resident of the county named above.

2. The defendant owes me the amount listed for the following reason:

| | |
|---|---|
| Principal Amount Owed ▶ | $ 1,675.00 |
| Interest Owed (if any) ▶ | $ 359.37 |
| Total Amount Owed ▶ | $ 2,034.37 |

(check one below)

| | Date From Which Interest Due | | Interest Rate |
|---|---|---|---|
| ☐ On an Account (attach a copy of the account) ➡ | | | |
| | Beginning Date | Ending Date | Interest Rate |
| ☐ For Goods Sold and Delivered Between ➡ | | | |
| | Date From Which Interest Due | | Interest Rate |
| ☐ For Money Lent ➡ | | | |
| | Date Of Note | Date From Which Interest Due | Interest Rate |
| ☐ On a Promissory Note (attach copy) ➡ | | | |

☐ For a Worthless Check (attach a copy of the check)

☐ For Conversion (describe property)

☒ Other: (specify)   DAMAGE TO RENTAL PROPERTY:
REPAIRS (SEE ATTACHED)
CARPET REMOVED WITHOUT OWNER'S PERMISSION

I demand to recover the total amount listed above, plus interest and reimbursement for court costs.

| Date | Signature Of Plaintiff Or Attorney |
|---|---|

(Over)

PC - 003499

Bates No. 1754

# STATE OF NORTH CAROLINA

Mecklenburg County

In The General Court Of Justice
District Court Division-Small Claims

| Plaintiff | |
|---|---|
| DERRICK BARNETTE C/O THE BROKERAGE HOUSE | |

**FILED** MAY 17 AT ___ O'CLOCK ___ M. CLERK OF SUPERIOR COURT

## MAGISTRATE SUMMONS

☐ Alias And Pluries Summons. The summons originally issued against you was returned not served (Disregard this section unless the block is checked)

G.S. 7A-217, 232, 1A-1 Rule 4

Date Last Summons Issued

VERSUS

Defendant(s)

ODELL FLOWERS

**TO:**
Name And Address Of First Defendant

ODELL FLOWERS
5100 CHERRY CREST LANE
CHARLOTTE, NC 28217

**TO:**
Name And Address Of Second Defendant

### A Small Claim Action Has Been Commenced Against You!

You are notified to appear before the magistrate at the specified place, date and time of trial listed below. You will have the opportunity at the trial to defend yourself against the claim stated in the attached complaint.

You may file a written answer, making defense to the claim, in the office of the Clerk of Superior Court not later than the time set for trial. Whether or not you file an answer, the plaintiff must prove his claim before the magistrate.

If you fail to appear and defend against the proof offered, the magistrate may enter a judgment against you.

Location Of Court 700 E. Trade St. Room 102

Date Of Trial

Time Of Trial 9:00 ☐ AM ☐ PM

Name And Address Of Plaintiff Or Plaintiff's Attorney

DERRICK BARNETTE
C/O THE BROKERAGE HOUSE
5205-B MONROE RD.
CHARLOTTE, NC 28205

Date Issued

Signature

☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

SERVE BY DATE

AOC-CVM-100
Rev. 6/87

Bates No. 1755

I certify that this Summons and a copy of the complaint were received and served as follows:

**DEFENDANT 1**

| Date Served | Name Of Defendant |
| --- | --- |
| | Odell Flowers |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service (specify)

Disruet locate Juft Need More Intio,

☒ Defendant WAS NOT served for the following reason: Did not locate Cleft out the first Hrs ticked Cpt No forwarding address per Apt in Apartment — D not located at address ADD. At this time/Did not Resp. to card Left.

**DEFENDANT 2**

| Date Served | Name Of Defendant |
| --- | --- |
| | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason :

| FOR USE IN SUMMARY EJECTMENT CASES ONLY |

☐ Service was made by mailing by first class mail a copy of the summons and complaint to the defendant(s) and by posting a copy of the summons and complaint at the following premises.

| Date Served | Name(s) Of The Defendant(s) Served By Posting |
| --- | --- |
| | |

| Address Of Premises Where Posted | |
| --- | --- |
| 12594  11-2-94 | Jim Pendersion |
| Service Fee Paid $ | Date Received |
| By | Date Of Return |
| | 12-01-94 |

AOC-CVM-100, Side Two
Rev. 6/87

Bates No. 1756



*State of North Carolina*

*General Court of Justice*

## CLERK SUPERIOR COURT

### MECKLENBURG COUNTY
CHARLOTTE, N. C.

MARTHA K. CURRAN, CLERK
SUPERIOR COURT OF JUSTICE

FRANKLIN FREEMAN, DIRECTOR
ADMINISTRATIVE OFFICE OF THE COURTS

ROBERT M BURROUGHS
SENIOR RESIDENT JUDGE

CHASE B SAUNDERS
RESIDENT JUDGE

SHIRLEY L FULTON
RESIDENT JUDGE

ROBERT P JOHNSTON
RESIDENT JUDGE

JULIA V JONES
RESIDENT JUDGE

MARCUS L JOHNSON
RESIDENT JUDGE

December 19, 1994

Derrick Barnette

94 CVM 11737
Odell Flowers

Dear Sir or Madam:

After numerous attempts, the Sheriff's Department was unable to locate the defendant(s) in the above referenced case.

If the address given is accurate, and you wish to pursue the matter, <u>return along with this letter a **WRITTEN** request to reissue the summons</u> and the same will be returned to the Sheriff at <u>no additional charge</u>. If you have knowledge of a <u>new address</u> for the defendant, please **NOTIFY US BY MAIL** and **ENCLOSE A CHECK** for $5.00 (per defendant) <u>made payable to the Sheriff's Department</u> for service to a new address.

**ALL QUESTIONS CONCERNING SERVICE** on the defendant should be directed to the Mecklenburg County Sheriff's Department (704-336-2543). Any procedural questions may be directed to our office.

Sincerely,


Deputy Clerk of Superior Court

**SHERIFF'S NOTE REFERENCED ON RETURNED SUMMONS**:

did not locate on attempts

PC - 003502

File No. _____

Film No. 94-188-381

Judgment Docket Book And Page No. 452-298

## JUDGMENT IN ACTION FOR SUMMARY EJECTMENT

G.S. 7A-210(2), 7A-224; 42-30

Name And Address Of Plaintiff

Connie Earnette
C/o The Brokerage House
5205 P. Monroe Rd
Charlotte NC 28205

| County | Telephone No. |
|--------|---------------|
| Mecklenburg | 535-5451 |

**VERSUS**

Name And Address Of First Defendant

Shirley Steele
1141 Comstock Dr
Charlotte NC 28217

| County | Telephone No. |
|--------|---------------|
| Mecklenburg | 377-1939 |

Name And Address Of Second Defendant

| County | Telephone No. |
|--------|---------------|
| | |

Name And Address Of Plaintiff's Attorney

The Brokerage House
5205 Monroe Rd
Charlotte NC 28205

AOC-CVM-401
Rev. 4/90

## STATE OF NORTH CAROLINA

_____ County

In The General Court Of Justice
District Court Division-Small Claims

This action was tried before the undersigned on the cause stated in the complaint. The record shows that the defendant was given proper notice of the nature of the action and the date, time and location of trial.

### FINDINGS

The Court finds that:

☐ the plaintiff has proved his case by the greater weight of the evidence.
☐ the plaintiff has failed to prove his case by the greater weight of the evidence.
☐ Other:

### ORDER

It is ORDERED that:

☑ the defendant(s) be removed from and the plaintiff be put in possession of the premises described in the complaint.
☐ this action be dismissed with prejudice.
☐ this action be dismissed with prejudice because the defendant tendered the rent due and the court costs of this action.
☑ the plaintiff recover rent of the defendant(s) at the rate listed below, plus damages in the amount indicated. The plaintiff is also entitled to interest on the total principal sum from this date until the judgment is paid.
☐ Other: (specify)

☑ Costs of this action are taxed to the ☐ plaintiff. ☑ defendant.

| Rate Of Rent | | Amount Of Rent Owed To Date |
|--------------|---|------------------------------|
| $ 425 per ☑ Month ☐ Week | | $ 425 |

| Amount Of Other Damages | $ 25.00 | Date 11-2-94 |
|--------------------------|---------|--------------|
| Total Amount | ▶ $ 450.00 | Signature Of Magistrate |

### ENTRY OF APPEAL

| Name Of Appealing Party | | ☐ Given In Open Court | ☐ Jury Trial Not Requested |
|-------------------------|---|------------------------|-----------------------------|
| | | ☐ Given In Writing | ☐ Jury Trial Requested |
| Date Appeal Given | Date Court Costs Paid | Amount Court Costs Paid $ | |

PC - 003503

File No.

25350

# COMPLAINT
# IN SUMMARY EJECTMENT

G.S. 7A-216, 7A-232; Ch. 42, Art. 3

**Name And Address Of Plaintiff**

DERRICK BARNETTE
C/O THE BROKERAGE HOUSE
5205 B MONROE ROAD
CHARLOTTE, NC 28205

**Social Security No./Taxpayer ID No.**
56-181530

| County | Telephone No. |
|---|---|
| MECKLENBURG | 535-5254 |

## VERSUS

**Name And Address Of First Defendant**

SHIRLEY STEELE
1137 COMSTOCK DRIVE
CHARLOTTE, NC 28217

| County | Telephone No. |
|---|---|
| MECKLENBURG | 529-0002 |

**Name And Address Of Second Defendant**

| County | Telephone No. |
|---|---|
| | |

**Name And Address Of Plaintiff's Attorney Or Agent**

THE BROKERAGE HOUSE
5205 B MONROE ROAD
CHARLOTTE, NC 28205

AOC-CVM-201
Rev. 10/93

# STATE OF NORTH CAROLINA

MECKLENBURG ——————— County

In The General Court Of Justice
District Court Division-Small Claims

1. The defendant is a resident of the county named above.

2. The defendant entered into possession of premises described below as a lessee of plaintiff.

**Description Of Premises (Include Location)**
3 BEDROOM HOUSE, 1137 COMSTOCK DRIVE

| Rate Of Rent | | Date Rent Due | Date Lease Ended | Type Of Lease |
|---|---|---|---|---|
| $ 400 per ☒ Month ☐ Week | | 1ST | 10-31-94 | ☐ Oral ☒ Written |

3. ☒ The defendant failed to pay the rent due on the above date and the plaintiff made demand for the rent and waited the 10-day grace period before filing the complaint.

☐ The lease period ended on the above date and the defendant is holding over after the end of the lease period.

☐ The defendant breached the condition of the lease described below for which re-entry is specified.

**Description Of Breach**

The plaintiff has demanded possession of the premises from the defendant, who has refused to surrender it, and the plaintiff is entitled to immediate possession.

4. The defendant owes the plaintiff for the following:

**Description Of Any Property Damage**

NONE AT THIS TIME

| Amount Of Damage | Amount Of Rent Past Due | Total Amount |
|---|---|---|
| $ | $ 825 | $ 825 |

I demand to be put in possession of the premises and to recover the total amount listed above and daily rental until entry of judgment plus interest and reimbursement for court costs.

| Date | Signature Of Plaintiff/Attorney/Agent |
|---|---|
| | |

**CERTIFICATION WHEN COMPLAINT SIGNED BY AGENT OF PLAINTIFF**

I certify that I am an agent of the plaintiff and have actual knowledge of the facts alleged in this Complaint.

| Date | Signature |
|---|---|
| | |

(Over)

PC - 003504

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

In The General Court Of Justice
District Court Division-Small Claims

MECKLENBURG COUNTY
FILED
OCT 18 1994
CLERK OF SUPERIOR

**Plaintiff**

GERALD JOHNSON
C/O THE BROKERAGE HOUSE

**VERSUS**

**Defendant(s)**

SHIRLEY STEELE

## MAGISTRATE SUMMONS

☐ Alias and Pluries Summons. The summons originally issued against you was returned not served. (Disregard this section unless the block is checked.)

G.S. 7A-217, 232; 1A-1, Rule 4

Date Last Summons Issued

| TO: | TO: |
|---|---|
| Name And Address Of First Defendant | Name And Address Of Second Defendant |
| SHIRLEY STEELE<br>1137 COMSTOCK DRIVE<br>CHARLOTTE, NC 28205 | |

## A Small Claim Action Has Been Commenced Against You!

You are notified to appear before the magistrate at the specified place, date and time of trial listed below. You will have the opportunity at the trial to defend yourself against the claim stated in the attached complaint.

You may file a written answer, making defense to the claim, in the office of the Clerk of Superior Court not later than the time set for trial. Whether or not you file an answer, the plaintiff must prove his claim before the magistrate.

If you fail to appear and defend against the proof offered, the magistrate may enter a judgment against you.

| Location Of Court | Date Of Trial 11-9-94 | Time Of Trial 10:30 ☑ AM ☐ PM |
|---|---|---|
| Name And Address Of Plaintiff Or Plaintiff's Attorney<br>THE BROKERAGE HOUSE<br>5205 B MONROE ROAD<br>CHARLOTTE, NC 28205 | Date Issued 10-18-94 | |
| | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

COPY MAILED
OCT 21 1994
MECKLENBURG COUNTY
SHERIFF'S DEPT.

AOC-CVM-100
Rev. 6/87

(Over)

PC - 003505

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Name Of Defendant |
|---|---|
| 10-25-94 | SHIRLEY STEELE |

☑ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)
700 E 4I₦ ST. (SHERIFFS DEPT)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason :

### DEFENDANT 2

| Date Served | Name Of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason :

## FOR USE IN SUMMARY EJECTMENT CASES ONLY

☐ Service was made by mailing by first class mail a copy of the summons and complaint to the defendant(s) and by posting a copy of the summons and complaint at the following premises.

| Date Served | Name(s) Of The Defendant(s) Served By Posting |
|---|---|
| | |

Address Of Premises Where Posted

| Service Fee Paid | Date Received | Name Of Sheriff |
|---|---|---|
| $ | 10-19-94 | C W KIDD |
| By | Date Of Return | County |
| | 10-25-94 | Meck |

Deputy Sheriff Making Return
R Crosby

AOC-CVM-100, Side Two
Rev. 6/87

PC - 003506

PC - 003507

File No. 95 CVM 6117

Film No. 95-56-27

Judgment Docket Book And Page No.

## JUDGMENT IN ACTION FOR SUMMARY EJECTMENT

G.S. 7A-210(2), 7A-224; 42-30

Name And Address Of Plaintiff

The Brokerage House, Agent For
_____
5205 B Monroe Rd.
Charlotte NC 28205

County Mecklenburg    Telephone No.

### VERSUS

Name And Address Of First Defendant
Shirley Steele
1137 Comstock
Charlotte, NC 282 12

County Mecklenburg    Telephone No. 377-1939

Name And Address Of Second Defendant
Odell Steele
1137 Comstock
Charlotte, NC 28217

County Mecklenburg    Telephone No. 377-19

Name And Address Of Plaintiff's Attorney

AOC-CVM-401
Rev. 4/90

## STATE OF NORTH CAROLINA

Mecklenburg —— County

In The General Court Of Justice
District Court Division-Small Claims

This action was tried before the undersigned on the cause stated in the complaint. The record shows that the defendant was given proper notice of the nature of the action and the date, time and location of trial.

### FINDINGS

The Court finds that:

☑ the plaintiff has proved his case by the greater weight of the evidence.
☐ the plaintiff has failed to prove his case by the greater weight of the evidence.
☐ Other:

### ORDER

It is ORDERED that:

☑ the defendant(s) be removed from and the plaintiff be put in possession of the premises described in the complaint.
☐ this action be dismissed with prejudice.
☐ this action be dismissed with prejudice because the defendant tendered the rent due and the court costs of this action.
☐ the plaintiff recover rent of the defendant(s) at the rate listed below, plus damages in the amount indicated. The plaintiff is also entitled to interest on the total principal sum from this date until the judgment is paid.
☐ Other: (specify)

☑ Costs of this action are taxed to the ☑ plaintiff. ☐ defendant.

| Rate Of Rent | | Amount Of Rent Owed To Date | |
|---|---|---|---|
| $ 400 00 per ☑ Month ☐ Week | | $ | |
| Amount Of Other Damages | | $ | Date 3·23·95 |
| Total Amount | ▶ | $ | Signature Of Magistrate |

### ENTRY OF APPEAL

| Name Of Appealing Party | | ☐ Given In Open Court  ☐ Jury Trial Not Requested |
|---|---|---|
| | | ☐ Given In Writing  ☐ Jury Trial Requested |
| Date Appeal Given | Date Court Costs Paid | Amount Court Costs Paid $ |

File No. 617

# COMPLAINT
# IN SUMMARY EJECTMENT

G.S. 7A-216, 7A-232; Ch. 42, Art. 3

**STATE OF NORTH CAROLINA**

MECKLENBURG _____ County

In The General Court Of Justice
District Court Division-Small Claims

**Name And Address Of Plaintiff**

DERRICK L BARNETTE
C/O THE BROKERAGE HOUSE
5205-B MONROE RD
CHARLOTTE, NC 28205

Social Security No./Taxpayer ID No.
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

County MECKLENBURG | Telephone No. 535-5254

**VERSUS**

**Name And Address Of First Defendant**

SHIRLEY STEELE
1137 COMSTOCK
CHARLOTTE, NC 28217

County MECKLENBURG | Telephone No. 377-1939

**Name And Address Of Second Defendant**

ODELL STEELE
1137 COMSTOCK
CHARLOTTE, NC 28217

County MECKLENBURG | Telephone No. 377-1939

**Name And Address Of Plaintiff's Attorney Or Agent**

THE BROKERAGE HOUSE
5205-B MONROE RD
CHARLOTTE, NC 28205

AOC-CVM-201
Rev. 10/93

1. The defendant is a resident of the county named above.

2. The defendant entered into possession of premises described below as a lessee of plaintiff.

**Description Of Premises (Include Location)**
House 1137 Comstock, Charlotte, NC 28217

| Rate Of Rent | ☒ Month ☐ Week | Date Rent Due | Date Lease Ended | Type Of Lease |
|---|---|---|---|---|
| $ 400.00 per | | 2-1-95 | | ☐ Oral ☒ Written |

3. ☒ The defendant failed to pay the rent due on the above date and the plaintiff made demand for the rent and waited the 10-day grace period before filing the complaint.

☐ The lease period ended on the above date and the defendant is holding over after the end of the lease period.

☐ The defendant breached the condition of the lease described below for which re-entry is specified.

**Description Of Breach**
NONE PAYMENT OF RENTS DUE

The plaintiff has demanded possession of the premises from the defendant, who has refused to surrender it, and the plaintiff is entitled to immediate possession.

4. The defendant owes the plaintiff for the following:

**Description Of Any Property Damage**

NONE AT THIS TIME

| Amount Of Damage | Amount Of Rent Past Due | Total Amount |
|---|---|---|
| $ -0- | $ 665.00 | $ 665.00 |

I demand to be put in possession of the premises and to recover the total amount listed above and daily rental until entry of judgment plus interest and reimbursement for court costs.

| Date 2-24-95 | Signature Of Plaintiff/Attorney/Agent _Marguery C. Glauzman_ |

**CERTIFICATION WHEN COMPLAINT SIGNED BY AGENT OF PLAINTIFF**

I certify that I am an agent of the plaintiff and have actual knowledge of the facts alleged in this Complaint.

| Date 2-28-95 | Signature _Marguery C. Glauzman_ |

(Over)

PC - 003508

Bates No. 1763

6117

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

File No.

95CVM

In The General Court Of Justice
District Court Division-Small Claims

**Plaintiff**

DERRICK L. BARNETTE

c/o THE BROKERAGE HOUSE

**VERSUS**

**Defendant(s)**

SHIRLEY STEELE

ODELL STEELE

## MAGISTRATE SUMMONS

☐ Alias and Pluries Summons. The summons originally issued against you was returned not served.
(Disregard this section-unless the block is checked.)

G.S. 7A-217, 232; 1A-1, Rule 4

Date Last Summons Issued

**TO:**
Name And Address Of First Defendant

SHIRLEY STEELE
1137 COMSTOCK
CHARLOTTE, NC 28217
377-1939

**TO:**
Name And Address Of Second Defendant

ODELL STEELE
1137 COMSTOCK
CHARLOTTE, NC 28217
377-1939

### A Small Claim Action Has Been Commenced Against You!

You are notified to appear before the magistrate at the specified place, date and time of trial listed below. You will have the opportunity at the trial to defend yourself against the claim stated in the attached complaint.

You may file a written answer, making defense to the claim, in the office of the Clerk of Superior Court not later than the time set for trial. Whether or not you file an answer, the plaintiff must prove his claim before the magistrate.

If you fail to appear and defend against the proof offered, the magistrate may enter a judgment against you.

Location Of Court
700 E Trade St Rm 104

Date Of Trial
3-23-95

Time Of Trial
9:00 ☒ AM ☐ PM

Name And Address Of Plaintiff Or Plaintiff's Attorney
DERRICK L. BARNETTE
c/o THE BROKERAGE HOUSE
5250 B Monroe Rd.
Charlotte, NC 28205

Date Issued
3-8-95

Signature

☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

A4A

COPY MAILED

MAR 10 1995

MECKLENBURG COUNTY
SHERIFF'S DEPT.

AOC-CVM-100
Rev. 6/87

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Name Of Defendant |
|---|---|
| 3-14-95 | Shirley Steele |

☑ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

Sheriff's Dept

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason :

### DEFENDANT 2

| Date Served | Name Of Defendant |
|---|---|
| 3-15-95 | ODELL STEELE |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☑ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

Copy Left with SON ANDREZE 1137 Comstock

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason :

### FOR USE IN SUMMARY EJECTMENT CASES ONLY

☐ Service was made by mailing by first class mail a copy of the summons and complaint to the defendant(s) and by posting a copy of the summons and complaint at the following premises.

| Date Served | Name(s) Of The Defendant(s) Served By Posting |
|---|---|
| | |

Address Of Premises Where Posted

| Service Fee Paid | Date Received | Name Of Sheriff |
|---|---|---|
| $ | 3-9-95 | Jim Pendergrah |
| By | Date Of Return 3-14-95/3-15-95 | County Meck |
| AOC-CVM-100, Side Two Rev. 6/87 | | Deputy Sheriff Making Return Lt. More /D. Hurd |



CHARLOTTE DISTRICT OFFICE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
403 N. Tryon Street 1301 East Morehead Street
Charlotte, North Carolina 28202 28204

Charge Number: 045810003

Mr. Derrick L. Barnette
1137 Comstock Drive
Charlotte, North Carolina 28210

Dear Mr. Barnette:

Your charge of employment discrimination has been withdrawn

at your request.

On behalf of the Commission:

**JUN 26 1981**

Date

James H. Troy
District Director

cc: Ronald L. Gibson, Esq.
Chambers, Ferguson, Watt, Wallas,
Adkins & Fuller



JUN 23 1981

CHAMBERS, FERGUSON, WATT, WALLAS,
ADKINS & FULLER, P.A.

PC - 004656

# CHAMBERS, FERGUSON, WATT, WALLAS, ADKINS & FULLER, P.A.

ATTORNEYS AT LAW

SUITE 730 EAST INDEPENDENCE PLAZA

951 SOUTH INDEPENDENCE BOULEVARD

CHARLOTTE, NORTH CAROLINA 28202

TELEPHONE (704) 375-8461

JULIUS LEVONNE CHAMBERS
JAMES E. FERGUSON, II
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
C. YVONNE MIMS
JOHN W. GRESHAM
RONALD L. GIBSON
GILDA F. GLAZER

June 4, 1981

Mr. Derrick L. Barnette
1137 Comstock Drive
Charlotte, North Carolina 28210

Re: <u>Barnette v. TART's</u>

Dear Derrick:

I am sorry that I missed you in the office today. I have enjoyed working with you.

With best regards.

Sincerely yours,

Ronald L. Gibson

RLG:pm

PC - 004657

# CHAMBERS, FERGUSON, WATT, WALLAS, ADKINS & FULLER, P.A.

ATTORNEYS AT LAW
SUITE 730 EAST INDEPENDENCE PLAZA
951 SOUTH INDEPENDENCE BOULEVARD
CHARLOTTE, NORTH CAROLINA 28202
TELEPHONE (704) 375-8461

JULIUS LEVONNE CHAMBERS
JAMES E. FERGUSON, II
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
C. YVONNE MIMS
JOHN W. GRESHAM
RONALD L. GIBSON
GILDA F. GLAZER

June 4, 1981

Mr. Frank W. Manning
Equal Opportunity Specialist
Equal Employment Commission
1301 E. Morehead Street
Charlotte, North Carolina 28204

Re:  Barnette vs. TART's

Dear Frank:

Enclosed to your delight is a EEOC Form 154 withdrawing the
above reference charge.

With best regards.

Sincerely yours,

Ronald L. Gibson

RLG:pm
Enc.

PC - 004658

CHAMBERS, FERGUSON, WATT, WALLAS, ADKINS & FULLER, P.A.

ATTORNEYS AT LAW
SUITE 730 EAST INDEPENDENCE PLAZA
951 SOUTH INDEPENDENCE BOULEVARD
CHARLOTTE, NORTH CAROLINA 28202
TELEPHONE (704) 375-8461

JULIUS LEVONNE CHAMBERS
JAMES E. FERGUSON, II
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
C. YVONNE MIMS
JOHN W. GRESHAM
RONALD L. GIBSON
GILDA F. GLAZER

June 4, 1981

Mr. David B. Hamilton
Farris, Mallard & Underwood
1700 Southern National Center
200 South College Street
Charlotte, North Carolina 28202

Re:   Barnette v. TART's
      EEOC Charge No. 045810003

Dear David:

Enclosed is a duplicate original of the settlement agreement and a copy of EEOC Form 154, which request that the Commission dismiss Mr. Barnette's charge. As a matter of course, the Commission will return a letter to you and me indicating that the charge has been withdrawn within a few days.

I appreciate your cooperation in resolving this matter and look forward to working with you again.

Sincerely yours,

Ronald L. Gibson

RLG:pm

PC - 004659



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## REQUEST FOR WITHDRAWAL OF CHARGE OF DISCRIMINATION

*You recently indicated a desire to withdraw your charge. In order to initiate such action, furnish the information below and return this form in the enclosed envelope. Since a request for withdrawal of a charge is subject to the approval of the Commission, your request will be considered and acted upon when received by this office. Please note that the Commission is still prepared to proceed with your case if you so desire.*

| CASE NUMBER 045810003 | DATE |
|---|---|
| CHARGING PARTY Derrick L. Barnette | RESPONDENT(S) Tart's |

### CHARGING PARTY COMPLETE INFORMATION BELOW
*(Continue on reverse if necessary)*

*I am aware that the Federal Government protects my right to file a complaint and have been advised that it is unlawful for any person covered by Title VII to threaten, intimidate or harass me because I have filed a complaint. I have not been coerced into requesting this withdrawal.*

*I request the withdrawal of my charge because* the company and I have reached a mutually acceptable agreement resulting in a monetary award.

| DATE | SIGNATURE |
|---|---|

|  | FOR EEOC USE ONLY |
|---|---|
| SEND TO: EEOC 1301 E. Morehead Street Charlotte, North Carolina 28204 | ☐ APPROVE ☐ DISAPPROVE |
|  | DATE |
|  | DISTRICT DIRECTOR |
|  | PC - 004660 |

GPO 367-552

Case 3:12-cv-00327-MOC    Document 75-1    Filed 12/22/14    Page 28 of 76

Bates No. 1770

STATE OF NORTH CAROLINA )
                         )          AGREEMENT
COUNTY OF MECKLENBURG    )


THIS AGREEMENT made this ____ day of April, 1981, by DERRICK
L. BARNETTE, a resident of Mecklenburg County, North Carolina
("Mr. Barnette") and D M Marketing Company, d/b/a TART's ("TART's").

                           .WITNESSETH:

WHEREAS, Mr. Barnette was formally employed by TART's in
Charlotte, North Carolina; and

WHEREAS, Mr. Barnette contends that TART's has discriminated
against him in the terms and conditions of his employment on the
basis of his race and color; and

WHEREAS, Mr. Barnette filed a charge of discrimination against
TART's with the Equal Employment Opportunity Commission, designated
as EEOC Charge No. 045810003; and

WHEREAS, TART's denies that it has discriminated against
Mr. Barnette on the basis of his race and color; and

WHEREAS, both parties believe that it is in their best interest
to reconcile their differences and avoid litigation;

NOW, THEREFORE, for and in consideration of the mutual covenants
contained herein, the parties do hereby agree as follows:

1.  TART's will pay to Mr. Barnette the sum of $1,500.00.

2.  TART's will remove from Mr. Barnette's personnel records
maintained in the regular course of business by TART's any and all
documents or entries which relate  to the facts and circumstances
which led  to his resignation and the charge of discrimination filed
with EEOC.

PC-004661

of Mr. Barnette's employment with TART's and the positions held by him during that employment.

4. Mr. Barnette will take all necessary steps to cause the charge of discrimination filed against TART's with the EEOC to be withdrawn and to obtain the consent of EEOC to such withdrawal. Mr. Barnette will execute an EEOC Form 154 at the time of execution of this Agreement and will forward such form to EEOC for its approval.

5. Mr. Barnette will not institute or be a party to any legal action against TART's arising out of the mattters covered by this Agreement.

6. This Agreement shall constitute a full and complete settlement of the controversy between the parties, and Mr. Barnette hereby waives and releases any and all claims he may have against TART's, its directors, officers, employees and agents, whether or not previously asserted, arising out of or in anyway connection with his employment with TART's.

7. The parties hereby agree that the contents of this Agreement will remain confidential.

8. The parties will pay their own costs and expenses arising out of or related to the matters covered by this Agreement, unless otherwise provided by the terms of this Agreement.

9. It is understood that this Agreement does not constitute an admission by TART's of any violation of Title VII of the Civil Rights Act of 1964, as amended. This Agreement shall constitute the entire agreement between the parties, and shall be binding upon the parties hereto, and their respective heirs, administrators, successors and assigns.

PGu004662

Chambers, Ferguson, Watt, Wallas,
Adkins & Fuller, P.A.
951 South Independence Boulevard
Charlotte, North Carolina 28202


## SETTLEMENT SHEET

Title:  Derrick Barnette v. TART's _____ Our File No. ED 81-24 RG

Settlement Figure ---------------------------------------------------------$1,500.00

Less Attorney's Fees and Expenses ----------------------------------------$ 140.00*

Amount Payable to Client --------------------------------------------------$1,360.00


        *Total fee $240.00
                    100.00
                    140.00


Date: 3 June 81

The above settlement sheet has been read by me and I do hereby approve this sett-
ment and authorize the payment of the above deductions.  I understand that any e-
penses incurred in connection with this matter and not deducted above are to be
paid by me.

_____
Client

PC - 004663

FARRIS, MALLARD & UNDERWOOD
PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
1700 SOUTHERN NATIONAL CENTER
200 SOUTH COLLEGE STREET
CHARLOTTE, NORTH CAROLINA
28202

RAY S. FARRIS
E. LYNWOOD MALLARD
DAVID P. UNDERWOOD
CHARLES H. CRANFORD
DAVID B. HAMILTON
MEG D. GOLDSTEIN

AREA CODE 704

RECEIVED
JUN 3 1981

CHAMBERS, FERGUSON, WATT, WALLAS,
ADKINS & FULLER, P.A.

April 24, 1981

Mr. Ronald L. Gibson
Chambers, Ferguson, Watt,
 Wallas, Adkins & Fuller, P. A.
Attorneys at Law
Suite 730 East Independence Plaza
951 South Independence Boulevard
Charlotte, North Carolina  28202

Re:  Your client Derrick L. Barnette
     EEOC Charge No. 045810003

Dear Ron:

Regarding the above captioned matter, enclosed please find duplicate originals of the Agreement which you forwarded to me which have now been executed by our client. Enclosed also please find a check in the amount of $1,500.00, payable to you as attorney for Mr. Barnette, in settlement of Mr. Barnette's claim. We would ask that a fully executed duplicate original be returned to us after execution by Mr. Barnette.

Regarding the Agreement which you drafted let me note for the record only one exception. The first paragraph of the Agreement includes the word "formally", while I believe the word intended was "formerly". Rather than revise the entire first page of the Agreement, I would suggest we let this letter suffice as a notation of its exception.

We would appreciate your cooperation in seeing to it that a copy of the documents to be executed by Mr. Barnette to the EEOC, and a copy of the EEOC dismissal, be forwarded to us for our records.

With best regards, we are,

Sincerely,

FARRIS, MALLARD & UNDERWOOD, P. A.

David B. Hamilton

DBH/vka
enc.

PC - 004664

Bates No. 1774



## TART'S

### D. M. MARKETING, INC.
4026 INDEPENDENCE BOULEVARD
CHARLOTTE, NORTH CAROLINA
CHARLOTTE (704) 563-9030 OR FAYETTEVILLE (919) 867-1111

No. 00371

66-197
531

**Southern National Bank**
OF NORTH CAROLINA
Fayetteville, North Carolina 28302

June 1,      81

One Thousand Five Hundred and no/100----------------------------      1,500.00

Ronald Gibson, Attorney/for

Derrick Barnette

TART'S

⑆00000371⑆ ⑆053101972⑆ 041⑆621753⑆

---

D. M. MARKETING, INC./TART'S
4026 INDEPENDENCE BLVD. CHARLOTTE, N. C.

No. 00371

| DATE | INVOICE NUMBER | DESCRIPTION | AMOUNT | DEDUCTIONS | | NET AMOUNT |
| | | | | PARTICULARS | AMOUNT | |
|---|---|---|---|---|---|---|
| | | Ronald Gibson, Attorney for Derrick Barnette | | | | $1,500.00 |

PC - 004665

## FARRIS, MALLARD & UNDERWOOD
### PROFESSIONAL ASSOCIATION
#### ATTORNEYS AT LAW
1700 SOUTHERN NATIONAL CENTER
200 SOUTH COLLEGE STREET
CHARLOTTE, NORTH CAROLINA
28202

RAY S. FARRIS
E. LYNWOOD MALLARD
DAVID P. UNDERWOOD
CHARLES H. CRANFORD
DAVID B. HAMILTON
MEG D. GOLDSTEIN

AREA CODE 704
372-9110

April 24, 1981

Mr. Ronald L. Gibson
Chambers, Ferguson, Watt,
 Wallas, Adkins & Fuller, P. A.
Attorneys at Law
Suite 730 East Independence Plaza
951 South Independence Boulevard
Charlotte, North Carolina  28202

Re:  Your client Derrick L. Barnette
     EEOC Charge No. 045810003

Dear Ron:

Regarding the above captioned matter, enclosed please find duplicate originals
of the Agreement which you forwarded to me which have now been executed by our
client.  Enclosed also please find a check in the amount of $1,500.00, payable
to you as attorney for Mr. Barnette, in settlement of Mr. Barnette's claim.
We would ask that a fully executed duplicate original be returned to us after
execution by Mr. Barnette.

Regarding the Agreement which you drafted let me note for the record only one
exception.  The first paragraph of the Agreement includes the word "formally",
while I believe the word intended was "formerly".  Rather than revise the entire
first page of the Agreement, I would suggest we let this letter suffice as a
notation of its exception.

We would appreciate your cooperation in seeing to it that a copy of the documents
to be executed by Mr. Barnette to the EEOC, and a copy of the EEOC dismissal, be
forwarded to us for our records.

With best regards, we are,

                          Sincerely,

                          FARRIS, MALLARD & UNDERWOOD, P. A.


                          David B. Hamilton

DBH/vka
enc.

PC - 004666

Case 3:12-cv-00327-MOC   Document 75-176   Filed 12/22/14   Page 34 of 76

Bates No. 1776



Charlotte District Office
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
~~411 N. Tryon Street~~   1301 E. Morehead Street
Charlotte, North Carolina 28~~202~~   28204

MAY 04 1981

In reply refer to:  045810003

Barnette
vs.
Tarts

Mr. Derrick L. Barnette
1137 Comstock Drive
Charlotte, North Carolina 28210

Dear Mr. Derrick L. Barnette:

Enclosed is a copy of a withdrawal form (EEOC Form 154)
for your review, signature, and date.  Please return
the withdrawal form to our office in the enclosed
self-addressed, stamped envelope.  Your prompt and
express attention to this matter will be greatly
appreciated.

Sincerely,

Frank W. Manning
Equal Opportunity Specialist

Enclosures:
EEOC Form 154
Self-addressed envelope

cc:  Ronald Gibson, Esquire

RECEIVED

MAY 5 1981

CHAMBERS, FERGUSON, WATT, WALLAS,
ADKINS & FULLER, P.A.

PC - 004667

Bates No. 1777

## CHAMBERS, FERGUSON, WATT, WALLAS, ADKINS & FULLER, P.A.

ATTORNEYS AT LAW

SUITE 730 EAST INDEPENDENCE PLAZA

951 SOUTH INDEPENDENCE BOULEVARD

CHARLOTTE, NORTH CAROLINA 28202

TELEPHONE (704) 375-8461

JULIUS LEVONNE CHAMBERS
JAMES E. FERGUSON, II
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
C. YVONNE MIMS
JOHN W. GRESHAM
RONALD L. GIBSON
GILDA F. GLAZER

May 28, 1981

Mr. David B. Hamilton
Farris, Mallard & Underwood
1700 Southern National Center
200 South College Street
Charlotte, North Carolina 28202

Re: Barnette v. TART's
EEOC Charge No. 045810003

Dear David:

Mr. Barnette is quite upset over the delay in resolving this matter. He has indicated that unless we can set a definite time to resolve the matter on June 1, that the settlement offer is withdrawn and we will ask EEOC to proceed with their investigation. I will be in the office on Monday and will look to hear from you.

Sincerely yours,

Ronald L. Gibson

RLG:pm

PC - 004668

Bates No. 1778

<u>M</u> <u>E</u> <u>M</u> <u>O</u> <u>R</u> <u>A</u> <u>N</u> <u>D</u> <u>U</u> <u>M</u>

May 15, 1981

TO:      Ella Hand

FROM:    Ron

RE:      Derrick L. Barnette vs. TART's


I am expecting to receive a check and a settlement agreement for
Derrick Barnette.  Should this stuff come in, please prepare a
settlement sheet and call Mr. Barnette and arrange for him to come
by and sign both the settlement agreement and the EEOC Form 154
that appears at the front of the file.  I would suggest that you
prepare the settlement sheet with the numbers I am going to give you
below and have one of the other lawyers arrange to meet with
Barnette and review the settlement agreement and answer any questions
he might have.  I have already discussed it with him so it sould be
just a matter of getting his signature on the two documents and dis-
tributing the money.  The amount of the settlement is $1,500.00  we
have 4.0 hours in the case.  This includes some time for some other
lawyer to meet with him and have him sign the papers.  I am billing
him at $60.00 per hour, I believe that he has paid $100.00, but I
am not sure.  Please check the ledger card on that so that we properly
credit him with whatever he has paid.   I will be calling in practi-
cally everyday in case there is a problem.


/pm

PC - 004669

## CHAMBERS, FERGUSON, WATT, WALLAS, ADKINS & FULLER, P.A.

ATTORNEYS AT LAW

SUITE 730 EAST INDEPENDENCE PLAZA

951 SOUTH INDEPENDENCE BOULEVARD

CHARLOTTE, NORTH CAROLINA 28202

TELEPHONE (704) 375-8461

JULIUS LEVONNE CHAMBERS
JAMES E. FERGUSON, II
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
C. YVONNE MIMS
JOHN W. GRESHAM
RONALD L. GIBSON

April 16, 1981

Mr. Derrick L. Barnette
1137 Comstock Drive
Charlotte, North Carolina 28210

Re: Barnette v. TART's

Dear Derrick:

Please review this proposed settlement agreement and call me if you have any problems with it. While most of the language sounds rather formal, it is fairly standard for resolution of matters such as this.

I will contact you as the matters develops.

Sincerely yours,

Ronald L. Gibson

RLG:pm
Enc.

PC - 004670

Bates No. 1780

CHAMBERS, FERGUSON, WATT, WALLAS, ADKINS & FULLER, P.A.

ATTORNEYS AT LAW

SUITE 730 EAST INDEPENDENCE PLAZA

951 SOUTH INDEPENDENCE BOULEVARD

CHARLOTTE, NORTH CAROLINA 28202

TELEPHONE (704) 375-8461

JULIUS LEVONNE CHAMBERS
JAMES E. FERGUSON, II
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
C. YVONNE MIMS
JOHN W. GRESHAM
RONALD L. GIBSON

April 16, 1981

Mr. David B. Hamilton
Farris, Mallard & Underwood
1700 Southern National Center
200 South College Street
Charlotte, North Carolina 28202

                    Re:  Barnette vs. TART's
                         EEOC Charge No. 045810003

Dear David:

Mr. Barnette has agreed to resolve his charge of discrimination
on the terms set out in your April 10, 1981, letter to me.  I
have enclosed a draft settlement agreement which amplifies the
terms set out in your letter.  If you have any proposed changes,
please contact me so that we can resolve them and put the matter
to rest.  I have not reviewed this agreement with Mr. Barnette,
but I do not expect there to be any insurmountable problem.

With best regards.

                         Sincerely yours,

                         Roanld L. Gibson

RLG:pm
Enc.
cc:  Derrick L. Barnette

PC - 004671

# FARRIS, MALLARD & UNDERWOOD
### PROFESSIONAL ASSOCIATION
### ATTORNEYS AT LAW
### 1700 SOUTHERN NATIONAL CENTER
### 200 SOUTH COLLEGE STREET
## CHARLOTTE, NORTH CAROLINA
### 28202

RAY S. FARRIS
E. LYNWOOD MALLARD
DAVID P. UNDERWOOD
CHARLES H. CRANFORD
DAVID B. HAMILTON
MEG D. GOLDSTEIN

AREA CODE 704
372-9110

April 10, 1981

Mr. Ronald L. Gibson
Chambers, Ferguson, Watt,
Wallas, Adkins & Fuller, P.A.
Attorneys at Law
Suite 730 East Independence Plaza
951 South Independence Boulevard
Charlotte, North Carolina 28202

Re: Your client Derrick L. Barnette
    EEOC Charge No. 045810003

Dear Ron:

I have discussed with our client the contents of your letter of April 7, 1981. In exchange for Mr. Barnette's agreement to dismiss his EEOC charge and to acknowledge his agreement to forebear initiating any action against our client under Title VII of the Civil Rights Act based upon the alleged acts of our client, and further in exchange for Mr. Barnette's agreement to execute a General Release and Confidentiality statement regarding this matter, our client would agree to do the following:

(1)  To pay the total sum of $1,500.00, which sum could be distributed in any manner agreed to between yourself and Mr. Barnette;

(2)  To remove from Mr. Barnette's employment record any and all documents and entries relating to the facts and circumstances which led to his resignation;

(3)  To give only a neutral response in the event that any employer or prospective employer of Mr. Barnette requests an evaluation or reference concerning his employment record with D. M. Marketing Company.

We trust that this offer will be acceptable to Mr. Barnette and that the matter will finally be resolved.

We look forward to your reply.

Sincerely,

FARRIS, MALLARD & UNDERWOOD, P. A.

David B. Hamilton

DBH/vka
cc: Mr. W. David Moore, III

PC - 004672

# CHAMBERS, FERGUSON, WATT, WALLAS, ADKINS & FULLER, P.A.

ATTORNEYS AT LAW
SUITE 730 EAST INDEPENDENCE PLAZA
951 SOUTH INDEPENDENCE BOULEVARD
CHARLOTTE, NORTH CAROLINA 28202
TELEPHONE (704) 375-8461

JULIUS LEVONNE CHAMBERS
JAMES E. FERGUSON, II
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
C. YVONNE MIMS
JOHN W. GRESHAM
RONALD L. GIBSON

April 7, 1981

Mr. David B. Hamilton
Farris, Mallard & Underwood, P.A.
1700 Southern National Center
200 South College Street
Charlotte, North Carolina 28202

Re: Barnette vs. TART's
EEOC Charge No. 045810003

Dear David:

I have discussed the prospects of settlement with Mr. Barnette. We proposed that the matter be settled on the following basis:

1. Payment to him of $2,000.00 back pay;

2. Payment to our firm of $300.00 attorney's fees;

3. Removal of any adverse remarks from his personnel record and an agreement to give neutral references to prospective employers; and,

4. Execution of a full and complete release.

This proposal represents a 50% settlement of his back pay claim, which would now be in the neighborhood of $4,000.00.

Sincerely yours,

Ronald L. Gibson

RLG:pm

PC - 004673

Bates No. 1783

D. mick Banutti

conf Banutti

→ will consider offer

Pat Bring file

Note They want a settlement proposal

- with Hawitta
  say 2000 plus fees ~$300

- will take $1,000~1500

PC - 004674

CHAMBERS, FERGUSON, WATT, WALLAS, ADKINS & FULLER, P.A.

ATTORNEYS AT LAW

SUITE 730 EAST INDEPENDENCE PLAZA

951 SOUTH INDEPENDENCE BOULEVARD

CHARLOTTE, NORTH CAROLINA 28202

TELEPHONE (704) 375-8461

JULIUS LEVONNE CHAMBERS
JAMES E. FERGUSON, II
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
C. YVONNE MIMS
JOHN W. GRESHAM
RONALD L. GIBSON

March 2, 1981

Mr. Derrick Barnette
1137 Comstock Drive
Charlotte, North Carolina 28210

Re: Barnette vs. TART's

Dear Mr. Barnette:

I had a lengthy conversation last week with the company's attorney. He indicated that they were not interested in settling the matter for anything more than a few hundred dollars (possibly as much as $500). I told him that you were not interested in settling on that basis but remained interested in reaching a settlement. The company will be interested in talking further after EEOC investigates the matter. I don't think they know what kind of defense they have and would not want to discuss settlement until after they see where the chips are going to fall. Once EEOC investigates, you and I will be in a much better position to assess the strength of your case and determine for how much you should settle the matter.

As matters develop, I will be in touch with you.

Sincerely yours,

Ronald L. Gibson

RLG:pm

PC - 004675

File Donald Barnett

conf David Hamilton

- says they are not interested in settlement in any ? I discussed

- says they had problems w/ him in Gastonia

- then came back after two weeks off to work as salesman in Ford store

- April saw him title of Warehouse Service Mgr
  did not have job description

$Spt = $ Operation Mgr

—

→ 9 of 31 employees on Black
SAys all employees are asked to
do errands of this sort

PC - 004676

Barnett

- was offered #200

- then was offered #500

~~$~~ first Oct 1      200 wrk

reemployed Feb   125 + comm
        Charlotte Post

                                           900
4 mth  200                    1,100
      3200  +


Oct 1  -  Feb    3200
Feb 1 - Mar 1      300
                 3500    +

PC - 004677

Bates No. 1787

**CHAMBERS, FERGUSON, WATT, WALLAS, ADKINS & FULLER, P.A.**

ATTORNEYS AT LAW
SUITE 730 EAST INDEPENDENCE PLAZA
951 SOUTH INDEPENDENCE BOULEVARD
CHARLOTTE, NORTH CAROLINA 28202
TELEPHONE (704) 375-8461

JULIUS LEVONNE CHAMBERS
JAMES E. FERGUSON, II
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
C. YVONNE MIMS
JOHN W. GRESHAM
RONALD L. GIBSON

February 9, 1981

Mr. Derrick Barnette
1137 Comstock Drive
Charlotte, North Carolina 28210

Re: Barnette v. Tart's

Dear Mr. Barnette:

Enclosed is a copy of a letter I received from the Company's attorney. I have not contacted him since I have been out of town for the past two weeks. I want to talk with you before discussing any settlement with the Company's lawyer. Please call me on Tuesday, to discuss the matter.

Sincerely yours,

Ronald L. Gibson

RLG:pm
Enc.

PC - 004678

RAY S. FARRIS
E. LYNWOOD MALLARD
DAVID P. UNDERWOOD
CHARLES H. CRANFORD
DAVID B. HAMILTON

# FARRIS, MALLARD & UNDERWOOD

PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
1700 SOUTHERN NATIONAL CENTER
200 SOUTH COLLEGE STREET
CHARLOTTE, NORTH CAROLINA
28202

AREA CODE 704
372-9110

January 29, 1981



Mr. Ronald L. Gibson
Chambers, Ferguson & Becton
730 East Independence Plaza
951 South Independence Boulevard
Charlotte, North Carolina 28212

Re: Your client: Derrick L. Barnette

Dear Ron:

Our client, D M Marketing Company, doing business as Tart's, has forwarded to us a copy of your letter of January 13, 1981. Prior to your entry in this matter, we had discussed a potential settlement of this matter with Mr. Radek of the EEOC. Would you please give me a call at your convenience so that we can discuss this matter and its potential resolution.

With best regards, we are,

Very truly yours,

FARRIS, MALLARD & UNDERWOOD, P.A.

David B. Hamilton

DBH:st
cc: Mr. David L. McCall
    Mr. W. David Moore, III

PC - 004679

# FARRIS, MALLARD & UNDERWOOD
### PROFESSIONAL ASSOCIATION
### ATTORNEYS AT LAW
1700 SOUTHERN NATIONAL CENTER
200 SOUTH COLLEGE STREET
CHARLOTTE, NORTH CAROLINA
28202

RAY S. FARRIS
E. LYNWOOD MALLARD
DAVID P. UNDERWOOD
CHARLES H. CRANFORD
DAVID B. HAMILTON

AREA CODE 704
372-9110

January 29, 1981



Mr. Ronald L. Gibson
Chambers, Ferguson & Becton
730 East Independence Plaza
951 South Independence Boulevard
Charlotte, North Carolina  28212

Re:  Your client:  Derrick L. Barnette

Dear Ron:

Our client, D M Marketing Company, doing business as Tart's, has forwarded to us a copy of your letter of January 13, 1981.  Prior to your entry in this matter, we had discussed a potential settlement of this matter with Mr. Radek of the EEOC.  Would you please give me a call at your convenience so that we can discuss this matter and its potential resolution.

With best regards, we are,

Very truly yours,

FARRIS, MALLARD & UNDERWOOD, P.A.

David B. Hamilton

DBH:st
cc:  Mr. David L. McCall
     Mr. W. David Moore, III

PC - 004680

JULIUS LEVONNE CHAMBERS
JAMES E. FERGUSON, II
CHARLES L. BECTON
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
LOUIS L. LESESNE, JR.
C. YVONNE MIMS
JOHN W. GRESHAM
RONALD L. GIBSON

**CHAMBERS, FERGUSON & BECTON, P.A.**

ATTORNEYS AT LAW
SUITE 730 EAST INDEPENDENCE PLAZA
951 SOUTH INDEPENDENCE BOULEVARD
CHARLOTTE, NORTH CAROLINA 28202
TELEPHONE (704) 375-8461

POST OFFICE DRAWER 720
CHAPEL HILL, NORTH CAROLINA 27514
TELEPHONE (919) 967-7066

IN CHAPEL HILL
CHARLES L. BECTON

OF COUNSEL (CHARLOTTE)
GEORGE DALY

13 January 1981

Mr. Derrick L. Barnette
1137 Comstock Drive
Charlotte, North Carolina   28210

Re:   Barnette v. TART's

Dear Mr. Barnette:

Thank you for retaining the firm to represent you in connection with your charge of discrimination with TART's. This will confirm our arrangement to represent you on the basis of a $100 initial retainer against which my time will be billed at the normal billing rate of $60 per hour. This agreement covers representation before EEOC and negotiation of a settlement if possible with TART's. I do not expect the fee for representation before EEOC will exceed $200.00. If I find that the fees may exceed that amount, I will discuss the matter with you. This agreement of representation does not include initiating a proceeding in Federal Court. That is something we will have to discuss should you decide to pursue the matter in Court.

I have enclosed copies of my letter to Mr. McCall and to EEOC. If you have any questions, or if something should develop, please contact me.

Sincerely yours,

Ronald L. Gibson

RLG:sm
Enclosures

PC - 004681

## CHAMBERS, FERGUSON & BECTON, P.A.

ATTORNEYS AT LAW
SUITE 730 EAST INDEPENDENCE PLAZA
951 SOUTH INDEPENDENCE BOULEVARD
CHARLOTTE, NORTH CAROLINA 28202
TELEPHONE (704) 375-8461

JULIUS LeVONNE CHAMBERS
JAMES E. FERGUSON, II
CHARLES L. BECTON
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
LOUIS L. LESEENE, JR.
C. YVONNE MIMS
JOHN W. GRESHAM
RONALD L. GIBSON

POST OFFICE DRAWER 720
CHAPEL HILL, NORTH CAROLINA 27514
TELEPHONE (919) 967-7066

IN CHAPEL HILL
CHARLES L. BECTON

January 13, 1981

OF COUNSEL (CHARLOTTE)
GEORGE DALY

Mr. Dave McCall
President
TART's
4125 E. Independence Boulevard
Charlotte, North Carolina  28212

Re:  Derrick L. Barnette v. TART's
     EEOC Charge No. 045810003

Dear Mr. McCall:

Mr. Barnette has retained our firm to represent him in connection with his charge of discrimination filed with the Equal Employment Opportunity Commission.  Mr. Barnette has requested that we initiate a proceeding in Federal Court if the matter is not resolved at this stage.  In addition to his claim under Title VII, Mr. Barnette will pursue a claim under 42 U.S.C. §1981 based on the conditions of employment imposed on black employees.

If you have any interest in resolving this matter without the necessity of litigation, please feel free to contact me.

Sincerely yours,

Ronald L. Gibson

RLG:sm

PC - 004682

CHAMBERS, FERGUSON & BECTON, P.A.

ATTORNEYS AT LAW
SUITE 730 EAST INDEPENDENCE PLAZA
951 SOUTH INDEPENDENCE BOULEVARD
CHARLOTTE, NORTH CAROLINA 28202
TELEPHONE (704) 375-8461

JULIUS LeVONNE CHAMBERS
JAMES E. FERGUSON, II
CHARLES L. BECTON
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
LOUIS L. LESESNE, JR.
C. YVONNE MIMS
JOHN W. GRESHAM
RONALD L. GIBSON

POST OFFICE DRAWER 720
CHAPEL HILL, NORTH CAROLINA 27514
TELEPHONE (919) 967-7066

IN CHAPEL HILL
CHARLES L. BECTON

OF COUNSEL (CHARLOTTE)
GEORGE DALY

January 13, 1981

Mr. James D. Yorker
Equal Employment Opportunity
Commission
1301 E. Morehead Street
Charlotte, North Carolina  28204

> Re:  Derrick Barnette
>      EEOC Charge No. 045810003

Dear Mr. Yorker:

I represent Mr. Barnette in connection with this charge.  You may feel free to contact Mr. Barnette concerning the facts surrounding his termination.  However, I request that any and all discussion of settlement be channeled through me.

Thank you for your cooperation.

Sincerely yours,

Ronald L. Gibson

RLG:sm

PC - 004683

E D81-24 R6

Derrick L. Barnette
1137 Comstock Drive
Charlotte, NC   28210
(704) 525-9726

was only $200 wk

Dave McCall, Presch
Tats
4125 East Independence Blvd
Charlotte      28212

$100

PC - 004684



October 3, 1980

CERTIFIED MAIL
RETURNED RECEIPT REQUESTED

In reply refer to: 045810003

Derrick L. Barnette
vs.
Tart's

Mr. Derrick Barnette
1137 Comstock Drive
Charlotte, N. C.    28210

Dear  Mr. Barnette:

Enclosed is a copy of the charge recently filed with this
office.

Yours truly,

James D. Yorker
Supervisor, Intake Unit

Enclosure:
  Copy of the Charge

PC - 004685

Bates No. 1795

APPROVED BY GAO

B—180541 (RO510)
Expires 1-31-81

CHARGE OF DISCRIMINATION

IMPORTANT: This form is affected by the Privacy Act of 1974;
see Privacy Act Statement on reverse before completing it.

CHARGE NUMBER(S) (AGENCY USE ONLY)

☐ EEOC

0457

Equal Employment Opportunity Commission

| NAME (Indicate Mr., Ms. or Mrs.) | HOME TELEPHONE NUMBER (Include area code) |
|---|---|
| Mr. Derrick L. Barnette | (704) 525-9726 |

| STREET ADDRESS | |
|---|---|
| 1137 Comstock Drive | |

| CITY, STATE, AND ZIP CODE | COUNTY |
|---|---|
| Charlotte, N. C. 28210 | Mecklenburg |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. (If more than one list below).

| NAME | TELEPHONE NUMBER (Include area code) |
|---|---|
| Tart's | (704) 563-0630 |

| STREET ADDRESS | CITY, STATE, AND ZIP CODE |
|---|---|
| 4125 East Independence Boulevard, Charlotte, N. C. | |

| NAME | TELEPHONE NUMBER (Include area code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE, AND ZIP CODE |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON MY (Check appropriate box(es))

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ OTHER (Specify)
Black

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, and year)  September 29, 1980

THE PARTICULARS ARE:

I.   On October 1, 1979, I was hired by the above Company as a salesman. I received two (2) promotions, the last in May 1980 to the position of Service Manager. On September 29, 1980, I was discharged by Mike Gunter, White, Operational Manager. The company employs more than fifteen (15) persons.

II.   On September 29, 1980, Mr. Gunter advised me that if I do not do what I am told to do the company has no further need for my services.

III.   I believe that I was discharged due to my race/Black, because:

A.   On September 29, 1980, Mr. Gunter instructed me to wash Mr. McCall's, White President, personal vehicle. I informed him that was not a part of my job duties. Mr. Gunter replied "O.K.".

B.   On September 29, 1980, Betty Simpson, White, Secretary, asked if I would pick up the mail and go to the store and get milk for Mr. McCall. I did not refuse to pick up the mail, yet I did state that I was not an errand boy.

C.   Ervin Biggers and Leon Carrothers, other Black employees, are instructed to perform personal duties for members of management, yet, white employees are not instructed to perform personal duties.

D.   Upon becoming Service Manager, David Moore, White, Vice-President, explained my job duties. At no time was it stated that I would be expected to perform personal duties for Mr. McCall or other members of management.

E.   Of a compliment of approximately forty (40) employees, only seven (7) are Black.

PC - 004686

Bates No. 1796



EQUAL EMPLOYMENT OPPORTUNITY COMM.

OFFICIAL BUSINESS

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
403 NORTH TRYON STREET
CHARLOTTE, NORTH CAROLINA 28202

Mr. Derrick Barnette
1137 Comstock Drive
Charlotte, N. C. 28210

CLAIM CHECK NO.
393916

AND FEES PAID BY
ENT OPPORTUNITY COMM.

☐ HOLD

DATE

1ST NOTICE

END NOTICE

RETURN

CERTIFIED
P31 9684091
MAIL

PC - 004687

# CHAMBERS, FERGUSON, WATT, WALLAS, ADKINS & FULLER, P.A.

ATTORNEYS AT LAW

SUITE 730 EAST INDEPENDENCE PLAZA

951 SOUTH INDEPENDENCE BOULEVARD

CHARLOTTE, NORTH CAROLINA 28202

TELEPHONE (704) 375-8461

JULIUS LEVONNE CHAMBERS
JAMES E. FERGUSON, II
MELVIN L. WATT
JONATHAN WALLAS
KARL ADKINS
JAMES C. FULLER, JR.
YVONNE MIMS EVANS
JOHN W. GRESHAM
GILDA F. GLAZER
LESLIE J. WINNER
JOHN T. NOCKLEBY*

*OF D.C. BAR ALSO

May 12, 1983

Mr. Derrick Barnett
1137 Comstock Drive
Charlotte, NC 28210

Dear Mr. Barnett:

We have prepared your Separation Agreement pursuant to your request. Because you have not come in to sign it as of this date, I must assume that you have decided not to pursue it, and I am enclosing a statement for my services.

I would appreciate receiving prompt payment on this.

Sincerely,

Yvonne Mims Evans

YME/jg
Enclosure

PC - 004688

Leon Olive & Mike Blackford
represents Mrs. Barnette

PC - 004689

form 7

Separation Agreement

1. Derrick Barnette
2. Sonia Maria Cooper Barnette

3 Feb. 6, 1976
4. York, S.C.

5. Two ... namely, Aguilia Mak civicci Barnette, age 9, + Mario VonKeith Barnette, age 5

6. 11/17/82

7. No alimony.

B. - Support for Children
The husband shall pay the sum of $250.00 per month as support for the two minor children. He shall commence payment of said sum on Dec. 30 1982 and the sum shall be due on the 30th day of each month thereafter, until The husband is the owner. Custody of Child

Additionally, the husband is the owner fee simple of the house located at 1137 Comstock Drive Charlotte N.C. In lieu of further child support; he will allow the wife + minor children to reside in said house until the youngest child attains his eighteenth birthday.

Custody of Children - Same as on the form Both parties are fit - Reside w/ the wife

PC - 004690

4. _Family Debts_ — The Husband & wife agree to accept responsibility for their individual debts. Neither party is responsible for the debts of the other party; & to the extent that one party is held liable for such indebtedness by third persons, the other party shall indemnify & hold harmless the party held liable.

The Husband & wife agree to share equally the payment of homeowner's liability & fire insurance and real property tax for as long as the wife lives in the husband's house,

5. Mutual Release

6. Property.

2nd # 7

# 8,    # 8    both H & W will provide med, ins,

9. a.    ... shall be borne equally by H & W.
    b. For the years 1981 & 1982 the husband & wife will file joint ~~tax~~ federal & state tax returns. They will divide equally any refund they receive. For 1983, the husband & wife

PC - 004691

Bates No. 1801

shall file separate federal & State tox returns. The husberd will claim the dependency exemptions.

PC - 004692

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

DEED OF SEPARATION.

THIS DEED, made this _____ day of _____,
1982, by and between Derrick Barnette of Charlotte, Mecklenburg
County, hereinafter referred to as the Husband, and Sonia
Maria Cooper Barnette of Charlotte, Mecklenburg County,
North Carolina, hereinafter referred to as the Wife.

W I T N E S S E T H :

WHEREAS, the parties are Husband and Wife, having been
married to each other on February 6, 1976 in York, South
Carolina; and

WHEREAS, there are two children of the marriage:
Aquilia Makcivicci Barnette, age 9; and Mario Vonkeith
Barnette, age 5.

WHEREAS, the parties commenced voluntarily living
separate and apart from each other on or about November 17,
1982 and have agreed to live separate and apart from each
other during the remainder of their lives; and

WHEREAS, the parties desire to confirm their separation
and make arrangements in connection therewith, including the
settlement of their property rights and other rights and
obligations growing out of the marriage relation.

IT IS NOW, THEREFORE, AGREED:

1.  Consideration.  The mutual promises and agreements
contained herein are the consideration of such promises and
agreements.

2.  Separation.  It shall be lawful for each party
hereafter to live separate and apart from the other at such
place or places as he or she shall from time to time choose
or deem fit.  Each party shall be free from the interference,
authority and control, direct or indirect, of the other, as
fully as if he or she were single or unmarried.  Neither
party shall molest the other or compel or endeavor to compel
the other to cohabit or dwell with her or him.

PC - 004693

3.  <u>Support, Maintenance, Alimony and Custody</u>.

    A)   <u>Alimony and Maintenance for Wife</u>.

The Husband shall pay no alimony to the Wife for so long as the terms of this Agreement are honored as follows:

    B)   <u>Support for Children</u>.

The husband shall pay the sum of $250.00 per month as support for the two minor childre. He shall commence payment of said sum on December 30, 1982 and the sum shall be due on the 30th day of each month thereafter.

Additionally, the husband is the fee simple owner of the house located at 1137 Comstock Drive, Charlotte, North Carolina. In lieu of further child support; he will allow the wife and minor children to reside in said house until the youngest child attains his eighteenth birthday.

    C)   <u>Custody of Children</u>.

Both parties are fit and proper persons to have custody of the children. However, at present, it is in the best interest of the children that they reside with the wife and that the husband shall have reasonable and generous visitation rights subject to reasonable telephone notification to the wife.

4.  <u>Family Debts</u>. The Husband and Wife agree to accept responsibility for their individual debts. Neither party is responsible for the debts of the other party; and to the extent that one party is held liable for such indebtedness by third persons, the other party shall indemnify and hold harmless the party held liable.

The Husband and Wife agree to share equally the payment of homeowner's liability and fire insurance and real property tax for as long as the Wife lives in the husband's house.

5.  <u>Mutual Release</u>. Subject to the provisions of this Agreement, each party has released and discharged, and by this Agreement does for himself, and his heirs, legal representatives,

-2-

PC - 004694

executors, administrators and assigns, releases and discharge the other of and from all causes of action, claims rights, or demand whatsoever which either of the parties ever had or now has against the other, including but not limited to causes of action, claims, rights or demands for past or future support and maintenance, homestead rights, dower rights, curtesy, inheritance, descent, distribution, and rights of dissent against the other's will. Nothing herein, however, is intended as a waiver by either of the parties of rights to bring an action for absolute divorce, as a waiver of rights arising from the breach of this Agreement, or as a waiver of rights secured by the terms of this Agreement.

6. <u>Property</u>. In accordance with the rights outlined in Paragraphs 4 and 5 above, either the Husband or the Wife shall have the right from this day forward to purchase real property free and clear of any interest of the other spouse. In addition, the non-purchasing spouse hereby agrees to cooperate in any way necessary to effect valid transfer of real property so purchased by the other spouse.

7. The parties have heretofore divided all other tangible personal property formerly used and possessed by them together. All of the tangible personal property set apart for the Husband will be removed by him to his present place of residence within ten (10) days from execution of this document; and all of the tangible personal property set apart for the Wife has been removed to his present place of residence.

8. <u>Insurance</u>. Both Husband and Wife shall be responsible for obtaining and paying for their own desired policies of hospitalization, medical, life and accident insurance. It is agreed that both the Husband and Wife will provide medical insurance coverage for the children.

9. <u>Income Taxes</u>.

A. All of the remaining liabilities on joint income tax returns heretofore filed by the parties shall be

-3-

PC - 004695

Bates No. 1305

borne equally by the Husband and Wife.

B. For the years 1981 and 1982 the Husband and Wife will file joint federal and state income tax returns. They will divide equally any refund they receive. For 1983, the Husband and Wife shall file separate federal and state tax returns. The husband will claim the dependency exemptions.

10. <u>Alimony and Support Actions</u>. Neither spouse shall commence or voluntarily participate in any proceeding to obtain alimony or support for himself/herself provided that the other shall perform all acts which he has herein agreed to perform.

12. <u>Attorney's Fees</u>. Each of the parties shall be responsible for paying his or her own attorney's fees for services in connection with the preparation, negotiation and execution of this Agreement.

13. <u>Voluntary Execution</u>. The provisions of this Agreement and their legal effect are fully understood by the parties, and each party acknowledges that the Agreement is fair and equitable, that it is being entered into voluntarily and that it was not the result of any duress or undue influence. Both parties acknowledged that they have been furnished with all information relating to the financial affairs of the other.

14. <u>Entire Agreement</u>. This Agreement contains the entire understanding of the parties; and there are no representations, warranties, covenants, or undertakings other than those expressly set forth in this Agreement.

15. <u>Additional Instruments</u>. Each of the parties shall from time to time, at the request of the other, execute, acknowledge and deliver to the other party any and all further instruments that may be reasonably required to give full force and effect to the provisions hereof.

16. <u>Situs</u>. This Agreement shall be construed and governed in accordance with laws of the State of North Carolina.

-4-

PC - 004696

17. _Partial Invalidity_. If any of the provisions of this Agreement are held to be invalid or unenforceable, all other provisions of this Agreement shall, nevertheless, continue in full force and effect.

18. _Modification and Waiver_. A modification or waiver of any provisions of this Agreement shall be effective only if made in writing and executed with the same formality as this Agreement. The failure of either party to insist upon strict performance of any of the provisions of this Agreement shall not be construed as a waiver of any subsequent default of the same or similar nature.

19. _Binding Effect_. Except as otherwise stated herein, all of the provisions of this Agreement shall be binding upon the respective heirs, next of kin, executors, adminis- trators, and trustees of the parties.

IN WITNESS WHEREOF, the parties have signed, sealed and acknowledged this instrument, in two counterparts, each of which shall constitute an original, the day and year first above stated.

_____(SEAL)
DERRICK BARNETTE

_____(SEAL)
SONIA MARIA COOPER BARNETTE

-5-

PC - 004697

Bates No. 1307

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG


I, _____, a Notary Public for the aforesaid county and state, do hereby certify that Derrick Barnette personally appeared before me this day and acknowledged the due execution of the foregoing Separation Agreement.

WITNESS my hand and notarial seal, this _____ day of _____, 1982.


_____
Notary Public


My Commission Expires: _____


STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG


I, _____, a Notary Public for the aforesaid county and state, do hereby certify that Sonia Maria Cooper Barnette personally appeared before me this day and acknowledged the due execution of the foregoing Separation Agreement.

WITNESS my hand and notarial seal, this _____ day of _____, 1982.


_____
Notary Public


My Commission Expires: _____


-6-

PC - 004698

Bulk Mail Cente

Derrick Barnette      393 - 4578
1137 Comstock Drive      393-4428 -
Char.   28210
  525- 9726

    Maria
Sonia Cooper Barnette
  Same address

Married — 2/6/76 . York, S.C.
Separated — When the document is signed

DOB   7/3/7-

2 children   boys   Aquilia Makcivicci Barnette -9
      Mario Vonkeith Barnette DOB 7/12/77

Her house + there is no mortgage - they will stay until the
   Three hundred + fifty dollars per month   children are
    Due on the 30th of each month    18 then
Starting 12/30/82        she must move
                   out.
Living room furniture
1 + v
stereo
items from overseas
bed for all items from storage room except dryer + lawnpool

Each will keep their own car
Each will pay his or her own debts
They will split the homeowner's insurance + property
tax.

PC - 004699

He can visit anytime; call in advance.

He works — Charlotte — U S Postal Service
She works — State Farm Ins. — Albemarle Rd
    The children are covered for medical insurance,

They will file a joint tax return for 1981 & 1982.
In 1983 they will file separate & She will take
the dependency exemption. Equally divide the refunds

Checking & savings acct are separate,

PC - 004700

SSA-1826            ITEMIZED STATEMENT OF EARNINGS

                SOCIAL SECURITY ADMINISTRATION
                EARNINGS RECORD INFORMATION

                                        Date: 08/15/2013


ZACH ROWLES
CDPL
201 W MAIN ST #  301
DURHAM NC   27701


We are sending the statement of earnings requested for:

    Number Holder's Name: DERRICK L BARNETTE
  Social Security Number: XXX-XX-5675

        Years Requested: 1968 THRU 2012



Control Number: 13164113207
Remittance Number: 201306130126

Enclosure(s):
    Earnings Statement

PC - 009008

SSA-1826          ITEMIZED STATEMENT OF EARNINGS

SOCIAL SECURITY ADMINISTRATION
EARNINGS RECORD INFORMATION

Date: 08/15/2013

Our records show the amount of earnings reported, not the amount of
Social Security taxes that were paid.

Wages were first covered under Social Security in 1937.  Therefore,
1937 is the first year for which earnings may be shown on our records.
Employers were required to report earnings semi-annually in 1937,
and on a quarterly basis for the years from 1938 through 1977.
Beginning with 1978, employers are required to report earnings annually.

Our records do not show the exact date of employment (month and day)
because we do not need this information to figure Social Security
benefits.  Employers do not give us this information.

Each year, there is a maximum amount of earnings that is subject to
Social Security taxes and is used to compute benefits.  If a person
earns more than this maximum amount, the earnings statement will
usually show the maximum rather than the total earnings.  Maximum
benefits can be found on the SSA website.
http://www.ssa.gov/OACT/COLA/cbb.html

Beginning in 1951, self-employed persons could also receive
Social Security credit for their work.  The maximum amounts of
self-employment earnings that are subject to Social Security taxes
and are used to compute benefits can also be found on the SSA website.
http://www.ssa.gov/OACT/COLA/cbb.html

If you have any questions, you should call, write,  or visit any
Social Security office.  If you visit or call, please bring this letter.
It will help us answer questions.  The toll free number to call is
1-800-772-1213 (for the deaf or hard of hearing, call our TTY number,
1-800-325-0778).

PC - 009009

Bates No. 1312

# SOCIAL SECURITY ADMINISTRATION
Baltimore, Maryland 21290-0300

## CERTIFICATION OF EXTRACT FROM RECORDS

Pursuant to the provisions of Title 42, United States Code, Section 3505, and the authority vested in me by 45 F. R. 47245-46. I hereby certify that I have legal custody of certain records, documents, and other information established and maintained by the Social Security Administration, pursuant to Title 42, United States Code, Section 405, and that the annexed is a true extract from such records in my custody as aforesaid.

I certify that all signatures of Social Security Administration officials on the annexed document(s) are genuine and made pursuant to the signers' official capacity.

I further certify that these records may not show all the earnings reported for the periods ending after December 31, 2011 because of the time required to receive and process reports.

IN WITNESS WHEREOF, I have hereunto set my hand and caused the seal of the Social Security Administration to be affixed this _____ *29th* _____ day of _____ *November* _____ , 2013.

_Stephanie S. Harrison_
Stephanie S. Harrison,
Director
Division of Earnings Record Operations
Office of Central Operations

Form **SSA-473** (12/12)
Destroy Prior Edition

PC - 009010

Bates No. 1313

.OM:  SOCIAL SECURITY ADMINISTRATION
      OFFICE OF CENTRAL OPERATIONS
      300 N. GREENE STREET
      BALTIMORE, MARYLAND  21290-0300


NUMBER HOLDER NAME: DERRICK L BARNETTE
   YEARS REQUESTED: 1968 THRU 2012




ZACH ROWLES
CDPL
201 W MAIN ST #  301
DURHAM NC  27701




EMPLOYER NUMBER:  56-0938924
HARRIS TEETER SUPERMARKET
 6912 MATTHEWS MINT HILLL RD
PO BOX 33129
CHARLOTTE  NC 28233-3129

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1971 |         |         | 321.92  |         | $321.92 |


EMPLOYER NUMBER:  56-0643958
MANPOWER OF CHARLOTTE INC
4041 BLACK SYCAMORE
CHARLOTTE  NC 28226-4309

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1972 |         | 8.93    |         |         | $8.93 |


EMPLOYER NUMBER:  56-0466144
PEPSI COLA BOTTLING CO OF CHARLOTTE
 INC
PO BOX 241167
CHARLOTTE  NC 28224-1167

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1972 |         |         | 171.85  |         | $171.85 |

PC - 009011

Bates No. 1314

```
326              ITEMIZED STATEMENT OF EARNINGS
            * * *       FOR SSN XXX-XX-5675       * * *
```

EMPLOYER NUMBER:  36-2407381
UNITED PARCEL SERVICE INC
% CORPORATION SERVICE CO
55 GLENLAKE PKWY
ATLANTA   GA 30328-3474

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1973 |         | 177.41  |         |         | $177.41 |
| 1981 |         |         |         |         | $1,234.95 |

EMPLOYER NUMBER:  69-0560257
THE CHARLOTTE MECKLENBURG BD OF ED
RETIREMENT EMPLOYEES
SUPERINTENDENT
CHARLOTTE   NC 28230-0000

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1973 |         |         | 345.60  |         | $345.60 |

EMPLOYER NUMBER:  61-0703902
KFC NATIONAL MANAGEMENT CO
% DAN POMEROY
421 QUANTUM RD NE
RIO RANCHO   NM 87124-4509

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1973 |         |         |         | 74.52   | $74.52 |

EMPLOYER NUMBER:  74-1620214
TOC RETAIL INC
2550 NORTH LOOP WEST SUITE 600
HOUSTON   TX 77292-0000

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1974 | 479.55  | 174.20  |         |         | $653.75 |

EMPLOYER NUMBER:  38-0561190
FRUEHAUF CORP
 ATTN PAYROLL DEPT
PO BOX 33238
DETROIT   MI 48232-5238

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1974 |         | 138.91  | 520.41  |         | $659.32 |

PC - 009012

Case 3:12-cv-00327-MOC   Document 75-1   Filed 12/22/14   Page 73 of 76

Bates No. 1315

```
826            ITEMIZED STATEMENT OF EARNINGS
          * * *    FOR SSN XXX-XX-5675     * * *
```

EMPLOYER NUMBER:  84-9990000
US AIR FORCE ACTIVE DUTY
DFAS-IN-JFLL
8899 E 56TH ST
INDIANAPOLIS  IN 46249-0002

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1975 | 562.03 | 1057.19 | 1150.20 | 1207.80 | $3,977.22 |
| 1976 | 1233.28 | 1254.60 | 1254.60 | 1309.20 | $5,051.68 |
| 1977 | 1371.60 | 1371.60 | 1018.80 | 1010.40 | $4,772.40 |
| 1978 | | | | | $6,043.23 |
| 1979 | | | | | $732.42 |

EMPLOYER NUMBER:  54-0958994
HARVEYS WAREHOUSE INC
 % A S KATZ
401 LAKEWAY DRIVE
RICHMOND  VA 23229-0000

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1979 | | | | | $3,318.79 |

EMPLOYER NUMBER:  56-0707088
TARTS TV & APPLIANCE CO INC
MORRISON CAROL TTEE
3217 FRIENDLY RD
FAYETTEVILLE  NC 28304-3406

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1979 | | | | | $2,690.68 |
| 1980 | | | | | $9,014.01 |

EMPLOYER NUMBER:  56-1072642
CHARLOTTE POST PUBLISHING INC
PO BOX 30144
CHARLOTTE  NC 28230-0144

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1981 | | | | | $125.00 |

PC - 009013

Case 3:12-cv-00327-MOC    Document 75-1    Filed 12/22/14    Page 74 of 76
Bates No. 1316

　　　　　　　ITEMIZED STATEMENT OF EARNINGS
　　　　　　* * *　　　　FOR SSN XXX-XX-5675　　　* * *

EMPLOYER NUMBER:　41-0760000
UNITED STATES POSTAL SERVICE
　EAGAN ACCOUNTING SERVICE CENTER
% FINANCE BRANCH
2825 LONE OAK PKWY
EAGAN　MN 55121-1551

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1983 | | | | | $23,086.63 |
| 1984 | | | | | $22,716.14 |
| 1985 | | | | | $26,354.67 |
| 1986 | | | | | $19,380.92 |
| 1987 | | | | | $30,321.28 |
| 1988 | | | | | $33,396.64 |
| 1989 | | | | | $38,869.75 |
| 1990 | | | | | $42,572.02 |
| 1991 | | | | | $49,054.82 |
| 1992 | | | | | $54,500.63 |
| 1993 | | | | | $55,325.62 |
| 1994 | | | | | $60,790.15 |
| 1995 | | | | | $62,293.56 |
| 1996 | | | | | $73,281.67 |
| 1997 | | | | | $68,543.74 |
| 1998 | | | | | $69,957.32 |
| 1999 | | | | | $72,375.42 |
| 2000 | | | | | $74,597.41 |
| 2001 | | | | | $77,364.92 |
| 2002 | | | | | $80,414.03 |
| 2003 | | | | | $78,067.86 |
| 2004 | | | | | $82,088.70 |
| 2005 | | | | | $90,101.60 |
| 2006 | | | | | $97,194.00 |
| 2007 | | | | | $101,856.86 |
| 2008 | | | | | $104,206.71 |
| 2009 | | | | | $104,901.22 |
| 2010 | | | | | $103,853.11 |
| 2011 | | | | | $96,944.31 |
| 2012 | | | | | $10,000.00 |

EMPLOYER NUMBER:　13-5641517
POSTAL DATA CENTER
MAIN POST OFFICE BLDG
33RD STREET
NEW YORK　NY 00000-0000

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1986 | | | | | $7,751.01 |

PAGE　4

PC - 009014

Bates No. 1317

826     ITEMIZED STATEMENT OF EARNINGS
       * * *  FOR SSN XXX-XX-5675  * * *

```
*****************************************************************
*********   THERE ARE NO OTHER EARNINGS RECORDED UNDER THIS   *********
*********   SOCIAL SECURITY NUMBER FOR YEAR(S) REQUESTED      *********
*****************************************************************
```

PC - 009015

Case 3:12-cv-00327-MOC  Document 75-1  Filed 12/22/14  Page 76 of 76

Bates No. 1818