# LEAD DOCUMENT FOR
# MICROFILMING

## MICROFILM AUDIT TRAIL

| Date Filmed | Description | Film No. |
|---|---|---|
| 11/18/99 | VOID | |
| 12-28-99 | | 99-292-154 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

AOC-G-113, Rev. 7/99
© 1999 Administrative Office of the Courts

Bates No. 4002

STATE OF NORTH CAROLINA FILED IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION

COUNTY OF MECKLENBURG `99 NOV 18 PM 4:01` 99 CVD 8876

TOYA DAVIDSON, MECKLENBURG COUNTY. C S.C.

    Plaintiff, BY_____

    v.

                              NOTICE OF VOLUNTARY DISMISSAL
                                  WITH PREJUDICE

MARIO BARNETTE

    Defendant.

_____

    Please take notice that Plaintiff hereby voluntarily dismisses this action with prejudice, pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure.

    This the 17th day of _November_, 1999.

                                 _____

                                 Joseph A. Cheek
                                 Attorney for Plaintiff
                                 1760 Two First Union Center
                                 Charlotte, NC 28282
                                 (704) 376-2486

Bates No. 4003

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

| | |
|---|---|
| File No. | 99 CVD 8876 |
| Film No. | |

In The General Court Of Justice

☒ District ☐ Superior Court Division

TOYA DAVIDSON

Address

City, State, Zip

## CIVIL SUMMONS

(Original Summons Issued: 6/10/99 )

VERSUS

MARIO BARNETTE

☒ **Alias and Pluries Summons**

The summons originally issued against you was returned not served

| Date Last Summons Issued 8/27/99 | *Disregard this section unless the block is checked |
|---|---|

**TO:** *Name and Address of First Defendant*

MARIO BARNETTE
3513 WEST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28208

**TO:** *Name and Address of Second Defendant*

---

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the attorney listed below within 30 days after you have been served. You may serve your answer by delivering a copy or by mailing it to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney | Date Issued 10 29 99 | Time issued 2:45 |
|---|---|---|
| JOSEPH A. CHEEK<br>Downer, Walters, & Mitchener, P.A.<br>1760 Two First Union Center<br>Charlotte, N.C. 28282<br>(704) 376-2486 | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

☐ ENDORSEMENT

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date Issued | Time Issued |
|---|---|
| Signature | |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

Bates No. 4004

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

Date Served | Name of Defendant

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

### DEFENDANT 2

Date Served | Name of Defendant

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| By | Date of Return | County |
| | | Deputy Sheriff Making Return |

$

Bates No. 4005

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

FILED

99 OCT 15 PH 4: 31

MECKLENBURG CO., C.S.C.

BY _____

FILE # __99-CVD-8876__

In the General Court of Justice

District Court Division

**TOYA DAVIDSON,**

VS.

**MARIO BARNETTE**

## APPLICATION FOR EXTENSION OF TIME TO FILE ANSWERS, RESPONSES OR OTHER PLEADINGS

To the Honorable Clerk of Superior Court of Mecklenburg County:

The Plaintiff TOYA DAVIDSON, RE: DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, SERVED ON OCTOBER 6, 1999 through counsel, petition(s) the Court for an extension of time in which to file answers, responses or otherwise plead in the above-entitled action on the following grounds:

1. The grounds for the application are that additional time is needed to investigate and to prepare responses, answers, and other papers.
2. This application is made before expiration of the period prescribed by law for filing pleadings, motions or other papers.
3. This application is made in good faith and not for delay purposes.

The undersigned states that this action is made in good faith and not for the purpose of delay.

Wherefore, the applicant(s)pray(s) that the Court grant an extension of THIRTY (30) days in addition to the time allowed by the North Carolina Rules of Civil Procedure in which to file Answers, Responses or otherwise plead.

This ___7___ day of __October__, 1999

_Joseph A Cheek_
Joseph A. Cheek
Suite 1760, Two First Union Center
Charlotte, NC 28282
704-376-2486

## ORDER EXTENDING TIME

For cause shown in the foregoing application, it is ORDERED that the applicant(s) be allowed through _December 8_____, 19_99_, to file answers, responses or otherwise plead.

This _15_ day of _October_, 19_99_.

_____
(Assistant) Clerk of Superior Court

Bates No. 4006

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
99-CVD-8876

TOYO DAVIDSON,

     Plaintiff,

vs.

MARIO BARNETTE,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)

## **OFFER OF JUDGMENT**

NOW COMES the Defendant, MARIO BARNETTE, pursuant to Rule 68 of the North Carolina Rules of Civil Procedure, more than ten (10) days before the trial of this action, and offers to allow judgment to be taken against him in this action in the lump sum amount of TWO THOUSAND TWO HUNDRED DOLLARS ($2,200.00), for all damages, attorneys' fees taxable as costs, and the remaining costs accrued at the time this Offer is filed. This Offer is made for the purpose set out in N.C. Gen Stat § 1A-1, Rule 68(a), and for no other purpose.

This the 7th day of October, 1999.

_____
ALLEN C. SMITH
Attorney for Defendant

OF COUNSEL:
Hedrick, Eatman, Gardner & Kincheloe, L.L.P.
P.O. Box 30397
Charlotte, NC 28230
(704) 366-1101

Bates No. 4007    F:\SHARE\ACS\PLEADING\DAVIDSON.OFR

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by depositing a copy of the same in an official depository of the U.S. Mail in a postage-paid envelope addressed as follows:

> Joseph A. Cheek, Esq.
> Downer, Walters & Mitchener, PA
> Suite 1760
> Two First Union Center
> Charlotte, NC 28282
>
> Attorney for Plaintiff.

This the 7th day of October, 1999.

_____
Allen C. Smith
Attorney for Defendant

Bates No. 4008
2

F:\SHARE\ACS\PLEADING\DAVIDSON.OFR

**STATE OF NORTH CAROLINA**

**COUNTY OF MECKLENBURG**

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
99-CVD-8876

---

TOYA DAVIDSON,

                    **Plaintiff,**

v.

MARIO BARNETTE,

                    **Defendant.**

**ANSWER**

---

NOW COMES the Defendant, answering the Complaint of the Plaintiff, and alleges and says:

## FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed, with prejudice, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

## SECOND DEFENSE

1.    The allegations contained in Paragraph 1 of the Plaintiff's Complaint are admitted, upon information and belief.

2.    The allegations contained in Paragraph 2 of the Plaintiff's Complaint are admitted.

3.    The allegations contained in Paragraph 3 of the Plaintiff's Complaint are admitted, upon information and belief.

4.    Defendant admits operating a 1995 Plymouth automobile with the knowledge, permission, and consent of its owner. Except as otherwise admitted, the allegations contained in Paragraph 4 of the Plaintiff's Complaint are denied.

Bates No. 74069

5. The allegations contained in Paragraph 5 of the Plaintiff's Complaint are admitted, upon information and belief.

6. The allegations contained in Paragraph 6 of the Plaintiff's Complaint are admitted, upon information and belief.

7. The allegations contained in Paragraph 7 of the Plaintiff's Complaint are admitted, upon information and belief.

8. The allegations contained in Paragraph 8 of the Plaintiff's Complaint are admitted.

9. The allegations contained in Paragraph 9 of the Plaintiff's Complaint are admitted.

10. The allegations contained in Paragraph 10 of the Plaintiff's Complaint are admitted.

11. The allegations contained in Paragraph 11 of the Plaintiff's Complaint are admitted, upon information and belief.

12. The allegations contained in Paragraph 12 of the Plaintiff's Complaint are admitted, upon information and belief.

13. The allegations contained in Paragraph 13 of the Plaintiff's Complaint are admitted, upon information and belief.

14. The allegations contained in Paragraph 14 of the Plaintiff's Complaint are denied.

15. Defendant admits operating the 1995 Plymouth automobile that struck the front portion of Plaintiff's 1996 Ford automobile on Berry Hill Road. Except as expressly admitted, the allegations contained in Paragraph 15 of the Plaintiff's Complaint are denied.

16. Defendant admits driving the 1995 Plymouth automobile at a speed of approximately thirty-five miles per hour (35 mph) when the 1995 Plymouth struck the Plaintiff's 1996 Ford automobile.

17. The allegations contained in Paragraph 17 of the Plaintiff's Complaint are admitted.

Bates No. 4010    S:\SHARE\WPC\VC/C/C/C0006.ANS

18.     Defendant lacks sufficient knowledge or information to form an opinion as to the truth of said allegations in Paragraph 18 of the Plaintiff's Complaint and, therefore, denies the same.

19.     The allegations contained in Paragraph 18 of the Plaintiff's Complaint are admitted, upon information and belief.

20.     Defendant admits that his negligence was a proximate cause of the collision. Except as expressly admitted, the allegations contained in Paragraph 20 of the Plaintiff's Complaint, and its subparts, are denied.

21.     The allegations contained in Paragraph 21 of the Plaintiff's Complaint are denied.

22.     The allegations contained in Paragraph 22 of the Plaintiff's Complaint are denied.

23.     Defendant lacks sufficient knowledge or information to form an opinion as to the truth of said allegations in Paragraph 23 of the Plaintiff's Complaint and, therefore, denies the same.

24.     The allegations contained in Paragraph 24 of the Plaintiff's Complaint are denied.

25.     Defendant realleges and incorporates by reference Paragraphs 1 through 24 of this Answer.

26.     The allegations contained in Paragraph 26 of the Plaintiff's Complaint are denied.

27.     The allegations contained in Paragraph 27 of the Plaintiff's Complaint are denied.

28.     The allegations contained in Paragraph 28 of the Plaintiff's Complaint are denied.

## THIRD DEFENSE

Plaintiff seeks punitive damages in this action. Pursuant to the Due Process Clause of the Fourteenth Amendment, punitive damages would be unconstitutional in this action.

Bates No. 4011

S:\SHARE\WPC\CJC\CJC0006.ANS

WHEREFORE, the Defendant, having fully answered the Complaint of the Plaintiff, respectfully prays the Court as follows

1.      That the Plaintiff have and recover nothing of this Defendant, and that the Plaintiff's Complaint be dismissed with prejudice.

2.      That the costs of this action be taxed against the Plaintiff.

3.      That there be a trial by jury on all issues of fact, and

4.      That the Defendant have and recover any additional relief that the Court deems just and proper

This the _1st_ day of _October_ _____, 1999.

_____
ALLEN C. SMITH

_____
C. J. CHILDERS
Attorneys for Defendant

OF COUNSEL:
HEDRICK, EATMAN, GARDNER &
 KINCHELOE, L.L.P.
Post Office Box 30397
Charlotte, North Carolina 28230
(704) 366-1101

Bates No. 4012

S:\SHARE\WPC\CJC\CJC0006.ANS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of Record

by depositing a copy of the same in an official depository of the United States mail in a postage-paid

envelope addressed to:

> Joseph A. Cheek
> DOWNER, WALTERS & MITCHENER, PA
> 1760 Two First Union Center
> Charlotte, North Carolina 28282
> Attorney for Plaintiff.

This the 7th day of _October_ , 1999.

_/s/ Allen C. Smith_

ALLEN C. SMITH

Bates No. 4613

STATE OF NORTH CAROLINA    FILED    IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

COUNTY OF MECKLENBURG    95 SEP 23 PM 4: 04    99-CVD-8876

M.E.C.S.C.

BY

|  |  |
|---|---|
| TOYO DAVIDSON,<br><br>Plaintiff,<br><br>vs.<br><br>MARIO BURNETTE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR EXTENSION OF TIME TO
FILE ANSWER OR
OTHER RESPONSIVE PLEADINGS**

Defendant, MARIO BURNETTE, shows to the Court that the time for filing Answer or other responsive pleadings has not expired, and moves the Court pursuant to Rule 6(b) of the Rules of the Civil Procedure to extend the time therefore thirty (30) days for the following reasons: Counsel for the Defendant has had insufficient time to assemble the information necessary to answer or otherwise respond to the Complaint of the Plaintiff.

This the _23_ day of September, 1999.

ALLEN C. SMITH
Attorney for Defendant

OF COUNSEL:
Hedrick, Eatman, Gardner & Kincheloe, L.L.P.
P O. Box 30397
Charlotte, NC 28230
(704) 366-1101

Case 3:12-cv-00327-MOC    Document 76-4    Filed 12/22/14    Page 13 of 72
Bates No. 4014    S SHARE ACSV PLEADING DAVIDSON EXT

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by depositing a copy of the same in an official depository of the U.S. Mail in a postage-paid envelope addressed as follows:

> Joseph A. Cheek, Esq.
> Downer, Walters & Mitchener, PA
> Suite 1760
> 2 1st Union Center
> Charlotte, NC 28282
>
> Attorney for Plaintiff.

This the 23 day of September, 1999.

_____
Allen C. Smith
Attorney for Defendant
Larry Lance Mitchell

S:\SHARE\ACS\PLEADING\DAVIDSON.EXT

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
99-CVD-8876

99 SEP 23 PM 4: 04

TOYO DAVIDSON,

    Plaintiff,

vs.

MARIO BURNETTE,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**ORDER**

    THIS CAUSE being heard by the undersigned clerk on motion of the Defendant, MARIO BURNETTE, for an Order extending the time in which to file Answer or other responsive pleadings pursuant to Rule 6 of the Rules of Civil Procedure; plaintiff's Complaint was served on said defendant on September 1, 1999; and it appearing to the Court that the time allowed has not expired and that the motion should be allowed;

    IT IS THEREFORE ORDERED that the time for filing Answer or other responsive pleadings be extended to and including the 31st day of October, 1999.

    This the 23 day of September, 1999.

Clerk of the Superior Court

Case 3:12-cv-00327-MOC    Document 76-16    Filed 12/22/14    Page 15 of 72

Bates No. 4616

S:\SHARE\ACS\PLEADING\DAVIDSON EXT

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
                                                DISTRICT COURT DIVISION
COUNTY OF MECKLENBURG                99 CVD 8876

TOYA DAVIDSON,

     Plaintiff,

     v.                       **AFFIDAVIT OF SERVICE**
                                   **BY CERTIFIED MAIL**

MARIO BARNETTE,

     Defendant,

_____

     I, Joseph A. Cheek, being first duly sworn, depose and say that:

     1. A copy of the Summons and Complaint was served upon **Defendant,** Mario Barnette, by depositing same in the Post Office for mailing to him by certified mail number Z 265 575 490, return receipt requested, a copy of which is attached;

     2. It was in fact received by the Defendant, or a person **deemed** competent to receive such service on the 1st day of September, 1999 **as evidenced** by the attached documentation.

     This the _____ day of _____, 1999.

                                      _____
                                      Joseph A. Cheek
                                    Attorney for Plaintiff

Sworned to and subscribed          Suite 1760 Two First Union Center
this the _8th_ day of             Charlotte, N.C.  28282
_September_____, 1999.        (704)376-2486

_____
Notary Public

My Commission Expires: 5/25/04

Bates No. 4617

THOMAS T. DOWNER
JOHN B. WALTERS
VICTOR C. MITCHENER
STEPHEN W. KEARNEY
JOSEPH A. CHEEK

TELEPHONE
704/376-2488

FAX
704/333-5268

August 30, 1999

Mr. Mario Barnette
3513 West Boulevard
Charlotte, N.C.  28208

RE: *Toya Davidson v. Mario Barnette*
Mecklenburg Co. File #: 99 CVD 8876

Dear Mr. Barnette:

Please find enclosed a copy of the Summons and Complaint for the captioned matter.  Please ask your attorney to contact me as soon as possible.

Sincerely,


Joseph A. Cheek

JAC:st

Enclosures

Z 265 575 490

**Receipt for Certified Mail**
No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

Sent to
Mr. Mario Barnett
Street and No.
3513 West Blvd.
P.O. State and ZIP Code
Charlotte NC 28208

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date and Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | 8/30/99 |

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write 'Return Receipt Requested' on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

3. Article Addressed to:
Mr. Mario Barnett
3513 West Blvd.
Charlotte, NC 28208

4a. Article Number
Z 265 575 490

4b. Service Type
☐ Registered     ☐ Certified
☐ Express Mail   ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery
CHARLOTTE NC FRA... 1 1999 USPS

5. Received By: (Print Name)

6. Signature (Addressee or Agent)

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994     102595-98-B-0229     Domestic Return Receipt

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

| File No. 99-CVD 8876 |
| Film No. |

In The General Court Of Justice
☒ District ☐ Superior Court Division

TOYA DAVIDSON

Address

City, State, Zip

## CIVIL SUMMONS

(Original Summons Issued: 6/10/99    )

VERSUS

MARIO BARNETTE

☒ **Alias and Pluries Summons**

The summons originally issued against you was returned not served

| Date Last Summons Issued 8/12/99 | *Disregard this section unless the block is checked |

**TO:** *Name and Address of First Defendant*
MARIO BARNETTE
3513 WEST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28208

**TO:** *Name and Address of Second Defendant*

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the attorney listed below within 30 days after you have been served. You may serve your answer by delivering a copy or by mailing it to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney | Date Issued | Time Issued |
| JOSEPH A. CHEEK<br>Downer, Walters, & Mitchener, P.A.<br>1760 Two First Union Center<br>Charlotte, N.C. 28282<br>(704) 376-2486 | Signature | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | |

☐ ENDORSEMENT

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date Issued | Time Issued |
| Signature | |
| ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | |

Bates No. 4619

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

| | DEFENDANT 1 | |
|---|---|---|
| Date Served | Name of Defendant | |

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| | DEFENDANT 2 | |
|---|---|---|
| Date Served | Name of Defendant | |

☐ By delivering to the defendant named above a copy of the summons and complaint

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| By | Date of Return | County |
| | | Deputy Sheriff Making Return |

Bates No. 1620

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

| | |
|---|---|
| File No. | CVD 8876 |
| Film No. | |

In The General Court Of Justice
☒ District ☐ Superior Court Division

TOYA DAVIDSON

Address

City, State, Zip

## CIVIL SUMMONS

(Original Summons Issued: 6/10/99 )

VERSUS

MARIO BARNETTE

☒ **Alias and Pluries Summons**

The summons originally issued against you was returned not served

| Date Last Summons Issued 8/12/99 | * Disregard this section unless the block is checked |
|---|---|

**TO:** *Name and Address of First Defendant*
MARIO BARNETTE
3513 WEST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28208

**TO:** *Name and Address of Second Defendant*

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the attorney listed below within 30 days after you have been served. You may serve your answer by delivering a copy or by mailing it to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney | Date Issued | Time Issued |
|---|---|---|
| JOSEPH A. CHEEK<br>Downer, Walters, & Mitchener, P.A.<br>1760 Two First Union Center<br>Charlotte, N.C. 28282<br>(704) 376-2486 | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

☐ ENDORSEMENT

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date Issued | Time Issued |
|---|---|
| Signature | |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

Bates No. 4621 000670

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows

### DEFENDANT 1

| Date Served | Name of Defendant |
|---|---|

[ ] By delivering to the defendant named above a copy of the summons and complaint

[ ] By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

[ ] As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

[ ] Other manner of service (specify)

[ ] Defendant WAS NOT served for the following reason.

### DEFENDANT 2

| Date Served | Name of Defendant |
|---|---|

[ ] By delivering to the defendant named above a copy of the summons and complaint

[ ] By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

[ ] As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

[ ] Other manner of service (specify)

[ ] Defendant WAS NOT served for the following reason.

| Service Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| By | Date of Return | County |

Deputy Sheriff Making Return

Bates No. 4622

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

| | |
|---|---|
| File No. | 9 CVD 8876 |
| Film No. | |

TOYA DAVIDSON

Address

City, State, Zip

## VERSUS

MARIO BARNETTE

## CIVIL SUMMONS

(Original Summons Issued: 6/10/99      )

☒ **Alias and Pluries Summons**

The summons originally issued against you was returned not served

| Date Last Summons Issued 6/10/99 | * Disregard this section unless the block is checked |
|---|---|

**TO:** *Name and Address of First Defendant*
MARIO BARNETTE
3413 WEST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28208

**TO:** *Name and Address of Second Defendant*

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the attorney listed below within 30 days after you have been served. You may serve your answer by delivering a copy or by mailing it to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney | Date Issued 8-18-99 | Time Issued 9:31 |
|---|---|---|
| JOSEPH A. CHEEK Downer, Walters, & Mitchener, P.A. 1760 Two First Union Center Charlotte, N.C. 28282 (704) 376-2486 | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

☐ ENDORSEMENT

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date Issued | Time Issued |
|---|---|
| Signature | |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

Date Served | Name of Defendant

[ ] By delivering to the defendant named above a copy of the summons and complaint

[ ] By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

[ ] As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

[ ] Other manner of service
(specify)

[ ] Defendant WAS NOT served for the following reason.

### DEFENDANT 2

Date Served | Name of Defendant

[ ] By delivering to the defendant named above a copy of the summons and complaint

[ ] By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

[ ] As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

[ ] Other manner of service
(specify)

[ ] Defendant WAS NOT served for the following reason

Service Fee Paid | Date Received | Name of Sheriff

By | Date of Return | County

Deputy Sheriff Making Return

$

Bates No. 4624

# STATE OF NORTH CAROLINA

MECKLENBURG County

File No. 99 CVD 8876

Film No.

## In The General Court Of Justice
☒ District ☐ Superior Court Division

TOYA DAVIDSON

Address

City, State, Zip

## CIVIL SUMMONS

(Original Summons Issued: )

VERSUS

MARIO BARNETTE

☐ **Alias and Pluries Summons**

The summons originally issued against you was returned not served

| Date Last Summons Issued | * Disregard this section unless the block is checked |
|---|---|

**TO:** Name and Address of First Defendant
MARIO BARNETTE
3413 WEST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28208

**TO:** Name and Address of Second Defendant

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the attorney listed below within 30 days after you have been served. You may serve your answer by delivering a copy or by mailing it to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney<br>JOSEPH A. CHEEK<br>Downer, Walters, & Mitchener, P.A.<br>1760 Two First Union Center<br>Charlotte, N.C. 28282<br>(704) 376-2486 | Date Issued 6-10-99 | Time Issued 435 pm |
|---|---|---|
| | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

☐ ENDORSEMENT

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date Issued | Time Issued |
|---|---|
| Signature | |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

Bates No. 4625



## RETURN OF SERVICE





I certify that this summons and a copy of the complaint were received and served as follows:

**DEFENDANT 1**

Date Served       Name of Defendant

By delivering to the defendant named above a copy of the summons and complaint

By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with.

Other manner of service (specify)

Defendant WAS NOT served for the following reason: PER JOHN SMITH SAID THAT HE DOES NOT KNOW THE RESPONDENT

**DEFENDANT 2**

Date Served       Name of Defendant

By delivering to the defendant named above a copy of the summons and complaint

By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with.

Other manner of service (specify)

Defendant WAS NOT served for the following reason

| Service Fee Paid | Date Received 6/14/99 | Name of Sheriff JIM PENDERGRAPH |
| --- | --- | --- |
| By | Date of Return 7/1/99   0840 | County MECKLENBURG |
| $ | | Deputy Sheriff Making Return |

Bates No. 4026

## STATE OF NORTH CAROLINA

MECKLENBURG County

| File No. 99 CVD 8876 |
| Film No. |

In The General Court Of Justice

☒ District ☐ Superior Court Division

TOYA DAVIDSON

Address

City, State, Zip

VERSUS

MARIO BARNETTE

# CIVIL SUMMONS

(Original Summons Issued: )

☐ **Alias and Pluries Summons**

The summons originally issued against you was returned not served

| Date Last Summons Issued | *Disregard this section unless the block is checked |

**TO:** Name and Address of First Defendant
MARIO BARNETTE
3413 WEST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28208

**TO:** Name and Address of Second Defendant

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the attorney listed below within 30 days after you have been served. You may serve your answer by delivering a copy or by mailing it to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney JOSEPH A. CHEEK Downer, Walters, & Mitchener, P.A. 1760 Two First Union Center Charlotte, N.C. 28282 (704) 376-2486 | Date Issued 6-10-99 | Time Issued 435 pm |
| | Signature Debaein | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

☐ ENDORSEMENT

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date Issued | Time Issued |
| Signature | |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

Bates No. 4627

STATE OF NORTH CAROLINA : IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

COUNTY OF MECKLENBURG : 4:35     99 CVD _____

TOYA DAVIDSON,

        Plaintiff,

    vs.                             COMPLAINT

MARIO BARNETTE,

        Defendant.

---

## PLAINTIFF'S CLAIM FOR COMPENSATORY DAMAGES

The Plaintiff, complaining of the Defendant, alleges and says:

1.     That the Plaintiff, Toya Davidson ("Plaintiff"), is a citizen and resident of Mecklenburg County, North Carolina.

2.     That Plaintiff is informed, believes and therefore alleges that the Defendant, Mario Barnette ("Defendant"), is a citizen and resident of Mecklenburg County, North Carolina.

3.     That at all times hereafter mentioned, Plaintiff was the owner and operator of a 1996 Ford automobile ("1996 Ford").

4.     That at all times hereafter mentioned, Defendant was operating a 1995 Plymouth automobile ("1995 Plymouth") which Plaintiff is informed, believes and therefore alleges Defendant was operating with the knowledge, permission and consent of its owner, one Jesse West.

5.     That at all times hereafter mentioned, Berryhill Road, between the intersection of Berryhill Road and Columbus Circles Road and the intersection of Berryhill Road and Fleetwood Drive in Mecklenburg County, North Carolina, consisted of one northeastbound lane and one southwestbound lane.

Bates No. 4628

6. That at all times hereafter mentioned, the aforementioned portion of Berryhill Road was located in a residential area.

7. That at all times hereafter mentioned, the posted speed limit on the aforementioned portion of Berryhill Road was thirty-five (35) miles per hour.

8. That at all times hereafter mentioned, the aforementioned portion of Berryhill Road was dry.

9. That at all times hereafter mentioned, the weather was clear in the area where Berryhill Road was located.

10. That at all times hereafter mentioned, the aforementioned portion of Berryhill Road was dark.

11. That at approximately 12:45 a.m. on or about December 6, 1998 Plaintiff was driving her 1996 Ford in a general southwesterly direction in the southwestbound lane of the aforementioned portion of Berryhill Road.

12. That at the same date and time, Defendant was driving the 1995 Plymouth in a general northeasterly direction in the northeastbound lane of the aforesaid portion of Berryhill Road.

13. That at that time Defendant was driving the 1995 Plymouth through a curved section of the aforesaid portion of Berryhill Road ("the curve").

14. That as Defendant drove the 1995 Plymouth through the curve he was traveling at a speed of at least forty-five (45) miles per hour.

15. That Defendant then operated the 1995 Plymouth in such a willful, wanton, reckless, careless, grossly negligent and unlawful manner that he emerged from the curve and suddenly and without warning swerved from the northeastbound lane of Berryhill Road into the southwestbound lane of Berryhill Road and struck the front portion of Plaintiff's 1996 Ford, causing Plaintiff to suffer serious and painful injuries and damages, which are hereafter more particularly alleged.

16. That Defendant was driving the 1995 Plymouth at a speed of at least thirty-five (35) miles per hour when the 1995 Plymouth struck Plaintiff's 1996 Ford.

Bates No. 4629

17. That the 1995 Plymouth's airbags deployed as a result of the aforesaid collision.

18. That the 1995 Plymouth traveled approximately 200 feet after the aforesaid collision.

19. That Plaintiff's 1996 Ford traveled approximately 50 feet after the aforesaid collision.

20. That Plaintiff's aforesaid injuries and damages were directly and proximately caused by the willful, wanton, reckless, careless, grossly negligent and unlawful conduct of Defendant, whose willful, wanton, reckless, careless and unlawful acts and omissions of gross and standard negligence include:

(a) failing to drive the 1995 Plymouth upon the right half of Berryhill Road, a highway of sufficient width to do so, in violation of N.C.G.S. §20-146(a);

(b) turning from a direct line without first seeing that such turn could be made safely and without giving a signal plainly visible signal to Plaintiff of his intention to make such turn, in violation of N.C.G.S. §20-154;

(c) failing to decrease the speed of the 1995 Plymouth as necessary to avoid colliding with and injuring Plaintiff, Plaintiff's 1996 Ford and other persons and vehicles traveling on Berryhill Road, in violation of N.C.G.S. §20-141(m);

(d) driving the 1995 Plymouth at a speed that was greater than was reasonable and prudent under the conditions then existing, in violation of N.C.G.S. §20-141(a);

(e) driving the 1995 Plymouth on Berryhill Road carelessly and heedlessly in willful and wanton disregard of the rights and safety of Plaintiff and other persons, in violation of N.C.G.S. §20-140(a);

(f) driving the 1995 Plymouth on Berryhill Road without due caution and circumspection and at a speed and in a manner so as to endanger or be likely to endanger Plaintiff, Plaintiff's 1996 Ford and other persons and property, in violation of N.C.G.S. §20-140(b);

(g) failing to maintain the 1995 Plymouth under proper control;

Bates No. 4630

(h)     failing to apply the brakes of the 1995 Plymouth in time to avoid a collision;

(i)     failing to keep a proper lookout in the direction of his travel; and

(j)     acting in an otherwise careless and/or negligent manner.

21. That as a direct and proximate result of Defendant's aforesaid willful, wanton, reckless, careless, grossly negligent and unlawful conduct, Plaintiff suffered serious and painful injuries including but not limited to, injuries to her neck, back, left arm and left elbow, and those injuries have caused her to suffer great physical pain and mental anguish.

22. That as a direct and proximate result of Defendant's willful, wanton, reckless, careless, grossly negligent and unlawful conduct and the injuries Plaintiff suffered as a consequence thereof, Plaintiff has incurred substantial financial expense for medical diagnoses and treatment.

23. That as a direct and proximate result of Defendant's aforesaid negligence and the injuries Plaintiff suffered as a consequence thereof, Plaintiff became incapacitated in the performance of the duties of her employment and has suffered a loss of earnings.

24. That as a direct and proximate result of Defendant's willful, wanton, reckless, careless, grossly negligent and unlawful conduct, Plaintiff has been injured and damaged in the sum of FOUR THOUSAND AND 00/100 DOLLARS ($4,000.00).

## PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

25. That each and every one of the preceding paragraphs is realleged and incorporated herein by reference.

26. That Defendant acted willfully and wantonly and with reckless and total indifference to the rights and safety of Plaintiff by:

Bates No. 4631

(a)   deliberately or recklessly driving the 1995 Plymouth on Berryhill Road at a greatly excessive speed;

(b)   deliberately or recklessly invading Plaintiff's travel lane under circumstances making a violent collision between the 1995 Plymouth and Plaintiff's 1996 Ford likely;

(c)   deliberately or recklessly engaging in each and every one of the preceding negligent acts and omissions alleged in paragraph number sixteen (16) above.

27.   That as a direct and proximate result of Defendant's willful and wanton conduct, Plaintiff suffered serious and painful injuries and damages, which are more particularly alleged above.

28.   That as a direct and proximate result of Defendant's willful and wanton conduct, Plaintiff is entitled to punitive damages.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT AGAINST DEFENDANT AS FOLLOWS:

PLAINTIFF'S PRAYER FOR COMPENSATORY DAMAGES

A.   That Plaintiff recover from Defendant FOUR THOUSAND AND 00/100 DOLLARS ($4,000.00) as compensatory damages for Plaintiff's personal injuries and damages;

B.   That all issues of fact in this matter be tried by a jury;

C.   That the costs of this action, including reasonable attorneys' fees and prejudgment interest, be taxed against Defendant; and

D.   For such other and further relief as the Court deems just and proper.

Bates No. 4632

# PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES

A.   That Plaintiff recover from Defendant SIX THOUSAND AND 00/100 DOLLARS ($6,000.00) as punitive damages for the personal injuries and damages Plaintiff sustained as a consequence of Defendant's willful and wanton conduct;

B.   That all issues of fact in this matter be tried by a jury;

C.   That the costs of this action, including reasonable attorneys' fees and prejudgment interest, be taxed against Defendant; and

D.   For such other and further relief as the Court deems just and proper.

This the 3rd day of June, 1999.

_____
Joseph A. Cheek
Attorney for Plaintiff
1760 Two First Union Center
Charlotte, NC 28282
(704) 376-2486

Bates No. 4633

File No. 99 CVP 8876

# LEAD DOCUMENT FOR
# MICROFILMING

### MICROFILM AUDIT TRAIL

| Date Filmed | Description | Film No. |
|---|---|---|
| 11/18/99 | VOID | |
| 12-28-99 | | 99-292-154 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

AOC-G-113, Rev. 7/99
© 1999 Administrative Office of the Courts

Bates No. 4634

STATE OF NORTH CAROLINA IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
COUNTY OF MECKLENBURG 99 CVD 8876

FILED
99 NOV 18 PM 4:01
MECKLENBURG COUNTY. C S.C.
BY_____

TOYA DAVIDSON,

    Plaintiff,

    v.

MARIO BARNETTE

    Defendant.

**NOTICE OF VOLUNTARY DISMISSAL
WITH PREJUDICE**

_____

Please take notice that Plaintiff hereby voluntarily dismisses this action with prejudice, pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure.

This the _17th_ day of _November_, 1999.

_____
Joseph A. Cheek
Attorney for Plaintiff
1760 Two First Union Center
Charlotte, NC 28282
(704) 376-2486

Bates No. 4635

# STATE OF NORTH CAROLINA

__MECKLENBURG__ County

| | |
|---|---|
| File No. | 99 CVD 8876 |
| Film No. | |

## In The General Court Of Justice
☒ District ☐ Superior Court Division

TOYA DAVIDSON

Address

City, State, Zip

# CIVIL SUMMONS

(Original Summons Issued: 6/10/99    )

### VERSUS

MARIO BARNETTE

☒ **Alias and Pluries Summons**

The summons originally issued against you was returned not served

| Date Last Summons Issued 8/27/99 | * Disregard this section unless the block is checked |
|---|---|

**TO:** *Name and Address of First Defendant*
MARIO BARNETTE
3513 WEST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28208

**TO:** *Name and Address of Second Defendant*

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the attorney listed below within 30 days after you have been served. You may serve your answer by delivering a copy or by mailing it to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney | Date Issued 10 29 99 | Time Issued 4:45 |
|---|---|---|
| JOSEPH A. CHEEK<br>Downer, Walters, & Mitchener, P.A.<br>1760 Two First Union Center<br>Charlotte, N.C. 28282<br>(704) 376-2486 | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | |

☐ ENDORSEMENT

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date Issued | Time Issued |
|---|---|
| Signature | |
| ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | |

Bates No. 1636

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

Date Served      Name of Defendant

- [ ] By delivering to the defendant named above a copy of the summons and complaint

- [ ] By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

- [ ] As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

- [ ] Other manner of service (specify)

- [ ] Defendant WAS NOT served for the following reason.

### DEFENDANT 2

Date Served      Name of Defendant

- [ ] By delivering to the defendant named above a copy of the summons and complaint

- [ ] By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein

- [ ] As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

- [ ] Other manner of service (specify)

- [ ] Defendant WAS NOT served for the following reason.

| Service Fee Paid | Date Received | Name of Sheriff |
| --- | --- | --- |
| By | Date of Return | County |
| | | Deputy Sheriff Making Return |

$

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

FILED

FILE # __99-CVD-8876__

In the General Court of Justice

99 OCT 15 PH 4: 3! District Court Division

MECKLENBURG CO., C.S.C.

**TOYA DAVIDSON,**

VS.

BY _____

**MARIO BARNETTE**

**APPLICATION FOR EXTENSION OF
TIME TO FILE ANSWERS, RESPONSES OR
OTHER PLEADINGS**

To the Honorable Clerk of Superior Court of Mecklenburg County:

The Plaintiff TOYA DAVIDSON, RE: DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS, SERVED ON OCTOBER 6, 1999 through counsel, petition(s) the Court for an extension of time in which to file answers, responses or otherwise plead in the above-entitled action on the following grounds:

1. The grounds for the application are that additional time is needed to investigate and to prepare responses, answers, and other papers.
2. This application is made before expiration of the period prescribed by law for filing pleadings, motions or other papers.
3. This application is made in good faith and not for delay purposes.

The undersigned states that this action is made in good faith and not for the purpose of delay.

Wherefore, the applicant(s)pray(s) that the Court grant an extension of THIRTY (30) days in addition to the time allowed by the North Carolina Rules of Civil Procedure in which to file Answers, Responses or otherwise plead.

This ___7___ day of __October__, 1999

_Joseph A Cheek_
Joseph A. Cheek
Suite 1760, Two First Union Center
Charlotte, NC 28282
704-376-2486

**ORDER EXTENDING TIME**

For cause shown in the foregoing application, it is ORDERED that the applicant(s) be allowed through _December 8_____, 19_99_, to file answers, responses or otherwise plead.

This _15_ day of _October_, 19_99_.

_____
(Assistant) Clerk of Superior Court

Case 3:12-cv-00327-MOC    Document 76-438   Filed 12/22/14    Page 37 of 72
Bates No. 4638

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
99-CVD-8876

TOYO DAVIDSON,

     Plaintiff,

vs.

MARIO BARNETTE,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)

**OFFER OF JUDGMENT**

NOW COMES the Defendant, MARIO BARNETTE, pursuant to Rule 68 of the North Carolina Rules of Civil Procedure, more than ten (10) days before the trial of this action, and offers to allow judgment to be taken against him in this action in the lump sum amount of TWO THOUSAND TWO HUNDRED DOLLARS ($2,200.00), for all damages, attorneys' fees taxable as costs, and the remaining costs accrued at the time this Offer is filed. This Offer is made for the purpose set out in N.C. Gen Stat § 1A-1, Rule 68(a), and for no other purpose.

This the 7th day of October, 1999.

_____
ALLEN C. SMITH
Attorney for Defendant

OF COUNSEL:
Hedrick, Eatman, Gardner & Kincheloe, L.L.P.
P.O. Box 30397
Charlotte, NC 28230
(704) 366-1101

Case 3:12-cv-00327-MOC    Document 76-4   Filed 12/22/14   Page 38 of 72
Bates No. 4039    F:\SHARE\ACS\PLEADING\DAVIDSON.OFR

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by depositing a copy of the same in an official depository of the U.S. Mail in a postage-paid envelope addressed as follows:

> Joseph A. Cheek, Esq.
> Downer, Walters & Mitchener, PA
> Suite 1760
> Two First Union Center
> Charlotte, NC 28282
>
> Attorney for Plaintiff.

This the 7th day of October, 1999.

_____
Allen C. Smith
Attorney for Defendant

Bates No. 4040

2

F:\SHARE\ACS\PLEADING\DAVIDSON.OFR

**STATE OF NORTH CAROLINA**

**COUNTY OF MECKLENBURG**

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
99-CVD-8876

| | |
|---|---|
| TOYA DAVIDSON, | |
| **Plaintiff,** | |
| v. | **ANSWER** |
| MARIO BARNETTE, | |
| **Defendant.** | |

NOW COMES the Defendant, answering the Complaint of the Plaintiff, and alleges and says:

## FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, should be dismissed, with prejudice, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

## SECOND DEFENSE

1. The allegations contained in Paragraph 1 of the Plaintiff's Complaint are admitted, upon information and belief.

2. The allegations contained in Paragraph 2 of the Plaintiff's Complaint are admitted.

3. The allegations contained in Paragraph 3 of the Plaintiff's Complaint are admitted, upon information and belief.

4. Defendant admits operating a 1995 Plymouth automobile with the knowledge, permission, and consent of its owner. Except as otherwise admitted, the allegations contained in Paragraph 4 of the Plaintiff's Complaint are denied.

5. The allegations contained in Paragraph 5 of the Plaintiff's Complaint are admitted, upon information and belief.

6. The allegations contained in Paragraph 6 of the Plaintiff's Complaint are admitted, upon information and belief.

7. The allegations contained in Paragraph 7 of the Plaintiff's Complaint are admitted, upon information and belief.

8. The allegations contained in Paragraph 8 of the Plaintiff's Complaint are admitted.

9. The allegations contained in Paragraph 9 of the Plaintiff's Complaint are admitted.

10. The allegations contained in Paragraph 10 of the Plaintiff's Complaint are admitted.

11. The allegations contained in Paragraph 11 of the Plaintiff's Complaint are admitted, upon information and belief.

12. The allegations contained in Paragraph 12 of the Plaintiff's Complaint are admitted, upon information and belief.

13. The allegations contained in Paragraph 13 of the Plaintiff's Complaint are admitted, upon information and belief.

14. The allegations contained in Paragraph 14 of the Plaintiff's Complaint are denied.

15. Defendant admits operating the 1995 Plymouth automobile that struck the front portion of Plaintiff's 1996 Ford automobile on Berry Hill Road. Except as expressly admitted, the allegations contained in Paragraph 15 of the Plaintiff's Complaint are denied.

16. Defendant admits driving the 1995 Plymouth automobile at a speed of approximately thirty-five miles per hour (35 mph) when the 1995 Plymouth struck the Plaintiff's 1996 Ford automobile.

17. The allegations contained in Paragraph 17 of the Plaintiff's Complaint are admitted.

Bates No. 4642    S:\SHARLAW\PCS\C\CJC0006.ANS

18. Defendant lacks sufficient knowledge or information to form an opinion as to the truth of said allegations in Paragraph 18 of the Plaintiff's Complaint and, therefore, denies the same.

19. The allegations contained in Paragraph 18 of the Plaintiff's Complaint are admitted, upon information and belief.

20. Defendant admits that his negligence was a proximate cause of the collision. Except as expressly admitted, the allegations contained in Paragraph 20 of the Plaintiff's Complaint, and its subparts, are denied.

21. The allegations contained in Paragraph 21 of the Plaintiff's Complaint are denied.

22. The allegations contained in Paragraph 22 of the Plaintiff's Complaint are denied.

23. Defendant lacks sufficient knowledge or information to form an opinion as to the truth of said allegations in Paragraph 23 of the Plaintiff's Complaint and, therefore, denies the same.

24. The allegations contained in Paragraph 24 of the Plaintiff's Complaint are denied.

25. Defendant realleges and incorporates by reference Paragraphs 1 through 24 of this Answer.

26. The allegations contained in Paragraph 26 of the Plaintiff's Complaint are denied.

27. The allegations contained in Paragraph 27 of the Plaintiff's Complaint are denied.

28. The allegations contained in Paragraph 28 of the Plaintiff's Complaint are denied.

## THIRD DEFENSE

Plaintiff seeks punitive damages in this action. Pursuant to the Due Process Clause of the Fourteenth Amendment, punitive damages would be unconstitutional in this action.

Bates No. 4643

S:\SHARE\WPC8\CJC\CJC0006.ANS

WHEREFORE, the Defendant, having fully answered the Complaint of the Plaintiff, respectfully prays the Court as follows

1.      That the Plaintiff have and recover nothing of this Defendant, and that the Plaintiff's Complaint be dismissed with prejudice.

2.      That the costs of this action be taxed against the Plaintiff.

3.      That there be a trial by jury on all issues of fact, and

4.      That the Defendant have and recover any additional relief that the Court deems just and proper

This the _1st_ day of _October_ _____, 1999.

_____
ALLEN C. SMITH

_____
C. J. CHILDERS
Attorneys for Defendant

OF COUNSEL:
HEDRICK, EATMAN, GARDNER &
 KINCHELOE, L.L.P.
Post Office Box 30397
Charlotte, North Carolina 28230
(704) 366-1101

Bates No. 4044

S:\SHARE\WPC\CJC\CJC0006.ANS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all **counsel of Record**

by depositing a copy of the same in an official depository of the United States mail in **a postage-paid**

envelope addressed to:

> Joseph A. Cheek
> DOWNER, WALTERS & MITCHENER, PA
> 1760 Two First Union Center
> Charlotte, North Carolina 28282
> Attorney for Plaintiff.

This the __1ᵗʰ__ day of __October__ _____, 1999.

_____
ALLEN C. SMITH

Bates No. 4045    S:\SHARE\WPC8\CJC\CJC0006 ANS

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

FILED
95 SEP 23 PM 4: 04
... C.S.C.
BY

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
99-CVD-8876

| | |
|---|---|
| TOYO DAVIDSON, | ) |
| Plaintiff, | ) |
| vs. | ) **MOTION FOR EXTENSION OF TIME TO** |
| | ) **FILE ANSWER OR** |
| MARIO BURNETTE, | ) **OTHER RESPONSIVE PLEADINGS** |
| Defendant. | ) |

Defendant, MARIO BURNETTE, shows to the Court that the time for filing Answer or other responsive pleadings has not expired, and moves the Court pursuant to Rule 6(b) of the Rules of the Civil Procedure to extend the time therefore thirty (30) days for the following reasons: Counsel for the Defendant has had insufficient time to assemble the information necessary to answer or otherwise respond to the Complaint of the Plaintiff.

This the 23 day of September, 1999.

ALLEN C. SMITH
Attorney for Defendant

OF COUNSEL
Hedrick, Eatman, Gardner & Kincheloe, L.L.P.
P O. Box 30397
Charlotte, NC 28230
(704) 366-1101

Case 3:12-cv-00327-MOC    Document 76-4    Filed 12/22/14    Page 45 of 72
Bates No. 4646    S \SHARE\ACS\PLEADING\DAVIDSON EXT

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by depositing a copy of the same in an official depository of the U.S. Mail in a postage-paid envelope addressed as follows:

> Joseph A. Cheek, Esq.
> Downer, Walters & Mitchener, PA
> Suite 1760
> 2 1st Union Center
> Charlotte, NC 28282
>
> Attorney for Plaintiff

This the 23 day of September, 1999.

_____
Allen C. Smith
Attorney for Defendant
Larry Lance Mitchell

Bates No. 4047

S:\SHARE\ACS\PLEADING\DAVIDSON.EXT

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

99 SEP 23 PH 4:04

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
99-CVD-8876

BY_____

|  |  |
|---|---|
| TOYO DAVIDSON,<br><br>    Plaintiff,<br><br>VS.<br><br>MARIO BURNETTE,<br><br>    Defendant. | ) )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

THIS CAUSE being heard by the undersigned clerk on motion of the Defendant, MARIO BURNETTE, for an Order extending the time in which to file Answer or other responsive pleadings pursuant to Rule 6 of the Rules of Civil Procedure; plaintiff's Complaint was served on said defendant on September 1, 1999; and it appearing to the Court that the time allowed has not expired and that the motion should be allowed;

IT IS THEREFORE ORDERED that the time for filing Answer or other responsive pleadings be extended to and including the 31st day of October, 1999.

This the 23 day of September, 1999.

_____
Clerk of the Superior Court

S:\SHARE\ACS\PLEADING\DAVIDSON EXT

STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
                                        DISTRICT COURT DIVISION
COUNTY OF MECKLENBURG                   99 CVD 8876

TOYA DAVIDSON,

    Plaintiff,

    v.                                    **AFFIDAVIT OF SERVICE**
                                              **BY CERTIFIED MAIL**

MARIO BARNETTE,

    Defendant,

---

I, Joseph A. Cheek, being first duly sworn, depose and say that:

1. A copy of the Summons and Complaint was served upon **Defendant,** Mario Barnette, by depositing same in the Post Office for mailing to **him by** certified mail number Z 265 575 490, return receipt requested, a **copy of** which is attached;

2. It was in fact received by the Defendant, or a person **deemed** competent to receive such service on the 1st day of September, 1999 **as evidenced** by the attached documentation.

This the _____ day of _____, 1999.

                                     Joseph A. Cheek
                                       Attorney for Plaintiff
Sworned to and subscribed        Suite 1760 Two First Union Center
this the ___ day of            Charlotte, N.C.  28282
_____, 1999.           (704)376-2486

_____
Notary Public

My Commission Expires: 5/25/04

SEP 09

THOMAS T. DOWNER
JOHN B. WALTERS
VICTOR C. MITCHENER
STEPHEN W. KEARNEY
JOSEPH A. CHEEK

TELEPHONE
704/376-2488

FAX
704/333-5248

August 30, 1999

Mr. Mario Barnette
3513 West Boulevard
Charlotte, N.C. 28208

RE: *Toya Davidson v. Mario Barnette*
Mecklenburg Co. File #: 99 CVD 8876

Dear Mr. Barnette:

Please find enclosed a copy of the Summons and Complaint for the captioned matter. Please ask your attorney to contact me as soon as possible.

Sincerely,

Joseph A. Cheek

JAC:st

Enclosures

Z 265 575 490

**Receipt for Certified Mail**

No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

| Sent to | | |
|---|---|---|
| Mr. Mario Barnette | | |
| Street and No. | | |
| 3513 West Blvd. | | |
| P.O., State and ZIP Code | | |
| Charlotte NC 28208 | | |
| Postage | | $ |
| Certified Fee | | |
| Special Delivery Fee | | |
| Restricted Delivery Fee | | |
| Return Receipt Showing to Whom & Date Delivered | | |
| Return Receipt Showing to Whom Date and Addressee's Address | | |
| TOTAL Postage & Fees | | $ |
| Postmark or Date | | |
| | | 8 30 99 |

PS Form 3800, March 1993

Thank you for using Return Receipt Service.

**SENDER:**
- Complete items 1 and/or 2 for additional services.
  Complete items 3, 4a, and 4b
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write 'Return Receipt Requested' on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| Mr. Mario Barnette 3513 West Blvd. Charlotte, NC 28208 | Z 265 575 490 |
| | 4b. Service Type |
| | ☐ Registered ☐ Certified |
| | ☐ Express Mail ☐ Insured |
| | ☐ Return Receipt for Merchandise ☐ COD |
| | 7. Date of Delivery |
| 5. Received By: (Print Name) | 8. Addressee's Address (Only if requested and fee is paid) |
| 6. Signature (Addressee or Agent) | |

PS Form 3811, December 1994

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

File No. 99-CVD 8876

Film No.

In The General Court Of Justice
☒ District ☐ Superior Court Division

TOYA DAVIDSON

Address

City, State, Zip

## CIVIL SUMMONS

(Original Summons Issued: 6/10/99 )

VERSUS

MARIO BARNETTE

☒ **Alias and Pluries Summons**

The summons originally issued against you was returned not served

| Date Last Summons Issued 8/12/99 | * Disregard this section unless the block is checked |
|---|---|

**TO:** *Name and Address of First Defendant*
MARIO BARNETTE
3513 WEST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28208

**TO:** *Name and Address of Second Defendant*

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the attorney listed below within 30 days after you have been served. You may serve your answer by delivering a copy or by mailing it to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney<br>JOSEPH A. CHEEK<br>Downer, Walters, & Mitchener, P.A.<br>1760 Two First Union Center<br>Charlotte, N.C. 28282<br>(704) 376-2486 | Date Issued | Time Issued |
|---|---|---|
| | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

☐ ENDORSEMENT

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date Issued | Time Issued |
|---|---|
| Signature | |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

Bates No. 4051

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

| | DEFENDANT 1 | |
|---|---|---|
| Date Served | Name of Defendant | |

- [ ] By delivering to the defendant named above a copy of the summons and complaint

- [ ] By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

- [ ] As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

- [ ] Other manner of service (specify)

- [ ] Defendant WAS NOT served for the following reason.

| | DEFENDANT 2 | |
|---|---|---|
| Date Served | Name of Defendant | |

- [ ] By delivering to the defendant named above a copy of the summons and complaint

- [ ] By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

- [ ] As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

- [ ] Other manner of service (specify)

- [ ] Defendant WAS NOT served for the following reason.

| Service Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| By | Date of Return | County |
| | | Deputy Sheriff Making Return |

Bates No. 1652

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

| | |
|---|---|
| File No. | CVD 8876 |
| Film No. | |

## In The General Court Of Justice
☒ District ☐ Superior Court Division

TOYA DAVIDSON

Address

City, State, Zip

## VERSUS

MARIO BARNETTE

# CIVIL SUMMONS

(Original Summons Issued: 6/10/99 )

☒ **Alias and Pluries Summons**

The summons originally issued against you was returned not served

| Date Last Summons Issued 8/12/99 | * Disregard this section unless the block is checked |
|---|---|

**TO:** *Name and Address of First Defendant*
MARIO BARNETTE
3513 WEST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28208

**TO:** *Name and Address of Second Defendant*

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the attorney listed below within 30 days after you have been served. You may serve your answer by delivering a copy or by mailing it to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney<br>JOSEPH A. CHEEK<br>Downer, Walters, & Mitchener, P.A.<br>1760 Two First Union Center<br>Charlotte, N.C. 28282<br>(704) 376-2486 | Date Issued 8/31/99 | Time Issued 4:50 |
|---|---|---|
| | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

☐ ENDORSEMENT

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date Issued | Time Issued |
|---|---|
| Signature | |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

# RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows.

### DEFENDANT 1

Date Served | Name of Defendant

[ ] By delivering to the defendant named above a copy of the summons and complaint

[ ] By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

[ ] As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

[ ] Other manner of service (specify)

[ ] Defendant WAS NOT served for the following reason.

### DEFENDANT 2

Date Served | Name of Defendant

[ ] By delivering to the defendant named above a copy of the summons and complaint

[ ] By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

[ ] As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

[ ] Other manner of service (specify)

[ ] Defendant WAS NOT served for the following reason.

| Service Fee Paid | Date Received | Name of Sheriff |
| --- | --- | --- |
| By | Date of Return | County |
| | | Deputy Sheriff Making Return |

Bates No. 4654

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

| | |
|---|---|
| File No. | 9_CVD 8876 |
| Film No. | |

TOYA DAVIDSON

Address

City, State, Zip

## CIVIL SUMMONS

(Original Summons Issued: 6/10/99    )

VERSUS

MARIO BARNETTE

### ☒ Alias and Pluries Summons

The summons originally issued against you was returned not served

| Date Last Summons Issued | * Disregard this section unless |
|---|---|
| 6/10/99 | the block is checked |

**TO:** Name and Address of First Defendant
MARIO BARNETTE
3413 WEST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28208

**TO:** Name and Address of Second Defendant

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the attorney listed below within 30 days after you have been served. You may serve your answer by delivering a copy or by mailing it to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney | Date Issued | Time Issued |
|---|---|---|
| JOSEPH A. CHEEK<br>Downer, Walters, & Mitchener, P.A.<br>1760 Two First Union Center<br>Charlotte, N.C. 28282<br>(704) 376-2486 | 8-18-99 | 9:31 |
| | Signature | |
| | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | |

☐ ENDORSEMENT

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date Issued | Time Issued |
|---|---|
| Signature | |
| ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | |

# RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

Date Served                     Name of Defendant

[ ] By delivering to the defendant named above a copy of the summons and complaint

[ ] By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

[ ] As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

[ ] Other manner of service (specify)

[ ] Defendant WAS NOT served for the following reason.

## DEFENDANT 2

Date Served                     Name of Defendant

[ ] By delivering to the defendant named above a copy of the summons and complaint

[ ] By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

[ ] As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

[ ] Other manner of service (specify)

[ ] Defendant WAS NOT served for the following reason

Service Fee Paid            Date Received              Name of Sheriff

By                          Date of Return             County

                                                       Deputy Sheriff Making Return

$

Bates No. 4656

# STATE OF NORTH CAROLINA

MECKLENBURG County

File No. 99 CVD 8876

Film No.

In The General Court Of Justice
☒ District ☐ Superior Court Division

TOYA DAVIDSON

Address

City, State, Zip

## CIVIL SUMMONS

(Original Summons Issued:            )

VERSUS

MARIO BARNETTE

☐ Alias and Pluries Summons

The summons originally issued against you was returned not served

| Date Last Summons Issued | *Disregard this section unless the block is checked |
|---|---|

**TO:** Name and Address of First Defendant
MARIO BARNETTE
3413 WEST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28208

**TO:** Name and Address of Second Defendant

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the attorney listed below within 30 days after you have been served. You may serve your answer by delivering a copy or by mailing it to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney | Date Issued | Time Issued |
|---|---|---|
| JOSEPH A. CHEEK<br>Downer, Walters, & Mitchener, P.A.<br>1760 Two First Union Center<br>Charlotte, N.C. 28282<br>(704) 376-2486 | 0-10-99 | 435 pm |
| | Signature | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

☐ ENDORSEMENT

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date Issued | Time Issued |
|---|---|
| Signature | |
| ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

Case 3:12-cv-00327-MOC    Document 76-45    Filed 12/22/14    Page 56 of 72
Bates No. 4657

 **RETURN OF SERVICE**



I certify that this summons and a copy of the complaint were received and served as follows:

**DEFENDANT 1**

Date Served                 Name of Defendant

By delivering to the defendant named above a copy of the summons and complaint

By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

Other manner of service (specify)

Defendant WAS NOT served for the following reason: PER JOHN SMITH SAID THAT HE DOES NOT KNOW THE RESPONDENT

**DEFENDANT 2**

Date Served                 Name of Defendant

By delivering to the defendant named above a copy of the summons and complaint

By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

Other manner of service (specify)

Defendant WAS NOT served for the following reason

| Service Fee Paid | Date Received 6/14/99 | Name of Sheriff JIM PENDERGRAPH |
|---|---|---|
| By | Date of Return 7/1/99    0840 | County MECKLENBURG |
| $ | | Deputy Sheriff Making Return |

Case 3:12-cv-00327-MOC    Document 76-4    Filed 12/22/14    Page 57 of 72

Bates No. 4058

# STATE OF NORTH CAROLINA

__MECKLENBURG_____ County

| | |
|---|---|
| File No. | 99 CVD 8876 |
| Film No. | |

In The General Court Of Justice
☒ District ☐ Superior Court Division

TOYA DAVIDSON

_Address_

_City, State, Zip_

## CIVIL SUMMONS

(Original Summons Issued:                    )

### VERSUS

MARIO BARNETTE

☐ **Alias and Pluries Summons**

The summons originally issued against you was returned not served

| Date Last Summons Issued | *Disregard this section unless the block is checked* |
|---|---|

**TO:** *Name and Address of First Defendant*
MARIO BARNETTE
3413 WEST BOULEVARD
CHARLOTTE, NORTH CAROLINA 28208

**TO:** *Name and Address of Second Defendant*

---

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the attorney listed below within 30 days after you have been served. You may serve your answer by delivering a copy or by mailing it to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney | Date Issued | Time Issued |
|---|---|---|
| JOSEPH A. CHEEK | 10-99 | 4:35 pm |
| Downer, Walters, & Mitchener, P.A. | Signature | |
| 1760 Two First Union Center | | |
| Charlotte, N.C. 28282 | | |
| (704) 376-2486 | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | |

---

☐ **ENDORSEMENT**

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date Issued | Time Issued |
|---|---|
| | |
| Signature | |
| ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court | |

STATE OF NORTH CAROLINA  IN THE GENERAL COURT OF JUSTICE
                              DISTRICT COURT DIVISION
COUNTY OF MECKLENBURG        99 CVD _____ 2876

TOYA DAVIDSON,

         Plaintiff,

    vs.                              COMPLAINT

MARIO BARNETTE,

         Defendant.

_____

## PLAINTIFF'S CLAIM FOR COMPENSATORY DAMAGES

The Plaintiff, complaining of the Defendant, alleges and says:

1.      That the Plaintiff, Toya Davidson ("Plaintiff"), is a citizen and resident of Mecklenburg County, North Carolina.

2.      That Plaintiff is informed, believes and therefore alleges that the Defendant, Mario Barnette ("Defendant"), is a citizen and resident of Mecklenburg County, North Carolina.

3.      That at all times hereafter mentioned, Plaintiff was the owner and operator of a 1996 Ford automobile ("1996 Ford").

4.      That at all times hereafter mentioned, Defendant was operating a 1995 Plymouth automobile ("1995 Plymouth") which Plaintiff is informed, believes and therefore alleges Defendant was operating with the knowledge, permission and consent of its owner, one Jesse West.

5.      That at all times hereafter mentioned, Berryhill Road, between the intersection of Berryhill Road and Columbus Circles Road and the intersection of Berryhill Road and Fleetwood Drive in Mecklenburg County, North Carolina, consisted of one northeastbound lane and one southwestbound lane.

Bates No. 4060

6. That at all times hereafter mentioned, the aforementioned portion of Berryhill Road was located in a residential area.

7. That at all times hereafter mentioned, the posted speed limit on the aforementioned portion of Berryhill Road was thirty-five (35) miles per hour.

8. That at all times hereafter mentioned, the aforementioned portion of Berryhill Road was dry.

9. That at all times hereafter mentioned, the weather was clear in the area where Berryhill Road was located.

10. That at all times hereafter mentioned, the aforementioned portion of Berryhill Road was dark.

11. That at approximately 12:45 a.m. on or about December 6, 1998 Plaintiff was driving her 1996 Ford in a general southwesterly direction in the southwestbound lane of the aforementioned portion of Berryhill Road.

12. That at the same date and time, Defendant was driving the 1995 Plymouth in a general northeasterly direction in the northeastbound lane of the aforesaid portion of Berryhill Road.

13. That at that time Defendant was driving the 1995 Plymouth through a curved section of the aforesaid portion of Berryhill Road ("the curve").

14. That as Defendant drove the 1995 Plymouth through the curve he was traveling at a speed of at least forty-five (45) miles per hour.

15. That Defendant then operated the 1995 Plymouth in such a willful, wanton, reckless, careless, grossly negligent and unlawful manner that he emerged from the curve and suddenly and without warning swerved from the northeastbound lane of Berryhill Road into the southwestbound lane of Berryhill Road and struck the front portion of Plaintiff's 1996 Ford, causing Plaintiff to suffer serious and painful injuries and damages, which are hereafter more particularly alleged.

16. That Defendant was driving the 1995 Plymouth at a speed of at least thirty-five (35) miles per hour when the 1995 Plymouth struck Plaintiff's 1996 Ford.

Bates No. 4061

17. That the 1995 Plymouth's airbags deployed as a result of the aforesaid collision.

18. That the 1995 Plymouth traveled approximately 200 feet after the aforesaid collision.

19. That Plaintiff's 1996 Ford traveled approximately 50 feet after the aforesaid collision.

20. That Plaintiff's aforesaid injuries and damages were directly and proximately caused by the willful, wanton, reckless, careless, grossly negligent and unlawful conduct of Defendant, whose willful, wanton, reckless, careless and unlawful acts and omissions of gross and standard negligence include:

(a) failing to drive the 1995 Plymouth upon the right half of Berryhill Road, a highway of sufficient width to do so, in violation of N.C.G.S. §20-146(a);

(b) turning from a direct line without first seeing that such turn could be made safely and without giving a signal plainly visible signal to Plaintiff of his intention to make such turn, in violation of N.C.G.S. §20-154;

(c) failing to decrease the speed of the 1995 Plymouth as necessary to avoid colliding with and injuring Plaintiff, Plaintiff's 1996 Ford and other persons and vehicles traveling on Berryhill Road, in violation of N.C.G.S. §20-141(m);

(d) driving the 1995 Plymouth at a speed that was greater than was reasonable and prudent under the conditions then existing, in violation of N.C.G.S. §20-141(a);

(e) driving the 1995 Plymouth on Berryhill Road carelessly and heedlessly in willful and wanton disregard of the rights and safety of Plaintiff and other persons, in violation of N.C.G.S. §20-140(a);

(f) driving the 1995 Plymouth on Berryhill Road without due caution and circumspection and at a speed and in a manner so as to endanger or be likely to endanger Plaintiff, Plaintiff's 1996 Ford and other persons and property, in violation of N.C.G.S. §20-140(b);

(g) failing to maintain the 1995 Plymouth under proper control;

Bates No. 4062

(h)     failing to apply the brakes of the 1995 Plymouth in time to avoid a collision;

(i)     failing to keep a proper lookout in the direction of his travel; and

(j)     acting in an otherwise careless and/or negligent manner.

21.     That as a direct and proximate result of Defendant's aforesaid willful, wanton, reckless, careless, grossly negligent and unlawful conduct, Plaintiff suffered serious and painful injuries including but not limited to, injuries to her neck, back, left arm and left elbow, and those injuries have caused her to suffer great physical pain and mental anguish.

22.     That as a direct and proximate result of Defendant's willful, wanton, reckless, careless, grossly negligent and unlawful conduct and the injuries Plaintiff suffered as a consequence thereof, Plaintiff has incurred substantial financial expense for medical diagnoses and treatment.

23.     That as a direct and proximate result of Defendant's aforesaid negligence and the injuries Plaintiff suffered as a consequence thereof, Plaintiff became incapacitated in the performance of the duties of her employment and has suffered a loss of earnings.

24.     That as a direct and proximate result of Defendant's willful, wanton, reckless, careless, grossly negligent and unlawful conduct, Plaintiff has been injured and damaged in the sum of FOUR THOUSAND AND 00/100 DOLLARS ($4,000.00).

## PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

25.     That each and every one of the preceding paragraphs is realleged and incorporated herein by reference.

26.     That Defendant acted willfully and wantonly and with reckless and total indifference to the rights and safety of Plaintiff by:

Bates No. 4663

(a) deliberately or recklessly driving the 1995 Plymouth on Berryhill Road at a greatly excessive speed;

(b) deliberately or recklessly invading Plaintiff's travel lane under circumstances making a violent collision between the 1995 Plymouth and Plaintiff's 1996 Ford likely;

(c) deliberately or recklessly engaging in each and every one of the preceding negligent acts and omissions alleged in paragraph number sixteen (16) above.

27. That as a direct and proximate result of Defendant's willful and wanton conduct, Plaintiff suffered serious and painful injuries and damages, which are more particularly alleged above.

28. That as a direct and proximate result of Defendant's willful and wanton conduct, Plaintiff is entitled to punitive damages.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT AGAINST DEFENDANT AS FOLLOWS:

PLAINTIFF'S PRAYER FOR COMPENSATORY DAMAGES

A. That Plaintiff recover from Defendant FOUR THOUSAND AND 00/100 DOLLARS ($4,000.00) as compensatory damages for Plaintiff's personal injuries and damages;

B. That all issues of fact in this matter be tried by a jury;

C. That the costs of this action, including reasonable attorneys' fees and prejudgment interest, be taxed against Defendant; and

D. For such other and further relief as the Court deems just and proper.

Bates No. 4664

# PLAINTIFF'S PRAYER FOR PUNITIVE DAMAGES

A.     That Plaintiff recover from Defendant SIX THOUSAND AND 00/100 DOLLARS ($6,000.00) as punitive damages for the personal injuries and damages Plaintiff sustained as a consequence of Defendant's willful and wanton conduct;

B.     That all issues of fact in this matter be tried by a jury;

C.     That the costs of this action, including reasonable attorneys' fees and prejudgment interest, be taxed against Defendant; and

D.     For such other and further relief as the Court deems just and proper.

This the 3rd day of June, 1999.

_____
Joseph X. Cheek
Attorney for Plaintiff
1760 Two First Union Center
Charlotte, NC 28282
(704) 376-2486

Bates No. 4665

245824      York        C-16-767-739
SS-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

| LICENSE NUMBER | COUNTY | |
|---|---|---|

| GROOM — NAME | (FIRST) | (MIDDLE) | (LAST) | BIRTHDATE (MONTH, DAY, YEAR) | AGE |
|---|---|---|---|---|---|
| (1) | Derrick Lemarr Barnette | | | (2a) 8-27-56 | (2b) 19 |

| BIRTHPLACE (State or foreign country) | RACE | RESIDENCE (Street and Number) | | |
|---|---|---|---|---|
| (3) N. C. | (4) Negro | (5a) 1137 Comstock Dr. | | |
| CITY, TOWN, OR LOCATION | COUNTY | STATE | | NO. OF THIS MARRIAGE (1st, 2nd, etc.) |
| (5b) Charlotte | (5c) Mecklenburg | (5d) N. C. | | (6) 1 st |

| BRIDE — NAME | (FIRST) | (MIDDLE) | (LAST) | BIRTHDATE (MONTH, DAY, YEAR) | AGE |
|---|---|---|---|---|---|
| (7) | Sonia Maria Cooper | | | (8a) 8-17-58 | (8b) 17 |

| BIRTHPLACE (State or foreign country) | RACE | RESIDENCE (Street and Number) | | |
|---|---|---|---|---|
| (9) N. C. | (10) Negro | (11a) 212 Pointer Dr. | | |
| CITY, TOWN, OR LOCATION | COUNTY | STATE | | NO. OF THIS MARRIAGE (1st, 2nd, etc.) |
| (11b) Columbia | (11c) Richland | (11d) S. C. | | (12) 1 st |

| MAIDEN NAME OF BRIDE (If Different From Above) |
|---|
| (13) |

Application for a license was filed at ___1:45 P___ m., on the __7th__ day of __February__, 19__76__. These are, therefore, to authorize any person qualified to perform marriage ceremonies to perform the marriage ceremony for the persons above named, and for the so doing this shall be sufficient warrant. Given under my hand and seal at __3:30 P__ m., this the __8th__ day of __February__, A. D. 19__76__ .

_Charles F. Nunn_
Signature of issuing officer

Judge of Probate
Title of Issuing Officer

| GROOM — Signature | BRIDE — Signature | |
|---|---|---|
| (14) _Derrick S. Barnett_ | (15) _Sonia M. Cooper_ | |
| I certify that the above named persons were married on (MONTH) (DAY) (YEAR) February 8 1976 | Place of Marriage York | COUNTY SOUTH CAROLINA |
| (16) | (17) | |
| OFFICIANT — Signature | OFFICIANT — Title | |
| (18a) _Nancy R. Spiller_ | (18b) Notary Public for S. C. | |
| OFFICIANT — Mailing Address | | |
| York, S. C. | | |
| (18c) | | |

DHEC 681 (REV. 6-71) 100M-5-74

772 A MAR 9 1976

Case 3:12-cv-00327-MOC    Document 76-4    Filed 12/22/14    Page 65 of 72

Bates No. 4066    P-009251

# SOCIAL SECURITY ADMINISTRATION
Baltimore, Maryland 21290-0300

## CERTIFICATION OF EXTRACT FROM RECORDS

Pursuant to the provisions of Title 42, United States Code, Section 3505, and the authority vested in me by 45 F. R. 47245-46. I hereby certify that I have legal custody of certain records, documents, and other information established and maintained by the Social Security Administration, pursuant to Title 42, United States Code, Section 405, and that the annexed is a true extract from such records in my custody as aforesaid.

I certify that all signatures of Social Security Administration officials on the annexed document(s) are genuine and made pursuant to the signers' official capacity.

I further certify that these records may not show all the earnings reported for the periods ending after December 31, 2011 because of the time required to receive and process reports.

IN WITNESS WHEREOF, I have hereunto set my hand and caused the seal of the Social Security Administration to be affixed this _____*29*_____ day of _____*August*_____, 2013.



_Stephanie S. Harrison_
Stephanie S. Harrison,
Director
Division of Earnings Record Operations
Office of Central Operations

Form **SSA-473** (12/12)
Destroy Prior Edition

Bates No. 4067    009252

SSA-1826　　　　　　　ITEMIZED STATEMENT OF EARNINGS
　　　　　　　　* * *　　FOR SSN XXX-XX-7433　　　* * *


FROM:　SOCIAL SECURITY ADMINISTRATION
　　　　OFFICE OF CENTRAL OPERATIONS
　　　　300 N. GREENE STREET
　　　　BALTIMORE, MARYLAND　21290-0300


NUMBER HOLDER NAME: SONIA M BARNETTE
　　YEARS REQUESTED: 1974 THRU 2012




ZACH ROWLES CDPL
201 W MAIN ST # 301
DURHAM NC 27701




EMPLOYER NUMBER:　57-0508503
HARDEES HAMBURGERS OF COLUMBIA INC
　715 CROWSON ROAD COLUMBIA S C 2920
BOX 3168
SPARTANBURG　SC 29302-0000

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1975 | | 196.80 | 173.72 | | $370.52 |


EMPLOYER NUMBER:　57-0471109
SPARTAN HAMBURGERS OF SOUTH
　CAROLINA INC
GAFFNEY S C
PO BOX 3168
SPARTANBURG　SC 29304-0000

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1975 | | | 110.59 | | $110.59 |


EMPLOYER NUMBER:　57-0619117
PERSONNEL POOL EASTERN MICHIGAN INC
11750 S WESTERN AVE
CHICAGO　IL 60643-0000

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1976 | | | 36.04 | | $36.04 |


PAGE 1

Bates No. 4068　　　　　　　　　　　　　　　　P 009253

SSA-1826            ITEMIZED STATEMENT OF EARNINGS
            * * *     FOR SSN XXX-XX-7433     * * *

EMPLOYER NUMBER: 69-0570356
SC COMMISSION ON ALCOHOL AND DRUG ABUSE
DIRECTOR
P O BOX 4616
COLUMBIA SC 29240-0000

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1976 |         |         | 156.00  | 1337.24 | $1,493.24 |
| 1977 | 936.48  |         |         |         | $936.48 |

EMPLOYER NUMBER: 37-0533100
STATE FARM MUTUAL AUTOMOBILE
% FFS TAX FILING P4
PO BOX 2321
BLOOMINGTON IL 61702-2321

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1979 |  |  |  |  | $3,800.48 |
| 1980 |  |  |  |  | $9,569.24 |
| 1981 |  |  |  |  | $11,110.40 |
| 1982 |  |  |  |  | $12,833.95 |
| 1983 |  |  |  |  | $13,603.90 |
| 1984 |  |  |  |  | $14,384.21 |
| 1985 |  |  |  |  | $16,021.69 |
| 1986 |  |  |  |  | $16,385.45 |
| 1987 |  |  |  |  | $15,791.15 |

EMPLOYER NUMBER: 58-1597137
MORRISON GROUP INC
225 HOUSTON ST
PO BOX 2565
SAVANNAH GA 31402-2565

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1987 |  |  |  |  | $15.75 |

EMPLOYER NUMBER: 25-1358886
INTERSTATE MOTOR LODGES NO 19 INC
680 ANDERSON DR
PITTSBURGH PA 15220-2759

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1988 |  |  |  |  | $4,525.85 |

Case 3:12-cv-00327-MOC   Document 76-4   Filed 12/22/14   Page 68 of 72

Bates No. 4069

009254

SSA-1826              ITEMIZED STATEMENT OF EARNINGS
            * * *     FOR SSN XXX-XX-7433    * * *

EMPLOYER NUMBER:  52-1433011
MID ATLANTIC HOTELS INC
3400 IDAHO AVE NW STE 500
WASHINGTON  DC 20016-3046

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1988 | | | | | $238.51 |

EMPLOYER NUMBER:  57-0811962
AMERICAN STORAGE LIMITED
 PARTNERSHIP
PO BOX 3524
SPARTANBURG  SC 29304-3524

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1988 | | | | | $978.49 |

EMPLOYER NUMBER:  58-1462213
CHARTER BROOKS HOSPITAL
2151 PEACHFORD RD
ATLANTA  GA 30338-6534

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1988 | | | | | $1,847.82 |
| 1989 | | | | | $15,588.78 |

EMPLOYER NUMBER:  74-0156293
TALENT TREE TEMPORARIES
ONE RAVINA DRIVE
SUITE 840
ATLANTA  GA 30346-0000

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1988 | | | | | $4,238.43 |

EMPLOYER NUMBER:  58-1758281
GAULTNEY INC
ONE SERVICE PERSONNEL
1718 PEACHTREE ST NW STE 157
ATLANTA  GA 30309-2409

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|------|---------|---------|---------|---------|-------|
| 1990 | | | | | $10,006.13 |
| 1991 | | | | | $25,202.83 |
| 1992 | | | | | $13,601.17 |

Bates No. 4070   P009255

```
SSA-1826                ITEMIZED STATEMENT OF EARNINGS
              * * *      FOR SSN XXX-XX-7433      * * *


EMPLOYER NUMBER:  76-0189276
SUPERIOR TEMPORARIES OF ATLANTA INC
RR 3 BOX 34
HEMPSTEAD  TX 77445-9802


YEAR    1ST QTR      2ND QTR      3RD QTR      4TH QTR           TOTAL
1990                                                       $3,252.25



EMPLOYER NUMBER:  94-2161806
ADECCO
% ADIA SERVICES INC
175 BROADHOLLOW RD
MELVILLE  NY 11747-4902


YEAR    1ST QTR      2ND QTR      3RD QTR      4TH QTR           TOTAL
1992                                                      $13,382.49
1993                                                       $6,080.72



EMPLOYER NUMBER:  52-1481337
COURTYARD MANAGEMENT CORP
1965 MARRIOTT DR
LOUISVILLE  TN 37777-4810


YEAR    1ST QTR      2ND QTR      3RD QTR      4TH QTR           TOTAL
1994                                                      $12,230.32



EMPLOYER NUMBER:  02-0325957
OMNI HOTELS MANAGEMENT CORP
% AMY MAGUGLIN
420 DECKER DR STE 100
IRVING  TX 75062-3952


YEAR    1ST QTR      2ND QTR      3RD QTR      4TH QTR           TOTAL
1995                                                       $4,248.91
1996                                                       $4,732.47



EMPLOYER NUMBER:  52-0936594
SODEXHO INC
9801 WASHINGTONIAN BLVD
GAITHERSBURG  MD 20878-5355


YEAR    1ST QTR      2ND QTR      3RD QTR      4TH QTR           TOTAL
1995                                                       $3,526.43
```

Case 3:12-cv-00327-MOC   Document 76-4   Filed 12/22/14   Page 70 of 72

Bates No. 4671

PO-009256

```
SSA-1826              ITEMIZED STATEMENT OF EARNINGS
             * * *    FOR SSN XXX-XX-7433      * * *


EMPLOYER NUMBER:  91-1706007
WESTIN CHARLOTTE PAYROLL COMPANY
% WESTIN HOTEL CO TAX DEPT
2001 6TH AVE
SEATTLE   WA 98121-2855

YEAR     1ST QTR     2ND QTR     3RD QTR     4TH QTR          TOTAL
1996                                                      $12,069.08
1997                                                       $3,171.70



EMPLOYER NUMBER:  56-1517259
STAFF-ADDITIONS INC
177 CROSSWAYS PARK DR
WOODBURY   NY 11797-2016

YEAR     1ST QTR     2ND QTR     3RD QTR     4TH QTR          TOTAL
1997                                                      $12,546.46



EMPLOYER NUMBER:  58-2426253
STAFF-ADDITIONS LP
% ROBERT CALABRO
177 CROSSWAYS PARK DR
WOODBURY   NY 11797-2016

YEAR     1ST QTR     2ND QTR     3RD QTR     4TH QTR          TOTAL
1998                                                      $27,523.90



EMPLOYER NUMBER:  56-1932222
EDEN STAFFING SERVICES OF NC INC
280 MADISON AVE
NEW YORK   NY 10016-0801

YEAR     1ST QTR     2ND QTR     3RD QTR     4TH QTR          TOTAL
1999                                                      $16,466.82
2000                                                      $24,226.71
2001                                                      $32,825.61
2002                                                       $5,331.62



EMPLOYER NUMBER:  58-2426258
STAFFING RESOURCES SC LP
% ROBERT CALABRO
60 HARVARD MILL SQ
WAKEFIELD   MA 01880-3208

YEAR     1ST QTR     2ND QTR     3RD QTR     4TH QTR          TOTAL
1999                                                      $14,141.20
```

Case 3:12-cv-00327-MOC   Document 76-4   Filed 12/22/14   Page 71 of 72

Bates No. 4672

P 009257

```
SSA-1826                ITEMIZED STATEMENT OF EARNINGS
               * * *      FOR SSN XXX-XX-7433      * * *


EMPLOYER NUMBER:  11-3587769
GREYSTONE STAFFING OF METROLINAS
 LLC
MISSIRLIAN PHILIP MEMBER
6175 SUNRISE HWY
MASSAPEQUA  NY 11758-5341
```

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|---|---|---|---|---|---|
| 2002 | | | | | $6,752.96 |

```
EMPLOYER NUMBER:  56-1987440
CHARLOTTE OPHTHALMOLOGY CLINIC P A
4335 COLWICK ROAD
CHARLOTTE  NC 28211-2364
```

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|---|---|---|---|---|---|
| 2003 | | | | | $17,011.16 |
| 2004 | | | | | $29,486.25 |
| 2005 | | | | | $30,321.13 |
| 2006 | | | | | $34,593.52 |
| 2007 | | | | | $36,972.23 |
| 2008 | | | | | $39,261.65 |
| 2009 | | | | | $39,103.76 |
| 2010 | | | | | $41,631.88 |
| 2011 | | | | | $43,571.04 |
| 2012 | | | | | $41,517.08 |

```
EMPLOYER NUMBER:  56-2139470
INNOVATIVE RECRUITING INC
% LEISA M GILL - PRES
PO BOX 7623
CHARLOTTE  NC 28241-7623
```

| YEAR | 1ST QTR | 2ND QTR | 3RD QTR | 4TH QTR | TOTAL |
|---|---|---|---|---|---|
| 2003 | | | | | $3,036.02 |

```
*******************************************************************
*********   THERE ARE NO OTHER EARNINGS RECORDED UNDER THIS  *********
*********   SOCIAL SECURITY NUMBER FOR YEAR(S) REQUESTED     *********
*******************************************************************
```

Case 3:12-cv-00327-MOC   Document 76-4   Filed 12/22/14   Page 72 of 72
Bates No. 4673                                                    009258