**This order of execution was served as follows:**

☐ By collecting the amount owed.

☐ By levying on and selling the property of the defendant described below and returning to the court the balance shown below

| Date of Levy | Description of Property Levied On and Sold |
|---|---|
| | |

| Total Sum Collected | Amount Retained as Commission | Amount Retained For Expenses | Balance Returned |
|---|---|---|---|
| $ | $ | $ | $ |

☐ I did not serve this order of execution because:

☒ I did not locate property on which to levy.

☐ Other (specify): left 3 cards unable to locate defendant at address not unsatisfied.

| Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| $ | 3 10 94 | C.W. Kidd JR. |
| By | Date Executed | County |
| | | Meck. |
| | Date Returned | Deputy Sheriff Making Return |
| | 3 18 94 | |

AOC-CV-400 Side Two
Rev 9 85

PC - 003804

STATE OF NORTH CA~~ROLINA~~     IN THE GENER~~AL~~ ~~COU~~RT OF JUSTICE
COUNTY OF MECKLE~~NBURG~~       DIST~~RICT C~~OURT DIVISION
                               FILE 88CV01423

NCNB NATIONAL BANK OF NORTH CAROLINA                    $306-1V2$

        Plaintiff,                          CERTIFICATE FOR
                                            CANCELLATION OF
vs.                                         JUDGMENT

SONIA M. BARNETTE,

        Defendant(s).

        To the Clerk of Superior Court of MECKLENBURG County,
Greetings:

        WHEREAS, the undersigned plaintiff and/or plaintiff's
attorney of record, on 08/01/88 caused a judgment to be
docketed in the Superior Court of MECKLENBURG County against
the above named defendant(s); and,

        ( ) WHEREAS, the sum of $0.00 has been paid into
the office of the Clerk of Superior Court for MECKLENBURG
County, a receipt has been issued for said sum, and a notation of
such receipt has been entered on the margin of said judgment by
the Clerk;

        ( ✓ ) WHEREAS, the plaintiff has been paid directly by
defendant(s);

        You are, therefore, hereby authorized and directed by the
undersigned owner of the said judgment to enter a notation on
the margin of the judgment docket in this case to the effect that
said judgment is cancelled of record because the same has now
been paid and satisfied in full including interest, costs and
attorney fees.

        Witness my hand this the _23_ day of _October_, 199_7_.

                                    _Michelle Goodman_
                                    Michelle Goodman
                                    NationsBank Post Judgment Manager
                                    Post Office Box 21846
                                    Greensboro, N.C.  27499-2754
                                    (800)475-2050, ext. 1479

I do hereby certify that Michelle Goodman personally appeared
before me this date and acknowledged due execution of this
document. Witness my hand and notarial seal, this the _23rd_ day
of _October_, 199_7_.

_Regina W. Cheek_
                                    My Commission Expires._12/19/98_
Notary Public
The judgment indicated above has been marked as directed, this
the _____ day of _____, 199____.

                                    -----------------------------
                                    Clerk of Superior Court

L097

PC - 003805

NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

FILE NO. 88 CVD 1423

NCNB NATIONAL BANK OF NORTH
CAROLINA n/k/a NAT'L BANK
OF NORTH CAROLINA, N.A.
   Plaintiff,

      vs.

SONIA M. BAENETTE

   Defendant(s).

)
)
)
)
)
)
)
)
)
)
)

AFFIDAVIT FOR SERVICE BY
REGULAR MAIL

I, Tracy Lynn Rhodes, being first duly sworn, depose and say:

   1. I am the exemptions clerk of plaintiff and am familiar with the above entitled matter.

   2. Plaintiff attempted service of the Notice of Right to have Exemptions Designated and Motion to Claim Exempt Property upon defendant by personal service by the sheriff's office.

   3. Defendant was not served by the above.

   4. Pursuant to N.C.G.S 1C-1603(4) on ___DEC. 22___, 1993, I mailed a copy of the Notice of Right to have Exemptions Designated and Motion to Claim Exempt Property to set off debtor's exempt property to defendant at the following last known address:

SONIA M. BAENETTE
8816 SOFTWIND DR.
CHARLOTTE, NC 28273

TRACY LYNN RHODES
EXEMPTIONS CLERK
Post Office Drawer 1960
Smithfield, North Carolina 27577

Sworn to and subscribed before me this 22ᵈᵈ day of _December_ 1993.

NOTARY PUBLIC

My commission expires: 11-9-97

PC - 003806

Case 3:12-cv-00327-MOC   Document 76-14   Filed 12/22/14   Page 3 of 45

Bates No. 4378

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

File No. **88 CVD 1423**

Judgment Docket Book & Page No.

In The General Court Of Justice
☒ District ☐ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| NCNB NATIONAL BANK OF NORTH CAROLINA | **NOTICE OF RIGHT TO HAVE EXEMPTIONS DESIGNATED** |
| **VERSUS** | |
| Name Of Defendant | |
| SONIA M. BAENETTE | |
| | G.S. 1C-1603 |

TO: SHERIFF OF MECKLENBURG COUNTY        TO:

| Name And Address Of First Judgment Debtor | Name And Address Of Second Judgment Debtor |
|---|---|
| SONIA M. BERNETTE<br>8816 SOFTWIND DR.<br>CHARLOTTE, NC 28273 | *C-454* |

A judgment has been entered against you in the case captioned above in which you have been ordered to ☒ pay money over ☐ turn over various household belongings to the judgment creditor.

The judgment creditor (person who has the judgment against you) is now seeking to collect this judgment and has asked me to give you notice of your rights. Under the Constitution and laws of North Carolina, you have the right to exempt from the collection of the judgment certain of your property (in other words, to keep it from being taken from you). If you wish to keep your exempt property, you MUST fill out the attached Motion To Claim Exempt Property and mail or take it to the Clerk of Superior Court at the address listed below. You MUST also mail or take a copy to the judgment creditor at his address listed below. The law gives you another option of requesting, in writing, a hearing before the Clerk to claim your exemptions. If you make a written request for a hearing, you will be notified of the time and place of the hearing when you may claim your exemptions.

It is important that you respond to this Notice no later than twenty (20) days after it was served on you because you will lose valuable constitutional and statutory rights if you do nothing. If you do not respond, you will give up your right to exemptions and the judgment creditor may be able to take any or all of your property to satisfy the judgment. You may wish to consider hiring an attorney to help you with this proceeding to make certain that you receive all the protections to which you are entitled.

| Name And Address Of Judgment Creditor Or Attorney | Date |
|---|---|
| Luther D. Starling, Jr.<br>Attorney at Law<br>P.O. Drawer 1960<br>Smithfield, NC 27577 | *9 21 93* |
| | Signature *Mary E. Frayuk* |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |
| | Address Of The Clerk Of Superior Court<br>*800 E. Fourth St*<br>*Charlotte, NC 28202* |
| Telephone No.<br>919-934-5012 | |

**NOTICE TO THE JUDGMENT CREDITOR:**

You may serve this Notice and the Motion To Claim Exempt Property by mailing a copy of each, registered or certified mail, return receipt requested, addressed to the judgment debtor. To prove service, you must file an affidavit (notarized by a notary public) with the Clerk asserting that (1) a copy of the notice of rights and Motion To Claim Exempt Property was deposited in the post office for mailing by registered or certified mail, return receipt requested; (2) it was in fact received as evidenced by the attached registry receipt or other evidence of delivery; and (3) the genuine receipt or other evidence of delivery is attached. You must attach the post office delivery receipt to the affidavit. Alternatively, you may choose to have this Notice and the motion served by the sheriff. If you select this method, you must pay a service fee. The sheriff's service will be proved by his return. If your attempted service by certified or registered mail or personal service by the sheriff fails, you may then serve the judgment debtor by mailing a copy of notice and motion to him at his last known address. To prove service, you must file a certificate with the Clerk that the notice and motion were served indicating why you used such service, the date the notice was mailed and the address to which it was mailed. Remember, you may NOT use service by regular first class mail until you have tried first to serve the judgment debtor personally or by certified or registered mail and such service was unsuccessful.

AOC-CV-406
Rev. 2/91          *Patricia Dean*
                   *3 yrs.*          (Over)

## RETURN OF SERVICE

I certify that this Notice and a copy of a motion to claim exempt property were received and served as follows:

### JUDGMENT DEBTOR 1

| Date Served | Name Of Judgment Debtor |
|---|---|
| | Sonia M. Barnette |

☐ By delivering to the judgment debtor named above a copy of the notice and motion to claim exempt property.

☐ By leaving a copy of the notice and motion to claim exempt property at the dwelling house or usual place of abode of the judgment debtor named above with a person of suitable age and discretion then residing therein.

Name And Address Of Person With Whom Copies Left

☐ Other manner of service (specify)

☒ Judgment debtor WAS NOT served for the following reason: Per Resident Patricia Lean (3 yrs) Defendant unknown at given add. whereabonts unk. at This Time.

| Service Fee Paid $ | Date Received 9 22 93 | Name Of Sheriff CW Kidd Sr. |
|---|---|---|
| By | Date Of Return 9 28 93 | County Meck |
| | | Deputy Sheriff Making Return WR Williams |

### JUDGMENT DEBTOR 2

| Date Served | Name Of Judgment Debtor |
|---|---|
| | |

☐ By delivering to the judgment debtor named above a copy of the notice and motion to claim exempt property.

☐ By leaving a copy of the notice and motion to claim exempt property at the dwelling house or usual place of abode of the judgment debtor named above with a person of suitable age and discretion then residing therein.

Name And Address Of Person With Whom Copies Left

☐ Other manner of service (specify)

☐ Judgment debtor WAS NOT served for the following reason:

| Service Fee Paid $ | Date Received | Name Of Sheriff |
|---|---|---|
| By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-406, Side Two
Rev. 2/91

PC - 003808

# STATE OF NORTH CAROLINA

File No.
**88 CVD 1423**
Judgment Docket Book & Page No.

MECKLENBURG ———— County    SEP 21    10:42

In The General Court Of Justice
☒ District ☐ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| NCNB NATIONAL BANK OF NORTH CAROLINA | **NOTICE OF RIGHT TO HAVE EXEMPTIONS DESIGNATED** |
| **VERSUS** | |
| Name Of Defendant | |
| SONIA M. BAENETTE | G.S. 1C-1603 |

TO: SHERIFF OF MECKLENBURG COUNTY    TO:

| Name And Address Of First Judgment Debtor | Name And Address Of Second Judgment Debtor |
|---|---|
| SONIA M. BARNETTE<br>8816 SOFTWIND DR.<br>CHARLOTTE, NC 28273 | |

A judgment has been entered against you in the case captioned above in which you have been ordered to ☒ pay money over ☐ turn over various household belongings to the judgment creditor.

The judgment creditor (person who has the judgment against you) is now seeking to collect this judgment and has asked me to give you notice of your rights. Under the Constitution and laws of North Carolina, you have the right to exempt from the collection of the judgment certain of your property (in other words, to keep it from being taken from you). If you wish to keep your exempt property, you MUST fill out the attached Motion To Claim Exempt Property and mail or take it to the Clerk of Superior Court at the address listed below. You MUST also mail or take a copy to the judgment creditor at his address listed below. The law gives you another option of requesting, in writing, a hearing before the Clerk to claim your exemptions. If you make a written request for a hearing, you will be notified of the time and place of the hearing when you may claim your exemptions.

It is important that you respond to this Notice no later than twenty (20) days after it was served on you because you will lose valuable constitutional and statutory rights if you do nothing. If you do not respond, you will give up your right to exemptions and the judgment creditor may be able to take any or all of your property to satisfy the judgment. You may wish to consider hiring an attorney to help you with this proceeding to make certain that you receive all the protections to which you are entitled.

| Name And Address Of Judgment Creditor Or Attorney | Date |
|---|---|
| Luther D. Starling, Jr.<br>Attorney at Law<br>P.O. Drawer 1960<br>Smithfield, NC  27577 | 9-21-93 |
| | Signature  *Mary E Frugoli* |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |
| | Address Of The Clerk Of Superior Court<br>800 E Fourth St<br>Charlotte NC |
| Telephone No.<br>919-934-5012 | |

**NOTICE TO THE JUDGMENT CREDITOR:**

You may serve this Notice and the Motion To Claim Exempt Property by mailing a copy of each, registered or certified mail, return receipt requested, addressed to the judgment debtor. To prove service, you must file an affidavit (notarized by a notary public) with the Clerk asserting that (1) a copy of the notice of rights and Motion To Claim Exempt Property was deposited in the post office for mailing by registered or certified mail, return receipt requested; (2) it was in fact received as evidenced by the attached registry receipt or other evidence of delivery; and (3) the genuine receipt or other evidence of delivery is attached. You must attach the post office delivery receipt to the affidavit. Alternatively, you may choose to have this Notice and the motion served by the sheriff. If you select this method, you must pay a service fee. The sheriff's service will be proved by his return. If your attempted service by certified or registered mail or personal service by the sheriff fails, you may then serve the judgment debtor by mailing a copy of notice and motion to him at his last known address. To prove service, you must file a certificate with the Clerk that the notice and motion were served indicating why you used such service, the date the notice was mailed and the address to which it was mailed. Remember, you may NOT use service by regular first class mail until you have tried first to serve the judgment debtor personally or by certified or registered mail and such service was unsuccessful.

AOC-CV-406
Rev. 2/91                                    (Over)

PC - 003809

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Notice and a copy of a motion to claim exempt property were received and served as follows:

### JUDGMENT DEBTOR 1

| Date Served | Name Of Judgment Debtor |
|---|---|
| | |

☐ By delivering to the judgment debtor named above a copy of the notice and motion to claim exempt property.

☐ By leaving a copy of the notice and motion to claim exempt property at the dwelling house or usual place of abode of the judgment debtor named above with a person of suitable age and discretion then residing therein.

Name And Address Of Person With Whom Copies Left

☐ Other manner of service (specify)

☐ Judgment debtor WAS NOT served for the following reason:

| Service Fee Paid $ | Date Received | Name Of Sheriff |
|---|---|---|
| By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

### JUDGMENT DEBTOR 2

| Date Served | Name Of Judgment Debtor |
|---|---|
| | |

☐ By delivering to the judgment debtor named above a copy of the notice and motion to claim exempt property.

☐ By leaving a copy of the notice and motion to claim exempt property at the dwelling house or usual place of abode of the judgment debtor named above with a person of suitable age and discretion then residing therein.

Name And Address Of Person With Whom Copies Left

☐ Other manner of service (specify)

☐ Judgment debtor WAS NOT served for the following reason:

| Service Fee Paid $ | Date Received | Name Of Sheriff |
|---|---|---|
| By | Date Of Return | County |
| | | Deputy Sheriff Making Return |

AOC-CV-406, Side Two
Rev. 2/91

PC - 003810

# STATE OF NORTH CAROLINA

File No.
88 CVD 1423
Judgment Docket Book & Page No.

__MECKLENBURG_____ County

In The General Court Of Justice
☒ District ☐ Superior Court Division

Judgment Creditor (Plaintiff)

NCNB NATIONAL BANK OF NORTH CAROLINA

**VERSUS**

Judgment Debtor (Defendant)

SONIA M. BARNETTE

## MOTION TO CLAIM
## EXEMPT PROPERTY

G.S. 1C-1603(c)

I, the undersigned, move to set aside the property claimed below as exempt.

1. I am a citizen and resident of _____.

2. ☐ I am married to _____
   ☐ I am not married.

3. I ☐ own ☐ rent ☐ am purchasing the property where I live. I wish to claim as exempt (keep from being taken) my interest in this property that I use as a residence. I also wish to claim my interest in the following burial plots for myself or my dependents. I understand that my total interest claimed in the residence and burial plots may not exceed $10,000.00.

Street Address Of Residence

| County Where Property Located | Township | No. By Which Tax Assessor Identifies Property |
|---|---|---|
| | | |

Legal Description (Attach a copy of your deed or other instrument of conveyance or describe property in as much detail as possible. Attach additional sheets if necessary.)

| Name(s) Of Owner(s) Of Record Of Residence | Estimated Value Of Residence (What You Think You Could Sell It For) $ |
|---|---|
| Amount Of Lien(s) And Name(s) And Address(es) Of Lienholder(s): (How much money is owed on the property and to whom.) | Current Amount Owed |
| | $ |
| | $ |
| Location Of Burial Plots Claimed | Value Of Burial Plots Claimed $ |

4. I wish to claim the following personal property consisting of household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments as exempt from the claims of my creditors (in other words, keep them from being taken from me). These items of personal property are held primarily for my personal, family or household use.

I understand that I am entitled to personal property worth the sum of $3,500.00. I understand that I am also entitled to an additional $750.00 for each person dependent on me for support, but not to exceed $3,000.00 for dependents. I further understand that I am entitled to this amount after deducting from the value of the property the amount of any valid lien or security interest. Property purchased within 90 days of this proceeding is not exempt. (Some examples of household goods would be TV, appliances, furniture, clothing, radios, record players.)

**NOTE TO DEBTOR (DEFENDANT):** *The Clerk of Superior Court cannot fill out this form for you. If you need assistance you should talk with an attorney.*

AOC-CV-407, Rev. 11/92                    (Over)

PC - 003811

| Item Of Property | Fair Market Value (What You Could Sell It For) | Amount Of Lien Or Security Interest(Amount Owed On Property) | Name(s) Of Lienholder(s) (To Whom Money Is Owed) | Value Of Debtor's (Defendant's) Interest (Fair Market Value Less Amount Owed) |
|---|---|---|---|---|
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |

| Name(s) Of Person(s) Dependent On Me | Age | Relationship |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

5. I wish to claim my interest in the following motor vehicle as exempt from the claims of my creditors. I understand that I am entitled to my interest in one motor vehicle worth the sum of $1,500.00 after deduction of the amount of any valid liens or security interests. I understand that a motor vehicle purchased within 90 days of this proceeding is not exempt.

| Make And Model | | Year | Name(s) Of Title Owner Of Record |
|---|---|---|---|
| Fair Market Value (What You Could Sell It For) $ | | | Name(s) Of Lienholder(s) Of Record (Person(s) To Whom Money Is Owed) |
| Amount Of Liens (Amount Owed) $ | | | Value Of Debtor's (Defendant's) Interest (Fair Market Value Less Amt. Owed) $ |

6. (This item is to claim any other property you own that you wish to exempt.) I wish to claim the following property as exempt because I claimed residential real or personal property as exempt that is worth less than $3,500.00, or I made no claim for a residential exemption under section (3) above. I understand that I am entitled to $3,500.00 in any property only if I made no claim under section (3) above and that if I make a claim under section (3), that I am entitled to $3,500.00 in any property minus any amount I claimed under section (3). (Examples: claim of $1,000.00 under section (3), $2,500.00 allowed here; claim of $3,600.00 under section (3), no claim allowed here; no claim under section (3), $3,500.00 in any property allowed here.) I further understand that the amount of my claim under this section is after the deduction from the value of this property of the amount of any valid lien or security interests and that tangible personal property purchased within 90 days of this proceeding is not exempt.

| Item Of Personal Property Claimed | Fair Market Value | Amount Of Liens | Name(s) Of Lienholder(s) | Value Of Debtor's (Defendant's) Interest |
|---|---|---|---|---|
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |

Real Property Claimed (I understand that if I wish to claim more than one parcel, I must attach additional pages setting forth the following information for each parcel claimed as exempt.)

| Street Address | Estimated Value Of Property (What You Could Sell It For) $ |
|---|---|
| County | Township | No. By Which Tax Assessor Identifies Property |

Description (Attach a copy of your deed or other instrument of conveyance or describe the property in as much detail as possible.)

| Name And Address Of Lienholder | Current Amount Owed $ |
|---|---|
| Name And Address Of Lienholder | Current Amount Owed $ |

(Attach additional sheets for more lienholders)

AOC-CV-407, Side Two, Rev. 11/92

PC - 003812

Case 3:12-cv-00327-MOC   Document 76-14   Filed 12/22/14   Page 9 of 45
Bates No. 4384

7. I wish to claim the following items of health care aid necessary for ☐ myself ☐ my dependents. *(Some examples of health aids are wheelchairs, hearing aids, respirators.)*

| Item | Purpose |
|------|---------|
|  |  |
|  |  |
|  |  |

8. I wish to claim the following implements, professional books, or tools (not to exceed $750.00), of my trade or the trade of my dependent. I understand that such property purchased within 90 days of this proceeding is not exempt.

| Item | Estimated Value *(What You Could Sell It For)* | What Business Or Trade Used In |
|------|------|------|
|  | $ |  |
|  | $ |  |
|  | $ |  |

9. I wish to claim the following life insurance policies whose sole beneficiaries are my spouse and/or my children as exempt.

| Name Of Insurer | Policy No. | Beneficiary(ies) |
|------|------|------|
|  |  |  |
|  |  |  |
|  |  |  |

10. I wish to claim as exempt the following compensation which I received for the personal injury of myself or a person upon whom I was dependent for support or compensation which I received for the death of a person upon whom I was dependent for support. I understand that this compensation is not exempt from claims for funeral, legal, medical, dental, hospital or health care charges related to the accident or injury which resulted in the payment of the compensation to me.

| Amount Of Compensation | Method Of Payment Lump Sum Or Installments (If Installments, State Amount, Frequency And Duration Of Payments) |
|------|------|
| $ |  |
| Location Of Compensation |  |

11. The following is a complete list of persons or businesses that have judgments for money against me.

_____

_____

_____

_____

12. The following is a complete listing of all of my property which I have not claimed as exempt under any of the preceding paragraphs.

| Item | Location | Estimated Value |
|------|------|------|
|  |  | $ |
|  |  | $ |
|  |  | $ |

13. I certify that the above statements are true and that a copy of this Motion was served on the judgment creditor (plaintiff) by ☐ delivering a copy to him personally. ☐ delivering a copy to _____ the judgment creditor's attorney. ☐ depositing a copy of this Motion in a postpaid properly addressed wrapper in a post office, addressed to the judgment creditor (plaintiff) at the address shown on the notice of rights served on me. ☐ depositing a copy of this Motion in a postpaid properly addressed wrapper in a post office, addressed to the judgment creditor's (plaintiff's) attorney at the following address: _____

_____

| Date | Signature Of Judgment Debtor (Defendant) |
|------|------|
|  |  |

AOC-CV-407, Page 2
Rev. 11/92

PC - 003813

Bates No. 4335

# STATE OF NORTH CAROLINA

File No.
88 CVD 1423
Judgment Docket Book & Page No.

MECKLENBURG ———— County

In The General Court Of Justice
☒ District ☐ Superior Court Division

**Judgment Creditor (Plaintiff)**

NCNB NATIONAL BANK OF NORTH CAROLINA

**VERSUS**

**Judgment Debtor (Defendant)**

SONIA M. BARNETTE

## MOTION TO CLAIM
## EXEMPT PROPERTY

G.S. 1C-1603(c)

I, the undersigned, move to set aside the property claimed below as exempt.

1. I am a citizen and resident of _____.

2. ☐ I am married to _____.
   ☐ I am not married.

3. I ☐ own ☐ rent ☐ am purchasing the property where I live. I wish to claim as exempt *(keep from being taken)* my interest in this property that I use as a residence. I also wish to claim my interest in the following burial plots for myself or my dependents. I understand that my total interest claimed in the residence and burial plots may not exceed $10,000.00.

**Street Address Of Residence**

| County Where Property Located | Township | No. By Which Tax Assessor Identifies Property |
|---|---|---|
| | | |

**Legal Description** (Attach a copy of your deed or other instrument of conveyance or describe property in as much detail as possible. Attach additional sheets if necessary.)

| Name(s) Of Owner(s) Of Record Of Residence | Estimated Value Of Residence (What You Think You Could Sell It For) $ |
|---|---|
| Amount Of Lien(s) And Name(s) And Address(es) Of Lienholder(s): *(How much money is owed on the property and to whom.)* | Current Amount Owed |
| | $ |
| | $ |
| Location Of Burial Plots Claimed | Value Of Burial Plots Claimed $ |

4. I wish to claim the following personal property consisting of household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments as exempt from the claims of my creditors *(in other words, keep them from being taken from me)*. These items of personal property are held primarily for my personal, family or household use.

I understand that I am entitled to personal property worth the sum of $3,500.00. I understand that I am also entitled to an additional $750.00 for each person dependent on me for support, but not to exceed $3,000.00 for dependents. I further understand that I am entitled to this amount after deducting from the value of the property the amount of any valid lien or security interest. Property purchased within 90 days of this proceeding is not exempt. *(Some examples of household goods would be TV, appliances, furniture, clothing, radios, record players.)*

**NOTE TO DEBTOR (DEFENDANT):** *The Clerk of Superior Court cannot fill out this form for you. If you need assistance you should talk with an attorney.*

AOC-CV-407, Rev. 11/92                    (Over)

PC - 003814

| Item Of Property | Fair Market Value (What You Could Sell It For) | Amount Of Lien Or Security Interest (Amount Owed On Property) | Name(s) Of Lienholder(s) (To Whom Money Is Owed) | Value Of Debtor's (Defendant's) Interest (Fair Market Value Less Amount Owed) |
|---|---|---|---|---|
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |

| Name(s) Of Person(s) Dependent On Me | Age | Relationship |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

5. I wish to claim my interest in the following motor vehicle as exempt from the claims of my creditors. I understand that I am entitled to my interest in one motor vehicle worth the sum of $1,500.00 after deduction of the amount of any valid liens or security interests. I understand that a motor vehicle purchased within 90 days of this proceeding is not exempt.

| Make And Model | Year | Name(s) Of Title Owner Of Record |
|---|---|---|
| Fair Market Value (What You Could Sell It For) $ | | Name(s) Of Lienholder(s) Of Record (Person(s) To Whom Money Is Owed) |
| Amount Of Liens (Amount Owed) $ | | Value Of Debtor's (Defendant's) Interest (Fair Market Value Less Amt. Owed) $ |

6. (This item is to claim any other property you own that you wish to exempt.) I wish to claim the following property as exempt because I claimed residential real or personal property as exempt that is worth less than $3,500.00, or I made no claim for a residential exemption under section (3) above. I understand that I am entitled to $3,500.00 in any property only if I made no claim under section (3) above and that if I make a claim under section (3), that I am entitled to $3,500.00 in any property minus any amount I claimed under section (3). (Examples: claim of $1,000.00 under section (3), $2,500.00 allowed here; claim of $3,600.00 under section (3), no claim allowed here; no claim under section (3), $3,500.00 in any property allowed here.) I further understand that the amount of my claim under this section is after the deduction from the value of this property of the amount of any valid lien or security interests and that tangible personal property purchased within 90 days of this proceeding is not exempt.

| Item Of Personal Property Claimed | Fair Market Value | Amount Of Liens | Name(s) Of Lienholder(s) | Value Of Debtor's (Defendant's) Interest |
|---|---|---|---|---|
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |
| | $ | $ | | $ |

Real Property Claimed (I understand that if I wish to claim more than one parcel, I must attach additional pages setting forth the following information for each parcel claimed as exempt.)

| Street Address | Estimated Value Of Property (What You Could Sell It For) $ |
|---|---|
| County | Township | No. By Which Tax Assessor Identifies Property |

Description (Attach a copy of your deed or other instrument of conveyance or describe the property in as much detail as possible.)

| Name And Address Of Lienholder | Current Amount Owed $ |
|---|---|
| Name And Address Of Lienholder | Current Amount Owed $ |

(Attach additional sheets for more lienholders)

AOC-CV-407, Side Two, Rev. 11/92

PC - 003815

7. I wish to claim the following items of health care aid necessary for ☐ myself ☐ my dependents. (Some examples of health aids are wheelchairs, hearing aids, respirators.)

| Item | Purpose |
|---|---|
|  |  |
|  |  |
|  |  |

8. I wish to claim the following implements, professional books, or tools (not to exceed $750.00), of my trade or the trade of my dependent. I understand that such property purchased within 90 days of this proceeding is not exempt.

| Item | Estimated Value (What You Could Sell It For) | What Business Or Trade Used In |
|---|---|---|
|  | $ |  |
|  | $ |  |
|  | $ |  |

9. I wish to claim the following life insurance policies whose sole beneficiaries are my spouse and/or my children as exempt.

| Name Of Insurer | Policy No. | Beneficiary(ies) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

10. I wish to claim as exempt the following compensation which I received for the personal injury of myself or a person upon whom I was dependent for support or compensation which I received for the death of a person upon whom I was dependent for support. I understand that this compensation is not exempt from claims for funeral, legal, medical, dental, hospital or health care charges related to the accident or injury which resulted in the payment of the compensation to me.

| Amount Of Compensation | Method Of Payment Lump Sum Or Installments (If Installments, State Amount, Frequency And Duration Of Payments) |
|---|---|
| $ |  |
| Location Of Compensation |  |

11. The following is a complete list of persons or businesses that have judgments for money against me.

12. The following is a complete listing of all of my property which I have not claimed as exempt under any of the preceding paragraphs.

| Item | Location | Estimated Value |
|---|---|---|
|  |  | $ |
|  |  | $ |
|  |  | $ |

13. I certify that the above statements are true and that a copy of this Motion was served on the judgment creditor (plaintiff) by ☐ delivering a copy to him personally. ☐ delivering a copy to _____ the judgment creditor's attorney. ☐ depositing a copy of this Motion in a postpaid properly addressed wrapper in a post office, addressed to the judgment creditor (plaintiff) at the address shown on the notice of rights served on me. ☐ depositing a copy of this Motion in a postpaid properly addressed wrapper in a post office, addressed to the judgment creditor's (plaintiff's) attorney at the following address: _____

| Date | Signature Of Judgment Debtor (Defendant) |
|---|---|

AOC-CV-407, Page 2
Rev. 11/92

PC - 003816

3-13

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

In the General Court Of Justice

**File No.**
88 CvD 1423

**Judgment Book & Page No. In Original County**
306    143

**Plaintiff Name & Address**
NCNB National Bank of North Carolina
P. O. Box 21846
Greensboro, North Carolina    27420

# EXECUTION  142

GS 1-313(1); GS 1C, Art. 16

**VERSUS**

**Defendant Name & Address**
Sonia M. Barnette
8816 Softwind Drive
Charlotte, N. C.    28210

**Defendant Name & Address**

To the Sheriff of _____ MECKLENBURG _____ County:

Judgment in favor of the plaintiff was rendered in this case against the defendant. By terms of that judgment the following sums are now due:

| | | |
|---|---|---|
| Principal due as of today | 1 | $946.36 |
| Plus dollar amount of interest due as of today | 2 | 99.04 |
| Plus Court Cost due as of today | 3 | 54.00 |
| Plus other | 4 | 31.18 |
| Total due as of today | 5 | $ 1131.30 |

Plus, interest on the principal at the rate set out below shall be due from the date shown below.

| Date From Which Interest Due | Rate of Interest | |
|---|---|---|
| 3-6-89 | 8% | ☐ Contract rate ☒ Legal rate |

| Date of Judgment | County To Which Issued, and Judgment Docket Book and Page | Date & Time of Docketing |
|---|---|---|
| 8/1/88 | MECKLENBURG    306    143 | 8-2-88    8:25 AM |

You are commanded to satisfy the judgment.

☒ Out of the personal property of the defendant, and if sufficient personal property cannot be found, then out of the real property belonging to the defendant on the day the judgment was docketed in your county as shown above or any time after that date.

☐ Except as to property of the defendant set off as exempt (a list of which is attached) out of the personal property of the defendant within your county, and if sufficient personal property cannot be found, then out of the real property belonging to the defendant on the day the judgment was docketed in your county as shown above or any time after that date.

**Additional Order for Satisfying Judgment** THE DEBTOR/DEFENDANT IN THIS CASE HAS FAILED TO REST ACCORDANCE WITH N.C.G. (C) AND, THERFOR
Order Disallowing Exempt Property entered. WAIVES EXEMPTIONS IN ...

| County in Which Order to be Served | Date Issued |
|---|---|
| MECKLENBURG | 3-6-89 |

| Name and Address of Creditor's Attorney | Signature |
|---|---|
| George Robinson Legal Supervisor NCNB Recovery Section, Greensboro, NC | Jane Jackson ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court |

AOC-CV-400
Rev. 9/85
NORTH CAROLINA

$_____ Check #_____ Attached
$ 4.00 Sheriff Service Fee

PC - 003817

Case 3:12-cv-00327-MOC    Document 76-14    Filed 12/22/14    Page 14 of 45
Bates No. 4389

# RETURN OF EXECUTION

THIS ORDER OF EXECUTION WAS SERVED AS FOLLOWS:

☐ By collecting the amount owed.

☐ By levying on and selling the property of the defendant described below and returning to the court the balance shown below.

| Date Of Levy | Description Of Property Levied On And Sold |
|---|---|
| | |

| Total Sum Collected | Amt. Retained as Commission | Amt. Retained For Expenses | Balance Returned |
|---|---|---|---|
| $ | $ | $ | $ |

☐ I did not serve this order of execution because:

☑ I did not locate property on which to levy. *Did not find defendant at this time (unknown whereabouts)*

☐ Other (specify).

| Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| $ | 3-6-59 | *[signature]* |
| By | Date Executed | County |
| | 4-26-59 | *[handwritten]* |
| | Date Returned | Deputy Sheriff Making Return |
| | | *[signature]* |

AOC-CV-400, Side Two
Rev. 9/85

PC - 003818

Case 3:12-cv-00327-MOC    Document 76-14    Filed 12/22/14    Page 15 of 45

Bates No. 4390

**STATE OF NORTH CAROLINA**

MECKLENBURG ——————— County

MECKLENBURG COUNTY
FILED
JAN 17 89

F e No
88 CVD 1423

No 306    Page 143

| Judgment Creditor (Plaintiff) | |
| --- | --- |
| NCNB National Bank of North Carolina | **ORDER DESIGNATING EXEMPT** |
| VERSUS | **PROPERTY** |
| Judgment Debtor (Defendant) | |
| Sonia M. Barnette | |

Upon notice and motion duly made, and for good cause shown, it is ORDERED:

☐ that all property listed in the motion & schedule attached to this order is designated as exempt property

☐ that the following property belonging to the debtor (defendant), of the value as shown, is designated as exempt property.

| Item | Description | Debtor's Interest | Exemption Value |
| --- | --- | --- | --- |
| Residence | | | |
| Burial Plot | | | |
| Household goods, furnishings, appliances, etc. | | | |
| Interest in Motor Vehicle | | | |
| List any other exempt property | | | |

☑ It is further ORDERED as follows: Debtor has failed to respond to Motion and therefore, waives exemptions. There has been no showing of prejudice to third parties dependent of debtor.

Date
1-17-89

Signature
_Martha H. Curne_

☑ Assistant CSC    ☐ Clerk of Superior Court

AOC-CV-409 NCNB 7009A(1-83)

PC - 003819

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

88 CvD 1423

NCNB NATIONAL BANK OF NORTH CAROLINA,

Plaintiff,

vs.

SONIA M. BARNETTE,

Defendant.

F I L E D

AUG 1 1988

ROBERT M. BLACKBURN
CLERK SUPERIOR COURT
MECKLENBURG COUNTY, N.C.

ENTRY OF DEFAULT JUDGMENT

This cause coming on to be heard and being heard before the undersigned upon request of the plaintiff, for ENTRY OF DEFAULT JUDGMENT against the defendant, and

It further appearing to the Court a verified complaint was filed and summons issued in this action on February 10, 1988, this summons together with a copy of the complaint were endorsed on April 26, 1988, and served on the defendant by personal service on May 17, 1988,

And it further appearing to the Court that no answer, motion to dismiss for failure to state a claim upon which relief can be granted, or other pleading has been filed by the defendant and no extension of time to file pleadings has been granted and that the time for filing pleading or otherwise defending has expired,

And it further appearing to the Court that the default of the defendant having been duly entered according to law, upon the request of the plaintiff, JUDGMENT is hereby entered against the defendant in accordance with the prayer of the verified complaint.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover of the defendant the sum of $946.36 with interest thereon at the maximum legal rate from November 16, 1987, and the costs of this action.

This is the ___1___ day of ___August___ , 19 __88__

_Dennis A Level_
__asst__ Clerk of Superior Court

Notice has been given pursuant to the provisions of North Carolina General Statute 1A-1, Rule 58.

Date: ___8-1-88___

_Dennis A Level_
(Assistant)/Deputy Clerk of Superior Court

STATE OF NORTH CAROL●	IN THE GEN●AL COURT OF JUSTICE

COUNTY OF MEC LENBURG	DISTRICT COURT DIVISION

88 CvD 1423

NCNB NATIONAL BANK OF NORTH CAROLINA

Plaintiff,

vs.

SONIA M. BARNETTE,

Defendant.

**FILED**

AUG 1 1988

ROBERT M. BLACKBURN
CLERK SUPERIOR COURT
MECKLENBURG COUNTY, N.C.

ENTRY OF DEFAULT

This case coming on to be heard and being heard before the undersigned upon request of the plaintiff for ENTRY OF DEFAULT against the defendant; and

It appearing to the Court that the summons was served on the defendant by personal service on May 17, 1988.

It further appearing to the Court that the defendant is in default for failure to plead or otherwise defend as required by law

NOW THEREFORE, DEFAULT is hereby entered as against the defendant.

This is the ___1___ day of ___August___, 19 _88_

_Dennis A Level_
_ass't_ Clerk of Superior Court

PC - 003821

# STATE OF NORTH CAROLINA

__MECKLENBURG__ County

### Plaintiff Name
NCNB NATIONAL BANK OF NORTH CAROLINA

### Address

### City, State, Zip

### VERSUS

### Defendant

SONIA M. BARNETTE

File No. __un1423__

In the General Court of Justice
☒ District Court Division ☐ Superior Court Division

## CIVIL SUMMONS

GS 1A-1, Rules 3, 4

☐ Alias and Pluries Summons
The summons originally issued against you was returned not served

Date Last Summons Issued

*Disregard this section
unless the block is checked

**TO:** SONIA M. BARNETTE

Name & Address of First Defendant

Sonia M. Barnette
8816 Softwind Dr.
Charlotte, NC 28210

**TO:**

Name & Address of Second Defendant

C-BV

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to him or by mailing it to him at his last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the Court for the relief demanded in the complaint.

### Name and Address of Plaintiff's Attorney
If none, Address of Plaintiff

Mark T. Wilson    (919) 370-3260
NCNB National Bank of North Carolina
Post Office Box 21846
Greensboro, NC 27420

Date Issued __2-10 81__    Time Issued __9:35__  ☐ AM ☐ PM

Signature

☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk of Superior Court

## ☐ ENDORSEMENT

This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

Date of Endorsement __2-26-81__    Time __3:00__  ☐ AM ☐ PM

Signature

☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk of Superior Court

AOC-CV-100
Rev. 3/83

PC - 003822

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

---

### Defendant 1.

| Date served: S-12-11 | Name of defendant Sonu M Burette |
|---|---|

☑ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation give title of person copies left with)

☐ Other manner of service (specify)

☑ Defendant WAS NOT served for the following reason

_did not locate def for service at given address._

### Defendant 2.

| Date served | Name of defendant |
|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason

| Service Fee Paid $ | Date Received 2-11-11 / 4-26-11 | Name of Sheriff C. L. Killan |
|---|---|---|
| By | Date of Return 3-10-11 / 5-12-11 | County ned. Deputy Sheriff Making Return S. G Excell |

AOC-CV-100, side two
Rev. 3/83

PC - 003823

## STATE OF NORTH CAROLINA

_____ County

Plaintiff

VERSUS

Defendant



88 CVD 1423

In The General Court of Justice
☐ Small Claims ☑ District ☐ Superior Court Division

## CIVIL BILL OF COSTS

G.S. 7A-305, -311, -313, -314

| ADVANCE COSTS | | DISTRICT COURT | | SUPERIOR COURT | CUMULATIVE TOTAL |
|---|---|---|---|---|---|
| | | MAGISTRATE | JUDGE | | |
| **General Court of Justice Fee** | | | | | |
| District: Magistrate | $10 | | | | |
| District Judge | $22 | | | | |
| Superior All Civil Cases | $37 | $ | $ | $ | $ |
| **Facilities Fee** — Magistrate $5, District $9, Superior $ | | | | | |
| To _____ | | | | | |
| **TOTAL ADVANCE COSTS** ......................... | | $ | $ | $ | $ |
| **ADDITIONAL EXPENSES** — Charge to party taxed with costs | | | | | |
| **Officer Service Fee** — $4 each civil process | | | | | |
| To _____ | | | | | |
| For sales of property by sheriff or collections under judgment — 5% of first $500 and 2½% of amount above $500, plus necessary expenses of sale. For seizure of pers. property and its care; for ejectment (all necessary expenses). For nec. transp. of individuals to or from State institutions or another state — mileage and allowances at State rates. | | | | | |
| To _____ | | | | | |
| **Witness Fee** — $5 per day or fraction thereof, plus travel expenses | | | | | |
| To _____ | | | | | |
| **Jail Fee** — $5 per 24 hrs. or fraction thereof | | | | | |
| To _____ | | | | | |
| **Certified Mail for Service and by Publication** | | | | | |
| To _____ | | | | | |
| **Transcript** — Costs on Appeal | | | | | |
| To _____ | | | | | |
| **Special Fee** — As set by Court for Guardian Ad Litem, etc. | | | | | |
| To _____ | | | | | |
| **Interpreter Fee** — As set by Court | | | | | |
| To _____ | | | | | |
| **Surety Bond for Prosecution Premium** | | | | | |
| To _____ | | | | | |
| **Counsel Fee** — As ordered by the Court | | | | | |
| REIMBURSEMENT OF COST | | | | | |
| To ~~ADVANCED BY PLAINTIFF~~ | | | 35.00 | | |
| **TOTAL ADDITIONAL EXPENSES** ......................... | | $ | $ | $ | $ |
| **TOTAL COSTS AND ADDITIONAL EXPENSES** ......................... | | $ | $ 35.00 | $ | $ |

AOC-A82
Rev. 8/83

Costs are Cumulative on Appeal

PC 003824

Bates No. 4396

STATE OF NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE

COUNTY OF MECKLENBURG                        DISTRICT COURT DIVISION

1423

NCNB NATIONAL BANK OF NORTH CAROLINA,   )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )          COMPLAINT
                                        )
SONIA M. BARNET                         )
                                        )          FILE 88 CVD    1423
            Defendant.                  )

Plaintiff, complaining of defendant, alleges and says that:

1. Plaintiff, formerly known as North Carolina National Bank, is a national banking association with its principal place of business located in Mecklenburg County, North Carolina.

2. Upon information and belief, defendant is a citizen and resident of Mecklenburg County, North Carolina.

3. On or about January 13, 1983, plaintiff approved defendant's application for an NCNB cash reserve revolving credit account. The terms of the cash reserve agreement provided that defendant would repay all amounts advanced by plaintiff to defendant or for defendant's benefit and defendant further agreed to pay finance charges thereon. A copy of this agreement is attached hereto and incorporated herein by reference.

4. This agreement provides that in the event of default, defendant shall be liable for reasonable attorney's fees.

Case 3:12-cv-00327-MOC   Document 76-14   Filed 12/22/14   Page 22 of 45
Bates No. 4397

5. Defendant has defaulted in payment as required by the cash reserve agreement and owes to plaintiff the sum of $946.36 for these charges to the account, but has refused to pay this sum despite the repeated requests and demands of plaintiff. The account was charged to plaintiff's provision for loan losses on November 16, 1987.

6. Notice is hereby given that plaintiff shall enforce the agreement provision which provides for reasonable attorney's fees unless within five days from service of this complaint, defendant pays the plaintiff the sum of $6.36.

WHEREFORE, plaintiff prays that it have and recover of defendant the sum of $946.36 plus interest at the maximum legal rate from November 16, 1987; that it recover the costs of this action including its reasonable attorney's fees in the sum of fifteen percent (15%) of the outstanding balance as provided for in the Agreement provision and such other and further relief as to the Court may seem just and proper.

Mark T. Wilson
Attorney for plaintiff
P.O. Box 21846
Greensboro, NC 27420
(919) 370-3260

PC - 003826

## Cash Reserve Agreement

Here's the agreement that will govern your Cash Reserve account. Another agreement will be sent to you with notice of approval. If the terms of that agreement are different, it will govern your account, and you will have the opportunity to reject the account without any obligation except to make immediate repayment of any credit already received.

If more than one person signs the Cash Reserve application on the other side, each of you will be bound this agreement and each will be liable for the payment of all loans obtained even though the loans may be obtained by only one of you. Either of you can give us 10 days' advance written notice that you'll no longer be responsible for the other signer's future obligations. We in turn can refuse to make new loans to either of you. Naturally, no such cancellation will free either of you of your liability for any existing unpaid balance, plus finance charges.

**Loans.** You can get loans through your NCNB Cash Reserve account in three ways:

1. When there's an overdraft on your NCNB deposit account because of checks, NCNB 24 withdrawals or other charges—we cover it by making a loan from your NCNB Cash Reserve account. Each such loan will be in the exact amount of your overdraft, but at least $100.

2. You can also get instant loans from your NCNB Cash Reserve account by using the special loan checks we'll send you. These loans will be in the exact amount of your special loan checks.

3. You can also receive a cash advance from an NCNB teller. Each such loan will be in the exact amount of your cash advance request.

We can refuse to lend you additional money under this agreement or return checks that require an advance from your Cash Reserve account if either of you fails to follow the terms of this agreement, breaks a promise made under this agreement or exceeds your credit limit. We can also do this if we feel there's a good possibility our loan to you won't be repaid

**Credit Limit.** Your credit limit will be shown on a separate notice

**Installments.** You can pay off your Cash Reserve account in monthly installments. Each installment will be 5% of the new balance of your account on the billing date, but at least $10. If the new balance is under $10, you'll pay only the new balance.

If you check the fixed payment option on your application, you'll pay that amount each month. If the new balance is less than the fixed amount, you'll pay the new balance.

If you check the automatic payment option on your application, we'll pay from your specified checking account into your Cash Reserve account the minimum or fixed amount due. We do this each month automatically. You'll find the regular monthly payment date on your monthly account summary statement.

You can make additional payments on your Cash Reserve account any time.

**Finance Charges.** You'll pay finance charges on your loans from the day each loan is made to the day it's fully paid off. We'll figure your finance charges for each monthly billing period this way

1. We start with the unpaid balance of your Cash Reserve account at the start of the monthly billing period.

2. At the end of each day we add new loans and charges and subtract new payments and credits. This gives us the daily balance.

3. We then add all daily balances during the billing period and divide by the number of the days in the period. This gives us the average daily balance.

**Please keep this important information for your records.**

4. Next we multiply this average daily balance by 0004931 if you do not have credit life insurance. That's a daily periodic rate of 04931% and an annual percentage rate of 18.00%.

5. Finally we multiply the product by the number of days in the billing period. The result is the finance charge due us for the billing period

Insurance is not required, but you can buy credit life insurance under our Group Policy if you are under age 65. A co-applicant under age 65 can be insured also. Coverage is for death from any cause, except suicide in the first year. It will pay the unpaid Cash Reserve balance, less any payment over 60 days past due

If you want the insurance indicate your option in the Application. You'll get a certificate of insurance. If you decide you don't want it you can cancel within 15 days at no cost. You can stop the insurance at any time by written request. It will stop automatically for any insured person at their 70th birthdate.

The annual premium for this insurance for one insured person is 1.39% of the average daily balance of your Cash Reserve account. So when you've taken out credit life insurance the average daily balance of your account will be multiplied by 0005312, and the product will be multiplied by the number of days in the billing period to determine your finance charge for the billing period. The daily periodic rate of this finance charge is 05312% and the annual percentage rate is 19.39%.

For a second insured person the combined annual premium is 2.31% of the average daily balance of your Cash Reserve account. So if you've taken out credit life insurance on two persons, the average daily balance of your account will be multiplied by 0005564, and the product will be multiplied by the number of days in the billing period to determine your finance charge for the billing period. The daily periodic rate of this finance charge is 05564% and the annual percentage rate is 20.31%.

**Overdue Payments.** If you fail to make a payment when it's due or if we feel there's a good possibility our loan to you won't be repaid, we can declare the whole unpaid balance of your account due and payable at once. We'll give you notice when we do this

Once we've done this we're no longer obligated to accept regular or special checks you've written.

**Collection Costs.** If we have to refer your account to a lawyer for collection, you'll pay our lawyer's fees

**Change of Terms.** We can change the terms of this agreement any time, including, but not limited to, the annual percentage rate on existing outstanding balances. But we'll give you written notice of any such change at least 15 days before the effective date of the change

**Security.** Your account is not secured credit. We do not claim or retain a security interest for this account, regardless of any other agreement you may have with us. If any other agreement should indicate that this account might be secured, then we waive any such security claim as it might apply to this account.

**Skip Payment Features.** From time to time, NCNB may announce a feature which will allow you to skip one or more payments. At the expiration of the period so announced, the terms of your original agreement will be reinstated automatically without further notice to you.

**Applicable Law.** Questions about this agreement will be governed by North Carolina Law.

NCNB 7370 Rev 2/84

*Copyright 1975, NCNB Corporation

Bates No. 4399

**Applicant**

Farrelle Silvia R.   3/17/55

1151 Comstock Dr. Charlotte, N.C. 28210

**Co-Applicant, If Any**

| Last Name of Co-Applicant | First | Middle | | Date of Birth | | Gross Monthly Salary |
|---|---|---|---|---|---|---|
| Street Address | City | State | Zip Code | Social Security Number | | Spouse of Applicant [ ] Yes [ ] No |
| Employer | Yrs Employed | Position | | | | Business Telephone |

Desc be Sources of Other Income
Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this obligation.

**Payment option (check one)**

✓ I'll pay monthly installments of 5% of the unpaid balance of my Cash Reserve account, but at least $10 if the unpaid balance is less I'll pay only that.

I'll pay a fixed amount of $_____ each month (at least $25 and not less than 5% of my credit limit). If the unpaid balance is less than the fixed amount, I'll pay the unpaid balance.

**Automatic payment option (check one)**

Please take my Cash Reserve account installment payment out of my checking account on the _____ of each month. Do this until I cancel this authorization in writing. I can make additional payments by check.

I'll pay you each month by check.

I wish to avoid service charges on my NCNB checking account by maintaining a minimum checking account balance of $300.00.

**Credit life insurance option (check one if under age 66)**

Please get credit life insurance on my life for the unpaid balance of my Cash Reserve account and charge me for it. I understand that this insurance is optional and that I can cancel it at any time.

I also want credit life insurance on the co-applicant's life.

I do not want any credit life insurance.

**Bank Card account(s) (check one)**

I would like the convenience of an NCNB Bank Card account(s)
   Visa and MasterCard
✓ Visa Only      MasterCard only
NCNB Checkmate. It's "the plastic check" you can use for purchases at over 2.5 million businesses worldwide.

**NCNB 24**

Please send me an NCNB 24 card. However, I understand I won't receive one if I already have an NCNB 24 card or have or receive an NCNB Bank Card.

Everything I've filled in here is true to the best of my knowledge. You can check the information I've given you and give other creditors and credit reporting agencies information regarding your experience with me on this account. I've read and received a copy of the NCNB Cash Reserve Agreement printed on the other side and agree to its terms.

X _____ (SEAL)

X _____ (SEAL)

If the checking account is a joint account, everyone whose name is on the account must sign this application.

1/16/83   NCNB Checking Account Number

Date

**Branch Use Only**
Existing Cust.
New Cust.

NCNB USE ONLY

003828

## VERIFICATION

T. S. Sexton, being first duly sworn, deposes and says that she is Assistant Vice President of plaintiff, NCNB National Bank of North Carolina, that she is familiar with the matters alleged in the foregoing complaint and that she has read the allegations thereof; the same are true of her own knowledge, except those matters alleged upon information and belief, and as to those matters, she believes them to be true.

```
_____
        T. S. Sexton
```

Sworn to and subscribed before me this
__27th__ day of __December_____, 1987.

```
_____
        Notary Public
```

My commission expires: 1/7/91



PC - 003829

Bates No. 4401

# STATE OF NORTH CAROLINA

## ~~MEKEK~~ MECKLENBURG ——————— COUNTY

☒ DISTRICT COURT DIVISION ☐ SUPERIOR COURT DIVISION

| FILE NO | 94CVD13253 |
| --- | --- |

FILM NO
**96-123-130**

## CIVIL DOCKET

| CASES CONSOLIDATED | | JURY TRIAL? |
| --- | --- | --- |
| | | ☐ YES |

| FILING DATE | FILING CODE |
| --- | --- |
| 10-26-94 | |

| DISPOSITION DATE | DISPOSITION CODE |
| --- | --- |
| 8-13-96 | 4 |

**NAME OF PLAINTIFF(S)**

SONIA MARIA COOPER BARNETTE

**NAME OF DEFENDANT(S)**

DEBORAH VOIT WHETSTINE

**NAME AND ADDRESS OF PLAINTIFFS ATTORNEYS (OR PRO SE PLAINTIFF)**

BRIAN DEBRUN

**NAME AND ADDRESS OF DEFENDANTS ATTORNEYS (OR PRO SE DEFENDANT)**

| DATE COMPLAINT FILED ▶ | | | | | | | DATE 3RD PARTY COMPLAINT FILED ▶ | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

| DFD # | DATE/HOUR SUMMONS ISS | DATE SUMMONS RETURNED | SVD? | DATE ANSWER FILED | COUNTER-CLAIMS | | DISPOSITIONS | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | FILE DATE | REPLY DATE | DATE | DESCRIPTION |
| 1 | | | | | | | | |
| 2 | | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |
| 5 | | | | | | | | |
| 6 | | | | | | | | |

| CROSS-CLAIM FILED BY DEFENDANT | CROSS-CLAIM ANSWERED |
| --- | --- |

| DATE AMENDED COMPLAINT FILED ▶ | DATE SUMMONS SERVED | DATE ANSWER FILED |
| --- | --- | --- |

| MOTIONS | | | OTHER ACTIVITY | |
| --- | --- | --- | --- | --- |
| FILED BY | DATE | TYPE | DATE | DESCRIPTION |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | PC - 003694 |

AOC-CV-700
Rev. 3/91 (See Post Disposition Activity on reverse)

Bates No. 4402

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION

CASE NUMBER _9 Y CVA 132 5-3_

Barwette, Sonia, Maria

_____
Plaintiff(s)

BY_____

vs.

Whetstine, Deborah, voit
Graham, John Robert
_____
Defendant(s)

**ORDER OF DISMISSAL**

..................................................................................................................................................

The above captioned cause having come before the undersigned Judge, the cause having been calendared and called for hearing, and the Court finding that this cause should be dismissed pursuant to G.S. 1A-1, Rule 41, Rules of Civil Procedure:

IT IS SO ORDERED:

1. That the above captioned cause is hereby DISMISSED

    ( ✓ ) With Prejudice
    (   ) Without Prejudice

2. That all counterclaims, cross claims, third party actions and all other claims in this cause are also DISMISSED

    ( ✓ ) With Prejudice
    (   ) Without Prejudice

3. That the costs of this action be paid by the

    (   ) Plaintiff(s)
    (   ) Defendant(s)
    (   ) Respective Parties

IT IS SO ORDERED THIS __12__ day of ____Aug____ 19_96_.

_____
Presiding Judge

Form CCF-25

PC - 003695

Case 3:12-cv-00327-MOC   Document 76-14   Filed 12/22/14   Page 28 of 45

Bates No. 4403

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

SONIA MARIA COOPER BARNETTE,

               Plaintiff,

vs.

DEBORAH VOIT WHETSTINE,

       Defendant and
   Third-Party Plaintiff,

vs.

JOHN ROBERT GRAHAM,

   Third-Party Defendant.

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

**NOTICE OF DISMISSAL
WITHOUT PREJUDICE**

     The Third-Party Plaintiff, Deborah Voit Whetstine, pursuant to Rule 41 of the North Carolina Rules of Civil Procedure, hereby dismisses her Third-Party Complaint against Third-Party Defendant John Robert Graham. This dismissal is without prejudice.

     This __24__ day of __May__, 1996.

Betsy J. Jones
Attorney for Third-Party Defendant
Golding, Meekins, Holden, Cosper & Stiles
Suite 1200, 301 S. McDowell Street
Charlotte, NC 28204
(704)374-1600

PC - 003696

Case 3:12-cv-00327-MOC     Document 76-14    Bates No. 4404    Filed 12/22/14    Page 29 of 45

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

SONIA MARIA COOPER BARNETTE,   )
                               )
                Plaintiff,     )
                               )
vs.                            )
                               )
DEBORAH VOIT WHETSTINE,        )
                               )
        Defendant and          )
    Third-Party Plaintiff,     )
                               )
vs.                            )
                               )
JOHN ROBERT GRAHAM,            )
                               )
    Third-Party Defendant.     )

NOTICE OF DISMISSAL
WITH PREJUDICE

The Third-Party Defendant, John Robert Graham, pursuant to Rule 41 of the North Carolina Rules of Civil Procedure, hereby dismisses his Counterclaim against Defendant Deborah Voit Whetstine. This dismissal is with prejudice.

This __24__ day of __May__, 1996.

_Michael A. DeMayo_
Michael A. DeMayo
Attorney for Plaintiff
PO Box 34426
Charlotte, NC 28234
(704)333-1000

PC - 003697

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

SONIA MARIA COOPER BARNETTE,
     Plaintiff,

vs.

DEBORAH VOIT WHETSTINE,
     Defendant, and
     Third-Party Plaintiff,

vs.

JOHN ROBERT GRAHAM,
     Third-Party Defendant.

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

**THIRD PARTY DEFENDANT'S
PRE-TRIAL MEMORANDUM**

PURSUANT TO the provisions of Rule 7.3 of the Civil Calendar Rules, the Third-Party Defendant submits the following Pre-trial Memorandum:

## I. Introduction/Synopsis

1.     That on or about May 17, 1994, at approximately 8:12 a.m., Plaintiff Sonia Barnette was a guest passenger in a vehicle owned by K & K Limo, and being operated by Third-Party Defendant, John Robert Graham, in a general easterly direction on West Boulevard in Charlotte, Mecklenburg County, North Carolina.

2.     That at the aforesaid time and place, Defendant/Third-Party Plaintiff, Deborah Whetstine (hereinafter "Defendant"), was the owner and operator of a 1987 Chevrolet vehicle which she was operating in a general easterly direction on West Boulevard in Charlotte, Mecklenburg County, North Carolina.

3.     That as Third-Party Defendant slowed his vehicle in the right hand eastbound lane of West Boulevard, preparing to turn right into a private drive in order to discharge his passenger, Defendant negligently caused her automobile to overcome and strike the rear of the vehicle operated by Third-Party Defendant.

4.     That as a result of this collision, Third-Party Defendant has sustained severe and painful injuries to his person, as set forth in Third-Party Answer and Counterclaims of Third-Party Defendant Graham.

PC - 003698

## WITNESSES:

The following is a list of the names and addresses of all known witnesses Third-Party Defendant may offer at trial:

1. All parties to this action.

2. Officer J.C. Stanton, Badge No. 1028, Charlotte-Mecklenburg Police Department.

3. Dr. D. Parker Thomas, Advanced Chiropractic Clinic, 114-L Freeland Lane, Charlotte, NC 28217.

4. Any witness called by Plaintiff and/or Defendant.

## EXHIBITS:

1. The following is a list of all known exhibits Third-Party Defendant may offer at trial:

   a) North Carolina Collision Report Form completed by Officer J.C. Stanton in the regular course of business, acting in his capacity as law enforcement officer assigned to investigate the collision which is the subject matter of this action.

   b) Third-Party Defendant's medical treatment and expense documents.

   c) Photographs of the accident scene.

   d) Any exhibits offered by Plaintiff and/or Defendant.

## ISSUES

This issues to be answered in this action are:

1. Was Plaintiff injured by the negligence of Defendant Whetstine?

2. Did Plaintiff contribute in any way to her injuries?

3. What amount of money, if any, is Plaintiff entitled to recover of Defendant for her injuries and damages?

4. Was the Third-Party Defendant injured by the negligence of Defendant?

5. Did Third-Party Defendant contribute in any way to his injuries?

6. What amount of money, if any, is Third-Party Defendant entitled to recover of Defendant for his injuries?

PC - 003699

7. Was Defendant injured by the negligence of Third-Party Defendant?

8. Did Defendant contribute in any way to her injuries?

9. What amount of money, if any, Defendant is entitled to recover of Third-Party Defendant for her injuries?

## CONTENTIONS

Third-Party Defendant contends:

1. That as a result of his aforesaid injuries and damages, Third-Party Defendant has become obligated for the payment of large sums of money for doctor bills and other medical attention and treatment.

2. That at the time of the aforesaid collision, the Third-Party Defendant was gainfully employed, and as a result of the accident, he has sustained loss of earnings.

3. That all of the Third-Party Defendant's aforesaid injuries and damages were directly and proximately caused by the negligence of the Defendant, Deborah Voit Whetstine, and her act and omissions of negligence are more fully set forth in Third-Party Answer and Counterclaim of Third-Party Defendant Graham.

This 1st day of May, 1996.

Stephen B. Goad
Attorney for Third-Party Defendant
Post Office Box 34426
Charlotte NC 28234
(704) 333-1000

PC - 003700

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Pre-trial exchange of information has this day been served upon all counsel of record for herein, by placing a copy of same in the United States Mail, first class, postage prepaid and addressed to:

> Mr. Brian deBrun
> 1508 East Fourth Street
> Charlotte, NC 28204
>
> Ms. Betsy J. Jones
> Suite 1200
> 301 South McDowell Street
> Charlotte, NC 28204

This, the ___1ST___ day of May, 1996.

> Stephen B. Goad
> Attorney for
> Third-Party Defendant
> Post Office Box 34426
> Charlotte  NC  28234
> (704) 333-1000

PC - 003701

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

SONIA MARIA COOPER BARNETTE, )

Plaintiff,

vs.

DEBORAH VOIT WHETSTINE,

Defendant and
Third-Party Plaintiff,

vs.

JOHN ROBERT GRAHAM,

Third-Party Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**PRE-TRIAL MEMORANDUM**

Pursuant to Rule 7.3 of the Civil Calendar Rules, the Defendant/Third-Party Plaintiff submits the following Pre-Trial Memorandum:

## WITNESSES

1. Defendant/Third-Party Plaintiff may call the following witnesses at trial:

   a. Deborah Whetstine;
   b. Officer J.C. Stanton;
   c. D. Parker Thomas, D.C.;
   d. Sonia Barnette; and
   e. Any witness called by Third-Party Defendant.

## EXHIBITS

2. Defendant/Third-Party Plaintiff may offer into evidence the following exhibits:

   a. Photographs of the vehicles;
   b. Photographs of the scene of the accident;
   c. Police report;
   d. Treatment records and bills for Third-Party Defendant John Graham at Advanced Chiropractic Clinic;
   e. Any exhibits offered by Third-Party Defendant.

PC - 003702

Bates No. 4410

2

## ISSUES

3. The issues to be submitted at trial are anticipated to be the following:

1. Was the Third-Party Plaintiff, Deborah Whetstine, injured or damaged by the negligence of Third-Party Defendant, John Robert Graham?

ANSWER:_____

2. Did Third-Party Plaintiff, Deborah Whetstine, contribute to her own injuries and damages, if any, by her own negligence?

ANSWER:_____

3. What amount, if any, is Third-Party Plaintiff, Deborah Whetstine, entitled to recover for her personal injuries?

ANSWER:_____

4. Was the Third-Party Defendant, John Graham, injured or damaged by the negligence of the Defendant Deborah Whetstine?

ANSWER:_____

5. Did the Third-Party Defendant, John Graham, contribute to his own injuries and damages, if any, by his own negligence?

ANSWER:_____

6. What amount, if any, is the Third-Party Defendant John Robert Graham, entitled to recover for his personal injuries?

ANSWER:_____

::ODMA\SOFTSOL\311\GMH\367341\0

PC - 003703

Bates No. 4411

3

This __30__ day of __April__, 1996.

Betsy J. Jones
Attorney for Defendant/Third-Party Plaintiff

OF COUNSEL:

GOLDING, MEEKINS, HOLDEN,
 COSPER & STILES
Suite 1200, Cameron Brown Building
301 S. McDowell Street
Charlotte, N.C. 28204
(704)374-1600

## CERTIFICATE OF SERVICE

I, Betsy J. Jones, do hereby certify that I have this day served a copy of the foregoing document upon all counsel of record by placing a copy of same, addressed to such counsel, in the U.S. mail, postage prepaid.

This __30__ day of __April__, 1996.

Betsy J. Jones
Attorney for Defendant/Third-Party Plaintiff

ODMA\SOFTSOL\311\GMH\367340

PC - 003704

Bates No. 4412

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

SONIA MARIA COOPER BARNETTE,   )
    Plaintiff,   )
       )
vs.   )
       )
       )   **THIRD PARTY DEFENDANT'S**
DEBORAH VOIT WHETSTINE,   )   **SECOND REQUESTS FOR ADMISSIONS**
    Defendant, and   )
    Third-Party Plaintiff,   )
       )
vs.   )
       )
JOHN ROBERT GRAHAM,   )
    Third-Party Defendant.   )

TO:   DEBORAH VOIT WHETSTINE

NOW COMES Third-Party Defendant, through Counsel, and serve upon you the following written REQUESTS FOR ADMISSIONS, pursuant to Rule 36 of the North Carolina Rules of Civil Procedure.

YOU ARE REQUESTED to answer, or make objection to these Requests separately or in full, in writing and to serve a written answer or objection to the undersigned within thirty (30) days from the date of service of these requests.

THESE REQUESTS shall be continuing in nature until the time of trial, and you are requested to serve supplemental information which becomes available to you.

### THIRD PARTY DEFENDANT'S SECOND REQUESTS FOR ADMISSIONS

1.    Do you agree with the road configuration as depicted on the accident report filed in this incident?

RESPONSE:

2.    Do you agree there was no obstruction preventing you from seeing Plaintiff's van?

RESPONSE:

3.    Do you agree that the front of your automobile hit the rear of Plaintiff's van?

RESPONSE:

PC - 003705

4.      Do you agree that Plaintiff was stopped on the roadway at the time of the accident?

RESPONSE:

5.      Do you agree that Plaintiff was discharging passengers at the time of the collision?

RESPONSE:

6.      Do you agree that Plaintiff's rear brake lights were on at the time of the collision?

RESPONSE:

7.      Do you agree that the weather was clear at the time of the accident?

RESPONSE:

This, the 16th day of April, 1996.

_____
Stephen B. Goad
Attorney for Plaintiff
Post Office Box 34426
Charlotte NC 28234
(704) 333-1000

PC - 003706

Bates No. 4414

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing REQUEST FOR ADMISSIONS has this day been served upon all counsel of record in the above reference matter, by placing a copy of same in the United States Mail, first class, postage prepaid and addressed to:

Mr. Brian deBrun
1508 East Fourth Street
Charlotte, NC 28204

Ms. Betsy Jones
301 South McDowell Street
Suite 1200
Charlotte, NC 28204

This, the ___16th___ day of April, 1996.

Stephen B. Goad
Attorney for Plaintiff
Post Office Box 34426
Charlotte NC 28234
(704) 333-1000

PC - 003707

# STATE OF NORTH CAROLINA

Mecklenburg ——————— County

File No. 94 CVD 1325

In The General Court Of Justice
☒ District ☐ Superior Court Division

**Name Of Plaintiff(s)**
Sonia Maria Cooper Barnette

BY

## ARBITRATION

**VERSUS**

**Name Of Defendant(s) / Third Party Plaintiff**
Deborah Voit Whetstine
VERSUS
Third-Party Defendant
John Robert Graham

## REQUEST
## FOR
## TRIAL DE NOVO

## TO THE COURT:

The party named below requests trial *de novo*. Please place this case on the trial calendar.

(NOTE: A request for trial de novo accompanied by a $75 filing fee must be filed with the Clerk within thirty (30) days of the Award filing date.)

| Name Of Party Requesting Trial De Novo | Signature |
|---|---|
| John Robert Graham | |
| **Date Of Request** | **Name (Type Or Print)** |
| January 16, 1996 | Michael A. DeMayo |
| | ☐ Party  ☒ Attorney |

### CERTIFICATE OF SERVICE

I certify that a copy of this Request was served by

☒ depositing a copy enclosed in a postpaid properly addressed wrapper in a post office or official depository under the exclusive care and custody of the U. S. Postal Service directed to ☐ plaintiff  ☐ plaintiff's attorney  ☐ defendant  ☐ defendant's attorney

☐ delivering a copy personally to ☐ plaintiff  ☐ plaintiff's attorney  ☐ defendant  ☐ defendant's attorney

☐ leaving a copy at the ☐ plaintiff's attorney's office with a partner or employee  ☐ defendant's attorney's office with a partner or employee

| Date Served | Signature Of Party Or Attorney |
|---|---|
| | Michael A. DeMayo |

333-1000
Brian all Brown
1:33 P.M.
Pd $75.00

AOC-CV-803
Rev. 3/90

Original–File   Copy–Plaintiff   Copy–Defendant

PC - 003708

# STATE OF NORTH CAROLINA

MECKLENBURG ———— County

**File No.**
94-CVD-13253

In The General Court Of Justice
[X] District [ ] Superior Court Division

| Name Of Plaintiff(s) | |
|---|---|
| SONIA MARIA COOPER BARNETTE | **ARBITRATION** |

**VERSUS**

| Name Of Defendant(s) | |
|---|---|
| DEBORAH VOIT WHETSTINE | **REQUEST FOR TRIAL DE NOVO** |

## TO THE COURT:

The party named below requests trial *de novo*. Please place this case on the trial calendar.

(NOTE: A request for trial de novo accompanied by a $75 filing fee must be filed with the Clerk within thirty (30) days of the Award filing date.)

| Name Of Party Requesting Trial De Novo | Signature |
|---|---|
| Brian deBrun, Attorney for Plaintiff | |
| **Date Of Request** | **Name (Type Or Print)** |
| January 16, 1996 | Brian deBrun |
| | [ ] Party   [X] Attorney |

### CERTIFICATE OF SERVICE

I certify that a copy of this Request was served by

[ ] depositing a copy enclosed in a postpaid properly addressed wrapper in a post office or official depository under the exclusive care and custody of the U. S. Postal Service directed to [ ] plaintiff  [ ] plaintiff's attorney  [ ] defendant  [X] defendant's attorney

[ ] delivering a copy personally to [ ] plaintiff  [ ] plaintiff's attorney  [ ] defendant  [ ] defendant's attorney

[ ] leaving a copy at the [ ] plaintiff's attorney's office with a partner or employee  [ ] defendant's attorney's office with a partner or employee

| Date Served | Signature Of Party Or Attorney |
|---|---|
| January 16, 1996 | |

AOC-CV-803
Rev. 3/90

Original–File   Copy–Plaintiff   Copy–Defendant

PC - 003709

Case 3:12-cv-00327-MOC   Document 76-14   Filed 12/22/14   Page 42 of 45

Bates No. 4417

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

SONIA MARIA COOPER BARNETTE,

                Plaintiff,

vs.

DEBORAH VOIT WHETSTINE,

    Defendant and
  Third-Party Plaintiff,

vs.

JOHN ROBERT GRAHAM,

    Third-Party Defendant.

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**THIRD-PARTY PLAINTIFF'S
RESPONSES TO THIRD-PARTY
DEFENDANT'S FIRST REQUESTS
FOR ADMISSIONS**

     The Third-Party Plaintiff, pursuant to Rule 36 of the North Carolina Rules of Civil Procedure hereby responds to Third-Party Defendant's First Requests for Admissions as follows:

     1.    That Third-Party Defendant is a citizen and resident of Charlotte, Mecklenburg County, North Carolina, and has been so for more than six months next proceeding the commencement of this action.

     ANSWER:    Upon information and belief, admitted.

     2.    That the Defendant and Third-Party Plaintiff (Hereinafter "Defendant"), Deborah Voit Whetstine, is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

     ANSWER:    Admitted.

     3.    That the Defendant is not incompetent nor under any legal disability precluding defense of this action.

     ANSWER:    Admitted.

     4.    That on or about May 17, 1994, at approximately 8:12 a.m., the Third-Party Defendant was the operator of a 1993 Ford van.

     ANSWER:    Admitted.

     5.    That on the date and time as stated herein above, Third-Party Defendant was operating his vehicle in a general easterly direction in the curb lane of West Boulevard in Charlotte,

PC - 003710

Bates No. 4418

2

Mecklenburg County, North Carolina, in a reasonable and prudent manner, and in full compliance with the traffic laws of the State of North Carolina and the Code of the City of Charlotte, Mecklenburg County, North Carolina.

ANSWER: It is admitted that on the date and time stated in request for admissions 4, Third-Party Defendant was operating his vehicle in the curb lane of West Boulevard in Charlotte. The remainder of request for admission is denied.

6. That at the aforementioned time and place, the Defendant was owner and operator of a 1986 Chevrolet automobile.

ANSWER: Denied. It was a 1987 Chevrolet.

7. That at the same time and place as hereinbefore alleged, the Defendant was operating her vehicle in a general easterly direction, traveling behind Third-Party Defendant, in the curb lane of West Boulevard, Charlotte, Mecklenburg County, North Carolina.

ANSWER: Admitted.

8. That at the time and place hereinbefore alleged, the subject street is a paved street with four lanes of travel, two of which are eastbound lane and two of which are westbound.

ANSWER: Admitted.

9. That at the aforementioned time and place, a collision took place between the Defendant and the Third-Party Defendant, wherein the Defendant drove her vehicle into the rear of the vehicle driven by the Third-Party Defendant.

ANSWER: Admitted.

10. That an official law enforcement investigation of said collision was made by Officer J.C. Stanton, Badge Number 1028, of the Charlotte Mecklenburg Police Department.

ANSWER: Admitted, upon information and belief.

11. That as a direct and proximate cause of the accident, Third-Party Defendant sustained injuries.

ANSWER: Denied.

12. That the Defendant's negligence on such occasion was the proximate cause of Third-Party Defendant's injuries.

ANSWER: Denied.

PC - 003711

3

13. That as a direct and proximate result of the aforedescribed accident, it became necessary for Third-Party Defendant to seek medical attention after the date of the accident, and he did so from Advanced Chiropractic Clinic, in order to obtain treatment for injuries sustained in the collision.

ANSWER:   Denied.

14. That the negligence of the Defendant at the time and place hereinbefore described, was the direct and proximate cause of Third-Party Defendant's need to seek the medical attention referred to in admission 13 above.

ANSWER:   Denied.

15. That the attached copy of the treatment records from the Advanced Chiropractic Clinic (attached hereto marked as "Exhibit A") is a true and accurate copy of the records received by Third-Party Defendant for treatment after the date of the collision, for injuries sustained therein.

ANSWER:   This Defendant is unable to admit or deny this request for admission since she is prevented from contacting the clinic under Crist v. Moffat, 326 N.C. 326, 389 S.E.2d 41 (1990).

16. That the attached copy of the billing statement from the Advanced Chiropractic Clinic (marked as "Exhibit B") is a true and accurate copy of the bill received by Third-Party Defendant from the Advanced Chiropractic Clinic for services rendered on or after the date of the accident, for injuries sustained therein.

ANSWER:   This Defendant is unable to admit or deny this request for admission since she is prevented from contacting the clinic under Crist v. Moffat, 326 N.C. 326, 389 S.E.2d 41 (1990).

17. That Third-Party Defendant incurred the bill described in admission 16 above, from the Advanced Chiropractic Clinic as a result of the subject collision.

ANSWER:   Denied.

18. That the subject collision was the direct and proximate cause of Third-Party Defendant incurring the billing statement as described in admission 16 above.

ANSWER:   Denied.

19. That the billing statement as described in admission 16 above, was incurred as a result of Defendant's negligence, which

PC - 003712