4

negligence was the direct and proximate cause of Third-Party Defendant's injuries.

ANSWER:    Denied.

20.  That the treatment records statement as described in admission 15 hereinabove, may be admitted into evidence in the trial of this Cause, without the necessity of subpoenaing any employee of the Advanced Chiropractic Clinic or any treating physician.

ANSWER:    Denied.

21.  That the billing statement as described in admission 16 hereinabove, may be admitted into evidence in the trial of this Cause, without the necessity of subpoenaing any employee of the Advanced Chiropractic Clinic or any treating physician.

ANSWER:    Denied.

22.  That at the time of the subject collision, Third-Party Defendant was employed by K & K Limo of Charlotte, North Carolina.

ANSWER:    Admitted, upon information and belief.

23.  That at as a result of the injuries sustained by Third-Party Defendant in the subject collision, and in order to seek medical attention for treatment of those injuries, Third-Party Defendant was unable to work for a period of nineteen (19) days.

ANSWER:    Denied.

24.  That Third-Party Defendant incurred expenses with the Advanced Chiropractic Clinic, in the amount of $1,623.00, for treatment of injuries sustained, which were the direct and proximate result of the negligence of the Defendant.

ANSWER:    Denied.

PC - 003713

This the 19 day of _December_, 1995.

Betsy J. Jones
Attorney for Defendant and
Third-Party Plaintiff, Deborah
Voit Whetstine

OF COUNSEL:

GOLDING, MEEKINS, HOLDEN,
  COSPER & STILES
Suite 1200, Cameron Brown Building
301 S. McDowell Street
Charlotte, N.C.  28204
(704)374-1600

## CERTIFICATE OF SERVICE

I, Betsy J. Jones, do hereby certify that I have this day served a copy of the foregoing document upon all counsel of record by placing a copy of same, addressed to such counsel, in the U.S. mail, postage prepaid.

This _19_ day of _December_, 1995.

Betsy J. Jones
Attorney for Defendant and
Third-Party Plaintiff Deborah
Voit Whetstine

PC - 003714

# STATE OF NORTH CAROLINA

MECKLENBURG _____ County

94 CVD 3253

| Name And Address Of Plaintiff(s) | |
| --- | --- |
| Sonia Maria Cooper Barnette | **ARBITRATION** |
| **VERSUS** | |
| Name And Address Of Defendant(s) | **AWARD** |
| Deborah Voit Whetstine | **AND** |
| | **JUDGMENT** |
| | G.S. 7A-37.1 |
| Name And Address Of Plaintiff's Attorney | Name And Address Of Defendant's Attorney |
| Brian deBrun | |

## AWARD

The arbitrator named below held a hearing in this case and considered all the evidence plus any arguments and contentions of the parties. Due notice of the date, time and place of the hearing was given to all parties. All parties were present in person or through an attorney except *(Name absent party, if any.)* _____

The arbitrator makes the following arbitration award:

☒ 1. The plaintiff is awarded from the defendant the amount set out below. This award shall draw interest on the principal sum from today until satisfied at the ☐ legal rate. ☐ contract rate of _____% per year.

☐ 2. The plaintiff is awarded nothing from the defendant and this action is dismissed.

☐ 3. On the counterclaim the defendant is awarded from the plaintiff the amount set forth below. This award shall draw interest on the principal sum from today until satisfied at the ☐ legal rate. ☐ contract rate of _____% per year.

☐ 4. The defendant is awarded nothing from the plaintiff on the counterclaim and the counterclaim is dismissed.

☐ 5. Both the plaintiff and the defendant have prevailed on their claim and counterclaim. The two awards are set off against each other and the amount set out below reflects that set off.

☒ 6. Other: *THE 3RD PARTY PLAINTIFF IS ALSO AWARDED THE PRINCIPAL AMOUNT OF 2500.00*

7. Costs of this action are taxed to ☒ plaintiff ☒ defendant ☐ borne by each party.

| | | |
| --- | --- | --- |
| Principal Sum | $ 2500.00 each | Name(s) Of Party(ies) From Whom Award Recoverable |
| | | DEBORAH VOIT WHETSTINE |
| Interest To Date Of Award, When Appropriate | $ — | |
| Attorney's Fees And Other Damages, When Appropriate | $ — | Date Of Award 12/13/95 |
| Total Amount Of Award | $ 2500.00 | Signature Of Arbitrator *Anne R. Dekle* |
| Plus interest at the rate of _____% from today until satisfied and costs of this action | | Name Of Arbitrator (Type Or Print) D. Dekle |

Date Award Mailed By Arbitrator

## JUDGMENT

It is ORDERED that the Arbitrator's Award as set out above is hereby adopted as the Judgment of this Court.

| Judgment Docket Book And Page No. | Date Of Judgment |
| --- | --- |
| **NOTE:** The Clerk of Superior Court shall mail copies of this Judgment to all parties or their counsel. | Signature |
| AOC-CV-802 Rev. 3/90 | ☐ Judge  ☐ Assistant CSC  ☐ Clerk of Superior Court |

Original–File   Copy–Plaintiff   Copy–Defendant

52

PC - 003715

STATE OF NORTH CAROLINA      IN THE GENERAL COURT OF JUSTICE

DISTRICT COURT DIVISION

COUNTY OF MECKLENBURG      94-CVD-13253

SONIA MARIA COOPER BARNETTE, )
                            )
         Plaintiff,      )
                            )
   vs.                     )
                            )
DEBORAH VOIT WHETSTINE,       )     **PLAINTIFF'S**
                            )     **PRE-ARBITRATION**
         Defendant and   )     **STATEMENT**
    Third-Party Plaintiff,  )
                            )
   vs.                     )
                            )
JOHN ROBERT GRAHAM,          )
                            )
    Third-Party Defendant.  )
                            )

     Pursuant to Arbitration Rule 3(b), the Defendant, through counsel, submits the following Pre-Hearing Exchange of Information:

### WITNESSES

1. All parties to the accident.
2. Investigating Police Officer
3. Any witnesses called by other parties

### EXHIBITS

1. Police Report
2. Medical records and bills of Plaintiff
3. Photographs, if applicable, of vehicles involved
4. All pleadings and discovery
5. Any documents offered by other parties

### ISSUES

1. Was the Plaintiff injured as a result of the Defendant?
2. What amount, if any, is the Plaintiff entitled to recover of the Defendant, Whetstine, for her personal injuries?

PC - 003716

Submitted this _13_ day of ___Dec___, 1995.

_____
BRIAN deBRUN
Attorney for Plaintiff

OF COUNSEL:

LAW OFFICES OF CHANDLER deBRUN & FINK
1508 East Fourth Street
Charlotte, North Carolina 28204
(704) 376-6552

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a
copy of the foregoing pleading upon the party named below
by depositing a copy of the same in the United States Mail,
postage prepaid and addressed as follows:

W. Lewis Smith, Jr.
Craighill & Smith
301 So. McDowell St., Ste. 1014
Charlotte, NC 28204

Betsy J. Jones
Golding, Meekins, Holden, et al.
301 So. McDowell St., Ste. 1200
Charlotte, NC 28204

This ___13___ day of ___Dec___, 1995.

_____
BRIAN deBRUN
Attorney for Plaintiff

2

PC - 003717

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

SONIA MARIA COOPER BARNETTE,

              Plaintiff,

vs.

DEBORAH VOIT WHETSTINE,

    Defendant and
  Third-Party Plaintiff,

vs.

JOHN ROBERT GRAHAM,

    Third-Party Defendant.

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

## PRE-HEARING EXCHANGE OF INFORMATION

Pursuant to Arbitration Rule 3(b), the Defendant, through counsel, submits the following Pre-Hearing Exchange of Information:

### WITNESSES

1. Deborah Whetstine;
2. John Robert Graham;
3. Sonia Barnette;
4. Any witnesses called by the Plaintiff or Third-Party Defendant.

### DOCUMENTS AND EXHIBITS

1. Police Report, #940517081201;
2. All pleadings and discovery;
3. Photographs of the vehicles;
4. All documents and exhibits offered by the Plaintiff or Third-Party Defendant.

### STATEMENT OF ISSUES

1. Was the Plaintiff injured by the negligence of Defendant Whetstine?

2. Did the Plaintiff, by her own negligence, contribute to her own injuries and damages?

3. What amount, if any, is the Plaintiff entitled to recover for her personal injuries?

PC - 003718

2

4. What amount, if any, may Defendant Whetstine recover from Third-Party Defendant Graham for indemnity or contribution?

5. Was the Defendant, Deborah Whetstine injured by the negligence of Third-Party Defendant Graham?

6. What amount, if any, is Defendant Whetstine entitled to recover for her property damage from Third-Party Defendant Graham?

Respectfully submitted this 7 day of December, 1995.

Betsy J. Jones
Attorney for Defendant

OF COUNSEL:

GOLDING, MEEKINS, HOLDEN,
  COSPER & STILES
Suite 1200, Cameron Brown Building
301 S. McDowell Street
Charlotte, N.C.  28204
(704)374-1600

### CERTIFICATE OF SERVICE

I, Betsy J. Jones, do hereby certify that I have this day served a copy of the foregoing document upon all counsel of record by placing a copy of same, addressed to such counsel, in the U.S. mail, postage prepaid.

This 7 day of December, 1995.

Betsy J. Jones
Attorney for Defendant

PC - 003719

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

SONIA MARIA COOPER BARNETTE,

                Plaintiff,

vs.

DEBORAH VOIT WHETSTINE,

    Defendant and
  Third-Party Plaintiff,

vs.

JOHN ROBERT GRAHAM,

    Third-Party Defendant.

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

PRE-HEARING EXCHANGE OF
INFORMATION

Pursuant to Arbitration Rule 3(b), the Defendant, through counsel, submits the following Pre-Hearing Exchange of Information:

### WITNESSES

1. Deborah Whetstine;
2. John Robert Graham;
3. Sonia Barnette;
4. Any witnesses called by the Plaintiff or Third-Party Defendant.

### DOCUMENTS AND EXHIBITS

1. Police Report, #940517081201;
2. All pleadings and discovery;
3. Photographs of the vehicles;
4. All documents and exhibits offered by the Plaintiff or Third-Party Defendant.

### STATEMENT OF ISSUES

1. Was the Plaintiff injured by the negligence of Defendant Whetstine?

2. Did the Plaintiff, by her own negligence, contribute to her own injuries and damages?

3. What amount, if any, is the Plaintiff entitled to recover for her personal injuries?

PC - 003720

2

4. What amount, if any, may Defendant Whetstine recover from Third-Party Defendant Graham for indemnity or contribution?

5. Was the Defendant, Deborah Whetstine injured by the negligence of Third-Party Defendant Graham?

6. What amount, if any, is Defendant Whetstine entitled to recover for her property damage from Third-Party Defendant Graham?

Respectfully submitted this __7__ day of __December__, 1995.

Betsy J. Jones
Attorney for Defendant

OF COUNSEL:

GOLDING, MEEKINS, HOLDEN,
  COSPER & STILES
Suite 1200, Cameron Brown Building
301 S. McDowell Street
Charlotte, N.C.  28204
(704)374-1600

### CERTIFICATE OF SERVICE

I, Betsy J. Jones, do hereby certify that I have this day served a copy of the foregoing document upon all counsel of record by placing a copy of same, addressed to such counsel, in the U.S. mail, postage prepaid.

This __7__ day of __December__, 1995.

Betsy J. Jones
Attorney for Defendant

PC - 003721

Bates No. 4429

DMV-349 (Rev. 7-93)

**N.C. COLLISION REPORT FORM** — Send to: N.C. Division of Motor Vehicles, Raleigh, N.C. 27697 0001

THIS ___ IT IS FOR THE USE OF THE DIVISION OF MOTOR VEHICLES. ___ TA IS COLLECTED FOR STAT___ ANALYSIS AND SUBSEQUENT HIGHWAY SAFETY PROGRAM ___ DETERMINATIONS OF FAULT ARE THE RESPONSIBILITY OF INSURERS OR OF THE STATE'S COURTS.

**2** No. of Units Involved
☐ Supplemental Report

DMV REPORT #

| Date | Day of Week | County | Time | Local Use Petrol Area | Date Received by DMV |
|---|---|---|---|---|---|
| 05 17 94 | TUESDAY | MECKLENBURG | 0812 | 940517081201 | |

Collision occurred ☐ Near — CHARLOTTE (Municipality)

on WEST Blvd (Highway Number or Highway, Street, if rural or service road, indicate on line) R R Crossing # ___ Miles ___ 0

at address BROOKSVALLE ST ☐☐☐ toward LEAKE STREET.

| | VEHICLE 1 ☐ HIT & RUN | VEHICLE 2 ☐ PEDESTRIAN ☐ HIT & RUN ☐ OTHER |
|---|---|---|
| Driver 1 | DEBORAH DOIT WHESSTINE | Driver 2 JOAN ROBERT GRAHAM |
| Address | 3303 PARK HIGHLAND CT | 1547 SOUTHWOOD AVE |
| City | CHARLOTTE State N.C. Zip 28273 | CHARLOTTE State N.C. Zip 28206 |
| Drivers Phone | W (704) 338-5593 | W 704 394-6912 |
| DL # | 4819933 DOB | 7027869 DOB 11-05- |
| Vision Obstruction 1 | Physical Condition 1 | Intoxication 1 Restrictions 0 |
| Vision Obstruction 1 | Physical Condition 1 | Intoxication 1 Restrictions 0 |
| Owner | SAME | K&K LIMO & SHUTTLE |
| Address | SAME | P.O. BOX 19606 |
| City | State Zip | CHARLOTTE State N.C. Zip 28206 |
| VIN | 1G1AW81W8HF124632 | 1FBJS31 MA PHB 44904 |
| Plate # | ARK-2278 State N.C. Year 94 | ZC-3911 State N.C. Year 28206 |
| Veh. Year 87 Veh. Make OLDS | Veh. Type Code P | Veh. Year 93 Veh. Make FORD Veh. Type Code VAN |

Driver 1:
- Commercial Vehicle ☐ Yes ☑ No — Trailer Type Code ___
- Air Bag ☐ Yes ☑ No — 1st Trailer No. of Axles ___
- Deployed ☐ Yes ☑ No — Width ___ inches
- Vehicle Drivable ☐ Yes ☑ No — Length ___ feet
- Post Crash Fire ☐ Yes ☑ No — 2nd Trailer No. of Axles ___
- Rollover ☐ Yes ☑ No — Width ___ inches
- Hazardous Cargo ☐ Yes ☑ No — Length ___
- Spilled ☐ Yes ☑ No — TAD FD-2
- Crossed Median ☐ Yes ☑ No — Est. Damage $ 2,000.00
- Removed to BEATY'S
- By BEATY'S — Authority

Driver 2:
- Commercial Vehicle ☑ Yes ☐ No — Trailer Type Code ___
- Air Bag ☑ Yes ☐ No — 1st Trailer No. of Axles ___
- Deployed ☐ Yes ☑ No — Width ___ inches
- Vehicle Drivable ☑ Yes ☐ No — Length ___ feet
- Post Crash Fire ☐ Yes ☑ No — 2nd Trailer No. of Axles ___
- Rollover ☐ Yes ☑ No — Width ___ inches
- Hazardous Cargo ☐ Yes ☑ No — Length ___
- Spilled ☐ Yes ☑ No — TAD RD-1
- Crossed Median ☐ Yes ☑ No — Est. Damage $ 800.00
- Removed to OWNER
- By OWNER — Authority

Other Property Damaged: N/A — Estimated Damage $ ___

Owner Name ___ Address ___

OCCUPANT SECTION INSTRUCTIONS: Give Injury Class, Belt/Helmet Usage, Race/Sex and Age of all occupants in the space corresponding to the seat occupied (see code at top). Names and addresses are necessary for all occupants.

| Seat | 4. Inj. Class | 5. Belt Hel. | Race/Sex | Age | First Name | Last Name | Seat | Inj. Class | Belt/Hel. | Race/Sex | Age | First Name | Last Name |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Left Front | C | 3 | W/F | | DRIVER 1 | | Front | C | 3 | W | 50 | DRIVER 2, PEDESTRIAN, OTHER | |
| Center Front | | | | | | | Center Front | | | | | | |
| Right Front | | | | | | | Right Front | C | 3 | F | 50 | F OVIA BARNETTE 8413 W-BLvd 399-2950 | |
| Left Rear | | | | | | | Left Rear | | | | | | |
| Center Rear | | | | | | | Center Rear | | | | | | |
| Right Rear | | | | | | | Right Rear | | | | | | |

Total Number Occupants 1 — Total Number Injured 1 — Total Number Occupants 2 — Total Number Injured 2

Ambulance Requested ☐ Yes ☑ No — If yes, Ambulance Arrived At ___ (24 Hour Clock)

Injured Taken To PRIVATE DOCTOR (Treatment Facility and City or Town)

PC - 003722

Case 3:12-cv-00327-MOC   Document 76-15   Filed 12/22/14   Page 11 of 75
Bates No. 4431

## POINTS OF INITIAL CONTACT

| VEH. 1 | VEH. 2 |
|--------|--------|
| 1-2-3 | 14-15-16 |

Passenger Cars/Small Trucks

Tractor-Trailers

Motorcycle, Bicycle or Moped

| ACCIDENT SEQUENCE | Veh. 1 | Veh. 2 or Ped. | | Veh. 1 | Veh. 2 or Ped. |
|---|---|---|---|---|---|
| 6. Veh. Maneuver/Ped. Action | 4 | 8 | Speed Limit (for each vehicle) | 35 | 35 |
| 7. First Harmful Event | | 14 | Estimated Original Traveling Speed | 35 | 0 |
| 7. Most Harmful Event | 14 | 14 | Estimated Speed at Impact | 20 | 0 |
| 8. Object Struck | 1 | 1 | Tire Impressions Before Impact (ft.) | 45 | 0 |
| 9. Distance to Object Struck | 1 | 8 | Distance Traveled After Impact (ft.) | 5 | 5 |
| 10. Vehicle Defects | 8 | 8 | | | |

### ROADWAY INFORMATION (See Front)

| | |
|---|---|
| 11. Locality | 19. Road Defects |
| 12. Development Type | 30. Road Condition |
| 13. Road Feature | 31. Light Condition |
| 14. Road Character | 32. Weather |
| 15. Road Class | 33. Traffic Control |
| 16. Number of Lanes | |
| 17. Road Configuration | |
| 18. Road Surface | |

INDICATE NORTH

#2   #1

WEST Blvd.

BROOKSDALE DR

Vehicle 1 was Traveling [ ]N [ ]S [X]E [ ]W on WEST BLVD

Vehicle 2 was Traveling [ ]N [ ]S [X]E [ ]W on WEST BLVD.  STOPPED

### DESCRIBE WHAT HAPPENED:

THE DRIVER OF VEHICLE #2 STATED HE WAS STOPPED IN TRAFFIC TO LET OFF A PASSENGER WHEN VEH. #1 HIT HIS VEHICLE IN THE REAR. THE DRIVER OF VEH. #1 STATED VEH. #2 DID NOT HAVE HIS BRAKE LIGHT ON.

### CIRCUMSTANCES CONTRIBUTING TO THE COLLISION (Check as many as apply)

| DRIVER 1 | 2 | DRIVER 1 | 2 | DRIVER 1 | 2 |
|---|---|---|---|---|---|
| 1. None | | 10. Pass stopped school bus | | 19. Safe movement violation | |
| 2. Alcohol use | | 11. Passing on hill | | 20. Following too closely | |
| 3. Drug use | | 12. Passing on curve | | 21. Improper backing | |
| 4. Yield | | 13. Other improper passing | | 22. Improper parking | |
| 5. Stop sign | | 14. Improper lane change | | 23. Unable to determine | |
| 6. Traffic signal | | 15. Use of improper lane | | 24. Left of center | |
| 7. Exceeding speed limit | | 16. Improper turn | | 25. Right turn/arrived | |
| 8. Exceeding safe speed | | 17. Improper or no signal | | 26. Other | |
| 9. Failure to reduce speed | | 18. Improper vehicle equipment | | | |

### RESERVED FOR CITY OR OTHER USE

| | Driver 1 | Driver 2 |
|---|---|---|
| 24. Direction | | |
| 25. Violation | | |
| 26. Misc. Action | | |
| 27. Charges | | |
| 28. Investigating Agency | | |

| WIT- Name | Address | Phone No. ( ) |
|---|---|---|
| NESSES: Name | Address | Phone No. ( ) |

| ARRESTS: Name | Charge(s) |
|---|---|
| Name | Charge(s) |

Sign Here: J. C. STRATTON   Officer's Rank and Name

Number: 1028

Department: CHARLOTTE Meck. Police Dept.

Date of Report: 5/9





PC - 003724

Bates No. 4432

FILED

95 JUN 21 AM 8: 12

MECKLENBURG COUNTY

BY_____

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
FILE NO. 94 CVD 13253

SONIA MARIA COOPER BARNETTE,
    Plaintiff,

    v.

DEBORAH VOIT WHETSTINE,
    Defendant, and
    Third-Party Plaintiff,

    v.

JOHN ROBERT GRAHAM,
    Third-Party Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

MOTION FOR EXTENSION OF TIME
TO ANSWER DEFENDANT'S
INTERROGATORIES AND TO RESPOND
TO REQUEST FOR

PRODUCTION OF DOCUMENTS

---

THIRD-PARTY DEFENDANT HEREIN, by and through his attorneys, W. Lewis Smith Jr. and Michael A. DeMayo, respectfully moves the Court pursuant to Rules 6, 33, and 34, of the Rules of Civil Procedure for an Order extending time in which to answer Interrogatories and respond to Request for Production of Documents and respectfully shows unto the Court that:

1. On the 31st day of May, 1995, the Defendant herein served Third-Party Defendant with Interrogatories and Request for Production of Documents via first class mail, and the time to serve answer has not expired.

2. Third-Party Defendant is willing to answer said Interrogatories and to respond to the Request for Production, but cannot do so within a period of thirty (30) days. It will require an additional thirty (30) days for plaintiff to compile the information and documents necessary to prepare proper answers Interrogatories and responses to the Request for Production of Documents as information must be gathered from several different sources.

3. The undersigned states that they believes Third-Party Defendant has meritorious claims herein, and that this application is made in good faith and not for the purpose of delay.

WHEREFORE, Third-Party Defendant-Movant respectfully prays the

PC - 003725

Court for an Order granting an extension of time to answer Interrogatories and respond to Request for Production of Documents, extending the time therefor an additional thirty (30) days to and including the 31st day of July, 1995.

This the _19_ day of June, 1995.

_____
MICHAEL A. DEMAYO
LAW OFFICES OF MICHAEL A. DEMAYO, P.C.
Attorney for Third Party Defendant
Post Office Box 34426
Charlotte, NC 28234
(704) 333-1000

_____
W. Lewis Smith Jr.
Attorney for Third Party Defendant
1014 Cameron Brown Building
301 South McDowell Street
Charlotte NC 28204

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has this day been served upon the counsel of record for the Defendant(s) herein, in the manner prescribed by Rule 5 (b) of the North Carolina Rules of Civil Procedure, by placing a copy of same in the United States mail, first class, postage prepaid and properly addressed to: Attorney Betsy J. Jones; GOLDING, MEEKINS, HOLDEN, COSPER, & STILES; Suite 1200 Cameron Brown Building; 301 South McDowell Street; Charlotte NC, 28204.

This _19th_ day of June, 1995.

_____
MICHAEL A. DEMAYO
LAW OFFICES OF MICHAEL A. DEMAYO, P.C.
Attorney for Third-Party Defendant
Post Office Box 34426
Charlotte, NC 28234
(704) 333-1000

PC - 003726

Bates No. 4434

FILED
95 JUN 21 AM 8: MECKLENBURG COUNTY. C.S.C.
BY

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
FILE NO. 94 CVD 13253

SONIA MARIA COOPER BARNETTE,
    Plaintiff,

        v.

DEBORAH VOIT WHETSTINE,
    Defendant, and
    Third-Party Plaintiff,

        v.

JOHN ROBERT GRAHAM,
    Third-Party Defendant.

ORDER FOR EXTENSION OF TIME
TO ANSWER DEFENDANT'S
INTERROGATORIES AND TO RESPOND
TO REQUEST FOR
PRODUCTION OF DOCUMENTS

---

    THIS CAUSE coming on to be heard before the undersigned Clerk of Superior Court for Mecklenburg County, North Carolina, upon Motion by Third-Party Defendant for an extension of time to answer Interrogatories and respond to Request for Production of Documents pursuant to Rules 6, 33. and 34, of the North Carolina Rules of Civil Procedure; and

    IT APPEARING TO THE COURT that Third-Party Defendant Motion is timely filed, and should be allowed.

    IT IS THEREFORE ORDERED that the Third-Party Defendant time in which to answer the interrogatories and respond to the request for production is hereby extended to and including the 31st day of July, 1995.

    This the 21 day of June, 1995.

THE HONORABLE MARTHA H. CURRAN
*Clerk of the Superior Court*
    *Mecklenburg County, North Carolina*

BY: _____
    Assistant Clerk

PC - 003727

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

SONIA MARIA COOPER BARNETTE, )
                                )
                Plaintiff,      )
                                )
vs.                             )
                                )
DEBORAH VOIT WHETSTINE,         )
                                )
        Defendant and           )
   Third-Party Plaintiff,       )
                                )
vs.                             )
                                )
JOHN ROBERT GRAHAM,             )
                                )
   Third-Party Defendant.       )

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

**DEFENDANT/THIRD-PARTY PLAINTIFF
WHETSTINE'S REPLY TO COUNTERCLAIMS
OF THIRD-PARTY DEFENDANT GRAHAM**

The Defendant/Third-Party Plaintiff, Deborah Voit Whetstine, answering the Counterclaims of Third-Party Defendant Graham, alleges and says:

## FIRST DEFENSE

1. Upon information and belief, the allegations contained in paragraph 1 of the Counterclaims of Third-Party Defendant John Graham are admitted.

2. With respect to the allegations contained in paragraph 2 of the Counterclaims of Third-Party Defendant John Graham, it is admitted that on or about May 17, 1994, at approximately 8:12 a.m. Third-Party Defendant Graham was operating a 1993 Ford passenger van in a general easterly direction on West Boulevard. The remaining allegations contained in paragraph 2 are denied.

3. The allegations contained in paragraph 3 of the Counterclaims of Third-Party Defendant John Graham are denied.

4. With respect to the allegations contained in paragraph 4 of the Counterclaims of Third-Party Defendant John Graham, it is admitted that at the same date and time and at the place described above, Defendant Deborah Whetstine was owner and operator of a 1987 Chevrolet passenger vehicle which she was operating in a general easterly direction on West Boulevard. The remaining allegations of paragraph 4 are denied.

5. Upon information and belief, the allegations contained in paragraph 5 of the Counterclaims of Third-Party Defendant John Graham are admitted.

PC - 003728

6.   Upon information and belief, the allegations contained in paragraph 6 of the Counterclaims of Third-Party Defendant John Graham are admitted.

7.   Upon information and belief, the allegations contained in paragraph 7 of the Counterclaims of Third-Party Defendant John Graham are admitted.

8.   Upon information and belief, the allegations contained in paragraph 8 of the Counterclaims of Third-Party Defendant John Graham are admitted.

9.   With respect to the allegations contained in paragraph 9 of the Counterclaims of Third-Party Defendant John Graham, it is admitted that Third-Party Defendant Graham stopped his vehicle on West Boulevard.  The remaining allegations are denied.

10.  The allegations contained in paragraph 10 of the Counterclaims of Third-Party Defendant John Graham are denied.

11.  The paragraphs comprising paragraph 11 of the Counterclaims of Third-Party Defendant John Graham are answered in the same manner as when set forth more fully above.

12.  The allegations contained in paragraph 12 of the Counterclaims of Third-Party Defendant John Graham are denied.

13.  The allegations contained in paragraph 13 of the Counterclaims of Third-Party Defendant John Graham are denied.

14.  The allegations contained in paragraph 14 of the Counterclaims of Third-Party Defendant John Graham are denied.

15.  The allegations contained in paragraph 15 of the Counterclaims of Third-Party Defendant John Graham are denied.

16.  The allegations contained in paragraph 16 of the Counterclaims of Third-Party Defendant John Graham are denied.

17.  The allegations contained in paragraph 17 of the Counterclaims of Third-Party Defendant John Graham are denied.

18.  The allegations contained in paragraph 18 of the Counterclaims of Third-Party Defendant John Graham are denied.

19.  The allegations contained in paragraph 19 of the Counterclaims of Third-Party Defendant John Graham are denied.

20.  The paragraphs comprising paragraph 20 of the Counterclaims of Third-Party Defendant John Graham are answered in the same manner as when set forth fully above.

PC - 003729

Bates No. 4437

21. The allegations contained in paragraph 21 of the Counterclaims of Third-Party Defendant John Graham are denied for lack of information sufficient to form a belief as to the truth or falsity.

22. The allegations contained in paragraph 22 of the Counterclaims of Third-Party Defendant John Graham are denied.

23. The allegations contained in paragraph 23 of the Counterclaims of Third-Party Defendant John Graham are denied.

WHEREFORE, the Defendant/Third-Party Plaintiff Whetstine, having responded to the allegations of the Counterclaims of Third-Party Defendant John Graham, prays:

1. That the Third-Party Defendant Graham have and recover nothing of the Defendant/Third-Party Plaintiff Whetstine in this action and that the Counterclaims be dismissed, with prejudice;

2. That all issues of fact, if any, be determined by a jury; and

3. That the costs of this action be taxed against Third-Party Defendant Graham; and

4. For such other and further relief as the Court deems just and proper.

This 30th day of May , 1995.

Betsy J. Jones
Betsy J. Jones
Attorney for Plaintiff/Third-Party Plaintiff

OF COUNSEL:

GOLDING, MEEKINS, HOLDEN,
  COSPER & STILES
Suite 1200, Cameron Brown Building
301 S. McDowell Street
Charlotte, N.C.  28204
(704)374-1600

PC - 003730

Case 3:12-cv-00327-MOC   Document 76-15   Filed 12/22/14   Page 18 of 75
Bates No. 4438

4

## CERTIFICATE OF SERVICE

I, Betsy J. Jones, do hereby certify that I have this day served a copy of the foregoing document upon all counsel of record by placing a copy of same, addressed to such counsel, in the U.S. mail, postage prepaid.

This ___30th___ day of ___May___, 1995.

_Betsy J. Jones_
Betsy J. Jones
Attorney for Defendant/Third-Party Plaintiff

PC - 003731

Bates No. 4439

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

SONIA MARIA COOPER BARNETTE, )
)
Plaintiff, )
)
v. )
)
DEBORAH VOIT WHETSTINE, )
)
Defendant and )
Third Party Plaintiff, )
)
v. )
)
JOHN ROBERT GRAHAM, )
)
Third Party Defendant. )

**THIRD PARTY ANSWER &
COUNTERCLAIMS OF THIRD
PARTY DEFENDANT GRAHAM**

The third party defendant, John Robert Graham, by and through the undersigned counsel, answer the third party plaintiff's Complaint as follows:

## FIRST DEFENSE

### (First Claim for Relief)

1. The allegations of Paragraph 1 of the Third Party Complaint are admitted upon information and belief.

2. The allegations of Paragraph 2 of the Third Party Complaint are admitted.

3. The allegations of Paragraph 3 of the Third Party Complaint are admitted.

4. The allegations of Paragraph 4 of the Third Party Complaint are admitted.

5. It is admitted that the third party defendant Graham was operating the 1993 Ford van in the outside or curb lane of West Boulevard and was slowing and preparing to turn said vehicle in order to discharge his passenger, the plaintiff Barnette. Except as expressly admitted, the allegations of Paragraph 5 of the Complaint are denied.

6. It is admitted that the vehicle operated by the third party plaintiff Whetstine, collided with the vehicle operated by the third party defendant Graham and that the third party plaintiff's vehicle sustained some damage, the extent of which is unknown to this answering defendant.

PC - 003732

7. The allegations of Paragraph 7 of the Third Party Complaint and each subparagraph thereof, are denied.

(Second Claim for Relief)

1. The allegations of Paragraph 1 of the Second Claim for Relief are admitted.

2. The allegations of Paragraph 2 of the Second Claim for Relief are denied.

3. The allegations of Paragraph 3 of the Second Claim for Relief are denied.

4. The allegations of Paragraph 4 of the Second Claim for Relief are denied.

(Third Claim for Relief)

1. The allegations contained in Paragraphs 1 through 4 of this answering defendant's First Defense to the Third Party Plaintiff's Second Claim for Relief are adopted by reference and incorporated herein in response to the plaintiff's Third Claim for Relief.

2. The allegations of Paragraph 2 of the Third Claim for Relief are denied.

## SECOND DEFENSE

1. It is averred upon information and belief that a proximate result of the accident in question and any damages sustained by the third party plaintiff Whetstine was the negligence of the third party plaintiff Whetstine herself in the operation of her 1987 Chevrolet automobile in that:

a. That she failed to keep a proper lookout in the direction of travel of her vehicle;

b. That she failed to maintain the vehicle she was operating under proper control and failed to apply her brakes in time to avoid a collision;

c. That she drove the aforesaid 1987 Chevrolet vehicle upon a highway carelessly and heedlessly in willful or wanton disregard for the rights or safety of others, in violation of §20-140 of the North Carolina General Statutes;

d. That she drove her vehicle upon a public highway without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, in violation of §20-140(b) of the North Carolina General Statutes;

e. That she failed to decrease the speed of the vehicle she was driving to avoid colliding with any person, vehicle or other conveyance on the highway, and particularly the automobile being driven by Defendant Graham; such act is in violation of §20-141(m) of the North Carolina General Statutes;

PC - 003733

f. That she operated her vehicle negligently by following Defendant Graham's vehicle more closely than is reasonable and prudent, without having due regard for the speed of such vehicle and the traffic upon and the condition of the highway, in violation of §20-152(a) of the North Carolina General Statutes;

g. That she ignored the turn signal indicator lamp and brake indicator lamps on the rear of Defendant Graham's vehicle (which clearly showed his vehicle was slowing down or stopping, and preparing to make a right turn) thereby failing to use such care and caution as would be used by an ordinarily prudent person under the same or similar circumstances to avoid collision and injury;

h. That she failed to see what she could have seen, had she looked and observed the conditions prevailing, whereupon she continued to operate her vehicle without modification to her course and/or speed, in violation of North Carolina General Statutes, §20-155 *et seq;*

i. That upon information and belief, she failed in her duty to obey a duly erected traffic control signal, in that she entered the intersection of West Boulevard at Billy Graham Parkway from the west, while the traffic signal was changing from a steady yellow signal to a steady red signal for traffic in the eastbound lanes of travel.

2. If the third party defendant Graham was negligent on the occasion in question, which has been and is again expressly denied, then it is averred that the above- referenced negligence on the part of the third party plaintiff Whetstine constitutes contributory negligence which is hereby pleaded in bar of her right to maintain any claim for property damage or indemnity or recover therein.

## COUNTERCLAIMS OF THIRD PARTY DEFENDANT JOHN GRAHAM AGAINST DEFENDANT DEBORAH WHETSTINE

By way of counterclaim against the defendant/third-party plaintiff Whetstine, the Third-party defendant Graham alleges and says:

1. That all parties hereto are citizens and residents of Mecklenburg County, State of North Carolina, and that all have so been for more than six (6) months next preceding the filing of this action.

2. That on or about May 17, 1994, at approximately 8:12 a.m. Defendant Graham was operating a 1993 Ford passenger van in a general easterly direction on West Boulevard, having just entered West Boulevard from Billy Graham Parkway, after completing a lawful right turn upon green traffic signal, at the intersection of West Boulevard and Billy Graham Parkway.

3. That at the time and place described herein above, Defendant Graham was operating his vehicle in a lawful, reasonable, and prudent manner, in full compliance with the

PC - 003734

traffic laws of the State of North Carolina and the Code of the City of Charlotte, Mecklenburg County, North Carolina.

4.    That at the same date and time and at the place described hereinabove, Defendant Deborah Whetstine (hereinafter referred to as "Defendant Whetstine") was owner and operator of a 1987 Chevrolet passenger vehicle, which she was operating in a general easterly direction on West Boulevard, in a careless and reckless manner and in violation of the law as hereinafter more specifically set forth.

5.    That the vehicle operated by Defendant Graham was owned by K & K Limo, and the Defendant Graham was, at all times referred to herein, operating said 1993 Ford passenger van with the knowledge and consent of K & K Limo.

6.    That West Boulevard is, and was at all times referred to herein, a four-lane, paved roadway with two lanes of travel designated for use by westbound traffic and two lanes of travel designated for use by eastbound traffic.

7.    That the flow of traffic at the intersection of West Boulevard and Billy Graham Parkway is, and was at all times referred to herein, controlled by an electronic traffic signal light.

8.    That on May 17, 1994, at 8:12 a.m., the ambient conditions were full daylight with clear skies, and the road surface of West Boulevard was dry and was without surface defects.

9.    That as Defendant Graham approached the driveway of a Plaintiff's residence dwelling-place, located on the south margin of the right-of-way of West Boulevard, Defendant Graham slowed his vehicle and indicated his intention to turn into said driveway by use of his vehicle's electric turn indicator signal lamp.

10.    That suddenly and without warning, Defendant Whetstine, drove her vehicle into the rear of Defendant Graham's vehicle.

### FIRST COUNTERCLAIM FOR RELIEF

11.    That Paragraphs 1 through 10 are adopted and incorporated herein by reference.

12.    That at the same time and place hereinbefore alleged, Defendant Whetstine operated her vehicle in a careless, negligent and unlawful manner, in that she drove her vehicle into the rear of Defendant Graham's vehicle, causing a collision between said vehicles as hereinbefore described.

13.    That as a result of the aforesaid collision, Defendant Graham sustained severe, painful injuries to his person, including, but not limited to the following: Cervical sprain; thoracic sprain; cervicocranial syndrome; displacement of lumbar intervertebral discs.

PC - 003735

14. That as a result of the injuries sustained in the aforesaid collision, Defendant Graham suffered secondary symptomatology including, but not limited to: headaches; dizziness; nervousness; and sleep difficulties.

15. That all of the above injuries and symptoms necessitated that Defendant Graham seek medical treatment for reduction of pain and abatement of symptoms, thereby meeting his duty to mitigate his damages to the best of his ability.

16. That in spite of his reasonable efforts as described herein above, all of the aforesaid injuries and damages sustained by Defendant Graham have caused him to suffer great physical pain and mental anguish up to and including the present time.

17. That Defendant Graham has become obligated for the payment of large sums of money for doctor bills and other medical attention and treatment, as described hereinabove.

18. That all of the aforesaid injuries and damages of the Plaintiffs were directly and proximately caused by the negligence of Defendant Whetstine, whose acts and omissions of negligence consisted of the following:

a. That she failed to keep a proper lookout in the direction of travel of her vehicle;

b. That she failed to maintain the vehicle she was operating under proper control and failed to apply her brakes in time to avoid a collision;

c. That she drove the aforesaid 1987 Chevrolet vehicle upon a highway carelessly and heedlessly in willful or wanton disregard for the rights or safety of others, in violation of §20-140 of the North Carolina General Statutes;

d. That she drove her vehicle upon a public highway without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, in violation of §20-140(b) of the North Carolina General Statutes;

e. That she failed to decrease the speed of the vehicle she was driving to avoid colliding with any person, vehicle or other conveyance on the highway, and particularly the automobile being driven by Defendant Graham; such act is in violation of §20-141(m) of the North Carolina General Statutes;

f. That she operated her vehicle negligently by following Defendant Graham's vehicle more closely than is reasonable and prudent, without having due regard for the speed of such vehicle and the traffic upon and the condition of the highway, in violation of §20-152(a) of the North Carolina General Statutes;

g. That she ignored the turn signal indicator lamp and brake indicator lamps on the rear of Defendant Graham's vehicle (which clearly showed his vehicle was slowing down or stopping, and preparing to make a right turn) thereby failing to

PC - 003736

Bates No. 4444

use such care and caution as would be used by an ordinarily prudent person under the same or similar circumstances to avoid collision and injury;

h.  That she failed to see what she could have seen, had she looked and observed the conditions prevailing, whereupon she continued to operate her vehicle without modification to her course and/or speed, in violation of North Carolina General Statutes, §20-155 *et seq;*

i.  That upon information and belief, she failed in her duty to obey a duly erected traffic control signal, in that she entered the intersection of West Boulevard at Billy Graham Parkway from the west, while the traffic signal was changing from a steady yellow signal to a steady red signal for traffic in the eastbound lanes of travel.

19.  That as a direct and proximate result of the aforesaid negligence of Defendant Deborah Whetstine, Defendant Graham has sustained injuries and damages to his person, an amount not in excess of Ten Thousand and no/100 Dollars ($10,000.00).

## SECOND COUNTERCLAIM FOR RELIEF

20.  That Paragraphs 1 through 19 are adopted and incorporated herein by reference.

21.  That at the time of the aforesaid collision, Defendant Graham was gainfully employed.

22.  That as a result of the injuries sustained in the accident, Defendant Graham sustained loss of earnings for time missed from work due to period(s) of convalescence from, and in order to seek treatment for, the injuries he sustained in the accident as hereinbefore described.

23.  That as a direct and proximate result of the aforesaid negligence of Defendant Deborah Whetstine, Defendant Graham has sustained damages, to wit: loss of earnings, in an amount not in excess of $10,000.00.

WHEREFORE, HAVING FULLY ANSWERED AND COUNTERCLAIMED, the third party defendant Graham prays the Court as follows:

1.  That the defendant and third party plaintiff Whetstine have and recover nothing of the third party defendant Graham;

2.  That the third party defendant Graham have and recover of the defendant Whetstine an amount not in excess of $10,000.00 for third party defendant Graham's personal injuries and damages for medical expenses, lost wages, pain, suffering, discomfort and such other compensable matters as may be proven at trial;

PC - 003737

Bates No. 4445

3.     That all issues of fact be tried by a jury;

4.     That the costs of this action be taxed against the defendant Whetstine;

5.     That defendant Graham's attorneys be awarded attorneys fees in addition to the amount recovered by the third party defendant Graham in accordance with N.C.G.S. §6-21.1; and

6.     For such other and further relief as the Court deems just and proper.

This the 11th day of May, 1995.

Michael A. DeMayo
Attorney for Third Party Defendant Graham
Law Office Of Michael A. DeMayo P.C.
P. O. Box 34426
Charlotte, NC  28234
(704) 333-1000


W. Lewis Smith, Jr.
Attorney for Third Party Defendant Graham
1014 Cameron Brown Building. 301 S. McDowell St.
Charlotte, NC  28204
(704) 374-1550

OF COUNSEL:
CRAIGHILL & SMITH

PC - 003738

Bates No. 4446

## CERTIFICATE OF SERVICE

I certify that the foregoing document was duly served on the other parties to the above entitled action by mailing a copy of such pleading or document, enclosed in a postpaid wrapper properly addressed to the attorneys of record for such other parties at the business address of such attorneys as indicated below, in an official depository under the exclusive care and custody of the United States Post Office Department, on the ___11th___ day of _____May_____, 1995.

_Michael A. DeMayo_
Michael A. DeMayo, Attorney

SERVED ON:

Brian deBrun
Law Offices of Chandler & debrun
1508 East Fourth Street
Charlotte, NC  28204

Betsy J. Jones
Golding, Meekins, Holden, Cosper & Stiles
301 South McDowell Street, Suite 1200
Charlotte, NC  28204

PC - 003739

STATE OF NORTH CAROLINA
COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

SONIA MARIA COOPER BARNETTE, )
             Plaintiffs, )
      vs. )
DEBORAH VOIT WHETSTINE, )
         Defendant and )
      Third Party Plaintiff, )
      vs. )
JOHN ROBERT GRAHAM, )
      Third Party Defendant. )

**APPLICATION FOR TIME TO ANSWER**

The Third Party Defendant, **JOHN ROBERT GRAHAM**, through counsel, **CRAIGHILL & SMITH, P.A.**, pursuant to Rule 6 of the North Carolina Rules of Civil Procedure, petitions the Court for an extension of time in which to answer in the above entitled action on the following grounds:

**INSUFFICIENT TIME TO COMPLETE INVESTIGATION AND PREPARE ANSWER.**

The undersigned states that he has examined the defense of the Third Party Defendant named above and believes that there is meritorious defense in the above entitled cause, and that this Application is made in good faith and not for the purpose of delay.

WHEREFORE, the petitioner prays the Court that it grant an extension of thirty (30) days in addition to the time allowed by law in which to answer.

This the 13th day of April, 1995.

CRAIGHILL & SMITH, P.A.

BY: _____
            W. Lewis Smith, Jr.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER GRANTING EXTENSION OF TIME IN WHICH
TO ANSWER THE ABOVE ENTITLED ACTION**

THIS CAUSE, coming on to be heard and being heard upon the filing of the above Application for extension of time to answer, and the Court is of the opinion that said extension should be granted.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Third Party Defendant named in the above Application be, and hereby is, allowed through the 14th day of May, 1995, in which to serve answer or other pleadings, as provided by law.

THIS the 13 day of April, 1995.

_____
Assistant Clerk of Superior Court

PC - 003740

# STATE OF NORTH CAROLINA

| | File No. |
|---|---|
| | 94 CVD 13253 |
| | Film No. |

_____ MECKLENBURG _____ County

In The General Court Of Justice
☑ District ☐ Superior Court Division

**Plaintiff's Name**

SONIA MARIA COOPER BARNETTE

**THIRD-PARTY**
## CIVIL SUMMONS

**Address**

**City, State, Zip**

VERSUS

**Defendant**

DEBORAH VOIT WHETSTINE
VERSUS
JOHN ROBERT GRAHAM

Third-Party
• ☑ **Alias and Pluries Summons**
THIRD-PARTY
The summons originally issued against you
was returned not served.

| Date Last Summons Issued | * Disregard this section |
|---|---|
| February 1, 1995 | unless the block is checked |

Third-Party
**Service Information for First Defendant**

TO: John Robert Graham
1541 Southwood Avenue
Charlotte, NC 28206

**Service Information for Second Defendant**

TO: P440

## A Civil Action Has Been Commenced Against You!
Third-Party    Third-Party
You are notified to appear and answer the complaint of the plaintiff as follows:

Third-Party    Third-Party
    1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy, or by mailing it, to the plaintiff at the plaintiff's last known address, and
Third-Party Third-Party
    2. File an original of the written answer with the Clerk of Superior Court of the county named above.
Third-Party Third-Party
If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the Third-Party complaint.

Third-Party
**Name and Address of Plaintiff's Attorney**
**If none, Address of Plaintiff**

Betsy J. Jones
Golding, Meekins, Holden, Cosper & Stiles
301 South McDowell Street, Suite 1200
Charlotte, NC 28204
(704) 374-1600

| Date Issued | Time Issued |
|---|---|
| 2-23-95 | 4:22 ☐ AM ☒ PM |
| Signature | |
| ☐ Deputy CSC ☑ Assistant CSC ☐ Clerk Of Superior Court | |

| | Date of Endorsement | Time Issued |
|---|---|---|
| ☐ **ENDORSEMENT** | | ☐ AM ☐ PM |
| This summons was originally issued on the date indicated above and was returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | PC - 003741 |

Bates No. 4449

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

### THIRD-PARTY Defendant 1

**Date Served** 3-15-95  
**Name of Defendant** John Robert GRAHAM at Sheriffs' Dept.

☒ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the Third-Party defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

### Defendant 2

**Date Served**  
**Name of Defendant**

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| $ | 3-3-95 | Jim Pendergraph |
| By | Date of Return | County |
| | | Meck. |
| | 3-15-95 | Deputy Sheriff Making Return  S. Hurd. |

PC - 003742

Bates No. 4450

# STATE OF NORTH CAROLINA

File No. **94 CVD 13253**

Film No.

**MECKLENBURG** County

In The General Court Of Justice
☑ District ☐ Superior Court Division

**Plaintiff's Name**

SONIA MARIA COOPER BARNETTE

**Address**

**City, State, Zip**

## CIVIL SUMMONS

### V E R S U S

**Defendant**

DEBORAH VOIT WHETSTINE
VERSUS
JOHN ROBERT GRAHAM

THIRD-Party

THIRD-Party
* ☑ Alias and Pluries Summons

The summons originally issued against you was returned not served.

| Date Last Summons Issued | * Disregard this section unless the block is checked |
|---|---|
| **January 3, 1995** | |

| Service Information for First Defendant | Service Information for Second Defendant |
|---|---|
| TO: John Robert Graham<br>1541 Southwood Avenue<br>Charlotte, NC 28206 | TO: |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy, or by mailing it, to the plaintiff at the plaintiff's last known address, and

2. File an original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the THIRD-PARTY complaint.

Third-Party

| Name and Address of Plaintiff's Attorney<br>If none, Address of Plaintiff | Date Issued<br>02-03-95 | Time Issued<br>3:45 ☐ AM ☑ PM |
|---|---|---|
| Betsy J. Jones<br>Golding, Meekins, Holden, Cosper & Stiles<br>304 South McDowell Street, Suite 1200<br>Charlotte, NC 28204<br>(704) 374-1600 | Signature<br>*[signature]* | ☑ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |

| ☐ ENDORSEMENT | Date of Endorsement | Time Issued<br>☐ AM ☐ PM |
|---|---|---|
| This summons was originally issued on the date indicated above and was returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days. | Signature<br><br>☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

038233

Bates No. 4451

Third-Party Third-Party
I certify that this summons and a copy of the complaint were received and served as follows:

**Third-Party Defendant 1**

| Date Served | Name of Defendant |
| --- | --- |
|  | John Robert Graham |

Third-Party  Third-PartyThird-Party
☐ By delivering to the defendant named above a copy of the summons and complaint.

Third-Party  Third-Party
☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the third party defendant named above with a person of suitable age and discretion then residing therein.

Third-Party                                                                Third-Party
☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and Third Party complaint to the person named below.

*Name and address of person with whom copies left (if corporation, give title of person copies left with)*

☐ *Other manner of service (specify)*

Third-Party
☒ Defendant WAS NOT served for the following reason. Re-issue summons without address

**Defendant 2**

| Date Served | Name of Defendant |
| --- | --- |
|  |  |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below

*Name and address of person with whom copies left (if corporation, give title of person copies left with)*

☐ *Other manner of service (specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Date Received | Name of Sheriff |
| --- | --- | --- |
| $ |  |  |
| By | Date of Return | County |
|  |  | Deputy Sheriff Making Return |

PC-003744

Bates No.4452

STATE OF NORTH CAROLINA         IN THE GENERAL COURT OF JUSTICE
                                       DISTRICT COURT DIVISION
COUNTY OF MECKLENBURG                         94 CVD 13253

SONIA MARIA COOPER BARNETTE,    )
                                )
            Plaintiff,          )
                                )
vs.                             )         ANSWER AND THIRD-PARTY
                                )              COMPLAINT
DEBORAH VOIT WHETSTINE,         )
                                )
         Defendant and          )
   Third-Party Plaintiff,       )
                                )
vs.                             )
                                )
JOHN ROBERT GRAHAM,             )
                                )
   Third-Party Defendant.       )


        The Defendant, Deborah Voit Whetstine, answering the
allegations of the Complaint, alleges and says:

                        FIRST DEFENSE

        1.   The allegations of paragraph 1 of the Complaint are
admitted upon information and belief.

        2.   It is admitted that on or about May 17, 1994, at
approximately 8:12 a.m., the Plaintiff was a guest passenger in a
vehicle owned by K & K Limo.  The remaining allegations contained
in paragraph 2 of the Complaint are denied.

        3.   It is admitted that Defendant was operating her 1987
Chevrolet on May 17, 1994.  The remaining allegations of paragraph
3 of the Complaint are denied.

        4.   The allegations contained in paragraph 4 of the Complaint
are denied.

        5.   The allegations contained in paragraph 5 of the Complaint
are denied.

        6.   The allegations contained in paragraph 6 of the Complaint
are denied.

                        SECOND DEFENSE

        1.   If the Defendant, Deborah Voit Whetstine, was in any way
or manner, negligent on the occasion referred to in the Complaint,
which is again specifically and expressly denied, then Defendant
Deborah Voit Whetstine avers that Plaintiff was contributorily

PC - 003745

2

negligent on said occasion and that such contributory negligence on her part was the proximate cause or one of the proximate causes of any damages and injuries Plaintiff is alleged to have sustained. Such contributory negligence on the part of the Plaintiff is specifically pleaded in bar of any purported claims for relief against Defendant Deborah Voit Whetstine.

2. Upon information and belief, the Plaintiff was contributorily negligent on the occasion in question in that she rode, and continued to ride, the motor vehicle in question at a time when the Plaintiff was fully aware of the circumstances under which the vehicle was being operated, including full knowledge that said vehicle was being operated in an unsafe manner, and the Plaintiff failed to remonstrate or take any affirmative action of any kind whatsoever for her own safety and failed to say anything to the operator of her vehicle about the manner in which the vehicle was being operated and continued to ride in the vehicle being operated by John Robert Graham under circumstances known to the Plaintiff and, although the Plaintiff had a clear and unobstructed view of the public street upon which the vehicle was traveling and was fully aware of the traffic condition on the highway, she made no protest whatsoever as to the manner of the operation of the vehicle and acquiesced in the manner in which the vehicle was being operated under the circumstances and assumed the risk of any injury that she may have sustained and negligently and carelessly failed to exercise due and ordinary care for her own safety and voluntarily exposed herself to the risk of injury by reason of the conduct of the operator of the vehicle.

3. Such negligent acts and omissions of the Plaintiff was one of the proximate causes of any injury she may have sustained and the same is pleaded specifically in bar of any purported claim for relief against Defendant Whetstine.

<u>THIRD DEFENSE</u>

1. The allegations contained in the Second Defense above are incorporated herein by reference.

2. John Robert Graham, the operator of the vehicle being occupied by the Plaintiff, was negligent on the occasion in question as follows:

(a) He failed to keep and maintain a reasonable and proper lookout;

(b) He failed to keep the vehicle he was operating under reasonable and proper control;

(c) He parked and left standing his vehicle upon the paved and main traveled portion of a highway when

PC - 003746

Bates No. 4454

the vehicle was not disabled in violation of N.C.G.S. §20-161;

(d) He did not use ordinary care in stopping his automobile on the highway to prevent a collision with other vehicles;

(e) He was otherwise careless and negligent.

2. Upon information and belief, the Plaintiff and John Robert Graham, the operator of the motor vehicle occupied by the Plaintiff, were engaged in a joint enterprise at the time of the accident in question and shared a community of interest in the undertaking in question and, as such, the negligence of John Robert Graham is imputable to the Plaintiff.

3. Defendant Whetstine specifically pleads joint enterprise and contributory negligence in bar of any purported claim for relief against Defendant Whetstine in this action.

## FOURTH DEFENSE

1. At the time and place in question the Defendant was faced with a sudden emergency not of her own making, and as to this Defendant the accident was unavoidable. The doctrines of unavoidable accident and sudden emergency are expressly pleaded in defense of any claim for relief against this Defendant.

2. This Defendant was faced with a sudden emergency when the van driven by John Robert Graham stopped on the main-traveled portion of the highway without any lights or any other type of warning.

## THIRD-PARTY COMPLAINT

(First Claim for Relief)

1. The Defendant/Third-Party Plaintiff, Deborah Voit Whetstine (hereinafter referred to as Whetstine), is a citizen and resident of Mecklenburg County, North Carolina.

2. Upon information and belief, the Third-Party Defendant, John Robert Graham (hereinafter referred to as Graham), is a resident of Mecklenburg County, North Carolina.

3. This action arises out of an automobile collision that occurred on or about May 17, 1994, on West Boulevard near its intersection with Brooks Valle Street, in Charlotte, Mecklenburg County, North Carolina, involving a 1987 Chevrolet automobile operated by Defendant/Third-Party Plaintiff, Whetstine, and a 1993 Ford van owned by K & K Limo and Shuttle Service and operated by Third-Party Defendant Graham.

PC - 003747

Bates No. 4455

4. Upon information and belief, at the aforementioned time and place, and at all times herein in question, K & K Limo and Shuttle was the owner of the 1993 Ford van, bearing license tag number: IC-3911. Upon information and belief, at the aforementioned time and place, and at all times herein in question, the Third-Party Defendant Graham, was the operator of the 1993 Ford van.

5. As the Defendant/Third-Party Plaintiff Whetstine, was proceeding in a lawful and prudent manner on West Boulevard, the 1993 Ford van driven by John Robert Graham had stopped in the curb side lane of West Boulevard to allow the Plaintiff Barnette, a passenger in the van to get off of the van. The brake lights on the 1993 Ford van were not illuminated as the van was stopped in the lane of traffic.

6. As a result of the Third-Party Defendant's actions, the Defendant/Third-Party Plaintiff Whetstine could not stop her vehicle in time to avoid striking the rear of the 1993 Ford van. As a result of this collision her car was bent, twisted, and otherwise damaged causing depreciation in value of the automobile of a sum less than Two Thousand and no/100s Dollars ($2,000.00).

7. The Third-Party Defendant Graham, was negligent on the occasion in question in that:

      (a) He failed to keep and maintain a reasonable and proper lookout;

      (b) He failed to keep the vehicle he was operating under reasonable and proper control;

      (c) He parked and left standing his vehicle upon the paved and main traveled portion of a highway when the vehicle was not disabled in violation of N.C.G.S. §20-161;

      (d) He did not use ordinary care in stopping his automobile on the highway to prevent a collision with other vehicles;

      (e) He was otherwise careless and negligent.

(Second Claim for Relief)

1. As a result of the accident, Plaintiff, Sonia Maria Cooper Barnette has filed a Complaint against the Defendant/Third-Party Plaintiff, Whetstine in which Plaintiff Barnette is seeking to recover damages for personal injuries. A copy of the Complaint of the Plaintiff Barnette is attached hereto as Exhibit A.

PC - 003748

5

2.    If Defendant/Third-Party Plaintiff Whetstine is found negligent, which has been and is again denied, then the negligence of Third-Party Defendant Graham was active and primary and the real proximate cause of any purported injury of Plaintiff, and any negligence of the Defendant/Third-Party Plaintiff Whetstine, which is again denied, was passive and secondary.

3.    The negligence of Third-Party Defendant Graham intervened, and superseded, any purported negligence on the part of Defendant/Third-Party Plaintiff Whetstine as a proximate cause of any injuries allegedly sustained by Plaintiff and Defendant Whetstine specifically pleads said intervening and superseding negligence in bar of any purported claim for relief against Defendant Whetstine in this action.

4.    If this Defendant was in any way or manner negligent on the occasion referred to in the Complaint, which is again specifically and expressly denied, then Defendant Whetstine avers that Third-Party Defendant Graham was also negligent and that his negligence was active and intervening and proximately caused whatever damages, if any, Plaintiff may have sustained, and in such event Defendant Whetstine is entitled to full and complete indemnification from Third-Party Defendant Graham, of any amount by which Defendant Whetstine becomes liable to the Plaintiff.

(Third Claim for Relief)

1.    The allegations contained in the immediately preceding defense are incorporated herein by reference and repleaded as fully as if completely set forth herein.

2.    If the Court finds that Defendant/Third-Party Plaintiff Whetstine is not entitled to indemnification from Third-Party Defendant Graham, then Defendant/Third-Party Plaintiff is entitled to contribution in accordance with Chapter 1B of the North Carolina General Statutes to extend to any alleged liability of Defendant/Third-Party Plaintiff Whetstine to the Plaintiff.

WHEREFORE, the Defendant/Third-Party Plaintiff Whetstine, having responded to the allegations of the Complaint and complaining of the Third-Party Defendant Graham, prays:

1.    That the Plaintiff Barnette have and recover nothing of the Defendant/Third-Party Plaintiff Whetstine in this action and that the same be dismissed with prejudice;

2.    That, if the Plaintiff Barnette has any recovery from the Defendant/Third-Party Plaintiff Whetstine, that the Defendant/Third-Party Plaintiff Whetstine, have and recover judgment against the Third-Party Defendant Graham, for indemnity;

PC - 003749

Bates No. 4457

3.    In the alternative, that if the Plaintiff have any recovery from the Defendant/Third-Party Plaintiff Whetstine, the Defendant/Third-Party Plaintiff Whetstine, have and recover judgment against the Third-Party Defendant Graham, for contribution as provided by Chapter 1B of the North Carolina General Statutes;

4.    That the Defendant/Third-Party Plaintiff Whetstine, have and recover the sum of Two Thousand and no/100s Dollars ($2,000.00) for property damage and her costs;

5.    That all issues of fact, if any, be determined by a jury; and

6.    That the Defendant/Third-Party Plaintiff Whetstine, have such other and further relief as to the Court may seem just and proper.

This ___3rd___ day of ___January_____, 1995.


_____
Betsy J. Jones
Attorney for Plaintiff/Third-
Party Plaintiff


OF COUNSEL:

GOLDING, MEEKINS, HOLDEN,
  COSPER & STILES
Suite 1200, Cameron Brown Building
301 S. McDowell Street
Charlotte, N.C.  28204
(704)374-1600

PC - 003750

Bates No. 4458

7

## CERTIFICATE OF SERVICE

I, Betsy J. Jones, do hereby certify that I have this day served a copy of the foregoing document upon all counsel of record by placing a copy of same, addressed to such counsel, in the U.S. mail, postage prepaid.

This _3rd_ day of _January_ , 1995.

_Betsy J. Jones_
Betsy J. Jones
Attorney for Defendant/Third-Party Plaintiff

PC - 003751

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

SONIA MARIA COOPER BARNETTE,

Plaintiff,

vs.

DEBORAH VOIT WHETSTINE,

Defendant.

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION CASE

94-CVD-

COMPLAINT
(Jury Trial Demanded)

NOW COMES the Plaintiff, complaining of the Defendant as follows:

1. That the Plaintiff and Defendant are citizens and residents of Mecklenburg County, State of North Carolina.

2. That on or about May 17, 1994, at approximately 8:12 a.m., the Plaintiff was a guest passenger in a vehicle owned by K & K Limo which was being operated in a safe and reasonable manner on West Boulevard in Mecklenburg County, North Carolina.

3. That at the above time and place, the Defendant, was operating a 1987 Chevrolet automobile when she negligently caused the automobile to overcome and strike the rear of the Plaintiff's automobile.

4. That the Defendant's negligence consisted of the following:

(a) That she operated the automobile upon a public street or highway of this state at a speed greater than reasonable and prudent under the conditions then existing in violation of N.C.G.S. §20-141(a);

(b) That she failed to decrease the speed of the vehicle to the extent necessary to avoid a collision with the Plaintiff's automobile in violation of N.C.G.S. §20-141(m);

(c) That she failed to maintain and keep a reasonable and proper lookout;

(d) That she failed to keep the automobile under reasonable and proper control.

Exhibit

A

5. That as a direct and proper result of the Defendant's negligence, the Plaintiff suffered injuries to her person which include, but are not limited to, medical expense, loss of earnings and earning capacity.

6. That the Plaintiff has suffered injuries to her person in the amount of Nine Thousand Five Hundred Dollars ($9,500.00).

WHEREFORE, the Plaintiff prays the Court as follows:

1. That she have and recover of the Defendant the sum of Nine Thousand Five Hundred Dollars ($9,500.00) for the injuries to her person.

2. That this matter be tried by a jury.

3. That she have and recover her costs to include a reasonable attorney's fee.

4. For such other and further relief as the Court deems appropriate.

This 26th day of _____Oct._____, 1994.

_____
BRIAN deBRUN
Attorney for Plaintiff

OF COUNSEL:

LAW OFFICES OF CHANDLER & deBRUN
1508 East Fourth Street
Charlotte, North Carolina 28204
(704) 376-6552

2

PC - 003753

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG                    VERIFICATION

SONIA MARIA COOPER BARNETTE, first being duly sworn, deposes and says that she is the Plaintiff in the above-captioned matter and that she has read the foregoing pleading and that the same is true of her own knowledge except as to those matters and things therein alleged upon information and belief, and as to those matters and things, she believes them to be true.

_____
SONIA MARIA COOPER BARNETTE

Sworn to and subscribed before me this

_____ day of _____, 1994.

_____
NOTARY PUBLIC

My Commission Expires: _____

3

PC - 003754



# STATE OF NORTH CAROLINA

Mecklenburg County

**FILE NO.**

94CVD013253

In The General Court of Justice
District Court Division

## ARBITRATION

Barnette,Sonia,Maria,

VERSUS

## NOTICE OF CASE SELECTION
## FOR ARBITRATION

Whetstine,Deborah,Voit
Graham,John Robert

TAKE NOTICE that this case has been assigned to arbitration pursuant to G.S. 7A-37.1 and the Rules For Court-Ordered Arbitration.

Further notice will be given of the date, time and place of the hearing which will be scheduled by the person named below in accordance with Rule 8 of the Rules. **NOTE: Mecklenburg County Bar Members shall check weekly arbitration calendars for notice of hearing date, time, and location.**

| Date | Signature |
|---|---|
| February 23, 1995 | Trial Court Administrator's Staff |

## ARBITRATION

The court automatically assigns to arbitration all civil cases involving claims for monetary relief not exceeding $15,000, with several classes of cases specifically excepted in the rules, including, domestic cases, class actions, special proceedings, wills and estates, summary ejectments, and condemnation actions.

The Court selects and maintains a list of qualified arbitrators who are experienced trial attorneys. The court will appoint an arbitrator chosen at random from the Court's list unless the parties file a stipulation as to their choice of an arbitrator. The stipulation must be filed within twenty (20) days of the filing of the last responsive pleading or the docketing of an appeal from the magistrate's judgment. A copy of the list of eligible arbitrators is available upon request.

All parties in this civil action must be present at the hearing or represented by someone authorized to make binding decisions on their behalf in all matters in controversy before the arbitrator. All parties may be represented by counsel. Only individuals may appear pro se. The parties may agree in writing to rely on stipulations and/or statements rather than live testimony of witnesses.

The time allocated for the entire hearing is one hour [Rule 3(n)]. Traditional rules of evidence and procedure will not apply, but shall be considered as a guide toward full and fair development of the facts. The arbitrator will render a decision within three (3) days after the hearing. The award is not binding. Any party dissatisfied with the outcome can reject the award and have a trial de novo. The award rejection and demand for a trial de novo must be filed with the Court within thirty (30) days of the award date. The rejecting party must also pay a fee equivalent to the arbitrator's compensation ($75). This fee will be returned only if there is a trial in which, in the judge's opinion, the demanding party's position is improved over the arbitrator's award [Rule 5(b)]. Cases still pending after the 30-day rejection period in which no demand for trial de novo is filed will have the award of the arbitrator entered by the Court as its judgment, which is not appealable.

John Robert Graham
1541 Southwood Avenue
Charlotte NC 28206

PC - 003755

AOC-CV-800        ORIGINAL-FILE        COPY- PLAINTIFF        COPY-DEFENDANT

STATE OF NORTH CAROLINA

Mecklenburg County

FILE NO.

94CVD013253
In The General Court of Justice
District Court Division

# ARBITRATION

Barnette,Sonia,Maria,

VERSUS

## NOTICE OF CASE SELECTION
## FOR ARBITRATION

Whetstine,Deborah,Voit
Graham,John Robert

TAKE NOTICE that this case has been assigned to arbitration pursuant to G.S. 7A-37.1 and the Rules For Court-Ordered Arbitration.

Further notice will be given of the date, time and place of the hearing which will be scheduled by the person named below in accordance with Rule 8 of the Rules. **NOTE: Mecklenburg County Bar Members shall check weekly arbitration calendars for notice of hearing date, time, and location.**

| Date | Signature |
|---|---|
| February 23, 1995 | |
| | Trial Court Administrator's Staff |

### ARBITRATION

The court automatically assigns to arbitration all civil cases involving claims for monetary relief not exceeding $15,000, with several classes of cases specifically excepted in the rules, including: domestic cases, class actions, special proceedings, wills and estates, summary ejectments, and condemnation actions.

The Court selects and maintains a list of qualified arbitrators who are experienced trial attorneys. The court will appoint an arbitrator chosen at random from the Court's list unless the parties file a stipulation as to their choice of an arbitrator. The stipulation must be filed within twenty (20) days of the filing of the last responsive pleading or the docketing of an appeal from the magistrate's judgment. A copy of the list of eligible arbitrators is available upon request.

All parties in this civil action must be present at the hearing or represented by someone authorized to make binding decisions on their behalf in all matters in controversy before the arbitrator. All parties may be represented by counsel. Only individuals may appear pro se. The parties may agree in writing to rely on stipulations and/or statements rather than live testimony of witnesses.

The time allocated for the entire hearing is one hour [Rule 3(n)]. Traditional rules of evidence and procedure will not apply, but shall be considered as a guide toward full and fair development of the facts. The arbitrator will render a decision within three (3) days after the hearing. The award is not binding. Any party dissatisfied with the outcome can reject the award and have a trial *de novo*. The award rejection and demand for a trial *de novo* must be filed with the Court within thirty (30) days of the award date. The rejecting party must also pay a fee equivalent to the arbitrator's compensation ($75). This fee will be returned only if there is a trial in which, in the judge's opinion, the demanding party's position is improved over the arbitrator's award [Rule 5(b)]. Cases still pending after the 30-day rejection period in which no demand for trial *de novo* is filed will have the award of the arbitrator entered by the Court as its judgment, which is not appealable.

BETSY J. JONES
SUITE 1200
301 S. MCDOWELL ST.
CHARLOTTE NC 28204

PC - 003756

AOC-CV-800          ORIGINAL-FILE          COPY-PLAINTIFF          COPY-DEFENDANT

**STATE OF NORTH CAROLINA**

Mecklenburg County

FILE NO.

94CVD013253
In The General Court of Justice
District Court Division

**ARBITRATION**

Barnette,Sonia,Maria,

VERSUS

**NOTICE OF CASE SELECTION
FOR ARBITRATION**

Whetstine,Deborah,Voit
Graham,John Robert

TAKE NOTICE that this case has been assigned to arbitration pursuant to G.S. 7A-37 1 and the Rules For Court-Ordered Arbitration

Further notice will be given of the date, time and place of the hearing which will be scheduled by the person named below in accordance with Rule 8 of the Rules. **NOTE: Mecklenburg County Bar Members shall check weekly arbitration calendars for notice of hearing date, time, and location.**

| Date | Signature |
|---|---|
| February 23, 1995 | Trial Court Administrator's Staff |

**ARBITRATION**

The court automatically assigns to arbitration all civil cases involving claims for monetary relief not exceeding $15,000, with several classes of cases specifically excepted in the rules, including: domestic cases, class actions, special proceedings, wills and estates, summary ejectments, and condemnation actions.

The Court selects and maintains a list of qualified arbitrators who are experienced trial attorneys. The court will appoint an arbitrator chosen at random from the Court's list unless the parties file a stipulation as to their choice of an arbitrator. The stipulation must be filed within twenty (20) days of the filing of the last responsive pleading or the docketing of an appeal from the magistrate's judgment. A copy of the list of eligible arbitrators is available upon request.

All parties in this civil action must be present at the hearing or represented by someone authorized to make binding decisions on their behalf in all matters in controversy before the arbitrator. All parties may be represented by counsel. Only individuals may appear pro se. The parties may agree in writing to rely on stipulations and/or statements rather than live testimony of witnesses

The time allocated for the entire hearing is one hour [Rule 3(n)]. Traditional rules of evidence and procedure will not apply, but shall be considered as a guide toward full and fair development of the facts. The arbitrator will render a decision within three (3) days after the hearing. The award is not binding. Any party dissatisfied with the outcome can reject the award and have a trial de novo. The award rejection and demand for a trial de novo must be filed with the Court within thirty (30) days of the award date. The rejecting party must also pay a fee equivalent to the arbitrator's compensation ($75). This fee will be returned only if there is a trial in which, in the judge's opinion, the demanding party's position is improved over the arbitrator's award [Rule 5(b)]. Cases still pending after the 30-day rejection period in which no demand for trial de novo is filed will have the award of the arbitrator entered by the Court as its judgment, which is not appealable.

BRIAN DeBRUN
CHANDLER & deBRUN
P.O. BOX 34097
CHARLOTTE NC 28234

PC - 003757

STATE OF NORTH CAROLINA

FILE NO.

Mecklenburg County

**94CVD013253**
In The General Court of Justice
District Court Division

## ARBITRATION

Barnette,Sonia,Maria,

VERSUS

### NOTICE OF CASE SELECTION
### FOR ARBITRATION

Whetstine,Deborah,Voit
Graham,John Robert

TAKE NOTICE that this case has been assigned to arbitration pursuant to G.S. 7A-37.1 and the Rules For Court-Ordered Arbitration.

Further notice will be given of the date, time and place of the hearing which will be scheduled by the person named below in accordance with Rule 8 of the Rules. **NOTE: Mecklenburg County Bar Members shall check weekly arbitration calendars for notice of hearing date, time, and location.**

| Date **January 12, 1995** | Signature |
|---|---|

Trial Court Administrator's Staff

| | **ARBITRATION** | |
|---|---|---|

The court automatically assigns to arbitration all civil cases involving claims for monetary relief not exceeding $15,000, with several classes of cases specifically excepted in the rules, including: domestic cases, class actions, special proceedings, wills and estates, summary ejectments, and condemnation actions.

The Court selects and maintains a list of qualified arbitrators who are experienced trial attorneys. The court will appoint an arbitrator chosen at random from the Court's list unless the parties file a stipulation as to their choice of an arbitrator. The stipulation must be filed within twenty (20) days of the filing of the last responsive pleading or the docketing of an appeal from the magistrate's judgment. A copy of the list of eligible arbitrators is available upon request

All parties in this civil action must be present at the hearing or represented by someone authorized to make binding decisions on their behalf in all matters in controversy before the arbitrator. All parties may be represented by counsel. Only individuals may appear pro se. The parties may agree in writing to rely on stipulations and/or statements rather than live testimony of witnesses.

The time allocated for the **entire** hearing is one hour [Rule 3(n)]. Traditional rules of evidence and procedure will not apply, but shall be considered as a guide toward full and fair development of the facts. The arbitrator will render a decision withing three (3) days after the hearing. The award is **not** binding. Any party dissatisfied with the outcome can reject the award and have a trial *de novo*. The award rejection and demand for a trial *de novo* must be filed with the Court within thirty (30) days of the award date. The rejecting party must also pay a fee equivalent to the arbitrator's compensation ($75). This fee will be returned **only** if there is a trial in which, in the judge's opinion, the demanding party's position is improved over the arbitrator's award [Rule 5(b)]. Cases still pending after the 30-day rejection period in which no demand for trial *de novo* is filed will have the award of the arbitrator entered by the Court as its judgment, which is not appealable.

**BRIAN DeBRUN**
**CHANDLER & deBRUN**
**P.O. BOX 34097**
**CHARLOTTE NC 28234**

FILE COPY

PC 003758

STATE OF NORTH CAROLINA

FILE NO.

Mecklenburg County

94CVD013253

In The General Court of Justice
District Court Division

## ARBITRATION

Barnette,Sonia,Maria,

VERSUS

## NOTICE OF CASE SELECTION
## FOR ARBITRATION

Whetstine,Deborah,Voit
Graham,John Robert

TAKE NOTICE that this case has been assigned to arbitration pursuant to G.S. 7A-37.1 and the Rules For Court-Ordered Arbitration.

Further notice will be given of the date, time and place of the hearing which will be scheduled by the person named below in accordance with Rule 8 of the Rules. **NOTE: Mecklenburg County Bar Members shall check weekly arbitration calendars for notice of hearing date, time, and location.**

| Date **January 12, 1995** | Signature | |
|---|---|---|
| | Trial Court Administrator's Staff | |
| | **ARBITRATION** | |

The court automatically assigns to arbitration all civil cases involving claims for monetary relief not exceeding $15,000. with several classes of cases specifically excepted in the rules, including: domestic cases, class actions, special proceedings, wills and estates, summary ejectments, and condemnation actions.

The Court selects and maintains a list of qualified arbitrators who are experienced trial attorneys. The court will appoint an arbitrator chosen at random from the Court's list unless the parties file a stipulation as to their choice of an arbitrator. The stipulation must be filed within twenty (20) days of the filing of the last responsive pleading or the docketing of an appeal from the magistrate's judgment. A copy of the list of eligible arbitrators is available upon request.

All parties in this civil action must be present at the hearing or represented by someone authorized to make binding decisions on their behalf in all matters in controversy before the arbitrator. All parties may be represented by counsel. Only individuals may appear pro se. The parties may agree in writing to rely on stipulations and/or statements rather than live testimony of witnesses.

The time allocated for the **entire** hearing is one hour [Rule 3(n)]. Traditional rules of evidence and procedure will not apply, but shall be considered as a guide toward full and fair development of the facts. The arbitrator will render a decision withing three (3) days after the hearing. The award is **not** binding. Any party dissatisfied with the outcome can reject the award and have a trial de novo. The award rejection and demand for a trial de novo must be filed with the Court within thirty (30) days of the award date. The rejecting party must also pay a fee equivalent to the arbitrator's compensation ($75). This fee will be returned only if there is a trial in which, in the judge's opinion, the demanding party's position is improved over the arbitrator's award [Rule 5(b)]. Cases still pending after the 30-day rejection period in which no demand for trial de novo is filed will have the award of the arbitrator entered by the Court as its judgment, which is not appealable.

BETSY J. JONES
SUITE 1200
301 S. MCDOWELL ST.
CHARLOTTE NC 28204

PC - 003759

Bates No. 4457

STATE OF NORTH CAROLINA

Mecklenburg County

FILE NO.

94CVD013253

In The General Court of Justice
District Court Division

## ARBITRATION

Barnette,Sonia,Maria,

VERSUS

## NOTICE OF CASE SELECTION
## FOR ARBITRATION

Whetstine,Deborah,Voit
Graham,John Robert

TAKE NOTICE that this case has been assigned to arbitration pursuant to G.S. 7A-37.1 and the Rules For Court-Ordered Arbitration.

Further notice will be given of the date, time and place of the hearing which will be scheduled by the person named below in accordance with Rule 8 of the Rules. **NOTE: Mecklenburg County Bar Members shall check weekly arbitration calendars for notice of hearing date, time, and location.**

| Date **January 12, 1995** | Signature |
|---|---|
| | Trial Court Administrator's Staff |
| | **ARBITRATION** |

The court automatically assigns to arbitration all civil cases involving claims for monetary relief not exceeding $15,000, with several classes of cases specifically excepted in the rules, including: domestic cases, class actions, special proceedings, wills and estates, summary ejectments, and condemnation actions.

The Court selects and maintains a list of qualified arbitrators who are experienced trial attorneys. The court will appoint an arbitrator chosen at random from the Court's list unless the parties file a stipulation as to their choice of an arbitrator. The stipulation must be filed within twenty (20) days of the filing of the last responsive pleading or the docketing of an appeal from the magistrate's judgment. A copy of the list of eligible arbitrators is available upon request.

All parties in this civil action must be present at the hearing or represented by someone authorized to make binding decisions on their behalf in all matters in controversy before the arbitrator. All parties may be represented by counsel. Only individuals may appear pro se. The parties may agree in writing to rely on stipulations and/or statements rather than live testimony of witnesses.

The time allocated for the **entire** hearing is one hour [Rule 3(n)]. Traditional rules of evidence and procedure will not apply, but shall be considered as a guide toward full and fair development of the facts. The arbitrator will render a decision withing three (3) days after the hearing. The award is **not** binding. Any party dissastified with the outcome can reject the award and have a trial *de novo*. The award rejection and demand for a trial *de novo* must be filed with the Court within thirty (30) days of the award date. The rejecting party must also pay a fee equivalent to the arbitrator's compensation ($75). This fee will be returned **only** if there is a trial in which, in the judge's opinion, the demanding party's position is improved over the arbitrator's award [Rule 5(b)]. Cases still pending after the 30-day rejection period in which no demand for trial *de novo* is filed will have the award of the arbitrator entered by the Court as its judgment, which is not appealable.

John Robert Graham
1541 Southwood Avenue
Charlotte NC 28206

PC - 003760

AOC-CV-800      ORIGINAL-FILE      COPY- PLAINTIFF      COPY-DEFENDANT

# STATE OF NORTH CAROLINA

____ MECKLENBURG ____ County

File No ____

Sum No ____

94 CVD 13253

In The General Court Of Justice
☑ District ☐ Superior Court Division

Plaintiff's Name

SONIA MARIA COOPER BARNETTE

Address

City, State, Zip

VERSUS

Defendant

DEBORAH VOIT WHETSTINE
VERSUS
JOHN ROBERT GRAHAM

THIRD-PARTY

## CIVIL SUMMONS

* ☐ Alias and Pluries Summons

The summons originally issued against you was returned not served.

Date Last Summons Issued

* Disregard this section unless the block is checked

| Service Information for First Defendant | Service Information for Second Defendant |
|---|---|
| TO: John Robert Graham<br>1541 Southwood Avenue<br>Charlotte, NC 28206 | TO: |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy, or by mailing it, to the plaintiff at the plaintiff's last known address, and

2. File an original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the complaint.

Name and Address of Plaintiff's Attorney
If none, Address of Plaintiff

Betsy J. Jones
Golding, Meekins, Holden, Cosper & Stiles
301 South McDowell Street, Suite 1200
Charlotte, NC 28204
(704) 374-1600

Date Issued

_1-3-95_

Time Issued

_4.27_   ☐ AM ☐ PM

Signature

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

---

☐ ENDORSEMENT

This summons was originally issued on the date indicated above and was returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

Date of Endorsement

Time Issued

☐ AM ☐ PM

Signature

PC - 003761

☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

### THIRD PARTY    Defendant 1

**Date Served**

**Name of Defendant**
John Graham

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☒ Defendant WAS NOT served for the following reason. *Did not Locate at this time, Russel*

### Defendant 2

**Date Served**

**Name of Defendant**

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| $ | 1-4-95 | J.A. Pendergraph |
| By | Date of Return | County |
| | | Meck |
| | 1-31-95 | Deputy Sheriff Making Return P. Moody |

PC - 003762

Case 3:12-cv-00327-MOC    Document 76-15    Filed 12/22/14    Page 50 of 75

Bates No. 4470

# STATE OF NORTH CAROLINA

**MECKLENBURG** County

| | |
|---|---|
| File No. | CVD 13253 |
| Film No. | |

In The General Court Of Justice
☑ District ☐ Superior Court Division

**Plaintiff's Name**

SONIA MARIA COOPER BARNETTE

**Address**

**City, State, Zip**

### V E R S U S

**Defendant**

DEBORAH VOIT WHETSTINE
VERSUS
JOHN ROBERT GRAHAM

THIRD-Party

THIRD_PARTY
## CIVIL SUMMONS

THIRDAParty
• ☑ **Alias and Pluries Summons**

The summons originally issued against you
was returned not served.

| Date Last Summons Issued | * Disregard this section unless the block is checked |
|---|---|
| **January 3, 1995** | |

| Service Information for First Defendant | Service Information for Second Defendant |
|---|---|
| TO: John Robert Graham<br>1541 Southwood Avenue<br>Charlotte, NC 28206 | TO: |

### A Civil Action Has Been Commenced Against You!

THIRD-PARTY   THIRD-PARTY

You are notified to appear and answer the complaint of the plaintiff as follows:

THIRD-PARTY  —  THIRD-PARTY

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy, or by mailing it, to the plaintiff at the plaintiff's last known address, and

THIRD-PARTY THIRD-PARTY

2. File an original of the written answer with the Clerk of Superior Court of the county named above.

THIRD-PARTY THIRD-PARTY

If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the THIRD-PARTYcomplaint.

Third-Party

| Name and Address of Plaintiff's Attorney<br>If none, Address of Plaintiff | Date Issued | Time Issued |
|---|---|---|
| Betsy J. Jones<br>Golding, Meekins, Holden, Cosper & Stiles<br>301 South McDowell Street, Suite 1200<br>Charlotte, NC 28204<br>(704) 374-1600 | 02 - 03 - 95 | 3:45  ☐ AM ☑ PM |
| | Signature | |
| | ☑ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT | Date of Endorsement | Time Issued |
|---|---|---|
| This summons was originally issued on the date indicated above and was returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days. | | ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

## RETURN OF SERVICE

### Third-Party Third-Party
I certify that this summons and a copy of the complaint were received and served as follows:

### Third-Party Defendant 1

| Date Served | Name of Defendant |
|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint. Third-Party Third-PartyThird-Party

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the third party defendant named above with a person of suitable age and discretion then residing therein. Third-Party Third-Party

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and Third Party complaint to the person named below. Third-Party Third-Party

*Name and address of person with whom copies left (if corporation, give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason. Third-Party

### Defendant 2

| Data Served | Name of Defendant |
|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name and address of person with whom copies left (if corporation, give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Date Received | Name of Sheriff |
|---|---|---|
| By | Date of Return | County |
| | | Deputy Sheriff Making Return |

PC - 003764

Bates No. 4472

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

SONIA MARIA COOPER BARNETTE, )

              Plaintiff, )

                    )

vs. )

DEBORAH VOIT WHETSTINE, )

             Defendant. )

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

**DEFENDANT'S MOTION AND ORDER
FOR EXTENSION OF TIME TO
FILE ANSWER OR OTHER
RESPONSIVE PLEADING TO
PLAINTIFF'S COMPLAINT**

    NOW COMES Defendant Deborah Voit Whetstine, through counsel, and hereby moves the Court for an Order allowing her an additional thirty days in which to file Answer or other responsive pleadings to the Complaint. In support of this motion, this Defendant respectfully shows unto the Court that Defendant was served on or about November 2, 1994, that the time for serving Answer or other responsive pleadings has not yet expired, and that this answering Defendant needs additional time in which to obtain the necessary information to respond to the Complaint.

    WHEREFORE this Defendant respectfully prays that the Court enter an Order allowing an additional thirty (30) days in which to respond to the Complaint, as provided by law.

    This ___1st___ day of ___December___, 1994.


_Betsy J. Jones_ _____
Betsy J. Jones
Attorney for Defendant


OF COUNSEL:

GOLDING, MEEKINS, HOLDEN,
  COSPER & STILES
Suite 1200, Cameron Brown Building
301 S. McDowell Street
Charlotte, N.C. 28204
(704)374-1600

PC - 003765

## ORDER

THIS MATTER coming on to be heard and being heard upon the application of Defendant Deborah Voit Whetstine, to extend the time in which to serve Answer or other responsive pleadings to the Complaint, and it appearing to the Court, for good cause shown, that said application ought to be granted;

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Defendant Deborah Voit Whetstine, shall have up to and through the 2nd day of January, 1995, in which to serve Answer or other responsive pleadings to the Complaint, as provided by law.

This ____ day of ____ December ____, 1994.

_____
Assistant Clerk of Superior Court
of Mecklenburg County

## CERTIFICATE OF SERVICE

I, Betsy J. Jones, do hereby certify that I have this day served a copy of the foregoing document upon all counsel of record by placing a copy of same, addressed to such counsel, in the U.S. mail, postage prepaid.

This ____ day of ____ December ____, 1994.

_____
Betsy J. Jones
Attorney for Defendant

PC - 003766

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94-CVD-~~13213~~ 13253

SONIA MARIA COOPER BARNETTE, )
                     )
           Plaintiff, )
                     )
   vs. )
                     )
DEBORAH VOIT WHETSTINE, )
                     )
           Defendant. )
_____ )

**AFFIDAVIT OF SERVICE**

BRIAN deBRUN, being first duly sworn, deposes and says:

That he is the attorney for the Plaintiff in the captioned proceeding: That on October 26, 1994, he mailed a copy of the Summons and Complaint filed herein to the Defendant, DEBORAH V. WHETSTINE Certified Mail No. Z 054 006 622 and that the return receipt showing delivery on November 2, 1994 returned by the United States Postal Service to this Affiant is attached hereto.

This ____4th____ day of ___November___, 1994.

_____
BRIAN deBRUN
Attorney for Plaintiff
1508 E. Fourth Street
Charlotte, NC 28204
Telephone: 704/376-6552

Sworn to and subscribed before me
this ____4th____ day of ___Nov.___, 1994.

_____
Notary Public

My Commission Expires: ___6-18-97___

PC - 003767

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94-CVD-

SONIA MARIA COOPER BARNETTE,

　　　　　　　　Plaintiff,

vs.

DEBORAH VOIT WHETSTINE,

　　　　　　　　Defendant.

)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**
(Jury Trial Demanded)

NOW COMES the Plaintiff, complaining of the Defendant as follows:

1. That the Plaintiff and Defendant are citizens and residents of Mecklenburg County, State of North Carolina.

2. That on or about May 17, 1994, at approximately 8:12 a.m., the Plaintiff was a guest passenger in a vehicle owned by K & K Limo which was being operated in a safe and reasonable manner on West Boulevard in Mecklenburg County, North Carolina.

3. That at the above time and place, the Defendant, was operating a 1987 Chevrolet automobile when she negligently caused the automobile to overcome and strike the rear of the Plaintiff's automobile.

4. That the Defendant's negligence consisted of the following:

　　(a)　That she operated the automobile upon a public street or highway of this state at a speed greater than reasonable and prudent under the conditions then existing in violation of N.C.G.S. §20-141(a);

　　(b)　That she failed to decrease the speed of the vehicle to the extent necessary to avoid a collision with the Plaintiff's automobile in violation of N.C.G.S. §20-141(m);

　　(c)　That she failed to maintain and keep a reasonable and proper lookout;

　　(d)　That she failed to keep the automobile under reasonable and proper control.

PC - 003768

Bates No. 4476

5. That as a direct and proper result of the Defendant's negligence, the Plaintiff suffered injuries to her person which include, but are not limited to, medical expense, loss of earnings and earning capacity.

6. That the Plaintiff has suffered injuries to her person in the amount of Nine Thousand Five Hundred Dollars ($9,500.00).

WHEREFORE, the Plaintiff prays the Court as follows:

1. That she have and recover of the Defendant the sum of Nine Thousand Five Hundred Dollars ($9,500.00) for the injuries to her person.

2. That this matter be tried by a jury.

3. That she have and recover her costs to include a reasonable attorney's fee.

4. For such other and further relief as the Court deems appropriate.

This _16th_ day of _____, 1994.

_____
BRIAN deBRUN
Attorney for Plaintiff

OF COUNSEL:

LAW OFFICES OF CHANDLER & deBRUN
1508 East Fourth Street
Charlotte, North Carolina 28204
(704) 376-6552

2

PC - 003769

Bates No. 4477

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG                    **VERIFICATION**


SONIA MARIA COOPER BARNETTE, first being duly sworn, deposes and says that she is the Plaintiff in the above-captioned matter and that she has read the foregoing pleading and that the same is true of her own knowledge except as to those matters and things therein alleged upon information and belief, and as to those matters and things, she believes them to be true.

_____
SONIA MARIA COOPER BARNETTE


Sworn to and subscribed before me this

_____ day of _____, 1994.

_____
NOTARY PUBLIC

My Commission Expires: _____

3

PC - 003770

Bates No. 4478

STATE OF NORTH CAROLINA

MECKLENBURG _____ County

File No
94-CVD-

In the General Court of Justice
☒ District Court Division   ☐ Superior Court Division

| Plaintiff Name | |
| --- | --- |
| SONIA MARIA COOPER BARNETTE | |

Address

City State Zip

**CIVIL SUMMONS**

GS 1A-1, Rules 3, 4

VERSUS

Defendant
DEBORAH VOIT WHETSTINE

• ☐ Alias and Pluries Summons
The summons originally issued against you was returned not served

| Date Last Summons Issued | • Disregard this section unless the block is checked |
| --- | --- |

TO: via Certified Mail
DEBORAH VOIT WHETSTINE

TO

Name & Address of First Defendant

Deborah Voit Whetstine
2303 Park Highland Ct.
Charlotte, NC 28273

Name & Address of Second Defendant

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to him or by mailing it to him at his last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above

   If you fail to answer the complaint the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney If none, Address of Plaintiff  Brian deBrun | Date Issued | Time Issued  ☐ AM ☑ PM |
| --- | --- | --- |
| CHANDLER & deBRUN P.O. Box 34097 Charlotte, NC 28234 (704) 376-6552 | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk of Superior Court | |

☐ ENDORSEMENT
This summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days.

| Date of Endorsement | Time  ☐ AM ☐ PM |
| --- | --- |
| Signature | PC - 003771 |
| ☐ Deputy CSC   ☐ Assistant CSC | ☐ Clerk of Superior Court |

AOC-CV-100

Case 3:12-cv-00327-MOC   Document 76-15   Filed 12/22/14   Page 59 of 75   Bates No. 4479

## RETURN OF SERVICE
### I certify that this summons and a copy of the complaint were received and served as follows

*Defendant 1.*

| Date served | Name of defendant |
|---|---|
|  |  |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason

*Defendant 2.*

| Date served | Name of defendant |
|---|---|
|  |  |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name and address of person with whom copies left (if corporation give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason

| Service Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| $ |  |  |
| By | Date of Return | County |
|  |  | Deputy Sheriff Making Return |

AOC-CV-100 side two

Rev 3/83

PC - 003772

Case 3:12-cv-00327-MOC    Document 76-15    Filed 12/22/14    Page 60 of 75

Bates No. 4480

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

SONIA MARIA COOPER BARNETTE, )
                              )
                Plaintiff,    )
                              )
        vs.                   )
                              )
DEBORAH VOIT WHETSTINE,       )
                              )
                Defendant.    )
_____)

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94-CVD-

COMPLAINT
(Jury Trial Demanded)

NOW COMES the Plaintiff, complaining of the Defendant as follows:

1.    That the Plaintiff and Defendant are citizens and residents of Mecklenburg County, State of North Carolina.

2.    That on or about May 17, 1994, at approximately 8:12 a.m., the Plaintiff was a guest passenger in a vehicle owned by K & K Limo which was being operated in a safe and reasonable manner on West Boulevard in Mecklenburg County, North Carolina.

3.    That at the above time and place, the Defendant, was operating a 1987 Chevrolet automobile when she negligently caused the automobile to overcome and strike the rear of the Plaintiff's automobile.

4.    That the Defendant's negligence consisted of the following:

    (a)    That she operated the automobile upon a public street or highway of this state at a speed greater than reasonable and prudent under the conditions then existing in violation of N.C.G.S. §20-141(a);

    (b)    That she failed to decrease the speed of the vehicle to the extent necessary to avoid a collision with the Plaintiff's automobile in violation of N.C.G.S. §20-141(m);

    (c)    That she failed to maintain and keep a reasonable and proper lookout;

    (d)    That she failed to keep the automobile under reasonable and proper control.

PC - 003773

5. That as a direct and proper result of the Defendant's negligence, the Plaintiff suffered injuries to her person which include, but are not limited to, medical expense, loss of earnings and earning capacity.

6. That the Plaintiff has suffered injuries to her person in the amount of Nine Thousand Five Hundred Dollars ($9,500.00).

WHEREFORE, the Plaintiff prays the Court as follows:

1. That she have and recover of the Defendant the sum of Nine Thousand Five Hundred Dollars ($9,500.00) for the injuries to her person.

2. That this matter be tried by a jury.

3. That she have and recover her costs to include a reasonable attorney's fee.

4. For such other and further relief as the Court deems appropriate.

This _26th_ day of ___Oct.___, 1994.

_____
BRIAN deBRUN
Attorney for Plaintiff

OF COUNSEL:

LAW OFFICES OF CHANDLER & deBRUN
1508 East Fourth Street
Charlotte, North Carolina 28204
(704) 376-6552

2

PC - 003774

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG                    VERIFICATION


SONIA MARIA COOPER BARNETTE, first being duly sworn, deposes and says that she is the Plaintiff in the above-captioned matter and that she has read the foregoing pleading and that the same is true of her own knowledge except as to those matters and things therein alleged upon information and belief, and as to those matters and things, she believes them to be true.

_____
SONIA MARIA COOPER BARNETTE


Sworn to and subscribed before me this

26th day of _October_ , 1994.

_____
NOTARY PUBLIC

My Commission Expires:  6-18-97

3

PC - 003775

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94-CVD-~~13213~~ 13253

SONIA MARIA COOPER BARNETTE, )
                    Plaintiff, )
                         )
    vs. )
                         )
DEBORAH VOIT WHETSTINE, )
                 Defendant. )

AFFIDAVIT OF SERVICE

    BRIAN deBRUN, being first duly sworn, deposes and says:

    That he is the attorney for the Plaintiff in the captioned proceeding: That on October 26, 1994, he mailed a copy of the Summons and Complaint filed herein to the Defendant, DEBORAH V. WHETSTINE Certified Mail No. Z 054 006 622 and that the return receipt showing delivery on November 2, 1994 returned by the United States Postal Service to this Affiant is attached hereto.

    This _____ day of _____, 1994.


                              BRIAN deBRUN
                              Attorney for Plaintiff
                              1508 E. Fourth Street
                              Charlotte, NC 28204
                              Telephone: 704/376-6552


Sworn to and subscribed before me
this _____ day of _____, 1994.

_____
Notary Public

My Commission Expires: 6-18-97

PC - 003776

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Deborah y. Whetstine
2303 Parkwood Ct.
Charlotte, NC 28273

Mailed 10-26-94

4a. Article Number
2054006622

4b. Service Type
☐ Registered  ☐ Insured
☑ Certified  ☐ COD
☐ Express Mail  ☐ Return Receipt for Merchandise

7. Date of Delivery

5. Signature (Addressee)
Deborah Whet

6. Signature (Agent)

8. Addressee's Address (Only if requested and fee is paid)

CHARLOTTE, NC ARROWOOD STATION
NOV 2 1994

PS Form 3811, December 1991  ☆U.S. GPO: 1990—362-714  **DOMESTIC RETURN RECEIPT**

PC - 003777

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

FILED IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

SONIA MARIA COOPER BARNETTE, )
                              )
            Plaintiff,        )
                              )
vs.                           )     ANSWER AND THIRD-PARTY
                              )         COMPLAINT
DEBORAH VOIT WHETSTINE,       )
                              )
        Defendant and         )
    Third-Party Plaintiff,    )
                              )
vs.                           )
                              )
JOHN ROBERT GRAHAM,           )
                              )
    Third-Party Defendant.    )

        The Defendant, Deborah Voit Whetstine, answering the allegations of the Complaint, alleges and says:

### FIRST DEFENSE

        1.   The allegations of paragraph 1 of the Complaint are admitted upon information and belief.

        2.   It is admitted that on or about May 17, 1994, at approximately 8:12 a.m., the Plaintiff was a guest passenger in a vehicle owned by K & K Limo. The remaining allegations contained in paragraph 2 of the Complaint are denied.

        3.   It is admitted that Defendant was operating her 1987 Chevrolet on May 17, 1994. The remaining allegations of paragraph 3 of the Complaint are denied.

        4.   The allegations contained in paragraph 4 of the Complaint are denied.

        5.   The allegations contained in paragraph 5 of the Complaint are denied.

        6.   The allegations contained in paragraph 6 of the Complaint are denied.

### SECOND DEFENSE

        1.   If the Defendant, Deborah Voit Whetstine, was in any way or manner, negligent on the occasion referred to in the Complaint, which is again specifically and expressly denied, then Defendant Deborah Voit Whetstine avers that Plaintiff was contributorily

PC - 003778

negligent on said occasion and that such contributory negligence on her part was the proximate cause or one of the proximate causes of any damages and injuries Plaintiff is alleged to have sustained. Such contributory negligence on the part of the Plaintiff is specifically pleaded in bar of any purported claims for relief against Defendant Deborah Voit Whetstine.

2. Upon information and belief, the Plaintiff was contributorily negligent on the occasion in question in that she rode, and continued to ride, the motor vehicle in question at a time when the Plaintiff was fully aware of the circumstances under which the vehicle was being operated, including full knowledge that said vehicle was being operated in an unsafe manner, and the Plaintiff failed to remonstrate or take any affirmative action of any kind whatsoever for her own safety and failed to say anything to the operator of her vehicle about the manner in which the vehicle was being operated and continued to ride in the vehicle being operated by John Robert Graham under circumstances known to the Plaintiff and, although the Plaintiff had a clear and unobstructed view of the public street upon which the vehicle was traveling and was fully aware of the traffic condition on the highway, she made no protest whatsoever as to the manner of the operation of the vehicle and acquiesced in the manner in which the vehicle was being operated under the circumstances and assumed the risk of any injury that she may have sustained and negligently and carelessly failed to exercise due and ordinary care for her own safety and voluntarily exposed herself to the risk of injury by reason of the conduct of the operator of the vehicle.

3. Such negligent acts and omissions of the Plaintiff was one of the proximate causes of any injury she may have sustained and the same is pleaded specifically in bar of any purported claim for relief against Defendant Whetstine.

<u>THIRD DEFENSE</u>

1. The allegations contained in the Second Defense above are incorporated herein by reference.

2. John Robert Graham, the operator of the vehicle being occupied by the Plaintiff, was negligent on the occasion in question as follows:

      (a) He failed to keep and maintain a reasonable and proper lookout;

      (b) He failed to keep the vehicle he was operating under reasonable and proper control;

      (c) He parked and left standing his vehicle upon the paved and main traveled portion of a highway when

PC - 003779

the vehicle was not disabled in violation of N.C.G.S. §20-161;

(d) He did not use ordinary care in stopping his automobile on the highway to prevent a collision with other vehicles;

(e) He was otherwise careless and negligent.

2. Upon information and belief, the Plaintiff and John Robert Graham, the operator of the motor vehicle occupied by the Plaintiff, were engaged in a joint enterprise at the time of the accident in question and shared a community of interest in the undertaking in question and, as such, the negligence of John Robert Graham is imputable to the Plaintiff.

3. Defendant Whetstine specifically pleads joint enterprise and contributory negligence in bar of any purported claim for relief against Defendant Whetstine in this action.

## FOURTH DEFENSE

1. At the time and place in question the Defendant was faced with a sudden emergency not of her own making, and as to this Defendant the accident was unavoidable. The doctrines of unavoidable accident and sudden emergency are expressly pleaded in defense of any claim for relief against this Defendant.

2. This Defendant was faced with a sudden emergency when the van driven by John Robert Graham stopped on the main-traveled portion of the highway without any lights or any other type of warning.

## THIRD-PARTY COMPLAINT

### (First Claim for Relief)

1. The Defendant/Third-Party Plaintiff, Deborah Voit Whetstine (hereinafter referred to as Whetstine), is a citizen and resident of Mecklenburg County, North Carolina.

2. Upon information and belief, the Third-Party Defendant, John Robert Graham (hereinafter referred to as Graham), is a resident of Mecklenburg County, North Carolina.

3. This action arises out of an automobile collision that occurred on or about May 17, 1994, on West Boulevard near its intersection with Brooks Valle Street, in Charlotte, Mecklenburg County, North Carolina, involving a 1987 Chevrolet automobile operated by Defendant/Third-Party Plaintiff, Whetstine, and a 1993 Ford van owned by K & K Limo and Shuttle Service and operated by Third-Party Defendant Graham.

PC - 003780

4

4.  Upon information and belief, at the aforementioned time and place, and at all times herein in question, K & K Limo and Shuttle was the owner of the 1993 Ford van, bearing license tag number:  IC-3911.  Upon information and belief, at the aforementioned time and place, and at all times herein in question, the Third-Party Defendant Graham, was the operator of the 1993 Ford van.

5.  As the Defendant/Third-Party Plaintiff Whetstine, was proceeding in a lawful and prudent manner on West Boulevard, the 1993 Ford van driven by John Robert Graham had stopped in the curb side lane of West Boulevard to allow the Plaintiff Barnette, a passenger in the van to get off of the van.  The brake lights on the 1993 Ford van were not illuminated as the van was stopped in the lane of traffic.

6.  As a result of the Third-Party Defendant's actions, the Defendant/Third-Party Plaintiff Whetstine could not stop her vehicle in time to avoid striking the rear of the 1993 Ford van. As a result of this collision her car was bent, twisted, and otherwise damaged causing depreciation in value of the automobile of a sum less than Two Thousand and no/100s Dollars ($2,000.00).

7.  The Third-Party Defendant Graham, was negligent on the occasion in question in that:

    (a)  He failed to keep and maintain a reasonable and proper lookout;

    (b)  He failed to keep the vehicle he was operating under reasonable and proper control;

    (c)  He parked and left standing his vehicle upon the paved and main traveled portion of a highway when the vehicle was not disabled in violation of N.C.G.S. §20-161;

    (d)  He did not use ordinary care in stopping his automobile on the highway to prevent a collision with other vehicles;

    (e)  He was otherwise careless and negligent.

(Second Claim for Relief)

1.  As a result of the accident, Plaintiff, Sonia Maria Cooper Barnette has filed a Complaint against the Defendant/Third-Party Plaintiff, Whetstine in which Plaintiff Barnette is seeking to recover damages for personal injuries.  A copy of the Complaint of the Plaintiff Barnette is attached hereto as Exhibit A.

PC - 003781

2.   If Defendant/Third-Party Plaintiff Whetstine is found negligent, which has been and is again denied, then the negligence of Third-Party Defendant Graham was active and primary and the real proximate cause of any purported injury of Plaintiff, and any negligence of the Defendant/Third-Party Plaintiff Whetstine, which is again denied, was passive and secondary.

3.   The negligence of Third-Party Defendant Graham intervened, and superseded, any purported negligence on the part of Defendant/Third-Party Plaintiff Whetstine as a proximate cause of any injuries allegedly sustained by Plaintiff and Defendant Whetstine specifically pleads said intervening and superseding negligence in bar of any purported claim for relief against Defendant Whetstine in this action.

4.   If this Defendant was in any way or manner negligent on the occasion referred to in the Complaint, which is again specifically and expressly denied, then Defendant Whetstine avers that Third-Party Defendant Graham was also negligent and that his negligence was active and intervening and proximately caused whatever damages, if any, Plaintiff may have sustained, and in such event Defendant Whetstine is entitled to full and complete indemnification from Third-Party Defendant Graham, of any amount by which Defendant Whetstine becomes liable to the Plaintiff.

(Third Claim for Relief)

1.   The allegations contained in the immediately preceding defense are incorporated herein by reference and repleaded as fully as if completely set forth herein.

2.   If the Court finds that Defendant/Third-Party Plaintiff Whetstine is not entitled to indemnification from Third-Party Defendant Graham, then Defendant/Third-Party Plaintiff is entitled to contribution in accordance with Chapter 1B of the North Carolina General Statutes to extend to any alleged liability of Defendant/Third-Party Plaintiff Whetstine to the Plaintiff.

WHEREFORE, the Defendant/Third-Party Plaintiff Whetstine, having responded to the allegations of the Complaint and complaining of the Third-Party Defendant Graham, prays:

1.   That the Plaintiff Barnette have and recover nothing of the Defendant/Third-Party Plaintiff Whetstine in this action and that the same be dismissed with prejudice;

2.   That, if the Plaintiff Barnette has any recovery from the Defendant/Third-Party Plaintiff Whetstine, that the Defendant/Third-Party Plaintiff Whetstine, have and recover judgment against the Third-Party Defendant Graham, for indemnity;

PC - 003782

Bates No. 4490

6

3.    In the alternative, that if the Plaintiff have any recovery from the Defendant/Third-Party Plaintiff Whetstine, the Defendant/Third-Party Plaintiff Whetstine, have and recover judgment against the Third-Party Defendant Graham, for contribution as provided by Chapter 1B of the North Carolina General Statutes;

4.    That the Defendant/Third-Party Plaintiff Whetstine, have and recover the sum of Two Thousand and no/100s Dollars ($2,000.00) for property damage and her costs;

5.    That all issues of fact, if any, be determined by a jury; and

6.    That the Defendant/Third-Party Plaintiff Whetstine, have such other and further relief as to the Court may seem just and proper.

This __3rd__ day of __January__, 1995.


_Betsy J. Jones_
Betsy J. Jones
Attorney for Plaintiff/Third-Party Plaintiff


OF COUNSEL:

GOLDING, MEEKINS, HOLDEN,
  COSPER & STILES
Suite 1200, Cameron Brown Building
301 S. McDowell Street
Charlotte, N.C.  28204
(704)374-1600

PC - 003783

## CERTIFICATE OF SERVICE

I, Betsy J. Jones, do hereby certify that I have this day served a copy of the foregoing document upon all counsel of record by placing a copy of same, addressed to such counsel, in the U.S. mail, postage prepaid.

This _3rd_ day of _January_ , 1995.


_Betsy J. Jones_
Betsy J. Jones
Attorney for Defendant/Third-Party Plaintiff

# STATE OF NORTH CAROLINA

**MECKLENBURG** County

File No. **94 CVD 13253**

Film No.

In The General Court Of Justice
☑ District ☐ Superior Court Division

Plaintiff's Name

**SONIA MARIA COOPER BARNETTE**

Address

City, State, Zip

### V E R S U S

Defendant

**DEBORAH VOIT WHETSTINE
VERSUS
JOHN ROBERT GRAHAM**

Third-Party
**CIVIL SUMMONS**

Third-Party
* ☑ **Alias and Pluries Summons**
THIRD-PARTY
The summons originally issued against you
was returned not served.

| Date Last Summons Issued | * Disregard this section |
|---|---|
| **February 1, 1995** | unless the block is checked |

Third-Party
Service Information for First Defendant

TO: John Robert Graham
1541 Southwood Avenue
Charlotte, NC 28206

Service Information for Second Defendant

TO:

P440

### A Civil Action Has Been Commenced Against You!

Third-Party Third-Party
You are notified to appear and answer the complaint of the plaintiff as follows:

Third-Party Third-Party
1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy, or by mailing it, to the plaintiff at the plaintiff's last known address, and

Third-Party Third-Party
2. File an original of the written answer with the Clerk of Superior Court of the county named above.

Third-Party Third-Party
If you fail to answer the complaint the plaintiff will apply to the court for the relief demanded in the Third-Party complaint.

Third-Party
Name and Address of Plaintiff's Attorney
If none, Address of Plaintiff

Betsy J. Jones
Golding, Meekins, Holden, Cosper & Stiles
301 South McDowell Street, Suite 1200
Charlotte, NC 28204
(704) 374-1600

| Date Issued 2-23-95 | Time Issued 4:22 ☐ AM ☒ PM |
|---|---|
| Signature | |
| ☐ Deputy CSC ☑ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT | Date of Endorsement | Time Issued ☐ AM ☐ PM |
|---|---|---|
| This summons was originally issued on the date indicated above and was returned not served. At the request of the plaintiff, the time within which this summons must be served is extended thirty (30) days. | Signature | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

PC-003705

## RETURN OF SERVICE

I certify that this summons and a copy of the complaint were received and served as follows:

### THIRD-PARTY Defendant 1

| Date Served | Name of Defendant |
|---|---|
| 3-15-95 | John Robert GRAHAM |

at Sheriffs' dept,

☒ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the Third-defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name and address of person with whom copies left (if corporation, give title of person copies left with)*

☐ Other manner of service (specify)

Third-Party

☐ Defendant WAS NOT served for the following reason.

### Defendant 2

| Date Served | Name of Defendant |
|---|---|
| | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name and address of person with whom copies left (if corporation, give title of person copies left with)*

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Date Received | Name of Sheriff |
|---|---|---|
| $ | 3-3-95 | Jim Pendergraph |
| By | Date of Return | County |
| | 3-15-95 | Meck. |
| | | Deputy Sheriff Making Return |
| | | S. Hurd |

PC 003796

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
DISTRICT COURT DIVISION
94 CVD 13253

SONIA MARIA COOPER BARNETTE, )
)
Plaintiff, )
)
v. )
)
DEBORAH VOIT WHETSTINE, )
)
Defendant and )
Third Party Plaintiff, )
)
v. )
)
JOHN ROBERT GRAHAM, )
)
Third Party Defendant. )

**THIRD PARTY ANSWER &
COUNTERCLAIMS OF THIRD
PARTY DEFENDANT GRAHAM**

    The third party defendant, John Robert Graham, by and through the undersigned counsel, answer the third party plaintiff's Complaint as follows:

<u>FIRST DEFENSE</u>

(First Claim for Relief)

    1.    The allegations of Paragraph 1 of the Third Party Complaint are admitted upon information and belief.

    2.    The allegations of Paragraph 2 of the Third Party Complaint are admitted.

    3.    The allegations of Paragraph 3 of the Third Party Complaint are admitted.

    4.    The allegations of Paragraph 4 of the Third Party Complaint are admitted.

    5.    It is admitted that the third party defendant Graham was operating the 1993 Ford van in the outside or curb lane of West Boulevard and was slowing and preparing to turn said vehicle in order to discharge his passenger, the plaintiff Barnette. Except as expressly admitted, the allegations of Paragraph 5 of the Complaint are denied.

    6.    It is admitted that the vehicle operated by the third party plaintiff Whetstine, collided with the vehicle operated by the third party defendant Graham and that the third party plaintiff's vehicle sustained some damage, the extent of which is unknown to this answering defendant.

PC - 003787

Bates No. 4495