

# ELECTROLUX®

## EMPLOYEE TERMINATION FORM

TO: PAYROLL DEPARTMENT

Roanoke    T 0613   VA
BRANCH NAME & NUMBER    STATE

| MONTH | DAY | YEAR |
|---|---|---|
| 05 | 30 | 96 |

DATE OF TERMINATION

Mr. Aquilia M. Barnette
EMPLOYEE NAME

2 4 3 5 7 1 5 3 4
SOCIAL SECURITY NUMBER

POSITION: ☑ SALES REPRESENTATIVE ☐ SALES COORDINATOR ☐ SERVICE MANAGER

☐ OTHER (SPECIFY_____)

REASON: (CHECK THE ONE MOST APPROPRIATE REASON FOR TERMINATION)

☑ PERSONAL, NOT JOB-RELATED [2]
☐ QUIT DUE TO ILLNESS [3]
☐ WALKED OFF JOB (SALARIED EMPS. ONLY) [7]
☐ TO ACCEPT OTHER EMPLOYMENT [4]
☐ DISSATISFIED WITH JOB [6]

☐ LEFT AREA [8]
☐ UNEXCUSED ABSENCES (SALARIED EMPS. ONLY) [P]
☐ EXCESSIVE TARDINESS (SALARIED EMPS. ONLY) [R]
☐ VIOLATION OF COMPANY POLICY (MUST EXPLAIN) [T]

☐ INSUBORDINATION (MUST EXPLAIN) [U]
☐ NOT QUALIFIED (SALARIED EMPS. ONLY) [V]
☐ RETIREMENT [H]
☐ OTHER (MUST EXPLAIN)

EXPLANATION:_____

6-1-96
DATE

PINK-PAYROLL DEPT.
BLUE-BRANCH OFFICE

BRANCH MANAGER'S SIGNATURE

#68942

b6
b7C

PC - 006069

DOJ-FOIA 000540
DOJ-FOIA 000540



# DOMINION LODGING, INC.

Sterling Green Business Center
352 Roanoke Rd. • P.O. Box 37
Daleville, Virginia 24083-0037
(540) 992-4077

# FAX  COVER  SHEET

DATE: 8/21/96          TIME: 1:25

TO:

NAME: _____          PHONE: _____

FIRM: Rke Co. Police          FAX: 981-2690

FROM:

NAME: _____          PHONE: [        ]

TITLE: Business Mgr.          FAX: [        ]

Number of pages including cover sheet: 9

RE: Aquilia Marc Barnette _____

*Message:*

PC - 006070

DOJ-FOIA 000541
DOJ-FOIA 000541

*Appointment
3-20-95
11 o'clock*

*H.Mero 8-91
3-20-95
start
3-20-95  11pm*

# APPLICATION FOR EMPLOYMENT
### (PRE-EMPLOYMENT QUESTIONNAIRE)   (AN EQUAL OPPORTUNITY EMPLOYER)

## PERSONAL INFORMATION

DATE _3/17/95_

NAME _Barzette_ _Aguilia_ _M._
      LAST        FIRST       MIDDLE

SOCIAL SECURITY NUMBER _223/52/1534_

PRESENT ADDRESS _1616 Keswick Ave_ _Roanoke_ _VA_ _24012_
           STREET        CITY      STATE     ZIP

PERMANENT ADDRESS _"_ _"_ _"_
           STREET        CITY      STATE     ZIP

PHONE NO. _703/344-3638_   ARE YOU 18 YEARS OR OLDER?   Yes ☒  No ☐

ARE YOU PREVENTED FROM LAWFULLY BECOMING EMPLOYED
IN THIS COUNTRY BECAUSE OF VISA OR IMMIGRATION STATUS?   Yes ☐ _____   No ☒

## EMPLOYMENT DESIRED

POSITION _Front Desk / Auditor_   DATE YOU CAN START _Now_   SALARY DESIRED _$5.50_

ARE YOU EMPLOYED NOW? _Recently Resigned_   IF SO MAY WE INQUIRE OF YOUR PRESENT EMPLOYER? 

EVER APPLIED TO THIS COMPANY BEFORE? _No_   WHERE? _—_   WHEN? _—_

REFERRED BY _n/a_

| EDUCATION | NAME AND LOCATION OF SCHOOL | *NO OF YEARS ATTENDED | *DID YOU GRADUATE? | SUBJECTS STUDIED |
|---|---|---|---|---|
| GRAMMAR SCHOOL | Attended different schools | | | |
| HIGH SCHOOL | Lithonia High school | 3 | yes | Diploma |
| COLLEGE | | | | |
| TRADE, BUSINESS OR CORRESPONDENCE SCHOOL | | | | |

## GENERAL
#### SUBJECTS OF SPECIAL STUDY OR RESEARCH WORK

_n/a_

SPECIAL SKILLS _Computer Literate, office skills_

ACTIVITIES: (CIVIC, ATHLETIC, ETC.) _n/a_
EXCLUDE ORGANIZATIONS, THE NAME OF WHICH INDICATES THE RACE, CREED, SEX, AGE, MARITAL STATUS, COLOR OR NATION OF ORIGIN OF ITS MEMBERS.

U.S. MILITARY OR NAVAL SERVICE _—_   RANK _—_   PRESENT MEMBERSHIP IN NATIONAL GUARD OR RESERVES

*This form has been revised to comply with the provisions of the Americans with Disabilities Act
and the final regulations and interpretive guidance promulgated by the EEOC on July 26, 1991.

TOPS ⬡ FORM 3285 (92-8)                    (CONTINUED ON OTHER SIDE)                    LITHO IN U.S./

PC - 006071

DOJ-FOIA 000542
DOJ-FOIA 000542

**FORMER EMPLOYERS** (LIST BELOW LAST THREE EMPLOYERS. STARTING WITH LAST ONE FIRST).

| DATE MONTH AND YEAR | NAME AND ADDRESS OF EMPLOYER | SALARY | POSITION | REASON FOR LEAVING |
|---|---|---|---|---|
| FROM 7/94 TO 3/95 | Courtyard by Marriott 800 Ashland Rd Charlotte | $5.77 | Desk Audit | Relocate |
| FROM 8/92 TO 1/93 | Blockbuster Video Seward GA | $5.00 | Customer Service Rep. | Move here to Charlotte |
| FROM TO |  |  |  |  |
| FROM TO |  |  |  |  |

WHICH OF THESE JOBS DID YOU LIKE BEST? _I preferred several of all I've enjoyed_

WHAT DID YOU LIKE MOST ABOUT THIS JOB? _____

**REFERENCES:** GIVE THE NAMES OF THREE PERSONS NOT RELATED TO YOU, WHOM YOU HAVE KNOWN AT LEAST ONE YEAR.

| | NAME | ADDRESS | BUSINESS | YEARS ACQUAINTED |
|---|---|---|---|---|
| 1 | Scott Zebner | 012 Park South Dr. | Courtyard Marriott | four four |
| 2 | Sheila Cogan | 340 West Blvd | Fortress Lumber | Several |
| 3 | Robin W. Wilson | 911 Louder Rd. | Roanoke Community Hosp. | 1½ |

THE FOLLOWING STATEMENT APPLIES IN: MARYLAND & MASSACHUSETTS. (Fill in name of state)
IT IS UNLAWFUL IN THE STATE OF __Virginia__ TO REQUIRE OR ADMINISTER A LIE DETECTION TEST AS A CONDITION OF EMPLOYMENT OR CONTINUED EMPLOYMENT. AN EMPLOYER WHO VIOLATES THIS LAW SHALL BE SUBJECT TO CRIMINAL PENALTIES AND CIVIL LIABILITY.

Signature of Applicant

IN CASE OF EMERGENCY NOTIFY _Sheila Barette_    _2305 West Blvd Drive Rt._    _703/ 879-5479_
NAME                          ADDRESS                     PHONE NO.

"I CERTIFY THAT ALL THE INFORMATION SUBMITTED BY ME ON THIS APPLICATION IS TRUE AND COMPLETE. AND I UNDERSTAND THAT IF ANY FALSE INFORMATION, OMISSIONS, OR MISREPRESENTATIONS ARE DISCOVERED, MY APPLICATION MAY BE REJECTED AND, IF I AM EMPLOYED, MY EMPLOYMENT MAY BE TERMINATED AT ANY TIME.
IN CONSIDERATION OF MY EMPLOYMENT, I AGREE TO CONFORM TO THE COMPANY'S RULES AND REGULATIONS, AND I AGREE THAT MY EMPLOYMENT AND COMPENSATION CAN BE TERMINATED, WITH OR WITHOUT CAUSE, AND WITH OR WITHOUT NOTICE, AT ANY TIME, AT EITHER MY OR THE COMPANY'S OPTION. I ALSO UNDERSTAND AND AGREE THAT THE TERMS AND CONDITIONS OF MY EMPLOYMENT MAY BE CHANGED, WITH OR WITHOUT CAUSE, AND WITH OR WITHOUT NOTICE, AT ANY TIME BY THE COMPANY. I UNDERSTAND THAT NO COMPANY REPRESENTATIVE, OTHER THAN IT'S PRESIDENT, AND THEN ONLY WHEN IN WRITING AND SIGNED BY THE PRESIDENT HAS ANY AUTHORITY TO ENTER INTO ANY AGREEMENT FOR EMPLOYMENT FOR ANY SPECIFIC PERIOD OF TIME, OR TO MAKE ANY AGREEMENT CONTRARY TO THE FOREGOING."

DATE _5/17/95_   SIGNATURE _Lisa M. Barette_

DO NOT WRITE BELOW THIS LINE

INTERVIEWED BY _____                                    DATE _____

REMARKS: _____

NEATNESS _____    ABILITY _____

HIRED: ☐ Yes ☐ No    POSITION _____    DEPT. _____

SALARY/WAGE _____    DATE REPORTING TO WORK _____

APPROVED: 1. ____    2. ____    3. ____
EMPLOYMENT MANAGER    DEPT. HEAD    GENERAL MANAGER

This form has been designed to strictly comply with State and Federal fair employment practice laws prohibiting employment discrimination. This Application for Employment Form is sold for general use throughout the United States. TOPS assumes no responsibility for the inclusion in said form of any question which, when asked by the Employer of the Job Applicant, may violate State and/or Federal Law

PC - 006072

DOJ-FOIA 000543
DOJ-FOIA 000543

# AQUILIA M. BARNETTE

1616 Keswick Road N.E.
Roanoke, VA  24012
(703) 344-3638

## OBJECTIVE

*To obtain a position that will allow me to use my customer service skills.*

## SUMMARY OF QUALIFICATIONS

| | | | |
|---|---|---|---|
| Customer Relations | Restaurant Awareness | Self-Management | General Clerical |
| Hospitality | Cash Handling | Team Awareness | Communications |

## EMPLOYMENT EXPERIENCE

**Courtyard By Marriott, Charlotte, NC  1994 - 1995**

*Night Auditor*
- Performed nightly audit of daily hotel transactions.
- Conducted front desk duties.
- Made reservations for hotel guests.

*Night Security/Houseman*
- Provided security for hotel and guests.
- Performed general houseman duties.

**Blockbuster Video, Newnan, GA  1992 - 1993**

*Customer Service Representative*
- Developed positive customer relations.
- Generated sales.
- Performed cash handling responsibilities accurately.
- Inventoried store stock.

**Arbys of Newnan, Newnan, GA  1992 - 1993**

*Team Leader*
- Provided front line service of customers, including cash handling.
- Oversaw team members as lower management leader.
- Prepared manual payroll.
- Directed food preparation.

**A-One Service Personnel, Atlanta, GA  1990 - 1993**

*Temporary*
- Performed general clerical, telemarketing, customer service and retail sales duties.

*References Available Upon Request*

PC - 006073

DOJ-FOIA 000544
DOJ-FOIA 000544

# FORM VA-4

### COMMONWEALTH OF VIRGINIA
### DEPARTMENT OF TAXATION

## PERSONAL EXEMPTION WORKSHEET

1. If no one else can claim you as a dependent, and you wish to claim yourself, write "1" ..... ___1___

2. If you are married and your spouse is not claimed on his/her own certificate, write "1" ..... ___0___

3. Exemptions for age.

   (a) If you will be 65 or older on December 31, write "1" ........................... ___0___

   (b) If you claimed an exemption on line 2 and your spouse will be
       65 or older on December 31, write "1" ............................... ___0___

4. Exemptions for blindness.

   (a) If you are legally blind, write "1" ........................... ___0___

   (b) If you claimed an exemption on line 2 and your spouse is legally blind, write "1" ....... ___0___

5. Write the number of dependents you will be allowed to claim on your
   income tax return (do not include your spouse) ........................... ___0___

6. Total exemptions (add lines 1 through 5) ........................... ___1___

------ Detach here and give the certificate to your employer. Keep the top portion for your records. ------

## FORM VA-4    EMPLOYEE'S VIRGINIA INCOME TAX WITHHOLDING EXEMPTION CERTIFICATE

| Your social security number | Name |
|---|---|
| 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 | Aguilia M. Barnette |

Street address: 1616 Keswick Ave. NE.

| City | State | ZIP code |
|---|---|---|
| Roanoke | VA. | 24012 |

### COMPLETE THE APPLICABLE LINES BELOW

1. If subject to withholding, enter the number of exemptions claimed on
   line 6 of the Personal Exemption Worksheet ........................... ___1___

2. Enter the amount of additional withholding requested (see instructions) ........................... ___0___

3. I certify that I am not subject to Virginia withholding. I meet the conditions
   set forth in the instructions (check here) ........................... ☑

Signature: A. Barnette     Date: 3/29/95

**EMPLOYER:** Keep exemption certificates with your records. If you believe the employee has claimed too many exemptions, notify the Department of Taxation, P.O. Box 1880, Richmond, Virginia 23282-1880, telephone (804) 367-8038.

VA DEPT OF TAXATION
2601064  REV 8/93

PC - 006074

DOJ-FOIA 000545
DOJ-FOIA 000545

**Department of Justice**
Immigration and Naturalization Service

OMB No. 1115-0136
**Employment Eligibility Verification**

Please read instructions carefully before completing this form. The instructions must be available during completion of this form. ANTI-DISCRIMINATION NOTICE. It is illegal to discriminate against work eligible individuals. Employers CANNOT specify which document(s) they will accept from an employee. The refusal to hire an individual because of a future expiration date may also constitute illegal discrimination.

**Section 1. Employee Information and Verification.** To be completed and signed by employee at the time employment begins.

| Name: Last | First | Middle Initial | Maiden Name |
|---|---|---|---|
| BARNETTE | Aquilia | M | |

| Address (Street Name and Number) | Apt. # | Date of Birth (month/day/year) |
|---|---|---|
| 1216 KESWICK AVE NE | | 7-7-73 |

| City | State | Zip Code | Social Security # |
|---|---|---|---|
| ROANOKE VA | VA | 24012 | 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 |

I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form.

I attest, under penalty of perjury, that I am (check one of the following):
☑ A citizen or national of the United States
☐ A Lawful Permanent Resident (Alien # A _____)
☐ An alien authorized to work until ___/___/___
(Alien # or Admission # _____)

| Employee's Signature | Date (month/day/year) |
|---|---|
| A. Barnette | 3/29/95 |

**Preparer and/or Translator Certification.** (To be completed and signed if Section 1 is prepared by a person other than the employee.) I attest, under penalty of perjury, that I have assisted in the completion of this form and that to the best of my knowledge the information is true and correct.

| Preparer's/Translator's Signature | Print Name |
|---|---|
| | |

| Address (Street Name and Number, City, State, Zip Code) | Date (month/day/year) |
|---|---|
| | |

**Section 2. Employer Review and Verification.** To be completed and signed by employer. Examine one document from List A OR examine one document from List B and one from List C as listed on the reverse of this form and record the title, number and expiration date, if any, of the document(s).

| List A | OR | List B | AND | List C |
|---|---|---|---|---|
| Document title: | | | | |
| Issuing authority: | | | | |
| Document #: | | | | |
| Expiration Date (if any): ___/___/___ | | ___/___/___ | | ___/___/___ |
| Document #: | | | | |
| Expiration Date (if any): ___/___/___ | | | | |

**CERTIFICATION** - I attest, under penalty of perjury, that I have examined the document(s) presented by the above-named employee, that the above-listed document(s) appear to be genuine and to relate to the employee named, that the employee began employment on (month/day/year) ___/___/___ and that to the best of my knowledge the employee is eligible to work in the United States. (State employment agencies may omit the date the employee began employment).

| Signature of Employer or Authorized Representative | Print Name | Title |
|---|---|---|
| | | |

| Business or Organization Name | Address (Street Name and Number, City, State, Zip Code) | Date (month/day/year) |
|---|---|---|
| | | |

**Section 3. Updating and Reverification.** To be completed and signed by employer.

| A. New Name (if applicable) | B. Date of rehire (month/day/year) (if applicable) |
|---|---|

C. If employee's previous grant of work authorization has expired, provide the information below for the document that establishes current employment eligibility.

| Document Title: | Document #: | Expiration Date (if any): ___/___/___ |
|---|---|---|

I attest, under penalty of perjury, that to the best of my knowledge, this employee is eligible to work in the United States, and if the employee presented document(s), the document(s) I have examined appear to be genuine and to relate to the individual.

| Signature of Employer or Authorized Representative | Date (month/day/year) |
|---|---|

Form I-9 (Rev. 11-21-91) N

PC - 006075

DOJ-FOIA 000546
DOJ-FOIA 000546

# Form W-4 (1994)

**Want More Money in Your Paycheck?**
If you expect to be able to take the earned income credit for 1994, you can have part of it added to your take-home pay. For details, get Form W-5 from your employer.

**Purpose.** Complete Form W-4 so that your employer can withhold the correct amount of Federal income tax from your pay.

**Exemption From Withholding.** Read line 7 of the certificate below to see if you can claim exempt status. If exempt, complete line 7; but do not complete lines 5 and 6. No Federal income tax will be withheld from your pay. Your exemption is good for 1 year only. It expires February 15, 1995.

**Note:** You cannot claim exemption from withholding if (1) your income exceeds $600 and includes unearned income (e.g., interest and dividends), and (2) another person can

claim you as a dependent on their tax return.
**Basic Instructions.** Employees who are not exempt should complete the Personal Allowances Worksheet. Additional worksheets are provided on page 2 for employees to adjust their withholding allowances based on itemized deductions, adjustments to income, or two-earner/two-job situations. Complete all worksheets that apply to your situation. The worksheets will help you figure the number of withholding allowances you are entitled to claim. However, you may claim fewer allowances than this.

**Head of Household.** Generally, you may claim head of household filing status on your tax return only if you are unmarried and pay more than 50% of the costs of keeping up a home for yourself and your dependent(s) or other qualifying individuals.

**Nonwage Income.** If you have a large amount of nonwage income, such as interest or dividends, you should consider making estimated tax payments using Form 1040-ES.

otherwise, you may find that you owe additional tax at the end of the year.

**Two Earners/Two Jobs.** If you have a working spouse or more than one job, figure the total number of allowances you are entitled to claim on all jobs using worksheets from only one Form W-4. This total should be divided among jobs. Your withholding will usually be most accurate when all allowances are claimed on the W-4 filed for the highest paying job and zero allowances are claimed for the others.

**Check Your Withholding.** After your W-4 takes effect, you can use Pub. 919, Is My Withholding Correct for 1994? to see how the amount you are having withheld compares to your estimated total annual tax. To recommend, you get Pub. 919 especially if you used the Two-Earner/Two-Job Worksheet and your earnings exceed $150,000 (Single) or $200,000 (Married). Call 1-800-829-3676 to order it. Check your telephone directory for the IRS assistance number for further help.

---

### Personal Allowances Worksheet

A  Enter "1" for yourself if no one else can claim you as a dependent . . . . . . . . . . . . . . A _____

B  Enter "1" if:
- You are single and have only one job; or
- You are married, have only one job, and your spouse does not work; or
- Your wages from a second job or your spouse's wages (or the total of both) are $1,000 or less.    . B _____

C  Enter "1" for your spouse. But, you may choose to enter -0- if you are married and have either a working spouse or more than one job (this may help you avoid having too little tax withheld) . . . . . . . . . . . . . C _____

D  Enter number of dependents (other than your spouse or yourself) whom you will claim on your tax return . . . . D _____

E  Enter "1" if you will file as head of household on your tax return (see conditions under Head of Household above) . . E _____

F  Enter "1" if you have at least $1,500 of child or dependent care expenses for which you plan to claim a credit . . F _____

G  Add lines A through F and enter total here. Note: This amount may be different from the number of exemptions you claim on your return ▶ G _____

For accuracy, do all worksheets that apply
- If you plan to itemize or claim adjustments to income and want to reduce your withholding, see the Deductions and Adjustments Worksheet on page 2.
- If you are single and have more than one job and your combined earnings from all jobs exceed $30,000 OR if you are married and have a working spouse or more than one job, and the combined earnings from all jobs exceed $50,000, see the Two-Earner/Two-Job Worksheet on page 2 if you want to avoid having too little tax withheld.
- If neither of the above situations applies, stop here and enter the number from line G on line 5 of Form W-4 below.

---
···· Cut here and give the certificate to your employer. Keep the top portion for your records. ····

| Form **W-4** | **Employee's Withholding Allowance Certificate** | OMB No. 1545-0010 |
|---|---|---|
| Department of the Treasury, Internal Revenue Service | ▶ For Privacy Act and Paperwork Reduction Act Notice, see reverse. | **1994** |

1  Type or print your first name and middle initial: *Aquila   M.*   Last name: *BARNETTE*   Your social security number: *243 57 1534*

Home address (number and street or rural route): *1616 KESWICK AVE NE*

3  ☐ Single  ☐ Married  ☐ Married, but withhold at higher Single rate.
Note: If married, but legally separated, or spouse is a nonresident alien, check the Single box.

City or town, state, and ZIP code: *ROANOKE, VA. 24012*

4  If your last name differs from that on your social security card, check here and call 1-800-772-1213 for more information ▶ ☐

5  Total number of allowances you are claiming (from line G above or from the worksheets on page 2 if they apply) . . . **5** | *1*

6  Additional amount, if any, you want withheld from each paycheck . . . . . . . . . . . **6** $ | *0*

7  I claim exemption from withholding for 1994 and I certify that I meet BOTH of the following conditions for exemption:
- Last year I had a right to a refund of ALL Federal income tax withheld because I had NO tax liability; AND
- This year I expect a refund of ALL Federal income tax withheld because I expect to have NO tax liability.
If you meet both conditions, enter "EXEMPT" here . . . . . . . . . **7** | *0*

Under penalties of perjury, I certify that I am entitled to the number of withholding allowances claimed on this certificate or entitled to claim exempt status.

Employee's signature ▶ *A. Barnette*            Date ▶ *3/29/95*    19 *95*

8  Employer's name and address (Employer: Complete 8 and 10 only if sending to the IRS)    9 Office code (optional)   10 Employer identification number

Cat. No. 10220Q

PC - 006076

DOJ-FOIA 000547
DOJ-FOIA 000547

# Eligibility Assistance Service

43 Reserve Ave., Suite 139, Roanoke, VA 24016

(703) 224-2020
1-800-365-2445

Best Western

RE: Employment of _Aquilia Barnette_

SSN _243571534_

Case Name: _Same_

Dear Employer:

In order for eligibility to be determined for public assistance, we need you to furnish the information below.

(1) Please list **ALL** **GROSS** pay **RECEIVED** in the months of _May_, _June_

_____, _____. (Include Pay Periods that ended in a previous month. Please be sure to address all dates the employee would normally get paid.)

| Pay period ending | DATE RECEIVED | GROSS AMT | TIPS |
|---|---|---|---|
| 3-31-95 | 4-7-95 | 305.30 | NO |
| 4-14-95 | 4-21-95 | 207.50 | NO |
| 4-28-95 | 5-5-95 | 317.93 | NO |
| 5-12-95 | 5-19-95 | 293.10 | NO |
| 5-26-95 | 6-2-95 | 142.30 | NO |
| 6-9-95 | 6-16-95 | 116.10 | NO |

(2) Also list projected income expected to be received for the remainder of _June_ and for the following month of _7X.00_.

(3) Date employed: _3-19-95_

(4) Hourly rate: _5.00_

(5) Average number of hours worked per week: _25_

(6) Frequency of pay (monthly/weekly/bi-weekly): _____

(7) Date first check received: _4-7-95_

(8) If no longer working, last date worked: _____
    Date of receipt of last check: _6-16-95_

(9) Will employee receive disability payments? _NO_
    Date_____ Gross_____ Frequency_____

(10) If temporarily absent, expected date of return:_____

b6
b7C

Your time and consideration is greatly appreciated.

_____ Representative

_Best Western_
Company Name

_Front Office Manager_
Title

_703-362-2400_
Telephone Number

_June 21, 1995_
Date

(4/94 INCOME LTR)

PC - 006077

DOJ-FOIA 000548
DOJ-FOIA 000548

Roanoke Memorial Hospitals
Rehabilitation Center - Outpatient Clinic
2017 Jefferson Street, S.
Corner of South Jefferson and McClanahan Street, S.W.
Roanoke, Virginia  24014                          ACTIVITY LEVEL FORM
Telephone:  (703) 981-7407

TO WHOM IT MAY CONCERN:

_Barnett, Aquillia_ _____ was seen in this office today.

He, she

_____ Is being treated for _lac. index finger_ _____

_____ Has been unable to work since _____

_____ Is to remain off work for _____ days, weeks, months.
                                            (circle one)

_____ May return to light duty on _____ with the following

restrictions: _____

__✓__ May return to work on __5-31-95__ _____

_____ Is not able to participate in gym class for _____ days, weeks, months.
                                                          (circle one)

_____ May participate in gym class with the following restrictions:

_____

_____ Remarks: _Must have brace on_ _____

__5-31-95__
      Date                              _D. Brent Johnson_
                                        Signature of Physician

OPD-0011    7/91

PC - 006078

DOJ-FOIA 000549
DOJ-FOIA 000549

# HALL ASSOCIATES, INC.

**COMMERCIAL - INDUSTRIAL - RESIDENTIAL- REALTORS**

**RESIDENTIAL MANAGEMENT DIVISION**

213 SOUTH JEFFERSON STREET, SUITE 1007

ROANOKE, VA 24011-1714

(703) 982-5703 - (703) 344-1730 FAX

*Copy 7.15*

## RESIDENTIAL LEASE

THIS LEASE, made this _7th_ day of _March_, 19 _95_, by and between Hall Associates, Inc., Agent for _Bauman_ _____, herein referred to as "Lessor", and _Robin A. Williams_ _____, herein referred to as "Lessee",

**WITNESSETH:**

THAT LESSOR, in consideration of the rent herein reserved and agreed to be paid by Lessee and the performance of the covenants and agreements herein set forth to be kept and performed by Lessee, hereby rents to Lessee and Lessee hereby rents from Lessor the leased premises hereinafter described upon the following terms and conditions:

**LEASED PREMISES:** The Leased premises shall consist of: _two (2) bedrooms_ _1616 Keswick Rd_ _Roanoke, VA_

**TERM:** The original term of this lease shall be for _one_ ( _1_ ) years and shall commence on the _15th_ day of _March_, 19 _95_, and shall end on the _28th_ day of _February_, 19 _96_. Lessee will provide a sixty (60) day written notice to terminate at the end of the initial term of this lease, or during any holdover.

**RENT:** During the original term of this lease Lessee covenants to pay a base annual rental to Lessor of _Four thousand one hundred Fourty_ Dollars ($ _4,140.00_ ), payable in monthly installments in advance on the first day of each month in the amount of _Three hundred forty-five_ Dollars ($ _345.00_ ). If the original term does/not commence on the first day of the Month, Lessee shall pay for the period from the commencement date to the first day of the following calendar month a sum equal to one-thirtieth of the monthly rental due hereunder for each day of such period. All rents thereafter shall be payable in advance on the first day of each month. If the rental is not paid by Lessee to Lessor on or before the 5th day of the month in which it is due, the Lessee will pay, per occurrence, as additional rent a ten (10%) percent late charge. Any check returned for non-sufficient funds or for any other reason will be treated for purposes of determining any late charges as if payment has not been received, plus a $20.00 NSF check charge. _March 15, 1995_ rent prorated to $ _189.00_ _____, due and payable no later than _start of lease_. Neither the existence of these late fees nor any pattern of prior conduct by Lessor will excuse Lessee from making rental payments in full when due, and Lessor hereby retains all rights to take whatever action Lessor deems appropriate if any rental payment is not received when due. All rents due Lessor shall be paid when due to **Hall Associates, Inc., 213 South Jefferson Street, 1007 Dominion Bank Building, Roanoke, Virginia 24011-1714, ATTENTION: Residential Management Division, (703) 982-5703.**

If Lessor shall at any time or times accept said rent or partial payment after it shall become due and payable, such acceptance shall not excuse delay upon subsequent occasions, or constitute, or be construed as a waiver of any or all of Lessor's rights hereunder.

**HOLDING OVER:** Should Lessee hold over after the expiration of the term of this lease, then this lease shall continue to renew periodically thereafter, each period being comprised of _one month_ with the same terms and conditions of the lease (unless specifically modified in writing), until Lessor or Lessee to give the other of the lease to this agreement a sixty (60) day written notice of its intent to terminate the lease.

**SECURITY DEPOSITS:** Lessee agrees to deposit with Lessor prior to or on the date of lease commencement $ _200.00_ _____ as a security deposit including $ _N/A_ _____ additional pet deposit, which may be applied solely by the Lessor to the payment of accrued rent and the amount of damages which the Lessor has suffered by reason of Lessee's failure to properly maintain the leased premises reasonable wear and tear excepted, or other damages as provided in the rental agreement, all as itemized by the Lessor in a written notice given to the Lessee, together with the amount due, if any, within thirty (30) days after termination of the tenancy and delivery of possession. Security Deposits will be held by Owner. Security Deposit will not be used by Lessee for the payment of final month's rent in advance during occupancy. Said procedure will be considered breach of lease.

**USE OF PREMISES:** The leased premises shall be used and occupied by Lessee during the entire term as a dwelling unit. Any occupancy by individuals not identified on his lease will constitute a breach of this lease. Additional adults or children must have written consent of Hall Associates, Inc.

The leased premises shall not be used for any other lawful purpose without Lessor's written consent, which consent shall not be unreasonably withheld. Lessee shall not use or knowingly permit any part of the leased premises to be used for any unlawful purpose.

**SUBORDINATION:** Lessee accepts this lease subject and subordinate to all present and future mortgages and deeds of trust now or hereafter a lien upon or affecting the leased premises or the property of which the leased premises are a part. In the event this lease becomes subject or subordinate to a lien of any future mortgage or a deed of trust shall enter into a written agreement with Lessee to the effect that, in the event of foreclosure or other action taken under the mortgage of deed of trust, this lease and the rights of Lessee hereunder shall not be disturbed or affected in any way and shall continue in full force and effect until the expiration of this lease or its earlier termination as a result of Lessee's default hereunder.

**ALTERATIONS:** No alterations or improvements in and to the leased premises shall be commenced without the Lessor's written consent thereto.

PC - 006079

DOJ-FOIA 000550
DOJ-FOIA 000550

**ASSIGNMENT-SUBLETTING:** Lessee shall not assign this lease nor sublet the Leased Premises, in whole or in part, without Lessor's prior written consent. If consent to assign or sublease is obtained, no such assignment or sublease shall in any way release or relieve Lessee from any of its covenants of undertakings contained in this lease agreement, and in all cases under this paragraph, Lessee shall remain liable on this lease during the original and all renewal terms. Lessor shall have the right to enter into a new lease directly with the prospective sublessee or assignee. An administrative subletting fee of 1/2 months rent plus advertising costs will be paid by current Lessee if Lessor handles the entire subleasing process. Said fee can be reduced to $50.00 if Lessee handles ad inquiries and showing of premises.

**UTILITIES:** Lessee shall promptly pay all fuel, water, gas, electricity, sewerage, telephone and other utility bills, as the same become due, it being understood and agreed that the Lessee shall promptly make all required deposits for meters and utility service. Charges for the foregoing shall commence on the original term of this lease. Lessor shall not be liable for any interruption or failure in the supply of any utility to the Leased Premises. The following utilities are provided by Lessor:

water/sewage _____ _____

_____ _____ _____

Oil proration will be $ N/A and is due and payable at start of lease. Rental rate will automatically increase $20/per month for each window A/C installed by Lessee if electricity is provided by Lessor.

Lessee shall be charged for any extraordinary utility consumption caused by the negligence of the Lessee in reporting any required maintenance or by an unauthorized guests(s). Such charge will be assessed the Lessee as additional rent.

**INSURANCE AND INDEMNITY:** Lessee will indemnify and save harmless Lessor and Leasing Agent from any and all liability, damage, loss, expense, cause of action, suits, claims, or judgments arising from injury to person or property on the Leased Premises, or upon the adjoining sidewalks, or otherwise resulting from the use of the Leased Premises nor shall the owner be liable for losses or damages resulting from failure interruption, or malfunction in the utilities provided to resident. Lessee is responsible for carrying renter's insurance coverage on personal property. No waterbeds will be permitted without renter's insurance coverage including a waterbed rider. Food losses due to malfunctioning refrigerator will not be reimbursed by Lessor.

**LESSEE'S OBLIGATIONS:** _R.A.W_____ _____

Lessee shall:

A. Comply with all obligations primarily imposed upon Lessee by applicable provisions of building and housing codes materially affecting health and safety.

B. Keep that part of the premises that he occupies and uses as clean and safe as the condition of the premises permits.

C. Remove from his dwelling unit all ashes, garbage, rubbish and other waste in a clean and safe manner and in appropriate receptacles.

D. Keep all plumbing fixtures in the dwelling unit or used by the Lessee as clean as their condition permits.

E. Use in a reasonable manner all electrical, plumbing, sanitary, heating, ventilating, air conditioning or other facilities and appliances, including elevators, in the premises.

F. Not deliberately or negligently destroy, deface, damage, impair or remove any part of the premises or permit any person to do so whether known by the Lessee or not.

G. Conduct himself, and require other persons on the premises with his consent, whether known by Lessee or not, to conduct themselves, in a manner that will not disturb his neighbor's peaceful enjoyment of the premises; All volumes will be reduced between the hours of 10:00 PM & 8:00 AM.

H. Maintain control of keys at all times. Service charge to Lessee for lockouts during normal business hours is $15.00 and during evening, weekend and holiday hours is $25.00.

I. Use temporary window coverings (sheets, towels, blankets) no more than five (5) days after the start of the lease prior to permanent window coverings.

J. Use plastic bags with nylon ties for all trash placed in exterior garbage containers. Lessee will clean up any litter created in the garbage container area created by animals or City garbage employees.

K. Make reasonable efforts of preventive pest control through cleanliness and proper storage of foods, as well as, exercise pest control treatment available to consumers with the exception of termites. Lessee will conduct all pest control measures for single family homes with the exception of termites.

L. Provide Lessor with certificate of inspection by local authority that any usable chimney has been inspected prior to use, and is safe for operation.

**REPAIRS BY LESSEE:** Lessee accepts the responsibility of checking circuit breakers, replacing fuses and plunging toilets and drains prior to requesting maintenance by Lessor.

It is further that Lessee will be fully responsible to repair any damage, regardless of cost, caused by the negligence of Lessee, Lessee's family, invitees and all others coming upon the leased premises at the request of or with the permission of Lessee. Lessee will be responsible for all broken glass, regardless of cause of breakage.

**SNOW AND ICE REMOVAL:** If the property occupied is a single family home or duplex, it is agreed that it will be the responsibility of Lessee to remove any snow or ice in a timely manner as required by law. Lessee hereby agrees to indemnify Lessor from any claim or damage arising from Lessor's failure to comply with the provisions of this Article.

**CONDEMNATION:** If the whole of the leased premises shall be taken or condemned by any competent authority for any public use or purpose, then the lease term shall cease on the day prior to the taking of possession by such authority or on the day prior to the vesting of title in such authority, whichever first occurs, and rent hereunder shall be paid to and adjusted as of that day.

If a portion of the leased premises shall be condemned or taken and, as a result, there shall be such a major change in the character of the leased premises as to prevent Lessee from using it in substantially

-2-

PC - 006080

DOJ-FOIA 000551
DOJ-FOIA 000551

the same manner as contemplated by this lease, either party may cancel this lease, as of the date when the party of the premises so taken or condemned shall be required for such public purpose; provided, however, any party desiring to cancel this lease shall give written notice to the other party within fifteen (15) days after the date of any taking or vesting of title. In the event Lessee remains in possession and occupation of the remaining portion, all the terms and conditions of this lease shall remain in full force and effect with respect to such remaining portion, except that the rent reserved to be paid hereunder shall be equitably adjusted according to the amount and value of such remaining space; and provided further that Lessor shall do all work necessary to make a complete architectural unit of the remainder of the leased premises, and this lease shall continue for the balance of its term, subject to the terms and conditions herein stated.

**ATTORNEY'S FEES:** Lessor shall be entitled to all attorneys' fees permitted under the Virginia Residential Landlord and Tenant Act, Section 55-248.1, et seq., of the Code of Virginia, as may be amended from time to time. If Lessor or Agent conducts the legal and/or collection process in lieu of any attorney, a 15% fee will be added to the amount in default, or as directed by the court.

**ANIMALS:** No animals or pets shall be allowed on or within the leased premises without the prior consent of the Lessor in writing for the specific animal by type, weight and age with no replacements or substitutions at the start of lease or at any future date. If such consent is given, Lessor may require an additional sum as a security deposit to cover any damages caused by such animals or pets. If permission is given to Lessee to have an animal or pet on or about the leased premises, consent may later be denied if any damages occur as a result of Lessor allowing Lessee such privilege and any additional pet security deposit shall be returned to Lessee within a reasonable time after deducting from such deposit any costs for material and labor to repair any damages or to replace any items destroyed. In any event, all responsibility and liability for any and all damages caused by such animal or pet shall be that of the Lessee. If an unauthorized animal or evidence of an unauthorized animal is found on the leased property, Lessor may, at Lessor's option, (1) declare a default and give Lessee notice to vacate, (2) authorize the animal to remain and collect additional security as set forth above, (3) demand that the unauthorized animal be removed from the premises, and/or (4) collect from Lessee a non-refundable fee of $200.00 for each such animal. Lessor may impose the $200.00 fee while exercising any of the other options.

**FIRE AND OTHER CASUALTY:** If the leased premises be damaged by fire or other casualty, without fault or negligence on the part of Lessee, its employees or invitees, Lessor, unless it shall elect otherwise as hereinafter provided, shall promptly repair the same. If substantial damage from fire or other casualty shall occur to such extent that the cost of restoration would exceed thirty-five (35%) percent of the amount it would cost to restore the leased premises in their entirety at the time of such damage, Lessor may elect within thirty (30) days after the damage shall occur to terminate the lease; but if the Lessor elects to repair the leased premises, the rent shall abate until the premises are restored to a tenantable condition, except that there shall be no abatement of rent if damages be caused by act or negligence of Lessee, its employees or invitees. Lessee will remove all debris and leave the premises in the same condition as such premises were at the beginning of this lease.

**ACCESS:** The Lessee shall not unreasonably withhold consent to Lessor to enter into the leased premises in order to inspect same, make necessary or agreed repairs, decorations, alterations or improvements, supply necessary or agreed service or exhibit the dwelling unit to prospective or actual purchasers, mortgages, tenants, workmen or contractors. Lessor may enter the dwelling unit without consent of the Lessee in case of emergency or in response to requested maintenance or repair. Lessor shall not abuse the right of access or use it to harass the Lessee. Except in case of emergency, requested maintenance or repair or if it is impractical to do so, the Lessor shall give the Lessee reasonable notice of his intent to enter and may enter only at reasonable times.

**LESSEE'S ABSENCE:** If Lessee anticipates that Lessee and his family will be absent from the leased premises for a period in excess of fourteen (14) days, Lessee agrees to notify Lessor of same in writing in advance. If Lessee fails to notify Lessor of such absence, Lessor may recover actual damages from Lessee. During any absence of Lessee in excess of fourteen (14) days, Lessor may enter the dwelling unit at times reasonably necessary to protect his possessions and property. If Lessee has willfully breached this rental agreement for any reason, is no longer occupying premises and has removed at least 75% of personal possessions, Lessor may enter, after posting a notice on door of premises for a period of seventy-two (72) hours, and remove any remaining personal property for disposal at the discretion of Lessor.

**NONCOMPLIANCE WITH RENTAL AGREEMENT; FAILURE TO PAY RENT:** Except as otherwise provided in the Virginia Residential Landlord and Tenant Act, if there is a material noncompliance by the Lessee of the rental agreement or a violation of Lessee's obligation to maintain the leased premises, the Lessor may deliver a written notice to the Lessee specifying the acts and omissions constituting the breach and that the rental agreement will terminate upon a date not less than thirty (30) days after receipt of the notice if the breach is not remedied in twenty-one (21) days, and the rental agreement shall terminate as provided in the notice. If the breach is remediable by repairs, conduct or the payment of damages, or otherwise, and the Lessee adequately remedies the breach prior to the date specified in the notice, the rental agreement shall not terminate. If the breach is non-remediable, Lessor must provide thirty (30) days notice to terminate rental agreement specifying acts and omissions constituting the breach. If rent is unpaid when due and Lessee fails to pay rent within five (5) days after written notice by the Lessor of nonpayment and his intention is to terminate the rental agreement, if the rent is not paid within that period of time, the Lessor may terminate the rental agreement and proceed to obtain possession of the premises. If the Lessee's noncompliance is willful, the Lessor may recover reasonable attorneys' fees. Failure of the Lessee either to pay the rent or to vacate the leased premises within five (5) days after written notice of nonpayment given by the Lessor shall be deemed willful noncompliance by the Lessee. The Lessor may also terminate the rental agreement when the Lessee's check is returned NSF and the Lessee fails to pay by cash, money order or certified check within five (5) days of written notice being served on Lessee of NSF check and Lessor's intent to terminate rental agreement. A $100.00 administrative releasing fee will be charged for willful noncompliance, plus all costs, damages and rental loss until unit is released, as described by law.

**FAILURE TO MAINTAIN:** If there is a violation by the Lessee's obligation to maintain the leased premises materially affecting health and safety that can be remedied by repair, replacement of the damaged item or cleaning, and Lessee fails to comply as promptly as conditions require in case of emergency or

-3-

PC - 006081

DOJ-FOIA 000552
DOJ-FOIA 000552

within fourteen (14) days after written notice by the Lessor specifying the breach and requesting that the Lessee remedy it within that period of time, the Lessor may enter the leased premises and cause the work to be done in a workmanlike manner and submit an itemized bill for the actual and reasonable cost or the fair and reasonable value thereof as rent on the next date when periodic rent is due, or, if the rental agreement has terminated, for immediate payment.

**TERMINATION:** Lessor and Lessee hereby agree that Lessor shall have the right to terminate this lease, without cause, upon ninety (90) days' written notice to the Lessee.

**NOTICES:** Notices to Lessee shall be mailed to the address of the leased premises by certified mail. Notices to Lessor and rent payments shall be mailed to **Hall Associates, Inc., 213 South Jefferson Street, 1007 Dominion Bank Building, Roanoke, Virginia 24011-1714 ATTENTION: Residential Management Division,** or to such other places as Lessor may in writing designate.

**CLEANING OF PREMISES:** Lessee, upon vacating the premises, will clean the premises and, in the event of failure to do so, will pay Lessor the costs incurred in having the premises cleaned. In addition, the Lessee agrees to reimburse the Lessor for the cost of steam cleaning the carpets by a commercial carpet cleaner if not done by Lessee. If cleaning of apartment is required, a charge of $10.00 per man hour will be payable by Lessee. Lessee will be responsible for treatment by professional exterminator for flea infestation if infestation remains in unit after vacating animals or pets.

**FURNISHINGS:** The following appliances and/or furnishings are provided by the Lessor:

Stove _____ dishwasher _____ _____

refrigerator _____ _____ _____

Furniture will not be provided unless specified. Conditions will be specified on the unit acceptance addendum.

**QUIET ENJOYMENT:** Lessor expressly covenants for Lessee quiet enjoyment of its term or any optional term.

**APPLICABLE LAW:** This lease shall be governed by, construed and enforced in accordance with the laws of the State of Virginia. (Virginia Residential Landlord and Tenant Law)

**ENTIRE AGREEMENT:** This lease contains the entire agreement between the parties and shall not be modified in any manner by instrument in writing and executed by the parties.

**INVALIDITY OF PARTICULAR PROVISIONS:** If any Article or provision thereof of this lease shall, to any extent, be invalid or unenforceable, the remainder of this lease shall not be affected thereby, and each provision of this lease shall be valid and be enforced to the fullest extent permitted by law.

**NO WAIVER OF LESSOR'S RIGHT TO TERMINATE:** Lessor and Lessee agree that acceptance of rent payments with knowledge of a default by Lessee or performance by Lessee that varies from the terms of the rental agreement in no way constitutes a waiver of any rights available to the Lessor to terminate the rental agreement after the breach has occurred.

**SUCCESSORS AND ASSIGNS:** All parties hereto agree that all of the provisions hereof shall bind and inure to the benefit of the parties hereto, their heirs, legal representatives, successors and assigns.

**SPECIAL PROVISIONS:** Special provision of this lease are attached hereto as a part hereof as Addendum Pages Numbered _N/A_ through _N/A_.

**JOINT AND SEVERAL LIABILITY:** If two or more individuals shall execute this lease as Lessee, the liability of each such individual to pay rent and perform all other of Lessee's obligations hereunder shall be deemed to be joint and several.

**FINAL UNDERSTANDING:** This lease agreement represents the final understanding between Lessor and Lessee and the obligations of each party hereunder cannot be changed or modified unless by writing signed by the parties whose obligations are to be modified and endorsed hereon or attached hereto.

**ADDITIONAL TERMS:** _____
_____
_____
_____
_____

*Lessee and Lessor have each executed this Lease on the day and year first hereinabove written.*

*Lessee acknowledges that Hall Associates, Inc. is the Agent of the Property Owner/Lessor, not the Agent of the Lessee.*

**HALL ASSOCIATES, INC.**

By: _____

LESSEE: Robin Williams

LESSEE: _____

LESSEE/COSIGNER: _____

-4-

PC - 006082

DOJ-FOIA 000553
DOJ-FOIA 000553



SEARCHED _____
SERIALIZED _____

DEC 1 7 1996

FBI - C

PC - 006083

DOJ-FOIA 000554
DOJ-FOIA 000554

 

## VOLUNTARY STATEMENT
### (Under Arrest)

DATE ...May 7, 1992............TIME......10:55AM......... PLACE ......Newnan Police Dept.............. ......... .........

I, .........Marc Barnette............ ....................... ............................................................., am......18.............years of age

and my address is ...86E Chestnut Lane Apts., Newnan, Ga.....................................................................

I have been advised and duly warned by.......Sgt [        ]................................................................,    b6

who has identified himself as...an officer of the Newnan Police Dept...................................................,   b7C
of my right to the advice of counsel before making any statement, and that I do not have to make any statement at all,
nor incriminate myself in any manner.

I hereby expressly waive my right to the advice of counsel, and voluntarily make the following statement to the aforesaid
person, knowing that any statement I make may be used against me on the trial or trials for the offense or offenses con-
cerning which the following statement is herein made.

I declare that the following statement is made of my own free will without promise of hope or reward, without fear or
threat of physical harm, without coercion, favor or offer of favor, without leniency or offer of leniency, by any person or
persons whomsoever.

My fiance, Natasha Heard and I have beenhaving some trouble lately. Anthony Britt has been talking to her, and that has been making things worse. I have also been talking to ANthony's sister, Crystal Dennis, and Anthony has been telling her things about me.

On Friday, May 1, after I got off work, I went by Crystal's apartment on Hannah St. While I was there, Anthony came over. Several times that evening, ANthony asked me to come out side with him. I never did, because I had nothing to say to him.

I finally left Crystal's apartment about 1:30AM, and was walking home. When I got on Augusta Dr., near the railroad tracks, Anthony came out on the street, and hollered at me. I turned around, and saw there were several other people with him. Anthony came running up to and started arguing with me. He was telling me what he was going to do to me, and said that I had been talking about his son.

I told Anthony I didn't want any trouble, and I kept walking. Anthony followed me, and kept on talking to me about my fiance and what he was going to do to me. He finally got in front me, and I tried going around me, and he pushed me. I tried going around him a second time, and he pushed me again.

I had my pistol with me, and when he pushed me the second time, I pulled my pistol, and sho once, and hit Anthony. I shot two more times, but I didn't hit anybody.

I was afraid at that time because of the crowd that was with Anthony. When I shot, the crc took off running, and I ran toward my apartment. When I got near my apartment, I threw the gun into some woods. The gun is a 22 caliber revlover X *Marc Barnette*

I have read this statement consisting of... 1 (one) page(s), and I affirm to the truth and accuracy of the facts contained therein.

This statement was completed at 11:07 A.M, on the 7th ...day of. May ....................... 19 92..

WITNESS: *Rodney Floyd* ........................

WITNESS: .... ..................................

X *Marc Barnette*
Signature of person giving voluntary statement

PC - 006084

DOJ-FOIA 000555
DOJ-FOIA 000555

**ARREST/BOOKING REPORT**

GA: ~~04361130~~ 17:00    92-05-0009

**PERSONAL DATA**

DEFENDANT NAME (LAST, FIRST, MIDDLE): Bonner, Aquila Marovicci
RACE: B    SEX: M    DATE OF BIRTH: 07 07 73    PLACE OF BIRTH: North Carolina

AGE: 18    HEIGHT: 505    WEIGHT: 136    HAIR: Blk    EYES: Bro    SOCIAL SECURITY NUMBER: 243 57 1534    VISIBLE SCARS AND MARKS:    OCIC/CK:    DOCKET NUMBER:

ADDRESS - NUMBER AND STREET: 816-El Chestnut Ln.    CITY AND STATE: Newnan, Ga.    PHONE NUMBER: 253 8212

ALIAS: Mark
DRIVERS LICENSE NUMBER: 243571534    STATE: GA

EMPLOYER OR OCCUPATION: Arbys    ARRESTING AGENCY: Newnan P.D.    ARRESTING OFFICER: Wood/Riggs    NUMBER: 283/241

BOOKING OFFICERS NAME: Riggs    NUMBER: 241    FINGERPRINTED/PHOTOGRAPHED BY: Riggs    NUM: 241    CURRENT DATE: 050792

DATE OF ARREST: 050792    TIME: 1700    LOC CODE:    LOCATION: 8-1A Pinewood Villas

OFFENSE DATE: 050292    ID NUMBER:    FBI NUMBER:    AGENCY ID NUMBER:

**CHARGE / LOCATION / BOND / DISPOSITION**

| CHARGE I.D. | COUNTS 1 | A | COUNTS 1 | B | COUNTS 1 | C |
|---|---|---|---|---|---|---|
| CHARGE | Dish F/A in City | | Battery / Reckless Conduct | | Pointing Gun At Another | |
| STATUTE | 16-20(c) | | 16-5-23.1 | 16-5-60 | 16-11-102 | |
| AT OR NEAR SCENE | YES ☑ NO | | YES ☑ NO | | YES ☑ NO | |
| OFFENSE | CITY COUNTY STATE OUT OF STATE UNK | | CITY COUNTY STATE OUT OF STATE UNK | | CITY COUNTY STATE OUT OF STATE UNK | |
| ARREST | CITY ☑ COUNTY STATE OUT OF STATE UNK | | CITY ☑ COUNTY STATE OUT OF STATE UNK | | CITY ☑ COUNTY STATE OUT OF STATE UNK | |
| BOND AMT. | | | | | | |
| BOND TYPE | | | | | | |
| RET. DATE | | | | | | |
| BOND CO. | | | | | | |

| | DAYS | AMOUNT | DAYS | AMOUNT | DAYS | AMOUNT |
|---|---|---|---|---|---|---|
| SENTENCE | | | | | | |
| TIME SERVED | | | | | | |
| GOOD TIME | | | | | | |
| BALANCE | | | | | | |
| PAID | | | | | | |
| RECPT. NO. | | | | | | |
| RETURNED | | | | | | |
| RECPT. NO. | | | | | | |

CELL NUMBER:    TRANSFER:    REASON:

**MEDICAL**

ANY KNOWN ALLERGIES: No    IF YES, WHAT:    No
ANY HISTORY OF HEART DISEASE: No    DIABETES: No    EPILEPSY: No    HIGH BLOOD PRESSURE: No
IS SUBJECT NOW UNDER DOCTORS CARE AND/OR TAKING ANY MEDICATIONS: No    IF YES, WHAT:

**DRUG**

ANY SIGNS/HISTORY OF DRUG USE? ☐ YES ☑ NO    IF YES, INDICATE TYPE(S):
☐ 1 - AMPHETAMINE    ☐ 2 - BARBITURATE    ☐ 3 - COCAINE    ☐ U - UNKNOWN
☐ 4 - HALLUCINOGEN    ☐ 5 - HEROIN    ☐ 6 - MARIJUANA
☐ 7 - METHAMPHETAMINE    ☐ 8 - OPIUM    ☐ 9 - SYNTHETIC NARCOTIC

RELEASE DATE:    TIME:    RELEASING OFFICER - LAST NAME:    NUMBER:    AGENCY RELEASED TO:

SIGNATURE OF RECEIVING OFFICIAL X _____    LIST ANY REMARKS BELOW

DEFENDANTS PERSONAL PROPERTY RECEIPT    TOTAL CASH AT TIME OF ARREST $

| QTY. | ITEM | QTY. | ITEM |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

I HEREBY STATE THAT THE PROPERTY LISTED ABOVE CONSTITUTES ALL CLAIMS TO PROPERTY ON MY PERSON AT THE TIME OF MY ARREST.

X _____
DEFENDANTS SIGNATURE AT TIME OF ARREST    WITNESS

I HEREBY STATE THAT THE ABOVE LISTED PROPERTY WAS RETURNED TO ME, IN SATISFACTION OF ALL CLAIMS TO PROPERTY ON MY PERSON AT THE TIME OF MY ARREST, ON THE DATE OF MY RELEASE.

X _____

GCIC-UCR-006 (5-90)

PC - 006085

DOJ-FOIA 000556
DOJ-FOIA 000556

WAIVER OF COUNSEL

I, _MARC BARNETTE_____, HAVE BEEN INFORMED BY THE
UNDERSIGNED LAW ENFORCEMENT OFFICERS, PRIOR TO BEING QUESTIONED BY THEM,

1. THAT I MAY REMAIN SILENT AND DO NOT HAVE TO MAKE ANY STATEMENT AT ALL.

2. THAT ANY STATEMENT WHICH I MIGHT MAKE CAN AND WILL BE USED AGAINST ME IN COURT.

3. THAT I HAVE A RIGHT TO CONSULT WITH AN ATTORNEY BEFORE MAKING ANY STATEMENT AND TO HAVE SUCH ATTORNEY PRESENT WITH ME WHILE I AM MAKING A STATEMENT.

4. THAT IF I DO NOT HAVE ENOUGH MONEY TO EMPLOY AN ATTORNEY, I HAVE A RIGHT TO HAVE ONE APPOINTED BY THE COURT, FREE OF CHARGE, TO REPRESENT ME; TO CONSULT WITH HIM BEFORE MAKING ANY STATEMENT; AND TO HAVE HIM PRESENT WITH ME WHILE I AM MAKING A STATEMENT.

5. THAT IF I REQUEST AN ATTORNEY, NO QUESTIONS WILL BE ASKED ME UNTIL AN ATTORNEY IS PRESENT TO REPRESENT ME.

6. THAT I CAN DECIDE AT ANY TIME TO EXERCISE THESE RIGHTS AND NOT ANSWER ANY QUESTIONS OR MAKE ANY STATEMENTS.

AFTER HAVING MY RIGHTS EXPLAINED TO ME, I FREELY AND VOLUNTARILY WAIVE MY RIGHT TO AN ATTORNEY. I AM WILLING TO MAKE A STATEMENT TO THE OFFICERS. I CAN READ AND WRITE THE ENGLISH LANGUAGE AND FULLY UNDERSTAND MY RIGHTS TO AN ATTORNEY. I HAVE READ THIS WAIVER OF COUNSEL AND FULLY UNDERSTAND IT. NO THREATS OR PROMISES HAVE BEEN MADE TO ME TO INDUCE ME TO SIGN THIS WAIVER OF COUNSEL AND TO MAKE A STATEMENT TO THE OFFICERS.

THIS __7th__ DAY OF __MAy_____, 19 _92_

$10\frac{35}{A.M.}$              X _Marc Barnette_____

ALL OF THE ABOVE RIGHTS IN THE ABOVE WAIVER OF COUNSEL WERE READ AND EXPLAINED TO THE ABOVE DEFENDANT BY ME AND HE FREELY AND VOLUNTARILY WAIVED HIS RIGHT TO AN ATTORNEY. NO THREATS, PROMISES, TRICKS, OR PERSUASION WERE EMPLOYED BY ME OR ANYONE IN MY PRESENCE TO INDUCE HIM TO WAIVE HIS RIGHTS TO AN ATTORNEY AND TO MAKE A STATEMENT WITHOUT AN ATTORNEY. HE FREELY AND VOLUNTARILY SIGNED THE ABOVE WAIVER OF COUNSEL IN MY PRESENCE AFTER HAVING READ IT.

_____

_____

WITNESSED BY:_____          _____

PC - 006086

DOJ-FOIA 000557
DOJ-FOIA 000557

Newnan Police Dept.    TEL:770-254-2347    Sep 23'96    15:46 No.003 P.01

**EVENT**

INCIDENT TYPE: Aggravated Assault

COUNTS: 1    INCIDENT CODE

PREMISE TYPE:
- X HIGHWAY | 2 SVC. STATION
- 3 CONVENIENCE STORE | 4 BANK
- 5 COMMERCIAL | 6 RESIDENCE
- 7

INCIDENT LOCATION: Railroad Tracks at Augusta Dr    LOC. CODE

WEAPON TYPE:
- 1 GUN | 2 KNIFE CUTTING TOOL
- 3 HANDS/FIST, ETC. | 4 OTHER

| INCIDENT DATE | TIME | DATE | TIME | STRANGER TO STRANGER X |
|---|---|---|---|---|
| 050292 | 0130 | TO | | YES ☐ NO ☒ UNK ☐ |

COMPLAINANT: SAME    ADDRESS    PHONE NUMBER

**VICTIM**

| RACE | SEX | AGE | RESIDENCE PHONE | BUSINESS PHONE |
|---|---|---|---|---|
| B | M | 18 | 3040176 | None | b6 b7C b7D |

CENSUS TRACT    EMPLOYER OR OCCUPATION: None

**OFFENDER**

NAME: Aguila Mark Barnette (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)

| RACE | SEX | DATE OF BIRTH | AGE |
|---|---|---|---|
| B | M | 070773 | |

WANTED ☐    ADDRESS: 86 E. Chestnut Ln, Apts. Newnan, GA

CENSUS TRACT | HEIGHT 505 | WEIGHT 130 | HAIR BLK | EYES BRO

WARRANT | CHARGES | COUNTS | OFFENSE CODE | OFFENSE/ARREST | JURIS.
- ☒ Battery | 1 | | 1 / | 1 CITY
- ARREST: Reckless Conduct | 1 | | 1 / | 2 COUNTY
- ☒ Pointing Gun at Another, Discharge F/A in City | 1 | | 1 / | 3 STATE / 4 OUT OF STATE / 5 UNKNOWN

TOTAL NUMBER ARRESTED: 51    ARREST AT OR NEAR OFFENSE SCENE: YES ☐ NO ☒    DATE OF OFFENSE: 050292

PLATE ONLY    VIN PLATE ONLY

**VEHICLE**

| | TAG NUMBER | STATE | YEAR | V.I.N. |
|---|---|---|---|---|
| STOLEN | | | | |
| RECOV'D | YEAR | MAKE | MODEL | STYLE | COLOR |
| SUSPECTS | | | | |

MOTOR SIZE (CID)    AUTO ☐  MAN. ☐  SPD. ☐  TRANS.    INSURED BY    b6 b7C

**WITNESS**

NAMES    ADDRESS    PHONE NUMBER: None

**PROPERTY**

| | VEHICLES | CURRENCY, NOTES, ETC. | JEWELRY, PREC. METALS | FURS |
|---|---|---|---|---|
| STOLEN | | | | |
| RECOVERED | | | | |
| | CLOTHING | OFFICE EQUIP. | TV, RADIO, ETC. | HOUSEHOLD GOODS |
| STOLEN | | | | |
| RECOVERED | | | | |
| | FIREARMS | CONSUMABLE GOODS | LIVESTOCK | OTHER | TOTAL |
| STOLEN | | | | | |
| RECOVERED | | | | | |

PROPERTY RECOVERY INFO ONLY

JURISDICTION CODES
1. CITY
2. COUNTY
3. STATE
4. OUT OF STATE
5. UNKNOWN

THEFT/RECOVERY ☐ ☐    DATE OF THEFT

**ADM.**

GCIC ENTRY ☐ WARRANT  ☐ MISSING PERSONS  ☐ VEHICLE  ☐ ARTICLE  ☐ BOAT  ☐ GUN  ☐ SECURITIES

**DRUG**

DID INVESTIGATION INDICATE THAT THIS INCIDENT WAS DRUG-RELATED?  ☐ YES  ☒ NO

IF YES, PLEASE INDICATE THE TYPE OF DRUG(S) USED BY OFFENDER
- ☐ 1 - AMPHETAMINE  ☐ 2 - BARBITURATE  ☐ 3 - COCAINE  ☐ 4 - HALLUCINOGEN  ☐ 5 - HEROIN
- ☐ 6 - MARIJUANA  ☐ 7 - METHAMPHETAMINE  ☐ 8 - OPIUM  ☐ 9 - SYNTHETIC NARCOTIC  ☐ U - UNKNOWN

**CLEAR**

REQUIRED DATA FIELDS FOR CLEARANCE REPORT:  ☒ CLEARED BY ARREST  ☐ EXCEPTIONALLY CLEARED  ☐ UNFOUNDED

REPORT DATE: 050292    b6 b7C b7D

DATE OF CLEARANCE: 050792    ☒ ADULT  ☐ JUVENILE

**NARRATIVE**

REPORTING

1 — White Copy — LOCAL RECORDS  2 — Green Copy — GCIC  3 — Pink Copy — LOCAL RECORDS
4 — Yellow Copy — CLEARANCE REPORT: (mail to GCIC when case is cleared by arrest,
exceptional means or unfounded)

b6 b7C

GCIC-UCR-004 (6/90)

PC - 006087

DOJ-FOIA 000558
DOJ-FOIA 000558

Case 3:12-cv-00327-MOC    Document 77-13    Filed 12/22/14    Page 19 of 100
Bates No. 14093

NO. _____93R107_____

## STATE OF GEORGIA, COWETA COUNTY

The Grand Jurors Selected, Chosen and Sworn for Coweta County, to wit:

Foreperson:



in the name and behalf of the citizens of Georgia, charge and accuse
AGUILIA MARCIVICCI BARNETTE _____

_____ with the offense of

CRUELTY TO CHILDREN (16-5-70) _____; for that the said

AGUILIA MARCIVICCI BARNETTE _____

_____ on the date of

on or about January 23, 1993 _____

### COUNT I

in the county aforesaid did then and there unlawfully and maliciously
cause Mario Weaver, a child under 18 years of age, cruel and excessive
physical and mental pain by striking and beating said child with a
clothes hanger, contrary to the laws of said State, the good order,
peace and dignity thereof.

Page 1 of 3

PC - 006088

DOJ-FOIA 000559
DOJ-FOIA 000559

## COUNT II

And the jurors aforesaid, in the name and behalf of the citizens of Georgia further charge and accuse the said AGUILIA MARCIVICCI BARNETTE with the offense of CRUELTY TO CHILDREN (16-5-70); for that the said AGUILIA MARCIVICCI BARNETTE in the County of Coweta and the State of Georgia, on or about January 23, 1993, did then and there unlawfully and maliciously cause Jessica Nicole Dennis, a child under 18 years of age, cruel and excessive physical and mental pain by striking and beating said child with a clothes hanger, contrary to the laws of said State, the good order, peace and dignity thereof.

Page 2 of 3

PC - 006089

DOJ-FOIA 000560
DOJ-FOIA 000560

**EVENT**

| INCIDENT TYPE | | COUNTS | INCIDENT CODE | PREMISE TYPE | |
|---|---|---|---|---|---|
| CRUELTY TO CHILDREN | | 2 | | 1 HIGHWAY | 2 SVC. STATION |
| SIMPLE BATTERY | | 1 | | 3 CONVENIENCE STORE | 4 BANK |
| | | | | 5 COMMERCIAL | 6 RESIDENCE |
| | | | | 7 | |

INCIDENT LOCATION: #1-C PINEWOOD VILLA APTS. #210 GRESION TRL. NEWNAN   LOC. CODE

WEAPON TYPE

| INCIDENT DATE | TIME | DATE | TIME | STRANGER TO STRANGER | 1 GUN | 2 KNIFE CUTTING TOOL |
|---|---|---|---|---|---|---|
| 012393 | 1600 | TO 012393 | 2400 | YES ☐ NO ☒ UNK ☐ | 3 HANDS/FIST, ETC. ☒ | OTHER METAL HANGE |

COMPLAINANT                    ADDRESS                    PHONE NUMBER   b6 / b7C / b7D

**VICTIM**

| VICTIMS NAME | | RACE | SEX | AGE | RESIDENCE PHONE | BUSINESS PHONE  b7D |
|---|---|---|---|---|---|---|
| | | | | | CENSUS TRACT | EMPLOYER OR OCCUPATION |

**OFFENDER**

| NAME | | RACE | SEX | DATE OF BIRTH | AGE |
|---|---|---|---|---|---|
| AGUILIA MARCIVICCI BARNETTE  SOC/243571534 | | B | M | 070773 | 19 |

WANTED ☐  ADDRESS: #5501 GLENRIDGE DR. ATLANTA GA.

| | CENSUS TRACT | HEIGHT | WEIGHT | HAIR | EYES |
|---|---|---|---|---|---|
| | | 505 | 130 | BLK | BRO |

WARRANT CHARGES

| WARRANT ☒ | CRUELTY TO CHILDREN | COUNTS 2 | OFFENSE CODE 16-5-70 | OFFENSE/ARREST 1 1 | JURIS. 1. CITY |
|---|---|---|---|---|---|
| ARREST ☒ | SIMPLE BATTERY | 1 | 16-5-23 | 1 1 | 2. COUNTY / 3. STATE / 4. OUT OF STATE / 5. UNKNOWN |

| TOTAL NUMBER ARRESTED | ARREST AT OR NEAR OFFENSE SCENE | DATE OF OFFENSE | |
|---|---|---|---|
| 01 | YES ☒ NO ☐ | 012393 | |

**VEHICLE(S)**

| | TAG NUMBER | STATE | YEAR | V.I.N. | | PLATE ONLY | VIN PLATE ONLY |
|---|---|---|---|---|---|---|---|
| STOLEN | | | | | | ☐ | ☐ |
| RECOV'D | YEAR  MAKE | | | MODEL | STYLE | COLOR | |
| SUSPECTS | | | | | | | |

| MOTOR SIZE (CID) | AUTO ☐ MAN ☐ SPD ☐ TRANS. | INSURED BY | PHONE NUMBER |
|---|---|---|---|

b6 / b7C / b7D

**PROPERTY**

| | VEHICLES | CURRENCY, NOTES, ETC. | JEWELRY, PREC. METALS | FURS | PROPERTY RECOVERY INFO ONLY | |
|---|---|---|---|---|---|---|
| STOLEN | | | | | THEFT/RECOVERY | JURISDICTION CODES |
| RECOVERED | | | | | ☐ ☐ | 1. CITY |
| | CLOTHING | OFFICE EQUIP. | TV, RADIO, ETC. | HOUSEHOLD GOODS | | 2. COUNTY |
| STOLEN | | | | | DATE OF THEFT | 3. STATE |
| RECOVERED | | | | | | 4. OUT OF STATE / 5. UNKNOWN |
| | FIREARMS | CONSUMABLE GOODS | LIVESTOCK | OTHER | TOTAL | |
| STOLEN | | | | | | |
| RECOVERED | | | | | | |

**ADM.**

GCIC ENTRY ☐ WARRANT   ☐ MISSING PERSONS   ☐ VEHICLE   ☐ ARTICLE   ☐ BOAT   ☐ GUN   ☐ SECURITI

**DRUG**

DID INVESTIGATION INDICATE THAT THIS INCIDENT WAS DRUG-RELATED?   ☐ YES   ☐ NO
IF YES, PLEASE INDICATE THE TYPE OF DRUG(S) USED BY OFFENDER
☐ 1 - AMPHETAMINE   ☐ 2 - BARBITURATE   ☐ 3 - COCAINE   ☐ 4 - HALLUCINOGEN   ☐ 5 - HEROIN
☐ 6 - MARIJUANA   ☐ 7 - METHAMPHETAMINE   ☐ 8 - OPIUM   ☐ 9 - SYNTHETIC NARCOTIC   ☐ U - UNKNOWN

**CLEAR**

| REQUIRED DATA FIELDS FOR CLEARANCE REPORT | ☒ CLEARED BY ARREST | ☐ EXCEPTIONALLY CLEARED | ☐ UNFOUNDED | REPORT DATE 012893 |
|---|---|---|---|---|
| DATE OF CLEARANCE 012893 | ☒ ADULT | ☐ JUVENILE | | |

**NARRATIVE**

REPORTING OFFICER                    NUMBER    APPROVING OFFICER
SGT.

1 — White Copy — LOCAL RECORDS  2 — Green Copy — GCIC  3 — Pink Copy — LOCAL RECORDS
4 — Yellow Copy — CLEARANCE REPORT: (mail to GCIC when case is cleared by arrest,
exceptional means or unfounded)

GCIC-UCR-(5/93)

PC - 006090

DOJ-FOIA 000561
DOJ-FOIA 000561

JENCY ID.
O A  0350100

SUPPLEMENTAL REPORT

CASE NUMBER
93-01-00185

[X] ORIGINAL REPORT    [ ] SUPPLEMENTAL REPORT       PAGE 2 OF 2



b6
b7C
b7D

| CASE STATUS | [ ] ACTIVE | [X] CLEARED BY ARREST | [ ] EX CLEARED | [ ] UNFOUNDED | 012893 |
|---|---|---|---|---|---|

| REPORTING OFFICER | NUMBER | APPROVING OFFICER | NUMBER |
|---|---|---|---|
| SGT. JAMES YARBROUGH | 242 | | |

PC - 006091

DOJ-FOIA 000562
DOJ-FOIA 000562

## WAIVER OF COUNSEL

I, *Aquilia Marcivicci Barnette*, HAVE BEEN INFORMED BY THE UNDERSIGNED LAW ENFORCEMENT OFFICERS, PRIOR TO BEING QUESTIONED BY THEM,

1. THAT I MAY REMAIN SILENT AND DO NOT HAVE TO MAKE ANY STATEMENT AT ALL.

2. THAT ANY STATEMENT WHICH I MIGHT MAKE CAN AND WILL BE USED AGAINST ME IN COURT.

3. THAT I HAVE A RIGHT TO CONSULT WITH AN ATTORNEY BEFORE MAKING ANY STATEMENT AND TO HAVE SUCH ATTORNEY PRESENT WITH ME WHILE I AM MAKING A STATEMENT.

4. THAT IF I DO NOT HAVE ENOUGH MONEY TO EMPLOY AN ATTORNEY, I HAVE A RIGHT TO HAVE ONE APPOINTED BY THE COURT, FREE OF CHARGE, TO REPRESENT ME; TO CONSULT WITH HIM BEFORE MAKING ANY STATEMENT; AND TO HAVE HIM PRESENT WITH ME WHILE I AM MAKING A STATEMENT.

5. THAT IF I REQUEST AN ATTORNEY, NO QUESTIONS WILL BE ASKED ME UNTIL AN ATTORNEY IS PRESENT TO REPRESENT ME.

6. THAT I CAN DECIDE AT ANY TIME TO EXERCISE THESE RIGHTS AND NOT ANSWER ANY QUESTIONS OR MAKE ANY STATEMENTS.

AFTER HAVING MY RIGHTS EXPLAINED TO ME, I FREELY AND VOLUNTARILY WAIVE MY RIGHT TO AN ATTORNEY. I AM WILLING TO MAKE A STATEMENT TO THE OFFICERS. I CAN READ AND WRITE THE ENGLISH LANGUAGE AND FULLY UNDERSTAND MY RIGHTS TO AN ATTORNEY. I HAVE READ THIS WAIVER OF COUNSEL AND FULLY UNDERSTAND IT. NO THREATS OR PROMISES HAVE BEEN MADE TO ME TO INDUCE ME TO SIGN THIS WAIVER OF COUNSEL AND TO MAKE A STATEMENT TO THE OFFICERS.

THIS _28_ DAY OF _January_, 19 _93_

x _Marc Barnett_

ALL OF THE ABOVE RIGHTS IN THE ABOVE WAIVER OF COUNSEL WERE READ AND EXPLAINED TO THE ABOVE DEFENDANT BY ME AND HE FREELY AND VOLUNTARILY WAIVED HIS RIGHT TO AN ATTORNEY. NO THREATS, PROMISES, TRICKS, OR PERSUASION WERE EMPLOYED BY ME OR ANYONE IN MY PRESENCE TO INDUCE HIM TO WAIVE HIS RIGHTS TO AN ATTORNEY AND TO MAKE A STATEMENT WITHOUT AN ATTORNEY. HE FREELY AND VOLUNTARILY SIGNED THE ABOVE WAIVER OF COUNSEL IN MY PRESENCE AFTER HAVING READ IT.

b6
b7C

WITNESSED BY: _____

PC - 006092

DOJ-FOIA 000563
DOJ-FOIA 000563

**ARREST/BOOKING REPORT**

DA 0380100  0930   45-01-00.1766

**PERSONAL DATA**

DEFENDANT NAME (LAST, FIRST, MIDDLE): BARNETTE Aquilia Markovicci   RACE: B   SEX: M   DATE OF BIRTH: 070773   PLACE OF BIRTH: N. CAROLINA

AGE: 19   HEIGHT: 505   WEIGHT: 130   HAIR: BLK   EYES: BRO   SOCIAL SECURITY NUMBER: 243571534   VISIBLE SCARS AND MARKS: NONE   GCIC/CK:   DOCKET NUMBER:

ADDRESS - NUMBER AND STREET: 5501 Glenridge Dr.   CITY AND STATE: Atlanta Ga.   PHONE NUMBER: 252-5366

ALIAS: MARK   DRIVERS LICENSE NUMBER: 243571534   STATE: GA

EMPLOYER OR OCCUPATION: unemployed   ARRESTING AGENCY: NEWNAN P.D.   NUMBER: 24

BOOKING OFFICER'S NAME:   NUMBER:   PHOTOGRAPHED/FINGERPRINTED BY:   242   CURRENT DATE: 012893

DATE OF ARREST: 012893   TIME: 0930   LOC CODE:   LOCATION: #1-0 Riverina Villa Apts.

OFFENSE DATE: 012893   SID NUMBER:   FBI NUMBER:   AGENCY ID NUMBER: 0380100

**CHARGE**

| | COUNTS 1 | A | COUNTS 1 | B | COUNTS | C |
|---|---|---|---|---|---|---|
| CHARGE | Simple Battery | | Cruelty to Children | | | |
| STATUTE | 16-5-23 | | 16-5-70 | | | |

**LOCATION**

AT OR NEAR SCENE: YES (A) / YES (B)

OFFENSE: City/County (A) YES; City (B)
ARREST: City/County (A); City/County (B)

**BOND**

| | | | | | |
|---|---|---|---|---|---|
| BOND AMT. | | | | | |
| BOND TYPE | | | | | |
| RET. DATE | | | | | |
| BOND CO. | | | | | |

**DISPOSITION**

| | DAYS | AMOUNT | DAYS | AMOUNT | DAYS | AMOUNT |
|---|---|---|---|---|---|---|
| SENTENCE | | | | | | |
| TIME SERVED | | | | | | |
| GOOD TIME | | | | | | |
| BALANCE | | | | | | |
| PAID | | | | | | |
| RECPT. NO. | | | | | | |
| RETURNED | | | | | | |
| RECPT. NO. | | | | | | |

| CELL NUMBER | | TRANSFER | | REASON | |
|---|---|---|---|---|---|

**MEDICAL**

ANY KNOWN ALLERGIES NO   IF YES, WHAT
ANY HISTORY OF HEART DISEASE NO   DIABETES NO   EPILEPSY NO   HIGH BLOOD PRESSURE NO
IS SUBJECT NOW UNDER DOCTORS CARE AND/OR TAKING ANY MEDICATIONS NO   IF YES, WHAT

**DRUG**

ANY SIGNS/HISTORY OF DRUG USE?  ☑ YES  ☐ NO   IF YES, INDICATE TYPE(S):
☐ 1 - AMPHETAMINE     ☐ 2 - BARBITURATE     ☐ 3 - COCAINE        ☐ U - UNKNOWN
☐ 4 - HALLUCINOGEN    ☐ 6 - HEROIN          ☐ 6 - MARIJUANA
☐ 7 - METHAMPHETAMINE ☐ 8 - OPIUM           ☐ 9 - SYNTHETIC NARCOTIC

RELEASE DATE:   TIME:   RELEASING OFFICER - LAST NAME:   NUMBER:   AGENCY RELEASED TO:

SIGNATURE OF RECEIVING OFFICIAL  X _____  LIST ANY REMARKS BELOW

DEFENDANTS PERSONAL PROPERTY RECEIPT   TOTAL CASH AT TIME OF ARREST: $

| QTY | ITEM | QTY | ITEM |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

I HEREBY STATE THAT THE PROPERTY LISTED ABOVE CONSTITUTES ALL CLAIMS TO PROPERTY ON MY PERSON AT THE TIME OF MY ARREST.

X _____
DEFENDANTS SIGNATURE AT TIME OF ARREST                                    WITNESS

I HEREBY STATE THAT THE ABOVE LISTED PROPERTY WAS RETURNED TO ME, IN SATISFACTION OF ALL CLAIMS TO PROPERTY ON MY PERSON AT THE TIME OF ARREST, ON THE DATE OF MY RELEASE.

X _____
GCIC-UCR-005 (5-90)

LOCAL COPY

PC - 006093

DOJ-FOIA 000564
DOJ-FOIA 000564



# POLICE DEPARTMENT

## CITY OF NEWNAN

P.O. BOX 1193
NEWNAN, GEORGIA 30264
(404) 253-1221

Jerry C. Helton
Chief of Police

012893

CASE#93-01-00186

THE FOLLOWING IS AN INTERVIEW WITH AQUILIA BARNETTE B/M DOB/070773, SOC/243571534 WHOSE ADDRESS IS #5501 GLENRIDGE DR. ATLANTA GA. SUSPECT BARNETTE IS UNDER ARREST ON A WARRANT FOR SIMPLE BATTERY, AND HAS BEEN READ HIS RIGHTS UNDER MIRANDA AND HAS READ AND SIGNED A WAIVER OF COUNSEL FORM. THE INTERVIEW IS TAKING PLACE AT THE NEWNAN POLICE DEPT.

BARNETTE STATES THAT HE HAS BEEN LIVING WITH HIS GIRLFRIEND AT [            ] IN NEWNAN. BARNETTE TOLD POLICE THAT HIS GIRLFRIEND IS [            ] AND AS OF LATE THEY HAVE BEEN HAVING PROBLEMS. BARNETTE TOLD POLICE THAT BACK LAST WEEK, HE CAN'T REMEMBER THE DATE HE KEPT THE CHILDREN BELONGING TO [            ] THE CHILDREN ARE [            ] WHO IS THREE YEARS OLD AND [            ] WHO IS FIVE YEARS OLD.   **b6 b7C**
BARNETTE TOLD POLICE THAT ON OCCASION... HE HAD TO DISCIPLINE THE CHILDREN AND THAT ON ONE OCCASION HE USED A METAL CLOTHES HANGER TO WHIP THE CHILDREN WITH. BARNETTE STATED THAT HE WHIPPED THE BOY FOR TAKING THE LACES FROM HIS SHOES BUT THAT HE DOESN'T REMEMBER WHY HE WHIPPED THE GIRL. BARNETTE TOLD POLICE THAT HE AND [            ] HAD PROBLEMS OVER THE DISCIPLINE OF THE CHILDREN, SINCE THE CHILDREN WEREN'T BARNETTE'S, AND THAT [            ] SOMETIMES BECAME INVOLVED.   **b6 b7C**
BARNETTE STATED THAT HE USED THE CLOTHES HANGER AS A SWITCH ON THE CHILDREN AND AFTER [            ] COMPLAINED TO HIM ABOUT STRIKING HER CHILDREN THAT HE QUIT DOING IT. BARNETTE STATED THAT ON SOME OCCASIONS HE STRUCK CRYSTAL WHEN THEY ARGUED BUT NOT OFTEN. BARNETTE STATED THAT HE BELIEVES THAT THESE CHARGES ARE BECAUSE OF [            ] INVOLVEMENT AND THAT IF HE IS LEFT ALONE WITH [            ] THEY CAN WORK OUT THE PROBLEMS.
BARNETTE STATED THAT HE WAS JUST PUNISHING THE CHILDREN FOR DOING WHATEVER IT WAS THEY SHOULDN'T HAVE DONE, THAT IT DIDN'T INTEND TO ABUSE THEM.

**b6 b7C**

PC - 006094

DOJ-FOIA 000565
DOJ-FOIA 000565

CHILD ABUSE, SEXUAL ASSAULT, SEXUAL EXPLOITATION REPORT
(Required by House Bill 143)

Date: _____1-27-93_____

To:    Pete Skandalakis
       District Attorney
       Coweta County Judicial Circuit
       P.O. Box 1918
       Newnan, Georgia  30264                                    b6
                                                                  b7C

From: [_____] Director
      [_____] Casework Supervisor Sr.
      Coweta County Department of
      Family and Children Services
      137 Jackson Street
      Newnan, Georgia 30263

Name of Child: 

Birthdate: 

Sex/Race: _____1B_____          F/B

Address: 

_____Newnan_____

Directions (if not in city limits) _____

_____

Telephone: _____N/D_____                                         b6
                                                                  b7C
Parent's/Guardian's Name: 

Address: 

Date Reported to DFACS _____1-27-93_____

Date of Verbal Report to Law Enforcement, if any: _____1-27-93_____

To Whom Report Was Made: [_____]  reported to DFCS

Date Report Reasonably Confirmed by DFACS: _____1-27-93_____

Type of Abuse: _____Physical Abuse_____

Alleged Perpetrator: _____Marcus Aquila Baratto_____

Address of Perpetrator: _____

_____Atlanta_____

PC - 006095

DOJ-FOIA 000566
DOJ-FOIA 000566

Child Abuse, Sexual Assault, Sexual Exploitation Report

Page Two

Nature and Extent of Child's Injuries: [redacted] *has scratches (at least 3) on left side & back,* [redacted] *has one scratch on back waist.*          b6
b7c

Evidence of Previous Abuse, Assault, or Exploitation: _____

_____

_____

Summary of Investigation (Include person's contacted and findings): _____

*while caring for the two children while mom was working, Marcus Bossutti beat them with a coathanger. He later beat mom with his fist and kicked her.*

_____

_____

Available Documentation, Photographs, etc.: _____

*Police dept has pictures*

_____

Recommendation of DFACS and Reason for Recommendation:

*Investigate & prosecute*

_____

_____

Current Status of DFACS Protective Services Case:

Closed: _____          Open: ✓_____

Evaluating Caseworker:

[redacted]          b6
b7c

PC - 006096

DOJ-FOIA 000567
DOJ-FOIA 000567

Newnan Police Department Defendant's Record

Name: BARNETTE, AQUILIA MARK
DOB: 07/07/73   Race: B   Sex: M Height: 505   Weight: 130
OL# 243571534        SSN:
Address: 86-F CHESTNUT LN APT   City: NEWNAN GA 30263

| DOCKET # | ARREST DATE | CHARGE | SENTENCE |
|---|---|---|---|
| 20957 | 05/05/92 | DISCH F/A IN CITY | TWO |
| 20958 | 05/05/92 | SIMPLE BATTERY | TWO |
| 20959 | 05/05/92 | RECKLESS CONDUCT | DISMISSED TWO |
| 20960 | 05/05/92 | POINT GUN AT ANOTHER | TWO |
| 20556 | 03/13/92 | D/O WITH MOTOR VEHICLE | 33.00 OR 3 DAYS |

PC - 006097

DOJ-FOIA 000568
DOJ-FOIA 000568

QHC          Criminal Purpose - NC/III Ident Record

ORI NCFBICE00 NAM BARNETT,AQUILIA_MARCIBICCI_____ RAC B SEX M
DOB 070773 SOC 243571534 MNU _____ FBI _____
SID _____ PUR C OPR CRF ATN SA_ROZZI_____
AT2 _____ HLP _

FBI-7310  DEC 16,1996  16:22:56  ( 6Y186HC4W3X5 )  ACK
FBI-3532 - DCI209      12/16/96 16:22:57 - 12/16/96 16:22:57 6Y186HC4W3X5
NO DCI STATE WANTED PERSON RECORD
BASED ON NAM/BARNETT,AQUILIA MARCIBICCI  SEX/M  RAC/B  DOB/070773
SOC/243571534
                                                      PAGE  1 OF  1
FBI-3533 - NC2      12/16/96 16:23:00 - 12/16/96 16:22:58 6Y186HC4W3X5
1L016Y186HC4W3X5108
NCFBICE00
NO NCIC WANT SOC/243571534
NO NCIC WANT DOB/070773 NAM/BARNETT,AQUILIA MARCIBICCI SEX/M RAC/B

FBI-3534 - DCI1793    12/16/96 16:23:04 - 12/16/96 16:22:58 6Y186HC4W3X5
DCI - RECORD      L.E. MULTIPLE FILE SEARCH      PAGE 001

SEARCH PARAMETERS: NAME/BARNETT,AQUILIA MARCIBICCI  DOB/07-07-1973
SOC/243571534                                                          b6
            ATN/SA [        ]                                          b7C

CONCEALED HANDGUN PERMIT RECORD NOT FOUND

    BASED ON NAME: BARNETT,AQUILIA MARCIBICCI  BIRTH DATE: 07-07-1973
    SOC: 243571534

SEXUAL OFFENDER RECORD NOT FOUND

    BASED ON NAME: BARNETT,AQUILIA MARCIBICCI  BIRTH DATE: 07-07-1973
    SOC: 243571534

DOMESTIC VIOLENCE RECORD NOT FOUND

    BASED ON NAME: BARNETT,AQUILIA MARCIBICCI  BIRTH DATE: 07-07-1973
    SOC: 243571534
* END OF RECORD *

PC - 006098

DOJ-FOIA 000569
DOJ-FOIA 000569

```
FBI-3535 - DCI201        12/16/96 16:23:08 - 12/16/96 16:22:57 6Y186HC4W3X5
DCI - RECORD      COMPUTERIZED CRIMINAL HISTORY *      PAGE 001
THIS DCI RESPONSE IS THE RESULT OF YOUR INQUIRY ON
MKE/QHC  NAM/BARNETT,AQUILIA MARCIBICCI  RAC/B  SEX/M  DOB/070773
SOC/243571534  PUR/C  OPR/CRF
ATN/SA
```

b6
b7c

```
     COMPUTERIZED CRIMINAL HISTORY RECORD
NAM/BARNETTE,AQUILLA MARC          SID/NC0597179A  FBI/950082PA5
SEX/M    RACE/B    DATE OF BIRTH/07-07-1973    PLACE OF BIRTH/NC
HEIGHT/5 FEET 05 INCHES    WEIGHT/130    EYE/BRO    HAIR/BLK
FINGERPRINT (FPC):  18  DI  PI  PM  17 /  20  11  PI  PI  13
PRINTRAK FINGERS:  U11 WO3 WO6 WO7 U-  / U11 U11 WO8 WO8 U10  AFIS BLOCK:27W1QU
HENRY FINGERPRINT: 18M27WIIM17-L10UOII  HENRY BLOCK: 27W1QU
SOCIAL SECURITY:       243571534
ALIAS: BARNETTE,MARC                   BARNETTE,AQUILLA

BASED ON SOC NUMBER ONLY

THIS CRIMINAL HISTORY IDENT IS FOR A MULTI-STATE RECORD.
( CONT )
FBI-3535 - DCI201        12/16/96 16:23:14 - 12/16/96 16:22:57 6Y166HC4W3X5
DCI - RECORD      COMPUTERIZED CRIMINAL HISTORY *      PAGE 002

*********************************************************************************

FOR COMPLETE RECORD(S), PERFORM A QRC INQUIRY USING FBI OR SID.

STATE/FEDERAL REGULATIONS REQUIRE A ONE YEAR RECORD OF DISSEMINATION.

**CAUTION*** CHANGES TO THIS RECORD MAY OCCUR AT ANY TIME AND A NEW INQUIRY
SHOULD BE MADE FOR SUBSEQUENT USE.  RECORD MUST NOT BE USED AFTER 03-15-1997.
 * END OF RECORD *
```

PC - 006099

DOJ-FOIA 000570
DOJ-FOIA 000570

FBI-3536 - NC2      12/16/96 16:23:25 - 12/16/96 16:23:04 6Y186HC4W3X5
7L016Y186HC4W3X51BC
NCFBICE00
THIS NCIC INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
INQUIRY ON NAM/BARNETT,AQUILIA MARCIBICCI SEX/M RAC/B DOB/070773
SOC/243571534 PUR/C

NAME                              FBI NO.        INQUIRY DATE
BARNETTE,AQUILIA MARCVICCI        950082PA5      12/16/96

SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE
M    B     07/07/73    505     130     BRO   BLK   NORTH CAROLINA

FINGERPRINT CLASS
18 DI PI PM 17
20 11 PI PI 13

ALIAS NAMES
BARNETTE,AQUILIA MARCNICCI      BARNETTE,MARC
BARNETTE,AQUILIA MARCIVKCI      BARNETTE,AQUILLA MARC
BARNETTE,AQUILLA

FBI-3536 - NC2      12/16/96 16:23:32 - 12/16/96 16:23:04 6Y186HC4W3X5
SOCIAL SECURITY
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

IDENTIFICATION DATA UPDATED 12/10/96

THE CRIMINAL HISTORY RECORD IS MAINTAINED AND AVAILABLE FROM THE
FOLLOWING:
 GEORGIA          - STATE ID/GA1872086W
 NORTH CAROLINA - STATE ID/NC0597179A

THE RECORD(S) CAN BE OBTAINED THROUGH THE INTERSTATE IDENTIFICATION
INDEX BY USING THE APPROPRIATE NCIC TRANSACTION.

END

PC - 006100

DOJ-FOIA 000571
DOJ-FOIA 000571

Bates No. 141106

QRC                Criminal Purpose - NC/III Whole Record

ORI   NCFBICE00   NAM  BARNETT,AQUILIA_MARCIBICCI_____   FBI  950082PA5
SID   _____   PUR  C  OPR  CRF  ATN  SA_ROZZI_____
AT2   _____  HLP  _

FBI-7311   DEC 16,1996   16:24:17  ( 72186HC4W54G )  ACK
FBI-3537 - DCI201      12/16/96 16:24:18 - 12/16/96 16:24:18 72186HC4W54G
DCI - RECORD     COMPUTERIZED CRIMINAL HISTORY        PAGE 001
THIS DCI RESPONSE IS THE RESULT OF YOUR INQUIRY ON
MKE/QRC  NAM/BARNETT,AQUILIA MARCIBICCI  FBI/950082PA5  PUR/C  OPR/CRF
ATN/SA[        ]

                                                          b6
                                                          b7C

NAM/BARNETTE,AQUILLA MARC         SID/NC0597179A  FBI/950082PA5
SEX/M    RACE/B    DATE OF BIRTH/07-07-1973    PLACE OF BIRTH/NC
HEIGHT/5 FEET 05 INCHES    WEIGHT/130    EYE/BRO    HAIR/BLK
FINGERPRINT (FPC):   18  DI  PI  PM  17 /  20  11  PI  PI  13
PRINTRAK FINGERS:  U11 W03 W06 W07 U-  / U11 U11 W08 W08 U10  AFIS BLOCK:27W10U
HENRY FINGERPRINT: 18M27WIIM17-L10U0II  HENRY BLOCK: 27W10U
SOCIAL SECURITY:      243571534
ALIAS: BARNETTE,MARC             BARNETTE,AQUILLA

CYCLE 01 ARREST DATE: 11-12-1993          SID/NC0597179A  FBI/950082PA5
  ARREST AGENCY: NC0601700-SEABOARD RAILROAD POLICE CHARL.
  ARREST NAME:   BARNETTE,AQUILLA MARC
  AGENCY CASE NO:   0181573 - FINGERPRINT CHECK DIGIT NO: L13562N
  OFFENSE CHARG 01-ABDUCTION OF CHILDREN
( CONT )
FBI-3537 - DCI201      12/16/96 16:24:25 - 12/16/96 16:24:18 72186HC4W54G
DCI - RECORD     COMPUTERIZED CRIMINAL HISTORY        PAGE 002
  OFFENSE CHARG 02-ASSAULT WITH A DEADLY WEAPON-CUTTING--3CTS
COURT:   NC0600025J-MECKLENBURG CO DIST COURT -CHARL
  DISPO DATE: 12-08-1993    COURT DOCKET: 1993CR 073745
  COURT OFF-001 SECOND DEGREE KIDNAPPING
            FELONY            OFFENSE DATE:  11-12-1993
  GENERAL STATUTE: 14-39
  DISPOSITION:    DISMISSAL W/O LEAVE (BY DA)
  TYPE OF ATTORNEY: PUBLIC DEFENDER OFFICE
COURT:  NC0600035J-MECKLENBURG CO SUP COURT - CHARL
  DISPO DATE: 09-12-1994    COURT DOCKET: 1993CRS076063
  COURT OFF-002 FELONIOUS RESTRAINT
            FELONY            OFFENSE DATE:  11-09-1993
  GENERAL STATUTE: 14-43.3
  PLEA:        NOT GUILTY
  DISPOSITION:   GUILTY  JURY TRIAL
  RESTITUTION:    $100.00
  TYPE OF ATTORNEY: PUBLIC DEFENDER OFFICE
  TRANSFER TO SUPERIOR: 01-28-1994
            PROB. WHEN PROB. OFFICER ALLOWS, ABIDE BY CURFEW,
( CONT )

PC - 006101

DOJ-FOIA 000572
DOJ-FOIA 000572

FBI-3537 - DCI201      12/16/96 16:24:34 - 12/16/96 16:24:18 72186HC4W54S
DCI - RECORD      COMPUTERIZED CRIMINAL HISTORY      PAGE 003
      POSESS NO DEADLY WEAPONS, MENTAL HEALTH EVAL,                    b6
      SUPPORT DEPENDENTS, REST. TO [                    ]              b7C
      [                              ] CHARLOTTE,N.C.  28206

CYCLE 02 ARREST DATE: 03-25-1994          SID/NC0597179A  FBI/950082PA5
   ARREST AGENCY: NC060013Y-MECKLENBURG CO COURT SERVICES
   ARREST NAME:   BARNETTE,AQUILLA MARC
   AGENCY CASE NO:  0181573   FINGERPRINT CHECK DIGIT NO: L26557X
   OFFENSE CHARG 01-RAPE 1ST DEGREE-VICTIM 13 YRS OR MORE-DANG WPN
   OFFENSE CHARG 02-2CTS RAPE 2ND DEG BY FORCE AGAINST WILL VICTIM
   OFFENSE CHARG 03-KIDNAPPING-FIRST DEGREE
   OFFENSE CHARG 04-TRESPASS-SECOND DEGREE-NOTIFIED NOT TO ENTER
COURT: NC060035J-MECKLENBURG CO SUP COURT - CHARL
     DISPO DATE: 04-04-1994     COURT DOCKET: 1990CRS019866
   COURT OFF-001 RAPE 2ND DEGREE BY FORCE AGAINST WILL-2CTS
       DISPOSITION:     DISMISSED
                  CCN-94CR19865
COURT: NC060025J-MECKLENBURG CO DIST COURT -CHARL
     DISPO DATE: 04-04-1994    COURT DOCKET: 1994CR 019862
( CONT )

FBI-3537 - DCI201      12/16/96 16:24:51 - 12/16/96 16:24:18 72186HC4W54S
DCI - RECORD      COMPUTERIZED CRIMINAL HISTORY      PAGE 004
   COURT OFF-002 FIRST DEGREE RAPE
                  FELONY          OFFENSE DATE:  03-25-1994
     GENERAL STATUTE: 14-27.2(A)
       DISPOSITION:    DISMISSAL W/O LEAVE (BY DA)
       TYPE OF ATTORNEY: PUBLIC DEFENDER OFFICE
COURT: NC060025J-MECKLENBURG CO DIST COURT -CHARL
     DISPO DATE: 04-04-1994     COURT DOCKET: 1994CR 019863
   COURT OFF-003 FIRST DEGREE KIDNAPPING
                  FELONY          OFFENSE DATE:  03-25-1994
     GENERAL STATUTE: 14-39
       DISPOSITION:    DISMISSAL W/O LEAVE (BY DA)
       TYPE OF ATTORNEY: PUBLIC DEFENDER OFFICE
COURT: NC060025J-MECKLENBURG CO DIST COURT -CHARL
     DISPO DATE: 04-04-1994     COURT DOCKET: 1994CR 019865
   COURT OFF-004 SECOND DEGREE RAPE
                  FELONY          OFFENSE DATE:  03-25-1994
     GENERAL STATUTE: 14-27.3(A)
       DISPOSITION:    DISMISSAL W/O LEAVE (BY DA)
       TYPE OF ATTORNEY: PUBLIC DEFENDER OFFICE
( CONT )

PC - 006102

DOJ-FOIA 000573
DOJ-FOIA 000573

```
FBI-3537 - DCI201        12/16/96 16:25:00 - 12/16/96 16:24:18 72186HC4W54G
DCI - RECORD      COMPUTERIZED CRIMINAL HISTORY       PAGE 005
COURT:  NC060025J-MECKLENBURG CO DIST COURT -CHARL
    DISPO DATE: 04-04-1994    COURT DOCKET: 1994CR 019866
    COURT OFF-005 SECOND DEGREE RAPE
                  FELONY             OFFENSE DATE:  03-25-1994
      GENERAL STATUTE: 14-27.3(A)
      DISPOSITION:    DISMISSAL W/O LEAVE (BY DA)
      TYPE OF ATTORNEY: PUBLIC DEFENDER OFFICE

CYCLE 03 ARREST DATE: 06-28-1996          SID/NC0597179A  FBI/950082PA5
  ARREST AGENCY: NC060013Y-MECKLENBURG CO COURT SERVICES
  ARREST NAME:    BARNETTE,AQUILLA
  AGENCY CASE NO:   181573   FINGERPRINT CHECK DIGIT NO: N02360W
  OFFENSE CHARG 01-FUGITIVE-VIRGINIA
  OFFENSE CHARG 02-MURDER
  OFFENSE CHARG 03-ROBBERY W/DANGEROUS WEAPON

BASED ON FBI NUMBER ONLY

THIS CRIMINAL HISTORY IS FOR A MULTI-STATE RECORD.
( CONT )
FBI-3537 - DCI201        12/16/96 16:25:18 - 12/16/96 16:24:18 72186HC4W54G
DCI - RECORD      COMPUTERIZED CRIMINAL HISTORY       PAGE 006
THIS RESPONSE HAS NORTH CAROLINA CHARGES ONLY.
A MULTI-STATE III RESPONSE WILL BE PROVIDED BY THE FBI.

CERTIFIED AS A TRUE COPY OF CRIMINAL HISTORY RECORD INFORMATION ON THE ABOVE
INDIVIDUAL AS SUBSTANTIATED BY FINGERPRINTS AS IT APPEARS IN THE SBI/DCI FILES.

STATE/FEDERAL REGULATIONS REQUIRE A ONE YEAR RECORD OF DISSEMINATION.

***CAUTION*** CHANGES TO THIS RECORD MAY OCCUR AT ANY TIME AND A NEW INQUIRY
SHOULD BE MADE FOR SUBSEQUENT USE.  RECORD MUST NOT BE USED AFTER 03-15-1997.
 * END OF RECORD *
```

PC - 006103

DOJ-FOIA 000574
DOJ-FOIA 000574

PAGE  1 OF  1
FBI-3538 - NC2      12/16/96 16:25:25 - 12/16/96 16:24:21 72186HC4W54G
EL0172186HC4W54G1C4
NCFBICE00
THIS INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
RECORD REQUEST FOR FBI/950082PA5. INDIVIDUAL'S RECORD WILL BE COMPLETE
WHEN ALL RESPONSES ARE RECEIVED FROM THE FOLLOWING SOURCES:
 GEORGIA        - STATE ID/GA1872086W

AN ADDITIONAL RECORD MAY BE OBTAINED FROM FILES WITHIN YOUR STATE.
 END

                                                        PAGE  1 OF  5
FBI-3539 - NLT      12/16/96 16:25:34 - 12/16/96 16:24:38 8F04CHC4W5G0
CR.8AIII0000
14:24 12/16/96 06378
14:24 12/16/96 05305 NCFBICE00
TXT
HDR/2L0172186HC4W54G1C4
ATN/SA ROZZI  ARN/
PART  1
THE FOLLOWING RECORD PERTAINS TO SID/GA1872086W

                        GEORGIA CRIMINAL HISTORY


 NAME                            STATE IDENT NBR   FBI IDENT NBR   RPT DATE
 BARNETTE, AQUILIA MARCVICCI      GA1872086W        950082PA5      12/16/96

 SEX   RACE   BIRTH DATE   HEIGHT   WEIGHT   EYES   HAIR   SKIN   BIRTHPLACE
 M     B      07/07/73     5-05     128      BRO    BLK           NORTH CAROLIN

 SOC SECURITY   FINGERPRINT CLASS   HENRY   SCAR-MARK-TATTOO   MISCELLANEOUS NBR
 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    18 DI PI PM 17      27 W
                20 11 PI PI 13      10 U

PC - 006104

DOJ-FOIA 000575
DOJ-FOIA 000575

FBI-3539 - NLT      12/16/96 16:25:42 - 12/16/96 16:24:38 8F04CHC4W5G0
ADDITIONAL IDENTIFIERS:
ALIAS NAMES------------------------  *MARC

** INTERSTATE IDENTIFICATION INDEX - MULTISTATE OFFENDER **
*****************************************************************************

ARREST-01   ARREST DATE-05/07/92-    TRACKING NBR-40977753
   AGENCY-NEWNAN POLICE DEPARTMENT            (GA0380100)
   AGENCY CASE NBR-9205009     NAME USED-
      CHARGE 01-DISCHARGING FIREARMS NEAR PUBLIC HIGHWAY   OFFENSE DATE-

      CHARGE 02-RECKLESS CONDUCT                       OFFENSE DATE-

      CHARGE 03-POINTING A GUN OR PISTOL AT ANOTHER      OFFENSE DATE-


      CHARGE 04-BATTERY - MISDEMEANOR                   OFFENSE DATE-

   JUDICIAL
      DISP-CONVICTED                      COURT DISP DATE-06/01/92
      OFFENSE-DISCHARGING FIREARMS NEAR PUBLIC HIGHWAY
FBI-3539 - NLT      12/16/96 16:25:53 - 12/16/96 16:24:38 8F04CHC4W5G0
         COURT-NEWNAN MUNICIPAL COURT       (GA038021J)   COURT NBR-
              TIME SERVED - RELEASED

      DISP-CONVICTED                      COURT DISP DATE-06/01/92
      OFFENSE-BATTERY - MISDEMEANOR
              TIME SERVED - RELEASED


      DISP-DISMISSED                      COURT DISP DATE-06/01/92
      OFFENSE-RECKLESS CONDUCT
            SRF/47521782                           CIT-
              NEWNAN MUN CRT

      DISP-CONVICTED                      COURT DISP DATE-06/01/92
      OFFENSE-POINTING A GUN OR PISTOL AT ANOTHER
      SENTENCE: ;CONF-25D
              TIME SERVED - RELEASED

ARREST-02   ARREST DATE-08/12/92-    TRACKING NBR-40868866
   AGENCY-COWETA CO. SHERIFF'S OFFICE          (GA0380000)
   AGENCY CASE NBR-012918     NAME USED-

PC - 006105

DOJ-FOIA 000576
DOJ-FOIA 000576

FBI-3539 - NLT      12/16/96 16:26:02 - 12/16/96 16:24:38 8F04CHC4W5G0
    CHARGE 01-CRIMINAL TRESPASS                        OFFENSE DATE-


  JUDICIAL
     DISP-DISMISSED                      COURT DISP DATE-11/24/92
   OFFENSE-CRIMINAL TRESPASS
     COURT-COWETA COUNTY SUPERIOR COURT     (GA038015J)    COURT NBR-

ARREST-03   ARREST DATE-01/28/93-     TRACKING NBR-30703654
   AGENCY-NEWNAN POLICE DEPARTMENT              (GA0380100)
   AGENCY CASE NBR-12918        NAME USED-
     CHARGE 01-CRUELTY TO CHILDREN                      OFFENSE DATE-
              2CTS

     CHARGE 02-SIMPLE BATTERY                           OFFENSE DATE-


  JUDICIAL
     DISP-CONVICTED                      COURT DISP DATE-03/09/93
     OFFENSE-CRUELTY TO CHILDREN
          2CTS                                   CIT-

FBI-3539 - NLT      12/16/96 16:26:10 - 12/16/96 16:24:38 8F04CHC4W5G0
     COURT-GEORGIA ORI UNKNOWN              (GA6BI000Z)    COURT NBR-
     SENTENCE: PROB-6Y FINE-$480
          2CTS CC

     DISP-DISMISSED                      COURT DISP DATE-03/30/93
    OFFENSE-SIMPLE BATTERY
              LACK OF PROS


*******************************************************************
* THIS RECORD IS SOLELY FOR OFFICIAL CRIMINAL JUSTICE USE.  *
* USE OF THIS RECORD OR INFORMATION HEREIN FOR ANY OTHER    *
* PURPOSE VIOLATES GEORGIA LAW.                             *
*******************************************************************


END OF RECORD


PC - 006106

DOJ-FOIA 000577
DOJ-FOIA 000577

(03/31/95)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                                    **Date:** 01/15/1997

**To:** Richmond

b6
b7C

**From:** Charlotte
     Squad 6
     **Contact:** SA

**Approved By:**

b6
b7C

**Drafted By:** kep

**File Number(s):** 26A-CE-77261 (Pending)

**Title:** AQUILIA MARCIVICCI BARNETTE;
DONALD LEE ALLEN - VICTIM (DECEASED);
CARJACKING - MURDER;
6/21/96;
OO: CHARLOTTE

b3

**Synopsis:** Request for Richmond to serve a subpoena on the

**Enclosures:** Enclosed for Richmond is the original and one copy of a Grand Jury subpoena.

**Details:** In preparation for prosecution for captioned matter, AUSA requests that enclosed subpoena be served. Roanoke RA, in particular SA is aware of and has assisted in the ongoing investigation.

b6
b7C

26A-CE-77261-24

SEARCHED_____ INDEXED_____
SERIALIZED___ FILED___

1

b6
b7C

PC - 006107

DOJ-FOIA 000578
DOJ-FOIA 000578

To: Richmond From: Charlotte
Re: 26A-CE-77261, 01/15/1997

**LEAD(s):**

**Set Lead 1:**

    <u>RICHMOND</u>

        <u>AT</u> _____

        Serve enclosed subpoena on _____ and forward requested documents to Charlotte.

b3

PC - 006108

DOJ-FOIA 000579
DOJ-FOIA 000579

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                          **Date:** 01/30/1997

**To:** Charlotte                                                b6
                                                                 b7C

**From:** Richmond
         Squad 5/Roanoke RA
         **Contact:** SA [                    ]

**Approved By:** [                    ]
                                                                 b6
**Drafted By:** [                    ]:rrb                        b7C

**Case ID #:** 26A-CE-77261 /25 (Pending)

**Title:** AQUILIA MARCIVICCI BARNETTE;
          DONALD LEE ALLEN - VICTIM (DECEASED);
          CARJACKING - MURDER;
          6/21/96;
          OO: CHARLOTTE

**Synopsis:** Lead results at [                    ]

**Enclosures:** Enclosed for Charlotte are the following:        b3

1. Return copy of FGJ Subpoena for [                    ]

2. Copies of [                    ]

**Details:** Re Charlotte EC to Richmond, 1/15/97.

      On 1/30/97, [                    ]               b3
                                                                 b6
[                    ] was served with a FGJ subpoena             b7C
for [                    ] [      ]
provided copies of all such records contained in her files and
such records are enclosed.

      No further investigation remaining in Richmond
Division, Roanoke RA, at this time.

◆◆

26A-CE-7726/25

FEB 0 5 1997

FBI-C

PC - 006109

DOJ-FOIA 000580
DOJ-FOIA 000580

See Next Volume

PC - 006110

DOJ-FOIA 000581
DOJ-FOIA 000581

FEDERAL BUREAU OF INVESTIGATION
FOIPA
DELETED PAGE INFORMATION SHEET

No Duplication Fees are charged for Deleted Page Information Sheet(s).

Total Deleted Page(s) ~ 108
Page 5 ~ Duplicate Duplicate of serial 14 page 1
Page 16 ~ b6, b7C, b7D
Page 17 ~ b6, b7C, b7D
Page 18 ~ b6, b7C, b7D
Page 23 ~ Duplicate Duplicate of police report
Page 24 ~ b6, b7C, b7D
Page 25 ~ Duplicate Duplicate of police report
Page 26 ~ b6, b7C, b7D
Page 27 ~ b6, b7C, b7D
Page 28 ~ b6, b7C, b7D
Page 37 ~ Duplicate Duplicate of police report
Page 38 ~ Duplicate Duplicate of police report
Page 39 ~ Duplicate Duplicate of police report
Page 40 ~ Duplicate Duplicate of police report
Page 45 ~ b6, b7C, b7D
Page 56 ~ b6, b7C, b7D
Page 57 ~ b6, b7C, b7D
Page 58 ~ b6, b7C, b7D
Page 59 ~ b6, b7C, b7D
Page 60 ~ b6, b7C, b7D
Page 61 ~ b6, b7C, b7D
Page 62 ~ b6, b7C, b7D
Page 71 ~ b6, b7C, b7D
Page 73 ~ b6, b7C, b7D
Page 74 ~
 Blank form
Page 75 ~ b6, b7C, b7D
Page 77 ~ b6, b7C, b7D
Page 78 ~ b6, b7C, b7D
Page 79 ~
 Blank form
Page 80 ~ b6, b7C, b7D
Page 81 ~
 Blank Form
Page 82 ~ b6, b7C, b7D
Page 83 ~
 Blank Form

Page 85 ~ b5, b6, b7C
Page 110 ~ b6, b7C, b7D
Page 111 ~ b6, b7C
Page 112 ~ b6, b7C
Page 113 ~ b6, b7C
Page 114 ~ b6, b7C

PC - 006111

DOJ-FOIA 000582
DOJ-FOIA 000582

Page 115 ~ b6, b7C
Page 122 ~ b6, b7C
Page 133 ~ Duplicate Duplicate of witness report
Page 134 ~ Duplicate Duplicate of witness report
Page 135 ~ b6, b7C, b7D
Page 136 ~ Duplicate Duplicate of police report
Page 139 ~ Duplicate Duplicate of previous document.
Page 140 ~ Duplicate Duplicate of previous document.
Page 141 ~ b6, b7C, b7D
Page 142 ~ b6, b7C, b7D
Page 143 ~ b6, b7C, b7D
Page 145 ~ b6, b7C, b7D
Page 146 ~ b6, b7C, b7D
Page 147 ~ b6, b7C, b7D
Page 148 ~ b6, b7C, b7D
Page 149 ~ b6, b7C, b7D
Page 150 ~ b6, b7C, b7D
Page 151 ~ b6, b7C, b7D
Page 152 ~ b6, b7C, b7D
Page 153 ~ b6, b7C, b7D
Page 154 ~ b6, b7C, b7D
Page 155 ~ b6, b7C, b7D
Page 164 ~ b6, b7C, b7D
Page 165 ~ b6, b7C, b7D
Page 166 ~ Duplicate
Page 167 ~ Duplicate
Page 168 ~ Duplicate
Page 169 ~ Duplicate
Page 173 ~ Duplicate
Page 174 ~ Duplicate
Page 179 ~ Duplicate Duplicate of previous page.
Page 182 ~ Duplicate
Page 205 ~ b6, b7C, b7D
Page 206 ~ b6, b7C, b7D
Page 207 ~ b6, b7C, b7D
Page 208 ~ b6, b7C, b7D
Page 209 ~ b6, b7C, b7D
Page 210 ~ b6, b7C, b7D
Page 211 ~ b6, b7C, b7D
Page 212 ~ b6, b7C, b7D
Page 213 ~ b6, b7C, b7D
Page 219 ~ b6, b7C, b7D
Page 222 ~ b6, b7C, b7D
Page 223 ~ b7D
Page 227 ~ b6, b7C, b7D
Page 228 ~ b6, b7C, b7D
Page 229 ~ b6, b7C, b7D
Page 230 ~ b6, b7C, b7D
Page 231 ~ b6, b7C, b7D
Page 232 ~ b6, b7C, b7D
Page 233 ~ b6, b7C, b7D

PC - 006112

DOJ-FOIA 000583
DOJ-FOIA 000583

Page 234 ~ b6, b7C, b7D
Page 235 ~ b6, b7C, b7D
Page 236 ~ b6, b7C, b7D
Page 237 ~ b6, b7C, b7D
Page 238 ~ b6, b7C, b7D
Page 239 ~ b6, b7C, b7D
Page 240 ~ b6, b7C, b7D
Page 241 ~ b6, b7C, b7D
Page 242 ~ b6, b7C, b7D
Page 243 ~ b6, b7C, b7D
Page 244 ~ b6, b7C, b7D
Page 245 ~ b6, b7C, b7D
Page 246 ~ b6, b7C, b7D
Page 247 ~ b6, b7C, b7D
Page 248 ~ b6, b7C, b7D
Page 249 ~ b6, b7C, b7D
Page 250 ~ b6, b7C, b7D
Page 251 ~ Referral/Direct

PC - 006113

DOJ-FOIA 000584
DOJ-FOIA 000584



See Previous Volume

PC - 006114

DOJ-FOIA 000585
DOJ-FOIA 000585

1A Envelope

Case ID: 26A-CE-77261

b3

| CE | 1 | EXECUTED SUBPOENA FOR | | |

PC - 006115

DOJ-FOIA 000586
DOJ-FOIA 000586

(Title) _____

(File No.) _____

| Item | Date Filed | To be returned | | | Disposition |
|------|-----------|-----|-----|---|-------------|
| | | Yes | No | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

26A-CE- 77261

PC - 006116

DOJ-FOIA 000587
DOJ-FOIA 000587

FD-340 (Rev. 7-29-92)

Universal Case File Number _26 A-CE-77261 -1A1_

Field Office Acquiring Evidence _AT_

Serial # of Originating Document _____

Date Received _3-27-97_

From

b3

_____
(Address of Contributor)

_Atlanta, Georgia_

By _IA_

b6
b7C

(Name of Special Agent)

To Be Returned ☐ Yes ☒ No
Receipt Given ☐ Yes ☒ No
Grand Jury Material - Disseminate Only Pursuant to Rule 6 (e)
Federal Rules of Criminal Procedure
☐ Yes ☒ No

Title:

Reference: _____
(Communication Enclosing Material)

_____

Description: ☐ Original notes re interview of

_Executed subpoena for records_

b3

PC - 006117

DOJ-FOIA 000588
DOJ-FOIA 000588

## RETURN OF SERVICE(3)

| RECEIVED BY SERVER | DATE 3-27-97 | PLACE Atlanta, Georgia | |
|---|---|---|---|
| SERVED | DATE 3-27-97 | PLACE | |

| SERVED ON (NAME) | FEES AND MILEAGE TENDERED TO WITNESS (4) | b3 |
|---|---|---|
| | ☐ YES ☐ NO AMOUNT $ _____ | |
| | TITLE *Investigative Analyst* | b6 b7C |

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER(4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  3-27-97
          *Date*

Signature of Server

Atlanta, Georgia
*Address of Server*

b6
b7C

ADDITIONAL INFORMATION

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, or Rule 45(c), Federal Rules of Civil Procedure
(4) "Fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such cost (28 U.S.C. 1825, Rule 17(b) Federal Rules of Criminal Procedure)."

PC - 006118

DOJ-FOIA 000589
DOJ-FOIA 000589

PERSONAL SERVICE ONLY

## SUBPOENA

| | | |
|---|---|---|
| **United States District Court** | **DISTRICT** WESTERN DISTRICT OF NORTH CAROLINA | |

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>AQUILIA MARCIVICCI BARNETTE | **DOCKET NO.** 3:97CR23-01-P |
| | **TYPE OF CASE** ☐ CIVIL ☒ CRIMINAL |
| | **SUBPOENA FOR** ☐ PERSON ☐ DOCUMENT(S) or OBJECT(S) |

**TO:**

IMMEDIATELY UPON SERVICE CONTACT THE U.S. ATTORNEY'S OFFICE AT 704 / 344-6222

b3

**YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above-entitled case.

| PLACE | COURTROOM |
|---|---|
| Charles R. Jonas Federal Building<br>401 West Trade Street<br>Charlotte, North Carolina | |
| | DATE AND TIME |

b3

**YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):[1]

Any and all documents, including but not limited to

b6
b7C

Compliance with this subpoena can be made by furnishing copies of the requested information to Assistant U.S. Attorney[_____] U.S. Attorney's Office, 227 W. Trade Street, Suite 1700, Carillon Building, Charlotte, NC 28202, tel. (704) 344-6222, on or before April 29, 1997.

☐ *See additional information on reverse*

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| U.S. MAGISTRATE(2) OR CLERK OF COURT FRANK G. JOHNS | IT IS SO ORDERED: | | DATE |
|---|---|---|---|
| | *[signature]*<br>ROBERT D. POTTER | | 03-03-97 |
| (BY) DEPUTY CLERK<br>*Betsy Wallace* | SENIOR UNITED STATES DISTRICT COURT JUDGE<br>WESTERN DISTRICT OF NORTH CAROLINA | | |
| This subpoena is issued upon application of the:<br>☐ Plaintiff ☐ Defendant ☒ U.S. Attorney | ATTORNEY'S NAME AND ADDRESS<br>AUSA [_____] Criminal Chief<br>227 West Trade Street, Suite 1700<br>Charlotte, North Carolina 28202 | | b6<br>b7C |

(1) If not applicable, enter "none"
(2) A subpoena shall be issued by a magistrate in a proceeding before him, but need not be under the seal of the court. (Rule 17(a). Federal Rules of Criminal Procedure.)

To be used in lieu of AO 89     Replaces USA-170 and USA-171 which are obsolete
PC - 006119

DOJ-FOIA 000590
DOJ-FOIA 000590

 

**U.S. Department of Justice**

*United States Attorney*

*Western District of North Carolina*

---

*Suite 1700, Carillon Building*            *(704) 344-6222*
*227 West Trade Street*
*Charlotte, North Carolina 28202*          *FAX (704) 344-6629*

## FAX TRANSMITTAL SHEET

**DATE:**  February 3, 1997

**TO:** [ ]                    **FAX Number:** [ ]            b6
    FBI                                                 b7C

**FROM:** [ ]
    U.S. Attorney's Office

**SUBJECT:** Proposed press release

**MESSAGE:**  Matter is currently scheduled for grand jury (unknown
hour) on Tuesday, February 4.  This release may go
Tuesday or Wednesday, depending on hour of official          b6
return.                                                      b7C

**TOTAL NUMBER OF PAGES (INCLUDING THIS ONE):**  5

**Transmitted by:** [ ]

26 A-CE-772781 - 26

SEARCHED_____ INDEXED_____
SERIALIZED_____ FILED_____   PC - 006120

DOJ-FOIA 000591
DOJ-FOIA 000591

**U.S. Department of Justice**

*United States Attorney*
*Western District of North Carolina*

Suite 1700, Carillon Building            (704) 344-6222
227 West Trade Street
Charlotte, North Carolina 28202          FAX (704) 344-6629

NEWS RELEASE
FEBRUARY __, 1997

For Further Information
Contact Suellen W. Pierce

## FEDERAL GRAND JURY INDICTS DEFENDANT ON
## CHARGES OF INTERSTATE DOMESTIC VIOLENCE AND CARJACKING

Mark T. Calloway, United States Attorney for the Western
District of North Carolina, William E. Perry, Special Agent in
Charge, Charlotte Division, Federal Bureau of Investigation, Chief
Dennis Nowicki of the Charlotte-Mecklenburg Police Dept. and Chief
M. David Hopper of the Roanoke, Virginia, City Police Department,
announce that a federal grand jury sitting in Charlotte has
returned an eleven-count indictment charging AQUILA MARCIVICCI
BARNETTE, age 23, of Charlotte, with arson in commission of a
felony, carjacking resulting in death, using a firearm during a
carjacking resulting in death, and using a firearm during and in
relation to a federal crime of violence resulting in death. Other
charges in the indictment include two counts under the Federal
Violence Against Women Act, providing false information to acquire
a firearm, making a firearm, interstate transportation of a stolen
motor vehicle, and being a felon in possession of a firearm. A
Federal Arrest Warrant has been [will be] issued and a detainer has
been [will be] filed with the authorities at the Mecklenburg County

[more]

b6
b7C

PC - 006121

DOJ-FOIA 000592
DOJ-FOIA 000592

jail where Barnette has been held since he was arrested by the FBI on June 25, 1996.

Count Three of the indictment charges that on or about April 30, 1996, BARNETTE knowingly used fire and explosive materials to commit an act of interstate domestic violence, a felony. If convicted on this offense, the defendant faces a maximum penalty of from five to fifteen years imprisonment and a $250,000 fine or both.

Count Seven of the indictment charges that on or about June 22, 1996 in Charlotte, BARNETTE, with intent to cause death or serious bodily harm, shot to death and took from the person of Donald Lee Allen, a motor vehicle which had been shipped, transported and received in interstate or foreign commerce. If convicted on this offense, the defendant faces a maximum penalty of imprisonment of a term of years up to life and a $250,000 fine or both; or a sentence of death.

Count Eight of the indictment charges that on or about June 22, 1996 in Charlotte, BARNETTE knowingly used a sawed-off Winchester semi-automatic shotgun during the course of a carjacking and in doing so caused the death of Donald Lee Allen. If convicted on this offense, the defendant faces a mandatory minimum penalty of 20 years imprisonment and a $250,000 fine or both; or a sentence of death.

Count Ten of the indictment charges that on or about June 22, 1996, BARNETTE knowingly used a sawed-off Winchester semi-automatic

[more]

PC - 006122

DOJ-FOIA 000593
DOJ-FOIA 000593

shotgun during and in relation to a crime of violence (the alleged act of interstate domestic violence) and in the course of this violation the defendant caused the death of Robin Williams. If convicted of this offense, the defendant faces a mandatory minimum penalty of 20 years imprisonment and a $250,000 fine or both; or a sentence of death.

The indictment arises out of a series of alleged assaults by Barnette which began on April 30, 1996 when he is alleged to have traveled from Charlotte, North Carolina to Roanoke, Virginia with the intent to harass and intimidate a former girlfriend, Robin Williams. According to the indictment, on that date BARNETTE firebombed William's occupied apartment and an automobile parked in her driveway, causing bodily injury to her. Also according to the allegations in the indictment, BARNETTE carried out two separate assaults on June 22, 1996: One on Donald Lee Allen which took place in Charlotte, North Carolina, and the other on Robin Williams which took place in Roanoke, Virginia, both of which resulted in the death of the victims.

The case has been investigated by the Roanoke Virginia City Police Department, the Charlotte-Mecklenburg Police Department, the Federal Bureau of Investigation, and the Bureau of Alcohol, Tobacco and Firearms. The investigation is an example of cooperation between state and federal law enforcement agencies across state lines.

[more]

PC - 006123

DOJ-FOIA 000594
DOJ-FOIA 000594

– 4 –

Prosecution of the federal case is being handled by Chief Criminal Assistant U.S. Attorney Robert J. Conrad, Jr. and Assistant U.S. Attorney Thomas G. Walker, both of the U.S. Attorney's Office in Charlotte. The Offices of the United States Attorneys for the Western District of North Carolina and the Western District of Virginia together with the Offices of the Commonwealth's Attorney for the City of Roanoke, Virginia and the District Attorney for Mecklenburg County have coordinated their efforts in regard to the prosecution.

The public is reminded that indictments contain only charges. A defendant is presumed innocent of the charges and the government must prove a defendant's guilt beyond a reasonable doubt at trial before a conviction may occur.

# # #

CASE NUMBER 3:97CR23
AQUILA MARCIVICCI BARNETTE
DOB: 7/7/73
3413 West Boulevard
Charlotte, N.C.

PC - 006124

DOJ-FOIA 000595
DOJ-FOIA 000595

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:97CR23-P |
| | ) | |
| | ) | **BILL OF INDICTMENT** |
| | ) | |
| | ) | Violations: |
| | ) | 18 U.S.C. § 844(h)(1)&(2) |
| | ) | 18 U.S.C. § 922(a)(6) |
| v. | ) | 18 U.S.C. § 922(g)(1) |
| | ) | 18 U.S.C. § 924 |
| | ) | 18 U.S.C. § 924(c)(1) |
| | ) | 18 U.S.C. § 924(i)2(1) |
| | ) | 18 U.S.C. § 2119(3) |
| | ) | 18 U.S.C. § 2261(a)(1) |
| | ) | 18 U.S.C. § 2312 |
| AQUILIA MARCIVICCI BARNETTE | ) | 26 U.S.C. § 5861(f) |
| | ) | |

THE GRAND JURY CHARGES:

### COUNT ONE

On or about the 30th day of April, 1996 in Mecklenburg County, in the Western District of North Carolina and in the Western District of Virginia, the defendant

**AQUILIA MARCIVICCI BARNETTE**

did travel across a state line, that is, did transport himself from Charlotte, North Carolina to Roanoke, Virginia with the intent to injure, harass, and intimidate an intimate partner, Robin Williams, and in the course and as a result of such travel intentionally committed a crime of violence, that is, did firebomb Robin Williams' occupied apartment and an automobile parked in her driveway causing bodily injury to her.

In violation of Title 18, United States Code, Sections 2261(a)(1) and 2261(b).

26a-CE-77261

26A-CE-77261-27
ΔΑ   ΔΑ

FEB 11 1997

file

PC - 006126

DOJ-FOIA 000596
DOJ-FOIA 000596

DOCKET NO. 3:97CR23
U.S.A. v. AQUILIA MARCIVICCI BARNETTE

### COUNT TWO

On or about the 30th day of April, 1996, in Mecklenburg County in the Western District of North Carolina and in the Western District of Virginia, the defendant,

**AQUILIA MARCIVICCI BARNETTE**

knowingly used and carried a firearm, that is a destructive device, consisting of a bottle filled with flammable liquid, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, an act of interstate domestic violence in violation of Title 18, United States Code, Section 2261 as set forth in Count One.

In violation of Title 18, United States Code, Section 924(c)(1).

### COUNT THREE

On or about the 30th day of April, 1996, in Mecklenburg County in the Western District of North Carolina and the Western District of Virginia, the defendant,

**AQUILIA MARCIVICCI BARNETTE**

knowingly used and carried fire and explosive materials, to commit an act of interstate domestic violence in violation of Title 18, United States Code, Section 2261, a felony prosecutable in a court of the United States.

In violation of Title 18, United States Code, Section 844(h)(1).

### COUNT FOUR

On or about the 21st day of May, 1996, in Mecklenburg County in the Western District of North Carolina, the defendant,

**AQUILIA MARCIVICCI BARNETTE**

in connection with his acquisition of a firearm, a Winchester semi-automatic shotgun, from Quik Pawn Shop, a licensed firearms dealer, knowingly made false and fictitious statements which were likely to deceive Quik Pawn Shop as to a fact material to the lawfulness

2

PC - 006126

DOJ-FOIA 000597
DOJ-FOIA 000597

DOCKET NO. 3:97CR23
U.S.A. v. AQUILIA MARCIVICCI BARNETTE

of such acquisition of said firearm by the defendant under chapter 44 of Title 18, in that the defendant represented that he was Mario Vonkeith Barnette and that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year, when in fact, as the defendant then well knew, he was not Mario Vonkeith Barnette and, he had been so convicted.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924.

### COUNT FIVE

Between May 21, 1996 and June 22, 1996, exact date unknown, in Mecklenburg County within the Western District of North Carolina, the defendant,

### AQUILIA MARCIVICCI BARNETTE

knowingly made a firearm, that is he did saw off a portion of the barrel of a Winchester shotgun, without complying with the provisions of the National Firearms Act Contained in Chapter 53 of Title 26 of the United States Code.

In violation of Title 26, United States Code, Sections 5821, 5822, 5861(f), and 5871.

### COUNT SIX

On or about the 22d day of June, 1996, in Mecklenburg County within the Western District of North Carolina, the defendant,

### AQUILIA MARCIVICCI BARNETTE

having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: in case # 76063 on September 20, 1994 in Mecklenburg County Superior Court of the crime of Felonious Restraint, did knowingly possess a firearm, that is a Winchester semi-automatic shotgun, which had been shipped and transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924.

3

PC - 006127

DOJ-FOIA 000598
DOJ-FOIA 000598

DOCKET NO. 3:97CR23
U.S.A. v. AQUILIA MARCIVICCI BARNETTE

### COUNT SEVEN

On or about June 22, 1996, in Mecklenburg County within the Western District of North Carolina, the defendant,

**AQUILIA MARCIVICCI BARNETTE**

with intent to cause death or serious bodily harm, did knowingly, willfully and unlawfully take by force, violence and intimidation, that is, he shot to death and took from the person of Donald Lee Allen, a motor vehicle which had been shipped, transported and received in interstate or foreign commerce, that is a 1994 Honda Prelude, Vehicle Identification No. JHMBA8142RC004261.

In violation of Title 18, United States Code, Section 2119(3).

### COUNT EIGHT

On or about the 22d day of June, 1996, in Mecklenburg County in the Western District of North Carolina, the defendant,

**AQUILIA MARCIVICCI BARNETTE**

knowingly used and carried a firearm, that is a sawed-off Winchester semi-automatic shotgun, during and in relation to a crime of violence, for which he may be prosecuted in a court of the United States, that is, the carjacking set forth in Count Seven above, and in the course of this violation caused the death of Donald Lee Allen, through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Donald Lee Allen by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation.

In violation of Title 18, United States Code, Sections 924(c)(1) and (i)2(1).

### COUNT NINE

On or about the 22d day of June, 1996, in Mecklenburg County within the Western District of North Carolina, and elsewhere the defendant,

**AQUILIA MARCIVICCI BARNETTE,**

4

PC - 006128

DOJ-FOIA 000599
DOJ-FOIA 000599

DOCKET NO. 3:97CR23
U.S.A. v. AQUILIA MARCIVICCI BARNETTE

did unlawfully transport in interstate commerce a stolen motor
vehicle, that is, a 1994 Honda Prelude, Vehicle Identification No.
JHMBA8142RC004261, from the State of North Carolina to the
Commonwealth of Virginia, knowing the same to be stolen.

In violation of Title 18, United States Code, Section 2312.

## COUNT TEN

On or about the 22d day of June, 1996 in Mecklenburg County,
in the Western District of North Carolina and in the Western
District of Virginia, the defendant

### AQUILIA MARCIVICCI BARNETTE

did travel across a state line, that is, did transport himself from
Charlotte, North Carolina to Roanoke, Virginia with the intent to
injure, harass, and intimidate an intimate partner, Robin Williams,
and in the course and as a result of such travel intentionally
committed a crime of violence, that is, shot and killed Robin
Williams causing bodily injury and death to her.

In violation of Title 18, United States Code, Sections
2261(a)(1) and 2261(b).

## COUNT ELEVEN

On or about the 22d day of June, 1996, in Mecklenburg County
in the Western District of North Carolina and in the Western
District of Virginia, the defendant,

### AQUILIA MARCIVICCI BARNETTE

knowingly used and carried a firearm, that is a sawed-off
Winchester semi-automatic shotgun, during and in relation to a
crime of violence, for which he may be prosecuted in a court of the
United States, that is the act of interstate domestic violence set
forth in Count Ten above, and in the course of this violation
caused the death of Robin Williams, through the use of a firearm,

5

PC - 006129

DOJ-FOIA 000600
DOJ-FOIA 000600

DOCKET NO. 3:97CR23
U.S.A. v. AQUILIA MARCIVICCI BARNETTE

which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Robin Williams by shooting her with the firearm willfully, deliberately, maliciously, and with premeditation.

In violation of Title 18, United States Code, Sections 924(c)(1) and (i)2(1).

A TRUE BILL:

_FOREMAN_

MARK T. CALLOWAY
United States Attorney

Robert J. Conrad, Jr.
Assistant United States Attorney
Chief, Criminal Division

Thomas G. Walker
Assistant United States Attorney

6

PC - 006130

DOJ-FOIA 000601
DOJ-FOIA 000601

02/20/97

b6
b7C

Case Number: 26A-CE-77261          Stat Agent Name: [          ]          Report Date: 02/20/1997
  Serial No.:                     Stat Agent SOC.:  [          ]          Accom Date.: 02/04/1997

| Does Accomplishment Involve | Assisting Joint Agencies | Assisting Agents SOC | Subject Name |
| --- | --- | --- | --- |
| --------------------------- | ------------------------ | -------------------- | ------------ |
| Drugs . . . . . . . . . . . . : N | | | BARNETTE, AQUILIA, MARCIV |
| A Fugitive. . . . . . . . . . : N | | | |
| Bankruptcy Fraud. . . . . . . : N | | | |
| Computer Fraud/Abuse. . . . . : N | | | RA    Squad   Task Force |
| Corruption of Public Officials: N | | | ----   -----   ---------- |
| Forfeiture Assets . . . . . . : N | | | HQ     6 |

Sub. Invest. Asst by Other FOs:

                                                          1 = Used, but did not help
        Investigative Assistance or Technique Used        2 = Helped, Minimally
        -------------------------------------------       3 = Helped, Substantially
                                                          4 = Absolutely Essential

| | | | |
| --- | --- | --- | --- |
| FINAN ANALYST | LAB DIV EXAMS | UCO-GROUP I | FT. MON-NRCSC |
| AIRCRAFT ASST | LAB FIELD SUP | UCO-GROUP II | FOR. LANG ASST |
| COMPUTER ASST | PEN REGISTERS | UCO-OTHER | NON FBI LAB EX |
| CONSEN MONITR | PHOTO COVERGE | NCAVC/VI-CAP | |
| ELSUR/FISC | POLYGRAPH | CRIM INTEL AST | |
| ELSUR/III | SRCH WAR EXEC | CRIS NEG-FED | |
| ENG FIELD SUP | SHOW MONEY | CRIS NEG-LOC | |
| ENG TAPE EXAM | SOG ASST | ERT ASST | |
| LEGATS ASST. | SWAT TEAM | BUTTE-ITC | |
| EVIDNCE PURCH | TECH AG/EQUIP | SAVANNAH-ITC | |
| INFORMANT/CW | TEL TOLL RECS | POC-WRCSC | |

Indictment is for Federal, Local, or International (F/L/I)...: F

U. S. Code Violation(s)

| Form FD-515a Side 2: | ===================================== | | |
| --- | --- | --- | --- |
| Investigative Efforts = N/A OR NONE | Title | Section | Counts |
| Subject's Role = N/A OR NONE | ----- | ------- | ------ |
| Scope = N/A OR NONE | 18 | 21193 | 1 |
| | 18 | 924C | 2 |
| | 18 | 2312 | 1 |
| | 18 | 2261 | 1 |

Accomplishment Narrative
------------------------

SENSITIVE / UNCLASSIFIED

26A-CE-77261-28

SEARCHED_____ INDEXED_____
SERIALIZED_____ FILED_____

PC - 006131

DOJ-FOIA 000602
DOJ-FOIA 000602

b6
b7C

**FD-515 (Rev. 10-1-96)**

Squad supervisor approval (please initial)

**Accomplishment Report**
(accomplishment must be reported and loaded into... within 30 days from date of accomplishment)

Date Prepared: ___
Date Loaded: ___
Data Loader's Initials: ___

**Accomplishment involves:** (check all that apply)

| | |
|---|---|
| Drugs | ☐ |
| A Fugitive | ☐ |
| Bankruptcy Fraud | ☐ |
| Computer Fraud/Abuse | ☐ |
| Corruption of Public Officials | ☐ |
| Forfeiture Assets | ☐ |
| Sub Invest Asst by FO (s) | ☐ |

Asst. FO(s) __, __, __, __
A, B, C, D

**Task Force**

**Assisting Agencies ×●**
1.
2.

**File Number**
26a-CE-77261

**Stat Agent Soc. Sec. No.**

**Stat Agent Name**

| RA | Squad |
|---|---|
| | 6 |

**Assisting Agents Soc. Sec. No. ×·**
1.  -  -
Name:
2.  -  -
Name:

**Investigative Assistance or Technique Used:**
1-Used, but did not help
2-Helped, minimally
3 - Helped; substantially
4 - Absolutely essential
For Sub. Invest. Assist. by other FO (s) indicate A,B,C,D for corresponding FO

| Rate FO | IAT | Rate FO | IAT | Rate FO | IAT | Rate FO | IAT |
|---|---|---|---|---|---|---|---|
| | Fin. Analyst | | Lab. Div. Exam | | UCO - Group I | | Ft. Mon.- NRCSC |
| | Aircraft Asst. | | Lab. Field Sup | | UCO - Group II | | For. Lang Asst. |
| | Computer | | Pen Registers | | UCO - Nat. Back | | Non FBI Lab Ex |
| | Consen Mon. | | Photo Cover. | | NCAVC / VI - CAP | | |
| | Elsur / FISC | | Polygraph | | Crim Intel Asst | | |
| | Elsur / T. III | | Search Warrant | | Crisis Neg. - Fed. | | |
| | Eng. Field Spt. | | Show Money | | Crisis Neg. - Local | | |
| | Eng. Tape Ex | | SOG Asst. | | ERT Asst. | | |
| | Legats Asst. | | Swat Team | | Butte - ITC | | |
| | Evid Purchase | | Tech. Ag/Equip. | | Sav - ITC | | |
| | Inf/CW Info | | Phone Toll Rec | | Poc - WRCSC | | |

**A. Complaint / Information / Indictment**
☑ Federal  ☐ Local  ☐ International
Complaint Date ___
Check if Civil Rico Complaint ☐
Information Date ___
Indictment Date 2 4 97

**B. Locate/ Arrest**
☐ Federal  ☐ Local  ☐ International
Subject Priority: ☐ A  ☐ B  ☐ C
Locate Date ___
Arrest Date ___
☐ Subject Resisted Arrest
☐ Subject Arrested was Armed

**C. Summons**
☐ Federal  ☐ Local
Summons Date ___

**D. Hostage(s) Released Date ___**
Released by: ☐ Terrorist  ☐ Other
Number of Hostages: ___
Child Located Date ___

**E. Recovery / Restitution / PELP ×**
☐ Federal  ☐ Local  ☐ International
Recovery Date ___
| Code ● | Amount |
|---|---|
| | $ |
| | $ |

Restitution Date ___
☐ Court Ordered
☐ Pretrial Diversion
| Code ● | Amount |
|---|---|
| | $ |

PELP Date ___
| Code ● | Amount |
|---|---|
| | $ |

**F. Civil Rico Matters Date ___**
Also Complete Section I
or
Other Civil Matters Date ___
Judgment ___ ●
Judicial Outcome ___ ___ ×●
Amount: $___
Suspension:
| Years | Months |
|---|---|
| | |

**G. Administrative Sanctions Date ___**
Subject Description Code ___ ●
Type:  Length:
☐ Suspension  ☐ Permanent
☐ Debarment  ☐ | Years | Months |
☐ Injunction

**H. Conviction**
☐ Federal  ☐ Local  ☐ International
Conviction Date: ___
Subject Description Code: __ __ ● (___)●
*For 6F, G, H--Include Agency Code*
☐ Felony  Or  ☐ Misdemeanor
☐ Plea  Or  ☐ Trial
State: ___  Judicial District: ___

**I. U.S. Code Violations**
Required for Sections A, B, F, and H
(Federal only)

| Title | Section | # of Counts |
|---|---|---|
| 18 | 2119(3) | 1 |
| 18 | 924(c) | 2 |
| 18 | 2312 | 1 |
| 18 | 2261 | 1 |

**J. Sentence Date: ___**
Sentence type: __ __, __, __ ●

| | In-Jail | | Suspended | | Probation | |
|---|---|---|---|---|---|---|
| | Years | Months | Years | Months | Years | Months |
| | | | | | | |

Fines: $ ___

**K. Acquittal / Dismissal / Pretrial Diversion**
Acquittal Date ___
Dismissal Date ___
Pretrial Diversion Date ___

**L. Subject Information (Required for all Sections excluding Section D and E (Recovery/PELP))**

| Name | Race ● | Sex | Date of Birth | Social Security No. (if available) |
|---|---|---|---|---|
| Aquilia Marcivicci Barnette | B | M | 7/7/73 | 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 |

For Indictments/Convictions only:
☐ Subject related to an LCN, Asian Organized Crime (AOC), Italian Organized Crime (IOC) Group-Complete FD-515a, Side 1
☐ Subject related to an OC/Drug Organization or a VGMO Program relating to street gangs involved in drugs-Complete FD-515a, Side 2
☐ Additional information may be added by attaching another form or a plain sheet of paper for additional entries.
● See codes on reverse side.

Serial No. of FD-515

PC - 006132

SEARCHED ___
FOIMS ___
MANUAL ___
CONFIDENTIAL INDICES

DOJ-FOIA 000603
DOJ-FOIA 000603

 

## PROPERTY CODES

01 Cash
02 Stocks, Bonds or Negot. Instruments
03 General Retail Merchandise
04 Vehicles
05 Heavy Machinery & Equipment
06 Aircraft
07 Jewelry
08 Vessels
09 Art, Antiques or Rare Collections
11 Real Property
20 All Other

### SENTENCE TYPES

CP Capital Punishment
JS Jail Sentence
LS Life Sentence
NS No Sentence (Subject is a Fugitive, Insane, has Died, or is a Corporation)
PB Probation
SJ Suspension of Jail Sentence
YC Youth Correction Act

### PELP CODES

22 Counterfeit Stocks/Bonds/Currency/ Negotiable Instruments
23 Counterfeit/Pirated Sound Recordings or Motion Pictures
24 Bank Theft Scheme Aborted
25 Ransom, Extortion or Bribe Demand Aborted
26 Theft From or Fraud Against Government Scheme Aborted
27 Commercial or Industrial Theft Scheme Aborted
30 All Other

## RACE CODES

A Asian/Pacific Islander
B Black
I Indian/American
U Unknown
W White
X Nonindividual

### JOINT AGENCY CODES

ACIS Army Criminal Investigative Service
BATF Bureau of Alcohol, Tobacco & Firearms
BIA Bureau of Indian Affairs
DCAA Defense Contract Audit Agency
DCIS Defense Criminal Investigative Service
DEA Drug Enforcement Administration
DOC Department of Corrections
DOI Dept. of Interior
EPA Environmental Protection Agency
FAA Federal Aviation Administration
FDA Food and Drug Administration
HHS Dept. of Health & Human Services
HUD Dept. of Housing & Urban Development
INS Immigration and Naturalization Service
IRS Internal Revenue Service
NASA Nat'l Aeronautics & Space Admin
NBIS Nat'l NARC Border Interdiction
NCIS Naval Criminal Investigative Service
RCMP Royal Canadian Mounted Police
SBA Small Business Administration
USBP U.S. Border Patrol
USCS U.S. Customs Service
USDS U.S. Department of State
USPS U.S. Postal Service
USSS U.S. Secret Service
USTR U.S. Treasury
LOC Local
CITY City
COUN County
ST State
OTHR Other

## JUDGMENT CODES

CJ Consent Judgment
CO Court Ordered Settlement
DF Default Judgment
DI Dismissal
JN Judgment Notwithstanding
MV Mixed Verdict
SJ Summary Judgment
VD Verdict for Defendant
VP Verdict for Plaintiff

### JUDICIAL OUTCOME

AG Agreement
BR Barred/Removed
CC Civil Contempt
DC Disciplinary Charges
FI Fine
PI Preliminary Injunction
PR Temporary Restraining Order
PS Pre-filing Settlement
RN Restitution
SP Suspension
VR Voluntary Resignation
OT Other

### SUBJECT PRIORITY

A Subject wanted for crimes of violence (i.e., murder, manslaughter, forcible rape) against another individual or convicted of such a crime in the past five years

B Subject wanted for crimes involving loss or destruction of property valued in excess of $25,000 or convicted of such a crime in the past five years.

C All other subjects.

## SUBJECT DESCRIPTION CODES

### ORGANIZED CRIME SUBJECTS

1F Boss
1G Underboss
1H Consigliere
1J Acting Boss
1K Capodecina
1L Soldier

### KNOWN CRIMINALS

2A Top Ten or I.O. Fugitive
2B Top Thief
2C Top Con Man

### FOREIGN NATIONALS

3A Legal Alien
3B Illegal Alien
3C Foreign Official W/out Diplomatic Immunity
3D U.N. Employee W/out Diplomatic Immunity
3E Foreign Student
3F All Others

### OTHERS

8A All Other Subjects
8B Company or Corporation

### TERRORISTS

4A Known Member of a Terrorist Organization
4B Possible Terrorist Member or Sympathizer

### UNION MEMBERS

5D President
5E Vice-President
5F Treasurer
5G Secretary/Treasurer
5H Executive Board Member
5I Business Agent
5J Representative
5K Organizer
5L Business Manager
5M Financial Secretary
5N Recording Secretary
5P Office Manager
5Q Clerk
5R Shop Steward
5S Member
5T Trustee
5U Other

### GOVERMENT SUBJECTS

6A Presidential Appointee
6B U.S. Senator/Staff
6C U.S. Representative/Staff
6D Federal Judge/Magistrate
6E Federal Prosecutor
6F Federal Law Enforcement Officer
6G Federal Employee - GS 13 & Above
6H Federal Employee - GS 12 & Below
6J Governor
6K Lt. Governor
6L State Legislator
6M State Judge/Magistrate
6N State Prosecutor
6P State Law Enforcement Officer
6Q State - All Others
6R Mayor
6S Local Legislator
6T Local Judge/Magistrate
6U Local Prosecutor
6V Local Law Enforcement Officer
6W Local - All Others
6X County Commissioner
6Y City Councilman

### BANK EMPLOYEES

7A Bank Officer
7B Bank Employee

PC - 006133

DOJ-FOIA 000604
DOJ-FOIA 000604

# United States District Court

WESTERN _____ DISTRICT OF _____ NORTH CAROLINA

_46476_
_6.5.95_
_5.22.95_

TO:

SUBPOENA TO TESTIFY
BEFORE GRAND JURY

b3

SUBPOENA FOR:

☐ PERSON   ☒ DOCUMENTS OR OBJECT(S)

YOU ARE HEREBY COMMANDED to appear and testify before the Grand Jury of the United States District Court at the place, date, and time specified below.

PLACE

Charles R. Jonas Federal Building
401 W. Trade Street
Charlotte, North Carolina   28202

ROOM

YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):*

Compliance with this subpoena can be made by furnishing copies of the requested information to Assistant U.S. Attorney[          ] U.S. Attorney's Office, 227 W. Trade Street, Suite 1700, Carillon Building, Charlotte, NC  28202, on or before January 6, 1997, for delivery to the Grand Jury.

It is requested that you not disclose the existence of this Grand Jury subpoena or notify anyone that the above information has been requested. Any such disclosure could impede the investigation being conducted and thereby interfere with the enforcement of the law.

This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

b6
b7C

| CLERK | DATE |
|---|---|
| FRANK G. JOHNS | 01/08/97 |

(BY) DEPUTY CLERK

J. L. Bennett

This subpoena is issued upon application of the United States of America

SA

NAME, ADDRESS
AUSA
United States Attorney's Office
227 West Trade Street
Suite 1700, Carillon Building
Charlotte, North Carolina 28202

b6
b7C

*If not applicable, enter "none."     To be used in lieu of AO110

FORM OBD-22?
JAN 86

PC - 006134

DOJ-FOIA 000605
DOJ-FOIA 000605

(03/31/95)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                          **Date:** 03/17/1997

**To:** Atlanta

b6
b7C

**From:** Charlotte
    Squad 6 (VCMO)
    **Contact:** SA [ ]

**Approved By:** [ ]

**Drafted By:** [ ] kep

b6
b7C

**File Number(s):** 26A-CE-77261  (Pending)

**Title:** AQUILA MARCIVICCI BARNETTE;
    DONALD LEE ALLEN - VICTIM (DECEASED);
    CARJACKING - MURDER;
    6/21/96;
    OO: CHARLOTTE

b3

**Synopsis:** Request for Atlanta to serve a subpoena on [ ]
[ ]

**Enclosures:** Enclosed for Atlanta is the original and one copy of
a Grand Jury Subpoena.

**Details:** In preparation for prosecution for captioned matter,
Chief Criminal Assistant United States Attorney [ ]
requests that enclosed subpoena be served.  It is noted that the
subpoena requests that records be forwarded to AUSA [ ] however
AUSA [ ] advises that this should be accomplished via case agent
in Charlotte.

b6
b7C

26A-CE-77261-3[ ]

1

SEARCHED_____ INDEXED_____
SERIALIZED_____ FILED_____

b6
b7C

PC - 006135

DOJ-FOIA 000606
DOJ-FOIA 000606

To: Atlanta From: Charlotte
Re: 26A-CE-77261, 03/17/1997

**LEAD(s):**

**Set Lead 1:**

<u>ATLANTA</u>

    <u>AT ATLANTA, GEORGIA</u>

        Serve enclosed subpoena, return original subpoena with return of service information, and forward requested documents to Charlotte.

PC - 006136

DOJ-FOIA 000607
DOJ-FOIA 000607

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                                    **Date:** 05/01/1997

**To:** Charlotte                          **Attn:** Sq. 6 (VCMO)
                                                   SA [        ]

**From:** Atlanta
         Sq. 8

**Approved By:** [                    ]

b6
b7C

**Drafted By:** [                    ] cmm

**Case ID #:** 26A-CE-77261 (Pending)

**Title:** AQUILA MARCIVICCI BARNETTE;
DONALD LEE ALLEN - VICTIM (DECEASED);
CARJACKING - MURDER;
6/21/96

**Synopsis:** Subpoena served.

**Reference:** 26A-CE-77261 Serial 30

**Enclosures:** Enclosed for Charlotte is a 1-A containing executed
subpoena.

b3

**Details:** The enclosed subpoena was served on [        ]
[                    ]

SEARCHED _____
SERIALIZED _____

JUL 24 1997

FBI - CH -

b6
b7C

26A-CE-77261-31

| SEARCHED | INDEXED |
| SEARIALIZED | FILED |
| ☐ AT FOIMS | ☐ SV FOIMS |
| ☐ AT GENERAL | ☐ SV GENERAL |

MAY 01 1997

FBI ATLANTA

Uploaded and
hardcopy sent to

ATLanta 5/1/97 acp
00    Date & Intials

1A

26A-CE-77261

PC - 006137

DOJ-FOIA 000608
DOJ-FOIA 000608

26A-CE-77261

| SEARCHED_____ | INDEXED_____ |
| SERIALIZED_____ | FILED_____ |

JUL 2 4 1997

ARLOTTE

(File)

b6
b7C

PC - 006138

DOJ-FOIA 000609
DOJ-FOIA 000609

Automated Serial Permanent Charge-Out
FD-5a (1-5-94)

Date: 07/25/97  Time: 08:18

Case ID: 26A-CE-77261  Serial: 33

Description of Document:

    b6
    b7C
    b7D

  Type : OTHER
  Date : 07/24/97
  To   :
  From : CHARLOTTE
  Topic:

Reason for Permanent Charge-Out:

    b7D

  INADVERTENTLY SERIALIZED (PB)

Employee:

    b6
    b7C

PC - 006139

DOJ-FOIA 000610
DOJ-FOIA 000610

(12/31/1995)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** IMMEDIATE          **Date:** 01/02/1998    b6
b7C

**To:** FBI Headquarters     **Attn:** [ ]
Imaging Support Unit
Room 1B-907

**From:** Charlotte
     Squad 6
     **Contact:** [ ]    b6
b7C

**Approved By:** [ ]

**Drafted By:** [ ] dlg

**Case ID #:** 26A-CE-77261 (Pending)    b6
b7C

**Title:** AQUILIA MARCIVICCI BARNETTE;
DONALD LEE ALLEN - VICTIM (DECEASED);
CARJACKING - MURDER;
06/21/1996;
OO:CHARLOTTE

**Synopsis:** Request to enlarge and reproduce four enclosed diagrams onto poster board.

**Enclosures:** Two crime scene diagrams and two autopsy diagrams.

**Details:** On January 5, 1998, jury selection commences for the above-captioned case, with a trial to follow immediately. On January 2, 1998, the United States Attorney's Office for the Western District of North Carolina in Charlotte, North Carolina, contacted ASAC [ ] and requested assistance in final preparation for the upcoming trial. The United States Attorney's Office provided the enclosed four diagrams and requested that they be enlarged and reproduced onto poster board. The request is for the reproductions to be sized at approximately 36" by 48" if possible.    b6 b7C

26A-Ce-77261-35

b6
b7C

PO) 006140

DOJ-FOIA 000611
DOJ-FOIA 000611

Sq.6 [ ] 002-DLC08.CC

To: FBI Headquarters  From: Charlotte
Re: 26A-CE-77261


**LEAD (s):**

**Set Lead 1:**

Imaging Support Unit

Enlarge and reproduce four enclosed diagrams onto poster board approximately 36" by 48" if possible.

2

PC - 006141

DOJ-FOIA 000612
DOJ-FOIA 000612



96-35235
Date: 062296
Officer CR Sacra
Location: Intersection of 9th St. and Loudon Av. N.W.
Illustration NOT TO SCALE

LEGEND:
A. 12 Gauge Spent Shotgun Shell (Federal) #8 Shot
B. Blood in grass and street edge
C. Telephone Co. Access Covers
D. Gate in fence in rear of 911 Loudon Av. N.W.
E. East Side Kitchen Door (3 12 Gauge Spent Shotgun Shells (Federal) #8 Shot
F. Residential Telephone hook up Box with three cut wires
G. Fence around 911 Loudon Av. N.W.
H. Sidewalk

003618
PC - 006142

DOJ-FOIA 000613
DOJ-FOIA 000613



96-35235
Date: 062296
Officer CR Sacra

Location:
911 Loudon Av.
N.W.

Illustration
NOT TO SCALE

Dining Room

Kitchen

Hall

Den

Foyer

upstairs

Living Room

Front Porch

LEGEND:
A- Sunglasses
B- Shot Damage
C- East Side
Kitchen Door and
Wood Sample

D- Bolt to Lock
E- Wood Sample
F- Blood and
Control Swab

G - Spent Federal
Shotgun Shell #8
Shot 12 Gauge

H- Ottoman
I- Wood Chips
from door

003619
PC - 006143

DOJ-FOIA 000614
DOJ-FOIA 000614



BODY DIAGRAM

96-4424 (96B153)

Front    Back

skeletonization

superficial and shallow tissue defects (decomposition & insect destruction)

SHOTGUN ENTRANCE WOUND #1

SHOTGUN PARTIAL EXIT SITE #2 (wound and decomposition insect destruction tissue ( ... ))

SHOTGUN ENTRANCE SITE #3 (wound and decomposition - insect destruction tissue loss )

SHOTGUN ENTRANCE SITE # (wound and decompos -insect destruc tissue loss

shallow & deep insect destruction

superficial insect destruction

Name  Donald Lee Allen

Examined

By

1 of 1

CME Form No. 2A

001525

PC - 006144

DOJ-FOIA 000615
DOJ-FOIA 000615

# BODY DIAGRAM

Front

Back



scalloped margin
#1
Shotgun entrance
thoracotomy

#2
entrance
19" from top of H
4" Left
1½" diameter

OLD
Burn
Skin graft

Skin Graft
Donor Site

Skin Craft
Donor Site

abrasion
Laceration

abrasion
(OLD)

Decedent's Height **65** inches

Name WILLIAMS, ROBIN W-329-96
DR SWECKER ROANOKE CITY
Examin 6/22/96
Autops

b6
b7C

Commonwealth of Virginia
OFFICE OF THE CHIEF MEDICAL EXAMINER
CME Form 1B1

PC0006145 3

DOJ-FOIA 000616
DOJ-FOIA 000616

FD-350 (Rev. 5-8-81)

(Indicate page, name of newspaper, city and state.)

Charlotte Observer
Charlotte, North Carolina

Date: January 5, 1998
Edition:

Title: Federal death penalty trial gets underway today

Character: or 26A-CE-77261
Classification:
Submitting Office: Charlotte
page 1

Indexing:

(Mount Clipping in Space Below)

# Federal death penalty trial gets under way today

**By GARY L. WRIGHT**
*Staff Writer*

Aquilia Barnette wanted to die. But first, he prayed for the people he says he shot during his brief reign of terror.

Now, in an unusual step, federal prosecutors in Charlotte want to see Barnette die for his confessed crimes.

When the 24-year-old murder suspect goes on trial today in U.S. District Court in Charlotte, prosecutors will seek the death penalty for the murders.

It's the first time federal prosecutors in North Carolina have sought the death penalty since capital punishment was reinstated in 1988 as part of the government's war on drugs.

**Barnette**

Barnette's capital trial also signals that prosecutors across the country, fed up as much as the public with career criminals, are turning to the power of the federal government to put people to death.

Most death penalty cases are tried in state courts with appeals that drag on for years. If prosecutors are successful this time, Barnette will probably be put to death much quicker than those condemned in state court.

The execution would be carried out faster because Barnette's appeals would bypass state courts and go directly into federal courts.

Death penalty appeals in North Carolina and across the country now take about eight years. New federal laws also are expected to cut that time in half.

Federal prosecutors across the country must get permission from U.S. Attorney General Janet Reno to seek the death penalty.

Since taking office in 1993, Reno has been asked more than 120 times to give prosecutors the go-ahead to try suspected murderers for their lives. She has authorized prosecutors to seek the death penalty 57 times.

Thirteen men are now on death row for federal crimes.

Barnette confessed to the shootings. A transcript of his statements to police was obtained by The Observer from the court file.

In the confession, Barnette told police how he hid in the darkness, armed with a sawed-off shotgun, during the early morning hours of June 22, 1996. He was waiting for a motorist to stop at Billy Graham Parkway and Morris Field Drive.

Barnette described how he ordered Donald Lee Allen, 22, of McConnells, S.C., from his car. He forced Allen into a ditch, then shot

him as he begged for his life.

Barnette jumped into Allen's blue Honda Prelude and then drove to Roanoke, Va., and the home of his 23-year-old former girlfriend, Robin Antoinette Williams.

Barnette told police how he cut the telephone lines, blasted his way into her house, ran Williams down outside and shot her.

"I remember I was looking at my gun. I was pointing it at her and then she was running to her mom and I shot her," Barnette told police. "In the back and she fell. And I ran."

"I wanted to die. I wanted to kill myself and I wanted her with me."

He told police **Reno** that he later went to church to pray for his victims. And that he failed in two suicide attempts.

"I knew I had to go to church and pray for them cause it wasn't right," Barnette told police. "I couldn't just sit there and kill myself selfishly ... and not at least pray for them or beg them to forgive me."

Federal prosecutors in Charlotte aren't talking about why they've targeted Barnette.

Assistant U.S. Attorney Bob Conrad would only say: "Violent crime in general and violence against women in particular are priorities of this office."

DOJ-FOIA 000617
DOJ-FOIA 000617

FD-350 (Rev. 5-8-81)

(Mount Clipping in Space Below)

(Indicate page, name of
newspaper, city and state.)

Charlotte Observer
Charlotte, North Carolina

Date: January 5, 1998
Edition:

Title: Federal death penalty
trial gets underway
today

Character:
or 26A-CE-77261
Classification:
Submitting Office: Charlotte
page 2

Indexing:

Legal experts say it makes sense to try Barnette in federal court instead of trying him twice for two murders in state courts in Charlotte and Roanoke.

Barnette also is charged with a deadly carjacking, one of dozens of crimes Congress singled out for death-penalty prosecutions. And he's accused of crossing state lines to commit domestic violence.

"This is a case that's got federal jurisdiction written all over it," one source said. "It's got everything. It's got domestic violence. It's got carjacking. It's got interstate transportation of a stolen vehicle."

Barnette is charged with three federal crimes punishable by death. One is carjacking resulting in death. The other two involve the use of firearms in deadly crimes.

The jurors will hear Barnette's confession. Bertha Williams will describe for them how she watched in horror as her daughter was shot to death.

Defense attorney George Laughrun acknowledges that Barnette is in trouble.

"This is an extremely tough case because of the facts and the confession," Laughrun said. "We want to save his life. That's our goal."

Barnette's capital trial is expected to last up to seven weeks.

Laughrun won't talk about the defense strategy. But he and co-counsel Paul Williams have filed a document putting prosecutors on notice that the defense intends to introduce evidence about Barnette's mental condition at the time of the killings.

Conrad and Assistant U.S. Attorney Thomas Walker will portray Barnette as an armed career criminal.

Court documents show he was accused of beating one of his former girlfriend's children with a coat hanger. He was convicted of felonious cruelty to children. He's also been convicted of battery, pointing a gun, discharging a firearm, felonious restraint and breaking and entering.

Federal prosecutors across the country, meanwhile, are more often seeking authorization to try defendants for their lives.

During the first five years after the federal death penalty was reinstated in 1988, only one man was on death row for a federal crime. Now, 13 men await execution.

If Barnette is sentenced to death, he'll probably be executed at Central Prison in Raleigh.

Death penalty experts, including Richard Dieter, executive director of the Death Penalty Information Center in Washington, don't expect a flood of capital prosecutions in the federal courts.

Neither does Columbia defense lawyer David Bruck, a national expert on the federal death penalty.

Bruck, who gained national prominence in defending Susan Smith for the killings of her two young sons, doesn't think prosecutors are being overzealous in their pursuit of capital punishment.

"Federal prosecutors have exhibited some restraint," Bruck said, "and have not converted the federal courts into death mills."

PC - 006147 DOJ

DOJ-FOIA 000618
DOJ-FOIA 000618

FD-350 (Rev. 5-8-81)

(Indicate page, name of newspaper, city and state.)

Charlotte Observer
Charlotte, North Carolina

Date: January 22, 1998
Edition:

Title: Firebomb preceded 2 slayings

Character:
or
Classification: 26A-CE-77261
Submitting Office: Charlotte

Indexing:

(Mount Clipping in Space Below)

# Firebomb preceded 2 slayings

**By GARY L. WRIGHT**
*Staff Writer*

Robin Williams, murdered more than a year ago while her mother looked on, spoke to a federal jury in Charlotte Wednesday.

Williams, recorded during a police interview a month before she died, talked about how her ex-boyfriend, Aquilia "Marc" Barnette, had firebombed her apartment.

**Barnette**

"I was screaming ... 'We have got to get out'," Williams told the police detective. "I can hear Marc, yelling 'die, b----, die.'

"I was totally in shock. I could not believe he was doing this to me."

Williams, who jumped from a second-floor window to escape the fire, suffered burns on her arms and spent 12 days in a hospital.

Williams also talked about her abusive relationship with Barnette, their breakup and his jealousy.

Barnette hung his head and wept as he heard Robin Williams' voice. One of his lawyers held his hand.

The 24-year-old murder suspect is on trial for his life, accused of killing a Charlotte motorist during a carjacking in June 1996, then driving to Roanoke, Va., and killing his 23-year-old former girlfriend.

It's the first time federal prosecutors in North Carolina have sought the death penalty since capital punishment was reinstated for federal crimes in 1988.

During opening arguments Wednesday, Assistant U.S. Attorney Bob Conrad described how Barnette, armed with a sawed-off shotgun, waited in darkness along the Billy Graham Parkway during the early hours of June 22, 1996.

"He lurked in the woods intent on killing someone — anyone — to get their car."

Then Conrad described how Barnette shot Donald Lee Allen, 22, of McConnells, S.C., and then took his car.

"As Donnie begged for his life, the defendant told him to turn around, and fired three times, execution style," Conrad told jurors.

Conrad said Barnette later that morning blasted his way into his ex-girlfriend's house.

The prosecutor then recalled the exchange when Barnette confronted Robin Williams' mother, Bertha, who was holding her grandbaby.

She said: "Marc, don't shoot my grandbaby."

The defendant answered: "I'm going to kill everybody."

Conrad told jurors how Barnette ran down Robin Williams and shot her.

"Bertha held her dying daughter, then went to call a pastor," Conrad said. "Before she got back, Robin had passed on."

Defense attorney Paul Williams told jurors that Barnette's defense team would not contest most of the government's evidence. He said Barnette has confessed three times to the killings.

"This is a domestic tragedy," Williams said.

The defense lawyer described Barnette as depressed and distraught over the breakup with Robin Williams.

"Marc Barnette's world collapsed," he said. "Marc Barnette lost his way."

Paul Williams told jurors that Barnette was tearful and remorseful during the confessions.

And the defense attorney, quoting from the confessions, told the jurors why Barnette said he went to church after the killings: "I knew I was wrong. I shouldn't have done that. I felt like I needed to ask the Lord to forgive me for what I did.

"I was wrong and I know better. I wasn't raised like that ... It cost them their lives and it shouldn't have."

*Reach Gary L. Wright at (704) 358-5052.*

SERIALIZED _____ FILED _____

26A-CE-77261 —
PC - 006148

FD-350 (Rev. 5-8-81)

(Indicate page, name of newspaper, city and state.)

Charlotte Observer
Charlotte, North Carolina

Date: January 24, 1998
Edition:

Title: Suspect: "I shot her... and I ran"

Character: 26A-CE-77261
or
Classification:
Submitting Office: Charlotte

page 1

Indexing:

SEARCHED _____ INDEXED _____
SERIALIZED _____ FILED _____

(Mount Clipping in Space Below)

# Suspect: 'I shot her . . . and I ran'

### By GARY L. WRIGHT
#### Staff Writer

Aquilia Barnette first cut the phone lines. Then he blasted his way through the kitchen door.

When Bertha Williams spotted Barnette, she told her daughter to run.



Barnette

But Barnette ran down Robin Williams. With his shotgun in his right hand, Barnette used his left hand to grab Williams by her hair and pull her along. When she resisted, Barnette warned her that he had a bullet for him and one for her.

"I remember I was looking at my gun," Barnette told police. "I was pointing it at her and then she was running to her mom and I shot her . . . in the back and she fell. And I ran."

A federal jury in Charlotte that will decide whether Barnette lives or dies heard Barnette's taped confession Friday.

Prosecutors have rested their case against the 24-year-old murder suspect. When the jury returns on Tuesday, the defense is expected to rest without calling any witnesses.

It's the first time federal prosecutors in North Carolina have sought the death penalty since capital punishment was reinstated for federal crimes 10 years ago.

In the confession played Friday, Barnette told police he was still trying to figure out why he shot his 23-year-old former girlfriend.

"I wanted to die. I wanted to kill myself and I wanted her with me," he said. "That's one part of it. Another is that I was mad that she had threw our relationship out the window for somebody who I didn't even know existed. Another part was that I was just so upset and I was depressed that I didn't know what I was gonna do about the relationship."

Asked by an investigator if his ex-girlfriend had done anything to provoke him into shooting her, Barnette replied: "That day, no. I mean, I do blame her for my finger. You know that's something she did to me when we stayed together. . . . She almost cut it off."

Prosecutors didn't play the tape of another confession in which Barnette cries as he talks about shooting Williams and a motorist in Charlotte. Defense lawyers intend to play that tape for the jury during the penalty phase of the trial.

In the other confession, Barnette describes how he waited in the early morning darkness on June 22, 1996, for a car to stop at the intersection of Billy Graham Parkway and Morris Field Drive.

When Donald Lee Allen stopped at the red light, Barnette walked up, pointed the shotgun, and ordered him from the car. After demanding Allen's wallet, Barnette forced his victim into a ditch.

"He said 'Don't shoot,'" Barnette told police. "He was scared. He didn't want to go, which I understood that."

Barnette said he ordered Allen, 22, of McConnells, S.C., to turn around and then shot him.

"I know I fired three times because I kept pulling after I had fired . . . ," Barnette said. "I was scared. I ran. I grabbed the bag and got in the car."

Asked why he'd shot Allen, Barnette, crying, responded: "I don't know. I still don't know."

Barnette told police he then jumped into Allen's car, drove to Roanoke, Va., and shot Williams.

Then, Barnette drove to Knoxville, Tenn., where he bought a garden hose and duct tape. He told police he tried to commit suicide. And he said he went to church to pray for his victims.

38

26A-CE-77261 —
PC - 006149

DOJ-FOIA 000620
DOJ-FOIA 000620

FD-350 (Rev. 5-8-81)

(Mount Clipping in Space Below)

(Indicate page, name of
newspaper, city and state.)

Charlotte Observer
Charlotte, North Carolina

Date: January 24, 1998
Edition:

Title: Suspect: "I shot her...
and I ran"

Character: 26A-CE-77261
or
Classification:
Submitting Office: Charlotte
                            page 2

Indexing:

"I knew I had to go to church and pray for them cause it wasn't right," Barnette told police. "I couldn't just sit there and kill myself selfishly ... and not at least pray for them or beg them to forgive me.

"I knew I was wrong. I shouldn't have done that stuff and I felt like that I needed to ask the Lord to forgive me for what I had did and I wanted him to take care of Donald and Robin and make sure that they were OK and pray, and ask them to forgive me.

"I was wrong and I know better. I wasn't raised like that. Something was wrong with me. I didn't know what, but it cost them their lives and it shouldn't have."

An investigator asked Barnette if he knew what he was doing when he confronted Allen. Barnette responded that he'd sat in his room that night, looking at letters and cards and photographs of Williams and wondering about their breakup.

"I knew what I was about to do. ... It was like I couldn't control myself. It was like I had to get to see Robin, I had to get to Robin. And that's like the only thing that was driving me."

The last thing a crying Barnette told an investigator: "I'm truly sorry. I can't believe this happened. I'm still not believing that Robin and Donald is dead. I still can't believe it."

PC - 006150

DOJ-FOIA 000621
DOJ-FOIA 000621

| DATE | CODE | REMARKS | INITIALS |
|---|---|---|---|
| 07-03-97 | AIRF | Criminal matter opened. | ECM |
| 02-04-97 | GRJU | Bill of Indictment filed in CLT by AVL GJ (GJ#2). | RJC/TGW |
| 02-18-97 | RULE | I/A: magi Carl Horn; charges reviewed for def; def not eligible for release due to state order of detention; def appeared w/Paul Williams; magi to appt. additional counsel; def served w/US Summary of Charges & Armed Career Criminal Notice | RJC/TGW |
| 03-26-97 | ARGN | Arr't of def before Carl Horn; def filed Notice of Insanity Defense | RJC/TGW |
| 05-22-97 | PRLM | Status Conference: proposed tentative schedule discussed - 1) US conf. w/Atty. Gen. & Not/Intent to Seek Death Penalty, ETT & jury selection procedure; Ct to consider proposed scheduling. | RJC/TGW |
| 08-25-97 | PRLM | Hrg re draft questionnaire; US objected to questions 56, 57, 96, 999, 100, 104 & inquired about individual questions the court might ask of jurors. Def objected to 46, 52, 57, 93, 94 & 99 (46 removed). Def's questions re Phase II noted. Ct inquires as to add'l questions by counsel & schedule determined. 300 proposed jurors will be called. Tentative voir dire schedule of 2.5 hrs for morning & afternoon sessions. Ctroom deputy instructed to pass out a total of 5 questionnaires to parties. | RJC/TGW |
| 09-29-97 | MOHR | Suppression hrg re def's mot/suppress statements of def made on 6/25/96 & 6/28/96: cassette tape of 6/28/96 statement played; Following witnesses by US testified: Rodney Riggs, James Yarbrough, Tony Brandon, James (Mike) Sanders, Tony Rice & Robert Holl. Def attys. crossed ex'd witness. Suppression motion DENIED. | RJC/TGW |
| 10-24-97 | MOHR | Motions hrg re following mots: Ct's Voir Dire filed 10-17-97; Victim Impact mots filed 8-29-97 (76-81) & Resp by US (147); Mot/Supp Ct. ID to be made by Benjamin Greene (98); Mot/Supp Prior Convictions (99); Mot/Early Production of Jencks Material (100); Mot/Disc (106); Mot/Disc of Statements & *Brady/Giglio* Material (111); & Mot/Bill of Particulars re Not/Intent to Seek DP (112). Judge to issue order. | RJC/TGW |
| 11-26-97 | MOHR | Motions hrg re Mot/Amend Order (172) in Compliance w/*US v. Beckford* (186) & Mot/Compel Production & Disc of Def's Prior Psyc Eval (187). Judge to issue order. | RJC/TGW |



26A-CE-77261-

SEARCHED _____ INDEXED _____
SERIALIZED _____ FILED _____ 006251

DOJ-FOIA 000622
DOJ-FOIA 000622

| DATE | CODE | REMARKS | INITIALS |
|------|------|---------|----------|
| 01-05-98 | JTRD | Jury Selection began: questionnaires distributed & completed by potential jurors. Jurors ordered to report back 1-12-98. | RJC/TGW |
| 01-06-98 | | Jury Selection cont'd: questionnaires distributed & completed by potential jurors. Jurors ordered to report back 1-12-98. | RJC/TGW |
| 01-07-98 | | Jury Selection cont'd: questionnaires distributed & completed by potential jurors. Jurors ordered to report back 1-12-98. Total of 302 questionnaires completed. | RJC/TGW |
| 01-12-98 | | Jury Selection held. | RJC/TGW |
| 01-13-98 | | Jury Selection cont'd: potential jurors voir dired individually for cause. | RJC/TGW |
| 01-15-98 | | Jury Selection cont'd: potential jurors voir dired individually for cause. Jurors 13 & 24 reported for further questioning. Cause phase completed & the 7 remaining jurors were released. 70 jurors chosen; sequestration of witnesses invoked. | RJC/TGW |
| 01-20-98 | JTRD | Jury Selection cont'd as to peremptory challenges: 12 jurors & 4 alternates selected. Questionnaires of interr'd prospective jurors (111) to be sealed. US motion GRANTED as to Allen & Williams Families allowed to remain in the courtroom during trial testimony. | RJC/TGW |
| 01-21-98 | JTRD | Jury impaneled. Jury trial (GUILT PHASE) began. OPENING STATEMENTS by Robert J. Conrad & Paul J. Williams. US called following witnesses: K.O. Hubbard, J.H. Drewery, David L. Deck, Thomas P. Simpson (expert, forensic chemist), Kent McIlhaney, Benjamin Greene, John Grub, R.S. Kahl, Steve Austin, Ann Clyburn Austin. Ct recessed at 4 pm. | RJC/TGW |
| 01-22-98 | | Guilt phase cont'd. US called following witnesses: Melinda Burden, Maude Hubbard, Ray Williams, Kenneth Williams, Sydney Williams, Mark Etters, Laurie Quinn, Thomas Hodges, Dan Wilbur, Sara Aldridge, Jacob Freshour, Earlene Thompson, Sonji Hill, Daniel C. Dean, Connie Ray Lee, Chad R. Sacra, & Bertha Williams. Ct recessed at 3:30 pm. | RJC/TGW |
| 01-22-98 | MOTS | Motion in open ct by def for sequestration of families and for declaration of mistrial. | RJC/TGW |

PC - 006152

DOJ-FOIA 000623
DOJ-FOIA 000623

| DATE | CODE | REMARKS | INITIALS |
|---|---|---|---|
| 01-22-98 | ORDR | Order denying def's oral mots for sequestration of families & for declaration of mistrial. | RJC/TGW |
| 01-22-98 | | Guilt phase cont'd. US called the following witnesses: David W. Oxley, M.D. (expert FCAP, Forensic Pathology), Bob Allen, Elaine Edwards, Tracy L. Strickland, David Nelson, Carole Phillips, J.L. Krall, A.R. Krise, Richard L. Womble, James M. Sanders, Tony Rice, Robert A. Holl, L.A. Payne, Charles D. Bryant, Todd J. Nordhoff (expert, firearms), James M. Sullivan (expert, forensic pathology). US RESTS Def admitted the following exhibits 1, 3, 4, 5, 6, 7, 8, 10, 11, 12, 16, 18, 23 & 25. Jury excused & instructed to report Tues. 1-27-98. Def informed Ct that he had no argument w/ Counts 4-9, & moved for dismissal of Counts 1, 2, 3, 10 &11. MOTION DENIED. Robert A. Holl kept under subpoena. Ct recessed until Tues 1-27-98 at 9:30 am. | RJC/TGW |
| 01-23-98 | MOTS | Motion in open ct by def for judgment of acquittal and to dismiss for lack of jurisdiction Counts 1, 2, 3, 10 & 11. | RJC/TGW |
| 01-23-98 | ORDR | Oral order denying oral mot by def for judgment of acquittal and to dismiss for lack of jurisdiction Counts 1, 2, 3, 10 & 11. | RJC/TGW |
| 01-27-98 | JTRD | Guilt phase cont'd w/admission of def's exhibits. Def RESTS w/o testimony from any witness. CLOSING ARGUMENTS by Thomas G. Walker & George V. Laughrun. Judge instructed & charged jury. Jury retires to deliberate at 11:40 am. Lunch from 12:00 pm to 1:00 pm. GUILTY VERDICT all 11 Counts at 2:45 pm. Ct recessed at 3:15 pm until 1-29-98 at 2:00 pm. | RJC/TGW |
| 01-29-98 | JTRD | Jury trial SENTENCING/PENALTY PHASE begins at 2:00 pm. OPENING STATEMENTS by Thomas G. Walker & Paul J. Williams. US recalls Robert A. Holl. Ct recessed at 5:00 pm. | RJC/TGW |
| 01-30-98 | | Sentencing phase cont'd: US calls James Yarbrough, Netoshia Heard, Crystal Dennis, Rodney Riggs, Alesha Chambers Houston, Jasper Chambers, W.T. Brandon, Deborah M. Adamo, Pamela D. Richardson, Donna Burgess, Brent Casey McCrickard, Bob Allen, Shirley Allen, Dennis Allen, Denise Allen, Sydney Williams, Kenneth Williams & Bertha Williams. Ct recessed at 5:00 pm. | RJC/TGW |

PC - 006153

DOJ-FOIA 000624
DOJ-FOIA 000624



| DATE | CODE | REMARKS | INITIALS |
|------|------|---------|----------|
| 01-30-98 | MOTS | Motion in open court by def for declaration of mistrial & for judgment of acquittal. | RJC/TGW |
| 01-30-98 | ORDR | Oral Order denying oral motion by def for declaration of mistrial & for judgment of acquittal. | RJC/TGW |
| 02-02-98 | | Sentencing phase cont'd: def's mot/strike testimony of Crystal Dennis & for mistrial DENIED.  Def's exhibits admitted: 2, 2a, 17, 21, 26, 26a, 45, 46, 47a-1, 48a-d, 49, 50, 51, 52, 53a-b.  Def calls following witnesses: John Thomas Barnette, Ayanna Brewer Beasley, E.A. Joye, Jean B. Nduly, Jessie Cooper, Shonda Nero, Tessie Newo, Sheila Cooper & Mario Barnette.  Ct recessed at 5:00 pm. | RJC/TGW |
| 02-03-98 | | Sentencing phase cont'd: def called the following witnesses: Investigator Bowling, Cynthia N. Maxwell, Sgt. Anthony Belton, Dr. Sally Johnson (expert, forensic psychiatrist), Nadine Wilson, Tony Harrison, Ricky Paylor, Faye E. Sultan (expert, domestic violence), Dr. Seymore Halleck (expert, forensic psychiatrist).  Forensic evaluation of def placed under seal.  Def exhibit 57 admitted for record only, Ct allowed exhibit 56, affidavit of Tina Davis, to be read into record. | RJC/TGW |
| 02-04-98 | | Sentencing phase cont'd: def recalled Cynthia Maxwell, also called Dr. Mark Cunningham (expert, forensic psychologist); def video exhibit 19 viewed.  Ct recessed at 5:00 pm. | RJC/TGW |
| 02-05-98 | ORDR | Oral order DENYING def's Motion in Limine (303) re PCL-R test by Drs. Duncan & Grant or references or opinions to diagnosis of psychopathy or psychopath. | RJC/TGW |
| 02-05-98 | | Sentencing phase cont'd: def RESTS.  US begins REBUTTAL and called following witnesses: Brian Ard, Shirley D. Williams, Joanna Baldwin, Thad Johnson (def allowed to view state probation file), Dr. Scott A. Duncan (expert, forensic psychologist).  US RESTS.  Jurors excused at 1:45 pm & to return Monday, 2/9/98 at 9:30 am. | RJC/TGW |
| 02-09-98 | | Sentencing phase cont'd: CLOSING ARGUMENTS by Thomas G. Walker, George V. Laughrun, Paul Williams, Robert J. Conrad (rebuttal).  Jury CHARGED and began deliberations at 3:36 pm.  Jury requested recess at 5:00 pm. | RJC/TGW |

PC - 006154

DOJ-FOIA 000625
DOJ-FOIA 000625

| DATE | CODE | REMARKS | INITIALS |
|---|---|---|---|
| 02-10-98 | ORDR | Oral order that juror questionnaires 1-111 will be placed w/official ct file pending appeal. | RJC/TGW |
| 02-10-98 | JTRD | Sentencing phase cont'd: VERDICT reached at approx. 4:40 pm: DEATH SENTENCE imposed as to each of Counts 7, 8 & 11. Def gave oral notice of appeal. Def argued that sentencing for Counts 7, 8 & 11 should be held at same time as sentencing for Counts 1-6, 9 & 10. US argued that Ct should sentence def for Counts 7, 8 & 11 immediately & sentence def to remaining Counts upon completion of PSR. Ct indicated it would proceed w/sentencing of Counts 7, 8 & 11. | RJC/TGW |
| 02-10-98 | SENT | Sentencing: def sentenced to DEATH for each of Counts 7, 8 & 11. Sentencing for remaining Counts 1, 2, 3, 4, 5, 6, 9 & 10 will be held upon completion of PSR. | RJC/TGW |
| 02-20-98 | SENT | Sentencing: def sentenced on Counts 1, 2, 3, 4, 5, 6, 9 & 10 as follows: Count 6 - LIFE; Count 10 - LIFE concurrent w/Count 6; Count 1 - 240 mos. concurrent w/Count 6; Counts 4, 5 & 9 - 120 mos. each Count concurrent w/each other & Count 1; Count 2 - 360 mos. consecutive w/all other Counts; Count 3 - 180 mos. consecutive w/all other Counts. Total: LIFE plus 540 mos. consecutive. Special assessment: $800.00; supervised release: 5 years. | RJC/TGW |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

PC - 006155

DOJ-FOIA 000626
DOJ-FOIA 000626

04/08/98

Case Number: 26A-CE-77261          Stat Agent Name: [          ]          Report Date: 04/08/1998          b6
 Serial No.:                       Stat Agent SOC.: [          ]          Accom Date.: 01/27/1998          b7C

| Does Accomplishment Involve | Assisting Joint Agencies | Assisting Agents SOC | Subject Name |
|---|---|---|---|
| Drugs . . . . . . . . . . . : N | | | BARNETTE, AQUILIA, MARCIV |
| A Fugitive. . . . . . . . . : N | | | |
| Bankruptcy Fraud. . . . . . : N | | | |
| Computer Fraud/Abuse. . . . : N | | | RA   Squad   Task Force |
| Corruption of Public Officials: N | | | ----   -----   ---------- |
| Forfeiture Assets . . . . . : N | | | HQ    6 |

Sub. Invest. Asst by Other FOs:

                                                        1 = Used, but did not help
        Investigative Assistance or Technique Used      2 = Helped, Minimally
        -------------------------------------------     3 = Helped, Substantially
                                                        4 = Absolutely Essential

| FINAN ANALYST | LAB DIV EXAMS | UCO-GROUP I | FT. MON-NRCSC |
| AIRCRAFT ASST | LAB FIELD SUP | UCO-GROUP II | FOR. LANG ASST |
| COMPUTER ASST | PEN REGISTERS | UCO-OTHER | NON FBI LAB EX |
| CONSEN MONITR | PHOTO COVERGE | NCAVC/VI-CAP | VICT-WITN COOR |
| ELSUR/FISC | POLYGRAPH | CRIM INTEL AST | |
| ELSUR/III | SRCH WAR EXEC | CRIS NEG-FED | |
| ENG FIELD SUP | SHOW MONEY | CRIS NEG-LOC | |
| ENG TAPE EXAM | SOG ASST | ERT ASST | |
| LEGATS ASST. | SWAT TEAM | BUTTE-ITC | |
| EVIDNCE PURCH | TECH AG/EQUIP | SAVANNAH-ITC | |
| INFORMANT/CW | TEL TOLL RECS | POC-WRCSC | |

---

Date of Conviction (MM/DD/YYYY) . . . . . . . . . . . . . . .: 01/27/1998
Date of Sentencing (MM/DD/YYYY) . . . . . . . . . . . . . . .:
Subject Description Code. . . . . . . . . . . . . . . . . . .: 8A

Federal, Local, or International (F/L/I) . . . . . . . . .: F
Felony or Misdemeanor (F/M) . . . . . . . . . . . . . . . .: F

Plea or Trial (P/T) . . . . . . . . . . . . . . . . . . . .: T
Judicial State. . . . . . . . . . . . . . . . . . . . . . .: NC
Judicial District . . . . . . . . . . . . . . . . . . . . .: WDN
Type of Sentence . . . :

### U. S. Code Violation(s)

| | Year | Month | Title | Section | Counts | Form FD-515a Side 2: |
|---|---|---|---|---|---|---|
| | ---- | ----- | ----- | ------- | ------ | Investigative Efforts = N |
| Time in Jail. .: | | | | | | Subject's Role = N/A OR NONE |
| Time Suspended.: | | | 18 | 21193 | 1 | Scope = X |
| Probation Time.: | | | 18 | 924C | 2 | |
| | | | 18 | 2312 | 1 | |
| Total Fines. . :$ | | | 18 | 2261 | 1 | |

---

### Accomplishment Narrative

26A-CE-77261-40

SEARCHED ___ INDEXED ___
SERIALIZED ___ FILED ___

PC 006156

DOJ-FOIA 000627
DOJ-FOIA 000627

FD-515 (Rev. 10-1-96)

☐ Squad supervisor approval (please initial)

**Accomplishment Report**
(Accomplishment must be reported and loaded into ISF within 30 days from date of accomplishment)

Date Prepared 4/6/98
Date Loaded 4/8/98
Data Loader's Initials DCC

**Accomplishment involves:** (check all that apply)

| | |
|---|---|
| Drugs | ☐ |
| A Fugitive | ☐ |
| Bankruptcy Fraud | ☐ |
| Computer Fraud/Abuse | ☐ |
| Corruption of Public Officials | ☐ |
| Forfeiture Assets | ☐ |
| Sub Invest Asst by FO (s) | ☐ |

Asst. FO(s) __, __, __, __
A, B, C, D

Task Force

Assisting Agencies ×●
1.
2.

**File Number**
26A-CE-77261

**Stat Agent Soc. Sec. No.**

**Stat Agent Name**

| RA | Squad |
|---|---|
| | G |

**Assisting Agents Soc. Sec. No.** ×
1. - -
Name:
2. - -
Name:

b6
b7C

**Investigative Assistance or Technique Used**

1-Used, but did not help
2 -Helped, minimally
For Sub. Invest. Assist. by other FO (s) indicate A,B,C,D for corresponding FO

3 - Helped, substantially
4 - Absolutely essential

| Rate | FO | IAT | Rate | FO | IAT | Rate | FO | IAT | Rate | FO | IAT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Fin. Analyst | | | Lab. Div. Exam | | | UCO - Group I | | | Ft. Mon.- NRCSC |
| | | Aircraft Asst. | | | Lab. Field Sup | | | UCO - Group II | | | For. Lang Asst. |
| | | Computer | | | Pen Registers | | | UCO - Nat. Back | | | Non FBI Lab Ex |
| | | Consen Mon. | | | Photo Cover. | | | NCAVC / VI - CAP | | | |
| | | Elsur / FISC | | | Polygraph | | | Crim Intel Asst | | | |
| | | Elsur / T. III | | | Search Warrant | | | Crisis Neg. - Fed. | | | |
| | | Eng. Field Spt. | | | Show Money | | | Crisis Neg. - Local | | | |
| | | Eng. Tape Ex | | | SOG Asst. | | | ERT Asst. | | | |
| | | Legats Asst. | | | Swat Team | | | Butte - ITC | | | |
| | | Evid Purchase | | | Tech. Ag/Equip. | | | Sav - ITC | | | |
| | | Inf/CW Info | | | Phone Toll Rec | | | Poc - WRCSC | | | |

**A. Complaint / Information / Indictment**
☐ Federal ☐ Local ☐ International
Complaint Date _____
Check if Civil Rico Complaint ☐
Information Date _____
Indictment Date _____

**B. Locate/ Arrest**
☐ Federal ☐ Local ☐ International
Subject Priority: ☐ A ☐ B ☐ C
Locate Date _____
Arrest Date _____
☐ Subject Resisted Arrest
☐ Subject Arrested was Armed

**C. Summons**
☐ Federal ☐ Local
Summons Date _____

**D. Hostage(s) Released Date _____**
Released by: ☐ Terrorist ☐ Other
Number of Hostages: _____
Child Located Date _____

**E. Recovery / Restitution / PELP ×**
☐ Federal ☐ Local ☐ International
Recovery Date _____
Code ● Amount

| | $ |
|---|---|
| | $ |

Restitution Date _____
☐ Court Ordered
☐ Pretrial Diversion
Code ● Amount

| | $ |
|---|---|

PELP Date _____
Code ● Amount

| | $ |
|---|---|

**F. Civil Rico Matters Date _____**
Also Complete Section I

or

Other Civil Matters Date _____
Judgment _____ _____ ●
Judicial Outcome ___ ___ ×●
Amount: $_____
Suspension:

| Years | Months |
|---|---|
| | |

**G. Administrative Sanctions Date _____**
Subject Description Code ____ ____ ●
Type: Length:
☐ Suspension ☐ Permanent
☐ Debarment
☐ Injunction

| Years | Months |
|---|---|
| | |

**H. Conviction**
☒ Federal ☐ Local ☐ International
Conviction Date: 1/27/98
Subject Description Code: 8a ● (____) ●
*For 6F, G, H--Include Agency Code*
☒ Felony Or ☐ Misdemeanor
☐ Plea Or ☒ Trial
State: NC Judicial District: Western

**I. U.S. Code Violations**
Required for Sections A, B, F, and H
(Federal only)

| Title | Section | # of Counts |
|---|---|---|
| 18 | 2119(1) | 1 |
| 18 | 924(c) | 2 |
| 18 | 2312 | 1 |
| 18 | 2261 | 1 |

**J. Sentence Date: _____**
Sentence type: __ __,__ __,__ __ ●

| In-Jail Years Months | Suspended Years Months | Probation Years Months |
|---|---|---|
| | | |

Fines: $ _____

**K. Acquittal / Dismissal / Pretrial Diversion**
Acquittal Date _____
Dismissal Date _____
Pretrial Diversion Date _____

**L. Subject Information** (Required for all Sections excluding Section D and E (Recovery/PELP))

| Name | Race ● | Sex | Date of Birth | Social Security No. (if available) |
|---|---|---|---|---|
| Aquilia Marcivici Barnette | B | m | 7/7/73 | 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 |

For Indictments/Convictions only:
☐ Subject related to an LCN, Asian Organized Crime (AOC), Italian Organized Crime (IOC) Group-Complete FD-515a, Side 1
☐ Subject related to an OC/Drug Organization or a VCMO Program relating to street gangs involved in drugs-Complete FD-515a, Side 2

× Additional information may be added by attaching another form or a plain sheet of paper for additional entries.
● See codes on reverse side.

Serial No. of FD-515
PC - 006157

DOJ-FOIA 000628
DOJ-FOIA 000628

**For Further Instructions See: MAOP, Part ⬤ Sections 3-5 thru 3-5.3.**

### PROPERTY CODES

| | |
|---|---|
| 01 | Cash |
| 02 | Stocks, Bonds or Negot. Instruments |
| 03 | General Retail Merchandise |
| 04 | Vehicles |
| 05 | Heavy Machinery & Equipment |
| 06 | Aircraft |
| 07 | Jewelry |
| 08 | Vessels |
| 09 | Art, Antiques or Rare Collections |
| 11 | Real Property |
| 20 | All Other |

### SENTENCE TYPES

| | |
|---|---|
| CP | Capital Punishment |
| JS | Jail Sentence |
| LS | Life Sentence |
| NS | No Sentence (Subject is a Fugitive, Insane, has Died, or is a Corporation) |
| PB | Probation |
| SJ | Suspension of Jail Sentence |
| YC | Youth Correction Act |

### PELP CODES

| | |
|---|---|
| 22 | Counterfeit Stocks/Bonds/Currency/ Negotiable Instruments |
| 23 | Counterfeit/Pirated Sound Recordings or Motion Pictures |
| 24 | Bank Theft Scheme Aborted |
| 25 | Ransom, Extortion or Bribe Demand Aborted |
| 26 | Theft From or Fraud Against Government Scheme Aborted |
| 27 | Commercial or Industrial Theft Scheme Aborted |
| 30 | All Other |

### RACE CODES

| | |
|---|---|
| A | Asian/Pacific Islander |
| B | Black |
| I | Indian/American |
| U | Unknown |
| W | White |
| X | Nonindividual |

### JOINT AGENCY CODES

| | |
|---|---|
| ACIS | Army Criminal Investigative Service |
| BATF | Bureau of Alcohol, Tobacco & Firearms |
| BIA | Bureau of Indian Affairs |
| DCAA | Defense Contract Audit Agency |
| DCIS | Defense Criminal Investigative Service |
| DEA | Drug Enforcement Administration |
| DOC | Department of Corrections |
| DOI | Dept. of Interior |
| EPA | Environmental Protection Agency |
| FAA | Federal Aviation Administration |
| FDA | Food and Drug Administration |
| HHS | Dept. of Health & Human Services |
| HUD | Dept. of Housing & Urban Development |
| INS | Immigration and Naturalization Service |
| IRS | Internal Revenue Service |
| NASA | Nat'l Aeronautics & Space Admin |
| NBIS | Nat'l NARC Border Interdiction |
| NCIS | Naval Criminal Investigative Service |
| RCMP | Royal Canadian Mounted Police |
| SBA | Small Business Administration |
| USBP | U.S. Border Patrol |
| USCS | U.S. Customs Service |
| USDS | U.S. Department of State |
| USPS | U.S. Postal Service |
| USSS | U.S. Secret Service |
| USTR | U.S. Treasury |
| LOC | Local |
| CITY | City |
| COUN | County |
| ST | State |
| OTHR | Other |

### JUDGMENT CODES

| | |
|---|---|
| CJ | Consent Judgment |
| CO | Court Ordered Settlement |
| DF | Default Judgment |
| DI | Dismissal |
| JN | Judgment Notwithstanding |
| MV | Mixed Verdict |
| SJ | Summary Judgment |
| VD | Verdict for Defendant |
| VP | Verdict for Plaintiff |

### JUDICIAL OUTCOME

| | |
|---|---|
| AG | Agreement |
| BR | Barred/Removed |
| CC | Civil Contempt |
| DC | Disciplinary Charges |
| FI | Fine |
| PI | Preliminary Injunction |
| PR | Temporary Restraining Order |
| PS | Pre-filing Settlement |
| RN | Restitution |
| SP | Suspension |
| VR | Voluntary Resignation |
| OT | Other |

### SUBJECT PRIORITY

A  Subject wanted for crimes of violence (i.e., murder, manslaughter, forcible rape) against another individual or convicted of such a crime in the past five years

B  Subject wanted for crimes involving loss or destruction of property valued in excess of $25,000 or convicted of such a crime in the past five years.

C  All other subjects.

### SUBJECT DESCRIPTION CODES

#### ORGANIZED CRIME SUBJECTS

| | |
|---|---|
| 1F | Boss |
| 1G | Underboss |
| 1H | Consigliere |
| 1J | Acting Boss |
| 1K | Capodecina |
| 1L | Soldier |

#### KNOWN CRIMINALS

| | |
|---|---|
| 2A | Top Ten or I.O. Fugitive |
| 2B | Top Thief |
| 2C | Top Con Man |

#### FOREIGN NATIONALS

| | |
|---|---|
| 3A | Legal Alien |
| 3B | Illegal Alien |
| 3C | Foreign Official W/out Diplomatic Immunity |
| 3D | U.N. Employee W/out Diplomatic Immunity |
| 3E | Foreign Student |
| 3F | All Others |

#### OTHERS

| | |
|---|---|
| 8A | All Other Subjects |
| 8B | Company or Corporation |

#### TERRORISTS

| | |
|---|---|
| 4A | Known Member of a Terrorist Organization |
| 4B | Possible Terrorist Member or Sympathizer |

#### UNION MEMBERS

| | |
|---|---|
| 5D | President |
| 5E | Vice-President |
| 5F | Treasurer |
| 5G | Secretary/Treasurer |
| 5H | Executive Board Member |
| 5I | Business Agent |
| 5J | Representative |
| 5K | Organizer |
| 5L | Business Manager |
| 5M | Financial Secretary |
| 5N | Recording Secretary |
| 5P | Office Manager |
| 5Q | Clerk |
| 5R | Shop Steward |
| 5S | Member |
| 5T | Trustee |
| 5U | Other |

#### GOVERMENT SUBJECTS

| | |
|---|---|
| 6A | Presidential Appointee |
| 6B | U.S. Senator/Staff |
| 6C | U.S. Representative/Staff |
| 6D | Federal Judge/Magistrate |
| 6E | Federal Prosecutor |
| 6F | Federal Law Enforcement Officer |
| 6G | Federal Employee - GS 13 & Above |
| 6H | Federal Employee - GS 12 & Below |
| 6J | Governor |
| 6K | Lt. Governor |
| 6L | State Legislator |
| 6M | State Judge/Magistrate |
| 6N | State Prosecutor |
| 6P | State Law Enforcement Officer |
| 6Q | State - All Others |
| 6R | Mayor |
| 6S | Local Legislator |
| 6T | Local Judge/Magistrate |
| 6U | Local Prosecutor |
| 6V | Local Law Enforcement Officer |
| 6W | Local - All Others |
| 6X | County Commissioner |
| 6Y | City Councilman |

#### BANK EMPLOYEES

| | |
|---|---|
| 7A | Bank Officer |
| 7B | Bank Employee |

PC - 006158

DOJ-FOIA 000629
DOJ-FOIA 000629

253

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL ACTION NO. 3:97CR23-P

FILED
CHARLOTTE, N.C.

FEB 2 0 1998

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES OF AMERICA

v.                                                    JUDGMENT AND ORDER

AQUILIA MARCIVICCI BARNETTE

Pursuant to the jury verdict, returned on January 27, 1998, finding the Defendant guilty on all eleven counts of the Indictment, the Defendant is adjudged guilty of each of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. §§ 2261(a)(1) & 2261(b) | Interstate Domestic Violence | April 30, 1996 | 1 |
| 18 U.S.C. § 924(c)(1) | Use & Carry a Firearm During Crime of Violence | April 30, 1996 | 2 |
| 18 U.S.C. § 844(h)(1) | Arson in Commission of a Felony | April 30. 1996 | 3 |
| 18 U.S.C. §§ 922(a)(6) & 924 | Providing False Information To Acquire a Firearm | May 21, 1998 | 4 |
| 26 U.S.C. §§ 5861(f) & 5871 | Making a Firearm | June 22, 1996 | 5 |
| 18 U.S.C. §§ 922(g)(1) & 924 | Felon in Possession of A Firearm | June 22, 1996 | 6 |
| 18 U.S.C. § 2119(3) | Carjacking | June 22, 1996 | 7 |

SEARCHED _____ INDEXED _____
SERIALIZED _____ FILED _____

41

26A-CC-77261-

RC-006159-

DOJ-FOIA 000630
DOJ-FOIA 000630

| | | | |
|---|---|---|---|
| 18 U.S.C. §§ 924(c)(1) & (i)2(1) | First Degree Murder by Use of a Firearm | June 22, 1996 | 8 |
| 18 U.S.C. § 2312 | Interstate Transportation Of Stolen Vehicle | June 22, 1996 | 9 |
| 18 U.S.C. §§ 2261(a)(1) & 2261(b)(1) | Interstate Domestic Violence | June 22, 1996 | 10 |
| 18 U.S.C. §§ 924(c)(1) & (i)2(1) | First Degree Murder by Use of a Firearm | June 22, 1996 | 11 |

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the Defendant, Aquilia Marcivicci Barnette is hereby committed to the custody of the Bureau of Prisons to be imprisoned as follows:

**Count 6: LIFE;**

**Count 10: LIFE** to be served **concurrently** with Count 6;

**Count 1:** 240 Months to be served **concurrently** with Count 6;

**Counts 4, 5, & 9:** 120 Months each count to run **concurrently** with each other and with Count 1;

**Count 2:** 360 Months to run **consecutively** to all other Counts; and

**Count 3:** 180 Months to run **consecutively** to all other Counts, resulting in a total sentence of **Life Imprisonment, plus 540 Months consecutive**.

As to Counts 7, 8, and 11, the Court has previously sentenced the Defendant to death on each Count in accordance with the recommendation of the jury.

2

PC - 006160

DOJ-FOIA 000631
DOJ-FOIA 000631

Pursuant to the Federal Death Penalty Act of 1994, Title 18 U.S.C. §§ 3591-3595 and the Special Findings of the jury, returned on February 10, 1998, and the jury's unanimous vote recommending that the Defendant shall be sentenced to death, it is the Judgment of the Court that the Defendant Aquilia Marcivicci Barnette is sentenced to death on each of Counts 7, 8, and 11 of the Indictment.

Pursuant to the provisions of 18 U.S.C. § 3596, **IT IS ORDERED** that the Defendant is committed to the custody of the Attorney General of the United States until exhaustion of the procedures for appeal of the judgment of conviction and for review of the sentence.

When the sentence is to be implemented, the Attorney General shall release the Defendant to the custody of the United States Marshal, who shall supervise the implementation of the sentence in the manner prescribed by law of the State of North Carolina.

As required by 18 U.S.C. § 3013, **IT IS ORDERED** that the Defendant shall pay a Special Assessment of $100.00 for each Count for a total of $800.00 which shall be due and payable immediately.

In the event the Defendant is released from prison, a five year term of supervised release is ordered. Within 72 hours of release from custody of the Bureau of Prisons, the Defendant shall report in person to the probation office in the district to which the Defendant is released.

Dated this _____ day of February, 1998.

BY THE COURT:

ROBERT D. POTTER, SENIOR JUDGE

3

PC - 006161

DOJ-FOIA 000632
DOJ-FOIA 000632

04/09/98

b6
b7C

Case Number: 26A-CE-77261          Stat Agent Name: [          ]     Report Date: 04/09/1998
Serial No.:                        Stat Agent SOC.: [          ]     Accom Date.: 02/20/1998

| Does Accomplishment Involve | Assisting Joint Agencies | Assisting Agents SOC | Subject Name |
|---|---|---|---|
| Drugs . . . . . . . . . . . . . : N | | | BARNETTE, AQUILIA, MARCIV |
| A Fugitive. . . . . . . . . . : N | | | |
| Bankruptcy Fraud. . . . . . : N | | | |
| Computer Fraud/Abuse. . . . . : N | | | RA    Squad    Task Force |
| Corruption of Public Officials: N | | | ----    -----    ---------- |
| Forfeiture Assets . . . . . . : N | | | HQ      6 |

Sub. Invest. Asst by Other FOs:

1 = Used, but did not help
2 = Helped, Minimally
Investigative Assistance or Technique Used          3 = Helped, Substantially
-------------------------------------------          4 = Absolutely Essential

| FINAN ANALYST | LAB DIV EXAMS | UCO-GROUP I | FT. MON-NRCSC |
|---|---|---|---|
| AIRCRAFT ASST | LAB FIELD SUP | UCO-GROUP II | FOR. LANG ASST |
| COMPUTER ASST | PEN REGISTERS | UCO-OTHER | NON FBI LAB EX |
| CONSEN MONITR | PHOTO COVERGE | NCAVC/VI-CAP | VICT-WITN COOR |
| ELSUR/FISC | POLYGRAPH | CRIM INTEL AST | |
| ELSUR/III | SRCH WAR EXEC | CRIS NEG-FED | |
| ENG FIELD SUP | SHOW MONEY | CRIS NEG-LOC | |
| ENG TAPE EXAM | SOG ASST | ERT ASST | |
| LEGATS ASST. | SWAT TEAM | BUTTE-ITC | |
| EVIDNCE PURCH | TECH AG/EQUIP | SAVANNAH-ITC | |
| INFORMANT/CW | TEL TOLL RECS | POC-WRCSC | |

Type of Sentence . . . . :   CP
Date of Sentencing . . ..:   02/20/1998
Federal, Local, or International (F/L/I):  F

                    Year    Month
                    ----    -----
Time in Jail. . :
Time Suspended.:
Probation Time.:
Total Fines. . :$

Accomplishment Narrative
------------------------

26A-CE-77261-

SEARCHED_____ INDEXED____
SERIALIZED____ FILED____

PC - 006162

DOJ-FOIA 000633
DOJ-FOIA 000633

FD-515 (Rev. 10-1-96)

□ Squad supervisor approval
   (please initial)

**Accomplishment Report**
Accomplishment must be reported and loaded into ISR
within 30 days from date of accomplishment)

Date Prepared 4/6/98
Date Loaded 4/8/98
Data Loader's Initials DCC

| Accomplishment involves: (check all that apply) | |
|---|---|
| Drugs | □ |
| A Fugitive | □ |
| Bankruptcy Fraud | □ |
| Computer Fraud/Abuse | □ |
| Corruption of Public Officials | □ |
| Forfeiture Assets | □ |
| Sub Invest Asst by FO (s) | □ |

Asst. FO(s) __, __, __, __
A, B, C, D

Task Force

Assisting Agencies × •
1.
2.

**File Number**
26A- CE-77261

Stat Agent Soc. Sec. No.

Stat Agent Name

| RA | Squad |
|---|---|
| | 6 |

Assisting Agents Soc. Sec. No. ×

1. _ - _
Name:
2. _ - _
Name:

**Investigative Assistance or Technique Used**
1-Used, but did not help          3 - Helped, substantially
2 -Helped, minimally              4 - Absolutely essential
For Sub. Invest. Assist. by other FO (s) indicate A,B,C,D for corresponding FO

b6
b7C

| Rate | FO | IAT | Rate | FO | IAT | Rate | FO | IAT | Rate | FO | IAT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Fin. Analyst | | | Lab. Div. Exam | | | UCO - Group I | | | Ft. Mon.- NRCSC |
| | | Aircraft Asst. | | | Lab. Field Sup | | | UCO - Group II | | | For. Lang Asst. |
| | | Computer | | | Pen Registers | | | UCO - Nat. Back | | | Non FBI Lab Ex |
| | | Consen Mon. | | | Photo Cover. | | | NCAVC / VI - CAP | | | |
| | | Elsur / FISC | | | Polygraph | | | Crim Intel Asst | | | |
| | | Elsur / T. III | | | Search Warrant | | | Crisis Neg. - Fed. | | | |
| | | Eng. Field Spt. | | | Show Money | | | Crisis Neg. - Local | | | |
| | | Eng. Tape Ex | | | SOG Asst. | | | ERT Asst. | | | |
| | | Legats Asst. | | | Swat Team | | | Butte - ITC | | | |
| | | Evid Purchase | | | Tech. Ag/Equip. | | | Sav - ITC | | | |
| | | Inf/CW Info | | | Phone Toll Rec | | | Poc - WRCSC | | | |

**A. Complaint / Information / Indictment**
□ Federal □ Local □ International
Complaint Date _____
Check if Civil Rico Complaint □
Information Date _____
Indictment Date _____

**B. Locate/ Arrest**
□ Federal □ Local □ International
Subject Priority: □ A □ B □ C
Locate Date _____
Arrest Date _____
□ Subject Resisted Arrest
□ Subject Arrested was Armed

**C. Summons**
□ Federal □ Local
Summons Date _____

**D. Hostage(s) Released Date _____**
Released by: □ Terrorist □ Other
Number of Hostages: _____
Child Located Date _____

**E. Recovery / Restitution / PELP ×**
□ Federal □ Local □ International
Recovery Date _____
Code •      Amount
| $ |
| $ |

Restitution Date _____
□ Court Ordered
□ Pretrial Diversion
Code •      Amount
| $ |

PELP Date _____
Code •      Amount
| $ |

**F. Civil Rico Matters Date _____**
Also Complete Section I
or
Other Civil Matters Date _____
Judgment ___ ___•
Judicial Outcome ___ ___ ×•
Amount: $_____
Suspension:
| Years | Months |
| | |

**G. Administrative Sanctions Date _____**
Subject Description Code ___ ___•
Type:          Length:
□ Suspension □ Permanent
□ Debarment
□ Injunction
| Years | Months |
| | |

**H. Conviction**
□ Federal □ Local □ International
Conviction Date: _____
Subject Description Code: __ __• (_____)•
*For 6F, G, H--Include Agency Code*
□ Felony Or □ Misdemeanor
□ Plea Or □ Trial
State: _____ Judicial District: _____

**I. U.S. Code Violations**
Required for Sections A, B, F, and H
(Federal only)

| Title | Section | # of Counts |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**J. Sentence Date: 2/20/98**
Sentence type: C.P.,__,__•

| In-Jail Years Months | Suspended Years Months | Probation Years Months |
|---|---|---|
| | | |

Fines: $ _____

**K. Acquittal / Dismissal / Pretrial Diversion**
Acquittal Date _____
Dismissal Date _____
Pretrial Diversion Date _____

**L. Subject Information (Required for all Sections excluding Section D and E (Recovery/PELP))**

| Name | Race • | Sex | Date of Birth | Social Security No. (if available) |
|---|---|---|---|---|
| Aquilia Marcivicci Barnette | B | m | 7/7/73 | 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 |

For Indictments/Convictions only:
□ Subject related to an LCN, Asian Organized Crime (AOC), Italian Organized Crime (IOC) Group-Complete FD-515a, Side 1
□ Subject related to an OC/Drug Organization or a VCMO Program relating to street gangs involved in drugs-Complete FD-515a, Side 2

× Additional information may be added by attaching another form or a plain sheet of paper for additional entries.
• See codes on reverse side.

Serial No. of FD-515
PC - 006163

DOJ-FOIA 000634
DOJ-FOIA 000634

For Further Instructions See: MAOP, Part █ Sections 3-5 thru 3-5.3.

## PROPERTY CODES

| | |
|---|---|
| 01 | Cash |
| 02 | Stocks, Bonds or Negot. Instruments |
| 03 | General Retail Merchandise |
| 04 | Vehicles |
| 05 | Heavy Machinery & Equipment |
| 06 | Aircraft |
| 07 | Jewelry |
| 08 | Vessels |
| 09 | Art, Antiques or Rare Collections |
| 11 | Real Property |
| 20 | All Other |

## SENTENCE TYPES

| | |
|---|---|
| CP | Capital Punishment |
| JS | Jail Sentence |
| LS | Life Sentence |
| NS | No Sentence (Subject is a Fugitive, Insane, has Died, or is a Corporation) |
| PB | Probation |
| SJ | Suspension of Jail Sentence |
| YC | Youth Correction Act |

## PELP CODES

| | |
|---|---|
| 22 | Counterfeit Stocks/Bonds/Currency/ Negotiable Instruments |
| 23 | Counterfeit/Pirated Sound Recordings or Motion Pictures |
| 24 | Bank Theft Scheme Aborted |
| 25 | Ransom, Extortion or Bribe Demand Aborted |
| 26 | Theft From or Fraud Against Government Scheme Aborted |
| 27 | Commercial or Industrial Theft Scheme Aborted |
| 30 | All Other |

## RACE CODES

| | |
|---|---|
| A | Asian/Pacific Islander |
| B | Black |
| I | Indian/American |
| U | Unknown |
| W | White |
| X | Nonindividual |

## JOINT AGENCY CODES

| | |
|---|---|
| ACIS | Army Criminal Investigative Service |
| BATF | Bureau of Alcohol, Tobacco & Firearms |
| BIA | Bureau of Indian Affairs |
| DCAA | Defense Contract Audit Agency |
| DCIS | Defense Criminal Investigative Service |
| DEA | Drug Enforcement Administration |
| DOC | Department of Corrections |
| DOI | Dept. of Interior |
| EPA | Environmental Protection Agency |
| FAA | Federal Aviation Administration |
| FDA | Food and Drug Administration |
| HHS | Dept. of Health & Human Services |
| HUD | Dept. of Housing & Urban Development |
| INS | Immigration and Naturalization Service |
| IRS | Internal Revenue Service |
| NASA | Nat'l Aeronautics & Space Admin |
| NBIS | Nat'l NARC Border Interdiction |
| NCIS | Naval Criminal Investigative Service |
| RCMP | Royal Canadian Mounted Police |
| SBA | Small Business Administration |
| USBP | U.S. Border Patrol |
| USCS | U.S. Customs Service |
| USDS | U.S. Department of State |
| USPS | U.S. Postal Service |
| USSS | U.S. Secret Service |
| USTR | U.S. Treasury |
| LOC | Local |
| CITY | City |
| COUN | County |
| ST | State |
| OTHR | Other |

## JUDGMENT CODES

| | |
|---|---|
| CJ | Consent Judgment |
| CO | Court Ordered Settlement |
| DF | Default Judgment |
| DI | Dismissal |
| JN | Judgment Notwithstanding |
| MV | Mixed Verdict |
| SJ | Summary Judgment |
| VD | Verdict for Defendant |
| VP | Verdict for Plaintiff |

## JUDICIAL OUTCOME

| | |
|---|---|
| AG | Agreement |
| BR | Barred/Removed |
| CC | Civil Contempt |
| DC | Disciplinary Charges |
| FI | Fine |
| PI | Preliminary Injunction |
| PR | Temporary Restraining Order |
| PS | Pre-filing Settlement |
| RN | Restitution |
| SP | Suspension |
| VR | Voluntary Resignation |
| OT | Other |

## SUBJECT PRIORITY

| | |
|---|---|
| A | Subject wanted for crimes of violence (i.e., murder, manslaughter, forcible rape) against another individual or convicted of such a crime in the past five years |
| B | Subject wanted for crimes involving loss or destruction of property valued in excess of $25,000 or convicted of such a crime in the past five years. |
| C | All other subjects. |

## SUBJECT DESCRIPTION CODES

**ORGANIZED CRIME SUBJECTS**

| | |
|---|---|
| 1F | Boss |
| 1G | Underboss |
| 1H | Consigliere |
| 1J | Acting Boss |
| 1K | Capodecina |
| 1L | Soldier |

**KNOWN CRIMINALS**

| | |
|---|---|
| 2A | Top Ten or I.O. Fugitive |
| 2B | Top Thief |
| 2C | Top Con Man |

**FOREIGN NATIONALS**

| | |
|---|---|
| 3A | Legal Alien |
| 3B | Illegal Alien |
| 3C | Foreign Official W/out Diplomatic Immunity |
| 3D | U.N. Employee W/out Diplomatic Immunity |
| 3E | Foreign Student |
| 3F | All Others |

**OTHERS**

| | |
|---|---|
| 8A | All Other Subjects |
| 8B | Company or Corporation |

**TERRORISTS**

| | |
|---|---|
| 4A | Known Member of a Terrorist Organization |
| 4B | Possible Terrorist Member or Sympathizer |

**UNION MEMBERS**

| | |
|---|---|
| 5D | President |
| 5E | Vice-President |
| 5F | Treasurer |
| 5G | Secretary/Treasurer |
| 5H | Executive Board Member |
| 5I | Business Agent |
| 5J | Representative |
| 5K | Organizer |
| 5L | Business Manager |
| 5M | Financial Secretary |
| 5N | Recording Secretary |
| 5P | Office Manager |
| 5Q | Clerk |
| 5R | Shop Steward |
| 5S | Member |
| 5T | Trustee |
| 5U | Other |

**GOVERMENT SUBJECTS**

| | |
|---|---|
| 6A | Presidential Appointee |
| 6B | U.S. Senator/Staff |
| 6C | U.S. Representative/Staff |
| 6D | Federal Judge/Magistrate |
| 6E | Federal Prosecutor |
| 6F | Federal Law Enforcement Officer |
| 6G | Federal Employee - GS 13 & Above |
| 6H | Federal Employee - GS 12 & Below |
| 6J | Governor |
| 6K | Lt. Governor |
| 6L | State Legislator |
| 6M | State Judge/Magistrate |
| 6N | State Prosecutor |
| 6P | State Law Enforcement Officer |
| 6Q | State - All Others |
| 6R | Mayor |
| 6S | Local Legislator |
| 6T | Local Judge/Magistrate |
| 6U | Local Prosecutor |
| 6V | Local Law Enforcement Officer |
| 6W | Local - All Others |
| 6X | County Commissioner |
| 6Y | City Councilman |

**BANK EMPLOYEES**

| | |
|---|---|
| 7A | Bank Officer |
| 7B | Bank Employee |

PC - 006164

DOJ-FOIA 000635
DOJ-FOIA 000635

(01/26/1998)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                                    **Date:** 09/08/1998

**To:** Charlotte

**From:** Charlotte
       Squad 6
       **Contact:** SA                                   b6
                                                        b7C

**Approved By:**                                              b6
                                                      b7C

**Drafted By:**                                :dlc

**Case ID #:** 26A-CE-77261   (Pending Inactive)

**Title:** AQUILIA MARCIVICCI BARNETTE;
       DONALD LEE ALLEN - VICTIM (DECEASED);
       CARJACKING - MURDER;
       06/21/96;
       OO:CE

**Synopsis:** Placing case in Pending Inactive status.

**Details:** On February 20, 1998, Barnette was sentenced to death. The United States Attorney's Office expects a protracted appeals process. Reporting Agent will maintain contact with the United States Attorney's Office, but requests case be placed in a pending inactive status until all appeals have been exhausted.

♦♦

b6
b7C

26A-CE-77261-43

DOJ-FOIA 000636
DOJ-FOIA 000636

(Rev. 08-28-2000)



# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE          **Date:** 06/05/2002    b6
      b7C

**To:** Charlotte        **Attn:** [_____] Elsur
               SA [_____]

**From:** Charlotte
      Squad 3
      **Contact:** SA [_____]    b6
                         b7C

**Approved By:** [_____]

**Drafted By:** [_____] dlc    b6
                         b7C

**Case ID #:** 26A-CE-77261   (Pending)

**Title:** AQUILIA MARCIVICCI BARNETTE;
       DONALD LEE ALLEN - VICTIM (DECEASED);
       CARJACKING-MURDER;
       06/21/1996

**Synopsis:** Update and return case to pending status.

**Details:** On February 20, 1998, Barnette was sentenced to death; subsequently, Barnette won an appeal to the sentence. The case   b6
has been in pending inactive status since September, 1998,   b7C
however, Barnette is scheduled for re-sentencing in July, 2002.
AUSAs [_____] and [____] have requested that SA [____] be available
to assist in all phases of preparation for this hearing.

      The United States Attorney's Office requested the FBI
to provide assistance in the audio recording of a consensual
interview between Barnette and [_____] which took place on
May 28 and 29, 2002, and to provide the highest quality copies of   b6
this recording for the prosecution, the defense, and the court.   b7C
SA [_____] provided the recording device and Elsur Clerk
[_____] downloaded and provided copies of the interview on
CDs. FBIHQ was contacted in advance and advised that SAC
approval was the only authority required. SAC Swecker was
advised of the interview in advance and authorized the recording.

Re-OVA [_____]

                                        b6
                                        b7C

44

26A-CE-77261-

156DCO6.RC/58.3/[____]

DOJ-FOIA 000637
DOJ-FOIA 000637

(Rev. 08-28-2000)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** ROUTINE                    **Date:** 07/02/2002                    b6
                                                                                  b7C

**To:** Richmond                    **Attn:** SA[          ] Roanoke RA
                                            SSRA[          ]
                                            Roanoke RA

**From:** Charlotte
          Squad 3                                                      b6
          **Contact:** SA[                        ]                    b7C

**Approved By:** Swecker Chris
                 [                    ]

                                                                       b6
**Drafted By:** [              ]:dlc                          ,        b7C

**Case ID #:** 26A-CE-77261  (Pending)

**Title:** AQUILIA MARCIVICCI BARNETTE;
           DONALD LEE ALLEN - VICTIM (DECEASED);
           CARJACKING-MURDER;
           06/21/1996

**Synopsis:** Out of Division travel.

**Details:** On February 20, 1998, Barnette was sentenced to death;
subsequently, Barnette won an appeal to the sentence. The case
has been in pending inactive status since September, 1998,          b6
however, Barnette is scheduled for re-sentencing in July, 2002.     b7C
AUSAs[          ]and[      ]have requested that SA[        ]be available
to assist in all phases of preparation for this hearing.

        The United States Attorney's Office has requested that     b6
SA[        ]accompany AUSAs[          ]and[        ]from July 7 to July 9,   b7C
2002, from Charlotte, North Carolina, to Roanoke, Virginia. The
purpose of this travel is to interview potential witnesses for
the Charlotte hearing. SA[        ]has apprised SA[        ]of this
matter. SA[        ]is working directly with the Roanoke Police
Department and no further assistance is expected from the Roanoke
RA.

        SAC Charlotte and SAC Richmond concur with travel of SA
[        ]as described.
                                                                   b6
                                                                   b7C

26A-CE-77261-45

[signature]

DOJ-FOIA 000638
DOJ-FOIA 000638

83 DLC02,ec/EG.3/[        ]

To:   Richmond   From:   Charlotte
Re:   26A-CE-7726, 07/02/2002

**LEAD(S):**

**Set Lead 1:**

   <u>RICHMOND</u>

      <u>AT ROANOKE, VIRGINIA</u>

      For information only.   Read and clear.

◆◆

2

PC - 006168

DOJ-FOIA 000639
DOJ-FOIA 000639