## IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

### UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

## AQUILIA MARCIVICCI BARNETTE,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

### JOINT APPENDIX - VOLUME I OF V
### (Pages 1 - 371)

| | |
|---|---|
| HAROLD J. BENDER | ROBERT J. CONRAD, JR. |
| LAW OFFICE OF HAROLD J. BENDER | UNITED STATES ATTORNEY |
| 200 North McDowell Street | WESTERN DISTRICT OF NC |
| Charlotte, NC 28204 | Suite 1700, Carillon Building |
| (704) 333-2169 | 227 West Trade Street |
| | Charlotte, NC 28202 |
| | (704) 344-6629 |
| | |
| MARK E. OLIVE | ANNE M. TOMPKINS |
| ATTORNEY AT LAW | ASST. UNITED STATES ATTORNEY |
| 320 West Jefferson Street | WESTERN DISTRICT OF NC |
| Tallahassee, FL 32301 | Suite 1700, Carillon Building |
| (850) 224-0004 | 227 West Trade Street |
| | Charlotte, NC 28202 |
| | (704) 344-6222 |
| | |
| *Counsel for Appellant* | *Counsel for Appellee* |

**Additional Counsel Listed on Back of Cover**

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

JILL WESTMORELAND ROSE
ASSISTANT UNITED STATES ATTORNEY
WESTERN DISTRICT OF NORTH CAROLINA
100 Otis Street, Room 233
U.S. Courthouse Building
Asheville, North Carolina 28801
(828) 271-4661

# TABLE OF CONTENTS

Federal District Court Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Indictment filed February 4, 1997 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

Guilty Verdict returned January 27, 1998 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 75

Defendant's Motion in Limine Regarding the Victim
    Impact Statements, filed June 4, 2002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

Motion for Allocution by the Defendant, filed
    June 4, 2002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 78

Government's Response in Opposition to
    Defense Motion in Limine to Prohibit
    and/or Limit Victim Impact Evidence,
    filed June 12, 2002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 80

Government's Response to Motion for Allocution
    by the Defendant, filed June 12, 2002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 89

Order Denying Defendant's Motion for Allocution,
    entered June 18, 2002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

Order Denying Defendant's Motion in Limine
    regarding the Victim Impact Statements,
    entered June 21, 2002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97

Motion for Relief Pursuant to *Ring v. Arizona*
    filed July 2, 2002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100

    Attachments:

    Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103

1

Government's Notice of Intent to Seek
the Death Penalty, filed August 7, 1997 .......................... 110

Government's Reaffirmation of Intention
to Seek the Death Penalty, filed July 30, 2001 ..................... 118

Defendant's Memorandum in Support of Motion
Regarding *Ring*, filed July 12, 2002 ............................ 121

Government's Response to Defendant's Motion for
Relief Pursuant to *Ring v. Arizona*,
filed July 12, 2002 ............................................ 128

Voir Dire:

Prospective Juror Regina Sanders (888) ......................... 133

Prospective Juror Edwards (1014) .............................. 148

Prospective Juror Karen Sanders (1071) ........................ 169

Prospective Juror Blakeney (1143) .............................. 184

Prospective Juror Bryson (1239) ............................... 205

Prospective Juror Donaldson (1289) ............................ 224

Prospective Juror Campbell (1477) ............................. 245

Prospective Juror Moore (1913) ................................ 264

Prospective Juror Deana Stanford (1960) ........................ 281

Parties' exercise of peremptory challenges to the
prospective jurors, July 27, 2002 .............................. 294

2

## *Volume II*

Resentencing Volume 12, July 29, 2002, (Morning) . . . . . . . . . . . . . . . . . . . . . 372

Resentencing Volume 12, July 29, 2002 (Afternoon) . . . . . . . . . . . . . . . . . . . 469

Resentencing Volume 13, July 30, 2002 (Morning) . . . . . . . . . . . . . . . . . . . . 587

Resentencing Volume 13, July 30, 2002 (Afternoon) . . . . . . . . . . . . . . . . . . 687

Resentencing Volume 14, July 31, 2002 (Morning) . . . . . . . . . . . . . . . . . . . . 773

## *Volume III*

Resentencing Volume 14, July 31, 2002 (Afternoon) . . . . . . . . . . . . . . . . . . 845

Resentencing Volume 15, August 1, 2002 (Morning) . . . . . . . . . . . . . . . . . . . 959

Resentencing Volume 16, August 5, 2002 (Morning) . . . . . . . . . . . . . . . . . . 1029

Resentencing Volume 16, August 5, 2002 (Afternoon) . . . . . . . . . . . . . . . . 1107

Resentencing Volume 17, August 6, 2002 (Morning) . . . . . . . . . . . . . . . . . . 1202

## *Volume IV*

Resentencing Volume 17, August 6, 2002 (Afternoon) . . . . . . . . . . . . . . . . 1312

Resentencing Volume 18, August 7, 2002 (Morning) . . . . . . . . . . . . . . . . . . 1424

Resentencing Volume 18, August 7, 2002 (Afternoon) . . . . . . . . . . . . . . . . 1533

Resentencing Volume 19, August 8, 2002 (Morning) . . . . . . . . . . . . . . . . . . 1634

Resentencing Volume 19, August 8, 2002 (Afternoon) . . . . . . . . . . . . . . . . 1726

## *Volume V*

Resentencing Volume 20, August 9, 2002 (Morning) ................... 1799

Resentencing Volume 20, August 9, 2002 (Afternoon) .................. 1822

Resentencing Proceedings, August 12, 2002 ......................... 1870

Resentencing Proceedings, August 13, 2002 ......................... 2017

Defendant Motion for Mistrial regarding victim
impact testimony, filed August 5, 2002 .......................... 2034

Written questions from the jurors filed August 13, 2002 ................. 2037

District Court Judge's answer to jurors' written question
filed August 13, 2002 ........................................ 2038

Jury verdict form with reference to count 7, filed
August 13, 2002 ............................................ 2039

Jury verdict form with reference to count 8, filed
August 13, 2002 ............................................ 2057

Jury verdict form with reference to count 11, filed
August 13, 2002 ............................................ 2075

Judgment and Order imposing sentence, entered
August 20, 2002 ............................................ 2092

Defendant's Motion for New Trial, Arrest of Judgment
and Other Relief, filed August 20, 2002 ......................... 2097

Order Denying Defendant's Motion for New Trial,
Arrest of Judgment and Other Relief
entered September 9, 2002 .................................... 2149

Docket as of May 29, 2003 0:16 am

Web PACER (NCWD)

# U.S. District Court

## Western District of North Carolina (Charlotte)

## CRIMINAL DOCKET FOR CASE #: 97-CR-23-ALL

### USA, et al v. Barnette

Filed: 02/04/97
Dkt# in other court: None

### Case Assigned to: Judge Richard L. Voorhees

ROBERT ERICKSON (0)
    interested party

Robert Erickson
[COR LD NTC] [PRO SE]
US Dept of Justice
Criminal Division, Appellate
Section
P.O. Box 899
Washington, DC 20044

Pending Counts:
   NONE
Terminated Counts:
   NONE
Complaints:
   NONE

### Case Assigned to: Judge Richard L. Voorhees

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 11 of 200

1

AQUILIA MARCIVICCI BARNETTE
(1)
    defendant
[term  02/20/98]

James P. Cooney
 [term  04/26/02]
[COR LD NTC pda]
James P. Cooney, III
[COR LD NTC pda]
Kennedy, Covington, Lobdell &
Hickman
Hearst Tower
214 N. Tryon St., 47th Floor
Charlotte, NC 28202-4006
704/331-7400
George V. Laughrun, III
 [term  02/20/98]
[COR LD NTC cja]
Goodman, Carr, Laughrun, Levine
& Murray, P.A.
301 South McDowell Street
Suite 602 Cameron Brown
Building
Charlotte, NC 28204
704/372-2770
Harold J. Bender
[COR LD NTC cja]
Law Office of Harold Bender
200 North McDowell Street
Charlotte, NC 28204
704/333-2169
Paul J. Williams
 [term  02/20/98]
[COR LD NTC cja]
301 S. McDowell Street
Suite 801
Charlotte, NC 28204
(704) 372-5601
Claire J. Rauscher
 [term  11/29/01]
[COR LD NTC cja]
435 E. Morehead St.
Charlotte, NC 28202
(704) 331-0863
Jean B. Lawson
[COR LD NTC cja]
P. O. Box 472106
Charlotte, NC 28226
704/543-1785

## Docket Proceedings

| Date | Doc# | Image | Docket Entry |
|------|------|-------|--------------|
| 02/04/97 | 1 | | INDICTMENT as to Aquilia Marcivicci Barnette (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 (jlk) [Entry date 02/05/97] |

| 02/04/97 | 2 | | PETITION by USA for Writ of Habeas Corpus ad prosequendum as to Aquilia Marcivicci Barnette (jlk) [Entry date 02/05/97] |
|---|---|---|---|
| 02/05/97 | -- | | Arrest WARRANT issued as to Aquilia Marcivicci Barnette (jlk) [Entry date 02/05/97] |
| 02/06/97 | 3 | | WRIT of Habeas Corpus ad Prosequendum issued as to Aquilia Marcivicci Barnette for 2/18/97 (tob) [Entry date 02/06/97] |
| 02/14/97 | 4 | | NOTICE of Summary of Charges and Maximum Penalties by USA as to Aquilia Marcivicci Barnette (jlk) [Entry date 02/14/97] |
| 02/18/97 | -- | | ARREST of Aquilia Marcivicci Barnette (tob) [Entry date 02/25/97] |
| 02/18/97 | -- | | Initial Appearance as to Aquilia Marcivicci Barnette held before CH. Deft not eligible for detention, currently under state order of detention. Deft request CAC. CH allows. (Defendant informed of rights.) (tob) [Entry date 02/25/97] |
| 02/18/97 | 6 | | NOTICE SPECIFYING DEFENDANT AS AN ARMED CAREER CRIMINAL by USA as to Aquilia Marcivicci Barnette (tob) [Entry date 02/25/97] |
| 02/24/97 | 5 | | Arrest WARRANT Returned Executed as to Aquilia Marcivicci Barnette on 2/18/97 (jlk) [Entry date 02/24/97] |
| 02/26/97 | 7 | | CJA 30 as to Aquilia Marcivicci Barnette : Appointment of Attorney George V. Laughrun III - Voucher# D21062, Paul J. Williams - Voucher# D21072 (tob) [Entry date 03/05/97] |
| 03/05/97 | 7 | | NOTICE of Hearing as to Aquilia Marcivicci Barnette :, set Arraignment for 9:30 3/26/97 for Aquilia Marcivicci Barnette before Magistrate Judge Carl Horn III (tob) [Entry date 03/05/97] |
| 03/26/97 | -- | | Arraignment as to Aquilia Marcivicci Barnette held before CH. (tob) [Entry date 03/26/97] |
| 03/26/97 | 8 | | Arraignment Order as to Aquilia Marcivicci Barnette setting Calendar Call for 9:30 4/29/97 for Aquilia Marcivicci Barnette ; ( Signed by Magistrate Judge Carl Horn III ) (tob) [Entry date 03/26/97] |
| 03/26/97 | 9 | | Standard Discovery Order as to Aquilia Marcivicci Barnette (tob) [Entry date 03/26/97] |
| 03/26/97 | 10 | | NOTICE OF INSANITY DEFENSE by Aquilia Marcivicci Barnette (tob) [Entry date 03/26/97] |
| | | | |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 13 of 200

3

| | | | |
|---|---|---|---|
| 04/10/97 | 11 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION (jlk) [Entry date 04/11/97] |
| 04/10/97 | 12 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION (jlk) [Entry date 04/11/97] |
| 04/10/97 | 13 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION (jlk) [Entry date 04/11/97] |
| 04/10/97 | 14 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION (jlk) [Entry date 04/11/97] |
| 04/10/97 | 15 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION (jlk) [Entry date 04/11/97] |
| 04/10/97 | 16 | | NOTICE of Index to exparte motions by Aquilia Marcivicci Barnette. (jlk) [Entry date 04/11/97] |
| 04/10/97 | 17 | | NOTICE of Index to pretrial motions by Aquilia Marcivicci Barnette. (jlk) [Entry date 04/11/97] |
| 04/10/97 | 18 | | MOTION by Aquilia Marcivicci Barnette to Continue from the April, 1997 trial term (jlk) [Entry date 04/11/97] |
| 04/10/97 | 19 | | MOTION by Aquilia Marcivicci Barnette for complete recordation and presence of the Defendant (jlk) [Entry date 04/11/97] |
| 04/10/97 | 20 | | MOTION by Aquilia Marcivicci Barnette for Pretrial conference (jlk) [Entry date 04/11/97] |
| 04/10/97 | 21 | | MOTION by Aquilia Marcivicci Barnette for Discovery prior to the govt. decision to seek death penalty and for expedited Hearing (jlk) [Entry date 04/11/97] |
| 04/10/97 | 22 | | MOTION by Aquilia Marcivicci Barnette for Disclosure of mitigating information (jlk) [Entry date 04/11/97] |
| 04/10/97 | 23 | | MOTION by Aquilia Marcivicci Barnette for potential list of jurors (jlk) [Entry date 04/11/97] |
| 04/10/97 | 24 | | MOTION by Aquilia Marcivicci Barnette for individual jury voir dire and sequestration of jurors during jury selection |
| (jlk) [E | ntry | | ate 04/11/97] |
| 04/10/97 | 25 | | MOTION by Aquilia Marcivicci Barnette to permit voir dire of potential jurors regarding their conceptions about parole eligibility on a federal |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 14 of 200

4

| | | | |
|---|---|---|---|
| | | | life sentence (jlk) [Entry date 04/11/97] |
| 04/10/97 | 26 | | Brief and MOTION by Aquilia Marcivicci Barnette for specific jury selection procedures (jlk) [Entry date 04/11/97] |
| 04/10/97 | 27 | | NOTICE ofMemorandum of Law: Constitutional Voir Dire and the Principles of Witt and Morgan by Aquilia Marcivicci Barnette (jlk) [Entry date 04/11/97] |
| 04/10/97 | 28 | | MOTION by Aquilia Marcivicci Barnette for sequestration of witnesses during trial (jlk) [Entry date 04/11/97] |
| 04/10/97 | 29 | | MOTION by Aquilia Marcivicci Barnette in Limine re: photographs of victims following death or autopsy (jlk) [Entry date 04/11/97] |
| 04/10/97 | 30 | | NOTICE of Stipulation: identity of bodies by Aquilia Marcivicci Barnette (jlk) [Entry date 04/11/97] |
| 04/10/97 | 31 | | MOTION by Aquilia Marcivicci Barnette to Suppress photographs (jlk) [Entry date 04/11/97] |
| 04/10/97 | 32 | | MOTION by Aquilia Marcivicci Barnette in Limine re: bloody garments (jlk) [Entry date 04/11/97] |
| 04/10/97 | 33 | | MOTION by Aquilia Marcivicci Barnette to Suppress statements of Defendant (jlk) [Entry date 04/11/97] |
| 04/10/97 | 34 | | MEMORANDUM by Aquilia Marcivicci Barnette in support of [33-1] motion to Suppress statements of Defendant (jlk) [Entry date 04/11/97] |
| 04/10/97 | 35 | | MOTION by Aquilia Marcivicci Barnette for a list of goverment witnesses (jlk) [Entry date 04/11/97] |
| 04/10/97 | 36 | | MOTION by Aquilia Marcivicci Barnette to Dismiss Counts 1, 2, 3, 10 & 11 (jlk) [Entry date 04/11/97] |
| 04/10/97 | 37 | | MOTION by Aquilia Marcivicci Barnette to Dismiss Counts 1, 10 & 11 (jlk) [Entry date 04/11/97] |
| 04/10/97 | 38 | | MOTION by Aquilia Marcivicci Barnette to Dismiss Counts 1, 2, 3, 10, 11 of the Indictment for improper venue pursuant to 18 USC 3235 (jlk) [Entry date 04/11/97] |
| 04/10/97 | 39 | | MOTION by Aquilia Marcivicci Barnette to Dismiss Counts 2, 7, 8 & 11 for the lack of jurisdiction under the commerce clause and incorporated memorandum of law. (jlk) [Entry date 04/11/97] |
| | | | |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 15 of 200
5

| | | | |
|---|---|---|---|
| 04/10/97 | 40 | | MOTION by Aquilia Marcivicci Barnette to bar imposition of death penalty (jlk) [Entry date 04/11/97] |
| 04/10/97 | 41 | | MOTION by Aquilia Marcivicci Barnette to limit prosecutors rebuttal evidence (jlk) [Entry date 04/11/97] |
| 04/10/97 | 42 | | MOTION by Aquilia Marcivicci Barnette for Leave to File additional motions (jlk) [Entry date 04/11/97] |
| 04/10/97 | 43 | | MOTION by Aquilia Marcivicci Barnette to Extend Time to file other motions (jlk) [Entry date 04/11/97] |
| 04/11/97 | 44 | | ORDER as to Aquilia Marcivicci Barnette granting [18-1] motion to Continue from the April, 1997 trial term as to Aquilia Marcivicci Barnette (1), to Continue in Interests of Justice Time excluded from 4/29/97 to 9/8/97, reset Calendar Call for 9:30 9/8/97 for Aquilia Marcivicci Barnette ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 04/11/97] |
| 04/11/97 | 45 | | ORDER as to Aquilia Marcivicci Barnette; the meeting between defense and USA shall be postponed not later than 5/12/97; Motion Hearing set for 9:30 4/23/97 for Aquilia Marcivicci Barnette for [21-2] motion for expedited Hearing before Judge Robert D. Potter, set for 9:30 4/23/97 for Aquilia Marcivicci Barnette for [21-1] motion for Discovery prior to the govt. decision to seek death penalty before Judge Robert D. Potter, set for 9:30 4/23/97 for Aquilia Marcivicci Barnette for [22-1] motion for Disclosure of mitigating information before Judge Robert D. Potter; the USA shall respond in writing to Deft's motions, Response to Motion reset to 4/17/97 for USA for [22-1] motion for Disclosure of mitigating information, reset to 4/17/97 for USA for [21-1] motion for Discovery prior to the govt. decision to seek death penalty, reset to 4/17/97 for USA for [21-2] motion for expedited Hearing ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 04/11/97] |
| 04/11/97 | 46 | | ORDER as to Aquilia Marcivicci Barnette granting [19-1] motion for complete recordation and presence of the Defendant as to Aquilia Marcivicci Barnette (1); Court Reporter shall take down and record all hrgs. on motions, all jury voir dire, opening statement, testimony, closing arguments, bench conferences and each proceeding involved in this trial. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 04/14/97] |
| 04/11/97 | 47 | | ORDER as to Aquilia Marcivicci Barnette denying [20-1] motion for Pretrial conference as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 04/14/97] |
| 04/11/97 | 48 | | ORDER as to Aquilia Marcivicci Barnette directing the USA to respond to the remaining defense motions numbered 6-26 on the Deft's Index to Pretrial Motions; Response to Motions due not more than 10 days after the USA is advised by the US Atty. General that he is authorized to seek the death penalty ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 04/14/97] |
| | | | |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 16 of 200

6

| 04/11/97 | 49 | | ORDER as to Aquilia Marcivicci Barnette, Sealing all Ex Parte Motions by the Defendant ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 04/14/97] |
|---|---|---|---|
| 04/14/97 | 50 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [22-1] motion for Disclosure of mitigating information (jlk) [Entry date 04/15/97] |
| 04/14/97 | 51 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [21-1] motion for Discovery prior to the govt. decision to seek death penalty, [21-2] motion for expedited Hearing (jlk) [Entry date 04/15/97] |
| 04/17/97 | 52 | | ORDER as to Aquilia Marcivicci Barnette denying [21-1] motion for Discovery prior to the govt. decision to seek death penalty as to Aquilia Marcivicci Barnette (1)denying [22-1] motion for Disclosure of mitigating information as to Aquilia Marcivicci Barnette (1), terminated deadlines for the hrg. set for 4/23/97; Counsel shall reschedule their meeting at a mutually agreeable time. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 04/17/97] |
| 05/20/97 | 53 | | MOTION by Aquilia Marcivicci Barnette to renew exparte motion referred to: Judge Robert D. Potter (jlk) [Entry date 05/20/97] |
| 05/22/97 | -- | | Minute entry as to Aquilia Marcivicci Barnette : Status conference held. Proposed tentative schedule discussed. The following schedules were discussed: (1) Pltf's conf w/Atty Gen. and notice of intent to seek death penalty, ETT and jury sel procedure. Court takes proposed scheduling under advisement. (srg) [Entry date 05/23/97] |
| 05/23/97 | 54 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting in part the [53-1] motion to renew exparte motion as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 05/23/97] |
| 05/28/97 | 55 | | Memorandum of May 22, 1997 Status hearing re: authorization to seek death penalty, jury questionnaire, jury selection, and estimated trial time as to Aquilia Marcivicci Barnette, ( Signed by Judge Robert D. Potter ) (sdc) [Entry date 05/29/97] |
| 05/28/97 | -- | | SEALED TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 5/28/97 Crt Rptr: Scott Huseby (chh) [Entry date 05/30/97] |
| 05/29/97 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of May 22, 1997 Crt Rptr: Scott Huseby (chh) [Entry date 05/30/97] |
| 07/28/97 | 56 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: records (jlk) [Entry date 07/29/97] |
| 08/04/97 | 58 | | Preliminary Jury instructions to entire venire as to Aquilia Marcivicci Barnette (jlk) [Entry date 08/04/97] |

Case 3:12-cv-00327-MOC Document 99 Filed 09/23/15 Page 17 of 200

7

| 08/04/97 | 59 | | NOTICE of Proposed juror questionnaire by USA as to Aquilia Marcivicci Barnette (jlk) [Entry date 08/04/97] |
|---|---|---|---|
| 08/04/97 | 57 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [26-1] motion for specific jury selection procedures, [24-1] motion for individual jury voir dire and sequestration of jurors during jury selection (jlk) [Entry date 08/11/97] |
| 08/07/97 | 60 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: examination (sdc) [Entry date 08/07/97] |
| 08/07/97 | 61 | | NOTICE of intent to seek the Death Penalty by USA as to Aquilia Marcivicci Barnette (jlk) [Entry date 08/07/97] |
| 08/08/97 | 62 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting [56-1] motion EX PARTE MOTION re: records as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 08/08/97] |
| 08/08/97 | 63 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting [60-1] motion EX PARTE MOTION re: examination as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 08/11/97] |
| 08/14/97 | 64 | | ORDER as to Aquilia Marcivicci Barnette, for Hearing re: the first draft of the prosposed juror questionnaire; a hrg. shall be set for 8/25/97 at 10:00 a.m.; Court Reporter Supervisor shall have a court reporter present & USM shall have the Deft. present. (Signed by Judge Robert D. Potter ) (jlk) [Entry date 08/14/97] |
| 08/21/97 | 65 | | ORDER as to Aquilia Marcivicci Barnette granting [23-1] motion for potential list of jurors as to Aquilia Marcivicci Barnette (1)granting in part, denying in part [24-1] motion for individual jury voir dire and sequestration of jurors during jury selection as to Aquilia Marcivicci Barnette granting in part [25-1] motion to permit voir dire of potential juror regarding their conception about parole eligibility on a Federal Sentence (1)granting in part, denying in part (see order) [26-1] motion for specific jury selection procedures as to Aquilia Marcivicci Barnette (1)granting in part [28-1] motion for sequestration of witnesses during trial as to Aquilia Marcivicci Barnette (1) [29-1] motion in Limine re: photographs of victims following death or autopsy is deferred as to Aquilia Marcivicci Barnette (1) [31-1] motion to Suppress photographs is deferred as to Aquilia Marcivicci Barnette (1) [32-1] motion in Limine re: bloody garments is deferred as to Aquilia Marcivicci Barnette (1) [33-1] motion to Suppress statements of Defendant is deferred as to Aquilia Marcivicci Barnette (1)granting [35-1] motion for a list of goverment witnesses as to Aquilia Marcivicci Barnette (1)denying [36-1] motion to Dismiss Counts 1, 2, 3, 10 & 11 as to Aquilia Marcivicci Barnette (1)denying [37-1] motion to Dismiss Counts 1, 10 & 11 as to Aquilia Marcivicci Barnette (1)denying [38-1] motion to Dismiss Counts 1, 2, 3, 10, 11 of the Indictment for improper venue pursuant to 18 USC 3235 as to Aquilia Marcivicci Barnette (1)denying [39-1] motion to Dismiss Counts 2, 7, 8 & 11 for the lack of jurisdiction under the |

Case 3:12-cv-00327-MOC  Document 99  Filed 09/23/13  Page 18 of 200

8

| | | | |
|---|---|---|---|
| | | | commerce clause as to Aquilia Marciviçci Barnette [40-1] motion to bar imposition of death penalty as to Aquilia Marcivicci Barnette (1) [41-1] motion to limit prosecutors rebuttal evidence is deferred as to Aquilia Marcivicci Barnette (1)granting [42-1] motion for Leave to File additional motions as to Aquilia Marcivicci Barnette (1) granting [43-1] motion to extend time to file other motions until 12/5/97 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 08/21/97] |
| 08/25/97 | 66 | | SEALED TRANSPORT ORDER as to Aquilia Marcivicci Barnette - contents of this order not to be released ( Signed by Judge Robert D. Potter ) (bsw) [Entry date 08/25/97] [Edit date 08/27/97] |
| 08/25/97 | 67 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [33-1] motion to Suppress statements of Defendant (bsw) [Entry date 08/25/97] |
| 08/25/97 | -- | | Minute entry as to Aquilia Marcivicci Barnette : Case called for draft questionnaire hrg. Atty Thomas Walker and Bob Conrad present for govt., Atty Geo. Laughrun and Paul Williams present for deft. The govt obj'd to the following questions: 56,57,96,99,100,104, and inquired about individual questions the court might ask of jurors. Defts obj'd to the foll: 46,52,57,93,94, and 99, (46 removed). Deft's questions reg Phase II noted. Court inquires as to add'l questions by counsel and a schedule was determined. Three (300) Hundred proposed jurors will be called. A tentative voir dire scheduling of 2.5 hrs morning and afternoon sessions. The courtroom deputy has been instructed to pass out a total of five questionnaires to parties. Court adjourns until 9/29/97. Cheryl Nuccio, Court Reporter, RDP presiding. (srg) [Entry date 08/25/97] |
| 08/26/97 | 68 | | ORDER sua sponte as to Aquilia Marcivicci Barnette; Court Reporter shall furnish the defense w/ copies of each transcript and the USA if requested; Court Reporter shall copy all transcripts SEALED; Court Reporter shall sumbit a voucher for payment to the Court, and transcripts furnished to the USA shall be paid by that office ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 08/26/97] |
| 08/26/97 | 69 | | MEMORANDUM re: Interim Payments for Representation as to Aquilia Marcivicci Barnette; Commencing 8/16/97, counsel shall submit a voucher for the period from that date thru 11/15/97; the third and last voucher shall be from the period of 11/16/97 thru 5/1/98; at the conclusion of the representation, each counsel shall submit a final voucher; Answers to questions concerning appointment can be found in the Guidelines for the Administration of the Criminal Justice Act; further clarification should be addressed to the Judge Robert D. Potter's office. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 08/27/97] |
| 08/27/97 | 70 | | ORDER as to Aquilia Marcivicci Barnette amending the jury questionnaire; Counsel for Govt. and the Deft. will respond by 9/15/97 w/any suggestions or objections to the enclosed second draft of the jury questionnaire. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 08/27/97] |
| 08/27/97 | 71 | | Renewal of the MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: expert (jlk) [Entry date 08/28/97] |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 19 of 200

9

| | | | |
|---|---|---|---|
| 08/27/97 | 72 | | Additional Proposed Voir Dire Questions by Aquilia Marcivicci Barnette (jlk) [Entry date 08/28/97] |
| 08/27/97 | 73 | | Proposed Courtroom Orientation and Preliminary Jury Instructions for entire Venire by Aquilia Marcivicci Barnette (jlk) [Entry date 08/28/97] |
| 08/28/97 | 74 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting [71-1] EX PARTE MOTION re: expert as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 08/28/97] |
| 08/28/97 | 75 | | AMENDMENT to ORDER as to Aquilia Marcivicci Barnette Amending Response to Pre-trial Motion deadline from 12/5/97 to 11/14/97 at 3:00 p.m.; any reponse to these motions filed on or before 11/14/97, must be responded by the other party on or before 11/24/97 at 3:00 p.m. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 08/28/97] |
| 08/29/97 | 76 | | MOTION by Aquilia Marcivicci Barnette to Preclude the intoduction of victim impact evidence pertaining to the victims family members' characterizations and opinions about the crime, deft., and/or the appropriate sentence referred to: Judge Robert D. Potter (jlk) [Entry date 09/02/97] |
| 08/29/97 | 77 | | MOTION by Aquilia Marcivicci Barnette to bar the admission of victim impact evidence as fundamentally unfair and violative of due process referred to: Judge Robert D. Potter (jlk) [Entry date 09/02/97] |
| 08/29/97 | 78 | | MOTION by Aquilia Marcivicci Barnette to require a pretrial judicial review of all victim impact evidence the govt. intends to introduce at the capital sentencing proceedings referred to: Judge Robert D. Potter (jlk) [Entry date 09/02/97] |
| 08/29/97 | 79 | | MOTION by Aquilia Marcivicci Barnette to declare title 18 USC 3593 (a)(2) unconstitutional as applied to death penalty sentencing proceedings referred to: Judge Robert D. Potter (jlk) [Entry date 09/02/97] |
| 08/29/97 | 80 | | MEMORANDUM by Aquilia Marcivicci Barnette in support of [76-1] motion to Preclude the intoduction of victim impact evidence pertaining to the victims family members' characterizations and opinions about the crime, deft., and/or the appropriate sentence (jlk) [Entry date 09/02/97] |
| 08/29/97 | 81 | | MOTION by Aquilia Marcivicci Barnette to Preclude the consideration of the victim impact statements at the penalty phase of this matter referred to: Judge Robert D. Potter (jlk) [Entry date 09/02/97] |
| 08/29/97 | 82 | | MOTION by Aquilia Marcivicci Barnette to Continue from the September, 1997 trial term referred to: Judge Robert D. Potter (jlk) [Entry date 09/02/97] |
| 09/02/97 | 83 | | ORDER as to Aquilia Marcivicci Barnette granting [82-1] motion to |

| | | | |
|---|---|---|---|
| | | | Continue from the September, 1997 trial term as to Aquilia Marcivicci Barnette (1), to Continue in Interests of Justice Time excluded from 9/8/97 to 1/5/98, reset Calendar Call for 9:30 1/5/98 for Aquilia Marcivicci Barnette ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 09/02/97] |
| 09/03/97 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of August 25, 1997 Crt Rptr: Cheryl A. Nuccio (jlk) [Entry date 09/03/97] |
| 09/09/97 | 84 | | RESPONSE by Aquilia Marcivicci Barnette in opposition to [70-1] order amending the jury questionnaire. (jlk) [Entry date 09/09/97] |
| 09/09/97 | 85 | | SEALED CJA 30 as to Aquilia Marcivicci Barnette Authorization to Pay Paul Williams $ (UNDER SEAL) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 09/09/97] |
| 09/09/97 | 86 | | SEALED CJA 30 as to Aquilia Marcivicci Barnette Authorization to Pay George Laughrun, II $ (UNDER SEAL) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 09/09/97] [Edit date 09/09/97] |
| 09/18/97 | 87 | | MOTION by Aquilia Marcivicci Barnette to have Court Reporter designate race and gender of potential jurors referred to: Judge Robert D. Potter (sdc) [Entry date 09/18/97] |
| 09/18/97 | 88 | | MOTION by Aquilia Marcivicci Barnette to handle Baston vs. Kentucky Challenges referred to: Judge Robert D. Potter (sdc) [Entry date 09/18/97] |
| 09/18/97 | 89 | | MOTION by Aquilia Marcivicci Barnette for daily transcripts of trial testimony at both guilt, innocence and penalty phase referred to: Judge Robert D. Potter (sdc) [Entry date 09/18/97] |
| 09/18/97 | 90 | | MOTION by Aquilia Marcivicci Barnette to permit defense counsel to question potential jurors challenged for cause by the government referred to: Judge Robert D. Potter (sdc) [Entry date 09/18/97] |
| 09/18/97 | 91 | | MOTION by Aquilia Marcivicci Barnette to prohibit government from "death qualifying" the jury referred to: Judge Robert D. Potter (sdc) [Entry date 09/18/97] |
| 09/18/97 | 92 | | MOTION by Aquilia Marcivicci Barnette to prohibit govt. from peremptorily excusing jurors on the basis of race referred to: Judge Robert D. Potter (sdc) [Entry date 09/18/97] |
| 09/18/97 | 93 | | MOTION by Aquilia Marcivicci Barnette in Limine to disclose prior criminal records of all govt. witnesses referred to: Judge Robert D. Potter (sdc) [Entry date 09/18/97] |
| | | | |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 21 of 200

| | | | |
|---|---|---|---|
| 09/18/97 | 94 | | MOTION by Aquilia Marcivicci Barnette to Compel govt. to disclose whether it intends to offer evidence under 803(24), 804(b)(5) & 404(b) referred to: Judge Robert D. Potter (sdc) [Entry date 09/18/97] |
| 09/18/97 | 95 | | MOTION by Aquilia Marcivicci Barnette for an order requiring the the govt. to disclose full nature and extent of consideration offered to or sought by the govt. or its agents on behalf of informants or jailhouse "snitches" referred to: Judge Robert D. Potter (sdc) [Entry date 09/18/97] |
| 09/18/97 | 96 | | MOTION by Aquilia Marcivicci Barnette to reveal grant of immunity or other concessions referred to: Judge Robert D. Potter (sdc) [Entry date 09/18/97] |
| 09/18/97 | 97 | | MOTION by Aquilia Marcivicci Barnette to require sequestration of all law enforcement witnesses at the suppression hearing referred to: Judge Robert D. Potter (sdc) [Entry date 09/18/97] |
| 09/24/97 | 98 | | MOTION by Aquilia Marcivicci Barnette to Suppress Court Identification to be made by Benjamin Spencer Greene, aka Benny referred to: Judge Robert D. Potter (jlk) [Entry date 09/24/97] |
| 09/24/97 | 99 | | MOTION by Aquilia Marcivicci Barnette to Suppress prior convictions referred to: Judge Robert D. Potter (jlk) [Entry date 09/24/97] |
| 09/24/97 | 100 | | MOTION by Aquilia Marcivicci Barnette for Early Production of Jencks Material referred to: Judge Robert D. Potter (jlk) [Entry date 09/24/97] |
| 09/25/97 | 101 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [90-1] motion to permit defense counsel to question potential jurors challenged for cause by the government, [91-1] motion to prohibit government from "death qualifying" the jury (jlk) [Entry date 09/25/97] |
| 09/26/97 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 3/26/97 Crt Rptr: Cheryl Nuccio (jlk) [Entry date 09/26/97] for dates of 2/18/97 Crt Rptr: Cheryl Nuccio (jlk) [Entry date 09/26/97] |
| 09/26/97 | 102 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: records (jlk) [Entry date 09/26/97] |
| 09/26/97 | 103 | | MOTION by Aquilia Marcivicci Barnette for a court instruction to the jury that life w/o the possibility of release means what is says referred to: Judge Robert D. Potter (jlk) [Entry date 09/26/97] |
| 09/26/97 | 104 | | MOTION by Aquilia Marcivicci Barnette for the last argument by defense referred to: Judge Robert D. Potter (jlk) [Entry date 09/26/97] |
| 09/26/97 | 105 | | MOTION by Aquilia Marcivicci Barnette to direct the govt. to refer to life w/o the possibility of release throughout the trial referred to: Judge Robert D. Potter (jlk) [Entry date 09/26/97] |

| | | | |
|---|---|---|---|
| 09/26/97 | 106 | | MOTION by Aquilia Marcivicci Barnette for Discovery referred to: Judge Robert D. Potter (jlk) [Entry date 09/26/97] |
| 09/29/97 | 107 | | ORDER as to Aquilia Marcivicci Barnette granting [97-1] motion to require sequestration of all law enforcement witnesses at the suppression hearing as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 09/29/97] |
| 09/29/97 | 108 | | Witness list by USA as to Aquilia Marcivicci Barnette (srg) [Entry date 09/30/97] |
| 09/29/97 | 109 | | Exhibit list by USA as to Aquilia Marcivicci Barnette (srg) [Entry date 09/30/97] |
| 09/29/97 | 110 | | Exhibit list by Aquilia Marcivicci Barnette (srg) [Entry date 09/30/97] |
| 09/29/97 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette denying [33-1] motion to Suppress statements of Defendant as to Aquilia Marcivicci Barnette (1) ( Entered by Judge Robert D. Potter ) (srg) [Entry date 09/30/97] |
| 09/29/97 | -- | | Evidentiary Hearing as to Aquilia Marcivicci Barnette held. Deft instructed to listen to the 06/28/96 Mag tape re the deft and a transcript of same will be supplied at a later time. The Govt proceeds to call the following wits to testify: Rodney Riggs, James Yarbrough, Tony Brandon, James Sanders, Tony Rice and Robert Holl. Deft's atty x-ex'd all wits. Upon completion of evid, closing arguments were held, suppression motion DENIED. Judge: RDP Court Rptr: S. Huseby (srg) [Entry date 09/30/97] |
| 09/29/97 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 06/28/96 Crt Rptr: Scott Huseby. Transcribed by Huseby from Mag's Tape. Exhibits admitted on 09/29/97 by Pltf and Deft are located in file (srg) [Entry date 09/30/97] |
| 10/02/97 | 111 | | MOTION by Aquilia Marcivicci Barnette for Discovery of statements and Brady & Giglio material for witnessing at penalty phase of trial referred to: Judge Robert D. Potter (jlk) [Entry date 10/02/97] |
| 10/02/97 | 112 | | MOTION by Aquilia Marcivicci Barnette for Bill of Particulars with respect to notice of intent to seek the death penalty referred to: Judge Robert D. Potter (jlk) [Entry date 10/02/97] |
| 10/03/97 | 113 | | ORDER as to Aquilia Marcivicci Barnette, Response to Motion reset to 10/10/97 for USA for [111-1] motion for Discovery of statements and Brady & Giglio material for witnessing at penalty phase of trial (Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/03/97] |
| 10/03/97 | 114 | | ORDER as to Aquilia Marcivicci Barnette, Response to Motion reset to 10/10/97 for USA for [112-1] motion for Bill of Particulars with respect to notice of intent to seek the death penalty ( Signed by Judge Robert D. |

Case 3:12-cv-00327-MOC Document 99 Filed 09/23/15 Page 23 of 200

**13**

| | | | |
|---|---|---|---|
| | | | Potter ) (jlk) [Entry date 10/03/97] |
| 10/03/97 | 115 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [104-1] motion for the last argument by defense (jlk) [Entry date 10/03/97] |
| 10/03/97 | 116 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [106-1] motion for Discovery (jlk) [Entry date 10/03/97] |
| 10/03/97 | 117 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [105-1] motion to direct the govt. to refer to life w/o the possibility of release throughout the trial (jlk) [Entry date 10/06/97] |
| 10/06/97 | 118 | | Amendment by Aquilia Marcivicci Barnette re: [112-1] motion for Bill of Particulars with respect to notice of intent to seek the death penalty (jlk) [Entry date 10/06/97] |
| 10/07/97 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 9/29/97 Crt Rptr: Scott Huseby (jlk) [Entry date 10/07/97] |
| 10/08/97 | 119 | | ORDER as to Aquilia Marcivicci Barnette, Motion Hearing set for 9:30 10/21/97 for Aquilia Marcivicci Barnette for [81-1] motion to Preclude the consideration of the victim impact statements at the penalty phase of this matter before Judge Robert D. Potter, set for 9:30 10/21/97 for Aquilia Marcivicci Barnette for [79-1] motion to declare title 18 USC 3593(a)(2) unconstitutional as applied to death penalty sentencing proceedings before Judge Robert D. Potter, set for 9:30 10/21/97 for Aquilia Marcivicci Barnette for [78-1] motion to require a pretrial judicial review of all victim impact evidence the govt. intends to introduce at the capital sentencing proceedings before Judge Robert D. Potter, set for 9:30 10/21/97 for Aquilia Marcivicci Barnette for [77-1] motion to bar the admission of victim impact evidence as fundamentally unfair and violative of due process before Judge Robert D. Potter, set for 9:30 10/21/97 for Aquilia Marcivicci Barnette for [76-1] motion to Preclude the intoduction of victim impact evidence pertaining to the victims family members' characterizations and opinions about the crime, deft., and/or the appropriate sentence before Judge Robert D. Potter ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/09/97] |
| 10/08/97 | 120 | | ORDER as to Aquilia Marcivicci Barnette, as to the Juror Questionnaire ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/09/97] |
| 10/08/97 | 121 | | ORDER as to Aquilia Marcivicci Barnette granting in part, denying in part [72-1] additional proposed jury questions as to Aquilia Marcivicci Barnette (1); the Court will consider any suggestions or objections to these proposed questions at the next hearing. ( Signed by Judge Robert D. Potter) (jlk) [Entry date 10/09/97] |
| 10/09/97 | 122 | | ORDER as to Aquilia Marcivicci Barnette (follows oral order denying [33-1] motion to Suppress statements of Defendant as to Aquilia Marcivicci Barnette (1) entered 9/29/97 ) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/09/97] |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 24 of 200

**14**

| | | | |
|---|---|---|---|
| 10/09/97 | 123 | | ORDER as to Aquilia Marcivicci Barnette granting [88-1] motion to handle Baston vs. Kentucky Challenges as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/09/97] |
| 10/09/97 | 124 | | ORDER as to Aquilia Marcivicci Barnette granting [87-1] motion to have Court Reporter designate race and gender of potential jurors as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/09/97] |
| 10/09/97 | 125 | | ORDER as to Aquilia Marcivicci Barnette granting [89-1] motion for daily transcripts of trial testimony at both guilt, innocence and penalty phase as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/09/97] |
| 10/09/97 | 126 | | ORDER as to Aquilia Marcivicci Barnette granting [102-1] motion EX PARTE MOTION re: records as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/09/97] |
| 10/09/97 | 127 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [112-1] motion for Bill of Particulars with respect to notice of intent to seek the death penalty (sdc) [Entry date 10/09/97] |
| 10/09/97 | 128 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [111-1] motion for Discovery of statements and Brady & Giglio material for witnessing at penalty phase of trial (sdc) [Entry date 10/09/97] |
| 10/10/97 | 129 | | ORDER as to Aquilia Marcivicci Barnette granting [90-1] motion to permit defense counsel to question potential jurors challenged for cause by the government as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/10/97] |
| 10/14/97 | 130 | | ORDER as to Aquilia Marcivicci Barnette denying [91-1] motion to prohibit government from "death qualifying" the jury as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/14/97] |
| 10/15/97 | 131 | | ORDER as to Aquilia Marcivicci Barnette [73-1] proposed jury instructions is deferred until 10/21/97 as to Aquilia Marcivicci Barnette (1) (Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/15/97] |
| 10/16/97 | 132 | | SUPPLEMENTAL ORDER as to Aquilia Marcivicci Barnette, Motion Hearing set for 9:30 10/21/97 for Aquilia Marcivicci Barnette for [106-1] motion for Discovery before Judge Robert D. set for 9:30 10/21/97 for Aquilia Marcivicci Barnette for [111-1] motion for Discovery of statements and Brady & Giglio material for witnessing at penalty phase of trial before Judge Robert D. Potter, set for 9:30 10/21/97 for Aquilia Marcivicci Barnette for [112-1/118-1] motion for Bill of Particulars with respect to notice of intent to seek the death penalty before Judge Robert D. Potter ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/16/97] |
| | | | |

Case 3:12-cv-00327-MOC     Document 99     Filed 09/23/15     Page 25 of 200
15

| | | | |
|---|---|---|---|
| 10/16/97 | 133 | | ORDER as to Aquilia Marcivicci Barnette denying [104-1] motion for the last argument by defense as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/16/97] |
| 10/16/97 | 134 | | ORDER as to Aquilia Marcivicci Barnette granting [103-1] motion for a court instruction to the jury that life w/o the possibility of release means what is says as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/16/97] |
| 10/16/97 | 135 | | ORDER as to Aquilia Marcivicci Barnette denying [105-1] motion to direct the govt. to refer to life w/o the possibility of release throughout the trial as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/16/97] |
| 10/17/97 | 136 | | RESPONSE by Aquilia Marcivicci Barnette to [121-1] order Re: Voir Dire (jlk) [Entry date 10/20/97] |
| 10/17/97 | 137 | | MOTION by Aquilia Marcivicci Barnette to Extend Time to file pretrial motions referred to: Judge Robert D. Potter (jlk) [Entry date 10/20/97] |
| 10/17/97 | 138 | | MOTION by Aquilia Marcivicci Barnette to Strike [61-1] statutory mental state factors and aggravating factors from Govt's notice of intent to seek death penalty referred to: Judge Robert D. Potter (jlk) [Entry date 10/20/97] |
| 10/17/97 | 139 | | MOTION by Aquilia Marcivicci Barnette to Strike [61-1] non-statutory aggravating factors from notice of intent to seek death penalty by USA referred to: Judge Robert D. Potter (jlk) [Entry date 10/20/97] |
| 10/17/97 | 140 | | ORDER as to Aquilia Marcivicci Barnette granting [94-1] motion to Compel govt. to disclose whether it intends to offer evidence under 803 (24), 804(b)(5) & 404(b) as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/20/97] |
| 10/17/97 | 141 | | ORDER as to Aquilia Marcivicci Barnette denying [93-1] motion in Limine to disclose prior criminal records of all govt. witnesses as to Aquilia Marcivicci Barnette (1), denying [95-1] motion for an order requiring the the govt. to disclose full nature and extent of consideration offered to or sought by the govt. or its agents on behalf of informants or jailhouse "snitches" as to Aquilia Marcivicci Barnette (1), denying [96-1] motion to reveal grant of immunity or other concessions as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/20/97] |
| 10/20/97 | 142 | | ORDER as to Aquilia Marcivicci Barnette, for Hearing on the Deft's Response to the lastest voir dire order; hrg. is set for 10/24/97 at 1:30 p.m. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/20/97] |
| 10/20/97 | 143 | | ORDER as to Aquilia Marcivicci Barnette granting [137-1] motion to Extend Time to file pretrial motions until 11/17/97 at 3:00 p.m. as to Aquilia Marcivicci Barnette (1); Govt. shall have until 11/26/97 at 12:00 |

| | | | |
|---|---|---|---|
| | | | noon to file any response to Deft's motions. ( Signed by Judge Robert D. Potter) (jlk) [Entry date 10/20/97] |
| 10/20/97 | 144 | | ORDER as to Aquilia Marcivicci Barnette, Response to Motion reset to 2:00 10/31/97 for USA for [138-1] motion to Strike [61-1] statutory mental state factors and aggravating factors from Govt's notice of to seek death penalty, reset to 2:00 10/31/97 for USA for [139-1] motion to Strike [61-1] non-statutory aggravating factors from notice of intent to seek death penalty by USA ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/20/97] |
| 10/21/97 | 145 | | ORDER as to Aquilia Marcivicci Barnette, Motion Hearing set for 1:30 10/24/97 for Aquilia Marcivicci Barnette for [98-1] motion to Suppress Court Identification to be made by Benjamin Spencer Greene, aka Benny before Judge Robert D. Potter, set for 1:30 10/24/97 for Aquilia Marcivicci Barnette for [99-1] motion to Suppress prior convictions before Judge Robert D. Potter, set for 1:30 10/24/97 for Aquilia Marcivicci Barnette for [100-1] motion for Early Production of Jencks Material before Judge Robert D. Potter ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/21/97] |
| 10/23/97 | 146 | | Brief and MEMORANDUM by USA as to Aquilia Marcivicci Barnette in support of Voir Dire questioning of prospective jurors. (jlk) [Entry date 10/23/97] |
| 10/23/97 | 147 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [76-1] motion to Preclude the intoduction of victim impact evidence pertaining to the victims family members' characterizations and opinions about the crime, deft., and/or the appropriate sentence, [81-1] motion to Preclude the consideration of the victim impact statements at the penalty phase of this matter (jlk) [Entry date 10/24/97] |
| 10/24/97 | 148 | | MOTION by Aquilia Marcivicci Barnette in Limine referred to: Judge Robert D. Potter (srg) [Entry date 10/24/97] |
| 10/24/97 | -- | | Motion Hearing held as to Aquilia Marcivicci Barnette re: Motions. Court will file Order as to pending Motions. Attys to file proposed Jury procedure issues. Court adjourns at 4:30 p. m. until 10/27/97. Judge: RDP Court Rptr: Christine Taylor/Huseby (srg) [Entry date 10/24/97] |
| 10/27/97 | 149 | | ORDER as to Aquilia Marcivicci Barnette denying as moot [106-1] motion for Discovery as to Aquilia Marcivicci Barnette (1); it is further ordered that the lab analysis, photographs, and other discoverable evidence arising from the fire bombing and murder be made available to defense counsel when received and that the govt. make every effort to obtain that evidence. Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/28/97] |
| 10/27/97 | 150 | | ORDER as to Aquilia Marcivicci Barnette denying [118-1] [112-1] motion for Bill of Particulars with respect to notice of intent to seek the death penalty as to Aquilia Marcivicci Barnette (1) and denying [111-1] motion for Discovery of statements and Brady & Giglio material for |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 27 of 200

**17**

| | | | |
|---|---|---|---|
| | | | witnessing at penalty phase of trial as to Aquilia Marcivicci Barnette ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/28/97] |
| 10/27/97 | 151 | | Proposed Courtroom Orientation and Jury Selection Procedure by USA as to Aquilia Marcivicci Barnette (jlk) [Entry date 10/28/97] |
| 10/28/97 | 152 | | ORDER as to Aquilia Marcivicci Barnette granting [92-1] motion to prohibit govt. from peremptorily excusing jurors on the basis of race as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/28/97] |
| 10/28/97 | 153 | | ORDER as to Aquilia Marcivicci Barnette denying [76-1] motion to Preclude the intoduction of victim impact evidence pertaining to the victims family members' characterizations and opinions about the crime, deft., and/or the appropriate sentence as to Aquilia Marcivicci Barnette (1), denying [77-1] motion to bar the admission of victim impact evidence as fundamentally unfair and violative of due process as to Aquilia Marcivicci Barnette (1), denying [79-1] motion to declare title 18 USC 3593(a)(2) unconstitutional as applied to death penalty sentencing proceedings as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/29/97] |
| 10/28/97 | 154 | | ORDER as to Aquilia Marcivicci Barnette granting [78-1] motion to require a pretrial judicial review of all victim impact evidence the govt. intends to introduce at the capital sentencing proceedings as to Aquilia Marcivicci Barnette (1), granting [81-1] motion to Preclude the consideration of the victim impact statements at the penalty phase of this matter as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/29/97] |
| 10/29/97 | 155 | | ORDER as to Aquilia Marcivicci Barnette denying [99-1] motion to Suppress four prior convictions as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 10/29/97] |
| 10/31/97 | 156 | | OBJECTION and RESPONSE by Aquilia Marcivicci Barnette in opposition to [151-1] proposed jury instructions and jury selection procedure. (sdc) [Entry date 10/31/97] |
| 10/31/97 | 157 | | RENEWAL OF MOTION by Aquilia Marcivicci Barnette for Disclosure of witnesses to be offered by the govt. who may be considered "snitches" or cooperating witnesses referred to: Judge Robert D. Potter (sdc) [Entry date 10/31/97] |
| 10/31/97 | 158 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [138-1] motion to Strike [61-1] statutory mental state factors and aggravating factors from Govt's notice of intent to seek death penalty, [139-1] motion to Strike [61-1] non-statutory aggravating factors from notice of intent to seek death penalty by USA (sdc) [Entry date 10/31/97] |
| 11/05/97 | 159 | | MOTION by USA as to Aquilia Marcivicci Barnette for Pretrial Psychiatric or Psychological Examaninations referred to: Judge Robert D. Potter (jlk) [Entry date 11/05/97] |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/13   Page 28 of 200

**18**

| | | | |
|---|---|---|---|
| 11/05/97 | 160 | | ORDER as to Aquilia Marcivicci Barnette denying [139-1] motion to Strike [61-1] non-statutory aggravating factors from notice of intent to seek death penalty by USA as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/05/97] [Edit date 11/05/97] |
| 11/05/97 | 161 | | ORDER as to Aquilia Marcivicci Barnette granting [159-1] motion for Pretrial Psychiatric or Psychological Examaninations as to Aquilia Marcivicci Barnette (1); the Deft. is hereby committed to the custody of the Atty. General to be placed in a facility for the purposes of exam; the time period for the exam shall be calculatd to begin upon the Deft's arrival at the designated institution; the report of the results of the exam shall be filed w/the Court and copies given to the Defense and the USA. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/05/97] |
| 11/05/97 | 162 | | ORDER as to Aquilia Marcivicci Barnette, Response to Motion reset to 4:00 11/12/97 for USA for [157-1] motion for Disclosure of witnesses to be offered by the govt. who may be considered "snitches" or cooperating witnesses; Govt. must inform the Court first whether the govt. intends to call any informants and/or snitches who could possibly create a conflict, and second whether the govt. agrees that a hrg. is necessary. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/05/97] |
| 11/07/97 | 163 | | RESPONSE by Aquilia Marcivicci Barnette to [159-1] motion for Pretrial Psychiatric or Psychological Examaninations (jlk) [Entry date 11/07/97] |
| 11/07/97 | 164 | | CJA 31 as to Aquilia Marcivicci Barnette Authorization to Pay (Sealed Info.) $ (Sealed Info.) for Expert Services Voucher D026457 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/07/97] |
| 11/10/97 | 165 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: records (jlk) [Entry date 11/10/97] |
| 11/10/97 | 166 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: investigator (jlk) [Entry date 11/10/97] |
| 11/12/97 | 167 | | ORDER as to Aquilia Marcivicci Barnette denying [138-1] motion to Strike [61-1] statutory mental state factors and aggravating factors from Govt's notice of intent to seek death penalty as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/12/97] |
| 11/12/97 | 168 | | ORDER as to Aquilia Marcivicci Barnette, Response to Motion reset to 11/19/97 for USA RE: [148-1] motion in Limine ( Signed by Judge Robert D. ) (jlk) [Entry date 11/12/97] |
| 11/12/97 | 169 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting [165-1] motion EX PARTE MOTION re: records as to Aquilia Marcivicci Barnette (1) (Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/12/97] |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 29 of 200

**19**

| | | | |
|---|---|---|---|
| 11/12/97 | 170 | | RESPONSE by USA as to Aquilia Marcivicci Barnette RE: Order [162-1] & [157-1] motion for Disclosure of witnesses to be offered by the govt. who may be considered "snitches" or cooperating witnesses (jlk) [Entry date 11/12/97] |
| 11/12/97 | 171 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting [166-1] motion EX PARTE MOTION re: investigator as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter (jlk) [Entry date 11/12/97] |
| 11/12/97 | 172 | | ORDER as to Aquilia Marcivicci Barnette denying [163-1] response to motion for pretrial exam. or psychiatric exam. and denying the request to allow counsel to w/d any reference to insanity in the March 26, 1997 Notice; Govt. shall report no later than 11/19/97 the status of the Deft's pysch. exam. and the expected date of his return as to Aquilia Marcivicci Barnette (1), ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/12/97] |
| 11/13/97 | 173 | | ORDER as to Aquilia Marcivicci Barnette denying [157-1] motion for Disclosure of witnesses to be offered by the govt. who may be considered "snitches" or cooperating witnesses as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/13/97] |
| 11/14/97 | 174 | | ORDER as to Aquilia Marcivicci Barnette granting in part, denying in part [151-1] Proposed Instructions of Jury and Courtroom Orientation & Jury Selection Procedure as to Aquilia Marcivicci Barnette (1) granting in part, denying in part [156-1] Objections & opposition response as to Aquilia Marcivicci Barnette (1) (SEE ORDER FOR DETAILS) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/14/97] |
| 11/14/97 | 175 | | Request for reciprocal discovery by USA as to Aquilia Marcivicci Barnette (jlk) [Entry date 11/14/97] |
| 11/14/97 | 176 | | MOTION by USA as to Aquilia Marcivicci Barnette to Compel Production and Discovery of the Defendant's prior psychiatric evaluation referred to: Judge Robert D. Potter (jlk) [Entry date 11/14/97] |
| 11/17/97 | 177 | | ORDER as to Aquilia Marcivicci Barnette, Reply/Objection to Preliminary Jury Instructions deadline is set no later than 11/25/97 at 4:00 p.m. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/17/97] |
| 11/17/97 | 178 | | ORDER as to Aquilia Marcivicci Barnette, set Jury Selection to begin at 9:30 1/5/98; 2:00 1/5/98; 9:30 1/6/98; 2:00 1/6/98; 9:30 1/7/98 & 2:00 1/7/98 for Aquilia Marcivicci Barnette; Clerk shall summon 50 jurors for each session; any Reply/Objections to the Jury Questionnaire shall be not later than 11/26/97 at 4:00 p.m.; final objections to the Jury Questionnaire shall be filed not later than 12/10/97; Clerk shall complete the preparation of the 325 copies of the questionnaire not later than 12/16/97 and have them available for Court personnel on 1/5/98 thru 1/7/98. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/17/97] |

Case 3:12-cv-00327-MOC Document 99 Filed 09/23/19 Page 30 of 200

**20**

| | | | |
|---|---|---|---|
| 11/17/97 | 179 | | CJA 31 as to Aquilia Marcivicci Barnette Authorization to Pay (Sealed info.) $ (Sealed info.) for Expert Services Voucher # d026456 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/17/97] [Edit date 11/17/97] |
| 11/17/97 | 180 | | SEALED MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: expert (jlk) [Entry date 11/17/97] |
| 11/17/97 | 181 | | MOTION by Aquilia Marcivicci Barnette allowing the Deft. to be dressed in civilian clothes during jury selection and the trial referred to: Judge Robert D. Potter (jlk) [Entry date 11/17/97] |
| 11/18/97 | 182 | | RESPONSE by USA to the Court's order [172-1] regarding the status of the defendant's psychiatric examination and expected return of Aquilia Marcivicci Barnette (jlk) [Entry date 11/19/97] |
| 11/18/97 | 183 | | RESPONSE and memorandum of law by USA as to Aquilia Marcivicci Barnette in opposition to [148-1] motion in Limine (jlk) [Entry date 11/19/97] |
| 11/18/97 | 184 | | ORDER as to Aquilia Marcivicci Barnette granting [181-1] motion allowing the Deft. to be dressed in civilian clothes during jury selection and trial as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/19/97] |
| 11/19/97 | 185 | | WRIT of Habeas Corpus ad Prosequendum executed as to Aquilia Marcivicci Barnette on 11/18/97 (jlk) [Entry date 11/20/97] |
| 11/20/97 | 186 | | MOTION by Aquilia Marcivicci Barnette to Amend [172-1] order for psychiatric examination in compliance with U.S. vs. Beckford referred to: Judge Robert D. Potter (jlk) [Entry date 11/20/97] |
| 11/20/97 | 187 | | RESPONSE by Aquilia Marcivicci Barnette to [176-1] motion to Compel Production and Discovery of the Defendant's prior psychiatric evaluation (jlk) [Entry date 11/20/97] |
| 11/21/97 | 188 | | ORDER as to Aquilia Marcivicci Barnette, Motion Hearing set for 9:30 11/26/97 for Aquilia Marcivicci Barnette for [176-1] motion to Compel Production and Discovery of the Defendant's prior psychiatric evaluation before Judge Robert D. Potter, set for 9:30 11/26/97 for Aquilia Marcivicci Barnette for [186-1] motion to Amend [172-1] order for psychiatric examination in compliance with U.S. vs. Beckford before Judge Robert D. Potter; Court notes that the Deft. will not be present for this hrg., therefore, if Defense counsel objects to a hrg. w/o the Deft., the Court will rule on these matters w/o a hrg. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/21/97] |
| 11/21/97 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 10/24/97 Crt Rptr: Christine Taylor (jlk) [Entry date 11/21/97] |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 31 of 200

**21**

| | | | |
|---|---|---|---|
| 11/21/97 | 189 | | CJA 30 as to Aquilia Marcivicci Barnette Authorization to Pay George Laughrun, Il $ (Sealed Info.) Voucher # D021062 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/24/97] |
| 11/24/97 | 190 | | ORDER as to Aquilia Marcivicci Barnette denying [148-1] motion in Limine as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 11/24/97] |
| 11/24/97 | 191 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: case budget (jlk) [Entry date 11/24/97] |
| 11/25/97 | 192 | | MEMORANDUM/Brief by USA as to Aquilia Marcivicci Barnette RE: [188-1] order Motion Hearing set for 9:30 11/26/97 for Aquilia Marcivicci Barnette for [176-1] motion to Compel Production and Discovery of the Defendant's prior psychiatric evaluation before Judge Robert D. Potter, set for 9:30 11/26/97 for Aquilia Marcivicci Barnette for [186-1] motion to Amend [172-1] order for psychiatric examination in compliance with U.S. vs. Beckford before Judge Robert D. Potter (jlk) [Entry date 11/25/97] |
| 11/25/97 | 193 | | RESPONSE by Aquilia Marcivicci Barnette in support of [177-1] order Reply/Objection to Preliminary Jury Instructions (sdc) [Entry date 11/25/97] |
| 11/25/97 | 194 | | RESPONSE by Aquilia Marcivicci Barnette in support of [178-1] order re: jury questionnaire (sdc) [Entry date 11/25/97] |
| 11/26/97 | -- | | Motion Hearing held as to Aquilia Marcivicci Barnette re: [186-1] motion to Amend [172-1] order for psychiatric examination in compliance with U.S. vs. Beckford, [176-1] motion to Compel Production and Discovery of the Defendant's prior psychiatric evaluation. Argument presented to Court by cnsl for both parties. Court will file Order as to pending motions. Judge: R. D. Potter Court Rptr: Scott Huseby (crl) [Entry date 11/26/97] |
| 11/26/97 | 195 | | RESPONSE by USA as to Aquilia Marcivicci Barnette to to cases cited by dft 11/26/97 re: psychiatric examination (bsw) [Entry date 12/01/97] |
| 11/26/97 | 196 | | MEMORANDUM/RESPONSE by USA as to Aquilia Marcivicci Barnette RE: [188-1] order and to Court's inquiry concerning the Defendant's psychiatric examination at FCI Butner. (jlk) [Entry date 12/02/97] |
| 12/02/97 | 197 | | MEMORANDUM/RESPONSE by USA as to Aquilia Marcivicci Barnette's [193-1] response to the Court's preliminary instructions to the jury. (jlk) [Entry date 12/02/97] |
| 12/02/97 | 198 | | MEMORANDUM/RESPONSE by USA as to Aquilia Marcivicci Barnette's [194-1] response to the Court's proposed jury questionnaire. (jlk) [Entry date 12/02/97] |

| | | | |
|---|---|---|---|
| 12/03/97 | 199 | | ORDER as to Aquilia Marcivicci Barnette denying [192-1] memorandum by Aquilia Marcivicci Barnette (1) that the Court deny the Govt's motion for pretrial psychiatric exam.; granting [186-1] motion to Amend [172-1] order for psychiatric examination in compliance with U.S. vs. Beckford as to Aquilia Marcivicci Barnette (1); granting [176-1] motion to Compel Production and Discovery of the Defendant's prior psychiatric evaluation as to Aquilia Marcivicci Barnette; Deft. shall deliver that report UNDER SEAL to the Clerk not later than 12/8/97 at 12:00 noon; Clerk shall immediately forward report UNDER SEAL to Dr. Sally Johnson at FCI Butner by way of Federal Express Mail or any other overnight mail service; granting Govt. request [192-1] for exam. of deft. by another health professional in addition to exam. in Butner. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/03/97] |
| 12/03/97 | 200 | | CJA 30 as to Aquilia Marcivicci Barnette Authorization to Pay Paul Williams $ (sealed info.) Voucher # d021072 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/03/97] [Edit date 12/03/97] |
| 12/04/97 | 201 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: records (jlk) [Entry date 12/04/97] |
| 12/05/97 | 202 | | ORDER as to Aquilia Marcivicci Barnette granting [201-1] motion EX PARTE MOTION re: records as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/05/97] |
| 12/08/97 | 203 | | ORDER as to Aquilia Marcivicci Barnette granting [175-1] Request for reciprocal discovery as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/08/97] |
| 12/08/97 | 204 | | SEALED NOTICE by Aquilia Marcivicci Barnette of the report and documents to be tendered per court order (No. 199) as to Aquilia Marcivicci Barnette. cc: Dr. Sally Johnson. (jlk) [Entry date 12/08/97] |
| 12/08/97 | 205 | | SEALED ORDER as to Aquilia Marcivicci Barnette re: defense experts ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/08/97] |
| 12/08/97 | 206 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting [180-1] motion EX PARTE MOTION re: expert as to Aquilia Marcivicci Barnette (1) (Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/08/97] |
| 12/08/97 | 207 | | Memorandum & ORDER as to Aquilia Marcivicci Barnette re: expert fees ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/08/97] |
| 12/09/97 | 208 | | ORDER as to Aquilia Marcivicci Barnette granting in part, denying in part [194-1] response to Court's Proposed Jury Questionnaire as to Aquilia Marcivicci Barnette (1) (Signed by Judge Robert D. Potter) (SEE ORDER FOR DETAILS) (jlk) [Entry date 12/09/97] |
| 12/09/97 | 209 | | ORDER as to Aquilia Marcivicci Barnette granting in part, denying in part [193-1] Deft's responseto Court's Preliminary Instructions to Jury as |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 33 of 200

| | | | |
|---|---|---|---|
| | | | to Aquilia Marcivicci Barnette (1) & granting in part, denying in part [197-1] Govt's response to the Deft's Response to the Court's preliminary instructions to the Jury as to Aquilia Marcivicci Barnette (1) (Signed by Judge Robert D. Potter) (SEE ORDER FOR DETAILS) (jlk) [Entry date 12/09/97] |
| 12/09/97 | 210 | | CJA 31 as to Aquilia Marcivicci Barnette Authorization to Pay (Sealed info.) $ (Sealed info.) for Expert Services Voucher # d026456 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/09/97] |
| 12/09/97 | 211 | | AMENDED Proposed Courtroom Orientation and Jury Selection Procedure by USA as to Aquilia Marcivicci Barnette (jlk) [Entry date 12/09/97] |
| 12/10/97 | 212 | | NOTICE by Deft. of introduce mental health testimony at the penalty phase as to Aquilia Marcivicci Barnette (jlk) [Entry date 12/11/97] |
| 12/11/97 | 213 | | AMENDED ORDER as to Aquilia Marcivicci Barnette, Partially amending [174-1] order Re: voir dire (SEE ORDER FOR DETAILS) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/11/97] [Edit date 12/11/97] |
| 12/12/97 | 214 | | RESPONSE by Aquilia Marcivicci Barnette to [211-1] govt's amended proposed courtroom orientatation and jury selection procedure. (jlk) [Entry date 12/12/97] |
| 12/12/97 | 215 | | MOTION by Aquilia Marcivicci Barnette for Discovery of govt. experts and qualifications referred to: Judge Robert D. Potter (jlk) [Entry date 12/12/97] |
| 12/12/97 | 216 | | ORDER as to Aquilia Marcivicci Barnette granting [215-1] motion for Discovery of govt. experts and qualifications as to Aquilia Marcivicci Barnette (1); govt. shall comply not later than 12/19/97 at 4:00 p.m. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/12/97] |
| 12/15/97 | 217 | | NOTICE OF INTENT to Use Evidence pursuant to Fed. R. Evid. 807, Residual Exceptions by USA as to Aquilia Marcivicci Barnette (jlk) [Entry date 12/16/97] |
| 12/15/97 | 218 | | MEMORANDUM by USA as to Aquilia Marcivicci Barnette in support of notice of intent to use [217-1] evidence. (jlk) [Entry date 12/16/97] |
| 12/16/97 | 219 | | CJA 21 as to Aquilia Marcivicci Barnette Authorization to Pay (Sealed info.) $ (Sealed info.) for Expert Services Voucher # d026456 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/16/97] |
| 12/16/97 | 220 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: records (jlk) [Entry date 12/16/97] |
| | | | |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 34 of 200

**24**

| | | | |
|---|---|---|---|
| 12/16/97 | 221 | | ORDER as to Aquilia Marcivicci Barnette that the USM transport the Deft. back to this District on 12/19/97 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/16/97] |
| 12/16/97 | 222 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting [220-1] motion EX PARTE MOTION re: records as to Aquilia Marcivicci Barnette (1) (Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/16/97] |
| 12/19/97 | 223 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: subpoenas (jlk) [Entry date 12/19/97] |
| 12/19/97 | 224 | | MOTION by Aquilia Marcivicci Barnette to include all witnesses to be attached to jury questionnaire referred to: Judge Robert D. Potter (jlk) [Entry date 12/19/97] |
| 12/19/97 | 225 | | NOTICE OF INTENT to Use Evidence of other crimes, wrongs or acts pursuant to Rule 404(b) by USA as to Aquilia Marcivicci Barnette (jlk) [Entry date 12/19/97] |
| 12/19/97 | 226 | | MEMORANDUM by USA as to Aquilia Marcivicci Barnette in support of [225-1] notice to use evidence of prior acts of domestic abuse pursuant to rule 404(b) (jlk) [Entry date 12/19/97] |
| 12/19/97 | 227 | | RESPONSE & MEMORANDUM by Aquilia Marcivicci Barnette to [217-1] govt. notice of intent to use evidence pursuant to Fed. R. Evid. 807 residual exceptions. (jlk) [Entry date 12/19/97] |
| 12/19/97 | 228 | | MOTION by USA as to Aquilia Marcivicci Barnette to Compel examination and to Produce reports of expert's examinations, tests, documents and tangible things referred to: Judge Robert D. Potter (jlk) [Entry date 12/19/97] |
| 12/19/97 | 229 | | NOTICE by USA of expert testimony as to Aquilia Marcivicci Barnette (jlk) [Entry date 12/19/97] |
| 12/22/97 | 230 | | ORDER as to Aquilia Marcivicci Barnette granting [223-1] motion EX PARTE MOTION re: subpoenas as to Aquilia Marcivicci Barnette (1), Sealing ( Signed by Judge Robert D. Potter ) (bsw) [Entry date 12/22/97] |
| 12/22/97 | 231 | | ORDER as to Aquilia Marcivicci Barnette denying/overruling [214-1] opposition memorandum as to Gov's amd proposed courtrm orientation and jy selection procedure ( Signed by Judge Robert D. Potter ) (bsw) [Entry date 12/22/97] |
| 12/22/97 | 232 | | ORDER as to Aquilia Marcivicci Barnette granting [224-1] motion to include all witnesses to be attached to jury questionnaire as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (bsw) [Entry date 12/22/97] |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 35 of 200

**25**

| | | | |
|---|---|---|---|
| 12/22/97 | 233 | | ORDER as to Aquilia Marcivicci Barnette, Clerk to Produce to dft's cnsl by 12/29/97 copy of indictmt and list of witnesses to be produced at trial ( Signed by Judge Robert D. Potter ) (bsw) [Entry date 12/22/97] |
| 12/22/97 | 234 | | ORDER as to Aquilia Marcivicci Barnette, Gov to Produce no later than 12/29/97 at 12:00 Noon a list of witnesses and place of abode to clerk ( Signed by Judge Robert D. Potter ) (bsw) [Entry date 12/22/97] |
| 12/22/97 | 235 | | ORDER as to Aquilia Marcivicci Barnette granting [228-1] motion to Compel examination as to Aquilia Marcivicci Barnette (1) - 1) Dft to submit to exam by Drs. Grand and Duncan on 12/29/97 2) results of such exam not be rls to prosecutors 3) Clerk to deliver sealed Reports from FCI Butner and Dr. Tyson to USMS for delivery to Drs. Duncan and Grant and shall be returned to Clerk upon completion of exam 4) Clerk shall maintain all reports under seal unless otherwise ordered by this court ( Signed by Judge Robert D. Potter ) (bsw) [Entry date 12/22/97] |
| 12/22/97 | 236 | | ORDER as to Aquilia Marcivicci Barnette, re: copy of prelim instructions as to venire of jury ( Signed by Judge Robert D. Potter ) (bsw) [Entry date 12/22/97] |
| 12/22/97 | 238 | | MEMORANDUM by Aquilia Marcivicci Barnette and objection to [236-1] order re: copy of prelim instructions as to venire of jury (jlk) [Entry date 12/23/97] |
| 12/22/97 | 239 | | RESPONSE by Aquilia Marcivicci Barnette to [225-1] Notice to use 404 (b) evidence and motion to restrict use of rule 404(b) evidence. (jlk) [Entry date 12/23/97] |
| 12/22/97 | 240 | | MOTION by Aquilia Marcivicci Barnette to Sever Counts 1, 2, 3, 4, 5, 6, 9, 10 & 11 from Counts 7 & 8 referred to: Judge Robert D. Potter (jlk) [Entry date 12/23/97] |
| 12/22/97 | 241 | | RESPONSE by Aquilia Marcivicci Barnette to [228-1] motion to Compel examination and [235-1] court order (jlk) [Entry date 12/23/97] |
| 12/23/97 | 237 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: records (jlk) [Entry date 12/23/97] |
| 12/29/97 | 242 | | Witness list by USA as to Aquilia Marcivicci Barnette (jlk) [Entry date 12/29/97] |
| 12/29/97 | 243 | | Witness list by Aquilia Marcivicci Barnette (jlk) [Entry date 12/29/97] |
| 12/30/97 | 244 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting [237-1] motion EX PARTE MOTION re: records as to Aquilia Marcivicci Barnette (1) (Signed by Judge Robert D. Potter) (jlk) [Entry date 12/30/97] |

| | | | |
|---|---|---|---|
| 12/30/97 | 245 | | MOTION by USA as to Aquilia Marcivicci Barnette to supplement and amend the govt. witness list referred to: Judge Robert D. Potter (jlk) [Entry date 12/30/97] |
| 12/30/97 | 246 | | Amended Witness list by USA as to Aquilia Marcivicci Barnette (jlk) [Entry date 12/30/97] |
| 12/30/97 | 247 | | ORDER as to Aquilia Marcivicci Barnette granting [238-1] Objections to the preliminary instructions to the entire venire by Aquilia Marcivicci Barnette ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/30/97] |
| 12/30/97 | 248 | | ORDER as to Aquilia Marcivicci Barnette granting [245-1] motion to supplement and amend the govt. witness list as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/30/97] |
| 12/30/97 | 249 | | ORDER as to Aquilia Marcivicci Barnette denying [240-1] motion to Sever Counts 1, 2, 3, 4, 5, 6, 9, 10 & 11 from Counts 7 & 8 as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/30/97] |
| 12/30/97 | 250 | | RETURN OF SERVICE Executed by USM as to Aquilia Marcivicci Barnette 11/17/97 served with Order for psych. examination (jlk) [Entry date 12/31/97] |
| 12/31/97 | 251 | | MOTION by Aquilia Marcivicci Barnette to prohibit court from exercising jury excuses w/o presence of the Deft. and his counsel referred to: Judge Robert D. Potter (jlk) [Entry date 12/31/97] |
| 12/31/97 | 252 | | ORDER as to Aquilia Marcivicci Barnette denying [239-1] Deft's opposition and motion to restrict use of Rule 404(b) evidence as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/31/97] |
| 12/31/97 | 253 | | ORDER as to Aquilia Marcivicci Barnette granting [251-1] motion to prohibit court from exercising jury excuses w/o presence of the Deft. and his counsel, however, the Clerk's office may have routinely excused some potential jurors on the grounds of age, disability or illness as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/31/97] |
| 01/05/98 | 254 | | SEALED ORDER as to Aquilia Marcivicci Barnette making attached letter a part of the record ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/05/98] |
| 01/05/98 | 255 | | ORDER as to Aquilia Marcivicci Barnette, that the last sentence on page iv of the preliminary instructions to the entire venire should read "if you do not recommend a punishment of death or life imprisonment without the possibility of release, the Court will then sentence the Deft. to a punishment as provided by law" ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/06/98] |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 37 of 200

27

| 01/05/98 | 256 | | MOTION by Aquilia Marcivicci Barnette to Amend [243-1] witness list by Aquilia Marcivicci Barnette referred to: Judge Robert D. Potter (jlk) [Entry date 01/06/98] |
|---|---|---|---|
| 01/05/98 | 257 | | Deft's tender of Psychiatric Reports (Sealed) received as to Aquilia Marcivicci Barnette (jlk) [Entry date 01/06/98] |
| 01/05/98 | 258 | | Second MOTION by Aquilia Marcivicci Barnette for Giglio Material referred to: Judge Robert D. Potter (jlk) [Entry date 01/06/98] |
| 01/05/98 | 259 | | MOTION by Aquilia Marcivicci Barnette for Reciprocal Discovery referred to: Judge Robert D. Potter (jlk) [Entry date 01/06/98] |
| 01/05/98 | -- | | Letter from a potential juror asking to be excused from jury duty as to Aquilia Marcivicci Barnette (jlk) [Entry date 01/06/98] |
| 01/05/98 | -- | | Jury selection begun as to Aquilia Marcivicci Barnette (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11. Questionnaires were distributed and completed by potential jurors. Jurors ordered to report back week of 1/12/98. Judge: RDP Court Rptr: Scott Huseby (srg) [Entry date 01/09/98] |
| 01/06/98 | 260 | | ORDER as to Aquilia Marcivicci Barnette granting [256-1] motion to Amend [243-1] witness list by Aquilia Marcivicci Barnette as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/06/98] |
| 01/06/98 | 261 | | ORDER as to Aquilia Marcivicci Barnette re: [259-1] motion for Reciprocal Discovery as to Aquilia Marcivicci Barnette (1); Clerk of Court shall forward copies of the Sealed report from FCI Butner together with a copy of this order to Drs. Sultan, Halleck & Cunningham via Federal Express. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/06/98] |
| 01/06/98 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held/continued. Questionnaires distributed and completed by potential jurors. Ordered to report back week of 1/12/98. Judge: RDP Court Reporter: Scott Huseby (srg) [Entry date 01/09/98] [Edit date 01/09/98] |
| 01/07/98 | 262 | | SEALED ORDER as to Aquilia Marcivicci Barnette [11-1] withdrawing EX PARTE MOTION as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/07/98] |
| 01/07/98 | 263 | | ORDER as to Aquilia Marcivicci Barnette; it is ORDERED that the officials at FCI Butner forward under seal copies of the complete file, excluding the Forensic Evaluation to: Seymour Halleck, Dr. Faye Sultan, Dr. Mark Cunningham, William Grant & Scott Duncan; FCI Butner shall forward under seal the copies of the raw test data to: Dr. Faye Sultan, Dr. Mark Cunningham & Dr. Scott Duncan; neither of the above-referenced experts shall disclose any of the information to counsel for Deft. or govt. ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/07/98] |

| | | | |
|---|---|---|---|
| 01/07/98 | 264 | | CJA 31 as to Aquilia Marcivicci Barnette Authorization to Pay (Sealed Info.) $ (Sealed Info.) for Expert Services Voucher # d026454 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/07/98] |
| 01/07/98 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held/continued. Questionnaires distributed and completed by potential jurors. Ordered to report back week of 1/12/98. Judge: RDP Crt Rptr: Scott Huseby (srg) [Entry date 01/09/98] |
| 01/08/98 | 265 | | Notice & ORDER as to Aquilia Marcivicci Barnette stating that the Court intends to ask essentially the questions proposed by the govt. re: Courtroom orientation covering: Individual Voir Dire on Death Penalty; Questions regarding Pretrial Publicity; Questions on Racial Bias; General Questions; both defense and counsel will have not more than 20 minutes to question each juror after the completion of the Court's voir dire ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/08/98] |
| 01/08/98 | 266 | | Notice and ORDER as to Aquilia Marcivicci Barnette of Court's proposed questions to the entire panel ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/08/98] |
| 01/08/98 | 267 | | Forensic Evaluation (Sealed) received as to Aquilia Marcivicci Barnette (jlk) [Entry date 01/08/98] |
| 01/08/98 | 268 | | ORDER as to Aquilia Marcivicci Barnette re: [217-1] allowing and deferring govt. notice of intent to use evidence, residual exceptions (see order for details) as to Aquilia Marcivicci Barnette (1) and denying Deft's opposition set out in paragraphs 1-10 and 12 of the Deft's response to govt. notice [227-1] as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/08/98] |
| 01/09/98 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 11/26/97 Crt Rptr: Scott Huseby (jlk) [Entry date 01/09/98] |
| 01/12/98 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held (srg) [Entry date 01/16/98] |
| 01/13/98 | 269 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: records (jlk) [Entry date 01/13/98] |
| 01/13/98 | 270 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: subpoenas (jlk) [Entry date 01/13/98] |
| 01/13/98 | 271 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting [270-1] motion EX PARTE MOTION re: subpoenas as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/13/98] [Edit date 01/14/98] |
| 01/13/98 | 272 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting [269-1] motion EX PARTE MOTION re: records as to Aquilia Marcivicci |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 39 of 200

| | | | Barnette (1) (Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/13/98] |
|---|---|---|---|
| 01/13/98 | -- | | Jury selection begun as to Terminated motions: Judge: (srg) [Entry date 01/16/98] |
| 01/13/98 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held/continued. Potential jurors voir dired individually for cause. Judge: RDP, Court Rep. Scott Huseby. (srg) [Entry date 01/16/98] held/continued. Potential jurors voir dired for cause. Judge RDP; Court Rep., Scott Huseby. (srg) [Entry date 01/16/98] |
| 01/14/98 | 273 | | Deft's tender of the Capital Sentencing Evaluation (Sealed) received as to Aquilia Marcivicci Barnette (jlk) [Entry date 01/14/98] |
| 01/14/98 | 274 | | PETITION by USA for Writ of Habeas Corpus ad testificandum as to Aquilia Marcivicci Barnette (jlk) [Entry date 01/14/98] |
| 01/14/98 | 275 | | SEALED WRIT of Habeas Corpus ad Testificandum issued for (Sealed info.) for 2/2/98 at 9:00 a.m. in case as to Aquilia Marcivicci Barnette (jlk) [Entry date 01/14/98] |
| 01/14/98 | -- | | TRANSCRIPT of Exam. of Prospective Juror David Singer filed in case as to Aquilia Marcivicci Barnette for dates of 01/13/98 Crt Rptr: Scott Huseby (srg) [Entry date 01/16/98] |
| 01/15/98 | 276 | | WRIT of Habeas Corpus ad Testificandum issued for Randy Tate for 1/20/98 at 9:30 a.m. in case as to Aquilia Marcivicci Barnette (jlk) [Entry date 01/15/98] |
| 01/15/98 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held/continued. Potential jurors voir dired indiv. for cause. Jurors #13 and 24 reported for further questioning. The cause phase was completed and seven remaining jurors were released. Seventy jurors chosen. Sequestation of wits invoked. Court takes a recess until Tues., Jan. 20, 1998 at 9:00 a.m. Judge: RDP, Crt. Rptr: Scott Huseby. (srg) [Entry date 01/16/98] |
| 01/15/98 | -- | | TRANSCRIPT of exam of Prospective Jurors Amanda Edwards and James Helms filed in case as to Aquilia Marcivicci Barnette for dates of 01/12/98 Crt Rptr: Scott Huseby (srg) [Entry date 01/16/98] |
| 01/16/98 | 277 | | ORDER as to Aquilia Marcivicci Barnette that upon completion of the examination of the Deft., Dr. Grant and Dr. Duncan shall prepare a report and deliver it under seal to the Clerk; Clerk shall maintain the report under seal until further order of the Court ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/16/98] |
| 01/20/98 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 01/12/98 Crt Rptr: Scott Huseby (srg) [Entry date 01/20/98] |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/13   Page 40 of 200

**30**

| | | | |
|---|---|---|---|
| 01/20/98 | -- | | TRANSCRIPT of Jury Selection filed in case as to Aquilia Marcivicci Barnette for dates of 01/12/98 Crt Rptr: Scott Huseby (srg) [Entry date 01/20/98] |
| 01/20/98 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held/continued as to peremptory challenges. Twelve Jurors and four alts selected. Questionnaires of interr'd prospective jurors (111) to be SEALED. Govt's motion is allowed as the Allen Family and William Family being allowed to remain in the courtroom during trial testimony. Jurors to report at 9:00 a.m. Court takes a recess at 12:30 p.m. Judge RDP, Ct Rptr. S. Huseby. (srg) [Entry date 01/20/98] |
| 01/21/98 | -- | | Jury impaneled as to Aquilia Marcivicci Barnette (srg) [Entry date 01/22/98] |
| 01/21/98 | -- | | Jury trial as to Aquilia Marcivicci Barnette held/begins. Open statements by Attys of record. The Govt proceeds to offer evidence by calling the following wits for exam.: K. O. Hubbard, J. H. Drewery, Davie L. Deck, Thomas P. Simpson, Expert, Forensic Chemist, Kent McIlhany, B. S. Green, (tape recording offered as Exh 51A & 51B) John Grub, R. S. Kahl, Steve Austin and A. C. Austin. Court takes a recess at 4:00 P. M. for the day. Judge:RDP RDP Court Rptr: S. Huseby (srg) [Entry date 01/22/98] |
| 01/21/98 | 299 | | Exhibit list by USA as to Aquilia Marcivicci Barnette filed in open court. (srg) [Entry date 02/03/98] |
| 01/22/98 | 278 | | SEALED MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: add'l funds (jlk) [Entry date 01/22/98] |
| 01/22/98 | 279 | | MOTION by Aquilia Marcivicci Barnette in Limine re: victim impact evidence referred to: Judge Robert D. Potter (jlk) [Entry date 01/22/98] |
| 01/22/98 | -- | | TRANSCRIPT as JURY SELECTION filed in case as to Aquilia Marcivicci Barnette for dates of 01/13/98 Crt Rptr: Scott Huseby (srg) [Entry date 01/22/98] |
| 01/22/98 | -- | | TRANSCRIPT of PROCEEDINGS filed in case as to Aquilia Marcivicci Barnette for dates of 01/21/98 Crt Rptr: Scott Huseby (srg) [Entry date 01/22/98] |
| 01/22/98 | -- | | Jury trial as to Aquilia Marcivicci Barnette held/continues. The following wits were caled for exam.: M. Burden, M. G. Hubbard, R. Williams, K. Williams, S. Williams, M. A. Etters, L. L. Quinn, T. Hodges, Dan Wilbur, Sarah Aldridge, J. Freshour, E. Thompson, S. M. Hill, D. C. Dean, C. R. Lee, C. R. Sacra, and B. L. Williams. (Two 911 Tapes played, see exhibit lst. Court takes a recess at 3:30 P. M. until 9:30 a. m., 01/23/98. Judge: RDP Court Rptr: S. Huseby (srg) [Entry date 01/22/98] |
| 01/22/98 | -- | | MOTION in open court by Aquilia Marcivicci Barnette for seq of |

| | | | |
|---|---|---|---|
| | | | families, and for Declaration of Mistrial (srg) [Entry date 01/22/98] |
| 01/22/98 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette denying [0-0] oral motion for Declaration of Mistrial as to Aquilia Marcivicci Barnette (1), denying [0-0] oral motion for seq of families as to Aquilia Marcivicci Barnette (1) ( Entered by Judge Robert D. Potter ) (srg) [Entry date 01/22/98] |
| 01/22/98 | 280 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting [278-1] motion EX PARTE MOTION re: add'l funds as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter (jlk) [Entry date 01/22/98] |
| 01/23/98 | 281 | | ORDER as to Aquilia Marcivicci Barnette denying as moot [100-1] motion for Early Production of Jencks Material as to Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter (jlk) [Entry date 01/23/98] |
| 01/23/98 | -- | | TRANSCRIPT of proceedings filed in case as to Aquilia Marcivicci Barnette for dates of 01/22/98 Crt Rptr: Scott Huseby (srg) [Entry date 01/26/98] |
| 01/23/98 | 283 | | Proposed Jury Instructions by Aquilia Marcivicci Barnette as to Aquilia Marcivicci Barnette (srg) [Entry date 01/26/98] |
| 01/23/98 | -- | | Jury trial as to Aquilia Marcivicci Barnette held/continues w/Govt's evidence. The following wits were exam'd: David W. Oxley, M.D., F.C.A.P., EXPERT, Forensic Path., Bob Allen, Elaine Edwards, Tracy L. Strickland, David Nelson, Carole Phillips, J. L. Krall, A. R. Krise, Richard L. Womble, James M. Sanders, Tony Rice, R. A. Holl, L. A. Payne, Charles D. Bryant, Todd J. Nordhoff, EXPERT, Fire Arms, James M. Sullivan, Med. Exam., EXPERT, Forensic Path. The U. S. rests. The Deft. admitted the following exhibits: 1, 3, 4, 5, 6, 7, 8, 10, 11, 12, 16, 18, 23, & 25. The jury was excused and instructed to report Tues., 01/27/98. Deft informed the Court that he had no argument w/Cts 4 thru 9, and moved for dismissal of Cts 1,2,3,10, & 11 pursuant to Rule 924c and 824h. MOTION DENIED. Deft's Motion for Judg. of Acquittal is DENIED. Robert A. Holl is to be kept under subp. Court takes a recess until Tues., 01/27/98 at 9:30 a.m. Judge: RDP Court Rptr: Scott Huseby (srg) [Entry date 01/26/98] |
| 01/23/98 | -- | | MOTION in open court by Aquilia Marcivicci Barnette for Judgment of Acquittal , and to Dismiss for Lack of Jurisdiction Cts. 1,2,3,10, and 11 (srg) [Entry date 01/26/98] |
| 01/23/98 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette denying [0-0] oral motion to Dismiss for Lack of Jurisdiction Cts. 1,2,3,10, and 11 as to Aquilia Marcivicci Barnette (1), denying [0-0] oral motion for Judgment of Acquittal as to Aquilia Marcivicci Barnette (1) ( Entered by Judge Robert D. Potter ) (srg) [Entry date 01/26/98] |
| 01/26/98 | 282 | | Proposed Jury Instructions by USA as to Aquilia Marcivicci Barnette (jlk) [Entry date 01/26/98] |

| | | | |
|---|---|---|---|
| 01/26/98 | -- | | TRANSCRIPT of Proceedings filed in case as to Aquilia Marcivicci Barnette for dates of 01/23/98 Crt Rptr: S. Huseby (srg) [Entry date 01/26/98] |
| 01/27/98 | 284 | | ORDER as to Aquilia Marcivicci Barnette, for issuance of subpoenas ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/27/98] |
| 01/27/98 | 286 | | REQUEST FOR SPECIAL Proposed Jury Instructions (unsigned) by Aquilia Marcivicci Barnette as to Aquilia Marcivicci Barnette (srg) [Entry date 01/29/98] |
| 01/27/98 | -- | | TRANSCRIPT Jury Trial filed in case as to Aquilia Marcivicci Barnette for dates of 01/26/98 Crt Rptr: S. Huseby (srg) [Entry date 01/29/98] |
| 01/27/98 | 287 | | Defendant's Confirmatrion of NOTICE of Intent to introduce Mental Health Testimony at the Penalty Phase by Aquilia Marcivicci Barnette as to Aquilia Marcivicci Barnette (srg) [Entry date 01/29/98] |
| 01/27/98 | 288 | | PROFFER CONCERNING VICTIM IMPACT EVIDENCE by USA as to Aquilia Marcivicci Barnette (srg) [Entry date 01/29/98] |
| 01/27/98 | -- | | Jury trial as to Aquilia Marcivicci Barnette held/continues w/admission of Deft's exhs. Deft RESTS w/o testimony from any wit. FINAL ARGUMENT by Attys Walker and Laughrun. Judge's CHARGE. Jury retires to deliberate at 11:40 a.m. 12:00 til 1:00 LUNCH. Jury resumes deliberation at 1:00 p. m. and returns to open Court w/GUILTY VERDICT of ELEVEN COUNTS at 2:45 p.m. Court takes a recess at 3:15 p. m. until 1/29/98 at 2:00 p. m. Judge: RDP Court Rptr: Scott Huseby (srg) [Entry date 01/29/98] |
| 01/27/98 | 289 | | JURY VERDICT as to Aquilia Marcivicci Barnette Guilty: Aquilia Marcivicci Barnette (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 (srg) [Entry date 01/29/98] |
| 01/28/98 | 285 | | MOTION by Aquilia Marcivicci Barnette for New Trial referred to: Judge Robert D. Potter (jlk) [Entry date 01/28/98] |
| 01/29/98 | 290 | | ORDER as to Aquilia Marcivicci Barnette denying [279-1] motion in Limine re: victim impact evidence as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 01/29/98] |
| 01/29/98 | 291 | | Psychiatric Report (Sealed) received as to Aquilia Marcivicci Barnette (jlk) [Entry date 01/29/98] |
| 01/29/98 | -- | | TRANSCRIPT of JURY TRIAL filed in case as to Aquilia Marcivicci Barnette for dates of 01/14/98 Crt Rptr: S. Huseby (srg) [Entry date 01/29/98] |
| 01/29/98 | -- | | TRANSCRIPT JURY TRIAL filed in case as to Aquilia Marcivicci |

Case 3:12-cv-00327-MOC Document 99 Filed 09/23/15 Page 43 of 200

33

| | | | |
|---|---|---|---|
| | | | Barnette for dates of 01/27/98 Crt Rptr: S. Huseby (srg) [Entry date 01/29/98] |
| 01/29/98 | 292 | | SEALED PETITION by Aquilia Marcivicci Barnette for Writ of Habeas Corpus ad testificandum as to Aquilia Marcivicci Barnette (jlk) [Entry date 01/29/98] |
| 01/29/98 | 293 | | WRIT of Habeas Corpus ad Testificandum issued for (Sealed Info.) for (Sealed info.) in case as to Aquilia Marcivicci Barnette (jlk) [Entry date 01/29/98] |
| 01/29/98 | -- | | Jury trial/SENTENCING PHASE as to Aquilia Marcivicci Barnette held/ begins. Open. statements by Attys of record. Govt recalls Robert Holl for exam. Court takes a recess at 5:00 p. m. until 9:30 a.m. 01/30/98. Judge: RDP Court Rptr: S. Huseby (srg) [Entry date 01/30/98] |
| 01/29/98 | 300 | | Exhibit list by USA as to Aquilia Marcivicci Barnette for SENTENCING PHASE. (srg) [Entry date 02/03/98] |
| 01/30/98 | 294 | | PENALTY PHASE INSTRUCTIONS by Aquilia Marcivicci Barnette (jlk) [Entry date 01/30/98] |
| 01/30/98 | 295 | | PROPOSED Jury instructions as to Aquilia Marcivicci Barnette FOR THE SENTENCING PHASE by the Govt. (srg) [Entry date 01/30/98] |
| 01/30/98 | -- | | TRANSCRIPT of JURY TRIAL filed in case as to Aquilia Marcivicci Barnette for dates of 01/20/98 Crt Rptr: S. Huseby (srg) [Entry date 01/30/98] Marcivicci Barnette for dates of 01/29/98 Crt Rptr: S. Huseby (srg) [Entry date 01/30/98] |
| 01/30/98 | -- | | Jury trial as to Aquilia Marcivicci Barnette held/continues w/Sent. Phase. Govt calls the following wits for exam.: James Yarbrough, Natasha Heard, Crystal Dennis, Rodney Riggs, Alesha Chambers Houston, Jasper Chambers, W. T. Brandon, Debra M. Adamo, Pamela D. Richrdson, Donna Burgess, Casey McCrickard, Bob Allen, Shirley Allen, Dennis Allen, Denis Dean Allen, Sydney Williams recalled, Kenneth Williams, Bertha Williams. Court takes a recess at 5:00 p. m. for the day. Judge: DRP Court Rptr: S. Huseby (srg) [Entry date 02/02/98] |
| 01/30/98 | -- | | MOTION in open court by Aquilia Marcivicci Barnette for Declaration of Mistrial, and for Judgment of Acquittal (srg) [Entry date 02/02/98] |
| 01/30/98 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette denying [0-0] oral motion for Judgment of Acquittal as to Aquilia Marcivicci Barnette (1), denying [0-0] oral motion for Declaration of Mistrial as to Aquilia Marcivicci Barnette (1) ( Entered by Judge Robert D. Potter ) (srg) [Entry date 02/02/98] |
| 02/02/98 | -- | | TRANSCRIPT of Jury Trial filed in case as to Aquilia Marcivicci Barnette for dates of 01/30/98 Crt Rptr: S. Huseby (srg) [Entry date |

Case 3:12-cv-00327-MOC Document 99 Filed 09/23/15 Page 44 of 200

**34**

| | | | |
|---|---|---|---|
| | | | 02/02/98] |
| 02/02/98 | 296 | | SEALED CJA 31 as to Aquilia Marcivicci Barnette Authorization to Pay (Sealed Info.) $ (Sealed Info.) for Expert Services Voucher # d026460 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 02/02/98] |
| 02/02/98 | -- | | Jury trial as to Aquilia Marcivicci Barnette held/continues w/the Sent. Phase. Deft's Motion to strike test of Crytal Dennis and for a mistrialis denied. Exhibits 2,2a,17,21,26,26a,45,46,47a-1,48a-d,49,50,51,52,53a-b, admitted. Deft calls the following wits for exam: John Thomas Barnette, Ayanna Brewer Beasley, E. A. Joye, Jean B. Nduly, Jessie Cooper, Shonda Nero, Tessie Newo, Sheila Cooper, and Mario Barnette. Court takes a recess for the cay at 5:00p.m. Judge: RDP Court Rptr: S. Huseby (srg) [Entry date 02/03/98] |
| 02/02/98 | 298 | | AMENDED Proposed Jury Instructionsa and SPECIAL VERDICT FORMS by USA as to Aquilia Marcivicci Barnette (srg) [Entry date 02/03/98] |
| 02/02/98 | 304 | | Exhibit list by Aquilia Marcivicci Barnette as to Aquilia Marcivicci Barnette (srg) [Entry date 02/05/98] |
| 02/03/98 | 297 | | Deft's REQUEST FOR SUPPLEMENTAL Jury instructions as to Aquilia Marcivicci Barnette (srg) [Entry date 02/03/98] |
| 02/03/98 | -- | | Jury trial as to Aquilia Marcivicci Barnette held/continues w/Deft's evidence. The following wits were exam'd: Investigator Bowling, C. N. Maxwell voir dired out of Jury's presence and Court rules she didnot qualify as Expert. Deft's Exh. #57 was admitted for RECORD ONLY. Court allows admittance of Exh. #56, Tina Davis' affidavit to be read into record. Deft continues to exam Stg. Anthony Belton, Dr. Sally Johnson, Expert, Forensic Psychiatrist, Nadine Wilson, Tony Harrison, Ricky Paylor, Faye E. Sultan, Expert, Domestic Viol., and Dr. Seymore Halleck, Expert, Forensic Psychiatrist. The FORENSIC EVALUATION OF DEFT. placed UNDER SEAL. Judge: DRP Court Rptr: S. Huseby (srg) [Entry date 02/04/98] |
| 02/03/98 | -- | | TRANSCRIPT of Sentencing Phase in Jury Trial filed in case as to Aquilia Marcivicci Barnette for dates of 02/02/98 Crt Rptr: S. Huseby (srg) [Entry date 02/04/98] |
| 02/04/98 | -- | | Jury trial as to Aquilia Marcivicci Barnette held/continues w/Sent. Phase. Deft recalls Cynthia N. Maxwell. Dr. Mark Cunningham, Expert, Forensic Psychologist was examined. Deft's #19, Video was viewed. Court takes a recess at 5:00 p. m. until 9:30 a.m. Judge: RDP Court Rptr: S. Huseby (srg) [Entry date 02/05/98] |
| 02/04/98 | 301 | | MOTION by Aquilia Marcivicci Barnette in Limine RE TESTIMONY OF DR. CUNNINGHAM referred to: Judge Robert D. Potter (srg) [Entry date 02/05/98] |
| | | | |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 45 of 200

35

| | | | |
|---|---|---|---|
| 02/04/98 | 302 | | Proposed Jury instructions re Expert Wit. as to Aquilia Marcivicci Barnette (srg) [Entry date 02/05/98] [Edit date 11/15/01] |
| 02/05/98 | 303 | | MOTION by Aquilia Marcivicci Barnette in Limine referred to: Judge Robert D. Potter (srg) [Entry date 02/05/98] |
| 02/05/98 | -- | | TRANSCRIPT of Jury Trial, Sent. Phase filed in case as to Aquilia Marcivicci Barnette for dates of 02/03/98 Crt Rptr: S. Huseby (srg) [Entry date 02/05/98] |
| 02/05/98 | -- | | TRANSCRIPT of Jury Trial, Sent Phase filed in case as to Aquilia Marcivicci Barnette for dates of 02/04/98 Crt Rptr: S. Huseby (srg) [Entry date 02/05/98] |
| 02/05/98 | -- | | Jury trial as to Aquilia Marcivicci Barnette held Judge: RDP Court Rptr: S. Huseby (srg) [Entry date 02/05/98] |
| 02/05/98 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette denying [303-1] motion in Limine as to Aquilia Marcivicci Barnette (1) ( Entered by Judge Robert D. Potter ) (srg) [Entry date 02/05/98] |
| 02/05/98 | -- | | Jury trial as to Aquilia Marcivicci Barnette held/resumes. Deft RESTS. Govt proceeds w/REBUTTAL EVIDENCE by exam the following: Brian Ard, Shirley D. Williams, Joanne Baldwin, Thad Johnson, Probation Officer, (Court orders that Deft's Atty is allowed to view Deft's State Probation File during.) Dr. Scott A. Duncan, USP, Atlanta, Expert, Forensic Psychologist. The Govt RESTS. Deft's renewed Motions as recorded are DENIED. Jurors were excused for the day at 1:45 p.m. and are to return on Monday, February 9, 1998 at 9:30. Judge: RDP Court Rptr: S. Huseby (srg) [Entry date 02/05/98] |
| 02/06/98 | 305 | | NOTICE of Mitigation Factors by Aquilia Marcivicci Barnette (jlk) [Entry date 02/06/98] |
| 02/06/98 | 306 | | MOTION by Aquilia Marcivicci Barnette for allocution referred to: Judge Robert D. Potter (jlk) [Entry date 02/06/98] |
| 02/09/98 | -- | | TRANSCRIPT of Jury Trial filed in case as to Aquilia Marcivicci Barnette for dates of 02/05/98 Crt Rptr: S. Huseby (srg) [Entry date 02/10/98] |
| 02/09/98 | 307 | | MEMORANDUM by USA as to Aquilia Marcivicci Barnette in opposition to [306-1] motion for allocution (srg) [Entry date 02/10/98] |
| 02/09/98 | 308 | | ORDER as to Aquilia Marcivicci Barnette rel Clerk of responsibility for said exhs. ( Signed by Judge Robert D. Potter ) (srg) [Entry date 02/10/98] |
| 02/09/98 | -- | | Jury trial as to Aquilia Marcivicci Barnette held/resumes w/ FINAL |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 46 of 200

| | | | |
|---|---|---|---|
| | | | ARGUMENTS by Attys. Upon completion of arguments, the Judge's CHARGE was given. Jury retires to deliberate at 3:36 p.m. Jury requested recess at 5:00 p. m. until 02/10/98 at 9:30 a. m. Court adjourns. Judge: RPD Court Rptr: S. Huseby (srg) [Entry date 02/10/98] |
| 02/10/98 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette Court orders that QUESTIONNAIRES 1-111 be placed w/the official file pending appeal. ( Entered by Judge Robert D. Potter ) (srg) [Entry date 02/11/98] |
| 02/10/98 | -- | | Jury trial as to Aquilia Marcivicci Barnette held/resumes w/deliberations. Jury returns to open Court w/VERDICT. DEATH SENTENCE imposed as to each of the following counts: 7,8,& 11. Deft will be sentenced at a later date on counts 1-6, 9 & 10. Deft's atty noticed the court of pending appeal. Court adjourns at 5:30 p.m. Judge: RDP Court Rptr: S. Huseby (srg) [Entry date 02/11/98] |
| 02/10/98 | -- | | Sentencing held Aquilia Marcivicci Barnette (1) count(s) 7, 8, 11 Judge: RDP Crt Rptr: S. Huseby (srg) [Entry date 02/11/98] |
| 02/10/98 | 309 | | SPECIAL JURY VERDICT REGARDING THE PUNISHMENT TO BE IMPOSED UPON THE DFT FOR KILLING OF DONALD LEE ALLEN IN CTS. 7 & 8, AND KILLING OF ROBIN WILLIAMS IN CT. 11 as to Aquilia Marcivicci Barnette (srg) [Entry date 02/11/98] |
| 02/11/98 | -- | | TRANSCRIPT of SENTENCING PHASE filed in case as to Aquilia Marcivicci Barnette for dates of 02/09/98 Crt Rptr: S. Huseby (srg) [Entry date 02/11/98] |
| 02/12/98 | 310 | | MOTION by Aquilia Marcivicci Barnette to Extend Time to file motion for a new trial (jlk) [Entry date 02/12/98] |
| 02/13/98 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 2/10/98 Crt Rptr: Scott Huseby (jlk) [Entry date 02/13/98] for dates of 1/15/98 Crt Rptr: Scott Huseby (jlk) [Entry date 02/13/98] |
| 02/13/98 | -- | | TRANSCRIPT of Proceedings filed in case as to Aquilia Marcivicci Barnette for dates of 01/15/98 Crt Rptr: S. Huseby (srg) [Entry date 02/19/98] |
| 02/17/98 | 311 | | ORDER as to Aquilia Marcivicci Barnette granting [310-1] motion to Extend Time to file motion for a new trial until 3/10/98 as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 02/17/98] |
| 02/18/98 | 312 | | ORDER as to Aquilia Marcivicci Barnette denying as moot [32-1] motion in Limine re: bloody garments as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 02/19/98] |
| 02/18/98 | 313 | | ORDER as to Aquilia Marcivicci Barnette denying [306-1] motion for allocution as to Aquilia Marcivicci Barnette (1) ( Signed by Judge |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 47 of 200

**37**

| | | | |
|---|---|---|---|
| | | | Robert D. Potter ) (jlk) [Entry date 02/19/98] |
| 02/18/98 | 314 | | ORDER as to Aquilia Marcivicci Barnette granting [301-1] motion in Limine RE TESTIMONY OF DR. CUNNINGHAM as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 02/19/98] |
| 02/18/98 | 315 | | ORDER as to Aquilia Marcivicci Barnette denying [41-1] motion to limit prosecutors rebuttal evidence as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 02/19/98] |
| 02/18/98 | 316 | | ORDER as to Aquilia Marcivicci Barnette denying as moot [98-1] motion to Suppress Court Identification to be made by Benjamin Spencer Greene, aka Benny as to Aquilia Marcivicci Barnette (1) (Signed by Judge Robert D. Potter ) (jlk) [Entry date 02/19/98] |
| 02/18/98 | 317 | | ORDER as to Aquilia Marcivicci Barnette denying as moot [258-1] motion for Giglio Material as to Aquilia Marcivicci (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 02/19/98] |
| 02/18/98 | 318 | | ORDER as to Aquilia Marcivicci Barnette denying [285-1] motion for New Trial as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 02/19/98] |
| 02/18/98 | 319 | | ORDER as to Aquilia Marcivicci Barnette granting in part, denying in part [31-1] motion to Suppress photographs as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 02/19/98] |
| 02/18/98 | 320 | | SEALED ORDER as to Aquilia Marcivicci Barnette denying as moot [15-1] motion EX PARTE MOTION as to Aquilia Marcivicci Barnette ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 02/19/98] |
| 02/18/98 | 321 | | ORDER as to Aquilia Marcivicci Barnette granting in part, denying in part [29-1] motion in Limine re: photographs of victims following death or autopsy as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 02/19/98] |
| 02/19/98 | 322 | | MOTION by Aquilia Marcivicci Barnette for George Laughrun, II & Paul Williams to Withdraw as Counsel for Defendant referred to: Judge Robert D. Potter (jlk) [Entry date 02/19/98] |
| 02/20/98 | -- | | Sentencing held Aquilia Marcivicci Barnette (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 Judge: RDP Crt Rptr: S. Huseby (srg) [Entry date 02/20/98] |
| 02/20/98 | 323 | | JUDGMENT Aquilia Marcivicci Barnette (1) count(s) 6: Life imprisonment, $100.00 assessment; Aquilia Marcivicci Barnette (1) count(s) 10: Life imprisonment to be served concurrently with Ct. 6; $100.00 assessment; Aquilia Marcivicci Barnette (1) count(s) 1: 240 |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 48 of 200

**38**

| | | | |
|---|---|---|---|
| | | | mos. imprisonment to be served concurrently with Ct. 6; $100.00 assessment; if the Deft. is released from prison, the Deft. shall serve 5 years Supervised Release; Aquilia Marcivicci Barnette (1) count(s) 4, 5 & 9: 120 months each Ct. to run concurrently with each other and w/Ct. 1; $100.00 assessment each Ct.; Aquilia Marcivicci Barnette (1) count(s) 2: 360 mos. imprisonment to consecutively to all other Cts.; $100 assessment; Aquilia Marcivicci Barnette (1) count(s) 3: 180 mos. imprisonment to run consecutively with all other Cts.; $100.00 assessment, resulting in a TOTAL SENTENCE OF LIFE IMPRISONMENT, PLUS 540 MONTHS CONSECUTIVE; Aquilia Marcivicci Barnette (1) count(s) 7, 8 & 11: Sentenced to death ( Signed by Judge Robert D. Potter ) ( Crim Judge Vol: 63 Page: 116) (jlk) [Entry date 02/20/98] [Edit date 02/20/98] |
| 02/20/98 | 324 | | NOTICE OF APPEAL by Aquilia Marcivicci Barnette (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 cc: Counsel, USM and USPO (jlk) [Entry date 02/20/98] |
| 02/20/98 | -- | | Notice of appeal and certified copy of docket as to Aquilia Marcivicci Barnette to USCA: [324-1] appeal (jlk) [Entry date 02/20/98] |
| 02/25/98 | 325 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: add'l funds (jlk) [Entry date 03/02/98] |
| 03/02/98 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 2/20/98 Crt Rptr: Scott Huseby (jlk) [Entry date 03/02/98] |
| 03/05/98 | 326 | | ORDER as to Aquilia Marcivicci Barnette granting [322-1] motion for George Laughrun, II & Paul Williams to Withdraw as Counsel for Defendant (Terminated attorney Paul J. Williams for Aquilia Marcivicci Barnette, attorney George V. Laughrun for Aquilia Marcivicci Barnette as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 03/05/98] |
| 03/05/98 | -- | | Updated transmittal re: Order to w/d counsel for defendant and certified copy of docket as to Aquilia Marcivicci Barnette to USCA: [324-1] appeal (jlk) [Entry date 03/05/98] |
| 03/09/98 | 327 | | WRIT of Habeas Corpus ad Testificandum executed for Tony Hampton on 2/4/98 in case as to Aquilia Marcivicci Barnette (jlk) [Entry date 03/09/98] |
| 03/09/98 | 328 | | WRIT of Habeas Corpus ad Testificandum executed for Tony Hampton on 3/5/98 in case as to Aquilia Marcivicci Barnette (jlk) [Entry date 03/09/98] |
| 03/09/98 | -- | | USCA Case Number as to Aquilia Marcivicci Barnette Re: [324-1] appeal USCA Number: 98-5 Case Mgr: Elizabeth A. Barth (jlk) [Entry date 03/09/98] |
| 03/10/98 | 329 | | MOTION by Aquilia Marcivicci Barnette for a new sentencing hearing |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 49 of 200

| | | | |
|---|---|---|---|
| | | | referred to: Judge Robert D. Potter (jlk) [Entry date 03/10/98] |
| 03/10/98 | 330 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: add'l funds (jlk) [Entry date 03/10/98] |
| 03/10/98 | 331 | | MOTION by Aquilia Marcivicci Barnette EX PARTE MOTION re: add'l funds (jlk) [Entry date 03/10/98] |
| 03/13/98 | 332 | | CJA 31 as to Aquilia Marcivicci Barnette Authorization to Pay (Sealed Info.) $ (Sealed Info.) for Expert Services Voucher # d026457 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 03/13/98] |
| 03/13/98 | 333 | | CJA 20 as to Aquilia Marcivicci Barnette Authorization to Pay George Laughrun $ (Sealed Info.) Voucher # d021062 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 03/13/98] |
| 03/13/98 | 334 | | CJA 30 as to Aquilia Marcivicci Barnette Authorization to Pay Paul Williams $ (Sealed info.) Voucher # d021072 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 03/13/98] |
| 03/16/98 | 335 | | WRIT of Habeas Corpus ad Testificandum returned unexecuted for Randy Tate in case as to Aquilia Marcivicci Barnette (jlk) [Entry date 03/16/98] |
| 03/19/98 | 336 | | RESPONSE by USA as to Aquilia Marcivicci Barnette re [329-1] motion for a new sentencing hearing (chh) [Entry date 03/20/98] |
| 03/20/98 | 337 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting in part, denying in part [330-1] motion EX PARTE MOTION re: add'l funds as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (chh) [Entry date 03/23/98] |
| 03/20/98 | 338 | | SEALED ORDER as to Aquilia Marcivicci Barnette granting in part, denying in part [331-1] motion EX PARTE MOTION re: add'l funds as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (chh) [Entry date 03/23/98] |
| 03/31/98 | 339 | | SEALED CJA 31 as to Aquilia Marcivicci Barnette Authorization to Pay (sealed info.) $ (sealed info.) for Expert Services Voucher # d026456 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 04/01/98] [Edit date 04/01/98] |
| 03/31/98 | 340 | | SEALED CJA 31 as to Aquilia Marcivicci Barnette Authorization to Pay (sealed info.) $ (sealed info.) for Expert Services Voucher # d026455 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 04/01/98] [Edit date 04/01/98] |
| 03/31/98 | 341 | | Sealed CJA 31 as to Aquilia Marcivicci Barnette Authorization to Pay (sealed info.) $ (sealed info.) for Expert Services Voucher # d026460 |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 50 of 200

**40**

| | | | |
|---|---|---|---|
| | | | ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 04/01/98] [Edit date 04/01/98] |
| 03/31/98 | 342 | | SEALED CJA 31 as to Aquilia Marcivicci Barnette Authorization to Pay (sealed info.) $ (sealed info.) for Expert Services Voucher # d026454 ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 04/01/98] |
| 04/01/98 | 343 | | ORDER as to Aquilia Marcivicci Barnette denying [329-1] motion for a new sentencing hearing as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 04/01/98] |
| 04/01/98 | -- | | Updated transmittal re: Order filed 4/1/98 and certified copy of docket as to Aquilia Marcivicci Barnette to USCA: [324-1] appeal (jlk) [Entry date 04/01/98] |
| 04/13/98 | 344 | | SUUPLEMENTAL NOTICE OF APPEAL by the Deft. cc: Counsel, USM and USPO (jlk) [Entry date 04/14/98] |
| 04/13/98 | -- | | Notice of supplemental appeal and certified copy of docket as to Aquilia Marcivicci Barnette to USCA: [344-1] appeal (jlk) [Entry date 04/14/98] |
| 04/14/98 | 345 | | NOTICE OF APPEAL by Aquilia Marcivicci Barnette re [343-1] order denying motion for a new sentencing hearing. (jlk) [Entry date 04/14/98] |
| 04/14/98 | -- | | Notice of appeal and certified copy of docket as to Aquilia Marcivicci Barnette to USCA: [345-1] appeal (jlk) [Entry date 04/14/98] |
| 04/16/98 | 346 | | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Aquilia Marcivicci Barnette (jlk) [Entry date 04/16/98] |
| 04/23/98 | -- | | USCA Case Number as to Aquilia Marcivicci Barnette Re: [344-1] appeal USCA Number: 98-11, to be consolidated w/98-5(L) Case Mgr: Elizabeth Barth (jlk) [Entry date 04/23/98] |
| 04/23/98 | -- | | USCA Case Number as to Aquilia Marcivicci Barnette Re: [345-1] appeal USCA Number: 98-11, to be consolidated w/98-5(L) Case Mgr: Elizabeth Barth (jlk) [Entry date 04/23/98] |
| 04/23/98 | 347 | | NOTICE of Order from the FCCA appointing James P. Cooney as CJA co-counsel as to Aquilia Marcivicci Barnette (jlk) [Entry date 04/23/98] [Edit date 04/23/98] |
| 04/23/98 | 348 | | NOTICE of Order from the FCCA replacing James P. Cooney, III in place of Paul Williams as lead counsel for appellant of appeal as to Aquilia Marcivicci Barnette (jlk) [Entry date 04/23/98] |
| 04/23/98 | 349 | | NOTICE of Order from the FCCA consolidating appeals for purposes of briefing and oral argument as to Aquilia Marcivicci Barnette (jlk) [Entry |

Case 3:12-cv-00327-MOC Document 99 Filed 09/23/15 Page 51 of 200

41

| | | | |
|---|---|---|---|
| | | | date 04/23/98] |
| 04/23/98 | -- | | Certification of Readiness as to Aquilia Marcivicci Barnette Re: [345-1] appeal, [344-1] appeal, [324-1] appeal sent to USCA (jlk) [Entry date 04/23/98] |
| 05/11/98 | 350 | | by USA as to Aquilia Marcivicci Barnette. Letter regarding exhibits: 61A. 61B. 63B, 63C, & 63F being photographed and ret'd to victims' families. All other exhibits retained by Bureau of Alcohol, Tobacco & Firearms in Charlotte in their evidence vault. (srg) [Entry date 05/11/98] |
| 12/18/98 | 351 | | MOTION by Aquilia Marcivicci Barnette to release sealed material referred to: Judge Robert D. Potter (jlk) [Entry date 12/18/98] |
| 12/18/98 | 352 | | ORDER as to Aquilia Marcivicci Barnette granting [351-1] motion to release sealed materials/prospective juror questionaires as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/18/98] |
| 12/21/98 | 353 | | MOTION by Aquilia Marcivicci Barnette to release sealed materials of certainn prospective jurors referred to: Judge Robert D. Potter (jlk) [Entry date 12/21/98] |
| 12/21/98 | 354 | | ORDER as to Aquilia Marcivicci Barnette granting [353-1] motion to release sealed materials of certain prospective jurors as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Robert D. Potter ) (jlk) [Entry date 12/21/98] |
| 12/30/98 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of February 6, 1998 Crt Rptr: Scott A. Huseby (chh) [Entry date 12/30/98] |
| 08/11/99 | -- | | Certified and transmitted record on appeal to U.S. Court of Appeals in 42 volumes as to Aquilia Marcivicci Barnette : [345-1] appeal, [344-1] appeal, [324-1] appeal (jlk) [Entry date 08/11/99] |
| 05/04/00 | 355 | View 30 pgs $ 2.10 | Published Opinion from Fourth Circuit Court of Appeals. Affirmed in part, vacated in part and remanded. (clc) [Entry date 05/09/00] |
| 05/16/00 | -- | | NOTICE of FCCA as to Aquilia Marcivicci Barnette that the time for filing a pet for rehearing has been extended (clc) [Entry date 05/17/00] |
| 06/19/00 | -- | | 4th Circuit's NOTICE of filing of ptn for rehrg as to Aquilia Marcivicci Barnette (bsw) [Entry date 06/20/00] |
| 07/06/00 | 356 | View 1 pg $ 0.07 | JUDGMENT OF USCA (certified copy) as to Aquilia Marcivicci Barnette Re: [345-1] appeal, [344-1] appeal, [324-1] appeal remanding for resentencing Aquilia Marcivicci Barnette (1) count(s) 7, 8, & 11 |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 52 of 200

**42**

| | | | |
|---|---|---|---|
| | | | (bsw) [Entry date 07/11/00] [Edit date 08/14/02] |
| 07/18/00 | 357 | View 3 pgs $ 0.21 | MOTION by USA as to Aquilia Marcivicci Barnette for a status conference referred to: Judge Robert D. Potter (jlk) [Entry date 07/18/00] |
| 10/17/00 | -- | | CASE reassigned to Judge Richard L. Voorhees (clc) [Entry date 10/26/00] |
| 10/17/00 | 358 | View 4 pgs $ 0.28 | ORDER as to Aquilia Marcivicci Barnette, reassigning case to RLV ( Signed by Judge Robert D. Potter ) (clc) [Entry date 10/26/00] |
| 10/17/00 | -- | | Motion(s) no longer referred as to Aquilia Marcivicci Barnette : [357-1] motion for a status conference as to Aquilia Marcivicci Barnette (1) (clc) [Entry date 12/29/00] |
| 01/09/01 | -- | | Motion(s) no longer referred as to Aquilia Marcivicci Barnette : [357-1] motion for a status conference as to Aquilia Marcivicci Barnette (1) - reassigned to RLV (bsw) [Entry date 01/09/01] |
| 01/11/01 | 359 | View 3 pgs $ 0.21 | MOTION by USA as to Aquilia Marcivicci Barnette for status conference and inquiry as to status of cnsl referred to: Judge Richard L. Voorhees (clc) [Entry date 01/12/01] |
| 01/26/01 | -- | | Deadline updated as to Aquilia Marcivicci Barnette, set Calendar Call for 2:30 2/13/01 for Aquilia Marcivicci Barnette before Judge Richard L. Voorhees (ssh) [Entry date 01/26/01] [Edit date 01/26/01] |
| 02/02/01 | 360 | View 3 pgs $ 0.21 | ORDER as to Aquilia Marcivicci Barnette, for deft to be brought to Charlotte, NC no later than Feb. 13, 2001 for resentencing ( Signed by Judge Richard L. Voorhees ) (sdc) [Entry date 02/02/01] |
| 02/12/01 | -- | | Record on Appeal as to Aquilia Marcivicci Barnette returned from U.S. Court of Appeals: [344-1] appeal, [324-1] appeal (clc) [Entry date 02/12/01] |
| 02/13/01 | -- | | Miscellaneous Hearing as to Aquilia Marcivicci Barnette held to determine status of counsel. Deft is still indigent. (ssh) [Entry date 02/16/01] |
| 02/13/01 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette , Appointing Counsel Claire Rauscher and Jean Lawson ( Entered by Judge Richard L. Voorhees ) (ssh) [Entry date 02/16/01] |
| 02/13/01 | 361 | View 1 pg $ 0.07 | CJA 30 as to Aquilia Marcivicci Barnette : Appointment of Attorney Jean B. Lawson. Voucher # (ssh) [Entry date 02/16/01] |
| 02/13/01 | 362 | View | CJA 30 as to Aquilia Marcivicci Barnette : Appointment of Attorney |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 53 of 200

**43**

| | | 1 pg<br>$ 0.07 | Claire J. Rauscher Voucher # (ssh) [Entry date 02/16/01] |
|---|---|---|---|
| 07/30/01 | 363 | View<br>3 pgs<br>$ 0.21 | MOTION by USA as to Aquilia Marcivicci Barnette for Pre-emptory Setting and Reaffirmation of Intention to Seek the Death Penalty referred to: Judge Richard L. Voorhees (sel) [Entry date 08/01/01] |
| 08/28/01 | 364 | View<br>1 pg<br>$ 0.07 | SEALED NOTICE of ex parte Statement of Defense Contentions by Aquilia Marcivicci Barnette (sel) [Entry date 08/29/01] |
| 08/28/01 | 364 | View<br>1 pg<br>$ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 08/29/01] |
| 08/28/01 | 365 | View<br>1 pg<br>$ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 08/29/01] |
| 08/28/01 | 366 | View<br>1 pg<br>$ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 08/29/01] |
| 08/31/01 | 367 | View<br>2 pgs<br>$ 0.14 | ORDER as to Aquilia Marcivicci Barnette, Reset Sentencing for 3/19/02 for Aquilia Marcivicci Barnette before Judge Richard L. Voorhees ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 08/31/01] |
| 10/10/01 | 368 | View<br>1 pg<br>$ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sdc) [Entry date 10/10/01] |
| 10/10/01 | 369 | View<br>1 pg<br>$ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sdc) [Entry date 10/10/01] |
| 10/31/01 | 370 | View<br>4 pgs<br>$ 0.28 | MOTION by Aquilia Marcivicci Barnette to Continue from March 2002 Sent Term referred to: Judge Richard L. Voorhees (sel) [Entry date 10/31/01] |
| 11/02/01 | 371 | View<br>4 pgs<br>$ 0.28 | RESPONSE by USA as to Aquilia Marcivicci Barnette in opposition to [370-1] motion to Continue from March 2002 Sent Term (sel) [Entry date 11/02/01] |
| 11/06/01 | 372 | View<br>2 pgs<br>$ 0.14 | ORDER as to Aquilia Marcivicci Barnette granting [370-1] motion to Continue from March 2002 Sent Term as to Aquilia Marcivicci Barnette (1), Reset Sentencing for before Judge Richard L. Voorhees ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 11/06/01] |
| 11/15/01 | 373 | View<br>1 pg<br>$ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sdc) [Entry date 11/15/01] |
| | | | |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 54 of 200

**44**

| 11/15/01 | 375 | View 5 pgs $ 0.35 | MOTION by Aquilia Marcivicci Barnette for Reconsideration of [372-1] order Reset Sentencing for before Judge Richard L. Voorhees, for Hearing/Scheduling Conference referred to: Judge Richard L. Voorhees (sdc) [Entry date 11/15/01] |
|---|---|---|---|
| 11/20/01 | 376 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 11/20/01] |
| 11/20/01 | 377 | View 2 pgs $ 0.14 | ORDER as to Aquilia Marcivicci Barnette denying [375-1] motion for Reconsideration of [372-1] order Reset Sentencing for before Judge Richard L. Voorhees as to Aquilia Marcivicci Barnette (1), granting [375-2] motion for Hearing/Scheduling Conference as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 11/20/01] |
| 11/20/01 | 383 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 12/12/01] |
| 11/28/01 | 378 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 11/29/01] [Entry date 11/29/01] |
| 11/29/01 | 381 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 11/29/01] |
| 11/29/01 | 380 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 11/29/01] |
| 11/29/01 | -- | | Miscellaneous Hearing as to Aquilia Marcivicci Barnette held. Atty Rauscher states conflicts. Court removes attorney Rauscher and orders new cnsl be appointed. (ssh) [Entry date 11/29/01] |
| 11/29/01 | -- | | MOTION in open court by Aquilia Marcivicci Barnette for Claire Rauscher to Withdraw as Attorney (ssh) [Entry date 11/29/01] |
| 11/29/01 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette granting [0-0] oral motion for Claire Rauscher to Withdraw as Attorney (Terminated attorney Claire J. Rauscher for Aquilia Marcivicci Barnette as to Aquilia Marcivicci Barnette (1), Appointing Counsel ( Entered by Judge Richard L. Voorhees ) Court will advise of new cnsl. (ssh) [Entry date 11/29/01] |
| 12/07/01 | 382 | View 2 pgs $ 0.14 | ORDER as to Aquilia Marcivicci Barnette, Status Conference set for 12/10/01 @1:30 PM ( Signed by Judge Richard L. Voorhees ) (bsw) [Entry date 01/04/02] |
| 01/08/02 | 384 | View 2 pgs $ 0.14 | ORDER as to Aquilia Marcivicci Barnette, Continuing, Reset Sentencing for 7/22/02 for Aquilia Marcivicci Barnette before Judge Richard L. Voorhees ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 55 of 200

| | | | 01/08/02] |
|---|---|---|---|
| 01/14/02 | 385 | View 2 pgs $ 0.14 | ORDER as to Aquilia Marcivicci Barnette, Appointing Counsel, Harold Bender ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 01/14/02] |
| 01/14/02 | 386 | View 1 pg $ 0.07 | CJA 30 as to Aquilia Marcivicci Barnette : Appointment of Attorney Harold Bender (tob) [Entry date 01/16/02] |
| 01/24/02 | 387 | View 3 pgs $ 0.21 | ORDER as to Aquilia Marcivicci Barnette, Reset Sentencing for before Judge Richard L. Voorhees ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 01/30/02] |
| 01/24/02 | 389 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 01/30/02] |
| 01/24/02 | 391 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 01/30/02] |
| 01/24/02 | 392 | View 4 pgs $ 0.28 | ORDER/MEMORANDUM as to Aquilia Marcivicci Barnette, to all counsel appointed under the cja in the case of US v. Barnette ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 01/30/02] |
| 01/24/02 | 393 | View 4 pgs $ 0.28 | ORDER/MEMORANDUM as to Aquilia Marcivicci Barnette, to all persons providing services in the case purs to subsection (e) of the CJA, 18 USC Section 3006A, and 21 USC Sections 848(q))9) and (q)(10)(B) in this case. ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 01/30/02] |
| 01/24/02 | 394 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 01/30/02] |
| 01/24/02 | 395 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 01/30/02] |
| 01/24/02 | 396 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 01/30/02] |
| 01/24/02 | 398 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 01/30/02] |
| 01/30/02 | 388 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 01/30/02] |
| | | | |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 56 of 200

**46**

| 01/30/02 | 390 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 01/30/02] |
| 01/30/02 | 397 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 01/30/02] |
| 01/30/02 | 406 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 02/14/02] |
| 02/06/02 | 399 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 02/07/02] |
| 02/11/02 | 400 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 02/11/02] |
| 02/11/02 | 401 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 02/11/02] |
| 02/11/02 | 402 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 02/11/02] |
| 02/11/02 | 403 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 02/11/02] |
| 02/13/02 | 404 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 02/14/02] |
| 02/13/02 | 405 | View 1 pg $ 0.07 | MEMORANDUM by Aquilia Marcivicci Barnette in support of [405-1] motion EX PARTE MOTION (sel) [Entry date 02/14/02] |
| 02/13/02 | 405 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 02/14/02] |
| 02/13/02 | 408 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (Deft's Budget Projection for Attorney Fees and Related Costs) (sel) [Entry date 02/14/02] |
| 02/15/02 | 409 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 02/19/02] |
| 02/15/02 | 410 | View 1 pg | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 02/19/02] |

Case 3:12-cv-00327-MOC Document 99 Filed 09/23/15 Page 57 of 200

**47**

| | | | |
|---|---|---|---|
| | | $ 0.07 | |
| 02/22/02 | 411 | View 1 pg $ 0.07 | SEALED cja DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 02/22/02] |
| 02/22/02 | 412 | View 1 pg $ 0.07 | SEALED cja DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 02/22/02] |
| 02/26/02 | 413 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 02/26/02] |
| 02/26/02 | 415 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 02/26/02] |
| 02/26/02 | 417 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 02/27/02] |
| 02/26/02 | 418 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 02/27/02] |
| 02/26/02 | 419 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 02/27/02] |
| 02/28/02 | 421 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 02/28/02] |
| 03/07/02 | 422 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 03/08/02] |
| 03/20/02 | 423 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 03/20/02] |
| 03/20/02 | 425 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 03/20/02] |
| 03/20/02 | -- | | SEALED TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of February 26, 2002 Crt Rptr: Cheryl A. Nuccio (sel) [Entry date 03/20/02] |
| 03/29/02 | 427 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 03/29/02] |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 58 of 200
**48**

| 03/29/02 | 428 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 03/29/02] |
| 04/04/02 | 429 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 04/04/02] |
| 04/15/02 | 431 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 04/15/02] |
| 04/15/02 | 432 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 04/16/02] |
| 04/16/02 | -- | | Miscellaneous Hearing as to Aquilia Marcivicci Barnette set 11:00 4/24/02 for Aquilia Marcivicci Barnette (ssh) [Entry date 04/16/02] |
| 04/19/02 | 433 | View 39 pgs $ 2.73 | Proposed Jury Instructions by Aquilia Marcivicci Barnette as to Aquilia Marcivicci Barnette (sel) [Entry date 04/22/02] |
| 04/19/02 | 435 | View 2 pgs $ 0.14 | ORDER as to Aquilia Marcivicci Barnette, Motion Hearing set for 1:00 6/25/02 for Aquilia Marcivicci Barnette for [434-1] motion EX PARTE MOTION before Judge Richard L. Voorhees, set for 1:00 6/25/02 for Aquilia Marcivicci Barnette for [405-1] motion EX PARTE MOTION before Judge Richard L. Voorhees ( Signed by Judge Richard L. Voorhees ) (clc) [Entry date 04/22/02] |
| 04/19/02 | 436 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (clc) [Entry date 04/22/02] |
| 04/22/02 | 438 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 04/23/02] |
| 04/22/02 | 439 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 04/23/02] |
| 04/22/02 | 440 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 04/23/02] |
| 04/24/02 | 441 | View 28 pgs $ 1.96 | AMENDED Proposed Jury Instructions by Aquilia Marcivicci Barnette (sel) [Entry date 04/24/02] |
| 04/24/02 | -- | | Status Conference as to Aquilia Marcivicci Barnette held Judge: Voorhees Court Rptr: Nuccio (ssh) [Entry date 04/26/02] |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 59 of 200

**49**

| 04/25/02 | 443 | View 9 pgs $ 0.63 | RESPONSE by USA as to Aquilia Marcivicci Barnette in opposition to [441-1] instructions jury (sel) [Entry date 04/26/02] |
| 04/25/02 | 444 | View 23 pgs $ 1.61 | MOTION by USA as to Aquilia Marcivicci Barnette to adopt/approve courtroom orinetation and jury selection procedure referred to: Judge Richard L. Voorhees (sel) [Entry date 04/26/02] |
| 04/29/02 | 445 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 04/29/02] |
| 04/29/02 | 446 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 04/29/02] |
| 04/29/02 | 447 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 04/29/02] |
| 05/01/02 | 448 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 05/01/02] |
| 05/02/02 | 449 | View 6 pgs $ 0.42 | MOTION by USA as to Aquilia Marcivicci Barnette for proper service of pleadings referred to: Judge Richard L. Voorhees (sel) [Entry date 05/02/02] |
| 05/02/02 | 450 | View 42 pgs $ 2.94 | REPLY by Aquilia Marcivicci Barnette to response to USA's Response to Deft's Proposed Jury Questionnaire (sel) [Entry date 05/02/02] |
| 05/02/02 | -- | | Motion Hearing held as to Aquilia Marcivicci Barnette re: [449-1] motion for proper service of pleadings. Court rules moot Judge: Voorhees Court Rptr: Nuccio Court also discusses jury procedure. (ssh) [Entry date 05/06/02] |
| 05/03/02 | 451 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 05/03/02] |
| 05/03/02 | 452 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 05/03/02] |
| 05/03/02 | 453 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 05/07/02] |
| 05/03/02 | 454 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 05/07/02] |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 60 of 200

50

| 05/03/02 | 455 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 05/07/02] |
|---|---|---|---|
| 05/03/02 | 456 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 05/07/02] |
| 05/03/02 | 457 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 05/07/02] |
| 05/07/02 | 458 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 05/07/02] |
| 05/13/02 | 462 | View 3 pgs $ 0.21 | MOTION by Aquilia Marcivicci Barnette that all requests by potential jurors to be excused be heard in defendant's presence referred to: Judge Richard L. Voorhees (sdc) [Entry date 05/15/02] |
| 05/13/02 | -- | | by Aquilia Marcivicci Barnette as to Aquilia Marcivicci Barnette (sel) [Entry date 05/15/02] |
| 05/13/02 | -- | | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 05/15/02] |
| 05/14/02 | 461 | View 4 pgs $ 0.28 | ORDER as to Aquilia Marcivicci Barnette, for proposed jury questionnaire ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 05/15/02] |
| 05/16/02 | 463 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 05/16/02] |
| 05/20/02 | 464 | View 15 pgs $ 1.05 | Jury instructions/Proposed Courtroom Orientation and Jury Selection Procedure as to Aquilia Marcivicci Barnette (sel) [Entry date 05/20/02] |
| 05/20/02 | 465 | View 42 pgs $ 2.94 | Proposed Jury Instructions/Questionnaire and Disagreement Summary by Aquilia Marcivicci Barnette (sel) [Entry date 05/21/02] |
| 05/20/02 | 466 | View 9 pgs $ 0.63 | NOTICE of Deft's Proposed Procedures for Jury Orientation and Selection by Aquilia Marcivicci Barnette (sel) [Entry date 05/21/02] |
| 05/21/02 | 467 | View 9 pgs $ 0.63 | RESPONSE by USA as to Aquilia Marcivicci Barnette in opposition to [465-1] instructions jury (sel) [Entry date 05/21/02] |
| 05/21/02 | 468 | View 2 pgs $ 0.14 | MOTION by USA as to Aquilia Marcivicci Barnette to Extend Time within which to file motions referred to: Judge Richard L. Voorhees (sel) |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 61 of 200

51

| | | | [Entry date 05/21/02] |
|---|---|---|---|
| 05/21/02 | 469 | View<br>1 pg<br>$ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 05/22/02] |
| 05/22/02 | 472 | View<br>1 pg<br>$ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 05/24/02] |
| 05/22/02 | 473 | View<br>1 pg<br>$ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 05/24/02] |
| 05/23/02 | 471 | View<br>3 pgs<br>$ 0.21 | ORDER as to Aquilia Marcivicci Barnette denying [468-1] motion to Extend Time within which to file motions as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 05/23/02] |
| 05/28/02 | 475 | View<br>1 pg<br>$ 0.07 | RETURN OF SERVICE Executed as to Aquilia Marcivicci Barnette 5/24/02 served with Criminal Subpoena (sel) [Entry date 05/28/02] |
| 05/31/02 | 476 | View<br>3 pgs<br>$ 0.21 | ORDER as to Aquilia Marcivicci Barnette denying [462-1] motion that all requests by potential jurors to be excused be heard in defendant's presence as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 05/31/02] |
| 05/31/02 | 477 | View<br>15 pgs<br>$ 1.05 | Revised Proposed Jury Instructions, Courtroom Orientation and Jury Selection Procedure by USA as to Aquilia Marcivicci Barnette (sel) [Entry date 05/31/02] |
| 06/04/02 | 478 | View<br>1 pg<br>$ 0.07 | MOTION by Aquilia Marcivicci Barnette to Suppress Prior Conviction referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 479 | View<br>1 pg<br>$ 0.07 | MOTION by Aquilia Marcivicci Barnette for Disclosure of of Mitigating Information referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 480 | View<br>2 pgs<br>$ 0.14 | MOTION by Aquilia Marcivicci Barnette for individual Voir Dire of potential jurors regarding their beliefs about parole eligibility on fed life sentence referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 481 | View<br>1 pg<br>$ 0.07 | MOTION by Aquilia Marcivicci Barnette for complete recordation and presence of deft at all proceedings referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 483 | View<br>2 pgs<br>$ 0.14 | MOTION by Aquilia Marcivicci Barnette in Limine to bar medical testimony referred to: Judge Richard L. Voorhees (sel) [Entry date |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 62 of 200

**52**

| | | | 06/05/02] |
|---|---|---|---|
| 06/04/02 | 484 | View<br>2 pgs<br>$ 0.14 | MOTION by Aquilia Marcivicci Barnette for daily transcripts referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 485 | View<br>2 pgs<br>$ 0.14 | MOTION by Aquilia Marcivicci Barnette for allocution by the deft referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 486 | View<br>2 pgs<br>$ 0.14 | MOTION by Aquilia Marcivicci Barnette in Limine regarding the victim impact statements referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 487 | View<br>9 pgs<br>$ 0.63 | MOTION by Aquilia Marcivicci Barnette for Discovery and Inspection referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 488 | View<br>5 pgs<br>$ 0.35 | MOTION by Aquilia Marcivicci Barnette for Brady Material and other incorporated memorandum of law referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 489 | View<br>2 pgs<br>$ 0.14 | MOTION by Aquilia Marcivicci Barnette that the defense be afforded the last argument to the jury referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 490 | View<br>3 pgs<br>$ 0.21 | MOTION by Aquilia Marcivicci Barnette for individual voir dire of potential jurors and sequestration of the venire during voir dire referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 491 | View<br>3 pgs<br>$ 0.21 | MOTION by Aquilia Marcivicci Barnette to permit defense counsel to question potential jurors challenged for cause by the govt referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 492 | View<br>3 pgs<br>$ 0.21 | MOTION by Aquilia Marcivicci Barnette to bar imposition of death penalty referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 493 | View<br>2 pgs<br>$ 0.14 | MOTION by Aquilia Marcivicci Barnette for Discovery o govt experts, qualifications and reports referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 494 | View<br>2 pgs<br>$ 0.14 | MOTION by Aquilia Marcivicci Barnette for Reconsideration of Proposal for Proceeding wherein potential jurors fill out juror questionnaire referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/04/02 | 495 | View<br>2 pgs<br>$ 0.14 | MOTION by Aquilia Marcivicci Barnette to require the govt to refer to "Life Imprisonment w/out possibiliity of release throughout the trial referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 63 of 200

53

| 06/04/02 | 496 | View 1 pg $ 0.07 | MOTION by Aquilia Marcivicci Barnette for Leave to File futher motions referred to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
|---|---|---|---|
| 06/04/02 | 497 | View 2 pgs $ 0.14 | CERTIFICATE OF SERVICE by Aquilia Marcivicci Barnette (sel) [Entry date 06/05/02] |
| 06/04/02 | 498 | View 1 pg $ 0.07 | SEALED DOCUMENT (Objections to the Clerk Excusing Certain Jurors at their Request) as to Aquilia Marcivicci Barnette (sel) [Entry date 06/05/02] |
| 06/05/02 | 482 | View 4 pgs $ 0.28 | MOTION by Aquilia Marcivicci Barnette for order prohibiting the govt from peremptorily challenging jurors on the basis of their sex or race to: Judge Richard L. Voorhees (sel) [Entry date 06/05/02] |
| 06/07/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of January 5, 1998 Crt Rptr: Scott A. Huseby (sdc) [Entry date 06/07/02] |
| 06/07/02 | 500 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sdc) [Entry date 06/07/02] |
| 06/07/02 | 501 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sdc) [Entry date 06/07/02] |
| 06/10/02 | 502 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 06/11/02] |
| 06/10/02 | 503 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 06/11/02] |
| 06/11/02 | 504 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 06/11/02] |
| 06/11/02 | 505 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 06/11/02] |
| 06/12/02 | 506 | View 4 pgs $ 0.28 | RESPONSE by USA as to Aquilia Marcivicci Barnette re [485-1] motion for allocution by the deft (sel) [Entry date 06/12/02] |
| 06/12/02 | 507 | View 2 pgs $ 0.14 | RESPONSE by USA as to Aquilia Marcivicci Barnette re [484-1] motion for daily transcripts (sel) [Entry date 06/12/02] |
| 06/12/02 | 508 | View 2 pgs | RESPONSE by USA as to Aquilia Marcivicci Barnette re [481-1] |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 64 of 200

**54**

| | | $ 0.14 | motion for complete recordation and presence of deft at all proceedings (sel) [Entry date 06/12/02] |
|---|---|---|---|
| 06/12/02 | 509 | View 8 pgs $ 0.56 | RESPONSE by USA as to Aquilia Marcivicci Barnette re [496-1] motion for Leave to File futher motions (sel) [Entry date 06/12/02] |
| 06/12/02 | 510 | View 3 pgs $ 0.21 | RESPONSE by USA as to Aquilia Marcivicci Barnette re [495-1] motion to require the govt to refer to "Life Imprisonment w/out possibiliity of release throughout the trial (sel) [Entry date 06/12/02] |
| 06/12/02 | 511 | View 9 pgs $ 0.63 | RESPONSE by USA as to Aquilia Marcivicci Barnette in opposition to [486-1] motion in Limine regarding the victim impact statements (sel) [Entry date 06/12/02] |
| 06/12/02 | 512 | View 3 pgs $ 0.21 | RESPONSE by USA as to Aquilia Marcivicci Barnette re [489-1] motion that the defense be afforded the last argument to the jury (sel) [Entry date 06/12/02] |
| 06/12/02 | 513 | View 6 pgs $ 0.42 | Witness list by USA as to Aquilia Marcivicci Barnette (sel) [Entry date 06/12/02] |
| 06/12/02 | 514 | View 3 pgs $ 0.21 | RESPONSE by USA as to Aquilia Marcivicci Barnette re [487-1] motion for Discovery and Inspection (sel) [Entry date 06/12/02] |
| 06/13/02 | 515 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 06/13/02] |
| 06/13/02 | 519 | View 9 pgs $ 0.63 | ORDER as to Aquilia Marcivicci Barnette [513-1] witness list as to Aquilia Marcivicci Barnette (1), granting in part, denying in part [494-1] motion for Reconsideration of Proposal for Proceeding wherein potential jurors fill out juror questionnaire (granting the request that the jury will not be told that case is death penalty case as to Aquilia Marcivicci Barnette (1), [477-1] instructions jury as to Aquilia Marcivicci Barnette (1), [464-1] instructions jury as to Aquilia Marcivicci Barnette (1), [465-1] instructions jury as to Aquilia Marcivicci Barnette (1), [441-1] instructions jury as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/13/02] |
| 06/13/02 | 520 | View 9 pgs $ 0.63 | Addendum by Aquilia Marcivicci Barnette, USA as to Aquilia Marcivicci Barnette re: Jury Questionnaire (sel) [Entry date 06/13/02] |
| 06/13/02 | 521 | View 3 pgs $ 0.21 | REPLY by Aquilia Marcivicci Barnette to response to [496-1] motion for Leave to File futher motions (sel) [Entry date 06/14/02] |
| 06/14/02 | 522 | View 4 pgs $ 0.28 | RESPONSE by USA as to Aquilia Marcivicci Barnette in opposition to [491-1] motion to permit defense counsel to question potential jurors challenged for cause by the govt (sel) [Entry date 06/14/02] |

Case 3:12-cv-00327-MOC Document 99 Filed 09/23/15 Page 65 of 200

**55**

| 06/14/02 | 523 | View<br>13 pgs<br>$ 0.91 | RESPONSE by USA as to Aquilia Marcivicci Barnette re [486-1] motion in Limine regarding the victim impact statements (sel) [Entry date 06/14/02] |
| 06/14/02 | 524 | View<br>13 pgs<br>$ 0.91 | RESPONSE by USA as to Aquilia Marcivicci Barnette re [478-1] motion to Suppress Prior Conviction (sel) [Entry date 06/14/02] |
| 06/14/02 | 525 | View<br>38 pgs<br>$ 2.66 | Voir Dire Questions by USA as to Aquilia Marcivicci Barnette (sel) [Entry date 06/14/02] |
| 06/17/02 | 526 | View<br>6 pgs<br>$ 0.42 | ORDER as to Aquilia Marcivicci Barnette, to Amend [525-1] voir dire jury questionnaire ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/17/02] |
| 06/17/02 | 535 | View<br>1 pg<br>$ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 06/19/02] |
| 06/18/02 | 527 | View<br>3 pgs<br>$ 0.21 | ORDER as to Aquilia Marcivicci Barnette denying [496-1] motion for Leave to File further motions as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/18/02] |
| 06/18/02 | 528 | View<br>3 pgs<br>$ 0.21 | ORDER as to Aquilia Marcivicci Barnette granting [490-1] motion for individual voir dire of potential jurors and sequestration of the venire during voir dire as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/18/02] |
| 06/18/02 | 529 | View<br>3 pgs<br>$ 0.21 | ORDER as to Aquilia Marcivicci Barnette mooting [482-1] motion for order prohibiting the govt from peremptorily challenging jurors on the basis of their sex or race to: Judge Richard L. Voorhees as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/18/02] |
| 06/18/02 | 530 | View<br>3 pgs<br>$ 0.21 | ORDER as to Aquilia Marcivicci Barnette granting [484-1] motion for daily transcripts as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/18/02] |
| 06/18/02 | 531 | View<br>4 pgs<br>$ 0.28 | ORDER as to Aquilia Marcivicci Barnette denying [485-1] motion for allocution by the deft as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/18/02] |
| 06/18/02 | 532 | View<br>4 pgs<br>$ 0.28 | ORDER as to Aquilia Marcivicci Barnette denying [489-1] motion that the defense be afforded the last argument to the jury as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/18/02] |
| 06/18/02 | 533 | View<br>3 pgs<br>$ 0.21 | ORDER as to Aquilia Marcivicci Barnette denying [492-1] motion to bar imposition of death penalty as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/18/02] |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 66 of 200

| 06/18/02 | 534 | View<br>3 pgs<br>$ 0.21 | ORDER as to Aquilia Marcivicci Barnette granting [481-1] motion for complete recordation and presence of deft at all proceedings as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/18/02] |
| --- | --- | --- | --- |
| 06/20/02 | 538 | View<br>1 pg<br>$ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 06/21/02] |
| 06/21/02 | 536 | View<br>3 pgs<br>$ 0.21 | ORDER as to Aquilia Marcivicci Barnette denying [495-1] motion to require the govt to refer to "Life Imprisonment w/out possibiliity of release throughout the trial as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/21/02] |
| 06/21/02 | 537 | View<br>4 pgs<br>$ 0.28 | ORDER as to Aquilia Marcivicci Barnette granting [491-1] motion to permit defense counsel to question potential jurors challenged for cause by the govt as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/21/02] |
| 06/21/02 | 539 | View<br>5 pgs<br>$ 0.35 | ORDER as to Aquilia Marcivicci Barnette denying [486-1] motion in Limine regarding the victim impact statements as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/21/02] |
| 06/25/02 | 540 | View<br>1 pg<br>$ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 06/25/02] |
| 06/25/02 | 542 | View<br>4 pgs<br>$ 0.28 | ORDER as to Aquilia Marcivicci Barnette denying [478-1] motion to Suppress Prior Conviction as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/25/02] |
| 06/25/02 | 543 | View<br>3 pgs<br>$ 0.21 | ORDER as to Aquilia Marcivicci Barnette granting [480-1] motion for individual Voir Dire of potential jurors regarding their beliefs about parole eligibility on fed life sentence as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/25/02] |
| 06/25/02 | 544 | View<br>5 pgs<br>$ 0.35 | ORDER as to Aquilia Marcivicci Barnette denying [493-1] motion for Discovery o govt experts, qualifications and reports as to Aquilia Marcivicci Barnette (1), denying [488-1] motion for Brady Material and other incorporated memorandum of law as to Aquilia Marcivicci Barnette (1), denying [487-1] motion for Discovery and Inspection as to Aquilia Marcivicci Barnette (1), denying [479-1] motion for Disclosure of of Mitigating Information as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/25/02] |
| 06/25/02 | 545 | View<br>4 pgs<br>$ 0.28 | ORDER as to Aquilia Marcivicci Barnette denying [478-1] motion to Suppress Prior Conviction ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/25/02] |
| 06/25/02 | 547 | View<br>1 pg | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 06/26/02] |

Case 3:12-cv-00327-MOC     Document 99     Filed 09/23/15     Page 67 of 200

57

| | | | |
|---|---|---|---|
| | | $ 0.07 | |
| 06/25/02 | -- | | Status hearing held (ssh) [Entry date 06/26/02] |
| 06/26/02 | 546 | View 4 pgs $ 0.28 | ORDER as to Aquilia Marcivicci Barnette, regarding mental health evidence ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 06/26/02] |
| 06/27/02 | 548 | View 1 pg $ 0.07 | Substitution of Govt Attorney, Anne Tompkins, replacing attorney Gretchen C. F. Shappert for USA (sel) [Entry date 07/01/02] |
| 07/02/02 | 549 | View 21 pgs $ 1.47 | MOTION by Aquilia Marcivicci Barnette for relief purs to Ring v. Arizona referred to: Judge Richard L. Voorhees (sel) [Entry date 07/03/02] |
| 07/02/02 | 550 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 07/03/02] |
| 07/03/02 | 551 | View 34 pgs $ 2.38 | MOTION by Aquilia Marcivicci Barnette to Dismiss Proceeding wherein the govt seeks to have the deft sentenced to death, to Stay these sentencing proceedings pending resolution of the matter by the US Supreme Court referred to: Judge Richard L. Voorhees (sel) [Entry date 07/03/02] |
| 07/05/02 | 555 | View 3 pgs $ 0.21 | MOTION by Aquilia Marcivicci Barnette to allow the defense access to govt info about potential jurors and witnesses referred to: Judge Richard L. Voorhees (sel) [Entry date 07/09/02] |
| 07/08/02 | 552 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 07/08/02] |
| 07/08/02 | 553 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 07/08/02] |
| 07/08/02 | 554 | View 2 pgs $ 0.14 | MOTION by Aquilia Marcivicci Barnette in Limine for court determination of evidentiary issues before testimony is placed before the jury referred to: Judge Richard L. Voorhees (sel) [Entry date 07/09/02] |
| 07/09/02 | 558 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 07/09/02] |
| 07/11/02 | 559 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sdc) [Entry date 07/11/02] |
| 07/11/02 | 560 | View 2 pgs | ORDER as to Aquilia Marcivicci Barnette denying [551-1] motion to |

| | | | |
|---|---|---|---|
| | | $ 0.14 | Dismiss Proceeding wherein the govt seeks to have the deft sentenced to death as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sdc) [Entry date 07/11/02] |
| 07/11/02 | 561 | View 4 pgs $ 0.28 | RESPONSE by USA as to Aquilia Marcivicci Barnette re [551-1] motion to Dismiss Proceeding wherein the govt seeks to have the deft sentenced to death (sel) [Entry date 07/11/02] |
| 07/11/02 | 562 | View 2 pgs $ 0.14 | NOTICE of Intnet to Admit Expert Testimony by USA as to Aquilia Marcivicci Barnette (sel) [Entry date 07/11/02] |
| 07/11/02 | 563 | View 3 pgs $ 0.21 | RESPONSE by USA as to Aquilia Marcivicci Barnette re [554-1] motion in Limine for court determination of evidentiary issues before testimony is placed before the jury (sel) [Entry date 07/11/02] |
| 07/12/02 | 564 | View 7 pgs $ 0.49 | MOTION by Aquilia Marcivicci Barnette in support of Dismissal of the Intent to Seek the Death Penalty pursuant to Ring vs. Arizona referred to: Judge Richard L. Voorhees (jlk) [Entry date 07/12/02] |
| 07/12/02 | 565 | View 5 pgs $ 0.35 | RESPONSE by USA as to Aquilia Marcivicci Barnette re [564-1] motion in support of Dismissal of the Intent to Seek the Death Penalty pursuant to Ring vs. Arizona (jlk) [Entry date 07/12/02] |
| 07/12/02 | 566 | View 4 pgs $ 0.28 | ORDER as to Aquilia Marcivicci Barnette denying [554-1] motion in Limine for court determination of evidentiary issues before testimony is placed before the jury as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (jlk) [Entry date 07/15/02] |
| 07/12/02 | 567 | View 4 pgs $ 0.28 | ORDER as to Aquilia Marcivicci Barnette, upon both the govt. and the defense proposals for courtroom orientation and jury selection procedures. ( Signed by Judge Richard L. Voorhees ) (jlk) [Entry date 07/15/02] |
| 07/12/02 | 568 | View 7 pgs $ 0.49 | Preliminary Jury instructions after completion of the juror questionnaire as to Aquilia Marcivicci Barnette (jlk) [Entry date 07/15/02] |
| 07/12/02 | 569 | View 4 pgs $ 0.28 | NOTICE and ORDER as to Aquilia Marcivicci Barnette, of Court's proposed questions to the entire jury panel ( Signed by Judge Richard L. Voorhees ) (jlk) [Entry date 07/15/02] |
| 07/15/02 | -- | | Jury selection begins for Sentencing as to Aquilia M. Barnette; Judge: Voorhees Court Rptr: Nuccio (a.m.) Kelly (p.m.) (jlk) [Entry date 07/15/02] |
| 07/15/02 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette denying [555-1] motion to allow the defense access to govt info about potential jurors and witnesses as to Aquilia Marcivicci Barnette (1) ( Entered by Judge Richard L. Voorhees ) (jlk) [Entry date 07/15/02] |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 69 of 200

59

| 07/16/02 | 570 | View 2 pgs $ 0.14 | MOTION by Aquilia Marcivicci Barnette to order the govt. not to refer to this as a "capital" sentencing hearing referred to: Judge Richard L. Voorhees (jlk) [Entry date 07/16/02] |
|---|---|---|---|
| 07/16/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/15/02 (a.m.) Crt Rptr: Cheryl Nuccio (jlk) [Entry date 07/16/02] for dates of 7/15/02 (p.m.) Crt Rptr: Joy Kelly (jlk) [Entry date 07/16/02] |
| 07/16/02 | -- | | Jury Selection continues for sentencing phase as to Aquilia Marcivicci Barnette; Judge: Voorhees; Court Reporter: Nuccio (a.m.) Kelly (p.m.) (jlk) [Entry date 07/16/02] |
| 07/17/02 | 571 | View 48 pgs $ 3.36 | MEMORANDUM by Aquilia Marcivicci Barnette in support of [564-1] motion in support of Dismissal of the Intent to Seek the Death Penalty pursuant to Ring vs. Arizona (sel) [Entry date 07/18/02] |
| 07/18/02 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held. Cheryl Nuccio Court reporter a.m. Joy Kelly Court reporter p.m. (ssh) [Entry date 07/18/02] |
| 07/18/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/16/02 morning Crt Rptr: Cheryl A. Nuccio (ssh) [Entry date 07/19/02] [Edit date 07/26/02] for dates of 7/16/02 afternoon. Crt Rptr: Joy Kelly (ssh) [Entry date 07/19/02] |
| 07/19/02 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held. Cheryl Nuccio court reporter a.m. Joy Kelly court reporter p.m. (ssh) [Entry date 07/19/02] |
| 07/19/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/18/02 morning Crt Rptr: Cheryl Nuccio (ssh) [Entry date 07/19/02] for dates of July 18, 2002 afternoon. Crt Rptr: Joy Kelly (ssh) [Entry date 07/19/02] |
| 07/20/02 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held. Cheryl Nuccio court reporter all day. (ssh) [Entry date 07/20/02] |
| 07/20/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/19/02 morning Crt Rptr: Cheryl Nuccio (ssh) [Entry date 07/20/02] |
| 07/22/02 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held. Cheryl Nuccio Court reporter a.m. Joy Kelly Court reporter p.m. (ssh) [Entry date 07/22/02] |
| 07/22/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/20/02 Crt Rptr: Cheryl Nuccio (ssh) [Entry date 07/22/02] for dates of 7/19/02 afternoon Crt Rptr: Joy Kelly (ssh) [Entry date 07/22/02] |
| 07/23/02 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held. Court reporter |

| | | | |
|---|---|---|---|
| | | | Cheryl Nuccio a.m. Joy Kelly p.m. (ssh) [Entry date 07/23/02] |
| 07/23/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/22/02 morning. Crt Rptr: Cheryl Nuccio (ssh) [Entry date 07/23/02] for dates of 7/22/02 afternoon Crt Rptr: Joy Kelly (ssh) [Entry date 07/23/02] |
| 07/24/02 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held. Cheryl Nuccio court reporter a.m. Joy Kelly court reporter p.m. (ssh) [Entry date 07/24/02] |
| 07/24/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/23/02 morning Crt Rptr: Cheryl Nuccio (ssh) [Entry date 07/24/02] |
| 07/24/02 | 572 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 07/24/02] |
| 07/24/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/23/02 afternoon Crt Rptr: Joy Kelly (ssh) [Entry date 07/24/02] |
| 07/25/02 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held. Cheryl Nuccio court reporter a.m. Joy Kelly court reporter p.m. (ssh) [Entry date 07/25/02] |
| 07/25/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/24/02 morning Crt Rptr: Cherly Nuccio (ssh) [Entry date 07/25/02] for dates of 7/24/02 afternoon Crt Rptr: Joy Kelly (ssh) [Entry date 07/25/02] |
| 07/25/02 | 573 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 07/26/02] |
| 07/25/02 | 575 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 07/26/02] |
| 07/26/02 | 574 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 07/26/02] |
| 07/26/02 | 576 | View 3 pgs $ 0.21 | ORDER as to Aquilia Marcivicci Barnette, allowing attorneys to bring cell phones into courtroom ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 07/26/02] |
| 07/26/02 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held. Cheryl Nuccio Court reporter a.m. Joy Kelly Court reporter p.m. (ssh) [Entry date 07/26/02] |
| | | | |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 71 of 200

61

| 07/26/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/25/02 morning Crt Rptr: Cheryl Nuccio (ssh) [Entry date 07/26/02] for dates of 7/25/02 afternoon Crt Rptr: Joy Kelly (ssh) [Entry date 07/26/02] |
| 07/26/02 | 578 | View 1 pg $ 0.07 | MOTION by Aquilia Marcivicci Barnette to Seal exparte application doc. #577 referred to: Judge Richard L. Voorhees (ssh) [Entry date 07/29/02] |
| 07/27/02 | -- | | Jury Selection as to Aquilia Marcivicci Barnette held. Cheryl Nuccio court reporter (ssh) [Entry date 07/27/02] |
| 07/27/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/26/02 morning Crt Rptr: Cheryl Nuccio (ssh) [Entry date 07/27/02] |
| 07/29/02 | -- | | Jury trial as to Aquilia Marcivicci Barnette held Judge: Richard L. Voorhees Court Rptr: Cheryl Nuccio a.m. Scott Huseby p.m. (ssh) [Entry date 07/29/02] |
| 07/29/02 | 579 | View 1 pg $ 0.07 | Supplement to defendant's witness lise filed by Aquilia Marcivicci Barnette (ssh) [Entry date 07/29/02] |
| 07/29/02 | 580 | View 2 pgs $ 0.14 | MOTION by Aquilia Marcivicci Barnette in Limine concerning evidence of April, 1996 firebombing referred to: Judge Richard L. Voorhees (ssh) [Entry date 07/29/02] |
| 07/29/02 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette denying [580-1] motion in Limine concerning evidence of April, 1996 firebombing as to Aquilia Marcivicci Barnette (1) ( Entered by Judge Richard L. Voorhees ) (ssh) [Entry date 07/29/02] |
| 07/29/02 | 581 | View 2 pgs $ 0.14 | MOTION by Aquilia Marcivicci Barnette in Limine -medical examiner testimony and exhibits referred to: Judge Richard L. Voorhees (ssh) [Entry date 07/29/02] |
| 07/29/02 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette denying [581-1] motion in Limine -medical examiner testimony and exhibits as to Aquilia Marcivicci Barnette (1) ( Entered by Judge Richard L. Voorhees ) (ssh) [Entry date 07/29/02] |
| 07/29/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/26/02 afternoon Crt Rptr: Joy Kelly (ssh) [Entry date 07/29/02] for dates of 7/26/02 afternoon SEALED TESTIMONY of prospective juror #257. (Placed in back cover of 7/26/02 afternoon transcript) Crt Rptr: Joy Kelly (ssh) [Entry date 07/29/02] for dates of 7/27/02 all day Crt Rptr: Cheryl A. Nuccio (ssh) [Entry date 07/30/02] |
| 07/30/02 | -- | | Jury trial as to Aquilia Marcivicci Barnette held Judge: Richard L. Voorhees Court Rptr: Cheryl Nuccio a.m. Scott Huseby p.m. (ssh) [Entry |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 72 of 200

**62**

| | | | |
|---|---|---|---|
| | | | date 07/30/02] |
| 07/30/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/29/02 morning Crt Rptr: Cheryl Nuccio (ssh) [Entry date 07/30/02] for dates of 7/29/02 afternoon Crt Rptr: Scott A. Huseby (ssh) [Entry date 07/30/02] |
| 07/30/02 | -- | | Corrected pages of TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette Crt Rptr: Joy Kelly (ssh) [Entry date 07/31/02] |
| 07/30/02 | 583 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 07/31/02] |
| 07/30/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette corrected pages filed as directed by the Court on 7/20/02 Crt Rptr: Joy Kelly (placed in folder with other transcripts filed on 7/30/02) (ssh) [Entry date 08/02/02] |
| 07/31/02 | -- | | Jury trial as to Aquilia Marcivicci Barnette held Judge: Richard L. Voorhees Court Rptr: Cheryl Nuccio a.m. Scott Huseby p.m. (ssh) [Entry date 07/31/02] |
| 07/31/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/30/02 morning Crt Rptr: Cheryl Nuccio (ssh) [Entry date 07/31/02] for dates of 7/30/02 afternoon Crt Rptr: Scott Huseby (ssh) [Entry date 07/31/02] |
| 08/01/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 7/31/02 morning Crt Rptr: Cheryl A. Nuccio (ssh) [Entry date 08/02/02] for dates of 7/31/02 afternoon Crt Rptr: Scott A. Huseby (ssh) [Entry date 08/02/02] |
| 08/02/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 8/1/02 morning session only held. Crt Rptr: Cheryl Nuccio (ssh) [Entry date 08/02/02] |
| 08/05/02 | -- | | Jury trial as to Aquilia Marcivicci Barnette held Judge: Richard L. Voorhees Court Rptr: Cheryl Nuccio a.m. Scott Huseby p.m. (ssh) [Entry date 08/05/02] |
| 08/05/02 | -- | | MOTION in open court by Aquilia Marcivicci Barnette for Judgment of Acquittal at the close of govt's evidence. (ssh) [Entry date 08/05/02] |
| 08/05/02 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette denying [0-0] oral motion for Judgment of Acquittal at the close of govt's evidence. as to Aquilia Marcivicci Barnette (1) ( Entered by Judge Richard L. Voorhees ) (ssh) [Entry date 08/05/02] |
| | | | |

Case 3:12-cv-00327-MOC     Document 99     Filed 09/23/15     Page 73 of 200

| 08/05/02 | 584 | View<br>2 pgs<br>$ 0.14 | Deft's supplemental Witness list by Aquilia Marcivicci Barnette (ssh) [Entry date 08/05/02] |
| 08/05/02 | 585 | View<br>3 pgs<br>$ 0.21 | MOTION by Aquilia Marcivicci Barnette for Declaration of Mistrial referred to: Judge Richard L. Voorhees (ssh) [Entry date 08/05/02] |
| 08/05/02 | -- | | ORAL ORDER as to Aquilia Marcivicci Barnette denying [585-1] motion for Declaration of Mistrial as to Aquilia Marcivicci Barnette (1) ( Entered by Judge Richard L. Voorhees ) (ssh) [Entry date 08/05/02] |
| 08/06/02 | -- | | Jury trial as to Aquilia Marcivicci Barnette held Judge: Richard L. Voorhees Court Rptr: Cheryl Nuccio morning. Scott Huseby afternoon (ssh) [Entry date 08/06/02] |
| 08/06/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 8/5/02 morning Crt Rptr: Cheryl A Nuccio (ssh) [Entry date 08/06/02] for dates of 8/5/02 afternoon Crt Rptr: Scott Huseby (ssh) [Entry date 08/06/02] |
| 08/07/02 | -- | | Jury trial as to Aquilia Marcivicci Barnette held Judge: Richard L. Voorhees Court Rptr: Cheryl Nuccio a.m. Scott Huseby p.m. (ssh) [Entry date 08/07/02] |
| 08/07/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 8/6/02 morning Crt Rptr: Cheryl Nuccio (ssh) [Entry date 08/07/02] for dates of 8/6/02 afternoon Crt Rptr: Scott Huseby (ssh) [Entry date 08/07/02] |
| 08/07/02 | 586 | View<br>10 pgs<br>$ 0.70 | Proposed Jury Instructions by Aquilia Marcivicci Barnette (ssh) [Entry date 08/08/02] |
| 08/07/02 | 587 | View<br>4 pgs<br>$ 0.28 | MOTION by Aquilia Marcivicci Barnette in Limine to exclude future dangerousness referred to: Judge Richard L. Voorhees (ssh) [Entry date 08/08/02] |
| 08/08/02 | -- | | Jury trial as to Aquilia Marcivicci Barnette held Judge: Richard L. Voorhees Court Rptr: Cheryl Nuccio morning. Scott Huseby afternoon. (ssh) [Entry date 08/08/02] |
| 08/08/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 8/7/02 morning Crt Rptr: Cheryl Nuccio (ssh) [Entry date 08/08/02] for dates of 8/7/02 afternoon Crt Rptr: Scott Huseby (ssh) [Entry date 08/08/02] |
| 08/08/02 | 588 | View<br>2 pgs<br>$ 0.14 | Proposed Jury Instructions by USA as to Aquilia Marcivicci Barnette (ssh) [Entry date 08/08/02] |
| | | | |

Case 3:12-cv-00327-MOC   Document 99   Filed 09/23/15   Page 74 of 200

**64**

| | | | |
|---|---|---|---|
| 08/09/02 | 589 | View<br>1 pg<br>$ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 08/09/02] |
| 08/09/02 | 590 | View<br>1 pg<br>$ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 08/09/02] |
| 08/09/02 | -- | | Jury trial as to Aquilia Marcivicci Barnette held Judge: Richard L. Voorhees Court Rptr: Cheryl Nuccio morning. Scott Huseby afternoon Court hold charge conference in open court with all parties. (ssh) [Entry date 08/09/02] [Edit date 08/09/02] |
| 08/09/02 | 591 | View<br>2 pgs<br>$ 0.14 | Defendant's Proposed Mitigating Circumstances by Aquilia Marcivicci Barnette (ssh) [Entry date 08/09/02] |
| 08/09/02 | 592 | View<br>10 pgs<br>$ 0.70 | Defendant's proposed Jury instructions as to Aquilia Marcivicci Barnette (ssh) [Entry date 08/09/02] |
| 08/09/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 8/8/02 morning Crt Rptr: Cheryl Nuccio (ssh) [Entry date 08/09/02] for dates of 8/8/02 afternoon Crt Rptr: Scott Huseby (ssh) [Entry date 08/09/02] for dates of 8/9/02 morning Crt Rptr: Cheryl Nuccio (ssh) [Entry date 08/09/02] |
| 08/09/02 | 593 | View<br>1 pg<br>$ 0.07 | ORDER as to Aquilia Marcivicci Barnette, for Return of re-sentencing hearing exhibits ( Signed by Judge Richard L. Voorhees ) (ssh) [Entry date 08/09/02] |
| 08/12/02 | -- | | Jury trial as to Aquilia Marcivicci Barnette held Judge: Richard L. Voorhees Court Rptr: Steve Huseby (ssh) [Entry date 08/12/02] |
| 08/12/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 8/9/02 afternoon Crt Rptr: Scott Huseby (ssh) [Entry date 08/12/02] |
| 08/13/02 | -- | | Jury trial as to Aquilia Marcivicci Barnette held Judge: Richard L. Voorhees Court Rptr: Steve Huseby (ssh) [Entry date 08/13/02] |
| 08/13/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 8/12/02 Crt Rptr: Steve Huseby (ssh) [Entry date 08/13/02] |
| 08/13/02 | 596 | View<br>18 pgs<br>$ 1.26 | SPECIAL JURY VERDICT regarding the punishment to be imposed upon the defendant for the killing of Donald Lee Allen with reference to cnt. 7. (ssh) [Entry date 08/14/02] |
| 08/13/02 | 597 | View<br>18 pgs<br>$ 1.26 | SPECIAL JURY VERDICT regarding the punishment to be imposed upon the defendant for the killing of Donald Lee Allen with reference to cnt. 8 (ssh) [Entry date 08/14/02] |

| 08/13/02 | 598 | View 18 pgs $ 1.26 | SPECIAL JURY VERDICT regarding the punishment to be imposed upon the defendant for the killing of Robin Williams with reference to cnt 11. (ssh) [Entry date 08/14/02] |
| --- | --- | --- | --- |
| 08/14/02 | 594 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 08/14/02] |
| 08/14/02 | 595 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 08/14/02] |
| 08/14/02 | -- | | TRANSCRIPT filed in case as to Aquilia Marcivicci Barnette for dates of 8/13/02 Crt Rptr: Steve S. Huseby (ssh) [Entry date 08/14/02] |
| 08/20/02 | 599 | View 6 pgs $ 0.42 | MOTION by Aquilia Marcivicci Barnette for New Trial, Arrest of Judgment referred to: Judge Richard L. Voorhees (sel) [Entry date 08/20/02] |
| 08/20/02 | 600 | View 7 pgs $ 0.49 | JUDGMENT Aquilia Marcivicci Barnette (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11. 240 mos. imprisonment to be served concurrently with Ct. 6; $100.00 assessment; if the Deft. is released from prison, he shall serve 5 years supervised release.: JGM: Count 6, LIFE Imprison; Count 10, Life Imprison; Count 1, 240 mos Imprison; Count 4, 5, and 9, 120 mos Imprison; Count 2, 360 mos Imprison; Count 3, 180 mos Imprison: All of these counts to run concurrently and remain the same from original jgm: Count 7, and 8, and 11 after being remanded from the 4th Circuit, Death Penalty; Special Assessment, $800; If released from prison, 5 years SRT. ( Signed by Judge Richard L. Voorhees ) ( Crim Judge Vol: 95 Page: 5) (sel) [Entry date 08/21/02] |
| 08/23/02 | 601 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 08/26/02] |
| 09/09/02 | 602 | View 5 pgs $ 0.35 | ORDER as to Aquilia Marcivicci Barnette denying [599-1] motion for New Trial, Arrest of Judgment as to Aquilia Marcivicci Barnette (1) ( Signed by Judge Richard L. Voorhees ) (sel) [Entry date 09/09/02] |
| 09/13/02 | 603 | View 2 pgs $ 0.14 | NOTICE OF APPEAL by Aquilia Marcivicci Barnette (1) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 Filing Fee $ IFP cc: Counsel, USM and USPO (jee) [Entry date 09/19/02] |
| 09/19/02 | -- | | Notice of appeal and certified copy of docket as to Aquilia Marcivicci Barnette to USCA: [603-1] appeal. cc:USM, USP & USA (jee) [Entry date 09/19/02] |
| 09/26/02 | -- | | USCA Case Number as to Aquilia Marcivicci Barnette Re: [603-1] appeal USCA Number: 02-20 Case Mgr: Beth Walton (jee) [Entry date 09/26/02] |

| | | | |
|---|---|---|---|
| 09/30/02 | 604 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (tme) [Entry date 09/30/02] |
| 10/18/02 | 605 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 10/18/02] |
| 10/18/02 | 606 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 10/18/02] |
| 10/18/02 | 607 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 10/18/02] |
| 10/28/02 | 608 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 10/28/02] |
| 10/29/02 | 609 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 10/29/02] |
| 10/29/02 | 610 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 10/29/02] |
| 10/29/02 | 611 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 10/29/02] |
| 10/29/02 | 612 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 10/29/02] |
| 10/29/02 | -- | | Certification of Readiness as to Aquilia Marcivicci Barnette Re: [603-1] appeal sent to USCA (jee) [Entry date 10/29/02] |
| 11/04/02 | 613 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) [Entry date 11/04/02] |
| 11/15/02 | 614 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 11/15/02] |
| 12/16/02 | 615 | View 1 pg $ 0.07 | SEALED DOCUMENT as to Aquilia Marcivicci Barnette (sel) [Entry date 12/17/02] |
| 05/20/03 | 616 | View 1 pg $ 0.07 | SEALED CJA DOCUMENT as to Aquilia Marcivicci Barnette (jlk) |

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 77 of 200

**67**

Case Flags:
APPEAL
CLOSED

END OF DOCKET: 3:97cr23-0

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/08/2003 15:29:00 | | | |
| **PACER Login:** | jt0061 | **Client Code:** | |
| **Description:** | docket report | **Search Criteria:** | 3:1997cr00023 |
| **Billable Pages:** | 78 | **Cost:** | 5.46 |

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA U.S. DISTRICT COURT
CHARLOTTE DIVISION          W. DIST. OF N.C.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 3:97CR23-P |
| ) | |
| ) | **BILL OF INDICTMENT** |
| ) | |
| ) | Violations: |
| ) | 18 U.S.C. § 844(h)(1)&(2) |
| ) | 18 U.S.C. § 922(a)(6) |
| v. ) | 18 U.S.C. § 922(g)(1) |
| ) | 18 U.S.C. § 924 |
| ) | 18 U.S.C. § 924(c)(1) |
| ) | 18 U.S.C. § 924(i)2(1) |
| ) | 18 U.S.C. § 2119(3) |
| ) | 18 U.S.C. § 2261(a)(1) |
| ) | 18 U.S.C. § 2312 |
| AQUILIA MARCIVICCI BARNETTE ) | 26 U.S.C. § 5861(f) |
| ) | |

THE GRAND JURY CHARGES:

### COUNT ONE

On or about the 30th day of April, 1996 in Mecklenburg County, in the Western District of North Carolina and in the Western District of Virginia, the defendant

### AQUILIA MARCIVICCI BARNETTE

did travel across a state line, that is, did transport himself from Charlotte, North Carolina to Roanoke, Virginia with the intent to injure, harass, and intimidate an intimate partner, Robin Williams, and in the course and as a result of such travel intentionally committed a crime of violence, that is, did firebomb Robin Williams' occupied apartment and an automobile parked in her driveway causing bodily injury to her.

In violation of Title 18, United States Code, Sections 2261(a)(1) and 2261(b).

## COUNT TWO

On or about the 30th day of April, 1996, in Mecklenburg County in the Western District of North Carolina and in the Western District of Virginia, the defendant,

### AQUILIA MARCIVICCI BARNETTE

knowingly used and carried a firearm, that is a destructive device, consisting of a bottle filled with flammable liquid, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, an act of interstate domestic violence in violation of Title 18, United States Code, Section 2261 as set forth in Count One.

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT THREE

On or about the 30th day of April, 1996, in Mecklenburg County in the Western District of North Carolina and the Western District of Virginia, the defendant,

### AQUILIA MARCIVICCI BARNETTE

knowingly used and carried fire and explosive materials, to commit an act of interstate domestic violence in violation of Title 18, United States Code, Section 2261, a felony prosecutable in a court of the United States.

In violation of Title 18, United States Code, Section 844(h)(1).

## COUNT FOUR

On or about the 21st day of May, 1996, in Mecklenburg County in the Western District of North Carolina, the defendant,

### AQUILIA MARCIVICCI BARNETTE

in connection with his acquisition of a firearm, a Winchester semi-automatic shotgun, from Quik Pawn Shop, a licensed firearms dealer, knowingly made false and fictitious statements which were likely to deceive Quik Pawn Shop as to a fact material to the lawfulness

2

of such acquisition of said firearm by the defendant under chapter 44 of Title 18, in that the defendant represented that he was Mario Vonkeith Barnette and that he had not been convicted 'of a crime punishable by imprisonment for a term exceeding one year, when in fact, as the defendant then well knew, he was not Mario Vonkeith Barnette and, he had been so convicted.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924.

## COUNT FIVE

Between May 21, 1996 and June 22, 1996, exact date unknown, in Mecklenburg County within the Western District of North Carolina, the defendant,

### AQUILIA MARCIVICCI BARNETTE

knowingly made a firearm, that is he did saw off a portion of the barrel of a Winchester shotgun, without complying with the provisions of the National Firearms Act Contained in Chapter 53 of Title 26 of the United States Code.

In violation of Title 26, United States Code, Sections 5821, 5822, 5861(f), and 5871.

## COUNT SIX

On or about the 22d day of June, 1996, in Mecklenburg County within the Western District of North Carolina, the defendant,

### AQUILIA MARCIVICCI BARNETTE

having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: in case # 76063 on September 20, 1994 in Mecklenburg County Superior Court of the crime of Felonious Restraint, did knowingly possess a firearm, that is a Winchester semi-automatic shotgun, which had been shipped and transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924.

3

## COUNT SEVEN

On or about June 22, 1996, in Mecklenburg County within the Western District of North Carolina, the defendant,

### AQUILIA MARCIVICCI BARNETTE

with intent to cause death or serious bodily harm, did knowingly, willfully and unlawfully take by force, violence and intimidation, that is, he shot to death and took from the person of Donald Lee Allen, a motor vehicle which had been shipped, transported and received in interstate or foreign commerce, that is a 1994 Honda Prelude, Vehicle Identification No. JHMBA8142RC004261.

In violation of Title 18, United States Code, Section 2119(3).

## COUNT EIGHT

On or about the 22d day of June, 1996, in Mecklenburg County in the Western District of North Carolina, the defendant,

### AQUILIA MARCIVICCI BARNETTE

knowingly used and carried a firearm, that is a sawed-off Winchester semi-automatic shotgun, during and in relation to a crime of violence, for which he may be prosecuted in a court of the United States, that is, the carjacking set forth in Count Seven above, and in the course of this violation caused the death of Donald Lee Allen, through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Donald Lee Allen by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation.

In violation of Title 18, United States Code, Sections 924(c)(1) and (i)2(1).

## COUNT NINE

On or about the 22d day of June, 1996, in Mecklenburg County within the Western District of North Carolina, and elsewhere the defendant,

### AQUILIA MARCIVICCI BARNETTE,

4

did unlawfully transport in interstate commerce a stolen motor vehicle, that is, a 1994 Honda Prelude, Vehicle Identification No. JHMBA8142RC004261, from the State of North Carolina to the Commonwealth of Virginia, knowing the same to be stolen.

In violation of Title 18, United States Code, Section 2312.

## COUNT TEN

On or about the 22d day of June, 1996 in Mecklenburg County, in the Western District of North Carolina and in the Western District of Virginia, the defendant

### AQUILIA MARCIVICCI BARNETTE

did travel across a state line, that is, did transport himself from Charlotte, North Carolina to Roanoke, Virginia with the intent to injure, harass, and intimidate an intimate partner, Robin Williams, and in the course and as a result of such travel intentionally committed a crime of violence, that is, shot and killed Robin Williams causing bodily injury and death to her.

In violation of Title 18, United States Code, Sections 2261(a)(1) and 2261(b).

## COUNT ELEVEN

On or about the 22d day of June, 1996, in Mecklenburg County in the Western District of North Carolina and in the Western District of Virginia, the defendant,

### AQUILIA MARCIVICCI BARNETTE

knowingly used and carried a firearm, that is a sawed-off Winchester semi-automatic shotgun, during and in relation to a crime of violence, for which he may be prosecuted in a court of the United States, that is the act of interstate domestic violence set forth in Count Ten above, and in the course of this violation caused the death of Robin Williams, through the use of a firearm,

5

DOCKET NO. 3:97CR23
U.S.A. v. AQUILIA MARCIVICCI BARNETTE

which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Robin Williams by shooting her with the firearm willfully, deliberately, maliciously, and with premeditation.

In violation of Title 18, United States Code, Sections 924(c)(1) and (i)2(1).

A TRUE BILL:

_Eb Rachal Jr_
FOREMAN

MARK T. CALLOWAY
United States Attorney

_Robert J. Conrad Jr_
Robert J. Conrad, Jr.
Assistant United States Attorney
Chief, Criminal Division

_Thomas G. Walker_
Thomas G. Walker
Assistant United States Attorney

6

FILED
CHARLOTTE, N.C.

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA

JAN 27 1998

U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JURY NOTATIONS OF VERDICT** |
| **V.** | **Case Number: 3:97CR23-P** |
| **AQUILIA MARCIVICCI BARNETTE** | |

*Indicate whether you have found the Defendant "Guilty" or "Not Guilty".*

AS TO COUNT ONE THE JURY FINDS THE DEFENDANT        *GUILTY*

AS TO COUNT TWO THE JURY FINDS THE DEFENDANT        *GUILTY*

AS TO COUNT THREE THE JURY FINDS THE DEFENDANT      *GUILTY*

AS TO COUNT FOUR THE JURY FINDS THE DEFENDANT       *GUILTY*

AS TO COUNT FIVE THE JURY FINDS THE DEFENDANT       *GUILTY*

AS TO COUNT SIX THE JURY FINDS THE DEFENDANT        *GUILTY*

AS TO COUNT SEVEN THE JURY FINDS THE DEFENDANT      *GUILTY*

AS TO COUNT EIGHT THE JURY FINDS THE DEFENDANT      *GUILTY*

AS TO COUNT NINE THE JURY FINDS THE DEFENDANT       *GUILTY*

AS TO COUNT TEN THE JURY FINDS THE DEFENDANT        *GUILTY*

AS TO COUNT ELEVEN THE JURY FINDS THE DEFENDANT     *GUILTY*

_Donald L. Schudel_
**JURY FOREPERSON**

_1-27-98_
**DATE**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **MOTION *IN LIMINE* REGARDING THE** |
| ) | **VICTIM IMPACT STATEMENTS** |
| AQUILIA MARCIVICCI BARNETTE, ) | |
| Defendant. ) | |
| _____ ) | |

**NOW COMES** the Defendant, by and through his attorneys, and moves the Court for an order prohibiting the Government from using victim impact evidence in this matter. In support of this Motion, the Defendant shows:

1. The Defendant has been convicted of first degree murder and is before the Court for re-sentencing.

2. The Government has filed notice pursuant to Title 18 U.S.C. Section 3593 (a), that it intends to seek the death penalty and has reiterated that notice in a pleading filed July 30, 2001.

3. The Defendant acknowledges that there is no per se bar to the admission of certain impact evidence. See Payne v. Tennessee, 501 U.S. 808 (1991). However, victim impact evidence is not a permissible aggravating factor as set forth in 18 U.S.C. Section 3591 (c).

4. The Court, by admitting such victim impact statements, would prejudice the Defendant if it allowed emotional testimony concerning

the lives of the victims which are not relevant to any aggravating factor to be proven.

5.  In the event that the Court is inclined to allow the Government to present some victim impact evidence, the Defendant requests a pretrial judicial review of the evidence.

6.  The Court must make a determination after hearing the evidence, outside the presence of the jury, as to its prejudicial impact on this proceeding.

**WHEREFORE,** the Defendant moves the Court that an order be entered prohibiting the Government from introducing any victim impact evidence, or at a minimum, hold a hearing outside the presence of the jury as to the prejudicial effect of such evidence.

This the 4th day of June 2002.

JEAN B. LAWSON
Post Office Box 472106
Charlotte, North Carolina 28226
704/341-1865

HAROLD J. BENDER
200 North McDowell Street
Charlotte, North Carolina 28204
704/333-2169

Attorneys for Defendant BARNETTE

FILED

02 JUN -4 PM 4: 31

U.S. DIST
W. DIS  D  C

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | **Docket No. 3:97CR-23** |
| v. ) | |
| ) | |
| AQUILIA MARCIVICCI BARNETTE, ) | |
| Defendant ) | |
| ) | |

## MOTION FOR ALLOCUTION BY THE DEFENDANT

**NOW COMES** the defendant, by and through counsel and, pursuant to Federal Rule of Criminal Procedure, Rule 32(c)(3)(C), moves this Court that he be allowed to make a statement to the sentencing jury, before the Court instructs the jury on the law and it begins deliberations as to punishment in this matter.

In support of this Motion, the undersigned show unto the Court as follows:

1. This matter is before the Court for sentencing to be imposed by a jury. The jury will determine whether the defendant is sentenced to Life Imprisonment Without the Possibility of Release or Death by execution.

2. That pursuant to Federal Rule of Criminal Procedure 32(c)(3)(C) the defendant has the right to personally make a statement before the sentencing authority before it begins its deliberations.

3. The defendant has a due process right to address the Court before sentence is imposed, see Ashe v. North Carolina, 586 F.2d 334 (4th Cir. 1978).

4. That this same right should apply even when the sentencing authority is a jury.

5. The defendant notes that this issue has been decided adverse to his position. See, <u>United States v. Hall</u>, 152 F.3d 381 (5th Cir. 1988) and <u>United States v. Barnette</u>, 211 F.3d 803 (4th Cir. 2000).

    **WHEREFORE**, the undersigned respectfully request that the Court allow the defendant to make a statement to the jury before the jury begins its sentencing deliberations, and that defendant not be subjected to cross-examination.

    Respectfully submitted on this the 4th day of June, 2002.

Jean B. Lawson
PO Box 472106
Charlotte, NC 28247
(704) 341-1865

Harold J. Bender
200 N. McDowell Street
Charlotte, NC 28204
(704) 333-2169

ATTORNEYS FOR AQUILIA MARCIVICCI BARNETTE

UNITED STATES OF AMERICA    )      DOCKET NO. 3:97CR23-V
                 )
v.                   )
                 )
AQUILIA MARCIVICCI BARNETTE,  )
       Defendant.       )

## GOVERNMENT'S RESPONSE IN OPPOSITION TO
## DEFENSE MOTION IN LIMINE TO PROHIBIT AND/OR LIMIT
## VICTIM IMPACT EVIDENCE AT GUILT AND SENTENCING PHASES

NOW COMES the United States of America, by and through Robert J. Conrad, Jr.,

United States Attorney or the Western District of North Carolina, and responds in opposition to

the Defendant's Motion in Limine To Prohibit and/or Limit Victim Impact Evidence and shows

unto the Court as follows:

### Introduction

The Defendant's motion seeks (1) that the Government be prohibited from presenting

victim impact evidence as it is not a permissible aggravating factor as set forth in 18 U.S.C.

Section 3591(c), or in the alternative (2) to have a pretrial judicial review of the evidence for the

court's determination of the "prejudicial impact on this proceeding" of "emotional testimony

concerning the lives of the victims which are not relevant to any aggravating factor to be

proven." In support of this claim, the Defendant argues that the Federal Death Penalty Act does

not specifically recognize victim impact as an aggravating factor or that the Court conduct a

separate, pretrial hearing for a judicial review of the evidence. The Government contends that

victim impact is a permissible aggravating factor, and that a pretrial hearing is not required.



<u>Argument</u>

1.  <u>The Non-Statutory Aggravating Factor For "Victim Impact Evidence" As Alleged in this Case Is In Complete Accord With Pertinent Provisions Of The Federal Death Penalty Act And Applicable Decisions Of The Federal Courts.</u>

The non-statutory aggravating factor for victim impact evidence is alleged as follows in the Government's Notice of Intent to Seek the Death Penalty, filed on August 7, 1997 and re-affirmed by notice filed July 30, 2001:

**Victim Impact Evidence.**

**A)** Donald Lee Allen's personal characteristics and the harmful effect and scope of the instance offenses on the Allen family. See 18 U.S.C. 3593(a)(2) and *Payne v. Tennessee*, 111 S. Ct. 2597, 2608-09 (1991).[1]

---

[1] The cited portion of *Payne v. Tennessee* includes the following:

> We are now of the view that a State may properly conclude that for the jury to assess meaningfully the defendant's moral culpability and blameworthiness, it should have before it at the sentencing phase evidence of the specific harm caused by the defendant...."the victim [should be considered] as an individual whose death represents a unique loss to society and in particular to his family."

\* \* \* \*

> We thus hold that if the State chooses to permit the admission of victim impact evidence and prosecutorial argument on that subject, the Eighth Amendment erects no *per se* bar. A State may legitimately conclude that evidence about the victim and about the impact of the murder on the victim's family is relevant to the jury's decision as to whether or not the death penalty should be imposed.

111 S. Ct. at 2608-09 (noting that there is no reason to treat victim impact evidence differently than other relevant evidence is treated and that to do otherwise would deprive the state of the full moral force of the evidence and deprive the jury of all necessary information; internal citations omitted).

The Defendant's instant motion invites this Court to do precisely what the Supreme Court in <u>Payne</u> said should not be done.

**B)** Robin Williams' personal characteristics and the harmful effect and scope of the instant offenses on the Williams family. See 18 U.S.C. 3593(a)(2) and *Payne v. Tennessee*, 111 S. Ct. 2597, 2608-09 (1991).

The victim impact evidence alleged in the Notice of Intent to Seek the Death Penalty is in complete accord with pertinent provisions of the Federal Death Penalty Act (FDPA) and applicable precedents of the federal courts. See *Payne v. Tennessee*, 111 S.Ct. 2597 (1991); *Jones v. United States*, 119 S.Ct. 2090 (1999). In 18 U.S.C. § 3593(a), the FDPA states that aggravating factors for capital sentencing "may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family." In spite of this explicit statutory language, the defendant contends that victim impact is not a permissible aggravating factor under the FDPA. In so arguing, the defendant ignores the federal statutory scheme, which explicitly allows for the jury to consider both statutory aggravating factors, from which the Government may choose, and which are listed at 18 U.S.C. § 3592(c)(1)-(15), as well as "any other aggravating factor for which notice has been provided under subsection (a) found to exist." 18 U.S.C. § 3593(d). As noted above, as required by statute, the Government has previously given notice of victim impact as a non-statutory aggravating factor.

In *Jones v. United States*, 119 S.Ct. 2090 (1999), the Supreme Court affirmed a sentence of death under the Federal Death Penalty Act (FDPA), which was based in part on a "victim impact" non-statutory aggravating factor which read in its entirety that "Tracie Joy McBride's family constitute an aggravating factor for the offense." *Id.* at 2097 & n.3, 2105, 2106-07 (reaffirming constitutionality of considering victim impact evidence, citing *Payne v. Tennessee*,

and upholding consideration of non-statutory aggravating factor for victim impact under Federal Death Penalty Act)(and authorities cited therein). The Court characterized the victim impact factor submitted to Jones' jury as "somewhat vague...as written" and indicated that non-statutory aggravating factors should be more "precisely defined in writing." *Id.*, at 2107, 2110. However, the Court expressly held that even this "loosely drafted" form had a "core meaning" such that it was not unconstitutionally vague and was "inherently individualized" so that it was not unconstitutionally overbroad. *Id..* The Court also held that there was no impermissible duplication between this victim impact factor and a "loosely drafted" and overlapping victim vulnerability factor which read in its entirety "Tracie Joy McBride's young age, her slight stature, her background, and her unfamiliarity with San Angelo, Texas." *Id.* Further, the Court stated that "[i]n the context of considering the effect of the crime on the victim's family, it would be more natural to understand 'personal characteristics' to refer to those aspect [or traits] of the victim's character and personality that her family would miss the most." *Id.* The victim impact factor in the instant case is much more precisely drafted than the victim impact factor accepted by the Supreme Court in *Jones* and there is no overlapping victim vulnerability factor in the instant case. Accordingly, there is no vagueness, overbreadth, or potential duplication in the instant case.

Numerous federal courts throughout the country have permitted victim impact evidence, in federal capital cases, regarding the character of the victim and the harm to the victim's family. See, *e.g. United States v. McVeigh*, 153 F.3d 1166 (1998) cert. denied, 119 S.Ct. 1148 (1999). In *McVeigh*, the Court held that Congress expressly provided, in 18 U.S.C. § 3593(a), for consideration of victim impact evidence as a non-statutory aggravating factor under the Federal Death Penalty Act; upholding the non-statutory aggravating factor of victim impact evidence,

finding that "(t)he devastating effects that the deaths of the victims had on their families and loved ones is certainly 'part and parcel of the circumstances' of the crime properly presented to the jury at the penalty phase of trial." *McVeigh* at 1219, quoting *Bonin v. Vasquez*, 807 F.Supp. 589, 613 (C.D.Cal.1992), aff'd, 59 F.3d 815 (9th Cir.1995). In *McVeigh*, the Court held that "*Payne* allows introduction of victim impact testimony to aid the jury in making a 'reasoned moral response' when imposing sentence upon a defendant convicted of a capital offense *Id.* at 1217. The Court further held that "(b)ecause the consequences of the crime are an important ingredient in the moral equation, the government can present testimony demonstrating the harm cause by the defendant's actions." *Id.* The Government contends that the admissibility of victim impact evidence in the form of a non-statutory aggravating factor is well settled in the federal courts. [2]

The victim impact evidence presented in *Jones v. United States* regarding the victim's personal characteristics and the impact of the offense on her family evidently came from persons who were not present at the crime and involved matters not known to the defendant at the time of the crime, there being no suggestion that anyone else was present when the victim was murdered or that the defendant previously knew the victim. *Id.* at 2096 In light of the Court's statement

---

[2]See *United States v. Battle*, 173 F. 3d 1343, 1348-50 (11th Cir. 1999)(affirming death sentence under FDPA; holding that brief, non-inflammatory victim impact testimony of prison guards [evidently not present at the crime] as to effects of victim prison guard's death and impact of death sentence at prison was relevant and permissible); *United States v. Hall*, 152 F. 2d 381, 404-07 (5th Cir. 1998)(affirming death sentence under FDPA; holding victim impact evidence may be presented in penalty phase and admission of non-testimonial victim impact statements, as opposed to live testimony, from victim's relatives [evidently not present at the crime] harmless), cert. denied, 526 U.S. 1117 (1999); accord *United States v. Frank*, 8 F. Supp. 2d 253, 280 (SDNY 1998) (holding FDPA explicitly authorizes evidence of harm to the victim's family); *United States v. Johnson*, 1997 WL 534163, *5 (N.D. Ill. Aug. 20, 1997)(not reported)(same); *United States v. Davis*, 912 F.Supp. 938, 947 (E.D.La. 1996)(same), reversed in part on other grounds, sub. nom., *United States v. Causey*, 185 F. 3d.407 (5th Cir. 1999).

that "[i]n the context of considering the effect of the crime on the victim's family, it would be more natural to understand 'personal characteristics' to refer to those aspect [or traits] of the victim's character and personality that her family would miss the most[,]" *Id..* at 2107, it seems more than fair to say that the Court in *Jones* clearly contemplated that victim impact evidence in a case, like the instant case, under the Federal Death Penalty Act may properly include matters not known to the defendant at the time of the crime and matters presented by persons who were not present at the crime.[3] Thus, the victim impact evidence alleged in this case is proper and permissible under the Federal Death Penalty Act.

2.  **Victim Impact Evidence Should Not Be Treated Differently Than Any Other Relevant Evidence And Special Procedures Are Not Required By Applicable Provisions of the Federal Death Penalty Act Or Decisions of Federal Courts.**

The Defendant asks the Court to invoke special procedures to prevent presentation of emotional or improper victim impact evidence. No such special procedures are required. The Government's selection of victim impact evidence is guided by case law and statute. In accord with *Payne v. Tennessee*, 18 U.S.C. § 3593(a)(2) expressly permits evidence "concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family."

---

[3]Accord *United States v. McVeigh*, 153 F.3d at 1198-99 (sustaining victim impact evidence in guilt phase identifying deceased victims and describing injuries caused by defendant's conduct) and 1216-20 (sustaining victim impact evidence in penalty phase including testimony of relatives [many evidently not present at the crime] of deceased victims regarding last contacts, efforts to discover fate of victims, victim histories, and impact on families). See also *United States v. Barnette*, 211 F.3d 803, 810-11 (4th Cir. 2000)(noting without comment that in the sentencing phase of a federal capital trial seven family members [many evidently not present at the crimes] of the two deceased victims" testified about the effect the killings had on them"; vacating death sentence under FDPA on other grounds).

*Payne v. Tennessee* did not require special procedures, and Justice Rehnquist, writing for the majority, stated that "[t]here is no reason to treat such evidence differently than other relevant evidence." 501 U.S. at 827; see also 501 U.S. at 831 ("Given that victim impact evidence is potentially relevant, nothing in the Eighth Amendment commands that States treat it differently that other kinds of relevant evidence."). Any concern that victim impact evidence–even if emotional–must necessarily be unduly inflammatory is unfounded, as Justice O'Connor concluded in *Payne*, "I do not doubt that the jurors were moved by this testimony–who would not have been? But surely this brief statement did not inflame their passions more than did the facts of the crime." *Id.* at 832.

A hearing out of the presence of the jury is not necessary to determine the sufficiency and reliability of the evidence in aggravation because much aggravating evidence comes out in the guilt phase of the trial, the penalty phase of the trial is an adversary proceeding, and the court can exclude evidence if the probative value is outweighed by the danger or unfair prejudice. United States v. Frank, 8 F. Supp. 2d 253, 278-79 (S.D.N.Y. 1998). In 18 U.S.C. §3593 (c), the statute itself notes that, "(a)t the sentencing hearing, information may be presented as to any matter relevant to the sentence, . . . except that information may be excluded if its probative value is outweighed by the danger of unfair prejudice." Accord *United States v. Beckford*, 964 F. Supp. 993, 1005 (E.D.Va. 1997)(denying a defense motion for a hearing on the evidence in aggravation, using, instead, a proffer from the government).[4] See also United States v. Nguyen, 928 F.Supp.1525, 1550 (D.Kan. 1996)(denying a defense motion for pretrial discovery of

---

[4] In United States v. Davis, 912 F.Supp. 938 (E.D.La 1995), the court ordered a pretrial hearing to determine the reliability and presentation of evidence of non-statutory aggravating factors. However, this was error because the court failed to consider 18 U.S.C. § 3593(c) which provides for making such determinations at the sentencing hearing.

evidence in aggravation), aff'd on other grounds, 155 F.3d 1219 (10th Cir. 1998); United States v. Chanthandara, 928 F. Supp. 1055 (D.Kan. 1996)(same).[5]

The Government respectfully requests that the Court not require the grieving family members and friends to testify twice; once in a separate proceeding for defense benefit, then again in front of the jury. Rather, the Court should treat victim impact evidence the same as other kinds of relevant evidence and base its evidentiary rulings on the evidence presented at the sentencing hearing, as provided by statute. The Court has traditional powers and safeguards to protect any due process concerns without the extreme measure of requiring an entirely separate proceeding before the jury.

WHEREFORE, the government prays that the Defendant's Motion in Limine to Prohibit and/or Limit Victim Impact Evidence should be denied for the foregoing reasons.

Respectfully submitted this, the 12th day of June, 2002.

ROBERT J. CONRAD, JR.
United States Attorney

ANNE M. TOMPKINS
Assistant United States Attorney

by JILL WESTMORELAND ROSE
Assistant United States Attorney

---

[5]But see United States v. Glover, 43 F.Supp.2d 1217 (D.Kan. 1999). The Government submits that Glover was simply wrongly decided on this point, because Glover relies on State v. Muhammad, 145 N.J. 23, 678 A.2d 164 (1996), which interprets a New Jersey statute that is significantly different from 18 U.S.C. §3593(a). The New Jersey statute, unlike the FDPA, permits victim impact evidence in rebuttal only after the defense has presented mitigating evidence. Thus Muhammad is clearly inapposite and reliance theron is clearly misplaced. The Courts interpreting them, which the Defendant's motion virtually ignores.

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2002, the foregoing motion was duly served on the defendant herein by mailing a copy thereof, postage prepaid and properly addressed to defendant's attorneys of record as follows:

Mr. Harold J. Bender
200 North McDowell Street
Charlotte, North Carolina 28204

Ms. Jean B. Lawson
P.O. Box 472106
Charlotte, North Carolina 28247-2106

_____
Assistant United States Attorney

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, N.C.
C2 JUN 12 PM 2: 45
U.S. DIST. COURT
W. DIST. OF N.C.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:97CR23-V |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| AQUILIA MARCIVICCI BARNETTE | ) | |

## GOVERNMENT'S RESPONSE TO MOTION FOR
## ALLOCUTION BY THE DEFENDANT

Comes now the United States of America, by and through Robert J. Conrad, Jr., United States Attorney for the Western District of North Carolina, and says unto the Court the following in response to the defendants Motion to Allocute:

1.    The defendant has requested that he be allowed to allocute before the jury in an unsworn statement without cross-examination during the penalty phase.

2.    The defendant asserts that he has both a statutory and constitutional right to address the jury in this manner.

3.    The Government responds that no such right exists.

### ARGUMENT

In *United States v. Barnette*, 211 F.2d 803 (4th Cir.2000), the Fourth Circuit adopted the Fifth Circuit's holding in *United States v. Hall*, 152 F.3d 381 (5th Cir.1998) in concluding that the Constitution does not afford a criminal defendant the right to make an unsworn statement of remorse before the jury which is not subject to cross-examination. See *Barnette*, 211 F.3d at 820. Further, in dicta, the *Barnette* court went on to state the "neither are we of the opinion that

Rule 32 has such a requirement." *Id.*

Rule 32(c)(3)(C) provides that "before imposing sentence, the court must ... address the defendant personally and determine whether the defendant wishes to make a statement and to present any information in mitigation of the sentence." The defendant, in essence, contends that this Rule renders allocution an empty gesture in capital cases because the district court has no discretion to disregard the jury's recommendation. However, Title 18, United States Code, section 3593(c) counsels against construing Rule 32(c)(3)(C) as establishing any type of unconditional right for the defendant to make an unsworn statement of remorse to the jury. *See Hall*, 152 F.3d at 392. The section sets forth with great specificity the type of information that may be submitted to the jury during the penalty phase of a capital trial, and the circumstances under which it may be presented.

There is no impediment to the Defendant testifying in mitigation during the penalty phase of his trial, so long as that testimony is subject to cross examination. Further, to adopt the Defendant's argument to construe Rule 32(c)(3)(C) as creating a *per se* right of unsworn allocution before the jury that is not subject to cross-examination would in no way increase the accuracy and reliability of the capital sentencing process. *Id*; see also, *United States v. Johnson*, 136 F.Supp.2d 553, 566 (WDVA 2001).

The defendant alleges that denial of allocution before the jury, prior to deliberations abrogates his Constitutional right to a meaningful opportunity to present a complete defense. However, in this case, the defendant is not being denied the opportunity to be heard. Rather, through sworn testimony subject to cross-examination, the defendant will be afforded a "meaningful opportunity" to invoke the discretion of the sentencing jury if he chooses to testify in mitigation. Further, the Defendant will, in accordance with Rule 329c)(3)(C) , be granted his statutory right to allocute before the imposition of his sentence by this Court. Through these procedures, the Defendant's right to due process will be fully satisfied. *Id.*

For the foregoing reasons, the Government respectfully requests that the Court deny the

defendant's motion for allocution.

This, the 12th day of June, 2002.

ROBERT J. CONRAD, JR.
UNITED STATES ATTORNEY

ANNE M. TOMPKINS
ASSISTANT U.S. ATTORNEY

JILL WESTMORELAND ROSE
ASSISTANT U.S. ATTORNEY

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of June, 2002, the foregoing motion was duly served on the defendant herein by mailing a copy thereof, postage prepaid and properly addressed to defendant's attorneys of record as follows:

Mr. Harold J. Bender
200 North McDowell Street
Charlotte, North Carolina 28204

Ms. Jean B. Lawson
P.O. Box 472106
Charlotte, North Carolina 28247-2106

_____
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Case Number: 3:97CR-23-V

UNITED STATES OF AMERICA )
)
)
) **ORDER**
)
AQUILIA MARCIVICCI BARNETTE, )
**Defendant** )
)

FILED
CHARLOTTE, N. C.
CHARLOTTE, N. C.
JUL 1 8 2002
U. S. DISTRICT COURT
W.DIST. OF N. C.

This matter is before the Court upon Defendant's Motion for Allocution. Defendant moves that he be allowed to make a statement to the sentencing jury before the Court instructs the jury on the law and before the jury begins deliberations as to punishment. Defendant argues that he has a right to make a statement to the sentencing jury pursuant to Federal Rule of Criminal Procedure 32(c)(3)(C). The Government responds that Defendant has no statutory or constitutional right to address the jury in an unsworn statement without cross-examination during the penalty phase.

The Fourth Circuit Court of Appeals decided this issue on Defendant's direct appeal following his original conviction and sentencing in this matter. The Fourth Circuit found that Rule 32 does not "answer the question of whether a defendant has a right to address members of the jury, as opposed to the sentencing judge, before they retire to determine the sentence." *United States v. Barnette*, 211 F.3d 803, 820 (4th Cir. 2000). Therefore, the Fourth Circuit looked to a case directly on point, *United States v. Hall*, 152 F.3d 381 (5th Cir. 1998), *cert. denied*, 526 U.S. 1117, 119 S.Ct. 1767, 143 L.Ed.2d 797 (1999), in determining whether Defendant has the right to address the sentencing jury. "In that case, the point on appeal was whether or not the criminal defendant had a Constitutional right to make an unsworn statement of remorse before the jury

which was not subject to cross examination. The court held that he did not, and we follow that case. Neither are we of the opinion that Rule 32 has such a requirement." *United States v. Barnette*, 211 F.3d 803, 820 (4th Cir. 2000).

IT IS THEREFORE ORDERED that the Motion for Allocution by the Defendant is hereby DENIED.

This the 18 day of June, 2002.

RICHARD L. VOORHEES
UNITED STATES DISTRICT COURT JUDGE

United States District Court
for the
Western District of North Carolina
June 18, 2002

\* \* MAILING CERTIFICATE OF CLERK \* \*

Re:  3:97-cr-00023

True and correct copies of the attached were mailed by the clerk to the
following:

        Gretchen C. F. Shappert, Esq.
        United States Attorney
        Suite 1700
        Carillon Bldg.
        227 W. Trade St.
        Charlotte, NC  28202

        Anne M. Tompkins, Esq.
        U.S. Attorney's Office
        227 W. Trade St.
        Carillon Bldg., Suite 1700
        Charlotte, NC  28202

        Jean B. Lawson, Esq.
        P. O. Box 472106
        Charlotte, NC  28226

        Harold J. Bender, Esq.
        Law Offices of Harold J. Bender
        200 N. McDowell St.
        Charlotte, NC  28204

cc:
Judge                       ( )
Magistrate Judge            ( )
U.S. Marshal                (✔)
Probation                   (✔)
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Court Reporter              ( )
Courtroom Deputy            ( )
Orig-Security               ( )
Bankruptcy Clerk's Ofc.     ( )
Other_____        ( )

Date: 6/15/12

Frank G. Johns, Clerk

By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### Case Number: 3:97CR-23-V

UNITED STATES OF AMERICA )
)
)
) **ORDER**
)
AQUILIA MARCIVICCI BARNETTE, )
Defendant )
)

F I L E D
CHARLOTTE, N. C.

⋯ 0 1 2002

U. S. ⋯⋯⋯ COURT
⋯ ⋯⋯ ⋯ N. C.

This matter is before the Court upon Defendant's Motion in Limine for an Order
prohibiting the Government from using victim impact evidence in this resentencing matter. The
Defendant argues that admission of victim impact statements would prejudice the Defendant if
emotional testimony is allowed concerning victims' lives which are not relevant to any
aggravating factor. In the alternative, the Defendant moves that the Court hold a hearing outside
the presence of the jury to determine the prejudicial effect of victim impact evidence. The
Defendant argues that 18 U.S.C. § 3592(c), which contains a list of the Federal Death Penalty
Act's statutory aggravating factors, does not specifically recognize victim impact evidence as an
aggravating factor.

The Government has responded in opposition to this motion. The Government argues
that victim impact is a permissible non-statutory aggravating factor, and that a pretrial hearing is
not required to assess the prejudicial effect of victim impact evidence.

The Federal Death Penalty Act specifically states that aggravating factors in capital
sentencings "may include factors concerning the effect of the offense on the victim and the
victim's family, and may include oral testimony, a victim impact statement that identifies the
victim of the offense and the extent and scope of the injury and loss suffered by the victim and

the victim's family." 18 U.S.C. § 3593(a). Pursuant to the requirements set forth in 18 U.S.C. § 3593(a), the Government gave notice of their planned use of victim impact as a non-statutory aggravating factor in their Notice of Intent to Seek the Death Penalty, filed August 7, 1997 and reaffirmed by a Notice filed July 30, 2001. The victim impact alleged in the Notice of Intent to Seek the Death Penalty is also in accord with applicable federal case law. See *Payne v. Tennessee*, 111 S.Ct. 2597 (1991); *Jones v. United States*, 119 S.Ct. 2090 (1999).

Furthermore, the Supreme Court, in holding that there was no *per se* bar to the admission of victim impact evidence in *Payne v. Tennessee*, stated that "[t]here is no reason to treat such evidence differently than other relevant evidence is treated." 501 U.S. at 827. That language supports a finding that a hearing out of the presence of the jury is not necessary at this time to determine the prejudicial effect of victim impact evidence.

The Court notes that 18 U.S.C. § 3593(c) specifically states that information relevant to an aggravating factor in a federal capital sentencing proceeding is "admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." Application of that clause will adequately protect the Defendant's interests. Moreover, the Court is mindful that it would be unnecessarily burdensome for victim family witnesses, for example, to testify twice, first at voir dire and again before the jury. Such witnesses may have already testified at the first trial and the transcripts thereof provide counsel with advance notice of the likely content of their testimony. The Court will take such steps during the sentencing hearing as may be necessary or advisable to determine whether the probative value of certain relevant evidence would be outweighed by the danger of unfair prejudice.

It is THEREFORE ORDERED that Defendant's Motion for an order prohibiting the

Government from introducing any victim impact evidence and for a hearing outside the presence

of the jury as to the prejudicial effect of such evidence is DENIED.

This the 21 st day of June, 2002.

RICHARD L. VOORHEES
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No. 3:97CR-23 |
| v. | ) | |
| | ) | |
| AQUILIA MARCIVICCI BARNETTE, | ) | |
| Defendant | ) | |
| | ) | |

## MOTION FOR RELIEF PURSUANT TO RING v. ARIZONA

NOW COMES defendant Aquilia Marcivicci Barnette, by and through his undersigned

counsel, and respectfully requests that the Court grant him relief pursuant to the dictate of the

United States Supreme Court in Ring v. Arizona, ___ U.S.___, 2002 WL 1357257 (June 24,

2002) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This

request is also made pursuant to the Fifth, Sixth and Eighth Amendments to the Constitution of

the United States.

In support of this Motion the undersigned show unto the Court:

1. On February 4, 1997, the United States sought and obtained an indictment charging the

   defendant with violations of the following statutes: 18 U.S.C. §§ 2261(a)(1) and b (2

   counts; 18 U.S.C. § 924(c)(1); 18 U.S.C. § 844; 18 U.S.C. § 922; 26 U.S.C. §§ 5861(f)

   and 5871; 18 U.S.C. §§ 922(g) and 924(e); 18 U.S.C. § 2119(3); 18 U.S.C. §§ 924(c) and

   (I) (2 counts; and 18 U.S.C. § 2312(i).

   A copy of the indictment is attached hereto and incorporated herein as Exhibit 1.

2. On August 7, 1997, the United States Attorney filed a document entitled, "Notice of Intent

   to Seek the Death Penalty", pursuant to Title 18, Section 3593(a).

3. Regardless of the facts and circumstances of the case, the issue of death would not be a sentencing option in these cases and for this defendant in the absence of the Notice of Intent to Seek the Death Penalty.

4. On January 27, 1998, the matters alleged in the indictment were put before a jury and the defendant was convicted on all counts alleged in the indictment. Thereafter, a sentencing hearing was held upon the government's discretionary request for an aggravated punishment and the defendant was sentenced to death by the jury on three of the counts charged in the indictment.

5. On May 2, 2000, the United States Court of Appeals for the Fourth Circuit remanded the defendant's cases for resentencing, due to an error committed in the trial.

6. On July 30, 2001, the government filed a "Reaffirmation of Intent to Seek the Death Penalty", again pursuant to 18 USC Section 3593(a). This discretionary act by the government again triggered a proceeding whereby the government seeks an aggravated sentence for the defendant.

7. At no time has a Grand Jury considered the matters alleged by the government to be aggravating and, thus triggering its attempt to seek an aggravated sentence for the defendant.

8. A sentence of death is an aggravated sentence for the crimes for which the defendant was convicted.

9. The United States Supreme Court has held that the Sixth Amendment does not permit a defendant to be "exposed ... to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict alone".
Apprendi v. New Jersey, 530 U.S. 466, 483, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

# CERTIFICATE OF SERVICE

I, Harold J. Bender, do hereby certify that I have served a copy of the foregoing

Motion for Relief Pursuant to <u>Ring v. Arizona</u> upon the following by depositing a copy of the

same in the United States Mail, postage prepaid, and addressed to:

Ms. Anne Tompkins
Assistant United States Attorney
United States Attorney's Office
Suite 1700, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202

This the _____ day of July, 2002.

Harold J. Bender
Bender, Barnett & Falls
200 North McDowell Street
Charlotte, North Carolina 28204
704-333-2169
Attorney for Defendant BARNETTE

**COPY**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No. 3:97CR-23 |
| v. | ) | |
| | ) | |
| AQUILIA MARCIVICCI BARNETTE, | ) | |
| Defendant | ) | |
| | ) | |

### MOTION FOR RELIEF PURSUANT TO RING v. ARIZONA

NOW COMES defendant Aquilia Marcivicci Barnette, by and through his undersigned counsel, and respectfully requests that the Court grant him relief pursuant to the dictate of the United States Supreme Court in Ring v. Arizona, ____ U.S.____, 2002 WL 1357257 (June 24, 2002) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This request is also made pursuant to the Fifth, Sixth and Eighth Amendments to the Constitution of the United States.

In support of this Motion the undersigned show unto the Court:

1. On February 4, 1997, the United States sought and obtained an indictment charging the defendant with violations of the following statutes: 18 U.S.C. §§ 2261(a)(1) and b (2 counts; 18 U.S.C. § 924(c)(1); 18 U.S.C. § 844; 18 U.S.C. § 922; 26 U.S.C. §§ 5861(f) and 5871; 18 U.S.C. §§ 922(g) and 924(e); 18 U.S.C. § 2119(3); 18 U.S.C. §§ 924(c) and (I) (2 counts; and 18 U.S.C. § 2312(i).

   A copy of the indictment is attached hereto and incorporated herein as Exhibit 1.

2. On August 7, 1997, the United States Attorney filed a document entitled, "Notice of Intent to Seek the Death Penalty", pursuant to Title 18, Section 3593(a). A copy of that Notice is attached hereto and incorporated herein as Exhibit 2.

**102A**

3. Regardless of the facts and circumstances of the case, the issue of death would not be a sentencing option in these cases and for this defendant in the absence of the Notice of Intent to Seek the Death Penalty.

4. On January 27, 1998, the matters alleged in the indictment were put before a jury and the defendant was convicted on all counts alleged in the indictment. Thereafter, a sentencing hearing was held upon the government's discretionary request for an aggravated punishment and the defendant was sentenced to death by the jury on three of the counts charged in the indictment.

5. On May 2, 2000, the United States Court of Appeals for the Fourth Circuit remanded the defendant's cases for resentencing, due to an error committed in the trial.

6. On July 30, 2001, the government filed a "Reaffirmation of Intent to Seek the Death Penalty", again pursuant to 18 USC Section 3593(a). This discretionary act by the government again triggered a proceeding whereby the government seeks an aggravated sentence for the defendant. (See attached Exhibit 3)

7. A sentence of death is an aggravated sentence for the crimes for which the defendant was convicted.

8. At no time did the government submit the matters alleged to be aggravating (i.e., those contained in its Notice of Intent to Seek the Death Penalty, Exhibit 2) to a grand jury.

9. The government has neither sought, nor obtained, a grand jury indictment alleging any of the aggravating factors upon which the government relies in seeking death.

$$102 \beta$$

10. The United States Supreme Court has held that the Sixth Amendment does not permit a defendant to be "exposed ... to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict alone". Apprendi v. New Jersey, 530 U.S. 466, 483, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

11. The United States Supreme Court has now issued its opinion in Ring v. Arizona, ____ U.S.____, 2002 WL 1357257 (June 24, 2002), holding that capital sentencing aggravators "operate as 'the functional equivalent of an element of a greater offense,' (citing Apprendi), and therefore the Sixth Amendment requires that they be found by a jury." Also, the United States Supreme Court has remanded the case of United States v. Allen, ____ U.S. ____, 2002 WL 1393602 (June 28, 2002) in light of Ring.

12. The Fifth Amendment to the United States Constitution provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime unless on a presentment or indictment of a grand jury . . ." The Sixth Amendment Notice and Jury Trial guarantees require penalty enhancements be charged in the Indictment.

13. A grand jury could have refused to find probable cause to indict the defendant on elements that could aggravate the defendant's sentence. By failing to allege those matters to the grand jury, the government waived any aggravated sentence which is now alleged in its Notice (Exhibits 2 and 3). The government's failure to do so deprives the defendant of his right to grand jury determination of the charge on which he is about to be tried in violation his Fifth and Sixth Amendment rights.

WHEREFORE, the undersigned respectfully pray:

1. That the Court strike the government's Notice of Intent to Seek the Death Penalty;

102 C

2. That the Court impose non-aggravated sentences due to the constitutional insufficiency of the government's attempt to secure aggravated sentences;

3. That the Court deem the Death Notice to be not properly pled and void due to lack of inclusion in the Indictment;

4. That the Court prohibit the government from introducing aggravating circumstances to the jury;

5. For such other relief as is justified and appropriate.

Respectfully submitted on this the ___ 2 ___ day of July, 2002.

Jean B. Lawson
PO Box 472106
Charlotte, NC 28247
(704) 341-1865

Harold J. Bender
200 N. McDowell Street
Charlotte, NC 28204
(704) 333-2169

ATTORNEYS FOR AQUILIA MARCIVICCI BARNETTE

102 Λ

# CERTIFICATE OF SERVICE

I, Harold J. Bender, do hereby certify that I have served a copy of the foregoing

Motion for Relief Pursuant to Ring v. Arizona upon the following by depositing a copy of the

same in the United States Mail, postage prepaid, and addressed to:

Ms. Anne Tompkins
Assistant United States Attorney
United States Attorney's Office
Suite 1700, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202

This the ____ day of July, 2002.

Harold J. Bender
Bender, Barnett & Falls
200 North McDowell Street
Charlotte, North Carolina 28204
704-333-2169
Attorney for Defendant BARNETTE

102 E

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA U.S. DISTRICT COURT
CHARLOTTE DIVISION       W. DIST. OF N.C.

| | |
|---|---|
| UNITED STATES OF AMERICA )<br><br>)<br>)<br>)<br>)<br>)<br>)<br>)       v.       )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>AQUILIA MARCIVICCI BARNETTE )<br>_____ ) | DOCKET NO. 3:97CR23 - P<br><br>**BILL OF INDICTMENT**<br><br>Violations:<br>    18 U.S.C. § 844(h)(1)&(2)<br>    18 U.S.C. § 922(a)(6)<br>    18 U.S.C. § 922(g)(1)<br>    18 U.S.C. § 924<br>    18 U.S.C. § 924(c)(1)<br>    18. U.S.C. § 924(i)2(1)<br>    18 U.S.C. § 2119(3)<br>    18 U.S.C. § 2261(a)(1)<br>    18 U.S.C. § 2312<br>    26 U.S.C. § 5861(f) |

## THE GRAND JURY CHARGES:

### COUNT ONE

On or about the 30th day of April, 1996 in Mecklenburg County, in the Western District of North Carolina and in the Western District of Virginia, the defendant

### AQUILIA MARCIVICCI BARNETTE

did travel across a state line, that is, did transport himself from Charlotte, North Carolina to Roanoke, Virginia with the intent to injure, harass, and intimidate an intimate partner, Robin Williams, and in the course and as a result of such travel intentionally committed a crime of violence, that is, did firebomb Robin Williams' occupied apartment and an automobile parked in her driveway causing bodily injury to her.

In violation of Title 18, United States Code, Sections 2261(a)(1) and 2261(b).

## COUNT TWO

On or about the 30th day of April, 1996, in Mecklenburg County in the Western District of North Carolina and in the Western District of Virginia, the defendant,

**AQUILIA MARCIVICCI BARNETTE**

knowingly used and carried a firearm, that is a destructive device, consisting of a bottle filled with flammable liquid, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, an act of interstate domestic violence in violation of Title 18, United States Code, Section 2261 as set forth in Count One.

In violation of Title 18, United States Code, Section 924(c)(1).

## COUNT THREE

On or about the 30th day of April, 1996, in Mecklenburg County in the Western District of North Carolina and the Western District of Virginia, the defendant,

**AQUILIA MARCIVICCI BARNETTE**

knowingly used and carried fire and explosive materials, to commit an act of interstate domestic violence in violation of Title 18, United States Code, Section 2261, a felony prosecutable in a court of the United States.

In violation of Title 18, United States Code, Section 844(h)(1).

## COUNT FOUR

On or about the 21st day of May, 1996, in Mecklenburg County in the Western District of North Carolina, the defendant,

**AQUILIA MARCIVICCI BARNETTE**

in connection with his acquisition of a firearm, a Winchester semi-automatic shotgun, from Quik Pawn Shop, a licensed firearms dealer, knowingly made false and fictitious statements which were likely to deceive Quik Pawn Shop as to a fact material to the lawfulness

2

of such acquisition of said firearm by the defendant under chapter 44 of Title 18, in that the defendant represented that he was Mario Vonkeith Barnette and that he had not been convicted of a crime punishable by imprisonment for a term exceeding one year, when in fact, as the defendant then well knew, he was not Mario Vonkeith Barnette and, he had been so convicted.

In violation of Title 18, United States Code, Sections 922(a)(6) and 924.

## COUNT FIVE

Between May 21, 1996 and June 22, 1996, exact date unknown, in Mecklenburg County within the Western District of North Carolina, the defendant,

### AQUILIA MARCIVICCI BARNETTE

knowingly made a firearm, that is he did saw off a portion of the barrel of a Winchester shotgun, without complying with the provisions of the National Firearms Act Contained in Chapter 53 of Title 26 of the United States Code.

In violation of Title 26, United States Code, Sections 5821, 5822, 5861(f), and 5871.

## COUNT SIX

On or about the 22d day of June, 1996, in Mecklenburg County within the Western District of North Carolina, the defendant,

### AQUILIA MARCIVICCI BARNETTE

having been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: in case # 76063 on September 20, 1994 in Mecklenburg County Superior Court of the crime of Felonious Restraint, did knowingly possess a firearm, that is a Winchester semi-automatic shotgun, which had been shipped and transported in interstate or foreign commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924.

3

105

DOCKET NO. 3:97CR23
U.S.A. v. AQUILIA MARCIVICCI BARNETTE

## COUNT SEVEN

On or about June 22, 1996, in Mecklenburg County within the Western District of North Carolina, the defendant,

### AQUILIA MARCIVICCI BARNETTE

with intent to cause death or serious bodily harm, did knowingly, willfully and unlawfully take by force, violence and intimidation, that is, he shot to death and took from the person of Donald Lee Allen, a motor vehicle which had been shipped, transported and received in interstate or foreign commerce, that is a 1994 Honda Prelude, Vehicle Identification No. JHMBA8142RC004261.

In violation of Title 18, United States Code, Section 2119(3).

## COUNT EIGHT

On or about the 22d day of June, 1996, in Mecklenburg County in the Western District of North Carolina, the defendant,

### AQUILIA MARCIVICCI BARNETTE

knowingly used and carried a firearm, that is a sawed-off Winchester semi-automatic shotgun, during and in relation to a crime of violence, for which he may be prosecuted in a court of the United States, that is, the carjacking set forth in Count Seven above, and in the course of this violation caused the death of Donald Lee Allen, through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Donald Lee Allen by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation.

In violation of Title 18, United States Code, Sections 924(c)(1) and (i)2(1).

## COUNT NINE

On or about the 22d day of June, 1996, in Mecklenburg County within the Western District of North Carolina, and elsewhere the defendant,

### AQUILIA MARCIVICCI BARNETTE,

4

DOCKET NO. 3:97CR23
U.S.A. v. AQUILIA MARCIVICCI BARNETTE

did unlawfully transport in interstate commerce a stolen motor vehicle, that is, a 1994 Honda Prelude, Vehicle Identification No. JHMBA8142RC004261, from the State of North Carolina to the Commonwealth of Virginia, knowing the same to be stolen.

In violation of Title 18, United States Code, Section 2312.


## COUNT TEN

On or about the 22d day of June, 1996 in Mecklenburg County, in the Western District of North Carolina and in the Western District of Virginia, the defendant

### AQUILIA MARCIVICCI BARNETTE

did travel across a state line, that is, did transport himself from Charlotte, North Carolina to Roanoke, Virginia with the intent to injure, harass, and intimidate an intimate partner, Robin Williams, and in the course and as a result of such travel intentionally committed a crime of violence, that is, shot and killed Robin Williams causing bodily injury and death to her.

In violation of Title 18, United States Code, Sections 2261(a)(1) and 2261(b).


## COUNT ELEVEN

On or about the 22d day of June, 1996, in Mecklenburg County in the Western District of North Carolina and in the Western District of Virginia, the defendant,

### AQUILIA MARCIVICCI BARNETTE

knowingly used and carried a firearm, that is a sawed-off Winchester semi-automatic shotgun, during and in relation to a crime of violence, for which he may be prosecuted in a court of the United States, that is the act of interstate domestic violence set forth in Count Ten above, and in the course of this violation caused the death of Robin Williams, through the use of a firearm,

5

which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Robin Williams by shooting her with the firearm willfully, deliberately, maliciously, and with premeditation.

In violation of Title 18, United States Code, Sections 924(c)(1) and (i)2(1).

A TRUE BILL:

FOREMAN

MARK T. CALLOWAY
United States Attorney

Robert J. Conrad, Jr.
Assistant United States Attorney
Chief, Criminal Division

Thomas G. Walker
Assistant United States Attorney

6

# EXHIBIT 2

F I L E D
CHARLOTTE, N.C.

AUG. 7. 1997

U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

UNITED STATES OF AMERICA ) DOCKET NO. 3:97CR23-P
)
) **NOTICE OF INTENT TO**
v. ) **SEEK THE DEATH PENALTY**
)
)
AQUILIA MARCIVICCI BARNETTE )
_____ )

COMES NOW, the United States of America, pursuant to 18 U.S.C. § 3593(a), by and through its undersigned counsel, and notifies the Court and the defendant in the above-captioned case that the Government believes the circumstances of the offenses charged in Counts Seven, Eight, and Eleven are such that, in the event of conviction, a sentence of death is justified under Chapter 228 (Sections 3591 through 3598) of Title 18 of the United States Code, and that the Government will seek a sentence of death for each of these offenses: Count Seven, carjacking resulting in the death of Donald Lee Allen, in violation of 18 U.S.C. § 2119(3); Count Eight, use and carrying a firearm in a carjacking resulting in death, in violation of 18 U.S.C. § 924(c) and (j)[1]; and Count Eleven, use and carrying a firearm during a crime of violence which resulted in the death of Robin Williams, in violation of 18 U.S.C. § 924(c) and (j), 18 U.S.C. § 2261(a)(1) and (b).

I.     As to the murder of Donald Lee Allen, as charged in Counts Seven and Eight, the Government proposes to prove the following factors as justifying a sentence of death.

_____

[1]Counts Eight and Eleven charge a violation of Section 924(i)2(1). That section has been recodified as Section 924(j) and will be referenced as such in this Notice.

A.  Statutory Proportionality Factors Enumerated Under 18 U.S.C. § 3591(a)(2)(A)-(D).

1.  INTENTIONAL KILLING. The defendant intentionally killed Donald Lee Allen. Section 3591(a)(2)(A).

2.  INTENTIONAL INFLICTION OF SERIOUS BODILY INJURY. The defendant intentionally inflicted serious bodily injury that resulted in the death of Donald Lee Allen. Section 3591(a)(2)(B).

3.  INTENTIONAL ACTS TO TAKE LIFE OR USE LETHAL FORCE. The defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Donald Lee Allen died as a direct result of the act. Section 3591(a)(2)(C).

4.  INTENTIONAL ENGAGEMENT IN ACT OF VIOLENCE. The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants of the offense, such that participation in the act constituted a reckless disregard for human life and the victim, Donald Lee Allen, died as a direct result of the act. Section 3591(a)(2)(D).

B.  Statutory Aggravating Factors Enumerated Under 18 U.S.C. § 3592(c).

1.  PECUNIARY GAIN. The defendant committed the offense in expectation of the receipt of something of pecuniary value. Section 3592(c)(8).

2.  SUBSTANTIAL PLANNING AND PREMEDITATION. The defendant committed the offense after substantial planning and premeditation to cause the death of Donald Lee Allen. Section 3592(c)(9).

2

3.      MULTIPLE INTENTIONAL KILLINGS IN A SINGLE CRIMINAL EPISODE. The defendant intentionally killed or attempted to kill more than one person in a single criminal episode. Section 3592(c)(16).

C.    Other, Non-Statutory, Aggravating Factors Identified Under 18 U.S.C. § 3593(a)(2).

1.      VICTIM IMPACT. Donald Lee Allen's personal characteristics and the harmful effect and scope of the instant offenses on the Allen family. 18 U.S.C. § 3593(a)(2) and *Payne v. Tennessee*, 501 U.S. 808, 111 S. Ct. 2597 (1991).

II.    As to the murder of Robin Williams, as charged in Count Eleven, the Government proposes to prove the following factors as justifying a sentence of death.

A.    Statutory Proportionality Factors Enumerated Under 18 U.S.C. § 3591(a)(2)(A).

1.      INTENTIONAL KILLING. The defendant intentionally killed Robin Williams. Section 3591(a)(2)(A).

2.      INTENTIONAL INFLICTION OF SERIOUS BODILY INJURY. The defendant intentionally inflicted serious bodily injury that resulted in the death of Robin Williams. Section 3591(a)(2)(B).

3.      INTENTIONAL ACTS TO TAKE LIFE OR USE LETHAL FORCE. The defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force be used in connection with a person, other than one of the participants in the offense, and Robin Williams died as a direct result of the act. Section 3591(a)(2)(C).

3

Case 3:12-cv-00327-MOC    Document 99    Filed 09/23/15    Page 128 of 200

**112**

4.      INTENTIONAL ENGAGEMENT IN ACT OF VIOLENCE. The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants of the offense, such that participation in the act constituted a reckless disregard for human life, and the victim, Robin Williams, died as a result of the act. Section 3591(a)(2)(D).

B.      Statutory Aggravating Factors Enumerated Under 18 U.S.C. § 3592(c).

1.      GRAVE RISK OF DEATH TO ADDITIONAL PERSONS. The defendant, in the commission of the offenses, or in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense. Section 3592(c)(5).

2.      SUBSTANTIAL PLANNING AND PREMEDITATION. The defendant committed the offense after substantial planning and premeditation to cause the death of Robin Williams. Section 3592(c)(9).

3.      MULTIPLE INTENTIONAL KILLINGS KILLINGS IN A SINGLE CRIMINAL EPISODE. The defendant killed or attempted to kill more than one person in a single criminal episode. Section 3592(c)(16).

C.      Other Non-Statutory, Aggravating Factors Identified Under 18 U.S.C. § 3593(a)(2).

1.      VICTIM IMPACT. Robin Williams' personal characteristics and the harmful effect and scope of the instant offenses on the Williams' family. 18 U.S.C. § 3593(a)(2) and *Payne v. Tennessee*, 501 U.S. 808, 111 S. Ct. 2597(1991).

4

III.     Additional non-statutory aggravating factors applicable to both the murder of Allen, as charged in Counts Seven and Eight, and the murder of Williams, as charged in Count Eleven, identifiable under 18 U.S.C. § 3593(a)(2).

A.      FUTURE DANGEROUSNESS OF THE DEFENDANT. The defendant, who has committed a pattern of violence towards others, is likely to commit criminal acts of violence in the future which would be a continuing and serious threat to society. *Simmons v. South Carolina*, 114 S. Ct. 2187, 2193 (1994).

1.      Other Acts of Violence. The defendant has committed, attempted to commit, and/or threatened to commit other acts of violence, in addition to the capital offense(s) committed in this case and the statutory factors alleged in this Notice, including but not limited to one or more of the following:

a.      In or about 1990, Natasha Heard lived with the defendant in Newnan, Georgia. During this co-habitation, Heard and the defendant had two children. Throughout this relationship, the defendant was physically abusive towards Heard. Before giving birth to their daughter, the defendant slammed Heard onto a concrete area. This violent act by the defendant occurred when Heard was six months pregnant. This assault was one of many beatings inflicted by the defendant upon Heard during and after their dating relationship and co-habitation.

b.      On or about May 2, 1992, in Newnan, Georgia, the defendant used a .22 caliber handgun to shoot Anthony Britt. This offense resulted in the defendant's conviction for Pointing a Firearm at Another.

5

c.    On or about January 23, 1993; in Newnan, Georgia, the defendant used a coat hanger to beat the infant children of Crystal Dennis. This resulted in the defendant's conviction for two counts of Felonious Cruelty to Children. At the time of the beatings, the defendant was in a dating relationship with Dennis. Throughout the course of their dating relationship, the defendant behaved violently and on numerous times assaulted Dennis.

d.    On or about November 9, 1993, the defendant broke into an apartment occupied by Alesha Chambers. Chambers at the time was the defendant's girlfriend. On that date the defendant forcibly entered the residence, removed Chambers and threatened to kill her.

e.    On or about November 12, 1993, the defendant waited for Alesha Chambers at a bus stop in Charlotte, North Carolina. The defendant grabbed Chambers, held a knife to her throat and threatened to kill her. The defendant was convicted in the Superior Court of Mecklenburg County for the crime of Felonious Restraint.

f.    On or about March 15, 1994, the defendant used a baseball bat to assault Alesha Chambers.

g.    On or about March 25, 1994, the defendant forced Alesha Chambers to leave her residence, sexually assaulted Chambers and threatened to kill her.

6

2. <u>Low Rehabilitative Potential</u>. As a result of his prior criminal conduct and convictions, the defendant has been incarcerated and served probationary sentences. The efforts and treatments to rehabilitate the defendant and/or deter him from violent conduct have failed.

B. THE DEFENDANT KILLED TWO PEOPLE. The defendant killed Donald Lee Allen and Robin Williams. This aggravating factor is listed in the alternative to the aggravating factor under Section 3592(c)(16) previously referenced in Sections I and II of this Notice.

RESPECTFULLY SUBMITTED, this the __7__ day of August, 1997.


_____
MARK T. CALLOWAY
United States Attorney

_____
ROBERT J. CONRAD, JR.
Assistant United States Attorney
Chief, Criminal Division

_____
THOMAS G. WALKER
Assistant United States Attorney

Certified to be a true and correct copy of the original.
U. S. District Court
Frank G. Johns, Clerk
Western Dist. of N. C.
By_____
                    Deputy Clerk
Date___8-7-97___

7

Case 3:12-cv-00327-MOC    Document 29    Filed 09/23/15    Page 133 of 200

FILED
CHARLOTTE, N.C.

01 JUL 30 PM 4: 13

U.S. DIST. COURT
W. DIST. OF N.C.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:97CR23-V |
| | ) | |
| v. | ) | GOVERNMENT'S REAFFIRMATION |
| | ) | OF INTENTION TO SEEK THE |
| | ) | DEATH PENALTY AND REQUEST |
| AQUILIA MARCIVICCI BARNETTE | ) | FOR A PREEMPTORY TRIAL |
| | ) | SETTING |

NOW COMES the United States of America, by and through Robert J. Conrad, Jr., United States Attorney, and states as follows:

On July 23, 2001, the Capital Crimes Unit of the Department of Justice informed United States Attorney Robert J. Conrad, Jr., that the Department was reaffirming its previous authorization for the government to seek the death penalty in this case.

WHEREFORE, the undersigned respectfully move this Court to calendar this case for sentencing with all due speed. In support of this request, the undersigned state as follows:

1.  The defendant murdered Donald Allen and Robin Williams on or about June 21, 1996.

2.  The government's original Notice of Intention to Seek the Death Penalty was filed on or about August 7, 1997.

3.  The guilt phase of the defendant's trial commenced in this Court on January 21, 1998. No witnesses at trial disputed the facts of the crimes, and the jury found the defendant guilty on each of the eleven counts in the Bill of Indictment.



RLV

4. During the sentencing phase of the trial, the jury unanimously found the existence of all the government's statutory and non-statutory aggravating factors on each of Counts 7, 8 and 11 and determined that these factors outweighed the 29 mitigating factors. The jury unanimously recommended that the Court sentence the defendant to death on the three capital counts in the Bill of Indictment.

5. The defendant appealed his case to the Fourth Circuit Court of Appeals. His conviction was affirmed on May 2, 2000 and his case was remanded to this Court for resentencing.

The undersigned respectfully contend that the ends of justice and the government's interest in finality support an immediate recalendaring of this matter for sentencing.

This the __30__ day of July, 2001.

_____
GRETCHEN C. F. SHAFFER
ASSISTANT UNITED STATES ATTORNEY

_____
ANNE M. TOMPKINS
ASSISTANT UNITED STATES ATTORNEY

2

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the attached Government's Reaffirmation of Intention to Seek the Death Penalty and Request for a Preemptory Trial Setting to the defendant by mailing a copy of it, self-addressed and postage prepaid, to counsel for the defendant at the following address:

Claire J. Rauscher
Attorney at Law
435 East Morehead Street
Charlotte, NC 28202-2609

Jean Lawson
Attorney at Law
P.O. Box 4275
Charlotte, NC 28226-0099

This the 30th day of July, 2001.

PAMELA R. HOLT
Legal Secretary

UNITED STATES OF AMERICA    )
    )    **MEMORANDUM IN SUPPORT**
v.    )    **OF MOTION REGARDING *RING***
    )
AQUILIA MARCIVICCI BARNETTE,    )
    Defendant.    )
_____)

Pending before the Court is the Defendant's Motion to Dismiss the Notice of Intent to Seek Penalty of Death in this case. This Memorandum in Support of the Motion for Relief is filed in light of the Supreme Court's decision in *Ring v. Arizona*, ___ U.S. ___, 2002 U.S. LEXIS 4651, on June 24, 2002 and the remand of *United States v. Allen*, ___ U.S. ___, 2002 WL 1393602.

In *Ring*, the Supreme Court held that, under the Sixth Amendment to the United States Constitution, "Arizona's enumerated aggravating factors operate as 'the functional equivalent of an element of a greater offense.'" 2002 U.S. LEXIS 4651 at *44 (*quoting Apprendi v. New Jersey*, 530 U.S. 466, 494 n.19 (2000)). Consequently, the Sixth Amendment "requires that they be found by a jury." *Id.*, 2002 U.S. LEXIS 4651 at *44.

The Arizona scheme required that, for the defendant to be death eligible, the sentencing judge was required to find at least one enumerated aggravating factor. *See id.*, 2002 U.S. LEXIS 4651 at *17-18. At the sentencing hearing, the judge found two aggravating factors – "that Ring committed the offense in expectation of receiving something of 'pecuniary value, ... [and] that the offense was committed 'in an especially heinous, cruel or depraved manner.'" *Id.*, 2002 U.S.

LEXIS 4651 at *21-22. It was the finding of those factors by a judge alone, consistent with

Arizona law, which the Court found unconstitutional.[1]

*Ring* is fundamentally a decision about the substance of criminal law, not merely

procedures, requiring changes to the elements of death eligible offenses under federal law. It is

clear that, as a result of the need for substantive changes, the current procedures in the FDPA are

unconstitutional and require amendment.

The government in *United States v. Moussaoui* (01-455-A; EDVA) and *United States v.*

*Fell* (___ DVt) has apparently recognized the need to obtain a new indictment alleging

aggravating factors. The complex statutory and constitutional problems posed by *Ring* in relation

to the FDPA are unlikely to be solved by the government's simplistic solution of a superceding

indictment.

Here, the question is whether the grand jury requirement of the Fifth Amendment requires

that the aggravating factors upon which the government intends to rely in seeking the death

penalty against Aquilia Marcivicci Barnette be the subject of grand jury consideration and

indictment. That question plainly must be answered affirmatively. The very premise of the

Court's decision in *Ring* is that, however denoted by the particular statutory scheme, aggravating

factors are "the functional equivalent of elements of the offense." Consequently, those factors

must be presented to the grand jury and included in the indictment. *See Jones v. United States*,

526 U.S. 327, 229 n.6 (1999) (*cited in Ring*, 2002 U.S. LEXIS 4651 at *31)); *Hamling v. United*

*States*, 418 U.S. 87, 117 (1974) (holding that indictment must contain "those words of

---

[1] The FDPA and the Arizona capital scheme are similar in that each lists death as a theoretical sentence in the statute defining the offense, and then includes aggravating factors which are necessary to actually establish death eligibility in a separate statute.

2

themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished"). *See also, United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998) ("To pass constitutional muster, an indictment must "... indicate the exact elements of the offense and fairly inform the defendant of the exact charges, ...").

It is clear that, in light of *Ring* and its necessary implications, the FDPA is unconstitutional on its face. The FDPA does not define aggravating factors as elements of the capital offense and, consequently, does not provide for grand jury consideration of aggravating factors, or for the inclusion of such factors in the indictment. Rather, it treats aggravating factors strictly as "sentencing factors," committing to "the attorney for the government" the sole responsibility for determining which statutory aggravating factors will be included in the Notice of Intent to Seek a Penalty of Death and even what the nonstatutory aggravating factors will be. It therefore commits to the government the ability to determine upon what factors a sentence of death may be predicated, 18 U.S.C. § 3593(a); *Jones v. United States*, 527 U.S. 373, 377 n.2 (1999), subject only to the court's determination of constitutional adequacy. *See, e.g., United States v. Friend*, 92 F. Supp.2d 534, 541-42 (E.D.Va. 2000) (*discussing inter alia Tuilaepa v. California*, 512 U.S. 967, 972 (1994); *Arave v. Creech*, 507 U.S. 463, 474 (1993)). Committing to the prosecution the power to determine what are the "elements" of a capital offense is plainly incompatible with the constitutional rule set forth in *Ring*.

The government in the *Moussaoui* and *Fell* cases is correct in recognizing that aggravating factors in a federal capital prosecution must be approved by the grand jury and included in the indictment. Because *Ring* is, first and foremost, a decision of substantive constitutional criminal

3

law, rather than simply a decision about criminal procedures, it is the legislative branch, *i.e.*, Congress, not the executive or judicial branch, which must correct the constitutional flaws in the statute.

The essence of criminal law is the establishment and definition of criminal offenses and the penalties applicable to them. Ever since the landmark case of *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812) (Marshall, CJ), it has been clear that only Congress is vested with this power. For an act to be criminal, "the legislative authority of the Union must first make an act a crime, fix a punishment to it, and declare the Court that shall have jurisdiction of the offense." "...[N]o one doubts the *power of Congress* to 'create, define, and punish, crimes and offenses, whenever they shall deem it necessary and proper by law to do so." Simply put, "'the power of punishment is vested in the legislative, not in the judicial department.'" *United States v. Laub*, 253 F. Supp. 433, 456 (E.D.N.Y. 1966) (*quoting United States v. Wiltberger*, 5 Wheat. (18 U.S). 76, 95 (1820)). *See also Bousley v. United States*, 523 U.S. 614, 620-21 (1998) ("For under our federal system it is only Congress, and not the courts, which can make conduct criminal") (*citing United States v. Lanier*, 520 U.S. 259, 267-68 n.6 (1997); *Hudson*, 11 U.S. (7 Cranch) at 34). "It requires no further citation to support the equally cardinal principle that the power of punishment is not vested in the executive department." *Laub*, 253 F. Supp. at 456.

The *Ring* Court noted that, in *Jones*, 526 U.S. at 229, it had concluded that the federal carjacking statute, which included higher maximum penalties based on the degree of injury inflicted, defined "three distinct offenses" rather than "a single crime with a choice of three maximum punishments." *Ring*, 2002 U.S. LEXIS 4651 at *30-31. As a result, the Court had concluded that the "facts ... necessary to trigger the escalating maximum penalties fell within the

4

jury's province to decide." *Id.*, 2002 U.S. LEXIS 4651 at *31.

The *Ring* Court was compelled to address in detail the apparent conflict between its decisions in *Apprendi* and *Walton v. Arizona*, 497 U.S. 639 (1990), in which the Court had upheld the same capital sentencing scheme challenged in *Ring*, where the sentencing judge, rather than a jury, had to make the factual findings upon which death eligibility was predicated. *See, Ring*, 2002 U.S. LEXIS 4651 at *27-28. Ultimately, the Court held that *Walton* was incompatible with *Apprendi* and therefore overruled *Walton. See Ring*, 2002 U.S. LEXIS 4651 at *37, 44. In reaching that conclusion, the Court repeatedly noted that its decision was animated by the principle that sentencing factors which increase maximum punishments, however denoted, establish distinct offenses with distinct elements, *see Ring*, 2002 U.S. LEXIS 4651 at *30-39, just as it had concluded in *Jones*. Quoting *Apprendi*, 530 U.S. at 494 n.19, the Court stated that a "sentence enhancement" which increases "the maximum authorized statutory sentence ... is the functional equivalent of an element *of a greater offense* than the one covered by the jury's guilty verdict." *Ring*, 2002 U.S. LEXIS 4651 at *39 (emphasis added). The Court adopted Justice O'Connor's view, also expressed in *Apprendi*, that Arizona's capital murder statute "'authorizes a maximum punishment of death *only in a formal sense.*'" *Ring*, 2002 U.S. LEXIS 4651 at 37 (emphasis added) (*quoting Apprendi*, 530 U.S. at 541 (O'Connor, J., dissenting)). *See also, Ring*, 2002 U.S. LEXIS 4651 at *39 (*quoting Apprendi*, 530 U.S. at 495) ("'Merely because the state legislature placed its hate crime sentence enhancer within the sentencing provisions of the criminal code does not mean that the finding of a biased purpose to intimidate is not an essential element of the offense'").

Thus, *Ring* is not simply a case about rules of criminal procedure. Rather, it addresses the

5

**125**

fundamental criminal law question of whether a fact which increases the maximum punishment applicable to a crime actually creates a new and distinct crime, one which, as noted above, is "a greater offense than the one covered by the jury verdict."

The government in other cases has apparently conceded that the *Ring* trilogy makes new indictments alleging the whole crime, including aggravators, necessary. Regardless of the government's attempts to cure the ill specified by *Ring* by bringing new, compliant indictments prior to trial as in *Moussaoui* and *Fell*, that questionable "patch" cannot apply in this case. The double jeopardy clause of the Fifth Amendment to the Constitution of the United States forbids it.

## CONCLUSION

For the foregoing reasons, in addition to those presented in the Defendant's Motion to Strike Notice of Intent to Seek Penalty of Death, the Court should strike the death penalty in this case and prohibit the government from seeking the death penalty against the Defendant.

Respectfully submitted, this the __11th__ day of July, 2002.

Harold J. Bender
200 N. McDowell Street
Charlotte, NC 28204
(704) 333-2169

Jean B. Lawson
PO Box 472106
Charlotte, NC 28247
(704) 341-1865

ATTORNEYS FOR AQUILIA MARCIVICCI BARNETTE

6

# CERTIFICATE OF SERVICE

I, Harold J. Bender, do hereby certify that I have served a copy of the

foregoing Memorandum in Support of Motion Regarding *Ring* upon the following by depositing

a copy of the same in the United States Mail, postage prepaid, and addressed to:

Ms. Anne Tompkins
Assistant United States Attorney
United States Attorney's Office
Suite 1700, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202

This the _11_ day of July, 2002.

Harold J. Bender
Bender, Barnett & Falls
200 North McDowell Street
Charlotte, North Carolina 28204
704-333-2169
Attorney for Defendant BARNETTE

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:97CR23 |
| | ) | |
| v. | ) | |
| | ) | |
| ACQUILIA MARCIVICCI BARNETTE | ) | |
| | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR RELIEF PURSUANT TO *RING v. ARIZONA*

NOW COMES the United States of America, by and through Robert J. Conrad, Jr., United States Attorney for the Western District of North Carolina, responding to defendant's Motion for Relief Pursuant to *Ring v. Arizona* filed herein on July 2, 2002, and states:

1. The case of *Ring v. Arizona*, __ U.S. __, 122 S.Ct. 2428, 2002 WL 1357257 (June 24, 2002), cited by defendant in support of his motion does not affect the Federal Death Penalty Act of 1994 (codified at 18 U.S.C. 3591-98) and is therefore not applicable to the capital resentencing proceedings in the case at bar. Likewise, *Apprendi v. New Jersey*, 530 U.S. 466 (2000) does not affect the Federal Death Penalty Act of 1994 and affords no relief to the defendant in the subject capital resentencing proceedings.

2. The issue raised in *Ring v. Arizona* "is whether [an] aggravating factor may be found by the judge, as Arizona law specifies, or whether the Sixth Amendment's jury trial guarantee, made applicable to the States by the Fourteenth Amendment, requires that the aggravating factor determination be entrusted to the jury." *Ring*, 2002 WL 1357257, at *9 . The Supreme Court decided the issue by holding that the Arizona statute which allows the trial judge, sitting alone

following a jury adjudication of a defendant's guilt of first-degree murder, to determine the presence or absence of the aggravating factors required by Arizona law for imposition of the death penalty violates the Sixth Amendment right to a jury trial in capital prosecutions; overruling *Walton v. Arizona*, 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990). *Id.* at *1. The Supreme Court also held that "[b]ecause **Arizona's** enumerated aggravating factors operate as 'the functional equivalent of an element of a greater offense,' *Apprendi*, 530 U.S., at 494, n.19, 120 S.Ct. 2348, the Sixth Amendment requires that they be found by a jury." *Id.*

3. The defendant has been convicted of violations of 18 U.S.C. §§ 924(c)(1) and (i)(2)(1)[1] as charged in Counts 7, 8 and 11 of the Bill of Indictment. Title 18 U.S.C. §§ (i)(2)(1) (now 18 U.S.C. § 924(j)) is a substantive offense, not a sentence enhancement or an "aggravated sentence" as contended by the defendant in his motion. *See United States v. Nguyen,* 928 F.Supp. 1525, 1523-33 (D.Kan. 1996) (finding 18 U.S.C. § 924(j) [then designated 924(i)(1) and later redesignated 924(j) without any substantive changes] to be a statutory definition of a capital offense and to be constitutional), *aff'd,* 155 F.3d 1219, 1225-27 (10th Cir. 1998), *cert. denied,* 525 U.S. 1167 (1999).

4. The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const., amend. V. The indictment returned against the defendant on February 4, 1997 sufficiently alleged a capital offense against the defendant upon which he could be tried and, if convicted, could be sentenced to death. The penalties listed for the violations of 18 U.S.C. § 924(j)(1) as charged in Counts 7, 8 and 11 are "death or by imprisonment for any term of years or for life" if the killing is

---

[1]Title 18, United States Code, Section 924(i)(2)(1) has been recodified as Section 924(j).

2

a murder (as defined in section 1111). *Compare* 18 U.S.C. § 924(j)(2) ("if the killing is manslaughter (as defined in section 1112), [shall] be punished as provided in that section").

5. The decision whether to seek the death penalty is firmly within the prosecutor's discretion. *McCleskey v. Kemp*, 481 U.S. 279, 296-97 (1987).

6. The Federal Death Penalty Act (codified at 18 U.S.C. 3591-98) requires the government to file with the court, and to serve on the defendant, a notice of intent to seek the death penalty "a reasonable time before the trial or before acceptance by the court of a plea of guilty." 18 U.S.C. § 3593(a). The notice of intent must (1) include a statement that the government believes the circumstances of the case justify imposing a sentence of death and that if the jury finds the defendant guilty the government will seek a sentence of death and (2) set forth any aggravating factors that the government, if the defendant is convicted, intends to prove as justification for a sentence of death. *Id.* The government's Notice of Intent to Seek the Death Penalty filed on August 7, 1997, and its Reaffirmation of Intent to Seek the Death Penalty filed on July 30, 2001, comply with the requirements of 18 U.S.C. § 3593(a). There is no requirement under 18 U.S.C.§ 3593(a) that a notice of intent to seek the death penalty must be submitted to the grand jury.

7. The Federal Death Penalty Act does not require aggravating factors to be submitted to a grand jury. Such factors only come into play after a grand jury indicts and a petit jury convicts a defendant of the offenses charged. 18 U.S.C. § 3593(b).

8. Aggravating factors, statutory and non-statutory, are determined by the sentencing jury. 18 U.S.C. § 3592.

3

WHEREFORE, the United States respectfully requests the Court to deny the defendant's

Motion for Relief Pursuant to *Ring v. Arizona* in its entirety.

This the _____ 12ᵗʰ _____ day of July, 2002.

ROBERT J. CONRAD, JR.
UNITED STATES ATTORNEY

JILL WESTMORELAND ROSE
ASSISTANT UNITED STATES ATTORNEY

ANNE TOMPKINS
ASSISTANT UNITED STATES ATTORNEY

4

131

## CERTIFICATE OF SERVICE

This is to certify that I have served the opposing parties in this action with a file-stamped copy of the foregoing Government's Response to Defendant's Motion for Relief Pursuant to *Ring v. Arizona*, by depositing in the United States mail a copy of same in a properly addressed envelope, to:

> Mr. Harold Bender
> 200 North McDowell Street
> Charlotte, North Carolina 28204

> Ms. Jean B. Lawson
> Post Office Box 472106
> Charlotte, North Carolina 28247-2106

July 12, 2002

ANN M. TOMPKINS
ASSISTANT UNITED STATES ATTORNE

PROSPECTIVE JUROR: Good afternoon.

THE COURT: I believe your name is Ms. Sanders.

PROSPECTIVE JUROR: That's correct.

THE COURT: Has anything happened since the time you filled out your preliminary questionnaire that might tend to change any of the answers you gave?

PROSPECTIVE JUROR: No.

THE COURT: Okay. Let me ask the attorneys if they would introduce themselves, and I'll ask Ms. Sanders if she knows any of them.

MS. ROSE: Hi. My name is Jill Rose, and I, along with Anne Tompkins, represent the United States in this matter.

PROSPECTIVE JUROR: Okay. I don't know them.

THE COURT: Okay.

MS. LAWSON: I'm Jean Lawson.

MR. BENDER: I'm Harold Bender. Jean and I represent Marc Barnette. We are assisted by David Ball and Debra Miller.

PROSPECTIVE JUROR: No, I don't know them.

THE COURT: All right. Thank you very much. Now that will conclude my questions. I'll ask the government to inquire.

REGINA SANDERS

VOIR DIRE EXAMINATION

BY MS. ROSE:

Q. From the court's instructions this morning, you understand that the previous jury has found this defendant guilty.

A. Yes.

Q. Do you have any difficulty accepting that verdict?

A. Well, I would say somewhat. Not that I -- you know, not being on the first -- or the original trial, but I guess, you know, I would have to accept it.

Q. What about -- what are your concerns about not accepting that verdict? What would concern you about it?

A. Not accepting it. I'm saying not being on the original trial, I guess and not hearing all the details, the facts of the case, you know, the evidence.

Q. Yes, ma'am. Now, of course, at this stage it's just to determine the sentence.

A. Right.

Q. And since guilt has been established, it's going to be a question of the evidence that's put before you here.

A. Uh-huh.

Q. Can you accept that evidence --

A. Yes, I could.

Q. -- as all the evidence that you would need to make a decision?

A. In that case I could, yes.

Q. And the court will instruct you on how to accept that evidence and what -- how you should work through that process. Is that something you could do?

A. I could.

Q. You are self-employed.

A. Part-time, yes.

Q. And you've indicated, however, that is not -- despite working for yourself, that you're not going to be put in too much of a hardship --

A. No.

Q. -- if you're here during the length of this trial.

A. No, it wouldn't be.

Q. You said you do resumes and mailings.

A. You know, general office, I guess, service for individuals, groups, relatives, you know.

Q. Is it just kind of an independent contractor?

A. Entrepreneur from home, yes. Home based.

Q. Folks just contract you to help them pick up office duties or...

A. Like with one organization I do their mailings. Individuals. Could be church bulletins, family reunions, weddings, mailings or, you know, just general...

Q. How do you get those referrals?

A. A lot of them are through friends, relatives, and businesses.

Q. How long have you been doing that type of work?

A. I'd say about two and a half years.

Q. Is that -- that allows you to be available for your children.

A. Yeah. Pretty much, yeah.

Q. Understanding that this is a case wherein there are only two possible verdicts, either life in prison without release or the death penalty, do you have any difficulty sitting on a case of this nature?

A. No.

Q. What is your opinion of the death penalty?

A. I guess depending on the case, you know, it could be applied to one case and not applied to another. I guess it just depends on the case.

Q. Can you listen to the facts and the evidence and the law to make your determination?

A. I believe I could.

Q. You did say in your questionnaire in response to the question of your personal views of the death penalty that you feel the death penalty is applied to certain cases almost automatically and I do have strong feelings about the fairness of the death penalty as applied on an individual case basis. Would you describe that a little more, please.

A. I just feel that some cases and I guess individuals involved in certain cases, it seems like without any

consideration, just automatically the case is assigned a death penalty case; whereas, other cases of the same, I guess magnitude, you know, are not automatically assigned, you know, the death penalty.

Q. The law sets forth, the legislature, and as approved by the Supreme Court, sets forth the type of cases in which the death penalty may be appropriate. So that's determined by law. But whether the death penalty is appropriate in our system is determined by the jury after hearing the evidence and the law. That's the procedure.

A. All right.

Q. And that would be the procedure here. Do you understand that's the procedure?

A. I understand.

Q. And do you feel like that given that procedure, you could approach this case with a fair and open mind?

A. I think somewhat, yes, I could.

Q. Somewhat?

A. I believe somewhat, yes. I don't know. I just -- you know, as I said on my questionnaire, it's just that some cases, like I said, it's applied, you know, I think unfairly.

Q. In this case -- once again, you may have read about cases. Is that where you're getting this opinion?

A. Pretty much so.

Q. From what you've read or heard in the media?

A. Right.

Q. And you weren't part of that process.

A. No.

Q. So you don't really know. You only know what's been reported. Is that fair to say?

A. That's fair to say. But I've also seen the, what is it, the people that I guess have been sentenced, too, so, you know, I could see the type of individuals.

Q. And what -- and what about that gives you concern?

A. I don't know. It just seems like in most cases there is certain, I don't know, socioeconomic backgrounds, certain race, certain age, you know, those factors kind of. You know, I think about that.

Q. Setting those thoughts aside, or impressions that you may have formed about what you've read or seen, can you do that?

A. I believe I could, yes.

Q. And since you are part of this process, can you pay attention to the facts and the evidence?

A. Oh, yeah.

Q. Can you follow the law that the judge gives you?

A. (Affirmative nod.)

Q. And take part in the deliberations?

A. Yes, I could.

Q. With a fair and open mind?

A. Yes, I would keep an open mind.

Q. Recognizing that within the federal system, number one, there are only certain cases for which the death penalty is appropriate. Do you understand that?

A. I understand.

Q. And that this -- these three charges for which the defendant has been convicted are such cases.

A. Oh, I understand that.

Q. One of two verdicts in this case. That's been narrowed for you by the law. Do you understand that?

A. I understand.

Q. And could you listen to the law that the judge gives you?

A. I could listen to it, yes.

Q. And could you follow the law realizing that is your duty as a juror to follow the law?

A. Yes.

Q. Can you describe what forms -- you told us a little bit about things you've read. But prior to reading or paying attention to the media or following certain jury verdicts or cases, what else has formed your opinions about the death penalty? What social or personal or religious beliefs have factored into your ultimate beliefs?

A. Well, I don't know. I guess the -- like you're saying, the TV media, I guess, has formed, you know, most of my opinion of the death penalty.

Q. And everything you read and hear may not be correct --

A. I know that, yes.

Q. -- is that a fair statement?

A. That's fair.

Q. But once again, since you're part of this process, could you set those things aside?

A. Oh, yes.

Q. Participate in this process?

A. I could, yes.

Q. Most importantly, follow the law and pay attention to the evidence?

A. Yes, I could.

Q. You noted in your questionnaire that you had heard of Dr. Park Dietz.

A. I think I have, yes. His name sounds familiar.

Q. And from -- from what source do you think you've heard of him?

A. I think a media source. I'm not sure if he was in the newspaper or the TV media, I'm not sure. I think from some media source. Not a personal source, no.

Q. Okay. And would you -- should Dr. Dietz testify in this case, would you treat his testimony just as you would any other witness?

A. Yes, I would.

Q. Assessing his credibility as he testifies. Would you do

that?

A.    Yes.

Q.    And of course, weigh the evidence that he presents or what you hear from him along with all the evidence in the case.

A.    Yes, I could.

Q.    Only -- my last question is knowing that you -- or with your work you've made arrangements to be with your children. Is that going to create any hardship for you? Do you have backup child care for them?

A.    Well, I'm working on that now, you know, in the event that I have to serve on the jury.

            MS. ROSE:   Thank you very much.

            PROSPECTIVE JUROR:   Okay.

            MS. ROSE:   Appreciate your answers.

            PROSPECTIVE JUROR:   Thank you.

                    VOIR DIRE EXAMINATION

BY MS. LAWSON:

Q.    Hi, Ms. Sanders.  I have a couple questions for you, too.

        First of all, I wanted to thank you for your patience in being here and coming here and making arrangements for your child.  It's obviously an imposition for everyone who comes in for jury duty, but I guess you can see how important it is that we take this time and talk to all of you.

One of the reasons we talk to you and ask you questions that may seem a little personal is because we need to know where you've been in your life and what you've learned and basically who you are because who you are is who goes into deliberate on Marc Barnette's fate. So I hope you understand we don't mean to pry in any rude way.

A. I understand that.

Q. I saw that you grew up in the air force.

A. Yes, ma'am. I'm an air force brat, as they call them.

Q. You're one of those people who was confined to quarters instead of put on restriction.

A. Right.

Q. Where did you live growing up?

A. I was born in Anchorage, Alaska, actually. I've lived in California. I've lived in Oregon, Texas, Mississippi, Florida, New Jersey, Pennsylvania, Chicago, Japan for a while. Like I said, I've been, you know -- I think I've been to, what, 40 of the continental United States, or lived or been in.

Q. That's got to be hard going from school to school. How did you -- all that travel affect how you grew up and who you are today?

A. I think it affected me in a positive way. I enjoyed the traveling experience. I enjoyed meeting people of different backgrounds, different cultures. I think it affected me

positively. I still to this day enjoy traveling.

Q. Your dad retired from the air force.

A. Yes, he did.

Q. Do you think that the experiences you had getting around the world influenced your decision of a college major?

A. Oh, yeah, it did.

Q. Tell us a little bit about why you picked sociology and what things that you felt were important.

A. Like I said, I really find people fascinating. I guess the way they act, their characteristics. I wanted to actually go into psychology, but that was just a little bit -- I don't know, some of these like Charles Manson cases kind of scared me a little bit, so I said, well, I do know -- might just want to stick to sociology. And just the fact of helping people, teaching people, aiding people, that always appealed to me.

Q. You've had kind of a varied work career.

A. Yes, I have. Yeah, it's been kind of -- you know, when I get into my field, then there's a -- they're not hiring that many social workers or you need to, you know, upgrade, I guess, to your master's or something. By then I've latched on to helping people, like when I was at the Housing Authority, helping people in that manner. Just, you know -- and improving on your, you know, your skills.

Q. But then you went from there to the board room basically with a very high pressured job.

A.   Yeah, then I went on to work with the chief financial officer of a company.  But that, to me, that's just another way of enhancing the skills that you have.  Meeting different types of individuals.  Just, I don't know.

Q.   Did you plan on being a social worker when you were majoring in that in college or was that just something that meant a great deal to you?

A.   It was something at the time it did mean a great deal to me.  I've always enjoyed working with other individuals and helping people.  And I, you know, I just decided, well, like I said, for a while that was a good career to be in and then after a while it was just, you know, it was hard to get employment in that field.

Q.   Without the advanced degree.

A.   I beg your pardon?

Q.   Have you got the master's degree?

A.   No.  I started on my master's, but I didn't complete it.

Q.   You know, all those things that you've been through, that you learned, that you are, is something that you take into the jury room with you as you consider how Marc is going to spend the rest of his life.  Do you understand that?

A.   I understand.

Q.   And you don't leave those behind because if you needed everybody the same or needed them to leave who they are outside the jury room, then you'd only need one juror.

A. Right.

Q. So all of you who sit on this jury are going to bring your own background with you.

A. Right.

Q. And share, basically, that in terms of how you make your decision.

A. Right.

Q. And you have a right to expect the other jurors to respect your opinion, your decision, your ideas. How do you feel about that?

A. Well, I could work with other people on the jury.

Q. I understand that. And of course, you would have a duty to respect their opinions.

A. Right.

Q. And their decisions. All the while working with them, cooperating with them. But if -- for instance, if you came to a decision that you felt secure in and other people disagreed with you, you would certainly listen to what they had to say. But if, after listening to them, you still held on to your decision or your feeling or your opinion, would you change your opinion just to make them happy or end it all?

A. No, I'd pretty much stick with my original opinion.

Q. So your personal conviction.

A. Yes.

Q. And again, you would -- there's a reciprocal right. You

honor other people's decisions and expect them --

A.    Right.

Q.    -- to honor yours.

And you understand that at the end of this process of discussing the different things that the judge is going to ask you to discuss in this case, all of you must be satisfied -- well, all of you must be satisfied beyond a reasonable doubt that the only correct punishment for Marc Barnette is death when considered with that the alternative is life imprisonment without the possibility of release.  Okay?

A.    Uh-huh, I understand.

Q.    You are never -- you understand you're never required to vote for death unless you and all twelve other jurors are convinced of that beyond a reasonable doubt.

A.    I understand that it would have to be unanimous, uh-huh.

Q.    And you've heard a little bit about what Marc did as Judge Voorhees told you?

A.    Yes, the judge told us this morning.  Yes, I did.

        THE COURT:  Ms. Lawson, we're going to need to break for lunch.

        MS. LAWSON:  In fact, I'm done, Your Honor.

        THE COURT:  Beg your pardon?

        MS. LAWSON:  I'm done.

        THE COURT:  Oh, you are.

        MS. LAWSON:  Yes.

THE COURT: Well --

MS. LAWSON: Thank you very much.

PROSPECTIVE JUROR: Thank you.

THE COURT: Very well. You'll be given a sheet of paper, then, that will enable you to -- well, instruct you to call us so that we'll be able to keep up with you if we need you further.

PROSPECTIVE JUROR: All right.

THE COURT: Thank you very much.

PROSPECTIVE JUROR: Thank you.

(Ms. Sanders exited the courtroom.)

(Lunch recess at 12:35 p.m.)

(No response.)

THE COURT: All right. Thank you very much.

Anything further from the attorneys before we reassemble?

MS. TOMPKINS: No, sir.

MS. LAWSON: (Negative nod.)

THE COURT: All right. We'll ask madam clerk to take the jurors where they need to go while we're waiting to pose individual questions.

MS. HANKINS: Ladies and gentlemen, if you'll just follow me.

(Prospective jurors exited the courtroom.)

THE COURT: May we have number 104 at this point.

(Diane Edwards entered the courtroom.)

THE COURT: Okay. I believe you're Ms. Edwards.

PROSPECTIVE JUROR: Yes.

THE COURT: Good morning.

PROSPECTIVE JUROR: Good morning.

THE COURT: One of the questions I would ask you would be in your questionnaire you indicated that you might not be able to accept the prior verdicts in this case. Now, having heard the orientation of the court, would you answer that in the same way now?

PROSPECTIVE JUROR: No.

THE COURT: All right. Thank you.

PROSPECTIVE JUROR: I would say that I could.

THE COURT: All right.

PROSPECTIVE JUROR: Given the situation.

THE COURT: The government may inquire.

MS. ROSE: Thank you.

DIANE EDWARDS

VOIR DIRE EXAMINATION

BY MS. ROSE:

Q. Good morning.

A. Good morning.

Q. As previously introduced, I'm Jill Rose. This is Anne Tompkins. And we represent the United States of America in this matter.

I see -- first of all, thank you for coming in on a Saturday. Also, thank you for the time that you took to fill out this questionnaire. It's been very helpful for us. Hopefully, it will speed along the process.

I did notice that you're a second grade teacher's assistant.

A. Uh-huh.

Q. And I'll just say off the bat that we've had a number of teachers that have come through. And knowing that this case could very well go into the beginning of the school year, they have expressed some concerns about getting the year off right, setting up their procedures, their protocol, kind of building

a rapport with their students. And I know a teacher's assistant position is important, but being kind of the backup system to the teacher, do you feel like you could be here with us through this trial and not have your job responsibilities weighing on you too much in that the primary teacher is there and I imagine that your school can get you a substitute?

A. I think that they could get along. You know, being that I am, like you said, an assistant, a backup, I'm not responsible for plans or, you know, anything like that. I'm basically --

Q. Obviously, you'll miss the opportunity to get to know the children right off the bat.

A. Uh-huh.

Q. But maybe they'll get a mean substitute and you can come in as their savior, I don't know.

So I appreciate your willingness to do that and I imagine that you've spoken with them at the school and they understand that this may be an obligation.

A. Yes.

Q. Okay. Very good. Thank you.

In looking at your questionnaire, you as a teacher probably were very upset with us with some of the poor wording on these questions because they confused a number of people. Don't hold that against us. But there was a question on here, it said would you always vote to impose the penalty of life

imprisonment without the possibility of release in a case where an accused has been found guilty of first degree murder?  There were five or six of those questions.  They were always and never and kind of double negatives.

Having heard what the court has told you, is that still the case, that no matter what the facts or circumstances are, that you would always impose life imprisonment and not consider the potential death penalty as a punishment?

A.   I think what I was trying to go with there is to say always and never, you know, I don't know.  I think given -- I think I would have to hear the evidence and I think I would go with what the law dictated based on what I heard in a particular case.

Q.   What is your opinion, your beliefs about the death penalty?

A.   Well, I think, as I said on there, I think it's -- I don't think anybody wins.  I think it's a sad situation for both sides.  I think if the situation warrants it beyond a shadow of a doubt in my mind and that's what the law allows in that case, I think I could impose it.

Q.   Now, the law is never going to require you to find anything beyond a shadow of a doubt.  It's beyond a reasonable doubt.

A.   Reasonable doubt.

Q.   And that's a different standard.

A. Okay. Right.

Q. And I'm not picking at you over semantics, but there is a difference there.

A. Absolutely.

Q. And so would you listen to the jury's -- I mean, the jury instructions, the instructions from the court as to the law and follow that law?

A. Yes.

Q. And would you have the ability to wait until you had heard all the evidence from both sides and, of course, the law and then meet together with your other jurors to discuss the case before you made up your mind?

A. I think so. That would be definitely my goal.

Q. And would you keep an open mind as to what the punishment should be until that time?

A. Yes.

Q. The -- as to the question concerning whether any immediate family, close friend had appeared or testified as a witness, you indicated that was your sister who testified in a case about --

A. It was a neglect situation of a student in her class many years ago.

Q. Nothing about that impacts you.

A. No.

Q. You said you had some friends in law enforcement. Would

you be able to judge the testimony of a law enforcement officer in the same way as you would a civilian witness or an expert witness or anybody else who comes before the court?

A. Uh-huh.

Q. The court would instruct you to listen to their testimony, to judge their demeanor, weigh it with the other evidence and determine their credibility or believability.

A. Uh-huh.

Q. Can you do that?

A. Yes.

Q. As to the question have you been to court before for other than a minor traffic violation, what was that concerning? You checked yes, that you had.

A. I don't know unless I was just referring to previous jury experience. I mean, I've never been to court for anything myself.

Q. You have served as a juror in what type of case?

A. In -- in civil court at the Mecklenburg County Courthouse. Just a car accident.

Q. How long ago was that?

A. Oh, I've served a couple of times. It's been, you know, three, four years ago maybe.

Q. Nothing about that experience that's left you with an opinion about the court system that would affect your ability to be a fair and impartial juror here.

A. I don't think so. It was fine.

Q. Do you feel like your opinions on the death penalty are based on any religious teaching or readings? Where did you form your opinion and how long have you held the opinion that you have expressed?

A. I guess it's one -- it's one of those things that you deal with whenever you hear about it going on and how would I really feel? What would I do in that situation? What do I think? I don't think it's based really on a religious teaching, you know. I am -- I go to church. I'm a religious person. But I know a lot of religious circles right now are very against it. That it's barbaric and it's not, you know. And then there are Christian circles that teach an eye for an eye and that's -- you know, that it's -- I think mine is really just based on what -- that it's an appropriate punishment for a heinous act that, you know, given -- in an appropriate circumstance, if it is an appropriate punishment, then it should be carried out. I don't think it's based really on anything religious, you know, right or wrong.

Q. It sounds as if, once again, that your opinion is pretty open and that it would depend on the facts and the circumstances and the evidence that you heard.

A. Yeah, I'd like to -- yeah.

Q. You could consider both penalties --

A. Uh-huh.

Q.    -- in a case of this nature.

A.    Uh-huh.  I think so.

MS. ROSE:  Thank you very much.

THE COURT:  Mr. Bender.

MR. BENDER:  Thank you, Your Honor.

VOIR DIRE EXAMINATION

BY MR. BENDER:

Q.    Good morning, Ms. Edwards.

A.    Hi.

Q.    Again, thanks for coming in on Saturday.  And thank you for the time you spent filling out this questionnaire.  It is most helpful to us and hopefully it will speed up the process.

I notice, first of all, that your mother was a college professor.

A.    Uh-huh.

Q.    Tell me where.  What was the area of study?

A.    She was a -- is a professor of English.  She has a Ph.D in English, which she started college when I was in kindergarten and went through and obtained her doctorate and has taught everywhere we've lived.  We've lived in Florida; she taught there.  In Charlotte she's taught at UNCC and at Queens.  And most recently before her retirement, at the University of South Carolina at Lancaster.

Q.    And what was her area of study?

A.   English.

Q.   Oh, you told me that.  I'm sorry.  And your father was an insurance executive?

A.   An executive, yeah.

Q.   Right.

A.   Yeah.

Q.   And were the moves, Florida, wherever, were they based on his position or hers?

A.   His.

Q.   His position.

A.   Uh-huh.

Q.   Okay.  So he didn't -- well, tell me what you mean by insurance executive.  Not an agency --

A.   He worked for the Equitable Life.  He started out when he was eighteen years old as a payroll clerk and just moved up through the company and ended up working for the home office in New York City as a -- he was in charge of leasing and that kind of thing for the entire country.

Q.   And when Equitable moved part of its operation here to Charlotte --

A.   Uh-huh.

Q.   -- that's when you moved here?

A.   Yes.

Q.   And you have a BS in psychology.

A.   Yes.

Q. And from what university?

A. UNC Charlotte.

Q. Tell me what you do as a teacher's assistant.

A. Well, aside from the obvious, assisting the teacher, I am -- work with small groups of children in reading groups, small groups in math groups. I'm responsible for all the, basically, clerical work for the classroom. I keep the attendance, take up money for field trips, get supplies together and ready for activities, take the kids to lunch, take them outside, take them to the bathroom. That kind of thing.

Q. And your husband is also a teacher and a baseball coach.

A. Uh-huh.

Q. I am assuming that's on the high school level?

A. Yes.

Q. As opposed to middle school.

A. Uh-huh.

Q. And how long has he been a baseball coach?

A. He's -- he's been -- well, he's been teaching for eighteen years and he's coached some type of sport all through that time.

Q. Whether it be football --

A. He's coached football, basketball, and baseball most recently.

Q. You have a friend that is a police officer.

A.    He's an acquaintance that goes to my church.

Q.    And also a friend who is a drug enforcement officer.

A.    That's the father, actually, of a friend of one of my son's good friends, and they don't live in Charlotte anymore.

Q.    You indicated, I believe, that you somewhat disagree that police officers are people who -- well, the question about do you think they mainly tell the truth.

A.    Uh-huh.

Q.    Do you remember that question?

A.    Yes.  Something about would you value their opinion automatically higher than someone else's.

Q.    Right.

A.    I don't know about automatically.

Q.    All right.

A.    But, I mean, I would certainly give it, you know, consideration as him being under oath.

Q.    And the judge will probably instruct you at the appropriate time that everybody who comes in here and takes an oath, you have the right to decide whether they're telling you the truth or not.

A.    Right.

Q.    You do that every day --

A.    Yeah.

Q.    -- whether it's with the kids, you know, at school.  You decide, based on whatever factors you think are important to

you, whether somebody is telling you the truth.

A.    Uh-huh.

Q.    Just because somebody happens to be in a uniform, you shouldn't give that uniform or that position any more credibility simply because of that fact.

A.    Uh-huh.

Q.    Would you be able to do that?

A.    Yes.  I think that's pretty much what I intended to say --

Q.    Right.

A.    -- on the questionnaire.

Q.    Ms. Edwards, this case, as you no doubt know, is probably the most serious case with the gravest consequences of any case you will ever sit on, and probably anybody else will ever sit on.  Literally, you are going to decide whether Marc lives in prison for the rest of his life without the possibility of release or whether he dies.

A.    Uh-huh.

Q.    So you come to this with a lot of -- from a lot of different areas.  Your religious background, the way in which you were brought up, your family, your education, whatever it might be, you have a background unlike anybody else's.  If everybody were the same, we'd only need one juror; but they're not, so we need twelve because the prosecution has to satisfy all twelve beyond a reasonable doubt.  So as you come here for

this purpose, you -- as we sometimes say, you walk in your own shoes. Everybody else needs to respect and honor your opinions, your beliefs formed over a lifetime of experiences.

A. Uh-huh.

Q. Would you -- would you agree with that?

A. Uh-huh.

Q. And by the same token, you need to respect and honor the opinions, beliefs of other jurors.

A. Uh-huh.

Q. Would you have any problem with that?

A. No.

Q. Do you think you could do that throughout this process?

A. I think so.

Q. That is, insist on your rights; but by the same token, give the rights to the other jurors.

A. Uh-huh.

Q. You made a comment about you would have to hear the evidence and then you would go with what the law dictates.

A. Uh-huh.

Q. Okay. Tell me a little bit about that last thing about what the law dictates.

A. Well, clearly, I'm not a lawyer so I think that whatever -- and one thing I think you already said, or maybe you said it, you are never required to -- I can't remember now what you said, but I'm not going to make -- I'm not going to make a

decision that's not allowable, you know, in the case. I'm going to take -- I think I would take the evidence, I would take the judge -- the instructions the judge gave and make my decision within -- you know, within that realm of what's possible, what I'm told is possible.

Q. And I bring this up because sometimes jurors come in with the idea that the law or the judge is going to tell me what's right --

A. Uh-huh.

Q. -- and I'm going to follow that and I'm going -- and that's going to be my decision, whatever the judge or the law tells me. Unfortunately, it's not that way.

MS. ROSE: Well, objection. They do have to follow the law.

THE COURT: Well --

MR. BENDER: But the law does not --

THE COURT: -- my comment is, of course, you follow the law, but you apply the law to the evidence.

PROSPECTIVE JUROR: Right.

THE COURT: And you find your verdict accordingly, and the judge has no role in finding the facts.

PROSPECTIVE JUROR: Right.

THE COURT: Okay.

BY MR. BENDER:

Q. Yeah, and that's my point is that the law is not going to

tell you -- it's going to give you the process and you're going to follow that process, but the law and the judge is not going to say, okay, following that process, which is not a mathematical formula, but if you follow that process, then you're going to do X. That's not going to happen. That's why it's so important people from different backgrounds come in here and use their own experiences in reaching a decision. Okay?

A. Okay.

Q. Now, you are going to get some aggravating circumstances. And if you look at them, your own experiences, walking in your own shoes, if you say I am not entirely satisfied, fully convinced beyond a reasonable doubt --

MS. ROSE: Objection. Entirely satisfied and fully convinced is not a part of the Fourth Circuit standard.

THE COURT: Overruled in this context.

Q. Then -- it's got to be beyond a reasonable doubt. And if it's not, you're not so satisfied beyond a reasonable doubt of any one of the aggravating circumstances, then the appropriate sentence is life imprisonment without the possibility of release. Do you understand that?

A. Uh-huh.

Q. You had a little hesitation. Is it because of the way I worded the question or is it...

A. I don't -- yes, say that again.

Q. Okay. Let me just back up one step. Maybe I can help, maybe not.

A. I think I know what you're saying, but...

Q. Okay. You come to this phase, this sentencing hearing --

A. Uh-huh.

Q. -- without an automatic decision.

A. Right.

Q. Okay. Something has to happen. Nothing happens, then life imprisonment without the possibility of release is the appropriate punishment.

A. That's the appropriate punishment were it not proven to me beyond a reasonable doubt that the other sentence is appropriate.

Q. Well, first of all, the aggravating circumstances exist. Aggravating means something that would tend to indicate that death was the appropriate punishment.

A. Uh-huh.

Q. If the government didn't put on any evidence, or if you as a juror said I am not convinced beyond a reasonable doubt of these aggravating circumstances --

A. Uh-huh.

Q. -- life imprisonment without the possibility of release would be the appropriate punishment.

A. Okay, I see. If I am not convinced beyond a reasonable doubt --

Q. Beyond a reasonable doubt, right.

A. -- then that is the appropriate -- that's what the judge would tell me.

Q. Right.

A. Okay. Yeah, I understand that.

Q. Okay. And what we're trying to do is find twelve folks who have -- begin the process with a level -- all of us have a level playing field.

A. Uh-huh.

Q. Not tilting one way or the other.

A. I understand that.

Q. Now, you have heard a brief factual background; you haven't heard all the evidence, but you've heard a brief factual background that this was the murder of two young adults without any legal defense, that is, self-defense, legal insanity. A murder to which he confessed, two murders to which he confessed. Okay?

A. Uh-huh.

Q. Having told -- been told that, do you have an opinion or a belief as to whether it may be difficult or in any way impair you from considering -- not asking you how you would vote, but from considering life imprisonment without the possibility of release?

A. I don't think that's a judgment I can make without hearing the rest -- you know, all the evidence.

Q. Sure. So right now, even hearing what you've heard, which is not evidence --

A. Uh-huh.

Q. -- but it's a brief overview, even hearing what you've heard, we're still starting on a level playing field?

A. Uh-huh. Yes.

Q. And then very briefly, you've got some mitigating circumstances which we will present. And it doesn't have to be beyond a reasonable doubt, that high standard. It's the civil standard that you knew --

A. Uh-huh.

Q. -- in the prior jury. And you weigh those. You weigh the mitigating circumstances against the aggravating circumstances. And if you are convinced beyond a reasonable doubt that the aggravating circumstances sufficiently outweigh the mitigating circumstances, you still have to do a weighing process.

After you do that weighing process, there's one more weighing process. That is, even in the absence of mitigating circumstances, even if nobody finds any value to the mitigating circumstances, even with that you still have to weigh yourself, in your own mind, whether this -- these aggravating circumstances are sufficient beyond a reasonable doubt to call for the imposition of death.

A. Right. I understand that.

Q. And if you're not so satisfied at any one of these steps, then the appropriate punishment is life imprisonment without the possibility of release. Do you understand that?

A. I understand that.

Q. Okay. Tell me, is that a process that you think you could go through?

A. I think so, uh-huh.

Q. With an open mind?

A. Uh-huh.

Q. Have you ever, Ms. Edwards, have you ever known family, friends, students' parents, or students that have been involved in an abusive relationship?

A. No, not that I'm aware of.

Q. None of your children have come to school with what you thought might have been --

A. Not me personally. Like I said, several years ago my sister had a student that she ended up having to go to court for, but I don't really know all the details other than she had to go and it was a neglect situation.

Q. Sort of a neglect --

A. Uh-huh.

Q. -- situation.

A. Uh-huh.

Q. Other than that, you don't...

A. No.

Q. And the reason we ask those kind of questions is that you may hear some evidence of abuse, neglect, that sort of thing in this matter. We need to know sort of your predisposition in that regard. In your studies of psychology, have you taken any courses where you've discussed how abuse, neglect, may affect children?

A. I wouldn't -- that was so long ago. Not specifically that I can bring to mind right now. I mean, I -- you know, you have your own opinions about how abuse, neglect is going to affect children, but, you know, nothing that I've researched or studied or --

Q. Sure.

A. -- you know, anything like that.

Q. Well, just tell us how you feel about that.

A. I mean, I think it can be detrimental to a child's sense of well-being, their security, if they're afraid, if they're scared, if they don't feel safe. You know, that that's what you kind of are attuned to at school. You know, you look for children that are happy, that come to school and they're well fed and they're anxious to learn. And if you don't see that in a child, then you might -- you know, that kind of might be something to look for. But like I said, me personally, I've not seen that. The school I work at, it's just not a -- not an issue.

MR. BENDER: Your Honor, may I have a moment?

THE COURT: Yes.

(Counsel conferred.)

MR. BENDER: Ms. Edwards, thank you for your honest answers and your help in this process.

PROSPECTIVE JUROR: Okay. Thank you.

MR. BENDER: Thank you.

THE COURT: Ms. Edwards, the clerk will give you a sheet of paper; and if you'll call the number that's on there as indicated, we'll be in touch with you later.

PROSPECTIVE JUROR: Okay. Thank you very much.

THE COURT: Thank you.

(Ms. Edwards exited the courtroom.)

THE COURT: Okay. Number 105.

(Doris Goldsmith entered the courtroom.)

THE COURT: Good morning, Ms. Goldsmith.

PROSPECTIVE JUROR: Good morning.

THE COURT: I think you indicated in your questionnaire that you might have difficulty accepting the prior guilty verdict without reservation. Having heard the little orientation the court gave earlier, is that still your opinion?

PROSPECTIVE JUROR: Well, I understand that that's not part of the equation.

THE COURT: Yes. So that being the case, are you willing to move forward --

THE COURT: You can't say?

PROSPECTIVE JUROR: I guess so. You know, I just -- it's hard for me to go over 40 -- 30, 40 minutes or so.

THE COURT: That's about the time on it?

PROSPECTIVE JUROR: (Affirmative nod.)

THE COURT: Okay. Any questions?

MS. ROSE: No, sir.

MR. BENDER: No questions.

THE COURT: All right. Thank you very much for participating with us.

(Mr. Waldroop exited the courtroom.)

THE COURT: 108.

(Karen Sanders entered the courtroom.)

THE COURT: Good morning.

PROSPECTIVE JUROR: Good morning.

THE COURT: And I believe your name is Ms. Sanders.

PROSPECTIVE JUROR: Yes.

THE COURT: One thing I wanted to ask you about is that one of the questions you were asked was as follows, in your preliminary questionnaire. It said knowing that another jury has returned verdicts of guilty in this case, can you accept those guilty verdicts without reservation, and you didn't answer that. May have just overlooked it. But in any event, you heard the court's instructions this morning. Do you think for purposes of this sentencing hearing you could

accept the fact that the defendant has already been found guilty of the three offenses that I mentioned?

PROSPECTIVE JUROR: Yes, sir.

THE COURT: All right. The government may inquire.

MS. ROSE: Thank you.

KAREN SANDERS

VOIR DIRE EXAMINATION

BY MS. ROSE:

Q. Good morning, Ms. Sanders.

A. Good morning.

Q. And thanks for coming in on a Saturday --

A. You're welcome.

Q. -- to meet with us and allow us to ask you some questions, and as well for taking the time to fill out this questionnaire. I know it was lengthy and had a whole lot of issues.

I see that you are employed full-time. Have you talked with the folks at your office about being away for a lengthy period if you were selected as a juror?

A. (Affirmative nod.)

Q. That's not going to present any hardships for you?

A. No.

Q. Very good.

I'm flipping through your questionnaire here, if you would give me just a moment.

One of the questions was have you ever known anyone who was murdered, and you said yes and indicated that was something -- it was private; that you really didn't feel comfortable speaking about it. Knowing the nature of this case, are the circumstances such that that might affect your sitting as a fair and impartial juror?

A. No, ma'am.

Q. Obviously, we would need to know a little bit about those circumstances to understand.

A. It's been probably when I was in high school. It was my best friend's mother that was murdered.

Q. Was that out of a domestic situation?

A. Yes.

THE COURT: Let me ask you if you would prefer for privacy reasons to speak to this -- to the attorneys about this over here by the side-bar as opposed to here in open court?

PROSPECTIVE JUROR: No, I'm fine.

THE COURT: Okay. All right. Go ahead.

Q. Had you visited in that home?

A. Yes.

Q. Describe a little bit about those particular circumstances, if you would, please.

A. She was shot. It was -- like I say, it was my best friend's mother. She was shot and killed.

Q. By who?

A. And it's been -- by some other woman. It's been, I'd say, probably maybe like in '8 -- actually, may have been -- probably early '80s, I think it was.

Q. And did you -- were there any court proceedings related to those offenses?

A. As far as I know it was. I'm not real sure whatever happened with it. It's been a while ago.

Q. Did you attend any of those proceedings with your friend?

A. No.

Q. Or offer support --

A. No.

Q. -- in that way?

Did you maintain your friendship?

A. Oh, yes. We're still friends.

Q. Are you still friends?

A. Uh-huh.

Q. You said it was a domestic situation. Had there been domestic violence that -- to which that was related?

A. No, not that I know of. I think it was just a -- I don't know if they were married. I don't know if it was -- it was like his girlfriend or something like that. So I don't know if the man -- if that was her husband or just boyfriend. I can't remember. It was his -- she was shot by another woman.

Q. Okay. But once again, it sounds like it was a long time

ago.

A.    It was.

Q.    Once again, that is something that wouldn't factor into your deliberations here?

A.    No.

Q.    And it's not in any way involved --

A.    No.

Q.    -- would that be fair to say?

A.    Yes.

Q.    Did you attend any court proceedings in relation to your former relationship, your former marriage?

A.    Did I attend any...

Q.    Obviously, you probably had to go to court to get a divorce.

A.    Right.

Q.    But any circumstances other than that --

A.    Oh, no, just for the divorce.

Q.    -- that brought you into the court system?

What is your opinion of the death penalty?  You said you weren't sure at the time that you filled this out.  And obviously, some of the questions on here may have made you go home and reflect upon that whole issue.  Can you describe for us what your opinions are of the death penalty.

A.    I guess without hearing more detail -- I'm kind of torn between the death penalty.  Just kind of depends, I guess,

really on the case and just hearing the details and more information about it. I'm just kind of torn between that. I don't really have a strong yes for death penalty and I don't have a strong no for the death penalty. It just depends on the situation.

MR. BENDER: Excuse me, Ms. Sanders, I think I heard everything you said, but could you keep your voice up a little bit so we can hear you?

PROSPECTIVE JUROR: Okay.

MR. BENDER: Thank you.

Q. Anything about -- I see you attend church. Anything about your faith or any religious training, perhaps even your upbringing that has affected your thinking?

A. No, ma'am.

Q. As the judge told you, the defendant's guilt has already been established and the issue before this jury is solely sentencing. You'll be presented with evidence. You will hear the law. And at that point it would be your job, along with the other jurors, to determine whether the defendant would get life in prison without the possibility of release or the death penalty.

Given your uncertainties about the death penalty, is it a verdict that you could consider?

A. Life -- you're asking me if that's a verdict I can consider?

Q. Whether you can consider the death penalty as a verdict.

A. Yes, that's something I can consider.

Q. And don't get me wrong because your opinions -- we're not hear to challenge your thoughts or opinions, truly. In fact, we welcome hearing them because our whole aim is to select, you know, fair jurors. So you don't -- you don't have to apologize for your opinion. You don't have to change it. You don't have anything to prove to us. But certainly your honesty is of high significance to everyone here.

Would you give consideration of the death penalty equal consideration with life imprisonment?

A. Yes.

Q. And do I understand you to say that that would be based -- that your determination would be based upon the facts --

A. Yes.

Q. -- and the evidence presented to you?

A. Yes.

Q. You did indicate on your questionnaire that you would always vote to impose the penalty of life without the possibility of release in a case of this nature. That's a little bit different than your responses today.

A. Okay. Read that question again, please.

Q. I know it was confusing initially, so -- the question is would you always vote to impose the sentence -- or the penalty of life imprisonment in a case like this?

A. No.

Q. And you said yes, so that was a misunderstanding with a poorly worded question that we have on here?

A. No, I wouldn't always --

Q. So once again, you go back to I would have to hear the facts and the evidence --

A. Right.

Q. -- and the law.

A. Yes, ma'am.

Q. Did -- in -- one of the questions was to describe yourself politically and you said none. There was kind of a scale, do you remember that? It had numbers and it was extremely conservative to extremely liberal, kind of somewhere in between. You indicated that none of those choices described your political beliefs or your political inclinations. Can you describe that for us, please.

A. Okay. When you're asking me describe myself politically, meaning -- can you give me a little...

Q. Well, the question was how would you describe yourself politically. Pick the spot on the scale that seems correct, and the scale was one through six with one being extremely conservative and six being extremely liberal. In other words, politically -- do you have leanings toward either the conservative or the liberal...

A. Probably conservative.

Q. And you haven't heard anything about this case at all in the press other than what you heard --

A. No.

Q. -- from the court earlier?

A. No, ma'am, other than what I heard from the court.

Q. So at this time you could sit -- nothing about the facts or circumstances create a difficulty for you in evaluating a case of this nature and rendering a verdict.

A. No.

Q. Now that you've heard what it's about -- a little more what it's about, do you feel you would be a fair and impartial juror?

A. Yes, ma'am.

Q. Listen to all the facts and the evidence and follow the law?

A. Yes, ma'am.

MS. ROSE: Thank you.

PROSPECTIVE JUROR: Uh-huh.

VOIR DIRE EXAMINATION

BY MS. LAWSON:

Q. Ms. Sanders, hi. I'm Jean Lawson. This is Harold Bender and Marc Barnette.

We've been listening to your answers to the questions so I won't go over those again. And obviously, your answers to the questionnaire has been helpful to us. We really

appreciate your participation in this process and waiting to be called out.

I had a couple of questions. One thing that jumped out at me is how long ago -- how long have you been working at Duke Power?

A. Fourteen years.

Q. I imagine you have to put out a lot of fires when people call in about their bills. Can you tell us --

A. I'm not actually on the phone. We're in the systems account services department where we get the inquiries from the phone when the customers call in. So it is like we solve the problems from the calls from customers and they send everything to our department, and we just work from printed out inquiries and do whatever is requested from the customer.

Q. Do you like that job?

A. Yes, ma'am.

Q. Did you do anything else at Duke Power before you got into that particular department?

A. I've done a couple of different things. I worked in our damage claims department where, let's say if anyone was to do any damages to any of Duke properties, we had to bill the customer. Or if anyone cut an underground line, we had to bill the customer. But basically, it's been mostly just the customer service account, what I'm doing now. I did do -- when I first began at Duke Power, I was in word processing,

you know, centralized dictation. And just kind of small things in between. But mostly it was with customer service.

Q. Well, I notice that what was interesting to me was your job before that, you put down that you worked for NCNB.

A. Yeah, which was word processing also.

Q. Yeah.

A. I was there about two years, I think it was.

Q. I still call it NCNB, too, but that's two bank names ago.

A. Yes.

Q. So you worked there back when it really was NCNB.

A. Yes, ma'am.

Q. You told us about a really painful experience from when you were in high school and I imagine that was very difficult for you, as it would be for any teenager. And this -- these murders involve a shotgun. And everybody feels the same way, same amount of sadness at that tragedy. Does the fact that any -- that the same type of weapon was used in the situation involving your best friend's mother cause you to be unable to listen to the evidence? You know, do your feelings about that so bother you that you wouldn't be able to listen to the evidence in this case?

A. No, ma'am.

Q. The process of how you go through this deliberation and make a decision will be explained more fully by Judge

Voorhees. He's kind of given you an overview. But I know you served on a civil jury before, and just to remind you, a civil burden of proof is by 51 percent, a preponderance of the evidence. You know, one side convinces you a little more than the other. Do you remember that?

A. Yes. It was a long, long time ago, but somewhat.

Q. Yeah. In this type of proceeding, the burden is beyond a reasonable doubt which is a much higher standard. And each juror has to be satisfied to their own satisfaction about, you know, when something has been proved to them beyond a reasonable doubt.

You come in here with your own life experiences and education and you keep that with you as you serve on this jury. And you have a right to have other jurors honor your decisions and your opinions. And would you require them to do that, to treat your opinions with dignity and respect?

A. Yes, ma'am.

Q. And by the same token, you have an obligation to honor other jurors' opinions.

A. Yes.

Q. And I'm sure that you would do that and insist that other jurors do the same.

A. Yes, ma'am.

Q. Okay. And you -- nobody is going to tell you how to vote in this situation. Okay. What the judge tells you is that

you have to go through a process where you think about things. You have to think about these aggravators. You have to apply a certain burden of proof, which is beyond a reasonable doubt.

And if you find aggravating circumstances, then you don't automatically proceed to a sentence. You think about mitigating circumstances, things that may call for a sentence of life imprisonment without the possibility of release for Marc.

And you go through a weighing process. And that's not mathematical. You know, one thing can certainly outweigh three of another because you give it weight. And each juror has to determine in their own minds how much weight to give it.

And when you get to the very end of this process, you still have to make up your own mind what you think is the appropriate punishment.

So again, nobody is going to tell you what you have to do. Do you have any problem with that?

A.    No, ma'am.

Q.    Do you believe you can be fair in this situation?

A.    Yes, ma'am.

          MS. LAWSON:  May I have a moment, please?

          THE COURT:  Yes.

          (Counsel conferred.)

Q. What is your opinion of life imprisonment without the possibility of release as a punishment for somebody who has killed two people?

MS. ROSE: Objection.

THE COURT: Overruled.

Q. I'm not asking you to say whether you would impose that, but just do you have any particular feeling about that as an option?

A. Will I be comfortable with that?

Q. No, I'm not even trying to pin you down that much. But would you be able to consider it as an option?

A. Yes, ma'am.

MS. LAWSON: Thank you very much.

THE COURT: Is that all?

MS. LAWSON: Yes, sir.

THE COURT: All right. Thank you very much. The clerk will give you a piece of paper that gives you a telephone number. And if you'll call that number as indicated on the notice, we'll be in touch with you and let you know what further participation we might ask of you in this case. Thanks again.

(Ms. Sanders exited the courtroom.)

THE COURT: Okay. 110.

(Chris Bolling entered the courtroom.)

THE COURT: Good morning.

PROSPECTIVE JUROR: Good morning.

THE COURT: You're Mr. Bolling.

PROSPECTIVE JUROR: Yes, I am.

THE COURT: All right. The attorneys will have some questions for you that will talk about some of the matters that were brought up in your preliminary questionnaire.

PROSPECTIVE JUROR: Okay.

THE COURT: You may proceed.

MS. TOMPKINS: Thank you, Your Honor.

CHRIS BOLLING

VOIR DIRE EXAMINATION

BY MS. TOMPKINS:

Q.    Thanks for coming in on Saturday. We appreciate that. It helps us out a lot. And thank you for the time it took filling out the questionnaire. I'm going to be asking you some questions based on your answers on the questionnaire based on the context of this sentencing hearing.

A.    Okay.

Q.    I'm not going to or not trying to challenge your opinions about anything or debate you on any issue at all. We're just asking you questions to try to find out what your philosophy is about certain things, what your opinions are, that sort of thing, so...

A.    Uh-huh.

Q.    As a starting point in this case, as the judge told you,

✳    ✳    ✳

THE COURT: Okay. And there's some other issues in your questionnaire, but would there be any questions from the attorneys?

MS. TOMPKINS: No, sir.

MR. BENDER: No, Your Honor.

THE COURT: Thank you very much, Ms. Arrigo. You may be excused.

(Ms. Arrigo exited the courtroom.)

THE COURT: 84.

(Mark Blakeney entered the courtroom.)

THE COURT: Okay. I believe your name is Mr. Blakeney.

PROSPECTIVE JUROR: Yes.

THE COURT: All right, sir. I think the attorneys will have some questions for you.

MARK BLAKENEY

VOIR DIRE EXAMINATION

BY MS. TOMPKINS:

Q. Good morning.

A. Good morning.

Q. My name is Anne Tompkins, again, and this is Jill Rose. We represent the United States in this case. And I'm going to be asking you some questions now that come from the answers that you gave us on your questionnaire.

Just as a starting point, I want you to know that any of