IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL NO. 3:12-CV-327-RLV

AQUILIA MARCIVICCI BARNETTE, )
)
)
)
vs. )
)
UNITED STATES OF AMERICA. )
)
)
_____ )

**MOTION TO PLACE SUPPLEMENTAL
MOTION UNDER 28 U.S.C. § 2255 IN ABEYANCE**

The United States respectfully requests that this Court place the June 24,

2016, supplemental motion filed by Aquilia Marcivicci Barnette under 28 U.S.C.

§ 2255 in abeyance until the Fourth Circuit decides *United States v. Ali*, No. 15-

4433, and *United States v. Simms*, No. 15-4640. Three of the eleven counts of which

Barnette was convicted involved conduct during or in furtherance of a "crime of

violence" under 18 U.S.C. § 924(c). (Supp. Mot. 3.) Two additional counts involved

the commission of a "crime of violence" under 18 U.S.C. § 2261. (*Id.*) Barnette

contends that his convictions for these offenses and one other are invalid in the light

of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

(Mot. 7–32.) That decision held that "imposing an increased sentence under the

residual clause" of a different provision, "the Armed Career Criminal Act," violates

"the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563.

Issues that bear on Barnette's challenge to his convictions are currently before the Fourth Circuit in *United States v. Ali*, No. 15-4433 (4th Cir.), and *United States v. Simms*, No. 15-4640 (4th Cir.). The appellants in *Ali* and *Simms* both contend that offenses under the Hobbs Act are no longer "crimes of violence" under 18 U.S.C. § 924(c) in the light of *Johnson*. Both appellants contend that, under *Johnson*, the residual clause of the definition of "crime of violence" is unconstitutionally vague. *See* Br. of Appellant 48–49, 51–52, *Ali*, No. 15-4433 (4th Cir. filed Jan. 6, 2016); Br. of Appellant 5, *Simms*, 15-4640 (4th Cir. filed Feb. 23, 2016). The Fourth Circuit has tentatively scheduled oral argument in both appeals for the week of October 25, 2016. (Dkt. No. 77, 15-4433; Dkt. No. 34, 15-4640.) The Fourth Circuit has scheduled oral argument in both appeals for October 28, 2016.[1]

Because the matters at issue in *Ali* and *Simms* are potentially relevant to or dispositive of the right to relief claimed by Barnette, the United States respectfully requests that this Court place Barnette's motion in abeyance until the Fourth Circuit issues its decision in both of those appeals. The United States requests 60 days after the latter of the decisions is issued to file its response.[2]

---

[1]  Oral Argument Calendar, Oct. 25–28, 2016, at 18, *available at* http://pacer.ca4.uscourts.gov/calendar/internetcaloct252016ric.pdf

[2]  The constitutionality of 18 U.S.C. § 16(b), the "residual clause" of the definition of "crime of violence" under 18 U.S.C. § 2261, is the subject of a petition for a writ of certiorari pending before the United States Supreme Court. *See* Petition for a Writ of Certiorari, *Lynch v. Dimaya*, No. 15-1498 (Filed June 10, 2016).

2

Counsel for Barnette, Jacob H. Sussman, does not object to this request by the United States.

RESPECTFULLY SUBMITTED this 20th day of September, 2016.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

s/Anthony J. Enright
Anthony J. Enright
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Telephone:   704-344-6222
Fax:              704-344-6229
Email: anthony.enright@usdoj.gov

3

**CERTIFICATE OF SERVICE**

I certify that I have this day served a copy of the above upon Movant herein by serving his attorney of record, Jacob H. Sussman, through electronic case filing.

This 20th day of September, 2016.

> s/ Anthony J. Enright
> Assistant United States Attorney
> USAO Charlotte, NC

4