THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv327-V
(3:97cr23)

| | |
|---|---|
| AQUILIA MARCIVICCI BARNETTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTE**R is before the Court upon Respondent's unopposed Motion to hold Petitioner Aquilia Marcivicci Barnette's supplemental Motion to Vacate, Set Aside and Correct Sentence under 28 U.S.C. § 2255 in abeyance. (Doc. No. 121.) Also before the Court is Barnette's unopposed Motion to stay his entire § 2255 Motion to Vacate. (Doc. No. 122.)

**I.     RELEVANT PROCEDURAL HISTORY**

On January 27, 1998, Barnette was convicted of interstate domestic violence, in violation of 18 U.S.C. §§ 2261(a)(1) & (b) (Count 1); use of a destructive device during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 2); using and carrying fire and explosive materials during commission of a felony, in violation of 18 U.S.C. § 844(h)(1) (Count 3); making a false statement in connection with the purchase of a firearm, in violation of 18 U.S.C. §§ 922(a)(6) & 924 (Count 4); making a firearm by sawing off the barrel of a shotgun without complying with the provisions of the National Firearms Act, in violation of 26 U.S.C. §§ 5821, 5822, 5861(f) & 5871 (Count 5); possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) & 924 (Count 6); carjacking resulting in death, in violation of 18 U.S.C. § 2119(3) (Count 7); first-degree murder by use of a firearm, in violation

of 18 U.S.C. §§ 924(c)(1) & (i)(1) (Count 8); transporting a stolen vehicle in interstate commerce, in violation of 18 U.S.C. § 2312 (Count 9); interstate domestic violence, in violation of 18 U.S.C. §§ 2261(a)(1) & (b) (Count 10); and first-degree murder by use of a firearm, in violation of 18 U.S.C. §§ 924(c)(1) & (i)(1) (Count 11). He was sentenced to death on Counts 7, 8, and 11.

After direct appeal, remand, a second sentencing proceeding, and subsequent protracted appeal, Barnette filed a Motion to Vacate under § 2255, on June 19, 2013. (Doc. No. 48.) On June 24, 2016, Barnette filed a Supplemental § 2255 Motion to Vacate seeking relief pursuant to the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016). (Doc. No. 119.)

In response, the Government filed the instant unopposed motion to hold Barnette's supplemental Motion to Vacate in abeyance. (Doc. No. 121.) Barnette subsequently filed the instant motion to hold his entire § 2255 Motion to Vacate in abeyance. (Doc. No. 122.)

## II. DISCUSSION

In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2558. Under the ACCA, a defendant faces a sentence of no less than 15 years in prison if he has three qualifying prior convictions for either a "violent felony" or a "serious drug offense," and those convictions are "committed on occasions different from one another." § 924(e)(1). The ACCA defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves*

*conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B)(i)(ii) (emphasis added). The italicized closing words of § 924(e)(2)(B)(ii) constitute the ACCA's residual clause. See Johnson, 135 S. Ct. at 2556. Thus, a defendant who was sentenced to a mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition of the ACCA is entitled to relief from his sentence. In Welch, the Supreme Court held that the ruling in Johnson applies retroactively to cases on collateral review. 136 S. Ct. at 1268.

Barnette was not convicted under § 924(e). However, the counts of which he was convicted under 18 U.S.C. § 2261 (Counts 1 and 10) and under 18 U.S.C. § 924(c) (Counts 2, 8, and 11) both require determinations that he committed a "crime of violence," as one of the elements necessary to prove the violation. Section 924(c) contains a definition of "crime of violence;" § 2261 incorporates the definition of "crime of violence" found in 18 U.S.C. § 16, see Leocal v. Ashcroft, 543 U.S. 1, 6-7 (2004). The two definitions are identical. They define a crime of violence as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 16(a)-(b); § 924(c)(3)(A)-(B). The first clause of this definition is commonly referred to as the "force" or "elements" clause; the second is commonly referred to as the "residual" clause.

Barnette contends that the residual clause of § 924(c) and of § 16(b) is materially indistinguishable from the residual clause of the ACCA that the Supreme Court deemed unconstitutionally vague. See Johnson, 135 S. Ct. at 2557. He argues further that, after

Johnson, both federal carjacking, 18 U.S.C. § 2119, and federal interstate domestic violence, § 2261, the predicate offenses for two of his death penalty counts, fail to qualify as "crime[s] of violence" and that those counts, among others, must be vacated.

Respondent moves to hold these matters in abeyance pending a decision by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433, and United States v. Simms, No. 15-4640. Both appellants contend that, under Johnson, the residual clause of § 924(c)'s definition of "crime of violence," see § 924(c)(3)(B), is unconstitutionally vague. (Resp't's Mot. to Stay 2, Doc. No. 121.) After Respondent filed the instant Motion, the United States Supreme Court granted certiorari in Lynch v. Dimaya, No. 15-1498, to address "[w]hether 18 U.S.C. 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague." See Pet'r's Br., Lynch v. Dimaya, 2016 WL 6768940 (U.S. filed Nov. 14. 2016). The Fourth Circuit has since stayed action in Ali, pending a decision by the Supreme Court in Dimaya. See Order, Ali, No. 15-4433, (4th Cir. filed Oct. 4, 2016), ECF No. 82. At least six of Barnette's convictions, including two death-eligible counts, depend upon the definition of "crime of violence" under § 16 or § 924(c).

For his part, Barnette moves to place this entire action in abeyance. Barnette does not argue that Johnson applies to his conviction for carjacking resulting in death, 18 U.S.C. § 2119(3) (Count 7). He does argue, however, that in the event his other convictions and death sentences are vacated under Johnson, his death sentence for Count 7 also must be vacated. Without going into the details or merits of Barnette's arguments on this matter, the Court concedes that, if nothing else, vacation of judgment in his other death penalty-related convictions would have to be incorporated into the prejudice

analysis required by some of Barnette's other § 2255 claims related to Count 7.

Notwithstanding the age of this case, the Court finds that in the interest of judicial economy, it is appropriate to grant both Motions. In light of the Fourth Circuit's decision to hold Ali in abeyance pending a decision by the Supreme Court in Dimaya, the Court will grant Respondent's Motion with modification.

**IT IS, THEREFORE, ORDERED THAT:**

1. Respondent's unopposed "Motion to Place Supplemental Motion under 28 U.S.C. § 2255 in Abeyance" (Doc. No. 121) is **GRANTED**, with the modification stated herein;

2. Petitioner's unopposed Motion to Stay (Doc No. 122) is **GRANTED**;

3. Action in the above-captioned case is stayed and held in abeyance pending a decision by the United States Supreme Court in Lynch v. Dimaya, No. 15-1498, or the Fourth Circuit Court of Appeals in United States v. Simms, No. 15-4640, [1] whichever is issued later; and

4. Respondent shall have 60 days from the date on which the later of the two decisions is issued to file an answer, motion, or other response to Barnette's Supplemental Motion to Vacate (Doc. No. 119).

Signed: December 8, 2016

Richard L. Voorhees
United States District Judge

---

[1] The Fourth Circuit has not ordered that Simms, No. 15-4640, be held in abeyance. Therefore, the Court anticipates the Fourth Circuit's opinion on whether § 924(c)'s residual clause is unconstitutionally vague before the Supreme Court issues a decision in Dimaya.