# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### (3:97-cr-23)

AQUILIA MARCIVICCI BARNETTE,

    Petitioner,

    vs.

UNITED STATES OF AMERICA,

    Respondent.

**DOCKET NO. 3:12-cv-327**

**THIS IS A CAPITAL CASE**

## MOTION TO ALTER AND AMEND JUDGMENT PURSUANT TO RULE 59(e) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Petitioner Aquilia Marcivicci Barnette, by and through undersigned counsel and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, respectfully moves this Court to alter and amend its judgment (D.138) and accompanying order (D.137, "The Order") of March 12, 2021, denying, inter alia, his supplemental motion pursuant to 28 U.S.C. § 2255 to vacate his convictions and sentences for violations of 18 U.S.C. §§ 2261, 924(c), and 844(h)(1). (D.119)  Mr. Barnette respectfully submits that this Court should reconsider its adjudication of that motion, which neither cites nor comports with Supreme Court precedent in *Shepard v. United States*, 544 U.S. 13, 21 (2005).  For cause, Mr. Barnette shows the following:

1

## I. Course of Proceedings and Relevant Facts

Mr. Barnette was convicted of intertwined counts that require a "crime of violence" as a predicate for conviction, including: Counts 1 and 2, which charged him with interstate domestic violence in violation of 18 U.S.C. § 2261; Counts 2 and 10, which charged him with the use of a destructive device (firebomb) and a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and Count 3, which charged him with a violation of 18 U.S.C. § 844(h)(1) for using and carrying fire and explosive materials during the commission of the Section 2261 interstate domestic violence charged in Count 1.[1]

Sections 924(c) and 2261 share the identical definition of their predicate "crime of violence"—the former expressly, and the latter through its incorporation of Section 16(b). That definition originally provided two alternative clauses: a "force" or "elements" clause, which applies to any felony that has as "an element" the use, attempted use, or threatened use of strong physical force; and a "residual clause" that applied to any felony "that, by its nature, involves a substantial risk that

---

[1]Mr. Barnette's supplemental motion to vacate also challenged Count 8 of his indictment, which charged him with carjacking in violation of 18 U.S.C. § 2119. As this Court noted, the Fourth Circuit has concluded that carjacking is a crime of violence under § 924(c)'s force clause. *See United States v. Evans*, 848 F.3d 242, 247 (4th Cir. 2017). Mr. Barnette does not address that claim in this motion, but maintains, and will contend on appeal, that no element of 18 U.S.C. 2119 requires the intentional use of strong physical force, as argued in his initial motion. *See also* D.119:21-26.

physical force against the person or property of another may be used in the course of committing the offense."

On June 24, 2016, Mr. Barnette moved this Court to set aside his Section 2261, 924(c), and 844(h)(1) convictions and sentences in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that Section 924(e)'s residual clause for the Armed Career Criminal Act's definition of "crime of violence" was unconstitutionally vague. (D.119)[2] "[B]ased on the Court's interpretation of the residual clause of § 924(e)," Mr. Barnette argued that the residual clauses of § 924(c) and 18 U.S.C. § 16(b) "must also be deemed unconstitutionally void for vagueness," and, as none of the predicate crimes for these offenses would categorically qualify as a crime of violence under their surviving "force" or "elements" clause, of those statutes, his convictions and sentences must be vacated.

The Government's response to this motion was stayed several times as the Supreme Court took up and struck down the residual clauses that Mr. Barnette challenged—first Section 16(b)'s, in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), followed by Section 924(c)'s, in *United States v. Davis*, 139 S. Ct. 2319 (2019). (D.121-127) When filed, the Government's response recognized that, per *Dimaya*

---

[2] Mr. Barnette also relied upon the Supreme Court's decision in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), which found *Johnson*'s rule substantive and retroactively applicable to cases on collateral review.

and *Davis,* no offense can ever qualify as a "crime of violence" under the residual clauses of Sections 16 and section 924(c). (D.132:16)  On February 20, 2020, Mr. Barnette submitted a reply in support of his motion, detailing how "the charged predicate crimes also fail to qualify as crimes of violence under the 'force' or 'elements' definitions found in these statutes," and again moved this Court to vacate his convictions and sentences.  (D.136)

In denying Mr. Barnette's motion, this Court acknowledged that "convictions under § 924(c) or § 16(b) may now stand only if the underlying offense qualifies as a crime of violence under the 'force' or 'elements' clause," but found that Mr. Barnette's "challenges to his convictions fail as a matter of law on the merits" and denied him leave to supplement his claims as "futile." D.137:40-41.

## II.    Argument

### A. The Predicate "Crime of Violence" for Mr. Barnette's Section 2261 Convictions is Uncertain, Rendering Them Invalid Per *Shepard*

The Order appears to apply a modified categorical approach in determining whether Mr. Barnette's predicate offenses qualified as a crime of violence, relying heavily upon the sets of facts presented by the individual counts of his indictment. D.137:41 (citing *Castillo v. United States*, 2020 WL 1490727, *5 (W.D.N.C Mar. 24, 2020) (modified categorical approach allows court to look to limited documents such as indictment, jury instructions, or plea colloquy to determine crime and elements of conviction)).  But those facts—and, indeed, the indictment as a whole—

4

are inadequate to discern either the crime or elements intended with the required certainty.

As Mr. Barnette argued in his supplemental motion, "the language of the indictment" for the Section 2261 violations charged in Counts 1 and 10 "fail to identify what crime of violence the Government claims he committed[.]" D.119:18. Instead, each of these counts merely "describes a set of facts that include violent acts." D.119:18. These counts cite no statutory provision that would identify the crime of violence. Nor do they cross-reference other counts in the indictment that would detail the predicate crime charged. With no specific predicate crime identified, this Court simply cannot know with certainty which statutory violation the Government intended to charge, much less apply any categorical approach to its elements.

The Order, however, concluded that "[a] plain reading of the subsequent counts 2 and 11"—Mr. Barnette's 924(c) convictions—"make clear the statutory code provisions referenced in counts 1 and 10." D.119:18. But Counts 1 and 10 "referenced" no "statutory code provisions" whatsoever. And the set of facts they describe make no reference to the elements of a crime of violence per Section 924(c).

The Order's reading of Counts 2 and 11 is not "plain" at all; it reflects this Court's assessment that they sufficiently fit the set of facts described in Counts 1 and 10. But the Supreme Court's has made clear that the Order's best guess as to

5

what the Government intended is not sufficient to sustain Mr. Barnette's convictions and sentences. As *Shepard* states explicitly, the record must establish with "certainty" that the defendant was "necessarily" convicted of an offense that qualifies as a "crime of violence." 544 U.S. at 21. Accordingly, in cases where the record does not establish which of multiple offenses the jury might have found as the predicate, the conviction cannot be sustained if even *one* of the possible predicates is not categorically a crime of violence.

## B. Invalidating Counts 1 and 10 Invalidates Counts 2 and 11

For their part, Counts 2 and 11 do *not* provide the predicate crimes of violence for Counts 1 and 10; rather, they take *their* predicate crimes of violence from Counts 1 and 10. The predicate crime of violence charged in Count 2 is "the act of interstate domestic violence as set forth in Count 1"; for Count 11, it is "the act of interstate domestic violence as set forth in Count 10." Given this interdependence, the invalidation of Counts 1 and 10 would necessarily invalidate Counts 2 and 11, for which they are explicitly identified as predicate offenses. And, as the Order sustained Counts 1 and 10 only through reasoning that is incompatible with *Shepard*, that is the outcome required here.

## C. Count 3 is Expressly Premised upon Count 1 and is Thus Invalid

As Mr. Barnette's supplemental motion argued, the trial court expressly premised his conviction for this offense on his conviction on Count 1. D.119:26

(quoting Transcript, Jan. 27, 1998 at 666: "you may find the defendant guilty of Count 3 if you find him guilty as charged in Count number 1, and that he knowingly used fire and explosive materials or carried an explosive in the commission of that offense.") Accordingly, if this Court were to amend its adjudication and invalidate Count 1 in light of *Shepard*, Count 3 must be invalidated as well.

## III.    CONCLUSION

For the foregoing reasons, the Court should alter and amend its judgment, grant Mr. Barnette leave to supplement his Section 2255 motion, and grant habeas corpus relief.

Respectfully submitted,

*/s/Gerald W. King, Jr.*
Gerald W. King, Jr.
Chief, Fourth Circuit Capital Habeas Unit
Federal Public Defender
Western North Carolina, Inc.
129 W. Trade Street, Suite 300
Charlotte, NC 28202
Telephone: (704) 374-0720
Fax: (704) 374-0722
gerald_king@fd.org

*/s/ Mark E. Olive*
N.C. State Bar No. 10615
LAW OFFICES OF MARK OLIVE
320 W. Jefferson Street
Tallahassee, FL 32301
850-224-0004 (tel)
850-224-3331 (fax)
meolive@aol.com

7

/s/ Jacob H. Sussman
N.C. Bar No. 31821
P.O. Box 12718
Charlotte, NC 28220
704-277-3962 (tel)
jakesussmanlaw@gmail.com

*Attorney for Aquilia Marcivicci Barnette*

DATE: April 9, 2021

8

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the attached **NOTICE OF APPEARANCE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Anthony J. Enright

anthony.enright@usdoj.gov

Respectfully submitted:

*/s/Gerald W. King, Jr.*
Gerald W. King, Jr.
Chief, Fourth Circuit Capital Habeas Unit
Federal Public Defender
Western North Carolina, Inc.
129 W. Trade Street, Suite 300
Charlotte, NC 28202
Telephone: (704) 374-0720
Fax: (704) 374-0722
E-mail: gerald_king@fd.org

*Attorney for Aquilia Marcivicci Barnette*

DATE: April 9, 2021