# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:12-cv-327
## (3:97-cr-23)

| | | |
|---|---|---|
| AQUILIA MARCIVICCI BARNETTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Alter and Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Doc. 140]. For the reasons set forth below, the motion is denied.

## I.    PROCEDURAL HISTORY

This Court sentenced Aquilia Marcivicci Barnette ("Petitioner") to death on January 27, 1998 following his 11-count conviction for various crimes relating to the murder of his ex-girlfriend, Robin Williams, in Roanoke, Virginia, and the carjacking and murder of Donald Lee Allen in Charlotte, North Carolina. United States v. Barnette, Case No. 3:97-cr-23 (W.D.N.C.). Following a lengthy appeal process that concluded in 2012, Petitioner filed his Motion to Vacate Sentence pursuant to 28 U.S.C. §2255 in this Court on June 19, 2013. [Doc. 48]. On June 24, 2016, Petitioner moved to supplement his § 2255 Motion to Vacate with additional claims. [Doc. 119]. On March 12, 2021, this Court entered an Order denying Petitioner's Motion to Vacate and Motion to Supplement. [Doc. 137]. Petitioner now takes issue with this Court's Order denying his Motion to Supplement and moves this Court to alter and amend judgment pursuant to Fed. R. Civ. P. 59(e). [Doc. 140].

## II.    STANDARD OF REVIEW

A court has the discretion to alter or amend a judgment pursuant to a motion brought under Rule 59(e) no later than 28 days after entry of the judgment.  Fed. R. Civ. P. 59(e).  Such motions shall be granted only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002)(quoting Collison v. Intn'l Chemical Workers Union, 34 F.3d 233, 236 (4th Cir.1994)).  "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered."  Id.  It is the movant's burden to establish one of these three grounds in order to obtain relief.  Loren Data Corp. v. GXS, Inc., 501 F. App'x 275, 285 (4th Cir. 2012).

## III.    DISCUSSION

Petitioner's motion to supplement sought to add additional claims to his § 2255 motion challenging his convictions in counts 1, 2, 3, 10, and 11.[1]  Counts 1 and 10 charged Petitioner with interstate domestic violence under 18 U.S.C. §2261(a) & (b) as follows:

> On or about April 30, 1996. . . [Petitioner] did travel across a state line, that is, did transport himself from Charlotte, North Carolina to Roanoke Virginia with the intent to injure, harass, and intimidate an intimate partner, Robin Williams, and in the course and as a result of such travel intentionally committed a crime of violence, that is, did firebomb Robin Williams' occupied apartment and an automobile parked in her driveway causing bodily injury to her.  In violation of Title 18, United States Code, Sections 2261(a)(1) and 2261(b). (Count 1).

> On or about June 22, 1996. . . [Petitioner] did travel across a state line, that is, did transport himself from Charlotte, North Carolina to Roanoke, Virginia with the intent to injure, harass, and intimidate an intimate partner, Robin Williams, and in the course and as a result of such travel intentionally committed a crime of violence, that is, shot and killed Robin Williams causing bodily injury and death to her.  In violation of Title 18, United States Code, Sections 2261(a)(1) and 2261(b). (Count 10).

---

[1] Petitioner's motion to supplement also sought to add claims challenging his conviction in count 8.  However, Petitioner does address count 8 in his Rule 59(e) motion.  [Doc. 140 at 2, n.1].

2

Counts 2 and 11 charged Petitioner with knowingly using and carrying a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c), with the predicate crimes of violence being those acts alleged in counts 1 and 10:

> On or about April 30, 1996. . . [Petitioner] knowingly used and carried a firearm, that is a destructive device, consisting of a bottle filled with flammable liquid, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, an act of interstate domestic violence in violation of Title 18, United States Code, Section 2261 as set forth in Count One. In violation of Title 18, United States Code, Section 924(c)(1). (Count 2).

> On or about June 22, 1996. . . [Petitioner] knowingly used and carried a firearm, that is a sawed-off Winchester semi-automatic shotgun, during and in relation to a crime of violence, for which he may be prosecuted in a court of the United States, that is the act of interstate domestic violence set forth in Count Ten above, and in the course of this violation caused the death of Robin Williams, through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendant, with malice aforethought, did unlawfully kill Robin Williams by shooting her with the firearm willfully, deliberately, maliciously, and with premeditation. In violation of Title 18, United States Code, Sections 924(c)(1) and (i)(2)(1). (Count 11).

Count 3 charged Petitioner with using and carrying fire and explosive materials during the commission of a felony (interstate domestic violence) in violation of 18 U.S.C. § 844(h)(1):

> On or about the 30th day of April, 1996. . . [Petitioner] knowingly used and carried fire and explosive materials, to commit an act of interstate domestic violence in violation of Title 18, United States Code, Section 2261, a felony prosecutable in a court of the United States. In violation of Title 18, United States Code, Section 844(h)(1). (Count 3).

Petitioner qualified for enhanced sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The convictions in counts 1 and 10 under the Violence Against Women Act, 18 U.S.C. § 2261 require a predicate "crime of violence" as defined in 18 U.S.C. § 16(b). The convictions in counts 2 and 11 for using and carrying a firearm under 18 U.S.C. § 924(c) also require the act to be done during and in relation to a "crime of violence."

Petitioner sought to supplement his § 2255 motion to vacate with claims alleging that his conviction on counts 1, 2, 3, 10, and 11 are invalid because none of the predicate crimes for these offenses qualify as "crimes of violence" under the force or elements clause of 18 U.S.C. § 924(c).

3

[2] [Doc. 119].  Petitioner argued that the indictment on counts 1 and 10 fail to identify any statutory crime of violence the Government claims Petitioner committed, and instead, "simply describes a set of facts that include violent acts."  [Doc. 119 at 18].  Petitioner argued that by not listing the specific code provisions, this left "the Court unable to apply a categorical approach to the elements of the predicate crime," and that the Court "cannot speculate as to what statutory violation the Government could have charged or intended to charge."[3]  [Id.].  Because counts 2, 3, and 11 presuppose convictions under counts 1 and 10, Petitioner argued that they should also be invalidated.  [Doc. 119 at 18-19, 26].

The Court denied Petitioner's motion to supplement on grounds that leave to amend would be futile because the proposed supplemental claims were barred by procedural default and should have been raised in his criminal case.  [Doc. 137 at 38-39].  The Court then explained that even if they were not procedurally barred, they failed as a matter of law.  [Id. at 40-46].  The Court found no merit to Petitioner's claim that counts 1 and 10 were invalid because they did not include specific code provisions.  The Court noted that the crimes described in count 1 (firebombing Williams' residence causing injury to her) and count 10 (shooting and killing Williams) satisfied the force clause in requiring the intentional use of force capable of causing physical pain or injury.  [Id. at 42].  The Court rejected Petitioner's argument that counts 2, 11, and 3 automatically fail because they presuppose convictions under counts 1 and 10.  [Id. at 43-45].

---

[2] This requires a determination of whether the predicate crime had, as an element, "the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  The force must be "capable of causing physical pain or injury to another person."  United States v. Evans, 848 F.3d 242, 245 (4th Cir. 2017)(citing Johnson v. United States, 559 U.S. 133, 140 (2010)).

[3] "To determine whether a crime requires the use, attempted use, or threatened use of violent force, courts generally apply a categorical approach or modified categorical approach depending on whether the statute is indivisible or divisible."  Whitfield v. United States, 2017 WL 4369487, *4 (W.D.N.C. October 2, 2017).  The categorical approach applies to indivisible statutes and "focuses on the *elements* of the prior offense rather than the *conduct* underlying the conviction."  United States v. Cabrera-Umanzor, 728 F.3d 347, 350 (4th Cir. 2013)(emphasis original).

Petitioner now moves the Court under Fed. R. Civ. P. 59(e) to alter and amend the order denying his motion to supplement. [Doc. 140]. Petitioner reiterates his argument that the set of facts presented in counts 1 and 10 of the indictment "are inadequate to discern either the crime or elements intended with the required certainty." [Id. at 4-5]. Petitioner complains that these counts cite no statutory provision nor cross-reference other counts to identify the predicate crime of violence. [Id. at 5]. Petitioner takes issue with this Court's prior conclusion that "[a] plain reading of the subsequent counts 2 and 11 make clear the statutory code provisions referenced in counts 1 and 10." [Doc. 137 at 42]. Petitioner also argues that the Court's "best guess as to what the Government intended" is insufficient to comply with Supreme Court precedent requiring the record establish with certainty that the defendant was "necessarily" convicted of an offense qualifying as a crime of violence. [Doc. 140 at 6].

Petitioner's Rule 59 motion raises essentially the same argument as his motion to supplement. Petitioner does not present any evidence that was previously unavailable to him, nor does he set forth any intervening change in applicable law or show that a clear error of law has been made by the Court that would result in a manifest injustice if the Court did not amend its previous Order.

The Court properly found that the Petitioner's proposed supplemental claims challenging the language in the indictment were procedurally barred and should have been brought in his criminal proceeding. To the extent they were not procedurally barred, the Petitioner provided no legal authority to support his argument that his convictions in counts 1, 2, 3, 10 and 11 should be invalidated because of the language used in the indictment. The factual allegations set forth in the indictment include acts that require the intentional use of force capable of causing physical pain or injury. Petitioner fails to show that the manner in which the indictment was drafted somehow

5

leads to uncertainty as to the predicate crimes charged or casts doubt on whether Petitioner was convicted of offenses that qualify as crimes of violence. Petitioner provides no legal authority to convince this Court that its Order denying leave to supplement was in error. Petitioner fails to show the existence of limited circumstances under which a Rule 59(e) motion may be granted. Therefore, Petitioner's motion shall be denied.

## IV. CONCLUSION

For the reasons set forth above, Petitioner's Motion to Alter and Amend Judgment [Doc. 140] is denied. The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right as required for issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)(in order to satisfy §2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Alter and Amend Judgment [Doc. 140] is **DENIED**.

2. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: December 6, 2023

Max O. Cogburn Jr
United States District Judge

6